1  LAEL D. ANDARA (SBN 215416)
   MARIE E. SOBIESKI (SBN 278008)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 500
3  Redwood City, CA  94063-2052
   Telephone:    (650) 364-8200
4  Facsimile:     (650) 780-1701
   Email:  lael.andara@rmkb.com
5          marie.sobieski@rmkb.com

6
   Attorneys for Plaintiff
7  SINCO TECHNOLOGIES PTE, LTD.

8                      UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11
   SINCO TECHNOLOGIES PTE, LTD,           CASE NO.
12
                    Plaintiff,            **[1]  TRADEMARK INFRINGEMENT**
13                                             **(15 U.S.C. § 1114);**
   v.
14                                        **[2]  FALSE DESIGNATIONS OF ORIGIN**
   SINCO ELECTRONICS (DONGGUAN)               **(15 U.S.C. §1125 (a));**
15 CO., LTD.; XINGKE ELECTRONICS
   (DONGGUAN) CO., LTD; NG CHER          **[3]  FALSE ADVERTISING**
16 YONG aka CY NG; and LIEW YEW              **(15 U.S.C. §1125 (a));**
   SOON AKA MARK LIEW
17                                        **[4]  TRADEMARK DILUTION**
                    Defendant.                **(15 U.S.C. §1125 (c));**
18
                                          **[5]  COMMON LAW TRADEMARK**
19                                             **INFRINGEMENT & UNFAIR**
                                               **COMPETITION; and**
20
                                          **[6]  STATE STATUTORY UNFAIR**
21                                             **COMPETITION**
                                               **(Cal. Bus. & Prof §17200).**
22
                                          DEMAND FOR JURY TRIAL
23

24

25

26

27

28

- 1 -          COMPLAINT FOR TRADEMARK
                                                          INFRINGEMENT

Plaintiff SINCO TECHNOLOGIES PTE, LTD. ("SinCo") hereby brings this Complaint against Defendants SINCO ELECTRONICS (DONGGUAN) CO., LTD. and XINGKE ELECTRONICS (DONGGUAN) CO., LTD. (jointly, "Electronics DG"), Ng Cher Yong aka Cy Ng ("Mr. Ng"), and Liew Yew Soon aka Mark Liew ("Mr. Liew") (collectively, "Defendants"), and alleges the following based on personal knowledge, unless indicated as on information and belief.

## INTRODUCTION

1.      SinCo is commencing this action to prevent further damage caused by Defendants' deliberate and intentional actions in misrepresenting themselves as SinCo through their admitted infringement of SinCo's registered trademarks. Defendants have and will continue to do severe damage through improper use of these marks and substantially similar marks, as well as through use of the domain sincocn.com. These actions serve to damage and dilute SinCo's famous marks in the United States.

2.      This is the second action brought by SinCo against the same defendants; the first action was brought in the Superior Court of California, County of Santa Clara, Case No. 16-cv-301867 (the "State Court Action"), on **October 28, 2016**, asserting (1) Breach of Contract, (2) Breach of the Covenant of Good Faith and Fair Dealing, (3) Unfair Business Practices, (4) Intentional Interference with Contractual Relations, (5) Misappropriation of Trade Secrets, and (6) Civil Conspiracy. On **June 2, 2017**, Judge Zaynor signed an Order granting a preliminary injunction in the State Court Action against SinCo's ex-employee, Defendant Liew, prohibiting him from using any of SinCo's trade secret information or from contacting SinCo's United States customers pursuant to his employment agreement with SinCo. The State Court Action is still pending.

## NATURE OF THE ACTION

3.      This is an action for Trademark Infringement, False Designation of Origin, False Advertising, Unfair Competition, and Trademark Dilution arising under the Lanham Act, 15 United States Code ("USC") §1051, *et seq*., and both federal and state common law. Defendants have willfully and unlawfully infringed the SinCo Marks (as defined below) with the clear and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   unmistakable intent and effect of causing confusion, mistake, and deception among customers

2   and potential customers, and resulting in disparagement of SinCo.

3       4.      SinCo is the owner of at least four design and word marks (collectively, the

4   "SinCo Marks"), all registered with the United States Patent and Trademark Office ("USPTO")

5   and appearing on the Principal Register. These marks include U.S. Trademark Registrations Nos.

6   3,188,537; 4,524,165; 4,524,172; and 4,524,173:

| Registration Number | Date Issued | Mark |
|---|---|---|
| 3188537 | December 26, 2006 |  |
| 4524173 | February 18, 2014 |  |
| 4524172 | February 18, 2014 |  |
| 4524165 | May 6, 2014 | SINCO |

[*Continued on Following Page*]

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

5.      On or about January of 2017, Electronics DG began filing multiple United States trademark applications (collectively, the "Infringing Marks") wherein it admitted using or intending to use the marks in commerce:

| Serial Number | Date Filed | Mark | Basis |
|---------------|------------|------|-------|
| 87300299 | January 13, 2017 | SinCo | 1(a) |
| 87300275 | January 13, 2017 | SinCo | 1(a) |
| 87300246 | January 13, 2017 | SinCo | 1(a) |
| 87300194 | January 13, 2017 | SinCo | 1(a) |
| 87300153 | January 13, 2017 | SinCo | 1(a) |
| 87307959 | January 20, 2017 | SinCo | 1(a) |
| 87307950 | January 20, 2017 | SinCo | 1(a) |

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

| | | | |
|---|---|---|---|
| 87307939 | January 20, 2017 | **SinCo** | 1(b) |
| 87307929 | January 20, 2017 | **SinCo** | 1(b) |
| 87307903 | January 20, 2017 | **SinCo** | 1(b) |
| 87347832 | February 23, 2017 | **SinCo** | 1(b) |
| 87377118 | March 20, 2017 | XINGKE | 1(a) |
| 87425484 | April 26, 2017 | XINGKE | 1(a) |

6.     SinCo seeks, among other relief, an injunction preventing Defendants from further infringing the SinCo Marks, and for damages and/or disgorgement of profits based on Defendants' infringement of the SinCo Marks, false advertising, false designation of origin, dilution of the SinCo Marks, and unfair competition caused by Defendants' wrongful activities. SinCo further seeks compensation for the damages caused by Defendants and for the unjust enrichment Defendants have received.

