LAEL D. ANDARA (SBN 215416)
MICHELLE G. TREVINO (SBN 315304)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1701
Email:  lael.andara@rmkb.com
          michelle.trevino@rmkb.com

Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE, LTD, <br><br> Plaintiff, <br><br> v. <br><br> SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON AKA MARK LIEW (an individual) <br><br> Defendant. | CASE NO. 3:17CV5517 EMC <br><br> **REQUEST TO ENTER DEFAULT** <br><br> **[Pursuant to FRCP, Rule 55]** |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT

As provided by Federal Rules of Civil Procedure ("FRCP"), rule 55, Plaintiff hereby requests that the Clerk of the above-entitled Court enter default in this matter against Defendant SINCO ELECTRONICS (DONGGUAN) CO., LTD. ("DG") on the ground that said defendant has failed to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure.

4821-9911-9728.1

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1.     Plaintiff transmitted the Summons, First Amended Complaint with Exhibits A through R, and Chinese translations thereof, in the above en-titled case by the only method allowed in the People's Republic of China ("P.R.C.") as provided for in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in the Civil or Commercial Matters ("Hague Service Convention") on Defendant DG on **November 22, 2017**, evidenced by the submission thereof to the central authority of the P.R.C. (*Michelle G. Trevino Affidavit "Trevino Affid."* at Ex. B: *Declaration of Celeste Ingalls* at ¶7 and Ex. D.)  Defendant DG was also emailed the Summons, First Amended Complaint with Exhibits A through R, with two copies of Wavier of Service of Summons and a Notice and Request to Waive Service of Summons [AO 398] on **October 4, 2017**. (*Id.* at ¶5 and Ex. C.)The same was emailed to Defendant XingKe Electronics (DONGGUAN) CO., LTD counsel on **October 4, 2017**. (*Id.* at ¶8 and Ex. F.) The same request for waiver and documents was provided to Defendant Mark Liew's counsel on **October 6, 2017**. (*Id.* at ¶10 and Ex. H.) On **February 16, 2018**, via email, Mr. Andara emailed Tom Chen, Defendant SinCoo Electronic Technology Limited's COO, regarding the company's violation of SinCo's trademark rights in the "SinCo" trademark and directed them to cease and desist or it would be subject to legal penalty. (*Id.* at ¶11 and Ex. I.) Mr. Chen responded on **February 27, 2018**. (*Id.*) On **April 25, 2018** SinCo sent the Summons, First Amended Complaint with Exhibits A through R, and Chinese translations thereof, with two copies of Waiver of Service of Summons and a Notice and Request to Waive Service of Summons by FedEx. (*Id.* at ¶12 and Ex. J.) The package was refused by the recipient. (*Id.*)

On **April 25, 2018**, SinCo sent to DG the Summons and Complaint by UPS. (*Id.* at ¶7 and Ex. E.) On **May 31, 2018**, UPS gave a notice of refusal after multiple attempts. (*Id.*) On **April 25, 2018**, SinCo sent to Xingke Electronics (Dongguan) Co., LTd the same referenced documents by FedEx and was delivered on **April 28, 2018** at 10:43AM. (*Id.* at ¶9 and Ex. G.) The package was signed by R. Gao. (*Id.*) The package was returned to FedEx on April 28, 2018 at 3:18 PM. (*Id.*) On **April 25, 2018**, Xingke Electronics Technology Co., Ltd. was sent the same Summons and the First Amended Complaint and it was delivered on **April 28, 2018** at 10:43 AM. (*Id.* at ¶13 and Ex. K.) The package was signed by R. Gao. (*Id.*) The package was returned to FedEx on

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

April 28, 2018 at 3:18 PM. (*Id.*)

DG and Xingke Electronics (Hong Kong) Co., Ltd. are one and the same as was communicated by letter to its customers, with **March 15, 2017** as the date it went into effect. (*Id.* at ¶14 and Ex. L.) Mark Liew testified that Mr. Gao was the plant manager for DG.

