| | |
|---|---|
| TODD A. ROBERTS (SBN 129722)<br>LAEL D. ANDARA (SBN 215416)<br>MICHELLE G. TREVINO (SBN 315304)<br>ROPERS, MAJESKI, KOHN & BENTLEY<br>1001 Marshall Street, Suite 500<br>Redwood City, CA 94063-2052<br>Telephone: (650) 364-8200<br>Facsimile: (650) 780-1701<br>Email: lael.andara@rmkb.com<br>       michelle.trevino@rmkb.com | CHRISTOPHER HOGAN (SBN 191546)<br>DEHENG LAW OFFICES, PC<br>7901 Stoneridge Drive, No. 208<br>Pleasanton, CA 94588<br>Telephone: (925) 399-5856<br>Facsimile: (925) 397-1976<br>Email: chogan@dehengsv.com |
| Attorneys for Plaintiff<br>SINCO TECHNOLOGIES PTE, LTD. | Attorney for Defendant<br>NG CHER YONG aka CY NG |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE, LTD,<br><br>    Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON AKA MARK LIEW (an individual),<br><br>    Defendants. | CASE NO. 3:17CV5517 EMC<br><br>[~~PROPOSED~~ ORDER] RE: STIPULATED PROTECTIVE ORDER |

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), the undersigned parties have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order ("Order"). Information subject to this Protective Order may be used only for the purposes of this litigation.[1]

---

[1] The remaining defendants are being served pursuant to the Hague Convention. The Second Amended Complaint was filed on **February 23, 2018**, and thereafter translated and submitted to the Central Authority for the People's Republic of China.

## GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## STIPULATED PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve the production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as

confidential. The parties further acknowledge, as set forth in Section 12, below, that this Order creates no entitlement to file confidential information under seal; sealing of records must be done in accordance with the criteria and procedures set forth in Civil Local Rule ("Civ. L.R.") 79.5.

## 2. DEFINITIONS

**2.1** Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

**2.2** Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.3** Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.4** "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under applicable law or otherwise deemed to be sensitive material worthy of protection pursuant to this Order. Depending on the degree of protection warranted, "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

**2.5** "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," representing design specifications, pricing and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the of hardware or component designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. By definition, data designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY," *will be encrypted* by the Producing Party and the Receiving Party shall maintain the encryption and provide the Producing Party a list of individuals who have had access to the data as part of this litigation. If additional individuals are

given access to such data, the Receiving Party shall provide the Producing Party with a list of such individuals within ten (10) days of those individuals' access to the data.

**2.6**   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7**   Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

**2.8**   Designating Party: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

**2.9**   Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential."

**2.10**   Outside Counsel of Record: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action and are competent and experienced in the American legal system.

**2.11**   Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.12**   Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.13**   Employee of the Receiving Party: A person who is an employee of the Receiving Party who assists with evaluating or maintaining this litigation and who is not involved with patent prosecution or the technical research and development of products. For the avoidance of doubt, this person will not be barred from providing general business advice to the receiving Party.

///

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record when unsealed or filed on the public docket by the Court, or through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. In the event of a dispute as to the "public" status of information, the burden shall be on the Party challenging the designation to establish that said information is in the public domain and/or was known to the Receiving Party prior to disclosure by the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment hereinafter the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

///

///

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. By Designating a document, information, or item for protection as "CONFIDENTIAL," the Designating Party avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that document or portion thereof under Civ. L.R. 79.5(e)(1). Mass indiscriminate or routinized designations are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, as follows:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" on each page that contains protected material or in the file name or metadata field of the data file produced.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the

inspecting Party has identified the documents it wants to be copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" " or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" on each page that contains Protected Material.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings,</u> the Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceedings, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Alternatively, the Party or non-party that sponsors, offers, or gives the testimony shall have up to ten (10) business days after receipt of the transcript or thirty (30) days after the deposition, whichever comes first, to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the time provided shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>For information produced in writing, in response to a written discovery request,</u> the Producing Party shall state in writing that the information is "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" and indicate on the first page of the written discovery responses that the document contains Protected Material. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

(d) <u>For information produced in some form other than documentary, and for any other tangible items,</u> the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEY'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If the material is appropriately designated after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receipt of such supplemental written notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered,

to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain the designation of confidentiality within 30 days of the initial notice of challenge, unless the Parties agree to a longer period of time. Any motion shall be accompanied by a meet and confer declaration under the FRCP, rule 26(c)(1) and Civ. L.R. 7.5. The Designating Party may request by ex parte application an extension of time from the court within which to file the motion. The Designating Party and Challenging Party shall each submit a competent declaration affirming that such Party has complied with the meet-and-confer requirements imposed in the preceding paragraph and any other applicable law. Failure by the Designating Party to make such a motion, including the required declaration within the applicable time frame, shall automatically waive the confidentiality designation for each challenged designation.

