LAEL D. ANDARA (SBN 215416)
MICHELLE G. TREVINO (SBN 315304)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Telephone: (650) 364-8200
Facsimile: (650) 780-1685
Email: lael.andara@rmkb.com
       michelle.trevino@rmkb.com

Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE, LTD, <br><br> Plaintiff, <br><br> v. <br><br> SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON AKA MARK LIEW (an individual) <br><br> Defendant. | CASE NO. 3:17CV5517 EMC <br><br> **JOINT DISCOVERY DISPUTE LETTER** |

Pursuant to Judge Edward M. Chen's standing order, the parties submit this Joint Discovery Dispute Letter. On **April 12, 2018**, Plaintiff SINCO TECHNOLOGIES PTE LTD, ("SinCo") served Defendant NG CHER YONG aka CY NG (Mr. Ng) with 20 requests for production ("RFP"). On **May 25, 2018**, SinCo received Mr. Ng's objections with some illegible documents and the majority of documents were from 3rd party companies (totaling 1,723 pages)[1]. To date Mr. Ng has produced 2,276 pages of responsive information and SinCo has produced

---

[1] Attached hereto as **Exhibit A** is a true and correct copy of excerpts of Mr. Ng's Reponses to RFP, Set one, dated **May 23, 2018**.

902,052 pages of responsive information.

## I. SINCO'S POSITION

On **June 12, 2018**, SinCo's counsel sent a letter to meet and confer pursuant to the Federal Rules of Civil Procedure ("FRCP"), Rule 34 identifying inadequacy of Mr. Ng's discovery responses and requesting Mr. Ng to supplement his production as described in each request of document production. On **June 19, 2018**, Mr. Ng's counsel responded to SinCo's letter dated June 12, 2018 asserting that Mr. Ng has complied in full with all the requests. After receiving the response letter, on **June 25, 2018**, SinCo and Mr. Ng's counsel had a meet and confer telephone call to discuss the discovery issues. SinCo's counsel mainly addressed and discussed all the requests pertaining to the following three issues on that call:

1. **DOCUMENTS REFERENCING THE WORD "SINCO" THAT ARE EITHER REFERENCED AS A NOUN OR AS USED IN AN EMAIL ADDRESS (NOS.12 - 14 & 19)**

Mr. Ng's testimony made it clear that there would not be millions of documents using the word "SINCO," as the contract manufacturer operated in Chinese and 99% of their employees only spoke some dialect of Chinese, contrary to Defense counsel excuse for non-production. (Deposition Transcript of NG Cher Yong on **February 12, 2016** at 145:21-24; 228:15-229:9.)

2. **THE DISCREPANCY IN THE VOLUME OF INFORMATION PRODUCED VERSUS IDENTIFIED BY MR. NG'S DURING HIS DEPOSITION (REQUEST NO.20)**

To this request, counsel of Mr. Ng has indicated that all the documents Mr. Ng testified to in his deposition have either been produced or appear on a privilege log. Mr. Ng's testimony indicates the existence of a banker box that holds over 5,000 pages and Mr. Ng has produced documents substantially less than even half a banker's box *i.e* about 50 pages. (*Id.* at 316:18-317:4.) Mr. Ng's testimony also indicates that Mr. Ng is in possession of a Microsoft laptop since October 2017, issued by DG and that there are emails on the laptop from U.S. customers. (*Id.* at 168:3-22.) Out of all documents produced by Mr. Ng, much of it is non-responsive and from 3rd party companies. Mr. Ng has failed to provide SinCo any data on the Microsoft computer. SinCo repeatedly requested that Mr. Ng make efforts to provide any response to Request No.20.

3. **THE DELL VOSTRO LAPTOP (REQUESTS NOS.1 - 11 & 13 - 20)**

From 2013 until October of 2017 Mr. Ng used a Dell Vostro laptop. (*Id.* at 168:5-170:18.)

