LAEL D. ANDARA (SBN 215416)
JENNIFER E. ACHESON (SBN 130833)
MICHELLE G. TREVINO (SBN 315304)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:   (650) 364-8200
Facsimile:    (650) 780-1685
Email:  lael.andara@rmkb.com
        jennifer.acheson@rmkb.com
        michelle.trevino@rmkb.com


Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE, LTD, | CASE NO. 3:17CV5517 EMC |
| Plaintiff, | |
| v. | **REQUEST TO ENTER DEFAULT** |
| SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON AKA MARK LIEW (an individual); | **[Pursuant to FRCP, Rule 55]** |
| Defendants. | |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT

As provided by Federal Rules of Civil Procedure ("FRCP), rule 55, Plaintiff hereby

requests that the Clerk of the above-entitled Court enter default in this matter against Defendant

SINCOO ELECTRONICS TECHNOLOGY CO., LTD. ("SINCOO") on the ground that said

defendant has failed to appear or otherwise respond to the complaint within the time prescribed

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

by the Federal Rules of Civil Procedure.

Plaintiff transmitted the Summons, First Amended Complaint with Exhibits A through R, and Chinese translations thereof, in the above en-titled case by the only method allowed in the People's Republic of China ("P.R.C.") as provided for in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in the Civil or Commercial Matters ("Hague Service Convention") on **May 9, 2018**, evidenced by the submission thereof to the central authority of the P.R.C. (Michelle G. Trevino Affidavit *"Trevino Affid."* at ¶4, Ex. B: Declaration of Celeste Ingalls executed on **December 4, 2018** at ¶7; and Ex. C.)

On **February 16, 2018**, via email, Mr. Andara emailed Tom Chen, Defendant SINCOO's COO, regarding the company's violation of SinCo's trademark rights in the "SinCo" trademark and directed them to cease and desist or it would be subject to legal penalty. (*Id.* at ¶6 and Ex. D.) Mr. Chen responded on **February 27, 2018**. (*Id.*) On **April 25, 2018**, SinCo sent SINCOO the Summons, First Amended Complaint with Exhibits A through R, and Chinese translations thereof, with two copies of Waiver of Service of Summons and a Notice and Request to Waive Service of Summons by FedEx. (*Id.* at ¶7 and Ex. E.) The package was refused by the recipient. (*Id.*)

SinCo had brought a motion for a default judgment, on the same basis as the one being brought today, with supporting documents against Defendant SINCO ELECTRONICS (DONGGUAN) CO., LTD in this action on **August 22, 2018**. (Dkt. No. 50.) The clerk entered a default against DG on **August 24, 2018**. (Dkt. 51.)

## I.    FEDERAL RULE OF CIVIL PROCEDURE, RULES 55 AND 585

On **November 28, 2017**, at 9 a.m., in the State action 16CV301867 at the Superior Court of Santa Clara, Department 6, Honorable Judge Zaynor held a hearing for the motion by Plaintiff for a default judgment against Defendant DG. (*Id.*, Ex. A at p. 1:20-23.) The Court issued an Order re: Motion for Entry of Default on **December 8, 2017**.  (*Id.*) The Court found that that the procedural requirements of Code of Civil Procedure ("CCP") section of 585 were identical to those of FRCP, rule 55. (*Id.* at p. 4:15-17.) The Court found that Federal courts apply FRCP, rule 55 regarding entry of default judgment, even when a plaintiff seeks a default judgment under

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   Article 15 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial

2   Documents in Civil and Commercial Matters ("The Hague Convention"). (*Id.* at p. 3:23-27.) The

3   Court determined that Plaintiff in a Federal action must request, or obtain, an entry of default by

4   the clerk as required under FRCP 55, before moving for Default judgment under Article 15[1]. (*Id.*

5   at 3:23-4:17.)

6       Pursuant to FRCP, rule 55(a), when a "party against whom a judgment for affirmative

7   relief sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

8   otherwise, the clerk must enter the party's default." (FRCP, rule 55(a).) Federal courts apply

9   FRCP, rule 55 regarding entry of default judgments, even when obtaining or requesting entry of

10  default judgment under Article 15 of the Hague Convention. (*Id.* at p. 3:23-27.)

11  ## II.    THE HAGUE CONVENTION

12      The United States and China are signatories of the Convention on the Service Abroad of

13  Judicial and Extrajudicial Documents in the Civil or Commercial Matters, done at the Hague, on

14  November 15, 1965. (*Trevino Affid.* at Ex. B, ¶2.) China accepted the provision stated in Article

15  15 of the Hague Service Convention that allows the forum court judge to issue judgment even if

16  no certificate of service or delivery has been received, if certain requisite conditions are fulfilled.

