LAEL D. ANDARA (SBN 215416)
MICHELLE G. TREVINO (SBN 315304)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1685
Email: lael.andara@rmkb.com
       michelle.trevino@rmkb.com

Christopher Hogan (SBN 191546)
Keliang "Clay" Zhu (SBN 305509)
Yi Yao (SBN 292563)
DEHENG LAW OFFICES, PC
7901 Stoneridge Drive, No. 208
Pleasanton, CA 94588
Telephone:  (925) 399-5856
Facsimile:   (925) 397-1976
Email:  chogan@dehengsv.com

*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE, LTD.

*Attorneys for Defendant*
NG CHER YONG AKA CY NG and
MUI LIANG TJOA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE, LTD, <br><br> Plaintiff, <br><br> v. <br><br> SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON AKA MARK LIEW (an individual), <br><br> Defendants. | CASE NO. 3:17CV5517 EMC <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING PROTOCOL FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION IN CIVIL LITIGATION** <br><br> Judge:  Joseph C. Spero |

Plaintiff SINCO TECHNOLOGIES PTE, LTD. ("SinCo") and Defendants Ng Cher Yong aka CY Ng ("Mr. Ng"), and Mui Lang Tjoa ("ML Tjoa") as represented by the Deheng Law Offices (hereinafter collectively "Parties") and, through their respective attorneys of record, hereby stipulate and agree, subject to Court approval, to the following terms governing

discovery of electronically stored information ("ESI") in this case:

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. The parties desire to control and focus the production of ESI to the needs of the case to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 1.

2. **GENERAL PRINCIPLES**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.  A party's meaningful compliance with this stipulation and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

The proportionality standard set forth in Fed. R. Civ. P. 26 (b)(2)(C) should be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

3. **QUALIFIED E-DISCOVERY VENDOR**

Parties have agreed to retain Qualified E-Discovery Vendors to assist all future E-Discovery process. Qualified E-Discovery Vendors ("vendor") means a company that is familiar with the United States legal system and specifically the Federal Rules of Civil procedure and has received and executed the subject Protective Order in this action.

The Qualified E-Discovery Vendor retained will collect and store all ESI.  The Parties have agreed that a forensic collection is not necessary and that only the business records of the subject custodians will be subject to collection based on their creation and use of ESI in their day to day operation.  The attorney will coordinate with his client and the vender to identify all locations of potentially responsive information related to this action, and thereafter the vender will do a complete collection of those types of records and files (i.e., Word processing, email,

spreadsheets, PDF, marketing materials, accounting information, and hard copy documents) that will be collected in their native format and produced with metadata.

The Qualified E-Discovery Vendor will then submit all ESI to that Parties' counsel for review of relevancy, responsiveness, privilege, confidentiality, and etc., while Counsel maintains a back-up copy of all ESI.

### 4. PRODUCTION FORMATS

The parties agree pursuant to Fed. R. Civ. P. 34 (b)(2)(E)(i) that the presumption is that data will be produced in native format (i.e., the same form it is used or kept in the normal course of business), and pursuant to Fed. R. Civ. P. 1 to use commercially reasonable efforts to produce the information electronically consistent with Fed. R. Civ. P. 1. The parties further agree that emails, spreadsheets, videos, animations, audio files, and presentations that include video, animation, or audio shall be produced where practical in native format. To the extent that documents produced in native format cannot be rendered or viewed without the use of proprietary software, the parties shall meet and confer to minimize any expense or burden associated with the review of such documents, including issues as may arise with respect to obtaining access to any such software or operating manuals.

ESI not produced in native format and amenable to being imaged will be produced as images on optical disks (i.e., CDs or DVDs) or external hard drives accompanied by load files. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order used in this litigation. ESI produced in this manner will be accompanied by load files with searchable text (including electronically extracted text or, if electronically extracted text is unavailable, OCR text) and shall include:

- Unitization (including the production number of the first and last page of each file);
- Attachments (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);
- Confidentiality (including any designation pursuant to the Protective Order);
- Source information (the identity of the custodian, or, if none, a generalized location); and

- System metadata will be maintained and provided with the native files. The following information will not be removed or scrubbed from the produced files: including author, file size, file type, date created, date modified, title, sender ("from"), primary recipient ("to"), courtesy copy ("cc"), blind courtesy copy ("bcc"), subject, sent time/date, received time/date, last modification time, and read status.

Paper documents amenable to being imaged will be produced as images on optical disks (i.e., CDs or DVDs) or external hard drives accompanied by load files. The Parties themselves may gather and scan the paper documents into electronic format, and send to their respective counsel for review and production. Paper documents may be produced in black-and-white or color, but if a producing party intends to rely in any brief or hearing on an aspect of a document that requires review in color, the party shall produce that document in color. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order used in this litigation. Paper documents produced in this manner will be accompanied by load files with searchable text. If a party desires additional information about a particular paper document produced in this form the parties will meet and confer regarding the appropriate means to supply the additional information.

If a party identifies responsive documents or information in a form that cannot reasonably be produced in its native format or imaged, that party shall inform the requesting party of the existence of such records. The parties shall then meet and confer regarding the appropriate means for producing or permitting inspection of such records.

If a party learns of responsive documents or information that are not reasonably accessible, or if a party learns facts that cause the party to suspect that responsive documents or information are present in a location or form that is not reasonably accessible, that party shall inform the requesting party of the existence of such records or of the reasons for its suspicions that such records may exist. The parties shall then meet and confer regarding the appropriateness of producing or permitting inspection of such records, and of any appropriate cost sharing. The parties agree not to degrade the searchability of documents as part of the document production process.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications involving party counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED,** through Counsel of Record.

Dated: 1/7/2019

_____
Lael D. Andara
Counsel for Plaintiff Sinco Technologies PTE, LTD.

Dated: 01/07/2019

_____
Keliang "Clay" Zhu
Counsel for Defendant Mui Liang Tjoa

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: January 9, 2019

_____
Joseph C. Spero
UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE