LAEL D. ANDARA (SBN 215416)
MICHELLE G. TREVINO (SBN 315304)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:   (650) 364-8200
Facsimile:    (650) 780-1701
Email: lael.andara@rmkb.com
         michelle.trevino@rmkb.com

*Attorneys for Plaintiff*
***SINCO TECHNOLOGIES PTE, LTD.***

KELIANG ZHU (SBN 305509)
YI YAO (SBN 292563)
DEHENG LAW OFFICES, PC
7901 Stoneridge Drive, No. 208
Pleasanton, CA 94588
Telephone:  (925) 399-5856
Facsimile:  (925) 397-1976
Email: czhu@dehengsv.com
         yyao@dehengsv.com

*Attorneys for Defendants*
***NG CHER YONG aka CY NG; Mui Lang Tjoa; Sinco Electronics (Dongguan) Co., Ltd.; and Xingke Electronics (Dongguan) Co., Ltd.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE, LTD,<br><br>Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LANG TJOA (an individual); NG CHER YONG aka CY NG (an individual);  and LIEW YEW SOON AKA MARK LIEW (an individual),<br><br>Defendants. | CASE NO. 3:17CV5517 EMC<br><br>**SINCO TECHNOLOGIES PTE, LTD'S [PROPOSED ORDER] RE:AMENDING STIPULATED PROTECTIVE ORDER**<br><br><br>Judge:  Joseph C. Spero<br><br><br>**[Sec. Amend. Complaint: February 23, 2018]** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), the undersigned parties have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order ("Order"). Information subject to this Protective Order may be used only for the purposes of this litigation.[1]

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4839-1554-5733.1                                                                              INITIAL DISCLOSURES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12, of the Stipulated Protective Order, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Specifically, the portions of documents that SinCo seeks to keep under seal include company names, projects specific to those companies, contacts with U.S. customers that Mr. Liew and Mr. Ng were disclosed in the scope of their employment. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted

reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## STIPULATED PROTECTIVE ORDER

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve the production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 12, below, that this Order creates no entitlement to file confidential information under seal; sealing of records must be done in accordance with the criteria and procedures set forth in Civil Local Rule ("L.R.")  79.5.

2.    **DEFINITIONS**

2.1    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.3    Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**2.4** "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under applicable law or otherwise deemed to be sensitive material worthy of protection pursuant to this Order. Depending on the degree of protection warranted, "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

**2.5** "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," representing design specifications, pricing and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the of hardware or component designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. By definition, data designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY," ***will be encrypted*** by the Producing Party and the Receiving Party shall maintain the encryption and provide the Producing Party a list of individuals who have had access to the data as part of this litigation. If additional individuals are given access to such data, the Receiving Party shall provide the Producing Party with a list of such individuals within ten (10) days of those individuals' access to the data. Access to "CONFIDENTIAL–ATTORNEYS' EYES ONLY," will be limited as set forth in section 7.3.

**2.6** Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7** Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

**2.8** Designating Party: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "CONFIDENTIAL– ATTORNEYS' EYES ONLY."

**2.9** Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential," or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**2.10** <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action and are competent and experienced in the American legal system.

**2.11** <u>House Counsel:</u> attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.12** <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and ***who is not a past or a current employee*** of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13** <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.14** <u>Employee of the Receiving Party</u>: A person who is an employee of the Receiving Party who assists with evaluating or maintaining this litigation and who is not involved with patent prosecution or the technical research and development of products. For the avoidance of doubt, this person will not be barred from providing general business advice to the receiving Party.

<u>State Action</u>.  The complex case filed in Santa Clara County, California on October 28, 2016.  The State Action is Case No. 16CV301867.  The parties have agreed and used information produced in either action for motions pending in either venue.

**3.** **<u>SCOPE</u>**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Stipulation and Order do not cover the following information: (a) any

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    information that is in the public domain at the time of disclosure to a Receiving Party or becomes

2    part of the public domain after its disclosure to a Receiving Party as a result of publication not

3    involving a violation of this Order, including becoming part of the public record when unsealed

4    or filed on the public docket by the Court, or through trial or otherwise; and (b) any information

5    known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

6    disclosure from a source who obtained the information lawfully and under no obligation of

7    confidentiality to the Designating Party.  In the event of a dispute as to the "public" status of

8    information, the burden shall be on the Party challenging the designation to establish that said

9    information is in the public domain and/or was known to the Receiving Party prior to disclosure

10   by the Designating Party. Any use of Protected Material at trial shall be governed by a separate

11   agreement or order.

12   **4.      DURATION**

13       Even after final disposition of this litigation, the confidentiality obligations imposed by

14   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

15   order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

16   claims and defenses in this action, with or without prejudice; and (2) final judgment hereinafter

17   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

18   including the time limits for filing any motions or applications for extension of time pursuant to

19   applicable law.

