| | |
|---|---|
| LAEL D. ANDARA (SBN 215416)<br>MICHELLE G. TREVINO (SBN 315304)<br>ROPERS, MAJESKI, KOHN & BENTLEY<br>1001 Marshall Street, Suite 500<br>Redwood City, CA  94063-2052<br>Telephone:    (650) 364-8200<br>Facsimile:     (650) 780-1685<br>Email:  lael.andara@rmkb.com<br>            michelle.trevino@rmkb.com | ~~JEFFREY L. FAZIO (SBN 146043)~~<br>~~YI YAO (SBN 292563)~~<br>~~DEHENG LAW OFFICES, PC~~<br>~~7901 Stoneridge Drive, No. 208~~<br>~~Pleasanton, CA 94588~~<br>~~Telephone:   (925) 399-5856~~<br>~~Facsimile:   (925) 397-1976~~<br>~~Email:  jfazio@dehengsv.com~~<br>~~            yyao@dehengsv.com~~ |
| *Attorneys for Plaintiff*<br>SINCO TECHNOLOGIES PTE, LTD. | ***Attorneys for Defendant***<br>~~NG CHER YONG AKA CY NG, MUI~~<br>~~LIANG TJOA, and XINGKE~~<br>~~ELECTRONICS (DONGGUAN) CO.,~~<br>~~LTD.~~ |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG AKA CY NG (an individual); and LIEW YEW SOON AKA MARK LIEW (an individual),<br><br>        Defendants. | CASE NO. 3:17CV5517 EMC<br><br>**SINCO LETTER RE: XINGKE EMPLOYEE DEPOSITION SCHEDULE PUSUANT TO ORDER OF MARCH 20, 2019 [ECF 164]**<br><br>Judge:  Joseph C. Spero |

On **March 11, 2019,** the parties submitted a Joint Letter Re the meet and confer of **March 1, 2019**, that memorialized their <u>unresolved</u> discovery dispute as to: (3) Sinco Technologies Pte Ltd.'s, ("SINCO") request for Defendant Xingke Electronics (Dongguan) Co., Ltd.'s ("XINGKE") employee depositions [Eric Pang; Gao Bingyi; Gouki Gao; Larry Sim Teck, Jerry Darui; Quek Seow Eng; Lim Chin Huan; and Ng Yi Ming]. [ECF 154] On March 13, 2019, the Court ordered that "The parties shall meet and confer and agree upon a schedule for any XINGKE employee depositions sought by Sinco, and file it with the court on or before Monday, **March 18, 2019**." [ECF 155]   On **March 18, 2019**, the parties submitted yet another Joint filing having failed to agree on a deposition schedule. [ECF 159]  On **March 20, 2019**, the Court Ordered that, "Accordingly, the Court orders Defendants to make the Employee Witnesses available for deposition in Singapore, unless the Plaintiff determines that it can take the depositions in Hong Kong, in which case they will be held in Hong Kong," and "Under these circumstances, and to ensure that the case continues to move toward resolution, the Court orders that the Employee Witness depositions occur not later than May 31, 2019, and [t]he parties shall agree on the actual dates, and submit the schedule agreed upon to the Court within one week from the date of this order.

**SINCO'S POSITION:**

On **March 14, 2019**, SINCO drafted a letter to counsel for XINGKE after reviewing defendant's Motion For Relief From Nondispositive Pretrial Order of Magistrate Judge [ECF 156] stating:

> To date we have requested the depositions of: (1) Eric Pang; (2) Gao Bingyi; (3) Gouki Gao; (4) Jerry Darui; (5) Quek Seow Eng; (6) Lim Chin Huan; (7) Ng Yi Ming, and (8) Larry Sim Teck Beng. ***On March 1, 2019, you failed to identify which of any these individuals would be made available for deposition***. In today's motion, XINGKE states, "the parties have already discussed thoroughly in correspondence and during an in-person meet-and-confer session." ***Can you please identify the individuals that XINGKE is willing to make available for deposition and the proposed dates.*** To claim any meaningful meet and confer was conducted this basic information should be provided.
>
> Magistrate Judge Spero ruled that "[t]he parties shall meet and confer and agree upon a schedule for any Xingke employee depositions sought by Sinco." So the unidentified individuals you reference in the motion ("three of the individuals it wishes to depose are no longer in Xingke's employment not being employees of

Xingke,") would not be at issue. **The fundamental problem, however, is that XINGKE has made no effort to identify these individuals in the March 1, 2019, meet and confer or in today's motion. If they are truly not the current employee of Xingke, SinCo would request documents evidencing that fact, and accordingly if that fact were evidenced Sinco would agree to withdraw those notices and issue subpoenas.** See Ubiquiti Networks, Inc. v. Kozumi USA Corp., 2013 U.S. Dist. LEXIS 53657, at *8 (N.D.Cal. Apr. 15, 2013) ("The Federal Rules of Civil Procedure and the Hague Convention provide for a mechanism by which a party can obtain a non-party's deposition in another country.").

