UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br> Plaintiff, <br> v. <br> SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., <br> Defendants. | Case No. 17-cv-05517-EMC (JCS) <br><br> **ORDER RE NON-JOINT LETTERS, ISSUING AN ORDER TO SHOW CAUSE RE ATTORNEYS' FEES, AND SETTING STATUS CONFERENCE RE DISCOVERY.** <br><br> Re: Dkt. Nos. 170, 171 |

Counsel for both parties have again violated the Court's orders. They filed the non-joint letters cited above in direct violation of the orders of this Court. Plaintiff attempted to limit the subject matter of the letter to be submitted to the Court, and neither party held an in-person meeting before filing their non-joint letters. Most egregiously, the Defendants' letter spent the bulk of its argument sections complaining about an issue that the Court had already, and recently decided. In an Order dated March 20, 2019 the Court determined that certain employee depositions would take place in Singapore, rather than Hong Kong. The only caveat to this ruling was that the Plaintiff could change its mind and have the depositions take place in Hong Kong. Plaintiff did not. Nonetheless, Defendants spent many pages in its recent letter to the Court trying to relitigate the issues. It is clear to the Court that it is Defendants' insistence on relitigating this issue which resulted most of the recent non-joint letters to the Court. This is deliberate conduct multiplied by the number of proceedings before this Court and will not be tolerated. There is no evidence before the Court that Defendants ever accepted the ruling by the Court on this issue – even in their non-joint letter. On the other hand, Plaintiff at least grudgingly agreed in its non-joint letter to Defendants' proposed dates, albeit in Singapore. Accordingly, the Court **ORDERS** as follows:

1. Defendants shall produce the Employee Witnesses in Singapore on the following dates for deposition, and shall cooperate by taking all steps necessary to ensure that the Employee Witnesses' deposition can be taken in Singapore on these dates:
   a. Jerry Darui May 27, 2019
   b. Quek Seow Eng May 28, 2019
   c. Lim Chin Huan May 29, 2019
   d. Gouki Gao May 30, 2019
   e. Eric Pang May 31, 2019
2. Defendants shall show cause, within **seven (7)** days of this Order, why they should not be required to pay to Plaintiff, in addition to any other sanction that the Court may order on any other matter the amount of **$1000** which the Court finds to be the reasonable attorney fee with respect to the exchange of non-joint letters.
3. The presence of the principals for the parties is excused from the meet and confer regarding the amount of attorney fees and costs to be awarded under the Court's ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS (Dkt. No. 141). However, the Court will hold at status conference regarding discovery. At that conference, lead trial counsel for all parties, along with their clients (which, for the entity clients, shall be the highest-ranking officer in the company), shall attend. That status conference shall occur on **April 26, 2019 at 9:30 a.m. in Courtroom G, 450 Golden Gate Avenue, San Francisco, CA**. The parties shall file a joint status conference regarding discovery one (1) week in advance of the hearing.

**IT IS SO ORDERED.**

Dated: April 1, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge