UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al.,<br><br>Defendants. | Case No. 17-cv-05517-EMC (JCS)<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL WITHOUT PREJUDICE AND ORDERING SUPPLEMENTAL DECLARATION TO BE FILED BY DEFENDANT TJOA NO LATER THAN APRIL 19, 2019**<br><br>Re: Dkt. Nos. 139, 142, 166 |

On February 15, 2019, Plaintiff Sinco Technologies Pte. Ltd. ("Sinco") brought a motion for sanctions ("Sanctions Motion") against Defendant Mui Liang Tjoa and his counsel, the DeHeng Law Offices ("DeHeng"), alleging that Tjoa and DeHeng had engaged in discovery abuses. In the Sanctions Motions, Sinco quoted heavily from the transcript of Tjoa's deposition and excerpts of that deposition were attached as Exhibit B to the supporting declaration of Lael Andara, Docket No. 140-1 ("Andara Sanctions Motion Decl."). Sinco also filed an administrative motion to file under seal the unredacted Sanctions Motion (from which it sought to redact all material referencing the Tjoa deposition) and the entirety of the Tjoa deposition excerpt, on the basis that Tjoa and his counsel claimed that the entire deposition transcript fell within the "Attorneys' Eyes Only" designation of the protective order in this case. *See* Docket No. 166-1 (Andara Sealing Motion Decl.) ¶¶ 10-11. In response to the Court's Order to Show Cause, Docket No. 162, Sinco also filed an administrative motion to file under seal portions of its reply brief on the Sanctions Motion on the same ground, namely, that it quotes from or references information from the Tjoa deposition excerpt. The record reflects that prior to filing the Sanctions Motion, Sinco inquired about the scope of Tjoa's designation of the entire deposition transcript as

Attorneys' Eyes Only and that Tjoa's counsel did not respond. *See id.*

Because Sinco's administrative motions are based on Tjoa's designation of the deposition transcript as Attorneys' Eyes Only, it is Tjoa's burden to show that the redacted material is sealable. The mechanism for doing so is set forth in Civil Local Rule 79-5(d)(1)(A), which required that Tjoa file a declaration in support of Sinco's administrative motions within four days. Tjoa failed to do so and therefore the Court issued another Order to Show Cause, Docket No. 161. In response, Tjoa filed a declaration stating that the entire deposition transcript is sealable because it is "replete with names of third-party customers whose identities are at the center of a trade-secret battle in this case, as well as other confidential information, such as financial issues pertaining to those third parties and the projects that were performed on their behalf by the parties to this litigation." Docket No. 167 (Tjoa Decl.). Tjoa also states that "Defendants are subject to non-disclosure agreements that include stringent provisions for compensating its customers if those agreements are breached." *Id.* Tjoa's declaration falls far short of establishing that the material at issue here is sealable.

Courts have long recognized a strong presumption of public access to court records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing, *e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597−98 & n.7 (1978)). A party seeking to overcome that presumption generally must demonstrate "compelling reasons" to file documents under seal rather than in the public record. *Id.* at 1178−79 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The Ninth Circuit recognizes an exception to that standard, requiring a lower showing of "good cause" for sealing discovery documents produced pursuant to a protective order and attached to non-dispositive motions. *Id.* at 1179−80. Regardless of which standard applies, however, any request to seal must be narrowly tailored. *Barnes v. Hershey Co.*, No. 3:12-CV-01334-CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (citing Civil Local Rule 79–5(d)). Moreover, "[t]he mere fact that the [disclosure] of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamekana*, 447 F.3d at 1179.

Here, the more relaxed "good cause" standard applies to Sinco's administrative motions

because Sinco's request relates to a non-dispositive motion and Tjoa is claiming that the material at issue falls under a protective order. Nonetheless, the Court's review of the Tjoa deposition excerpt attached to the Andara Sanctions Motion Declaration and the references to the Tjoa deposition in Sinco's briefs reveals that most of the material at issue consists of bickering between attorneys -- not surprisingly as that is one of the grounds on which Sinco requested sanctions. On the other hand, the portions of the Tjoa deposition upon which Sinco relies contain little or no information about Defendants' customers or any financial issues. While the disclosure of counsel's conduct at the Tjoa deposition might be a source of embarrassment that certainly is not a basis for placing the entire deposition under seal. Tjoa's request to seal the entire deposition transcript (and all references to it in Sinco's briefs) is not narrowly tailored and, as to much of the deposition, it is apparent that the good cause standard is not met.

Accordingly, the Court DENIES without prejudice Sinco's administrative requests to file under seal portions of the Sanctions Motion and reply brief and the excerpt of the Tjoa deposition transcript attached to the Andara Sanctions Motion Declaration. **The Court intends to file all of the material that is the subject of Sinco's administrative motions in the public record *unless* Tjoa can establish that any material in the Tjoa deposition excerpt that was filed in support of the Sanctions Motion is sealable. In order to do so, Tjoa shall file, <u>no later than April 19, 2019,</u> a supplemental declaration that specifically identifies the portions of the Tjoa deposition transcript he contends falls under the protective order in this case with a detailed explanation of why each specific redaction is warranted. The Court will then rule on whether Tjoa's proposed redactions meet the good cause standard and, if any redactions are approved, invite Sinco to file a renewed administrative motion to seal and proposed order that is consistent with the Court's order.**

**IT IS SO ORDERED.**

Dated: April 3, 2019

                                                                                  JOSEPH C. SPERO
                                                                                  Chief Magistrate Judge

3