UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br><br> Plaintiff, <br><br> v. <br><br> SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., <br><br> Defendants. | Case No. 17-cv-05517-EMC (JCS) <br><br> **ORDER EXPUNGING ORDER TO SHOW CAUSE** <br><br> Re: Dkt. No. 178 |

The Court has reviewed the Defendants' Response to Order to Show Cause Why Defendants Should Not Pay Sanctions Regarding Exchange of Non-Joint Letters. Zealous advocacy does not require overzealous advocacy. The fact that an attorney might be able to construct an argument does not make it a reasonable argument. Both of these lines were crossed here. Defense counsel made the entirely unreasonable argument that the Court, in leaving plaintiff the option to change the location of employee depositions from Singapore to Hong Kong, also allowed Defendants to challenge that choice on the basis of arguments that had already been rejected by the Court, i.e. that the choice of Singapore was unreasonable because the depositions in question could lawfully be taken in Hong Kong. While the underlying dispute about where the depositions should be held was genuine, this interpretation of the Courts resolution of that issue was absurd. Nonetheless, the Court accepts that Defense counsel's mistake in this regard was inadvertent and will not issue any further sanctions of the Defendants at this time. Nonetheless, the Court makes the following observations:

1. Defense counsel is cautioned to be reasonable in compromising discovery. The Court is encouraged in this regard by the recent agreements by the parties on discovery matters and expects that this cooperation will continue for the remainder of the case.

2. While not as egregious as the repeated conduct of Defense counsel, it is not lost on the Court that Plaintiff's counsel unreasonably restricted both the time allowed for Defendants' counsel to review the "non-joint letter" and arbitrarily restricted the subject matter of that letter. Again, all sides should be reasonable, and only positions that actually make a significant difference in the case should be uncompromised.

**IT IS SO ORDERED.**

Dated: April 9, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge