

REDWOOD CITY
Boston
Las Vegas
Los Angeles
New York
Paris
San Francisco
San Jose
Seattle

1001 Marshall Street
Suite 500
Redwood City, CA 94063-2052
Telephone (650) 364-8200
Facsimile (650) 780-1701
www.rmkb.com

Lael D. Andara
(650) 780-1714

lael.andara@rmkb.com

April 12, 2019

***Via Electronic Filing***

Hon. Joseph C. Spero, Magistrate Judge
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom G, 15th Floor
San Francisco, California 94102

Re: *SinCo Technologies Pte Ltd. v. Sinco Electronics (Dongguan) Co. Ltd. et al. Case No. 17CV05517 –EMC; Motion for Leave to File Motion for Reconsideration of the Court's Order of April 9, 2019*

Dear Judge Spero:

**REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

SinCo Technologies Pte Ltd., ("SinCo") and its' counsel respectfully seek leave of Court pursuant to Civil Local Rule ("Civ. L.R.") 7-9 (a), to file a motion for reconsideration on narrow portions of its **April 9, 2019** Order Expunging Order to Show Cause. [ECF 187.] Pursuant to Civ. L.R 7-9 (b)(2), a party may bring a motion to reconsider on the basis of "new material facts." *Toppan Photomasks, Inc. v. Keun Taek Park*, 2014 WL 2758745, at *1 (N.D. Cal. June 17, 2014). DEFENDANTS made material misrepresentations or false statements attributed to SinCo, which were adopted by the Court's Order. SinCo requests the opportunity to defend itself by providing a complete record or relevant facts.

SinCo is specifically requesting reconsideration of the Court's determination that "*Defense counsel's mistake in this regard was inadvertent*," and that, "*Plaintiff's counsel*[1] *unreasonably restricted both the time allowed for Defendants' counsel to review the "non-joint letter" and arbitrarily restricted the subject matter of that letter*." Further, SinCo would request clarification that DEFENDANTS' counsel's behavior in refusing to cooperate, or in tying unrelated issue to leverage their position, is not being authorized by the Court as zealous advocacy. [ECF 186 at 9:13-14.]

///

///

[1] An Order from the Court carries significant weight in the legal community and SinCo's Counsel should be allowed to defend his reputation with a complete record of his actions, not just DEFENDANTS' conclusions.



**SINCO REDLINED DEFENDANTS' JOINT LETTER AND DEFENDANTS REFUSED TO USE IT**

The critical piece of evidence that is absent from the record, that DEFENDANTS intentionally failed to produce, was the fact that SinCo had used DEFENDANTS proposed letter and redlined it and returned it to DEFENDANTS keeping all of their section untouched, but they decided it was not enough to limit the argument to their section of the letter.

SinCo had been requesting dates certain for depositions from XINGKE from before the **March 1, 2019**, meet and confer. On **March 27, 2019**, at **12:18 PM** XINGKE proposed , "*In light of Judge Spero's order that the depositions be completed no later than the end of May, however, Xingke will arrange for its employees to sit for depositions during the week of May 27 (which is a Monday) so they may be completed on Friday, May 31.*" Three hours later, at **3:05 PM**, SinCo drafted and sent over the proposed Joint Letter with this information.

On **March 27, 2019**, at approximately **6:59 PM**, and after regular office hours, I received a Joint Letter drafted by DEFENDANTS, as they simply ignored the draft I provide to them four hours earlier. At approximately **7:35** PM, I redlined the DEFENDANTS' draft and returned it to them with a word version tracking the changes and a final PDF. Attached hereto as **Exhibit A** is a true and correct copy of the word version I sent converted to PDF to show the changes I made. SinCo would like to make these facts part of the record.

