UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br><br> Plaintiff, <br><br> v. <br><br> SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., <br><br> Defendants. | Case No. 17-cv-05517-EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; AND DENYING PLAINTIFF'S MOTION TO DISMISS** <br><br> Docket No. 105, 143 |

Currently pending before the Court are two motions filed by Sinco Singapore: (1) a motion for leave to file a third amended complaint and (2) a motion to dismiss Mr. Liew's counterclaims. The Court held a hearing on the motion to amend on March 28, 2019. On April 18, 2019, the Court held a second hearing on the motion to amend as well as a hearing on the motion to dismiss. This order memorializes the Court's rulings made at the latter hearing and provides additional rulings and analysis as necessary.

The motions essentially present to the Court whether this case should be about trademark infringement only, as originally filed by Sinco Singapore, or whether it should also include other claims (*e.g.*, trademark infringement, breach of contract, etc.) which are already at issue or are already implicated in the state court action filed by Sinco Singapore a year before this case. Sinco Singapore takes the position that this case should cover all claims; Defendants[1] take the position that this case should stay about trademark infringement only, as originally filed by Sinco Singapore. Defendants state that they are willing to dismiss all counterclaims they have asserted

---

[1] "Defendants" here refers to all defendants who have made an appearance in this action.

in this case that are not related to trademark infringement (with the intent to bring the counterclaims in the state court action instead).² For Sinco China, this would be its fifth, sixth, and seventh counterclaims (*i.e.*, intentional interference with prospective economic advantage, unfair competition in violation of § 17200, and commercial disparagement/trade libel). For Mr. Liew, this would be both counterclaims.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court essentially agrees with Defendants. It makes more sense for the federal and state cases to continue as they were originally framed by Sinco Singapore rather than trying to convert the federal action into one all-inclusive action. The Court notes that Sinco Singapore made the choice to bring its claims against Defendants in two different fora – *i.e.*, to file the federal action rather than bring the trademark infringement claims in the already existing state action. *See RBCI Holdings, Inc. v. Drinks Ams. Holdings, Ltd.*, No. 07 Civ. 2877 (DC), 2008 U.S. Dist. LEXIS 26122, at *5 (S.D.N.Y. Mar. 20, 2008) (stating that "[f]ederal courts have original – but not exclusive – jurisdiction over 'any civil action arising under any act of Congress relating to . . . trademarks'"). Having made that decision, Sinco Singapore can hardly complain now that it makes more sense for all claims to be before this Court. *Cf. American International Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) (stating that it is clear that the rationale that prohibits plaintiffs from removing cases to federal court under 28 U.S.C. § 1441 . . . bars [the plaintiff] from bringing this repetitive lawsuit in federal court").³ Furthermore, contrary to what Sinco Singapore argues, the instant case is not markedly more advanced in litigation compared to the state action.

Accordingly, the Court conditionally **DENIES** Sinco Singapore's motion to amend. The denial is conditioned on Sinco China making an appearance in the state action and on Sinco China and Mr. Liew dismissing the counterclaims described above in this action (with the intent to

---

² Sinco China agrees that it would make an appearance in the state court action, which would resolve the service-of-process issues that have plagued the state court proceedings.

³ The Court also notes that Sinco Singapore also could have tried to "consolidate" the state and federal actions far earlier than it did. The state action was filed in October 2016. The federal action was filed in September 2017. Sinco Singapore, however, did not file the pending motion for leave to amend until February 2019.

2

pursue the counterclaims in the state action instead).  Because Mr. Liew will be dismissing his counterclaims, Sinco Singapore's motion to dismiss his counterclaims is conditionally **DENIED** as moot.

As a final point, the Court notes that, although it is denying Sinco Singapore's motion to amend, it is not barring Sinco Singapore from moving for leave to make a more limited amendment so long as the proposed amendment would be consistent with the Court's ruling above – *i.e.*, that this case is to be about trademark infringement.

This order disposes of Docket Nos. 105 and 143.

**IT IS SO ORDERED**.

Dated: April 19, 2019

_____
EDWARD M. CHEN
United States District Judge

3