| | |
|---|---|
| 1 | **ROPERS, MAJESKI, KOHN & BENTLEY** |
| 2 | LAEL D. ANDARA (SBN 215416)<br>lael.andara@rmkb.com |
| 3 | JENNIFER E. ACHESON (SBN 130833)<br>jennifer.acheson@rmkb.com |
| 4 | MICHELLE G. TREVIÑO (SBN 315304)<br>michelle.trevino@rmkb.com |
| 5 | 1001 Marshall Street, Suite 500<br>Redwood City, CA 94063-2052 |
| 6 | Telephone:     (650) 364-8200 |
| 7 | Facsimile:     (650) 780-1701 |
| 8 | *Attorneys for Plaintiff*<br>**SINCO TECHNOLOGIES PTE LTD.** |
| 9 | |
| 10 | Jeffrey L. Fazio (146043) (jfazio@dehengsv.com)<br>Yi Yao (236285) (yyao@dehengsv.com) |
| 11 | **DEHENG LAW OFFICES**<br>7901 Stoneridge Drive, Suite 208 |
| 12 | Pleasanton, CA 94588<br>T: 925-399-5856 |
| 13 | F: 925-397-1976 |
| 14 | Attorneys for Defendants<br>Xingke Electronics (Dongguan) Co., Ltd., |
| 15 | Mui Liang Tjoa, Ng Cher Yon, and Liew<br>Yew Soon |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., | CASE NO. 3:17CV5517 EMC |
| Plaintiff, | |
| v. | JOINT STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY HEARING ON APRIL 26, 2019 RE: MEET AND CONFER ON APRIL 26, 2019 |
| SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual), | [Sec. Amend. Complaint: **February 23, 2018**] |
| Defendants. | |

Plaintiff SINCO TECHNOLOGIES PTE LTD. ("SinCo") and Defendants MUI LIANG TJOA ("Mr. Tjoa"), NG CHER YONG ("Mr. Ng"), LIEW YEW SOON ("Mr. Liew"), and XINGKE ELECTRONICS (DONGGUAN) CO., LTD. ("Xingke") (collectively, "Defendants") (hereinafter collectively "Parties"), through their respective attorneys of record, file this Joint Stipulation and Proposed Order, by which the Parties memorialize the agreements they reached during a meet-and-confer session on April 26, 2019, and hereby present to the Court as a Proposed Order in accordance with the Court's instructions at the Status Conference before Chief Magistrate Judge Spero on April 26, 2019.

ACCORDINGLY, IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel of record, that:

**DEPOSITION OF SINCO AND XINGKE EMPLOYEES**

1. The Parties have agreed to conduct the depositions of the SinCo and Xingke personnel in Singapore in accordance with the schedule set forth below:

| Date | Deponent |
| --- | --- |
| May 28, 2019 | Quek Seow Eng (Xingke) |
| May 29, 2019 | Jerry Darui (Xingke) |
| May 30, 2019 | Gouki Gao (Xingke) |
| May 31, 2019 | Eric Pang (Xingke) |
| June 4, 2019 | Jennifer Tan (SinCo) |
| June 6, 2019 | Cynthia Chua (SinCo) |
| June 7, 2019 | Johnson Chu (SinCo) |

**LETTER CONFIRMING DEPARTURE OF FORMER XINGKE EMPLOYEES**

2. On March 4, 2019, SinCo served notices of its intention to take the depositions of eight individual Xingke employees in Singapore in late May 2019. On March 14, 2019, Defendants responded to those depositions notices by advising SinCo that three of those individuals—Gao Bing Yi, Larry Sim Teck Beng, and Ng Yi Ming—were no longer employed by

Xingke and were not represented by Defendants' counsel. On April 16, 2019, Defendants' counsel notified SinCo's counsel by email that another individual who was the subject of SinCo's deposition notices, Lim Chin Huan, had resigned on April 15, 2019.

3.  During the April 26 meeting, SinCo's counsel asked Defendants' counsel if Xingke would provide a letter confirming the dates on which each of the individuals described above left Xingke's employ and, therefore, are no longer available for deposition. Although Xingke is under no legal obligation to do so, Xingke has agreed to provide SinCo with the letter its counsel requested.

**DECLARATIONS RE: FORENSIC SEARCH OF MR. NG'S COMPUTERS** [ECF 155 at ¶ 2 ]

4.  On March 13, 2019, Your Honor issued the following order: "Mr. Ng shall provide, within seven (7) calendar days of this order, a declaration describing in detail the forensic search conducted on the two computers in question." [ECF 155 ¶ 1.] Mr. Ng provided SinCo with that declaration (the "Ng Declaration") and filed it with the Court on March 19, 2019. (ECF 160.)

5.  As reported in the Joint Status Conference Statement the Parties filed on March 19, 2019, the Ng Declaration was one of several issues the parties had discussed agreed upon during meet-and-confer sessions. *See* ECF 197 at 12:7-18. During the conference before the Court on April 26, 2019, however, SinCo's counsel stated the Ng Declaration was deficient because Mr. Ng did not perform the forensic examination of the laptop computer himself.

6.  Defendants disagreed that there was anything deficient about the Ng Declaration, which was prepared in strict compliance with the Court's order. Moreover, the ESI Protocol that the Court adopted as an Order in this case states that "[t]he Parties have agreed that a forensic collection is ***not necessary*** and that only the business records of the subject custodians will be

subject to collection based on their creation and use of ESI in their day to day operation." [ECF 122 at 2:23-26 (emphasis added).]

