UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br> Plaintiff, <br> v. <br> SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., <br> Defendants. | Case No. 17-cv-05517-EMC <br><br> **ORDER APPOINTING SPECIAL MASTER** <br><br> Docket No. 221 |

The Court has received the parties' submission on the appointment of a special master. *See* Docket No. 221 (joint letter brief). Having considered the submission as well as all other evidence of record, the Court finds that appointment of a special master is appropriate to "address pretrial . . . matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). As the Court has noted, an inordinate number of discovery disputes have arisen in this case. The Court thus appoints a special master to address all pending and future discovery disputes.[1]

The parties have stipulated that Judge Ware would be an appropriate special master. Given Judge Ware's knowledge and experience, the Court agrees and therefore appoints Judge Ware, conditioned on (1) Judge Ware filing an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 and (2) there being no disqualifying ground (unless the parties, with the Court's approval, waive the ground). *See* Fed. R. Civ. P. 53(b)(3). **Within two**

---

[1] Apparently, the parties believe that no discovery disputes will arise with respect to depositions that are ongoing in Singapore. If so, then the parties will not need to seek the special master's assistance in that regard.

1 **weeks of the date of this order, Judge Ware shall file his affidavit.**

2 Proceeding with the assumption that there is no issue regarding disqualification, the Court orders Judge Ware to proceed with all reasonable diligence to resolve all pending and future discovery disputes between the parties. *See* Fed. R. Civ. P. 53(b)(2). Judge Ware's authority shall be consistent with that described in Federal Rule of Civil Procedure 53(c). Judge Ware's authority over discovery disputes shall continue until all discovery is completed (this includes the deadlines to file a motion to compel) or until the parties agree to, and this Court approves of, his discharge.

Prior to seeking assistance of Judge Ware, the parties are required to meet and confer, either in person or by phone, to see if they can resolve the discovery dispute without Judge Ware's involvement. Counsel with full and complete authority on discovery matters must participate in the meet and confer. If the parties are unable to resolve the discovery dispute, then they may petition Judge Ware for assistance. The Court defers to Judge Ware to set the procedure for raising a discovery dispute with him – *e.g.*, whether the parties should initiate contact through a brief joint letter, with Judge Ware thereafter deciding whether the parties are required to further meet and confer (with a court reporter present to memorialize the meet and confer and to provide a transcript of such to Judge Ware) or whether he is in need of further briefing and/or a hearing.

The parties are permitted to communicate with Judge Ware on an ex parte basis only if the matter is administrative or procedure in nature; if the matter is substantive, then an ex parte communication is appropriate only if the consent of the opposing party is given. *See* Fed. R. Civ. P. 53(b)(2)(B).

Through final judgment (including any appeals), the parties shall preserve (but not file) all submissions Judge Ware. The special master shall file through ECF any and all orders, findings, and recommendations. *See* Fed. R. Civ. P. 53(b)(2)(C), (d).

The parties shall have the right to request judicial review of any and all orders, findings, and recommendations of Judge Ware. The timing for judicial review shall be governed by Federal Rule of Civil Procedure 53(f)(2) unless otherwise ordered. *See* Fed. R. Civ. P. 53(f)(2) (providing that "[a] party may file objections to – or a motion to adopt or modify – the master's order, repot, or recommendations no later than 21 days after a copy is served, unless the court sets a different

time"). The parties have agreed that judicial review shall be undertaken by Judge Spero. Judge Spero shall apply the standards of review provided for by Federal Rule of Civil Procedure 53 (*i.e.*, de novo review for both factual findings and legal conclusions, unless the parties stipulate that the special master's factual findings will be reviewed for clear error or will be final). *See* Fed. R. Civ. P. 53(f)(3)-(4). The parties have agreed that Judge Spero's decisions on the special master's orders, findings, or recommendations shall be final. *See* Docket No. 221 (2d Joint Letter Br. at 6).

The parties shall equally pay for the cost of Judge Ware's services, in accordance with his JAMS fee schedule, although it is within the discretion of Judge Ware and/or Judge Spero to reallocate the costs after a decision is rendered. *See* Fed. R. Civ. P. 53(g).

**The parties are ordered to immediately serve a copy of this order on Judge Ware and to notify him, both orally and in writing, that the affidavit described above is required. A declaration certifying service and notice shall be promptly filed with this Court.**

**IT IS SO ORDERED**.

Dated: June 6, 2019

_____
EDWARD M. CHEN
United States District Judge

3