UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br> Plaintiff, <br> v. <br> SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., <br> Defendants. | Case No. 17-cv-05517-EMC <br><br> **ORDER DENYING JEFFREY L. FAZIO'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> Docket No. 263 |

Former counsel for Defendants, Mr. Jeffrey L. Fazio, proceeding pro per, has moved for relief from Magistrate Judge Spero's order of September 3, 2019, which issued sanctions against him in his individual capacity in the amount of $1,500.00 for violating the Protective Order. *See* Docket No. 267 (the "Order"). The Court **DENIES** Mr. Fazio's motion.

Mr. Fazio has failed to show that the Order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.3d 236, 241 (9th Cir. 1991). In reviewing for clear error, the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Id*. Rather, a magistrate judge's non-dispositive ruling is clearly erroneous only when the district judge is left with a "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

Here, the Protective Order states, in relevant part regarding deposition testimony, that

> [T]he Party or non-party that sponsors, offers, or gives the testimony shall have up to ten (10) business days after receipt of the transcript or thirty (30) days after the deposition, whichever comes first, to identify the specific portions of the testimony as to which protection is sought.

Docket No. 124 at p. 8. There is no dispute that Mr. Fazio violated the Protective Order by producing into the public record excerpts of a deposition transcript that Plaintiff had not yet had the opportunity to identify as confidential information—which Judge Spero eventually ruled was properly designated as confidential. *See* Docket No. 214. "[A] specific finding of bad faith must precede any sanction under the court's inherent powers." *See Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (internal quotation and citation omitted). Here, Judge Spero specifically found that Mr. Fazio and Defendants acted in bad faith when they disclosed information which on its face appeared to be sensitive and potentially confidential without first allowing Plaintiff to seek protection under the Protective Order. *See* Order at 10 ("Fazio's inclusion of detailed information about his questioning of [the deponent] in the April 15 letter, which was entirely unnecessary to resolve any discovery dispute that was properly before the Court, also lends credence to SinCo's allegation that Defendants' purpose was, in fact, to intimidate [the deponent] from testifying.").

Mr. Fazio has not shown that Judge Spero's Order is clearly erroneous. His argument that he considered the topic discussed in the deposition excerpts as non-confidential since it was publicly-available information does not excuse his failure to give Plaintiff a chance to seek protection under the Protective Order.

For the foregoing reasons, Mr. Fazio shall pay $1,500 from his personal funds as sanctions to Plaintiff in accordance with Judge Spero's Order within thirty (30) days from the date of this order.

This order disposes of Docket No. 263.

**IT IS SO ORDERED**.

Dated: October 9, 2019

_____
EDWARD M. CHEN
United States District Judge