**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
Jessica A. Crabbe (SBN 263668)
*JessicaCrabbe@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

Edwin K. Prather (SBN 190536)
*edwin@pratherlawoffices.com*
**PRATHER LAW OFFICES**
245 Fifth Street, Suite 103
San Francisco, California 94103
Tel. (415) 881-7774

Attorneys for Defendants and Cross-Complainants
XINGKE ELECTRONICS (DONGGUAN) CO., LTD.,
formerly known as SINCO ELECTRONICS (DONGGUAN)
CO., LTD.; LIEW YEW SOON aka MARK LIEW;
NG CHER YONG aka CY NG; and MUI LIANG TJOA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | CASE NO. 3:17-cv-05517-EMC<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING PLAINTIFF'S PREMATURE DAUBERT MOTION IN LIMINE**<br><br>Court: The Honorable Edward M. Chen<br>Courtroom: 5, 17th Floor |

-1-

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING PLAINTIFF'S PREMATURE
DAUBERT MOTION                                                            (Case No. 3:17-cv-05517-EMC)

AND RELATED COUNTER-CLAIMS.

## INTRODUCTION

Pursuant to Civil Local Rule 7-11, Defendants move for administrative relief and ask the Court to strike or deny Plaintiff's *Daubert* motion to exclude the testimony of Henry Kahrs and Adrian Fleissig at trial. Plaintiff's motion in limine is served months premature and has been filed in violation of the Court's Third Amended Case Management Pretrial Order for Jury Trial ("Third Amended CMO").

Plaintiff styled its *Daubert* motion as a "motion to strike" – but, in fact, it is a motion a limine seeking to exclude Defendants' expert witnesses from testifying at trial. The Third Amended CMO governs the submission of motions in limine, and specifically provides that such motionS are to be served, not filed, by September 3, 2021, and any oppositions thereto are not required to be served until September 10, 2021, which is twenty-five (25) days prior to the pretrial conference. Plaintiff, by filing its *Daubert* motion as a motion to strike, is attempting – in violation of the Court's orders – to force Defendants to prematurely file their opposition to a motion in limine five months before it is due, and to improperly allow Plaintiff to exceed the page limit and submit a reply brief.

Defendants asked Plaintiff to withdraw its motion, but Plaintiff did not respond. Because Defendants' opposition to the *Daubert* motion is currently due April 9, 2021, Defendants seek immediate relief through this administrative motion, and request that the Court enter an order striking or denying Plaintiff's *Daubert* motion, without prejudice to Plaintiff submitting motions in limine in accordance with the procedures set forth in the Third Amended CMO.

## RELEVANT FACTS

On February 1, 2021, the Court entered the Third Amended CMO (which is the operative case management order). The Third Amended CMO sets forth the procedures by which the parties are required to follow in submitting any motions in limine:

> The following procedure should be used with respect to motions in limine. At least thirty-two (32) days before the pretrial conference, serve – but do not file – the moving papers. At least twenty-five (25) days before the conference, serve – but do file – the oppositions. When the oppositions are received, the moving party should collate the motion and

-2-

opposition together, back to back, then filed the paired sets (each under separate cover) at least twenty-one (21) days prior to the conference.

Each motion in limine should address a single topic and contain no more than seven pages of briefing per side. Reply briefs are not permitted. Usually, each party or side should not need to file more than five motions in limine. Each party shall number its motions in limine in order of importance, the first being the most important.

(Third Amended CMO at 6.)

The final pretrial conference is scheduled for October 5, 2021. (*Id.* at 1.) Thus, **oppositions to any motions in limine do not need to be served until September 10, 2021** (and then filed by September 14, 2021). The Third Amended CMO further mandates that any objections to live expert witness testimony at trial be raised through a motion in limine:

> *The following information should be provided as an appendix to the joint pretrial conference statement.* For each party, a list of all witnesses likely to be called at trial, including those appearing by deposition. For each witness, there should be a short statement of the substance of his or her testimony and an estimate regarding the length of testimony (including direct and cross-examination). If the witness is an expert witness, the short statement should clearly state the expert's theories and conclusions and the bases therefor; in addition, the expert's curriculum vitae and report (if any) should be attached. **If there are objections to a live witness's testimony, whether in whole or in part, that objection should be raised through a motion in limine**….