## **THE PARTIES**

7.     Plaintiff **SINCO TECHNOLOGIES PTE, LTD.** is a company organized under the laws of Singapore, with its headquarters in Woodlands Spectrum, Singapore. Founded in 1995, SinCo provides a wide selection of quality silicone rubber keypads and electronic components to meet the world's increasingly challenging technological needs.

8.     SinCo is informed and believes, and thereon alleges, that Defendant **SINCO**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**ELECTRONICS (DONGGUAN) CO., LTD.** is a company organized and existing in the People's Republic of China, and is headquartered at Guangdong, Dongguan, Huai Bei Road, Huai De District, People's Republic of China. On information and belief, Electronics DG is in the business of manufacturing electronic component parts, as well as rubber, plastic, or silicone products. On information and belief, the general manager of Electronics DG is Gao By.

9.     SinCo is informed and believes, and thereon alleges, that defendant **XINGKE ELECTRONICS (DONGGUAN) CO., LTD.** is the same entity as Electronics DG doing business under the phonetic equivalent of its name to avoid United States trademark laws. On information and belief, it is therefore also a company organized and existing in the People's Republic of China and headquartered at Guangdong, Dongguan, Huai Bei Road, Huai De District, People's Republic of China. On information and belief, it is in the business of manufacturing electronic component parts, or rubber, plastic, and silicone products, and under the direction of general manager Gao By.

10.     Defendant **Liew Yew Soon** aka Mark Liew is an individual who, on information and belief, maintains his legal residence at No. 17 Jalan Keembong 12, Taman Johar Jaya, 81100 Johar Bahru, Johor, Malaysia. Mr. Liew is a citizen of Malaysia and first traveled to the United States for business purposes on a tourist visa beginning in July of 2016. At no time during his employment with SinCo did he travel to the United States on behalf of SinCo, nor was he ever asked to do so.

11.     Mr. Liew was as an employee of SinCo from August 1, 2013 to March 21, 2017, under the terms of his June 6, 2013 written employment agreement. His title at SinCo was Engineering Manager.

12.     On information and belief, Mr. Liew has also been an employee or agent of Electronics DG since March of 2015, where he holds the title of Engineering Director.

13.     On information and belief, Mr. Liew met with SinCo's United States customers after he became an employee or agent of Electronics DG, and



4840-0076-1934.5

COMPLAINT FOR TRADEMARK
INFRINGEMENT

provided these companies with business cards that used one of the SinCo Marks, and claimed to be an agent or employee of SinCo.

14.     On information and belief, Mr. Liew has been communicating with certain SinCo United States customers using his SinCo email address (liewyewsoon@sincocn.cn) rather than the email address provided by his new employer, Electronics DG (liewyewsoon@xingkecn.com).

15.     On information and belief, Mr. Liew has been directing prior SinCo employees, such as Ng Yi Ming, to communicate with SinCo United States customers using their SinCo email addresses (such as ngyiming@sincocn.cn), rather than the email address provided by their new employer, Electronic DG.

16.     Defendant **Ng Cher Yong** is an individual who, on information and belief, maintains his legal residence at Block 39 Upper Boon Keng Road, #08-2410, Singapore 380039. Mr. Ng is a citizen of Singapore.

17.     Mr. Ng was an employee of SinCo beginning on or about June 3, 2003 until his resignation on June 29, 2017.  His title at SinCo was Engineering Manager.

18.     While working for SinCo, Mr. Ng was in charge of supervising SinCo employees embedded at the Electronics DG factory. Mr. Ng also oversaw SinCo employees, including Mr. Liew, Ng Yi Ming, Quek Seow Eng, Lim Chin Haun, Yan Da Rui, and Sim Teck Beng.

19.     On information and belief, Mr. Ng has been an agent or employee of Defendant Electronics DG since at least March 2015, where he also holds the title of Engineering Manager.

20.     On information and belief, Ng Yi Ming, Quek Seow Eng, Lim Chin Haun, Yan Da Rui, and Sim Teck Beng all resigned from SinCo at the direction of Mr. Ng and Mr. Liew and are now employed by Electronics DG.

## JURISDICTION AND VENUE

21.     **Jurisdiction**. This action arises under the Lanham Act, 15 U.S.C. §1051, *et seq*. and under state and common law. This Court has jurisdiction over the subject matter of this action under the the Judicial Code, 28 U.S.C. §§1331 (a federal question) and 1338(a) and (b) (Acts of Congress relating to trademarks), the Lanham Act, 15 U.S.C. §1121, *et seq.*, and principles of supplemental jurisdiction. Among other things, the claims in this action relate to questions

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

COMPLAINT FOR TRADEMARK
INFRINGEMENT

1  regarding federal trademark law. Additionally, this Court has jurisdiction over Plaintiff's state-law

2  and common-law claims under 28 U.S.C. §1338(b) (unfair competition joined with a substantial

3  and related claim under trademark law) and §1367(a) (supplemental jurisdiction).

4      22.    **Venue**. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b)(2),

5  (c) and §1400(a). Namely, and among other things, a substantial part of the events or omissions

6  giving rise to the claims in this action occurred and continue to occur in this judicial district, and a

7  substantial part of the harm alleged herein was directed to and felt by Plaintiff within this District.