> THE WITNESS: Because based on what I seeing is CY Ng is reporting to Dongguan GM, Mr. Gao.
>
> (*Mark Liew's Deposition* on December 2, 2016 at 53:21-22.)

> Q. Okay. Who is the manager at the plant?
>
> A. You mean the factory?
>
> Q. Yes. Sorry. The factory.
>
> Q. Who is the main person in charge, to your understanding.
>
> A. I think it's our GM, Mr. Gao.
>
> (*Mark Liew's Deposition on February 21, 2017* at 268:9-15.)

Defendant DG has been paying for the legal fees for Defendants Mr. Liew and Cy Ng as to the State Action now pending. (*Trevino Affid.* at ¶15 and Ex. M.)

## I.     FEDERAL RULE OF CIVIL PROCEDURE, RULES 55 AND 585

On **November 28, 2017**, at 9 a.m., in the State action 16CV301867 at the Superior Court of Santa Clara, Department 6, Honorable Judge Zaynor held a hearing for the motion by Plaintiff for a default judgment against Defendant DG. (*Id.*, Ex. A at p. 1:20-23.) The Court issued an Order re: Motion for Entry of Default on **December 8, 2017**.  (*Id.*) The Court found that that the procedural requirements of Code of Civil Procedure ("CCP") section of 585 were identical to those of FRCP, rule 55. (*Id.* at p. 4:15-17.) The Court found that Federal courts apply FRCP, rule 55 regarding entry of default judgment, even when a plaintiff seeks a default judgment under Article 15 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("The Hague Convention"). (*Id.* at p. 3:23-27.) The Court determined that Plaintiff in a Federal action must request, or obtain, an entry of default by

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    the clerk as required under FRCP 55, before moving for Default judgment under Article 15.[1]

2        Pursuant to FRCP, rule 55(a), when a "party against whom a judgment for affirmative

3    relief sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

4    otherwise, the clerk must enter the party's default." (FRCP, rule 55(a).) Federal courts apply

5    FRCP, rule 55 regarding entry of default judgments, even when obtaining or requesting entry of

6    default judgment under Article 15 of the Hague Convention. (*Id*. at p. 3:23-27[2].)

7    **II.    THE HAGUE CONVENTION**

8        The United States and China are signatories of the Convention on the Service Abroad of

9    Judicial and Extrajudicial Documents in the Civil or Commercial Matters, done at the Hague, on

10   **November 15, 1965**. (*Trevino Affid*. at Ex. B, ¶2.) China accepted the provision stated in Article

11   15 of the Hague Service Convention that allows the forum court judge to issue judgment *even if*

12   *no certificate of service or delivery has been received,* if certain requisite conditions are fulfilled.

13   (*Id*. at ¶¶'s 6 and 7.) The requirements are: (1) the documents were transmitted by one of the

14   methods provided for in the Convention, (2) at least 6 months have elapsed since the date of the

15   transmission of the documents, and (3) no certificate of any kind has been received, even though

16   every reasonable effort has been made to obtain it through the competent authorities of the State

17   addressed. (*Id*. at ¶7.)

18       The documents were transmitted to the Central Authority in China and received and

19   signed for by the Central Authority for China on **November 22, 2017**. (*Id*.) More than 6 months

20   have passed since the documents were received by the Central Authority in China. (*Id*.) And no

21   certificate has been received, of any kind, and requests for status on the service of the documents

22   have been, and continue to be, submitted to the Zhiying Li and Guan Qingtian at the office of the

23   ///

---

25   [1] **ORDER RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT.** Judge Zaynor, December 8, 2017, stated "*Code of Civil Procedure are virtually identical to those of FRCP, rule 55.* (Order Re: Motion for Entry of Default Judgment at p. 4:15-17.)