      In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph and FRCP, rule 26(c)(1). The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

///
///
///

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Data designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY" *will be encrypted* by the Producing Party and the Receiving Party shall maintain the encryption and provide the Producing Party a list of individuals who have had access to the data as part of this litigation. If additional individuals are given access to such data, the Receiving Party shall provide the Producing Party with a list of such individuals within ten (10) days of their access to the data. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   The officers, directors, and employees of the Receiving Party (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound by Protective Order" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound by Protective Order" (Exhibit A);

(d)   The court and its personnel;

(e)   Court reporters, their staffs, and professional vendors to whom disclosure

is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound by Protective Order" (Exhibit A);

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) The author or recipient of the document or the original source of the information; and

(h) Officers, directors, and employees of the Designating Party.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena, discovery request or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by electronic mail or facsimile, if possible) immediately, and in no event more than three court days after receiving the subpoena, discovery request or order. Such notification must include a copy of the subpoena, discovery request or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all the material covered by the subpoena, discovery request or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena, discovery request or order to issue. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or its applicable discovery obligations. Further, the Receiving Party shall in no event produce any Protected Material in advance of any deadline imposed by applicable law with respect to the subpoena, discovery request or order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party, in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A.

### 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Production of information that is privileged or otherwise immune from discovery shall be entitled to the protections of FRCP 26(b)(5)(B) and FRCP 502. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. The party asserting the privilege is not

required to make a showing prior to the return of the designated material except as agreed in the clawback agreement.

## 11. CLAWBACK AGREEMENT

The parties agree to the following when a protected or privileged document is inadvertently disclosed:

A. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that material or subject matter in this or any other state or federal proceeding. Reasonable steps must be taken prior to a party's production in this proceeding, including conducting targeted keyword searches of electronically stored information.

B. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state with particularity on a privilege log the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information identify the document) and the basis for the claim of privilege or protection.

C. Upon receiving a Clawback Demand and privilege log, the Receiving Party shall within five (5) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving shall party shall provide written assurance of these actions within five (5) days of receiving a Clawback demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five (5) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

///

D. If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand. The Producing Party shall immediately cease the review or discussion of the identified information until the Demand is withdrawn or if no Clawback Demand and Privilege log are not received within ten (10) business days from the initial notice, whichever occurs first.

E. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material, then, within ten (10) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand conditioned on their compliance with section C. The motion shall not assert as a ground for production the fact that or circumstances by which such documents or information were previously produced by the Producing Party, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privilege log or what is sufficient to identify the document, whichever is less likely to disclose the Protected Material).

F. The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests Producing Party's claim that it is Protected Material.

G. The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand.

H. This Stipulation and Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Stipulation and Order by application to the Court on notice to the other parties. Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

I.  This Stipulation and Order is not limited to documents that disclose Protected Material. At a deposition of a witness, a party may strike testimony relating to Protected Material by:

    a. claiming a proper privilege or protection prior to the client giving testimony, or

    b. request that testimony of Protected Material be stricken from the transcript within 10 days of receipt of the transcript.

The same process provided in paragraph 11(E) applies if a party disagrees with the testimony being designated as Protected Material.

J.  Nothing in this Stipulation and Order shall restrict the use or disclosure of any documents or information that are or become public or that are obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and later designated as Protected Material.

K.  A party's compliance with the terms of this Stipulation and Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

## 12. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civ. L.R. 79.5.

## 13. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party *must return* or *destroy all Protected Material to the Producing Party*. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4, above.

## 14. MISCELLANEOUS

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3 <u>Privilege Logs</u>. Counsel for a party may withhold documents from production as exempt from discovery because such documents are protected from disclosure under the attorney-client privilege or work product doctrine of FRCP 26(b), or any other applicable privilege or immunity. For documents so withheld, the party withholding the documents shall prepare a log consistent with FRCP 26(b)(5) identifying each document withheld, the protection claimed, and the basis for the protection. Counsel for either party need not list in any such log any privileged documents or communications between their firm and their client created, arising from this action or the State Action 16CV301867.

///

///

14.4  This Protective Order shall be binding upon all parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 17, 2018

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
LAEL D. ANDARA
MICHELLE G. TREVINO
Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE LTD.

Dated: September 17, 2018

DEHENG LAW OFFICES, PC

By: _____
CHRISTOPHER HOGAN
Attorney for Defendant
NG CHER YONG aka CY NG

**IT IS SO ORDERED.**

The foregoing Stipulated Protective Order is hereby entered by the Court.

Dated: September 19, 2018

_____
United States District Judge
EDWARD M. CHEN

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by United States District Court for the Northern District of California on _____ in the case of *SinCo Technologies PTE, Ltd. v. Liew Yew Soon, et al.*, Case No. 3:17CV5517 EMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Executed this ___ day of _____, 2018, at _____, California.

_____
(Signature)

_____
[Print Name]