1  During his deposition Mr. Ng indicated that when he turned over the laptop to Electronics DG, he
2  was under a legal hold to make sure that nothing was destroyed on the laptop. (*Id.*) Mr. Ng
3  indicated that Mr. Wang at Electronics DG refused to return the Dell laptop; even though they
4  knew Mr. Ng was under a preservation obligation in the litigation pending in the U.S. (*Id.* at
5  171:21.) Mr. Ng now claims that he has no possession and control of the laptop and cannot be
6  produced. We request that Mr. Ng obtain his laptop so that it can be examined by a forensic
7  expert for data recovery. Also, as Mr. Ng and DG (now XingKe) have same legal counsels, it will
8  be easier for Mr. Ng to obtain DG's consent to produce the laptop.

9  On **June 26, 2018**, SinCo's counsel sent a follow up letter to the meet and confer
10 telephone call of June 25, 2018. The letter addressed the issues discussed on the call, including
11 the following discovery requests:

12  1. SinCo requested Mr. Ng to re-produce legible documents in native form,

13  2. SinCo requested Mr. Ng to produce all the Cupertino company documents improperly
14 listed on privilege log subject to the protective order (Request No.14), and

15  3. SinCo requested Mr. Ng to produce his initial Visa application that will identify who he
16 asserted as his employer while travelling to the United States (Request No.15).

17  On **August 1, 2018**, SinCo's counsel sent an email to Mr. Ng's counsel, listing the
18 information Mr. Ng failed to provide. On the same day, Mr. Ng's counsel replied by stating that
19 Mr. Ng had complied with all the requests, to date, SinCo has not received any supplemental
20 production from Mr. Ng as to the categories described above.

21 **II.    CY NG'S POSITION**

22  The parties went through extensive meet and confer on this back in June 2018. It is not
23 clear why these issues have arisen again 5 months later in November 2018. Apart from the lack of
24 timeliness, defendant Cy Ng's responses to each of the issues follows.

25   1.   **Document Requests Nos. 12-14 & 19**

26
27 **Request No. 12**- The request asks for emails that reference "SINCO." The Microsoft computer at
   issue came into use in late October-early November 2017. As indicated in the response, the Sinco
28

name was no longer in use as of February 12, 2018. Therefore, the relevant time period is from about November 1, 2018 to sometime before early February. About a 2-month period. There could also be some outliers in terms of time.

Mr. Ng was involved with many Apple Computer emails. These were placed on a privilege log. So, what remains of production 12 is primarily non-Apple emails from the above time period. Mr. Ng could not find any.

Plaintiff Sinco alleged that it has emails from Mark Liew to Cy Ng in this time period that Cy Ng did not produce.

**Current Status**: Counsel for Cy Ng has requested, with very specific instructions, that Mr. Ng go back and check carefully for anything that he might have over-looked.

**Request No. 13-** this request seeks documents from an inoperative Dell Vostro work computer used in the past by Mr. Ng. This is addressed separately below.

**Request No. 14-** This request seeks a year of Apple Computer emails. These emails concern production of Apple's products at the China factory. Due to Apple's strict policies protecting its intellectual property, these emails were placed on a privilege log. Plaintiff alleges that Apple dies not have a privilege (as a third party or otherwise) to withhold documents.

**Current Status**: Counsel for Cy Ng has contacted Apple's legal department to request permission to release the Apple emails. If permission is given, the issue will be moot.

**Request No. 19:** This was a dense request, looking for written agreements that contain the "SINCO MARKS." This was answered despite the confusing reference to the marks, since plaintiff in various documents alleges many. Also, what constitutes a "written agreement" could be very broad. Further, it is unlimited in time, and could conceivably roll back to the time of Sinco Silicon Rubber Co. back in the 2001 time-frame. That is 17 years.

The written agreements in this case, if any, have been exchanged. Cy Ng answered broadly and produced NG000482-NG0002063. The request has been complied with.

The main complaint here by plaintiff seems to be related to the Apple documents and the Dell Vostro computer, so there is overlap on the documents requested.

1  **Current Status**: no further action is anticipated here, other than as set forth in for the other requests.

2. **Discrepancy / Microsoft Laptop**

Mr. Ng provided an estimate during his deposition of documents that he had in his possession. These were hard copies of documents that Mr. Ng had in a pile. As he informed Mr. Andara, they were not relevant to the discovery requests. Since Mr. Ng is not a lawyer, he said "not relevant" instead of "not responsive."