17  (*Id.* at ¶¶'s 6 and 7.) The requirements are: (1) the documents were transmitted by one of the

18  methods provided for in the Convention, (2) at least 6 months have elapsed since the date of the

19  transmission of the documents, and (3) no certificate of any kind has been received, even though

20  every reasonable effort has been made to obtain it through the competent authorities of the State

21  addressed. (*Id.* at ¶7.)

22      The documents were transmitted to the Central Authority in China and received and

23  signed for by the Central Authority for China on **May 9, 2018**. (*Id.*) More than 6 months have

24  passed since the documents were received by the Central Authority in China. (*Id.*) And no

25  certificate has been received, of any kind, and requests for status on the service of the documents

26  have been, and continue to be, submitted to the Zhiying Li at the office of the Central Authority

27  for China (Ministry of Justice) on a regular basis since transmission to China. (*Id.*)

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

### III.    THE DEFENDANT HAS FAILED TO FILE A PLEADING OR MOTION PERMITTED BY LAW

Pursuant to FRCP, rule 55(a), the "party against whom the judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown to by affidavit or otherwise, the clerk must enter the party's default." (FRCP, rule 55(a).) To date, Defendant SINCOO has not presented itself to defend itself in the matter, even though, it is undisputed that it has actual notice of this action. Further, as provided by the Hague Convention, if six months have elapsed from the date of transmission of the documents (summons and complaints), the documents were transmitted by one of the methods provided by the Hague Convention and no certificate of any kind has been received and reasonable efforts have been made to obtain it through the competent authorities, then the Convention allows for the forum court judge to issue judgment, even if no certificate of service or delivery has been received. (*Id.*, Ex. B at ¶¶'s 6 and 7.) Therefore, SinCo has met their burden under the Hague Convention and Defendant SINCOO continues to fail to file a pleading or defend itself, even though they have actual knowledge of this litigation and continues to conduct business in the forum.

### IV.    DEFENDANT DG IS NEITHER A MINOR NOR AN INCOMPETENT PERSON

The defendant can neither be a minor or incompetent person for purpose of requesting an entry of default. (FRCP, rule 55(b)(1); *see also First American Bank, N.A. v. United Equity Corp.* (DDC 1981) 89 FRD 81,86.) Here, Defendant SINCOO is a Chinese company showing that they are neither a minor nor an incompetent person. Thereby, this requirement has been met by SinCo in its request for entry of default.

### V.    ENTRY OF DEFAULT BY COURT CLERK WHEN FOREIGN SERVICE INVOLVED

As directed by Judge Zaynor, FRCP, rules 55 is similar to CCP 585, and request for entry of default must first be undertaken prior to requesting entry of default from the Court. (*Trevino Affid.*, Ex. A p. 4:15-17.) Case law provides that a clerk was authorized to enter a default against defendants, finding that the plaintiffs had properly served defendants under the Hague

1   Convention (*Curtis v. Shinsachi Pharmaceutical Inc*. (C.D. Cal. 2014) 45 F.Supp.3d 1190, 1197

2   [Court subsequently authorized the Clerk to enter default against Shin and Shin Sachi, finding

3   that Curtis properly served Defendants under the Hague Convention on the Service Abroad of

4   Judicial and Extrajudicial Documents and Canadian law].) As shown, Plaintiff SinCo has

5   followed the Hague Convention, to which China and the United States are signatories, in service

6   of the Defendant. Therefore, the clerk is authorized to enter default against Defendant SINCOO.

7   SinCo, through the Hague Convention, has made all reasonable attempts to serve Defendant

8   SINCOO who continues to abuse the intricacies of service by the Hague Convention to avoid

9   appearing before this Court and depriving SinCo of its justice.

10   **VI.    CONCLUSION**

11        Plaintiff SinCo has provided the accompanying Affidavit of Michelle G. Trevino that

12   establishes the facts for default, along with the request for entry of default by the clerk.

13        The above stated facts are set forth in the accompanying Affidavit of Michelle G. Trevino,

14   filed herewith.

15

16

17   Dated: December 7, 2018                    ROPERS, MAJESKI, KOHN & BENTLEY

18

19                                              By:

20                                                   LAEL D. ANDARA
                                                     JENNIFER E. ACHESON
21                                                   MICHELLE G. TREVINO
                                                     Attorneys for Plaintiff
22                                                   SINCO TECHNOLOGIES PTE LTD.

23

24

25

26

27

28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*