20   **5.      DESIGNATING PROTECTED MATERIAL**

21

22       5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

23   or non-party that designates information or items for protection under this Order must take care to

24   limit any such designation to specific material that qualifies under the appropriate standards. A

25   Designating Party must take care to designate for protection only those parts of material,

26   documents, items, or oral or written communications that qualify so that other portions of the

27   material, documents, items, or communications for which protection is not warranted are not

28   swept unjustifiably within the ambit of this Order.  By Designating a document, information, or

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   item for protection as "CONFIDENTIAL," or "CONFIDENTIAL –ATTORNEY'S EYES

2   ONLY," the Designating Party avers that it can and would make a showing to the Court sufficient

3   to justify entry of a protective order covering that document or portion thereof under L.R.

4   79.5(e)(1). Mass indiscriminate or routinized designations are prohibited.

5         If it comes to a Party's or a non-party's attention that information or items that it

6   designated for protection do not qualify for protection at all, or do not qualify for the level of

7   protection initially asserted, that Party or non-party must promptly notify all other Parties that it is

8   withdrawing the mistaken designation.

9         5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order,

10  or as otherwise stipulated or ordered, material that qualifies for protection under this Order must

11  be clearly so designated before the material is disclosed or produced, as follows:

12         (a)   <u>For information in documentary form</u> (apart from transcripts of depositions

13  or other pretrial or trial proceedings), the Producing Party shall affix the legend

14  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" on each page that

15  contains protected material or in the file name or metadata field of the data file produced.

16        A Party or non-party that makes original documents or materials available for inspection

17  need not designate them for protection until after the inspecting Party has indicated which

18  material it would like copied and produced. During the inspection and before the designation, all

19  of the material made available for inspection shall be deemed "CONFIDENTIAL." After the

20  inspecting Party has identified the documents it wants to be copied and produced, the Producing

21  Party must determine which documents, or portions thereof, qualify for protection under this

22  Order, then, before producing the specified documents, the Producing Party must affix the legend

23  "CONFIDENTIAL" " or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" on each page that

24  contains Protected Material.

25         (b)   <u>For testimony given in deposition or in other pretrial or trial proceedings</u>,

26  the Party or non-party offering or sponsoring the testimony shall identify on the record, before the

27  close of the deposition, hearing, or other proceedings, all protected testimony, and further specify

28  any portions of the testimony that qualify as "CONFIDENTIAL" or "CONFIDENTIAL -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

ATTORNEY'S EYES ONLY."  Alternatively, the Party or non-party that sponsors, offers, or gives the testimony shall have up to ten (10) business days after receipt of the transcript or thirty (30) days after the deposition, whichever comes first, to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the time provided shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     For information produced in writing, in response to a written discovery request, the Producing Party shall state in writing that the information is "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" and indicate on the first page of the written discovery responses that the document contains Protected Material. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

(d)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If the material is appropriately designated after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Upon receipt of such supplemental

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

written notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain the designation of confidentiality within 30 days of the initial notice of challenge, unless the Parties agree to a longer period of time. Any motion shall be accompanied by a meet and confer declaration under the FRCP, rule 26(c) (1) and L.R. 7.5.  The Designating Party may request by ex parte application

an extension of time from the court within which to file the motion. The Designating Party and

Challenging Party shall each submit a competent declaration affirming that such Party has

complied with the meet-and-confer requirements imposed in the preceding paragraph and any

other applicable law. Failure by the Designating Party to make such a motion, including the

required declaration within the applicable time frame, shall automatically waive the

confidentiality designation for each challenged designation.

In addition, the Challenging Party may file a motion challenging a confidentiality

designation at any time if there is good cause for doing so, including a challenge to the

designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this

provision must be accompanied by a competent declaration affirming that the movant has

complied with the meet-and-confer requirements imposed by the preceding paragraph and FRCP,

rule 26(c) (1). The burden of persuasion in any such challenge proceeding shall be on the

Designating Party. Unless the Designating Party has waived the confidentiality designation by

failing to file a motion to retain confidentiality as described above, all Parties shall continue to

afford the material in question the level of protection to which it is entitled under the Producing

Party's designation until the court rules on the challenge.

## 7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation and the related State Action. Such Protected

Material may be disclosed only to the categories of persons and under the conditions described in

this Order. Protected Material must be stored and maintained by a Receiving Party at a location

and in a secure manner that ensures that access is limited to the persons authorized under this

Order.  Data designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY" ***will be encrypted***

by the Producing Party and the Receiving Party's counsel shall maintain the encryption and

provide the Producing Party a list of individuals who have had access to the data as part of this

litigation. If additional individuals are given access to such data, the Receiving Party shall

1   provide the Producing Party with a list of such individuals within ten (10) days of their access to

2   the data.  When the litigation has been terminated, a Receiving Party must comply with the

3   provisions of Section 11, below.