The letter further referenced that many of the witnesses sought were relied on in Defendant's initial disclosures of **April 18, 2018**.

On **March 18, 2019**, XINGKE in the Joint Statement failed to identify which employees were no longer employees of XINGKE. SinCo stated in the Joint Statement:

> Defendants counsel has failed to make Gao Bingyi, Ng Yi Ming and Larry Sim Teck Beng available for deposition. Sinco would assume that these are the unnamed ex-employees defendants referred to in their motion but would request verification of that fact.[1]

Although XINGKE did not specifically state this fact, provide evidence to substantiate it, or a declaration to withdraw these individuals from their initial disclosures, the Court assumed those individuals to be ex-employees. [ECF 164 at 1:24-26] Plaintiff would request a sworn declaration confirming that fact, rather than allow XINGKE's omission to confirm benefit them.

On **March 26, 2019,** at 9:15 AM, SINCO's counsel sent an email stating:

> Pursuant to the Court's Order of March 20, 2019, we are required to provide the Court with a schedule of the depositions of the XingKe witnesses by no later than March 27, 2019. [ECF 164] **Can you advise on the status of the schedule so we can confirm our calendar?**
>
> **Our correspondence of March 22, 2019, explained in great detail that after contacting the U.S. Consulate General and your reference to Planet Depo, the depositions cannot proceed in Hong Kong without violating local law, as none of the witnesses are U.S. citizens.** We would prefer to have these depositions conducted in the U.S. rather than Singapore if at all possible. As a compromise, would you consider making the witnesses available in Hawaii, as it approximately the same flight as Singapore for the witnesses?

On **March 26, 2019,** at 3:43 PM, XINGKE's counsel sent a lengthy letter referencing the preference for the depositions to proceed in Hong Kong. At the end of the letter counsel stated:

---

[1] Plaintiff's statement was an assumption or question, not a factual position to prevent depositions to proceed without some factual basis to support the factual assertion of XINGKE.

*If you have specific dates in mind for each deponent, please let me know at your first opportunity so we may establish a schedule with no last-minute problems.[2]*

On **March 26, 2019,** at 4:12 PM, SINCO's counsel sent an email responding:

*King.com Ltd. v. 6 Waves LLC,* No. C-13-3977 MMC, 2014 WL 1340574, at *6 (N.D. Cal. Mar. 31, 2014): "For the reasons discussed above with respect to document production, however, it would appear that the Beijing You Mai employees who reside in China are under the control of SWI and thus could be brought by SWI to Hong Kong **or the United States for deposition**." The fact a party can make a witness available for deposition is not the same issue as whether Hong Kong would allow such a deposition. At the time of the deposition the Court cited: http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/hong-kong-sar-china.html at FN5. This link is no longer operable and there is nothing to indicate that this is the current law 15 year later in Hong Kong. ***Defendants now willfully ignore that the current U.S. Department of State's Bureau of Consular Affairs, website as referenced above says something materially different***. See Id. At FN5 ***Furthermore, that case refers to the context of the witness, which is considered in this case weigh more towards Singapore than Hong Kong given their nationalities***.
We will proceed with the depositions in Singapore.

We propose the following schedule, even though we have repeatedly requested the witnesses availability since the March 1, 2019 meet and confer:

| | |
|---|---|
| Jerry Darui | April 22, 2019 |
| Quek Seow Eng | April 23, 2019 |
| Lim Chin Huan | April 24, 2019 |
| Gouki Gao | April 25, 2019 |
| Eric Pang | April 26, 2019 |

XINGKE'S counsel then sent four more emails renewing the demand for the deposition in Hong Kong (4:22 PM; 5:44 PM; 5:51 PM; and 6:16 PM) followed by several emails the following day until providing a substantive response on **March 27, 2019**, at 12:28 PM stating:

In light of Judge Spero's order that the depositions be completed no later than the end of May, however, *Xingke will arrange for its employees to sit for depositions during the week of May 27 (which is a Monday) so they may be completed on Friday, May 31*.