**SINCO DID NOT HAVE OPPORTUNITY TO FILE AN OPPOSITION TO DEFENDANTS' RESPONSE**

While SinCo was preparing a declaration and opposition to Xingke Electronics (Dongguan) Co., Ltd., Mui Liang Tjoa, Ng Cher Yong, and Liew Soon Yew ("DEFENDANTS") **April 8, 2019**, Response to Order to Show Cause Why Defendants Should Not Pay Sanctions Regarding Exchange of Non-Joint Letters, the Court issued the **April 9, 2019** Order. [ECF 187]

DEFENDANTS' Response plays a bait and switch as to the issue that was disputed between SINCO and DEFENDANTS, as there was no dispute as to their arguments as to the location of the depositions as DEFENDANTS Response argues and the Court's Order appears to adopt. Furthermore, it falsely asserts that SinCo was attempting to censor DEFENDANTS position or acted unreasonably without actually allowing for a complete record. Exhibit A

The issue in dispute was the inclusion of DEFENDANTS position that, "*The Sanctions Order (Dkt. No. 163) requires the parties to meet and confer about the declaration supporting SinCo's request for an award of attorney fees and costs (the "Declaration") for the purpose of reaching an agreement as to the amount to be awarded before the Declaration is submitted to the Court (no later than 10 days after the Sanctions Order issued on March 20)… Rather than*

*ignore this problem, Defendants believe the prudent course is to present it to the Court for clarification and guidance."* [ECF 171 at 7:11-8:4.]

SinCo offered to allow DEFENDANTS to limit this unrelated discussion to their section to avoid implying that SinCo agreed that this was properly before the Court. Contrary to DEFENDANTS' Response, SinCo never objected or prevented DEFENDANTS from addressing the dispute as to the location, which is clearly confirmed in the SinCo letter filed on **March 27, 2019** at 10:23 PM.[2]

**ISSUE DISPUTED IN DEFENDANTS' LETTER** [ECF 171] **NOT SAME IN THEIR RESPONSE** [ECF 186]

SinCo did not limit DEFENDANTS on either position (1) location of the deposition, or (2) sanctions fees meet and confer in-person, it only indicated that it should be limited to DEFENDANTS section of the letter. DEFENDANTS' representation that this was the issue in dispute is contradicted by reading of each parties separate letters. [ECF 170 "*SINCO LETTER RE: XINGKE EMPLOYEE DEPOSITION SCHEDULE PUSUANT TO ORDER OF MARCH 20, 2019 [ECF 164]*" ***and*** ECF 171 "*DEFENDANT'S LETTER REGARDING AMOUNT OF SANCTIONS AWARD AND XINGKE EMPLOYEE DEPOSITION SCHEDULE.*"] SinCo's letter provided DEFENDANTS' position on the Hong Kong/Singapore dispute, so to claim, as DEFENDANTS' Response argues, and the Order seems to adopt that they were censored is simply unsupported. [ECF 170.]

DEFENDANTS' Response to OSC states, "*Defendants' counsel had no alternative but to file separately, and so advised SinCo's counsel.*" DEFENDANTS' evidence demonstrates that is not true:

> Counsel,
>
> I don't read the order in the way that you do, so I wouldn't include it. However, If I believed the order required my client to appear at the meet and confer I would file a motion for clarification as that doesn't really have anything to do with the scheduling of the Xingke employee that we are supposed to address today. ***It's your call and your section, so I leave it to you.***
>
> Fundamentally, ***I still have no idea what issues you have with the fees sought so I can't meaningfully provide a response to even determine if escalating the meet and confer to include the clients would be necessary***, as his requirement was designed by the Court as a measure of last resort before bringing it to the Court to encourage cooperation to avoid having to involve the clients.

[2] At 7:35 PM SinCo provided them a red-line of their Joint Letter that included all the issues, but limited to their section. See Exhibit A attached. At 8:40 PM DEFENDANTS indicated they would file their statement separately. This material fact is missing from the record.



Lael Andara/Ropers Majeski Kohn & Bentley PC

*See* Declaration of Jeffrey L. Fazio, Exhibit D email of **March 27, 2019**, at 4:41 PM [ECF 186-5], which tells part of the story. In addition SinCo provided the attached redline of DEFENDANTS proposed joint letter on **March 27, 2019**, at 7:35 PM, that DEFENDANTS had sent to SinCo at 6:59 PM, which included these positions in their section. Exhibit A. DEFENDANTS simply ignored the joint letter that SinCo had sent them at 3:05 PM that day.