7. Nonetheless, in an effort to avoid another dispute, Defendants have agreed to provide declarations from the companies that were retained to extract information responsive to SinCo's RFP Set One from the Dell and Microsoft computers Mr. Ng used (Guangzhou Zhengda Computer Application & Data Recovery Co., Ltd., and Epiq Systems, Inc.) to describe any forensic analysis those companies have performed on those computers.  SinCo has requested that the declarations provide in detail the collection and production of the ESI on each computer referenced and the related invoices for such services. Because SinCo has complained that Mr. Ng did not perform the work on the two laptop computers, Defendants have agreed to provide SinCo with declarations describing the work that was performed by the companies that actually performed it, but the parties were not required to perform forensic collections under the ESI Protocol and Defendants have **not** agreed to have those companies perform any additional work, nor have Defendants agreed to disclose any information that is protected by the work product doctrine or the attorney-client privilege.

**XINGKE'S RESPONSES TO SINCO'S INTERROGATORIES, SET ONE**

8. On April 23, 2019, Defendants' counsel sent a letter to SinCo's counsel explaining that many of the interrogatories included in SinCo's First Set of Interrogatories ("Interrogatories") appeared to seek irrelevant information in light of Judge Chen's ruling Parties that discovery in this action would be limited to the claims relating to trademark-infringement only when he denied SinCo's motion for leave to file a Third Amended Complaint. Defendants' counsel invited SinCo's counsel to explain how certain of the Interrogatories (*i.e.,* Nos. 2, 3, 5, 6, 7, 9-16, and 19  (which contains subsets a through r)) were relevant to the trademark-infringement claims.

9.      After the Parties' counsel discussed the Interrogatories during the April 26 Meeting, SinCo withdrew Interrogatory Nos. 19.b., 19.j through 19.m., and 19.o through 19.q., and Xingke agreed to supplement its responses to the following Interrogatories, **as written,** to the extent that they do not exceed the limit imposed by Fed. R. Civ. P. 33(a)(1): Nos.: 3 (limited to intellectual property-related interactions); 5; 6; 8; 9 (limited to trademark- and trade name-related issues);10-12; 13 (limited to trademark-related issues); and 14-16, 19.a.; 19.c.; 19.d.; 19.e.; 19.f.; 19.g.; 19h.; 19.i.; 19.n; and 19.r.

### DEPOSITION OF MR. TJOA

10.     Counsel for Mr. Tjoa confirmed that all responsive documents have been produced to SinCo, by Mr. Tjoa, in response to SinCo's First Set of Requests for Production, and that if any other responsive documents were located, they too would be produced to SinCo.

11.     Mr. Tjoa has recently resigned from his position as CEO of Jinlong Machinery & Electronics Co. Ltd., which is the parent company of Xingke, but still maintains an interest in the parent company and Defendant in this action. Accordingly, Mr. Tjoa's counsel agreed to confer with Mr. Tjoa to ascertain his availability for deposition in Singapore and has determined that Mr. Tjoa will appear for the remaining four hours of his examination in Singapore on **June 3, 2019.**

### SINCO'S RESPONSES TO XINGKE'S REQUEST FOR ADMISSIONS, SET ONE

12.     In a letter dated April 17, 2019, Defendants' counsel sent a letter to SinCo's counsel regarding SinCo's responses to 80 of 153 requests for admissions included in Xingke's First Set of Requests for Admission ("RFA"). During the April 26, 2019, Meeting, SinCo agreed to provide amended responses to the following RFAs to the extent they are related to the trademark-infringement claims: 5-6 and 142-145.

**SINCO'S RESPONSES TO XINGKE'S FIRST SET OF INTERROGATORIES**

13. On April 22, 2019, Defendants' counsel sent a letter to SinCo's counsel regarding deficiencies in SinCo's responses to Xingke's first set of interrogatories; specifically, interrogatory Nos. 1, 2, 5-9, 12-15, 16-21, and 22. After the Parties' counsel discussed the matter during the April 26 Meeting, SinCo agreed to provide supplemental responses XingKe's Interrogatories, Set One, as Nos. 6-8, and 13-15.

**SUPPLEMENTAL RESPONSES BY SINCO AND DEFENDANTS**

14. Unless another date is provided herein, the Parties shall serve the supplemental responses to the interrogatories and requests for admission, as SinCo and Xingke have agreed above, no later than **May 10, 2019.**

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: April 29, 2019         ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ *Lael D. Andara*
    LAEL D. ANDARA
    MICHELLE G. TREVIÑO

*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE LTD.

Dated: April 29, 2019         DEHENG LAW OFFICES, PC

By: /s/ *Jeffrey L. Fazio*
    JEFFREY L. FAZIO
    YI YAO

*Attorneys for Defendants*
NG CHER YONG aka CY NG, LIEW YEW SOON aka Mark Liew, XINGKE ELECTRONICS (DONGGUAN) CO., LTD., and MUI LIANG TJOA

ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Jeffrey L. Fazio, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this document was executed at Pleasanton, California, on May 3, 2019.

                                        /s/ *Jeffrey L. Fazio*
                                        Jeffrey L. Fazio

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated:_____

                                        Honorable Joseph C. Spero