(*Id.* at 4 (emphasis added).)

On March 26, 2021, Plaintiff filed its *Daubert* motion, accompanied by a 22-page memorandum of points and authorities. Plaintiff called the motion a *Daubert* "motion to strike," yet the motion specifically requests that the Court *exclude* Defendants' damages experts from testifying at trial. (*See* DKT. 384, 384-1.)[1]

On April 2, 2021, Defendants asked Plaintiff to withdraw its *Daubert* motion due to its failure to abide by the Court's procedures with respect to motions in limine. As of the time of the filing of this Administrative Motion, Plaintiff has not responded to this request. (*See* Declaration of Kathleen Alparce attached hereto, ¶ 6.)

///

///

///

---

[1] If Plaintiff contends that seven pages is not enough for Daubert motions, it can seek additional pages at the appropriate time.

-3-

Defendants' opposition to Plaintiff's *Daubert* motion must currently be filed by April 9, 2021, and oral argument is set for May 6, 2021.[2]

### ARGUMENT

The Court should strike Plaintiff's *Daubert* motion because it was filed in violation of the Court orders. Under the Third Amended CMO, the parties may serve (but not file) motions in limine at least thirty-two (32) days before the pretrial conference. (*See* DKT. 380 at 6.) Oppositions to motions in limine are required to served (but not filed) at least twenty-five (25) days before the pretrial conference, and then the moving party is required to collate each motion and opposition and file the paired sets at least twenty-one days prior to the conference. (*Id*. (emphasis added).) Neither side may submit a motion or opposition that exceeds seven pages, and no reply briefs are allowed. (*Id*.) The Third Amended CMO further provides that any objections to a live witness's testimony, whether in whole or in part, must be raised through a motion in limine. (*Id*. at 4.) The Third Amended CMO does does contain any provisions specific to expert motions, only the provisions above for motions in limine.

In an effort to get around these orders and force Defendants to prematurely file an opposition, as well as to give Plaintiff the opportunity to file a reply brief and exceed the page limit, Plaintiff improperly filed its *Daubert* motion as a "motion to strike" (with a 22-page memorandum) – instead of following the Court's motion in limine procedure orders – thereby triggering a deadline of April 9, 2021 for Defendants to oppose. Plaintiff's *Daubert* Motion is plainly a motion in limine – i.e., it seeks to exclude expert testimony at trial. (*See* DKT. 384, 384-1.) As such, Plaintiff must follow the procedures set forth in the Third Amended CMO governing motions in limine.

///
///
///
///
///

---

[2] Given the response date of April 9, 2021, Defendants have concurrently filed herewith a separate motion to shorten time to consider this Administrative Motion.

-4-

## CONCLUSION

For the foregoing reasons, the Court should strike Plaintiff's *Daubert* motion or deny it without prejudice to Plaintiff submitting motions in limine in accordance with the procedures set forth in the Third Amended CMO.

Dated: April 6, 2021

Respectfully submitted,

**WHGC, P.L.C.**

By: _/s/ Kathleen E. Alparce_
Jeffrey C.P. Wang
Michael G. York
Kathleen E. Alparce
Jessica A. Crabbe

Attorneys for Defendants and Cross-Complainants
XINGKE ELECTRONICS (DONGGUAN) CO., LTD., NG CHER YONG AKA CY NG, LIEW YEW SOON AKA MARK LIEW, AND MUI LIANG TJOA AKA ML TJOA

## CERTIFICATE OF SERVICE

The undersigned hereby certify that a true and correct copy of Defendants' Motion for Administrative Relief Regarding Plaintiff's Premature Daubert Motion in Limine, filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated on non-registered participants on **April 6, 2021**.

Executed on **April 6, 2021**, at Newport Beach, California.

/s/ *Martha Valenzuela*
MARTHA VALENZUELA