8      23.    **Personal Jurisdiction**. Personal jurisdiction is proper over the Defendants

9  because the wrongful activity at issue concerns Defendants' operation of commercial businesses

10  through which Defendants knowingly transact business and enter into contracts with individuals

11  in California, including within the County of Santa Clara. Each Defendant has purposefully

12  availed itself of the privilege of doing business in United States, and California specifically, and

13  material elements of Defendants' wrongdoing occurred in this District.

14      24.    **Intradistrict Assignment**. Intradistrict assignment of this intellectual property

15  action (trademark) is proper on a district-wide basis pursuant to Civil Local Rule 3-2(c).

16                          **GENERAL ALLEGATIONS**

17  **SINCO'S MARKS**

18      *U.S. Trademark Registration No. 3,188,537*

19      25.    SinCo began using the stylized "SinCo" design 

20  mark on **May 1, 1996**, and filed U.S. Trademark Application Serial No. 76642342, which issued

21  **December 26, 2006** on the Principal Register for various electronic devices and accessories. The

22  colors green and red are claimed as a feature of the mark. The color green appears in the "Sin"

23  component and the right-half of the ying-yang circle. The color red appears in the "Co"

24  component and the left-half of the ying-yang circle. A true and correct copy of the prosecution

25  file for the mark is attached hereto as **Exhibit A**.

26      *U.S. Trademark Registration No. 4,524,165*

27      26.    SinCo began using the "SINCO" word mark on    SINCO

28  **May 1, 1996**, and filed U.S. Trademark Application Serial No. 85696075, which issued **May 6,**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**2014**, on the Principal Register for various electronic devices and accessories. The mark consists of standard characters without claim to any particular font, style, size, or color. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit B**.

_U.S. Trademark Registration No. 4,524,172_



27.     SinCo began using the design mark on **May 1, 1996**, and filed U.S. Trademark Application Serial No. 85705055, which issued **May 6, 2014**, on the Principal Register for various electronic devices and accessories. The mark consists of the wording "SinCo" where the "n" and "c" are superimposed over a yin-yang circle, and which is a black-and-white facsimile of each of SinCo's design marks. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit C**.

_U.S. Trademark Registration No. 4,524,173_



28.     SinCo began using the design mark on **May 1, 1996**, and filed U.S. Trademark Application Serial No. 85705076, which issued **May 6, 2014**, on the Principal Register for various electronic devices and accessories. The mark consists of the wording "SinCo" where the letters "Sin" are depicted in green and the letter "Co" are depicted in red and where the letters "n" and "c" are superimposed over a green and red yin-yang circle. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit D**.

29.     The SinCo Marks, by virtue of their wide renown, have developed a secondary meaning and significance in the minds of the trade and purchasing public, such that the goods and services offered thereunder are immediately identified with a single source.

30.     SinCo has taken active, affirmative, and successful steps to retain and foster the goodwill of the SinCo Marks.

31.     SinCo has used the SinCo Marks in United States commerce, including but not limited to advertising these goods and services on its website (http://www.sinco.com.sg/) and through its LinkedIn page (https://www.linkedin.com/company/148913/).

32.     The relevant consuming public recognizes that the SinCo Marks are trademarks indicating a single source of origin.

/ / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**ELECTRONICS DG AS CONTRACT MANUFACTURER FOR SINCO**

33.     SinCo owns the registration for the SINCO mark in Singapore, Hong Kong, the British Virgin Islands, Malaysia, and the United States. SinCo's owner, Bryan Lim, previously provided Electronics DG with a geographically-limited license to use the name on products manufactured for SinCo. SinCo did this as a commitment to using Electronics DG as a contract manufacturer for SinCo's projects, and because it helped provide uniform appearance when United States customers visited the facility.

34.     SinCo has never owned shares of Electronics DG or been owned by Electronics DG. SinCo's owner once held a minority interest (18%) in Electronics DG along with two other shareholders, Gao Bingyi (11%) and Xu Shu Gong (71%). However, Mr. Lim ceased to hold these shares after August of 2016.

35.     SinCo originally subcontracted with Electronics DG to manufacture component parts which SinCo had designed, or been contracted to make, for United States customers. Electronics DG manufactured these parts for SinCo without incident until Mr. Gong sold his majority interest to one of SinCo's competitors, **Wenzhou Mingde International Co., Ltd.** ("KOTL"), on or about November of 2015.

36.     In the summer of 2016, and while under KTOL's control, Electronics DG liquidated Mr. Lim's interest in the company.  The continued relationship between SinCo and Electronics DG was for the limited purpose of completing contracts SinCo had with Electronics DG to complete specific manufacturing projects for SinCo's customers in light of the complexity and cost that would be associated with relocating the work to another contract manufacturer. At that time, and unknown to SinCo, KTOL also took steps to convert SinCo's employees to agents of Electronics DG as part of its ongoing efforts to displace SinCo's business, particularly in the United States market.

37.     It is this interference with SinCo's United States customers, accomplished in part through use of SinCo's trade secrets and employees, that makes up the basis of the State Court Action filed on **October 28, 2016**.

/ / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  **SINCO'S EMBEDDED EMPLOYEE MARK LIEW (JUNE 6, 2013 TO MARCH 21, 2017)**

2  38.  On **June 6, 2013**, Mr. Liew applied for an embedded engineering position with

3  SinCo, and was tasked with overseeing Electronics DG, who at the time was one of SinCo's

4  contract manufacturers in China. Mr. Liew had previously worked for SinCo from June 2006 to

5  2012 as a mechanical engineer, but had left that position to pursue other interests. Mr. Liew

6  reapplied to work for SinCo in 2013, and was offered the position of Engineering Manager. Mr

7  Liew was hired with the express intent and understanding that he would work for SinCo at

8  Electronics DG's manufacturing facility in order to represent SinCo's interest and interface

9  between the factory and customers on technical issues.