26   [2] **ORDER RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT.** Judge Zaynor's Order cited: *Thomas v. Biocine Sclavo* (N.D.N.Y., Feb. 4, 19987, No. CIVA94CV1568RSP/DNH) 1998 WL 51861, at 2-3 [noting that the plaintiff attempted to follow the required two-set process set forth in FRCP, rule 55 and first obtain entry of default by the court clerk prior to moving for default judgment; because of uncertainty regarding service of process in Italy the clerk referred the question of entry of default to the court; the court determined that it was appropriate for the clerk to enter the defaults of the defendants, the court could consider whether default judgment should also enter against them] (Order Re: Motion for Entry of Default Judgment at p. 4:8-15.)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Central Authority for China (Ministry of Justice) on a regular basis since transmission to China.

2    (*Id*.)

### III.    THE DEFENDANT HAS FAILED TO FILE A PLEADING OR MOTION PERMITTED BY LAW

Pursuant to FRCP, rule 55(a), the "party against whom the judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown to by affidavit or otherwise, the clerk must enter the party's default." (FRCP, rule 55(a).) To date, Defendant DG has not presented itself to defend itself in the matter, even though, it is undisputed that it has actual notice of this action. Further, as provided by the Hague Convention, if six months have elapsed from the date of transmission of the documents (summons and complaints), the documents were transmitted by one of the methods provided by the Hague Convention and no certificate of any kind has been received and reasonable efforts have been made to obtain it through the competent authorities, then the Convention allows for the forum court judge to issue judgment, even if no certificate of service or delivery has been received. (*Trevino Affid.*, Ex. B at ¶¶'s 6 and 7.) Therefore, SinCo has met their burden under the Hague Convention and Defendant DG continues to fail to file a pleading or defend itself, even though they have actual knowledge of this litigation and continues to conduct business in the forum.

### IV.    DEFENDANT DG IS NEITHER A MINOR NOR AN INCOMPETENT PERSON

The defendant can neither be a minor or incompetent person for purpose of requesting an entry of default. (FRCP, rule 55(b)(1); *see also First American Bank, N.A. v. United Equity Corp.* (DDC 1981) 89 FRD 81,86.) Here, Defendant DG is a Chinese company showing that they are neither a minor nor an incompetent person. Thereby, this requirement has been met by SinCo in its request for entry of default.

### V.    ENTRY OF DEFAULT BY COURT CLERK WHEN FOREIGN SERVICE INVOLVED

As directed by Judge Zaynor, FRCP, rules 55 is similar to CCP 585, and request for entry of default must first be undertaken prior to requesting entry of default from the Court. (*Trevino Affid.*, Ex. A p. 4:15-17.) Case law provides that a clerk was authorized to enter a default against defendants, finding that the plaintiffs had properly served defendants under the Hague

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Convention (*Curtis v. Shinsachi Pharmaceutical Inc.* (C.D. Cal. 2014) 45 F.Supp.3d 1190, 1197

2    [Court subsequently authorized the Clerk to enter default against Shin and Shin Sachi, finding

3    that Curtis properly served Defendants under the Hague Convention on the Service Abroad of

4    Judicial and Extrajudicial Documents and Canadian law].) As shown, Plaintiff SinCo has

5    followed the Hague Convention, to which China and the United States are signatories, in service

6    of the Defendant. Therefore, the clerk is authorized to enter default against Defendant DG. SinCo,

7    through the Hague Convention, has made all reasonable attempts to serve Defendant DG who

8    continues to abuse the intricacies of service by the Hague Convention to avoid appearing before

9    this Court and depriving SinCo of its justice. For example Defendant DG has availed itself of

10   federal law in an effort to obtain no less than 15 trademarks, without success.

11   **VI.    CONCLUSION**

12          Plaintiff SinCo has provided the accompanying Affidavit of Michelle G. Trevino that

13   establishes the facts for default, along with the request for entry of default by the clerk.

14          The above stated facts are set forth in the accompanying Affidavit of Michelle G. Trevino,

15   filed herewith.

16
17   Dated:  August 22, 2018                          ROPERS, MAJESKI, KOHN & BENTLEY

18
19                                                    By: _____
20                                                        LAEL D. ANDARA
                                                          MICHELLE G. TREVINO
21                                                        Attorneys for Plaintiff
                                                          SINCO TECHNOLOGIES PTE LTD

22
23
24
25
26
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4821-9911-9728.1                            - 6 -