In an effort to remove any doubt, Mr. Ng produced all those documents at Mr. Andara's insistence, and the documents are indeed of little use (what plaintiff calls "non-responsive" above), but they were produced anyway.

There were fewer documents than Mr. Ng estimated at his deposition, but that is why it is called an estimate. For some reasons, plaintiff seems to insist that since there are fewer documents than estimated, there must be more being withheld. There is no further place to take this issue.

**Current Status**: no further action is anticipated here.

3. **Dell Vostro Computer**

Mr. Ng, like other employees, had a Dell Vostro computer for work. The computer belonged to his employer, Sinco China. Mr. Ng's Dell Vostro had an electrical failure (before he knew about the lawsuit) and he gave it to the technology repair department of his employer, Sinco Electronics.

Mr. Ng's laptop was not alone. Several Dell Vostros had the same problem, an electrical short. These laptops do not belong to employees like Mr. Ng; they belong to the employer. A list of the defective Dell Vostros was provided to plaintiff Sinco.

The laptop was returned to Mr. Ng, repaired. But the problem lingered. Around the time (October 2017) that Mr. Ng was served and answered the lawsuit, he turned the laptop in for further repair. Mr. Ng had the presence of mind to include a note that for the tech repairman that the information on the computer was important. A copy of the letter was produced to plaintiff Sinco.

The computer had been repaired before, and Mr. Ng logically anticipated a second repair. Instead of a second repair, Mr. Ng was issued a new laptop. The old (Dell) laptop is in the possession of the repair department, which will not return it to Mr. Ng.

**Current Status**: With ML Tjoa, a principal of shareholder KOTL, recently coming into the case, it should be no problem obtaining access to the Dell laptop. The Dell laptop was in use by Mr. Ng for many years, and will potentially contain substantial trade secret, attorney-client communications, private marital communications, and similar items. Due to the laptop's defunct status, it will require a forensic company to obtain data. These options will now be explored.

It bears mentioning that neither of the entity defendants- Sinco Electronics (Dongguan) Co. LTD., and Xingke Electronics (Dongguan) Co, LTD., are yet represented in this federal case, so plaintiff Sinco is mistaken in this regard.

4.  **Other Matters**

Mr. Ng has produced all visa information he was able to obtain. As written in the June 28, 2018 meet and confer letter from Cy Ng, there is no way to just "log on" and get the information requested. Mr. Ng went so far as to go to the China GZ U.S. Embassy but was turned down by an embassy officer, since the information sought is considered confidential.

On the final issue of "legible documents," a handful of the documents produced were illegible. These were the best copies available, and counsel for Sinco was so informed. Cy Ng properly produced even illegible documents so their existence would be known. This is now an issue with plaintiff Sinco.

**Current Status**: no further action is anticipated here.

//

//

//

| | | |
|---|---|---|
| 1 | Dated: November 9, 2018 | ROPERS, MAJESKI, KOHN & BENTLEY |
| 2 | | |
| 3 | | By: _____ |
| 4 | | LAEL D. ANDARA<br>MICHELLE G. TREVINO |
| 5 | | Attorneys for Plaintiff<br>SINCO TECHNOLOGIES PTE LTD |
| 6 | | |
| 7 | Dated: November 9, 2018 | DEHENG LAW OFFICE |
| 8 | | |
| 9 | | By: _____<br>CHRISTOPHER J. HOGAN |
| 10 | | Attorneys for Defendants<br>NG CHER YONG and MUI LANG TJOA |

**MEET AND CONFER PROCESS**

I CERTIFY THAT, pursuant to Judge Chen's Standing Order that parties had agreed on **November 1, 2018** to meet in person on **November 6, 2018**. On **November 6, 2018**, Mr. Hogan communicated to Mr. Andara that he was ill and requested that the meet and confer be postponed. In order to facilitate the meet and confer process and for good cause Mr. Andara and Mr. Hogan agreed to discuss the issues set forth in the letter brief attached via video conferencing on **November 8, 2018**.

Date: November 9, 2018

Michelle G. Trevino