4        7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

5   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

6   information or item designated CONFIDENTIAL only to:

7            (a)      The Receiving Party's Outside Counsel of record in this action, as well as

8   employees of said Outside Counsel to whom it is reasonably necessary to disclose the information

9   for this litigation;

10           (b)      The officers, directors, and employees of the Receiving Party (as defined in

11  this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the

12  "Acknowledgment and Agreement to be Bound by Protective Order" (Exhibit A);

13           (c)      Experts (as defined in this Order) of the Receiving Party to whom

14  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

15  and Agreement to be Bound by Protective Order" (Exhibit A);

16           (d)      The court and its personnel;

17           (e)      Court reporters, their staffs, and professional vendors to whom disclosure

18  is reasonably necessary for this litigation and who have signed the "Acknowledgment and

19  Agreement to be Bound by Protective Order" (Exhibit A);

20           (f)      During their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Acknowledgment and Agreement to be Bound by

22  Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

23  depositions that reveal Protected Material must be separately bound by the court reporter and may

24  not be disclosed to anyone except as permitted under this Order;

25           (g)      The author or recipient of the document or the original source of the

26  information; and

27           (h)      Officers, directors, and employees of the Designating Party.

28        7.3      Disclosure of  "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information or

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary  to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

b)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

c)      the Court and its personnel;

d)      court reporters and their staff, professional jury or trial consultants, and

e)      Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

f)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4      Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information or Items to Experts.

a)      Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, (5) identifies

(by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) executed "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by the Expert and any staff that will have access to the information.

b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

///

///

///

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena, discovery request or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" the Receiving Party must so notify the Designating Party, in writing (by electronic mail or facsimile, if possible) immediately, and in no event more than three court days after receiving the subpoena, discovery request or order. Such notification must include a copy of the subpoena, discovery request or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all the material covered by the subpoena, discovery request or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena, discovery request or order to issue. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or its applicable discovery obligations. Further, the Receiving Party shall in no event produce any Protected Material in advance of any deadline imposed by applicable law with respect to the subpoena, discovery request or order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party, in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

///

///

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

9.3      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Production of information that is privileged or otherwise immune from discovery shall be entitled to the protections of FRCP 26(b)(5)(B) and FRCP 502. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. The party asserting the privilege is not required to make a showing prior to the return of the designated material except as agreed in the clawback agreement.

**12.   CLAWBACK AGREEMENT**

The parties agree to the following when a protected or privileged document is inadvertently disclosed:

A.   Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that material or subject matter in this or any other state or federal proceeding. Reasonable steps must be taken prior to a party's production in this proceeding, including conducting targeted keyword searches

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

of electronically stored information.

B.     A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state with particularity on a privilege log the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information identify the document) and the basis for the claim of privilege or protection.

C.     Upon receiving a Clawback Demand and privilege log, the Receiving Party shall within five (5) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving shall party shall provide written assurance of these actions within five (5) days of receiving a Clawback demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five (5) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

D.     If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.  The Producing Party shall immediately cease the review or discussion of the identified information until the Demand is withdrawn or if no Clawback Demand and Privilege log are not received within ten (10) business days from the initial notice, whichever occurs first.

E.     If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material, then, within ten (10) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

conditioned on their compliance with section C. The motion shall not assert as a ground for production the fact that or circumstances by which such documents or information were previously produced by the Producing Party, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privilege log or what is sufficient to identify the document, whichever is less likely to disclose the Protected Material).

F.     The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests Producing Party's claim that it is Protected Material.

G.     The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand.

H.     This Stipulation and Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Stipulation and Order by application to the Court on notice to the other parties. Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

I.     This Stipulation and Order is not limited to documents that disclose Protected Material. At a deposition of a witness, a party may strike testimony relating to Protected Material by:

  a.   claiming a proper privilege or protection prior to the client giving testimony, or
  b.   request that testimony of Protected Material be stricken from the transcript within 10 days of receipt of the transcript.

The same process provided in paragraph 11(E) applies if a party disagrees with the testimony being designated as Protected Material.

J.     Nothing in this Stipulation and Order shall restrict the use or disclosure of any documents or information that are or become public or that are obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and later designated as Protected Material.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

K.      A party's compliance with the terms of this Stipulation and Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

**13.    FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with L.R. 79.5.

**14.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party *must return* or *destroy all Protected Material to the Producing Party*. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4, above.

**15.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

    14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    14.3   <u>Privilege Logs</u>. Counsel for a party may withhold documents from production as exempt from discovery because such documents are protected from disclosure under the attorney-client privilege or work product doctrine of FRCP 26(b), or any other applicable privilege or immunity. For documents so withheld, the party withholding the documents shall prepare a log consistent with FRCP 26(b)(5) identifying each document withheld, the protection claimed, and the basis for the protection. Counsel for either party need not list in any such log any privileged documents or communications between their firm and their client created, arising from this action or the State Action 16CV301867.

    14.4   This Protective Order shall be binding upon all parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED.**

The foregoing Order is hereby entered by the Court.

Dated:



_____
MAGISTR..... ES DISTRICT
.... C. SPERO

Judge Joseph C. Spero

___January 11, 2019___

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by United States District Court for the Northern District of California on

_____ in the case of *SinCo Technologies PTE, Ltd. v. Liew Yew Soon, et al.*,

Case No. 3:17CV5517 EMC. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Executed this ___ day of _____, 2019, at _____, California.


_____
(Signature)


_____
[Print Name]

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4839-1554-5733.1

SINCO PROTECTIVE ORDER