SINCO objects to this repeated delay and dictation of the timing in which it is allowed to do discovery. However, SINCO will agree to these dates if the depositions proceed in Singapore as directed by the Court. [ECF 164 at 2:9-11] XingKe's counsel, previously demanded Defendants Mui Liang Tjoa (1/17/19) and Cy Ng's (2/12/18) depositions occur in Singapore.

---

[2] XINGKE's plan to always wait until the last possible moment to provide these witnesses demonstrates their request SINCO provide a proposed deposition schedule is like Lucy inviting Charlie Brown to kick the football.

**XINGKE's POSITION**

This Joint Letter was presented to XINGKE at 3:05 PM today, thereafter XINGKE's counsel injected that this letter should address the proposed Declaration for Fees provide by SinCo to XINGKE on March 26, 2019 at 8:47 AM. XINGKE's Counsel stated:

> I understand that the Court ordered that the declaration be submitted within 10 days of the (March 20) order, but we did not receive a copy of the declaration until yesterday (March 26). I also realize that there is some ambiguity in the order, given that it also requires that any objection be submitted to the Court within 10 days of the filing of the declaration, while also requiring the highest-ranking officers within Sinco and Xingke to attend all meet-and-confer sessions. [3:41 PM]

The multiple emails from 3:05 PM to 8:40 PM are attached hereto, to demonstrate SinCo's efforts to submit a Joint Letter responsive to the **March 20, 2019** Order. At 8:40 XINGKE's counsel indicated it would be filing a separate letter.

Counsel for both parties will be appearing before Judge Chen on **March 28, 2019** at 1:30 PM on SinCo's Motion to Amend the Second Amended Complaint and a Case Management Conference.

Dated: March 27, 2019                         ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Lael D. Andara*
    LAEL D. ANDARA
    MICHELLE G. TREVINO

*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE LTD.

4851-9420-5840.1                    4                      ~~JOINT~~ LETTER RE: XINGKE DEPOSITIONS

| | |
|---|---|
| **From:** | Jeffrey L. Fazio |
| **To:** | Andara, Lael D.; Clay Zhu; Yi Yao |
| **Cc:** | Shah, Manali; Trevino, Michelle G.; Riedell, Roxana |
| **Subject:** | Re: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1 |
| **Date:** | Wednesday, March 27, 2019 8:40:03 PM |

We have tried to work with you for days, to no avail. We will file separately.

**Jeffrey L. Fazio**
Senior Attorney

Silicon Valley Office: 7901 Stoneridge Drive #208, Pleasanton, CA 94588
Tel: (+1) 925 399 5856   Fax: (+1) 925 397 1976   Web: www.dehenglaw.com



**From:** "Andara, Lael D." <lael.andara@rmkb.com>
**Date:** Wednesday, March 27, 2019 at 7:35 PM
**To:** "Jeffrey L. Fazio" <jfazio@dehengsv.com>, Clay Zhu <czhu@dehengsv.com>, Yi Yao <yyao@dehengsv.com>
**Cc:** "Shah, Manali" <manali.shah@rmkb.com>, "Trevino, Michelle G." <michelle.trevino@rmkb.com>, "Riedell, Roxana" <roxana.riedell@rmkb.com>
**Subject:** RE: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Counsel,

Our office has been closed for 2 ½ hours.  This is the second time that a Joint Letter has been delayed until the last moment. [ECF 159]   I sent over a proposed Joint Letter to you at 3:00 p.m. today, you wholly ignored it and drafted a completely different document.  As I previously stated I will not agree to a Joint Letter on subject matter that is beyond the proper scope as directed by the Order. In the half a dozen emails we exchanged after you received our proposed letter and before 5:00 p.m. you referenced making such arguments in your section of the letter, not rewriting the letter to suit your agenda.  I consent to the filing of the PDF attached, and no other, if you decide to file your own statement without SInCo please advise.