SinCo never dictated to DEFENDANTS that they could not address this issue in their section of the Joint Letter, only that the Joint Letter should not be presented to imply that SinCo agreed this was an issue properly before the Court, as the Order of **March 20, 2019**, directed that, "*The parties shall agree on the actual dates, and submit the schedule agreed upon to the Court within one week from the date of this order.*" [ECF 164.]

**THE RECENT JOINT LETTER DOES NOT EVIDENCE COOPERATION**

SinCo and its counsel are greatly concerned with the impression of this Court that, "*The Court is encouraged in this regard by the recent agreements by the parties on discovery matters and expects that this cooperation will continue for the remainder of the case*," is misplaced given the escalating hostilities to date. SinCo is concerned that this recent order will embolden DEFENDANTS counsel to take zealous advocacy to the extreme if they perceive it excuses them from having to cooperate or act civilly.

It is important to appreciate that all the meet and confers and related orders all related to discovery that SinCo was attempting to obtain from DEFENDANTS. The Joint Letter of **December 5, 2019**, as to Defendant Ng [ECF 103] issue No. 1; the **January 9, 2019**, as to Defendant Tjoa [ECF 123] issue No. 5, and the Order of **March 13, 2019**, as to ESI production and XingKe employees issues Nos. 2 and 3 [ECF 155] had all directed DEFENDANTS to produce much of the substance of what is covered in the recent Joint Letter before the **April 3, 2019** meet and confer was even conducted. Sinco determined that it was better to attempt to obtain yet another agreement to provide the information sought, with the clients present, rather than bring serial motion practice on DEFENDANTS' failure to provide what was already promised and past. [ECF 103, 123, 155] DEFENDANTS received the benefit of further delay in their production beyond what was previously agreed.

The one new issue that DEFENDANTS refused to meet and confer on, even though it was explicitly outlined in SInCo's correspondence of **March 22, 2019**, better demonstrates DEFENDANTS' willingness to simply refuse to address discovery issues contrary to the Court's Standing Order and the fact that SinCo's principals had traveled all the way from Singapore. DEFENDANTS claim they were unprepared and therefore this issue would require



yet another separate meet and confer attended by the principals, at significant cost to SinCo. To date, no effort has been made to address these 15 interrogatory objects by XINGKE, wherein they primarily objected to subparts and provide no substantive response.

In this context, it is unfair to characterize SinCo's efforts as failing to cooperate where discovery has disproportionately been a burden SInCo paid to produce it and obtain it. SinCo cannot be deemed to be unreasonable simply because DEFENDANTS refuse to cooperate, thereby necessitating escalation of all discovery efforts to the Court, nor should DEFENDANTS be rewarded because Sinco elected to avoid motion practice.

**ESCALATING HOSTILITY BETWEEN COUNSEL, DURING JUDICIAL PROCEEDINGS**

On **April 3, 2019**, counsel for the parties met to discuss several discovery issues that were the subject of the Joint Letter that encouraged the Court as to cooperation. [ECF 185] That meeting was attended by my paralegal Manali Shah and DEFENDANTS' counsel Mr. Zhu, Mr. Yao, and Mr. Fazio. At one point we were discussing the designation of materials pursuant to the protective order and I brought up Mr. Tjoa's deposition transcript. Mr. Fazio asked if we had asked for the re-designations before filing our Motion for Sanctions and I replied we had on several occasions. I indicated that I had specifically asked Leslie Williams on several occasions on the status of the designations. Mr. Fazio then began discussing that he had reviewed the Tjoa deposition transcript and indicated that it shouldn't have been designated Attorney's Eyes only. I then asked why he would submit a declaration to the Court indicating that it was. [ECF 167-1.] Mr. Fazio who had already been hostile and rude leading up to this point, was visibly angry, hurled profanity at me directly, I will not repeat here. I had a concern that Mr. Fazio was going to escalate this matter into a physical altercation, so the subject was changed and we moved on. When I spoke to my paralegal after the meet and confer she was also concerned that the hostility in the room may have escalated to a physical altercation.