10  39.  On **October 6, 2013**, Mr. Liew executed the Agreement Regarding Confidential

11  Information and Proprietary Developments (the "Employment Agreement") and Letter of

12  Employment with SinCo.

13  40.  On **June 24, 2016,** Mr. Liew identified SinCo as his employer in his United States

14  visa application in which he claimed he was traveling to the United States to meet with a client in

15  Northern California. Mr. Liew represented to SinCo that his trip to the United States was for

16  vacation, and did not inform SinCo that he intended to meet with SinCo's United States customers.

17  41.  On information and belief, Mr. Liew has specifically misled SinCo's United States

18  customers to believe that Electronics DG was actually SinCo, in part by stating that SinCo was

19  under new management, and by continuing to use his SinCo email address and business card.

20  42.  On information and belief, Mr. Liew was not alone in his travels to visit United

21  States customers, and was in fact accompanied by representatives of Electronics DG. These

22  representatives heard, and either actively or tacitly reinforced, the misrepresentation that

23  Electronics DG was actually SinCo.

24  43.  On **October 28, 2016**, SinCo filed the State Court Action against Electronics DG

25  and Mr. Liew after learning of Mr. Liew's visits to its United States customers and Mr. Liew's

26  efforts to persuade these customers to contract directly with Electronics DG.

27  44.  On **September 6, 2016**, KTOL filed U.S. Trademark Application Serial No.

28  87161260 for the word mark "SINCO" consisting of standard characters, without claim to any

particular font, style, size, or color. In that application, as part of its submitted specimen, KOTL admits to using the SINCO mark in connection with sales of 3/4" PET expandable braided sleeving through Amazon.com. KTOL further declares it has been using the SINCO mark since as early as **April 1, 2016**.

45.    On **November 7, 2016**, the USPTO issued an Office Action against the KOTL application explicitly referencing the SinCo Marks:

> Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3188537, 4524165, and 4524173[.] The registered marks are all owned by the same registrant.

46.    KOTL never responded to the Office Action, and on **June 5, 2017**, the USPTO issued a Notice of Abandonment against KOTL's application.

47.    On **December 2, 2016,** Mr. Liew was deposed in the State Court Action, wherein he was provided with a copy of each of the SinCo Marks, and thereafter he testified as to his knowledge of SinCo's use and rights to these marks:

> Q.    [T]here's also an issue in the US about trademarks, and my client has the trademark for SinCo. Did you know that?
>
> A.    **Yes.**
>
> Q.    Okay. DG does not have a trademark for SinCo in the United States. Are you aware of that?
>
> A.    **Yeah.**
>
> ***
>
> A.    **And – and there's there's no one come up and notice or anything saying I cannot use this logo in US. No. And the trademark also -- is only when I received the complaint document, then only I know it's registered under SinCo.**
>
> Q.    But you know that today; correct?
>
> A.    **Yeah, I know that today. Yes.**
>
> ***
>
> Q.    And do you have knowledge as you sit here today that SinCo Singapore has trademarks in the US for SinCo?
>
> A.    **After I received the complaint letter, yes.**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   Q.    So you are aware of that today?

2   A.    **Yes.**

3   Q.    Okay. And you understand that DG has no trademarks for
    SinCo in the United States?

4

5   A.    **Yes.**

(*December 2, 2016 Deposition of Liew Yew Soon*, 131:19-132:2; 133:6-12, 168:1-8.)

6       48.    On information and belief, Defendants continue to use the SinCo Marks to market

7   to and communicate with SinCo's United States customers, particularly through use of the

8   sincocn.com website, their SinCo email addresses, and through business cards bearing one of the

9   SinCo Marks.

10      49.    On **February 21, 2017,** Mr. Liew was deposed again in the State Court Action,

11  wherein he was provided another copy of each of SinCo's trademarks and thereafter testified to

12  his knowledge of his improper but continuing use of the SinCo Marks:

13      Q.    Now, in the meeting that you had in Boston, did you
    provide them a business card?

14

15      A.    **I -- during that time, yes.**

16      Q.    You did. Do you have that business card with you today?

17      A.    **No.**

18      […]

19      Q.    Do you have a business card with you today?

20      A.    **No.**

21      Q.    Okay. And the business card you gave them in Boston --
    that had the word "SinCo" on it, did it not?

22

23      A.    **Yes.**

(*February 21, 2017 Deposition of Liew Yew Soon*, 275:21-276:10.)

24  *ELECTRONICS DG'S UNITED STATES TRADEMARK APPLICATIONS*

25  *U.S. Trademark Serial No. 87300246*



26      50.    On **January 13, 2017**, Electronics DG filed a

27  design mark application, which was assigned the serial number 87300246, for a mark consisting

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

of the stylized wording "SinCo" with a ying-yang circle between the letters "n" and "o" and which
is a black-and-white facsimile of each of SinCo's design marks.

51.     In its application, Electronics DG admits that it began using the mark in the United
States as early as **September 16, 2016**, and evidences that usage with its submitted specimen. A
true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit E**.

52.     On **May 30, 2017**, the USPTO published the mark for opposition in the Official
Gazette. On **June 26, 2017**, SinCo filed an Opposition to the mark. A true and correct copy of
that Opposition is attached hereto as **Exhibit F**.

_U.S. Trademark Serial No. 87300275_                    

53.     On **January 13, 2017**, Electronics DG filed a
design mark application, which was assigned the serial number 87300275, for a mark consisting
of the stylized wording "SinCo" with a ying-yang circle between the letters "n" and "o" and which
is a black-and-white facsimile of each of SinCo's design marks.