**Lael Andara**
**Ropers Majeski Kohn & Bentley PC**
**Partner**
(650) 780-1714

**From:** Jeffrey L. Fazio [mailto:jfazio@dehengsv.com]
**Sent:** Wednesday, March 27, 2019 6:59 PM

**To:** Andara, Lael D.; Clay Zhu; Yi Yao
**Cc:** Shah, Manali; Trevino, Michelle G.; Riedell, Roxana
**Subject:** Re: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Counsel,

Defendants' draft of the Joint Letter is attached. Please add Sinco's contributions and return it and my office will file it.

Thank you.

**Jeffrey L. Fazio**
Senior Attorney

Silicon Valley Office: 7901 Stoneridge Drive #208, Pleasanton, CA 94588
Tel: (+1) 925 399 5856   Fax: (+1) 925 397 1976   Web: www.dehenglaw.com



---

**From:** "Andara, Lael D." <lael.andara@rmkb.com>
**Date:** Wednesday, March 27, 2019 at 4:41 PM
**To:** "Jeffrey L. Fazio" <jfazio@dehengsv.com>, Clay Zhu <czhu@dehengsv.com>, Yi Yao <yyao@dehengsv.com>
**Cc:** "Shah, Manali" <manali.shah@rmkb.com>, "Trevino, Michelle G." <michelle.trevino@rmkb.com>, "Riedell, Roxana" <roxana.riedell@rmkb.com>
**Subject:** RE: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Counsel,

I don't read the order in the way that you do, so I wouldn't include it.  However, If I believed the order required my client to appear at the meet and confer I would file a motion for clarification as that doesn't really have anything to do with the scheduling of the Xingke employee that we are supposed to address today. It's your call and your section, so I leave it to you.

Fundamentally, I still have no idea what issues you have with the fees sought so I can't meaningfully provide a response to even determine if escalating the meet and confer to include the clients would be necessary, as his requirement was designed by the Court as a measure of last resort before bringing it to the Court to encourage cooperation to avoid having to involve the clients.

**Lael Andara**

Ropers Majeski Kohn & Bentley PC
*Partner*
(650) 780-1714

---

**From:** Jeffrey L. Fazio [mailto:jfazio@dehengsv.com]
**Sent:** Wednesday, March 27, 2019 4:33 PM
**To:** Andara, Lael D.; Clay Zhu; Yi Yao
**Cc:** Shah, Manali; Trevino, Michelle G.; Riedell, Roxana
**Subject:** Re: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Counsel,

I appreciate the attempt to compromise, but even if we can change the schedule at this point (and we may be able to do so; I need to check), Judge Spero's order requires the parties to meet and confer before your declaration is filed with the Court – which, presumably, is Monday, April 1 (given that 10 days after March 20 is a Saturday) – so unless we present the issue to him today, SinCo will either have to delay the filing of the declaration or the parties will have to forego the meet-and-confer session the Court has instructed us to conduct before the declaration is filed.

If I'm mistaken, I'd be happy to omit the issue from the Joint Letter, but I don't see a way around this.

Do you?


Jeffrey L. Fazio
Senior Attorney

Silicon Valley Office: 7901 Stoneridge Drive #208, Pleasanton, CA 94588
Tel: (+1) 925 399 5856   Fax: (+1) 925 397 1976   Web: www.dehenglaw.com



---

**From:** "Andara, Lael D." <lael.andara@rmkb.com>
**Date:** Wednesday, March 27, 2019 at 4:28 PM
**To:** "Jeffrey L. Fazio" <jfazio@dehengsv.com>, Clay Zhu <czhu@dehengsv.com>, Yi Yao <yyao@dehengsv.com>
**Cc:** "Shah, Manali" <manali.shah@rmkb.com>, "Trevino, Michelle G." <michelle.trevino@rmkb.com>, "Riedell, Roxana" <roxana.riedell@rmkb.com>
**Subject:** RE: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Counsel,

As a compromise to address your concern, Mr. Chee is willing to change his flight to accommodate an **April 8, 2019** meet in confer at our offices at 9 a.m. This will be within the ten days of my filing the declaration for fees, so regardless which one of us is correct we can address the attorney's fees issue also at that time.

**Lael Andara**
**Ropers Majeski Kohn & Bentley PC**
**Partner**
(650) 780-1714

---

**From:** Jeffrey L. Fazio [mailto:jfazio@dehengsv.com]
**Sent:** Wednesday, March 27, 2019 4:00 PM
**To:** Andara, Lael D.; Clay Zhu; Yi Yao
**Cc:** Shah, Manali; Trevino, Michelle G.; Riedell, Roxana
**Subject:** Re: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Counsel,

I've never encountered anything quite like this. No matter what the issue, you refuse to agree – regardless of whether it's in your client's interest to do so. Although it affects my clients as well, it is, of course, ultimately your call.