On **April 4, 2019**, during the deposition of SinCo's COO Jonathan Chee, Mr. Fazio was again hostile and condescending to myself and the witness, which is memorialized on the video of those proceedings. At one point Mr. Fazio turned to me and asked if we would like to break for lunch. I turned to the witness and asked if he wanted to continue or break for lunch and he indicated he was good to proceed. I advised Mr. Fazio we are good to proceed further. Mr. Fazio responded that we were taking lunch now. I asked why did he inquire if we wanted to break from lunch then? In response he again hurled an explicative noun at me directly, I will not repeat here. This may have been captured on the transcript or video, but the client specifically confirmed that he had also heard it.


**DEFENDANTS' PATTERN OF TYING UNRELATED ISSUES TOGETHER IS NOT ADVOCACY**

DEFENDANTS have a pattern of relating one issue to another, even when they are wholly unrelated, in an attempt to leverage agreement for their position, the same is true here. In this case, the Court's Order of **March 20, 2019**, stated "*The parties shall agree on the actual dates, and submit the schedule agreed upon to the Court within one week from the date of this order*." [ECF 164] DEFENDANTS read into that a requirement from the Order as to Sanctions, that it could not make any effort to meet and confer at any level unless, "*lead trial counsel for the disputing parties, along with their clients (which, for the entity clients, shall be the highest-ranking officer in the company), shall meet and confer in person*." [ECF 163.]

A further example of this tying of unrelated issues was DEFENDANTS' insistence on appointment of a special master for discovery, that Plaintiff had originally offered, but upon discussing with Judge Chen, decided against. On **March 28, 2019**, in the hearing on SinCo's Motion to Amend the Complaint, Judge Chen asked DEFENDANTS' counsel if his clients would stipulate to have the Preliminary Injunctions in the State Action adopted by the Federal Court. Judge Chen ordered a stipulation be submitted to the Court by DEFENDANTS in a week if they would so consent. On **April 2, 2019**, DEFENDANTS sent SinCo an email demanding that "*Defendants will stipulate that the federal court may enforce the preliminary injunctions that the state court issued in connection with Mark Liew and Cy Young **if** Plaintiff will proceed with the stipulation it proposed regarding the appointment of a Special Master to handle all discovery matters in the federal litigation*." [ECF 183.]

SinCo was required to conduct multiple in person meet and confers, exchange dozens of emails and letters, and then brief the issue all to support the task of scheduling depositions of witnesses identified in DEFENDANTS initial disclosures is not in step with the policy or the rules. In contrast, SinCo produced its witnesses when requested by the DEFENDANTS on the date they requested in the U.S., at SinCo's expense. For these reasons and those set forth above SinCo would request an opportunity to provide a complete record.

Sincerely,

*/s/ Lael D. Andara*

Lael D. Andara

LDA/rr

# EXHIBIT A

- Email of March 27, 2019 at 3:05:08 PM and Attachment (Redline of Joint Letter)

| | |
|---|---|
| **From:** | Andara, Lael D. |
| **To:** | Clay Zhu; Yi Yao; Jeffrey L. Fazio |
| **Cc:** | Shah, Manali; Trevino, Michelle G.; Riedell, Roxana |
| **Subject:** | [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1 |
| **Date:** | Wednesday, March 27, 2019 3:05:08 PM |
| **Attachments:** | [FEDERAL] Joint Letter Re Meet and Confer on March 27 2019 4830-7528-9743 v.1.docx |

Counsel,

Please find attached the proposed Joint Letter: Re Xingke Depositions. The language in your section is the same as from the previous Joint letter filed on **March 18, 2019**.

Regards,

**Lael Andara**
**Ropers Majeski Kohn & Bentley PC**
**Partner**
1001 Marshall Street, Suite 500 • Redwood City • CA • 94063-2052
Office: (650) 364-8200 • Direct: (650) 780-1714
lael.andara@rmkb.com •Click for My BIO.

Jeffrey L. Fazio (146043) (jfazio@dehengsv.com)
Yi Yao (236285) (yyao@dehengsv.com)
DeHeng Law Offices
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-5856
F: 925-397-1976

Attorneys for Defendants
Xingke Electronics (Dongguan) Co., Ltd.,
Mui Liang Tjoa, Ng Cher Yon, and Liew
Yew Soon

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SINCO TECHNOLOGIES PTE, LTD.,

Plaintiff,

vs.