54.     In its application, Electronics DG admits that it began using the mark in the United
States as early as **January 12, 2016**, and evidences that usage with its submitted specimen. A true
and correct copy of the prosecution file for the mark is attached hereto as **Exhibit G**.

55.     On **April 17, 2017**, the USPTO issued an Office Action rejecting the mark
application and specifically referencing the SinCo Marks:

> Registration of the applied-for mark is refused because of a
> likelihood of confusion with the marks in U.S. Registration Nos.
> 3188537, 4524165 and 4524173[.] See the attached registrations, all
> of which are owned by the same owner.

56.     On **August 8, 2017**, the USPTO issued a Final Office Action to the trademark
application which again specifically cites the basis of the rejection as the existing SinCo Marks:

> For the reasons set forth below, the refusal under Trademark Act
> Section 2(d) is now made FINAL with respect to U.S. Registration
> Nos. 3188537, 4524165, and 4524172.

_U.S. Trademark Serial No. 87300299_                    

57.     On **January 13, 2017**, Electronics DG filed a
design mark application, which was assigned the serial number 87300299, for a mark consisting

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

of the stylized wording "SinCo" with a ying-yang circle between the letters "n" and "o" and which is a black-and-white facsimile of each of the SinCo Marks.

58.     In its application, Electronics DG admits that it began using the mark in the United States as early as **September 12, 2016**, and evidences that usage with its submitted specimen. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit H**.

59.     On **April 16, 2017**, the USPTO issued a Suspension Notice for the application based on the pending application for a design mark with the wording "SINKO," U.S. Trademark Serial No. 86491746.

_U.S. Trademark Serial No. 87300194_



60.     On **January 13, 2017**, Electronics DG filed a design mark application, which was assigned the serial number 87300194, for a mark consisting of the stylized wording "SinCo."

61.     In its application, Electronics DG admits that it began using the mark in the United States as early as **March 2, 2016**, and evidences that usage with its submitted specimen. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit I**.

62.     On **April 17, 2017**, the USPTO issued a Suspension Notice for the application based on the pending application for a design mark with the wording "SINKO," U.S. Trademark Serial No. 86491746.

_U.S. Trademark Serial No. 87300153_



63.     On **January 20, 2017**, Electronics DG filed a design mark application, which was assigned the serial number 87300153, for a mark consisting of the stylized wording "SinCo."

64.     In its application, Electronics DG admits that it began using the mark in the United States as early as **May 1, 2016**, and evidences that usage with its submitted specimen. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit J**.

65.     On **April 17, 2017**, the USPTO issued an Office Action rejecting the mark application and specifically referencing the SinCo Marks:

Registration of the applied-for mark is refused because of a

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  likelihood of confusion with the marks in U.S. Registration Nos.
   3188537, 4524165 and 4524173[.]See the attached registrations, all
2  of which are owned by the same owner.

3  *U.S. Trademark Serial No. 87307903*



4  66.    On **January 20, 2017**, Electronics DG filed

5  design mark application, which was assigned the serial number 87307903, for a mark consisting

6  of the stylized wording "SinCo" with a ying-yang circle between the letters "n" and "o" and which

7  is a black-and-white facsimile of each of SinCo's design marks. Electronics DG filed for the mark

8  as a 1(b) "intent to use" application, indicating it intends to begin using the mark in the near

9  future. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit**

10 **K**.

11 67.    On **May 30, 2017,** the USPTO published the mark for opposition in the Official

12 Gazette. On **June 26, 2017**, SinCo filed an Opposition to the mark. (*See* Exhibit F.)

13 *U.S. Trademark Serial No. 87307929*



14 68.    On **January 20, 2017**, Electronics DG filed a

15 design mark application, which was assigned the serial number 87307929, for a mark consisting

16 of the stylized wording "SinCo." Electronics DG filed for the mark as a 1(b) "intent to use"

17 application, indicating it intends to begin using the mark in the near future.  A true and correct

18 copy of the prosecution file for the mark is attached hereto as **Exhibit L**.

19 69.    On **April 17, 2017**, the USPTO issued an Office Action rejecting the mark

20 application and specifically referencing the SinCo Marks:

21 Registration of the applied-for mark is refused because of a
   likelihood of confusion with the marks in U.S. Registration Nos.
22 4524165 and 4524173[.] See the attached registrations, all of which
   are owned by the same owner.

23 *U.S. Trademark Serial No. 87307939*

24 70.    On **January 20, 2017**, Electronics DG filed a

25 design mark application, which was assigned the trademark application serial number 87307939,

26 for a mark consisting of the stylized wording "SinCo" with a ying-yang circle between the letters

27 "n" and "o" and which is a black-and-white facsimile of each of SinCo's design marks.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Electronics DG filed for the mark as a 1(b) "intent to use" application, indicating it intends to begun using the mark in the near future. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit M**.

71.     On **April 17, 2017**, the USPTO issued an Office Action rejecting the mark application and specifically referencing the SinCo Marks:

> Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 4524165 and 4524172.

_U.S. Trademark Serial No. 87307950_



72.     On **January 20, 2017**, Electronics DG filed a design mark application, which was assigned the serial number 87307950, for a mark consisting of the stylized wording "SinCo."

73.     In its application, Electronics DG admits that it began using the mark in the United States as early as **April 1, 2016**, and evidences that usage with its submitted specimen. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit N**.

74.     On **April 17, 2017**, the USPTO issued an Office Action rejecting the mark application and specifically referencing the SinCo Marks:

> Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 4524165 and 4524173[.] See the attached registrations, all of which are owned by the same owner.