If Sinco does not wish to include the issue in its portion of the Joint Letter, that is its prerogative. Defendants are not prepared to risk violating the Court's order, however, so we will include the issue in our portion.

The case management conference I had to attend in another case lasted longer than I had anticipated, but I will send you the draft as soon as it is completed -- hopefully within the hour.

**Jeffrey L. Fazio**
Senior Attorney

Silicon Valley Office: 7901 Stoneridge Drive #208, Pleasanton, CA 94588
Tel: (+1) 925 399 5856   Fax: (+1) 925 397 1976   Web: www.dehenglaw.com



---

**From:** "Andara, Lael D." <lael.andara@rmkb.com>
**Date:** Wednesday, March 27, 2019 at 3:46 PM
**To:** "Jeffrey L. Fazio" <jfazio@dehengsv.com>, Clay Zhu <czhu@dehengsv.com>, Yi Yao <yyao@dehengsv.com>

**Cc:** "Shah, Manali" <manali.shah@rmkb.com>, "Trevino, Michelle G." <michelle.trevino@rmkb.com>, "Riedell, Roxana" <roxana.riedell@rmkb.com>
**Subject:** RE: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Counsel,

I think your reading in the attendance of our clients to this meet and confer is unreasonable given the surrounding circumstances. I suggest we first attempt a meet and confer to see if we can reach a resolution, making this issue moot. If we cannot reach agreement then I will join a joint letter, but we are first required to meet and confer. Attorney's fees is not a discovery issue: "Accordingly, in the event that there are any **future discovery disputes** in this case (other than disputes over attorney client privilege or attorney work product), lead trial counsel for the disputing parties, along with their clients (which, for the entity clients, shall be the highest-ranking officer in the company), shall meet and confer in person." I don't see any ambiguity.

Can we please focus on the Xingke deposition schedule that is due today.

Lael Andara
**Ropers Majeski Kohn & Bentley PC**
**Partner**
(650) 780-1714

---

**From:** Jeffrey L. Fazio [mailto:jfazio@dehengsv.com]
**Sent:** Wednesday, March 27, 2019 3:41 PM
**To:** Andara, Lael D.; Clay Zhu; Yi Yao
**Cc:** Shah, Manali; Trevino, Michelle G.; Riedell, Roxana
**Subject:** Re: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

I understand that the Court ordered that the declaration be submitted within 10 days of the (March 20) order, but we did not receive a copy of the declaration until yesterday (March 26). I also realize that there is some ambiguity in the order, given that it also requires that any objection be submitted to the Court within 10 days of the filing of the declaration, while also requiring the highest-ranking officers within Sinco and Xingke to attend all meet-and-confer sessions.

As I explained this morning, I don't believe this was Judge Spero's intention, which is why the matter should be presented to him now – so that he may resolve it before it's too late.

Unless your client is prepared to attend a meet-and-confer session this week, it appears that we both face the same situation. Under the circumstances, prudence dictates that we attempt to resolve the matter with Judge Spero rather than risk non-compliance with his order.

Agree?

**Jeffrey L. Fazio**
Senior Attorney

Silicon Valley Office: 7901 Stoneridge Drive #208, Pleasanton, CA 94588
Tel: (+1) 925 399 5856   Fax: (+1) 925 397 1976   Web: www.dehenglaw.com



---

**From:** "Andara, Lael D." <lael.andara@rmkb.com>
**Date:** Wednesday, March 27, 2019 at 3:24 PM
**To:** "Jeffrey L. Fazio" <jfazio@dehengsv.com>, Clay Zhu <czhu@dehengsv.com>, Yi Yao <yyao@dehengsv.com>
**Cc:** "Shah, Manali" <manali.shah@rmkb.com>, "Trevino, Michelle G." <michelle.trevino@rmkb.com>, "Riedell, Roxana" <roxana.riedell@rmkb.com>
**Subject:** RE: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

==I was hoping to attempt some meaningful meet and confer tomorrow as we will be in Court before Judge Chen.==

==If you'd like we can contact Spero's clerk to see if we can convene an Informal Discovery conference after the hearing with Chen.  Spero has a settlement conference starting at 11:00 a.m. so I suspect he will be around.==

I will be filing the declaration this Friday either way as the order clearly states it has to be filed 10 days after the Order. "Plaintiff shall submit to the Court a declaration detailing such fees and costs, including time sheets, within ten days of this order."