SINCO ELECTRONICS (DONGGUAN) CO., LTD., XINGKE ELECTRONICS TECHNOLOGY CO., LTD., MUI LIANG TJOA, NG CHER YON (AKA CY NG), and LIEW YEW SOON (AKA MARK LIEW),

Defendants.

**No. 17-cv-05517-EMC-JCS**

**JOINT LETTER RE:~~GARDING AMOUNT OF SANCTIONS AWARD AND~~ XINGKE EMPLOYEE DEPOSITION SCHEDULE PUSUANT TO ORDER OF MARCH 20, 2019 [ECF 164]**

**Hon. Joseph C. Spero**

On **March 11, 2019,** the parties submitted a Joint Letter Re the meet and confer of **March 1, 2019**, that memorialized their **unresolved** discovery dispute as to: (3) Sinco Technologies Pte Ltd.'s, ("SINCO") request for Defendant Xingke Electronics (Dongguan) Co., Ltd.'s ("XINGKE") employee depositions [Eric Pang; Gao Bingyi; Gouki Gao; Larry Sim Teck, Jerry Darui; Quek Seow Eng; Lim Chin Huan; and Ng Yi Ming]. [ECF 154] **On March 13, 2019**, the Court ordered that "The parties shall meet and confer and agree upon a schedule for any XINGKE employee depositions sought by Sinco, and file it with the court on or before Monday, **March 18, 2019.**" [ECF 155] On **March 18, 2019**, the parties submitted yet another Joint filing having failed to agree on a deposition schedule. [ECF 159] On **March 20, 2019**, the Court Ordered that, "Accordingly, the Court orders Defendants to make the Employee Witnesses available for deposition in Singapore, unless the Plaintiff determines that it can take the depositions in Hong Kong, in which case they will be held in Hong Kong," and "Under these circumstances, and to ensure that the case continues to move toward resolution, the Court orders that the Employee Witness depositions occur not later than **May 31, 2019**, and [t] he parties shall agree on the actual dates, and submit the schedule agreed upon to the Court within one week from the date of this order.

~~Pursuant to Judge Spero's Revised Civil Standing Order, the Order Re Joint Letter on Xingke Employee Depositions (Dkt. No. 164) ("Deposition Order"), and the Order Granting in Part and Denying in Part Motion for Sanctions and Vacating March 29, 2019 Motion Hearing ("Sanctions Order") (Dkt. No. 163), the parties hereby submit this Joint Letter in compliance with Paragraph No. 3 of the 3/30 Order and Paragraph No. 6 of the Sanctions Order.~~

~~**Xingke Employee Deposition Schedule.** In the Deposition Order the Court instructed "Defendants to make the [Xingke] Employee Witnesses available for deposition in Singapore, unless the Plaintiff determines that it can take depositions in Hong Kong, in which case they will be held in Hong Kong." Deposition Order ¶ 2. The Court also ordered that "the Employee Witnesses depositions occur not later than May 31, 2019[,]" and instructed the parties to "agree on the actual dates, and submit the schedule agreed upon to the Court within one week from the date of this order [*i.e.*, not later than March 27, 2019]." *Id.* ¶ 3.~~

~~The same day the Deposition Order issued, counsel for Defendants Xingke Electronics Technologies Co., Ltd. ("Xingke"), Mui Liang Tjoa, Ng Cher Yon, and Liew Yew Soon (collectively, "Defendants") sent an email message to counsel for Plaintiff SinCo Technologies PTE Ltd. ("SinCo") concerning the reasons the Employee Witnesses' depositions may be taken in Hong Kong. In reply, SinCo's counsel disagreed, asserting that the depositions may be taken in Singapore, but not Hong Kong.~~

~~**Meet-and-Confer Regarding Sanctions Award.** On March 20, 2019, the Court issued the Sanctions Order, which states that Defendant Tjoa must pay the "fees and costs incurred in the actual research and drafting of the [sanctions] Motion, and associated costs[,]" and instructed the parties to "meet and confer in an attempt to agree on the amount of attorney fees and costs. If they are unable to do so Mr. Tjoa may submit objections to the amount of the fee and cost bill within ten days of Plaintiff's filing of the fee and cost declaration." Sanctions Order ¶ 6.~~