75.     On **August 8, 2017**, the USPTO issued a Final Office Action to the trademark application which again specifically cites the basis of the rejection as the existing SinCo Marks:

> For the reasons set forth below, the refusal under Trademark Act Section 2(d) is now made FINAL with respect to U.S. Registration Nos. 4524165 and 4524173.

_U.S. Trademark Serial No. 87307959_



76.     On **January 20, 2017**, Electronics DG filed a design mark application, which was assigned the serial number 87307959, for a mark consisting of the stylized wording "SinCo."

77.     In its application, Electronics DG admits that it began using the mark in the United

States as early as **August 5, 2016**, and evidences that usage with its submitted specimen. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit O**.

78.     On **May 30, 2017**, the USPTO published the mark for opposition in the Official Gazette. On **June 26, 2017**, SinCo filed an Opposition to the mark. (*See* Exhibit F.)

*U.S. Trademark Serial No. 87347832*



79.     On **February 24, 2017**, Electronics DG filed a design mark application, which was assigned the serial number 87347832, for a mark consisting of the stylized wording "SinCo." Electronics DG filed for the mark as a 1(b) "intent to use" application, indicating it intends to begun using the mark in the near future. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit P**.

80.     On **May 30, 2017**, the USPTO published the mark for opposition in the Official Gazette. On **June 26, 2017**, SinCo filed an Opposition to the mark. (*See* Exhibit F.)

*U.S. Trademark Serial No. 87377118*



81.     On **March 20, 2017**, Electronics DG filed a design mark application, which was assigned the serial number 87377118, for a mark consisting of the stylized wording "XingKe," which is a homophone (different spelling, same pronunciation) of "SinCo."

82.     In its application, Electronics DG admits that it began using the mark in the United States as early as **January 4, 2017**, and evidences the usage in commerce and evidences that usage with its submitted specimen. A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit Q**.

83.     On **June 16, 2017**, the USPTO issued an Office Action rejecting the mark:

> Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 4512467.

*U.S. Trademark Serial No. 87425484*

84.     On **April 26, 2017**, Electronics DG filed a design mark application, which was assigned the serial number 87425484, for a mark consisting of the stylized wording "XingKe", which is a homophone of "SinCo," and where the colors red

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    and green are claimed as a feature of the mark.

2          85.      In its application, Electronics DG admits that it began using the mark in the

3    United States as early as **January 4, 2017**, and evidences that usage with its submitted specimen.

4    A true and correct copy of the prosecution file for the mark is attached hereto as **Exhibit R**.

5          86.      On **June 16, 2017**, the USPTO issued an Office Action rejecting the mark:

6          Registration of the applied-for mark is refused because of a
           likelihood of confusion with the mark in U.S. Registration No.
7          4512467.

8

9                             [*Continued on Following Page*]

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

## ELECTRONICS DG'S WEBSITE

87.     On information and belief, on or about August 1, 2017, Electronics DG revamped its website located at sincocn.com, and claimed a 2015 copyright in its footer. A true and correct copy of the website is attached hereto as **Exhibit S**.

88.     SinCo is informed and believes, and thereon alleges, that Electronics DG recently launched a new website directed to the United States market located at sincocn.com/en/index.aspx. The initial landing page for the website has an image of a building displaying one of the SinCo Marks design marks. The photo displays continuously, while a photo with the XingKe mark but which is otherwise identical, moves in rotation with several others.



Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

COMPLAINT FOR TRADEMARK
INFRINGEMENT

89.     On information and belief, the website is trading on SinCo's market recognition and goodwill, and is directed to SinCo's United States customers.

90.     On information and belief, Electronics DG selected the same colors and balance orientation of its "XingKe" mark to trade on the famous SinCo Marks, specifically the same shade of red and green placed in the same orientation of left to right.

91.     On its website, Electronics DG shows a picture of a building displaying one of the SinCo Marks:



92.     On its website, Electronics DG includes a sample presentation which displays one of the SinCo Marks in the bottom left:



COMPLAINT FOR TRADEMARK
INFRINGEMENT

93.     On its website, Electronics DG includes a photo depicting its employees posing

with one of the SinCo Marks:





94.     The products currently offered for sale on Electronics DG's website infringe on the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

SinCo Marks by including the marks in typestyles which are intentionally identical to those used by SinCo in the SinCo Marks.

### FIRST CLAIM FOR RELIEF
**Infringement of Federally Registered Trademarks
Under Federal Law (15 U.S.C. §1114)**

95.     SinCo restates and re-avers the allegations set forth in the preceding paragraphs as if set forth here in full as part of this claim for relief.

96.     Defendants infringe SinCo's U.S. Trademark Registration Nos. 4,524,173; 4,524,172; 4,524.165; and 3,188,537 in violation of the Trademark Act of 1946, 15 U.S.C. §1051, *et seq*., particularly under 15 U.S.C. §1114(1).

97.     The SinCo Marks are registered on the USPTO's Principal Register. Registration serves as *prima facie* evidence that the trademarks are entitled to protection, as set forth in 15 U.S.C. §1057(b).

98.     The SinCo mark bearing U.S. Trademark Registration No. 3,188,537 issued **December 26, 2006**, and has been in continuous use for more than five consecutive years. The mark is incontestable under 15 U.S.C. §1065.

99.     Defendants' Infringing Marks are spurious marks that are substantially identical to the SinCo Marks.

100.     Defendants' adoption and use of the Infringing Marks was with knowledge of the SinCo's ownership of the SinCo Marks, as they had a geographically-limited license to use the mark in the Guangdong province of China during Electronics DG's contractual relationship with SinCo.