**Lael Andara**
**Ropers Majeski Kohn & Bentley PC**
**Partner**
(650) 780-1714

---

**From:** Jeffrey L. Fazio [mailto:jfazio@dehengsv.com]
**Sent:** Wednesday, March 27, 2019 3:18 PM
**To:** Andara, Lael D.; Clay Zhu; Yi Yao
**Cc:** Shah, Manali; Trevino, Michelle G.; Riedell, Roxana
**Subject:** Re: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Given that you have taken the position that Sinco will proceed with the filing of the

declaration in support of fees and costs unless Defendants agree to meet and confer on April 5, the issue is ripe for resolution now.

If you have changed your position as to filing the declaration before the parties meet and confer, however, of course we will refrain from presenting the issue to Judge Spero. Please advise and we will proceed accordingly.

Thank you.

**Jeffrey L. Fazio**
Senior Attorney

Silicon Valley Office: 7901 Stoneridge Drive #208, Pleasanton, CA 94588
Tel: (+1) 925 399 5856   Fax: (+1) 925 397 1976   Web: www.dehenglaw.com



---

**From:** "Andara, Lael D." <lael.andara@rmkb.com>
**Date:** Wednesday, March 27, 2019 at 3:14 PM
**To:** "Jeffrey L. Fazio" <jfazio@dehengsv.com>, Clay Zhu <czhu@dehengsv.com>, Yi Yao <yyao@dehengsv.com>
**Cc:** "Shah, Manali" <manali.shah@rmkb.com>, "Trevino, Michelle G." <michelle.trevino@rmkb.com>, "Riedell, Roxana" <roxana.riedell@rmkb.com>
**Subject:** RE: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

==Those issues should be treated separately, as the Order is only asking for substantive information as to the XINGKE depositions. I'm not saying I don't think the other issues shouldn't be presented to him, only that they should be a separate entry.==

**Lael Andara**
**Ropers Majeski Kohn & Bentley PC**
**Partner**
(650) 780-1714

---

**From:** Jeffrey L. Fazio [mailto:jfazio@dehengsv.com]
**Sent:** Wednesday, March 27, 2019 3:09 PM
**To:** Andara, Lael D.; Clay Zhu; Yi Yao
**Cc:** Shah, Manali; Trevino, Michelle G.; Riedell, Roxana
**Subject:** Re: [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Counsel,

As we discussed this morning, there are a number of issues that must be presented to Judge Spero, which is why I explained that I had prepared a draft of the Joint Letter that I planned to circulate so that Sinco could include its position at around 4:00 pm today.

==The draft you have prepared does not accurately reflect Defendants' positions on the matters that the parties have discussed over the past week. Accordingly, I'll circulate the draft I have prepared as soon as it is completed.==

Thank you.


Jeffrey L. Fazio
Senior Attorney

Silicon Valley Office: 7901 Stoneridge Drive #208, Pleasanton, CA 94588
Tel: (+1) 925 399 5856   Fax: (+1) 925 397 1976   Web: www.dehenglaw.com



---

**From:** "Andara, Lael D." <lael.andara@rmkb.com>
**Date:** Wednesday, March 27, 2019 at 3:05 PM
**To:** Clay Zhu <czhu@dehengsv.com>, Yi Yao <yyao@dehengsv.com>, "Jeffrey L. Fazio" <jfazio@dehengsv.com>
**Cc:** "Shah, Manali" <manali.shah@rmkb.com>, "Trevino, Michelle G." <michelle.trevino@rmkb.com>, "Riedell, Roxana" <roxana.riedell@rmkb.com>
**Subject:** [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1

Counsel,

==Please find attached the proposed Joint Letter: Re Xingke Depositions.  The language in your section is the same as from the previous Joint letter filed on **March 18, 2019**.==

Regards,


**Lael Andara**
**Ropers Majeski Kohn & Bentley PC**
**Partner**
1001 Marshall Street, Suite 500 • Redwood City • CA • 94063-2052
Office: (650) 364-8200 • Direct: (650) 780-1714
lael.andara@rmkb.com •Click for My BIO.