~~On March 26, 2019, counsel for a copy of the declaration SinCo proposes to submit in support of its of award of fees and costs (the "Declaration") to Defendants' counsel. Because the Sanctions Order appears to require SinCo to file the Declaration with the Court before the parties can comply with the Court's requirement that the parties meet and confer for the purpose of reaching agreement as to the amount of the sanctions award, it appears that the parties will be unable to comply with that aspect of the Sanctions Order. Defendants' counsel hereby present the matter to the Court for clarification; SinCo's counsel asserts that there is no need to do so.~~

## I. XINGKE EMPLOYEE DEPOSITION SCHEDULE

**SINCO'S POSITION:**

On **March 14, 2019**, SINCO drafted a letter to counsel for XINGKE after reviewing defendant's Motion For Relief From Nondispositive Pretrial Order of Magistrate Judge [ECF 156] stating:

> To date we have requested the depositions of: (1) Eric Pang; (2) Gao Bingyi; (3) Gouki Gao; (4) Jerry Darui; (5) Quek Seow Eng; (6) Lim Chin Huan; (7) Ng Yi Ming, and (8) Larry Sim Teck Beng. ***On March 1, 2019, you failed to identify which of any these individuals would be made available for deposition***. In today's motion, XINGKE states, "the parties have already discussed thoroughly in correspondence and during an in-person meet-and-confer session." ***Can you please identify the individuals that XINGKE is willing to make available for***

> ***deposition and the proposed dates.*** To claim any meaningful meet and confer was conducted this basic information should be provided.
>
> Magistrate Judge Spero ruled that "[t]he parties shall meet and confer and agree upon a schedule for any Xingke employee depositions sought by Sinco." So the unidentified individuals you reference in the motion ("three of the individuals it wishes to depose are no longer in Xingke's employment not being employees of Xingke,") would not be at issue. ***The fundamental problem, however, is that XINGKE has made no effort to identify these individuals in the March 1, 2019, meet and confer or in today's motion. If they are truly not the current employee of Xingke, SinCo would request documents evidencing that fact, and accordingly if that fact were evidenced Sinco would agree to withdraw those notices and issue subpoenas.*** See Ubiquiti Networks, Inc. v. Kozumi USA Corp., 2013 U.S. Dist. LEXIS 53657, at *8 (N.D.Cal. Apr. 15, 2013) ("The Federal Rules of Civil Procedure and the Hague Convention provide for a mechanism by which a party can obtain a non-party's deposition in another country.").

The letter further referenced that many of the witnesses sought were relied on in Defendant's initial disclosures of **April 18, 2018**.

On **March 18, 2019**, XINGKE in the Joint Statement failed to identify which employees were no longer employees of XINGKE. SinCo stated in the Joint Statement:

> Defendants counsel has failed to make Gao Bingyi, Ng Yi Ming and Larry Sim Teck Beng available for deposition. Sinco would assume that these are the unnamed ex-employees defendants referred to in their motion but would request verification of that fact.[1]

Although XINGKE did not specifically state this fact, provide evidence to substantiate it, or a declaration to withdraw these individuals from their initial disclosures, the Court assumed those individuals to be ex-employees. [ECF 164 at 1:24-26] Plaintiff would request a sworn declaration confirming that fact, rather than allow XINGKE's omission to confirm benefit them.

On **March 26, 2019,** at 9:15 AM, SINCO's counsel sent an email stating:

> Pursuant to the Court's Order of March 20, 2019, we are required to provide the Court with a schedule of the depositions of the XingKe witnesses by no later than March 27, 2019. [ECF 164] ***Can you advise on the status of the schedule so we can confirm our calendar?***
>
> ***Our correspondence of March 22, 2019, explained in great detail that after contacting the U.S. Consulate General and your reference to Planet Depo, the***

[1] Plaintiff's statement was an assumption or question, not a factual position to prevent depositions to proceed without some factual basis to support the factual assertion of XINGKE.

> ***depositions cannot proceed in Hong Kong without violating local law, as none of the witnesses are U.S. citizens.*** We would prefer to have these depositions conducted in the U.S. rather than Singapore if at all possible. As a compromise, would you consider making the witnesses available in Hawaii, as it approximately the same flight as Singapore for the witnesses?