101.     Defendants contractually agreed not to use the SinCo Marks against SinCo's interest.

102.     Defendants' use and offer for sale of goods bearing the Infringing Marks is likely to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely create the impression that Defendants' goods and services are conducted by or in association with SinCo, and therefore constitutes a violation of Plaintiff's registered trademarks

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    within the terms of Section 32 of the Lanham Act, 15 U.S.C. §1114.

2            103.     Upon information and belief, Defendants' infringement has been willful and

3    intentional, and under the circumstances of this case, the Court should award a multiplier of

4    damages of up to three times under the Lanham Act, Section 35(c). This is also an exceptional

5    case under Section 35, thereby entitling Plaintiff to its attorneys' fees.

6            104.     As a direct and proximate result of Defendants' illegal activities, SinCo has been

7    severely damaged. Defendants' acts in infringing the SinCo Marks have caused, and will continue

8    to cause, irreparable harm to SinCo unless enjoined by this Court.

9            105.     Furthermore, Defendant Electronics DG is not entitled to its aforementioned

10   federal registration of any of the Infringing Marks, and SinCo requests Electronics DG's

11   aforementioned federal applications be canceled under 15 U.S.C. §1119.

**SECOND CLAIM FOR RELIEF**
**False Designation of Origin**
**Under Federal Law (15 U.S.C. §1125(a))**

14            106.     SinCo restates and re-avers the allegations set forth in the preceding paragraphs as

15   if set forth here in full as part of this claim for relief.

16            107.     This claim arises under the provisions of the Lanham Act, 15 U.S.C. §1051, *et*

17   *seq.*, particularly under 15 U.S.C. §1125(a), and alleges the use in commerce of false designations

18   of origin and false descriptions and representations.

19            108.     As more fully set forth above, Defendants, through their use of the Infringing

20   Marks and statements made in the advertisement of goods and services offered under the

21   Infringing Marks, falsely suggest that Defendants have a connection to SinCo. The purchasing

22   public is likely to be deceived into believing Defendants have an affiliation with SinCo, and

23   therefore, to use Defendants' services and purchase Defendants' products in reliance on those

24   erroneous beliefs.

25            109.     Defendants' use of the Infringing Marks is likely to create confusion and to

26   deceive consumers as to the source of origin, sponsorship, and/or authorization of Defendants'

27   business.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

110.    As more fully set forth above, the SinCo Marks have come to have secondary meaning indicative of origin, relationship, sponsorship, and/or association with Plaintiff. The purchasing public is likely to mistakenly attribute to SinCo the use by Defendants of the Infringing Marks as a source of origin, authorization, affiliation, and/or sponsorship for Defendants' goods and services and, therefore, to use Defendants' services and purchase Defendants' products in that erroneous belief.

111.    Defendants' adoption and continued willful use of the confusingly similar Infringing Marks as herein alleged constitutes a use in interstate commerce, a false designation of origin, or false and misleading description or representation of goods and/or services in commerce, with knowledge of the falsity, as well as deceptive misdescription likely to cause confusion, mistake, and deception, and which in commercial advertising and promotion misrepresents the nature, characteristics, qualities, and origin of Defendants' goods and services and commercial activities, within the meaning and in violation of 15 U.S.C. §1125(a).

112.    As a direct and proximate result of Defendants' illegal activities, SinCo has been severely damaged. Defendants' acts have caused, and will continue to cause, irreparable harm to SinCo unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF
### False Advertising
### Under Federal Law (15 U.S.C. §1125(a))

113.    SinCo restates and re-avers the allegations set forth in the preceding paragraphs as if set forth here in full as part of this claim for relief.

114.    This claim arises under the provisions of the Lanham Act, 15 U.S.C. §1051, *et seq.*, particularly under 15 U.S.C. §1125(a), and alleges false advertising.

115.    As more fully set forth above, Defendants, through their use of the Infringing Marks and statements made in the advertisement of goods and services offered under the Infringing Marks, falsely suggest that Defendants have a connection to the SinCo Marks and their famous history. The purchasing public is likely to be deceived as to Defendants' affiliation with SinCo, and therefore, to use Defendants' services and purchase Defendants' products in reliance

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    on those erroneous beliefs.

2         116.    As a direct and proximate result of Defendants' illegal activities, SinCo has been

3    severely damaged. Defendants' acts have caused, and will continue to cause, irreparable harm to

4    SinCo unless enjoined by this Court.

5    **FOURTH CLAIM FOR RELIEF**<br>**Federal Trademark Dilution**

6    **Under Federal Law (15 U.S.C. §1125(c))**

7         117.    SinCo restates and re-avers the allegations set forth in the preceding paragraphs as

8    if set forth here in full as part of this claim for relief.

9         118.    This claim arises under the provisions of the Lanham Act, 15 U.S.C. §1051 *et seq.*,

10   particularly under 15 U.S.C. §1125(c), and alleges the commercial use in commerce by

11   Defendants of the Infringing Marks, resulting in dilution of the SinCo Marks.

12        119.    As a result of SinCo's extensive advertising and promotional efforts in the United

13   States, the SinCo Marks are recognized nationwide by the trade and purchasing public as

14   synonymous with high quality goods and services.

15        120.    The SinCo Marks are famous marks that are of inestimable value to SinCo and are

16   relied upon by the trade and the purchasing public to identify and designate SinCo's goods and

17   services, and to distinguish them from the goods and services of others.

18        121.    Defendants' use in commerce of the Infringing Marks is likely to cause dilution of

19   the distinctive quality of the SinCo Marks.

20        122.    Defendants began their use of the Infringing Marks in commerce after the SinCo

21   Marks became famous. Defendants' use of the Infringing Marks in the United States as their own

22   commenced recently, and in each case began years after SinCo began use of the corresponding

23   SinCo Marks.

24        123.    Defendants' products are of inferior quality, and therefore tarnish SinCo's goodwill

25   in the SinCo Marks.