On **March 26, 2019,** at 3:43 PM, XINGKE's counsel sent a lengthy letter referencing the preference for the depositions to proceed in Hong Kong. At the end of the letter counsel stated:

> ***If you have specific dates in mind for each deponent, please let me know at your first opportunity so we may establish a schedule with no last-minute problems.***[2]

On **March 26, 2019,** at 4:12 PM, SINCO's counsel sent an email responding:

> *King.com Ltd. v. 6 Waves LLC*, No. C-13-3977 MMC, 2014 WL 1340574, at *6 (N.D. Cal. Mar. 31, 2014): "For the reasons discussed above with respect to document production, however, it would appear that the Beijing You Mai employees who reside in China are under the control of SWI and thus could be brought by SWI to Hong Kong **or the United States for deposition**." The fact a party can make a witness available for deposition is not the same issue as whether Hong Kong would allow such a deposition. At the time of the deposition the Court cited: http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/hong-kong-sar-china.html at FN5. This link is no longer operable and there is nothing to indicate that this is the current law 15 year later in Hong Kong. ***Defendants now willfully ignore that the current U.S. Department of State's Bureau of Consular Affairs, website as referenced above says something materially different***. See Id. At FN5 ***Furthermore, that case refers to the context of the witness, which is considered in this case weigh more towards Singapore than Hong Kong given their nationalities***.
>
> We will proceed with the depositions in Singapore.
>
> We propose the following schedule, even though we have repeatedly requested the witnesses availability since the March 1, 2019 meet and confer:
>
> Jerry Darui April 22, 2019
> Quek Seow Eng April 23, 2019
> Lim Chin Huan April 24, 2019
> Gouki Gao April 25, 2019
> Eric Pang April 26, 2019

XINGKE'S counsel then sent four more emails renewing the demand for the deposition in Hong Kong (4:22 PM; 5:44 PM; 5:51 PM; and 6:16 PM) followed by several emails the following day until providing a substantive response at 12:28 PM on **March 27, 2019**, stating:

---

[2] XINGKE's plan to always wait until the last possible moment to provide these witnesses demonstrates their request SINCO provide a proposed deposition schedule is like Lucy inviting Charlie Brown to kick the football.

In light of Judge Spero's order that the depositions be completed no later than the end of May, however, ***Xingke will arrange for its employees to sit for depositions during the week of May 27 (which is a Monday) so they may be completed on Friday, May 31***.

SINCO objects to this repeated delay and dictation of the timing in which it is allowed to do discovery. However, SINCO will agree to these dates if the depositions proceed in Singapore as directed by the Court. [ECF 164 at 2:9-11] XingKe's counsel, previously demanded Defendants Mui Liang Tjoa (1/17/19) and Cy Ng's (2/12/18) depositions in Singapore.

**DEFENDANTS' POSITION**: During the course of the past seven days, Defendants' counsel have explained that both Hong Kong and Singapore are parties to the Hague Evidence Convention and that the rules governing voluntary depositions in both locations are, therefore, identical. This is important because Hong Kong is 60 miles away from the Xingke factory whereas Singapore is 1700 miles away and will require a substantial expenditure of time and resources to arrange for five employees to travel without significant disruption.

Nonetheless, SinCo's counsel insists that the depositions could not be taken in Hong Kong because the U.S. Department of State's Bureau of Consular Affairs states on its website that "consular officers are prohibited from taking voluntary depositions of non-U.S. citizen witnesses." (This portion of the website is under the section titled "Taking Voluntary Depositions of Willing Witnesses" at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html.)

As Defendants pointed out, however, the next sentence goes on to say, however, that "if prior permission is granted by Hong Kong's competent authority, voluntary depositions may be conducted by commissioners in Hong Kong regardless of the nationality of the witness, provided no compulsion is used." *Id.*[3] Moreover, the State Department has noted that, in Singapore, "consular depositions or depositions conducted pursuant to a commission are not permitted. Depositions may be taken pursuant to letters of request submitted directly to the Singapore

[3] The letter in which Defendants' counsel explained this is attached hereto as **Exhibit A** (discussing, *inter alia*, *King.com Ltd. v. 6 Waves LLC*, 2014 WL 1340574, at *6 n. 5 (N.D. Cal. Mar. 31, 2014) (noting the State Department's observation that voluntary depositions may be taken in Hong Kong), and *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*, 2014 WL 2986685, at *5 n. 6 (E.D. Mo. July 1, 2014) (same)).