26        124.    Upon information and belief, Defendants' commercial use of the Infringing Marks

27   is continuing with the willful intent to trade upon SinCo's reputation and to cause dilution of the

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

SinCo Marks, all to the detriment and damage of SinCo.

125.     Defendants' use of the Infringing Marks has caused and/or is likely to cause dilution by blurring and/or dilution by tarnishment of the SinCo Marks.

126.     As a direct and proximate result of Defendants' illegal activities, SinCo has been severely damaged. Defendants' acts in diluting SinCo Marks have caused, and will continue to cause, irreparable harm to SinCo unless enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement**
**& Unfair Competition**

127.     SinCo restates and re-avers the allegations set forth in the preceding paragraphs as if set forth here in full as part of this claim for relief.

128.     This claim arises under the common law of the State of California and alleges willful and intentional common law trademark infringement and unfair competition by Defendants.

129.     As more fully alleged above, the use of the Infringing Marks by Defendants constitutes passing off, unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices wherein Defendants' conduct is likely to cause confusion in the trade as to the source of Defendants' goods and services, and/or is likely to lead the public to believe that Defendants and their goods and services are in some way connected with SinCo's when, in fact, they are not, all to the detriment of SinCo and in violation of the common law of the State of California.

130.     As a direct and proximate result of Defendants' illegal activities, SinCo has been severely damaged. Defendants' acts of unfair competition have caused, and will continue to cause, irreparable harm to SinCo unless enjoined by this Court.

131.     Defendants, and each of them, acted with malice, oppression, and fraud, as defined in California Civil Code §3294(c), and willfully and with the intent to cause injury to SinCo. Defendants, and each of them, are therefore guilty of malice, oppression, and fraud in conscious disregard of the rights of SinCo, thereby warranting an assessment of punitive damages in an

4840-0076-1934.5

COMPLAINT FOR TRADEMARK
INFRINGEMENT

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    amount appropriate to punish Defendants and deter others from engaging in similar conduct.

2                              **SIXTH CLAIM FOR RELIEF**
                              **State Statutory Unfair Competition**
3             **(California Business & Professions Code §17200, *et seq.*)**

4           132.    SinCo restates and re-avers the allegations set forth in the preceding paragraphs as

5    if set forth here in full as part of this claim for relief.

6           133.    This claim arises under California Business and Professions Code §17200, *et seq.*

7    and alleges willful and intentional unfair competition by Defendants.

8           134.    As more fully alleged above, Defendants' acts and conduct constitute "unlawful,

9    unfair, or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading

10   advertising" within the meaning of California Business and Professions Code §17200, *et seq.*

11   Defendants' acts and conduct are wrongful, knowing, willing, and malicious, and constitute unfair

12   competition under California law.

13          135.    As a direct and proximate result of Defendants' illegal activities, Plaintiff has been

14   severely damaged. Defendants' acts of unfair competition have caused, and will continue to cause,

15   irreparable harm to Plaintiff unless enjoined by this Court.

16                              **PRAYER FOR RELIEF**

17          WHEREFORE, Plaintiff demands judgment as follows:

18          1.      That a preliminary and permanent injunction be issued enjoining Defendants and

19   their agents, servants, employees, attorneys, and all persons in active concert or participation with

20   them:

21                  a.      from using the SinCo Marks or any marks confusingly similar thereto in

22                          connection with sale or offering of goods and services;

23                  b.      from falsely advertising a connection with the SinCo Marks;

24                  c.      from using any logo, trade name, trademark, or service mark which may be

25                          calculated to falsely represent or which has the effect of falsely

26                          representing that goods and/or services of Defendants are sponsored by,

27                          authorized by, or in any way associated with SinCo;

28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

COMPLAINT FOR TRADEMARK
INFRINGEMENT

d.      from using the Infringing Marks or from otherwise infringing or diluting the SinCo Marks; and

e.      from otherwise unfairly competing with SinCo or infringing SinCo's rights in the SinCo Marks.

2.      That Defendants be required to remove and cease use of any web sites, physical or electronic advertisements, collateral, or promotional materials bearing the Infringing Marks.

3.      That Defendants be required to expressly abandon all trademark applications for the Infringing Marks filed with the United States Patent and Trademark Office.

4.      That Defendants be required to pay to SinCo such damages as SinCo has sustained as a consequence of Defendants' false advertising, unfair competition, and infringement of the SinCo Marks, and to account to SinCo for all gains, profits, and advantages derived by Defendants by virtue of its infringement, and/or that SinCo be awarded Defendants' profits pursuant to 15 U.S.C. §1117 and state common and statutory law.

5.      Alternatively, that the Court award statutory damages of $2,000,000 per counterfeit mark pursuant to 15 U.S.C. §1117.

6.      That the monetary award to Plaintiff be increased based on willful infringement pursuant to 15 U.S.C. §1117.

7.      That the Court find this case to be exceptional and award reasonable attorneys' fees to SinCo.

8.      For such other and further relief as to the Court may deem just and proper under the circumstances.

Dated:  September 22, 2017             ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
    LAEL D. ANDARA
    MARIE E. SOBIESKI
    Attorneys for Plaintiff
    SINCO TECHNOLOGIES PTE LTD

**DEMAND FOR JURY TRIAL**

SinCo hereby demands a trial by jury of all claims so triable.

Dated:  September 22, 2017                           ROPERS, MAJESKI, KOHN & BENTLEY


By:_____
     LAEL D. ANDARA
     MARIE E. SOBIESKI
     Attorneys for Plaintiff
     SINCO TECHNOLOGIES PTE LTD

- 30 -

COMPLAINT FOR TRADEMARK
INFRINGEMENT