Central Authority of the Convention." https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Singapore.html. Thus, if the parties were to rely exclusively on the State Department's observations about the application of the Hague Evidence Convention, it would be more difficult to take a deposition in Singapore than in Hong Kong.

As Defendants' counsel explained, however, the concern is illusory because the Court can issue an order appointing a court reporter as the deposition commissioner pursuant to Federal Rule of Civil Procedure 28(d)(1)(A), which is not only permissible, but encouraged by Supreme Court precedent. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 542 (1987) ("In many situations the Letter of Request procedure authorized by the Convention would be unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules"); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2014 WL 54692496, *3 (N.D. Cal. Oct. 23, 2014) ("The Supreme Court and the Ninth Circuit agree that comity and foreign law alone are not dispositive when a discovery dispute arises regarding a foreign law's protection of documents sought in a United States court").

Defendants' counsel also wrote to Optima Juris, explaining the situation the parties face here and inquiring whether it has proceeded in the manner described above. *See* **Exhibit B** (filed herewith). An Optima Juris representative said that it has and does, noting that the parties could proceed with the depositions in Hong Kong by stipulating that the court reporter may administer the oath to each witness or, alternatively, arrange for the Court to issue an order appointing the court-reporting service as the deposition commissioner pursuant to Federal Rule of Civil Procedure 28(d)(1)(A) and included among the three attachments a copy of such an order from the Northern District of New York as an example. *See* Ex. B at 1, 3-4. As applicable law and these documents make plain, proceeding with the Employee Witnesses' depositions in Hong Kong is not only permissible, but far more fair in light of the circumstances.

## II. MEET-AND-CONFER REGARDING SANCTIONS AWARD

**SINCO'S POSITION**:

SinCo believes this is inappropriate as no meet and confer has been conducted in any meaningful way as to the proposed declaration provided to XINGKE on **March 26, 2019**. XINGKE has not identified a single issue.

**DEFENDANTS' POSITION**:

The Sanctions Order requires the parties to meet and confer about the Declaration for the purpose of reaching agreement as to the amount to be awarded before the Declaration is submitted to the Court (within 10 days of the issuance of the Sanctions Order, which issued on March 20, 2019). Sanctions Order ¶ 6. The Sanctions Order requires SinCo and Xingke's highest-ranking officers to attend each meet-and-confer session, *id.* ¶ 1, and, if the parties are unable to agree on an amount to be awarded as sanctions, Defendant Tjoa must file his objections with the Court not later than 10 days after the Declaration is filed, *id.* ¶ 6. To comply with these instructions, however, the parties must meet and confer no later than Friday, March 29, 2019. Because Defendants did not receive a copy of the Declaration until March 26, 2019, they have not yet completed their analysis of the amounts SinCo claims to have incurred in connection with researching and drafting its sanctions motion. Nor can the highest-ranking Xingke executive arrange to travel to the Bay Area on such short notice. Rather than ignore this problem, however, Defendants believe the prudent course is to present it to the Court for clarification.

DATED: March 27, 2019

**ROPERS, MAJESKI, KOHN & BENTLEY**

by */s/ Lael D. Andara*
Lael D. Andara

Attorneys for Plaintiff
SinCo Technologies PTE, Ltd.

DATED: March 27, 2019

**DEHENG LAW OFFICES PC**

by */s/ Jefrey L. Fazio*
Jeffrey L. Fazio

Attorneys for Defendant
Xingke Electronics (Dongguan) Co., Ltd.,
Mui Liang Tjoa, Ng Cher Yon, and
Liew Yew Soon

-8- 17-cv-05517-EMC-JCS

JOINT LETTER RE AMOUNT OF SANCTIONS AWARD AND XINGKE EMPLOYEE DEPOSITION SCHEDULE