LAEL D. ANDARA (SBN 215416)
DANIEL E. GAITAN (SBN 326413)
ROPERS MAJESKI PC
1001 Marshall Street, 5th Floor
Redwood City, CA 94063
Telephone:  650.364.8200
Facsimile:  650.780.1701
Email:  todd.roberts@ropers.com
        lael.andara@ropers.com
        daniel.gaitan@ropers.com

*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | Case No. 3:17CV5517<br><br>**PLAINTIFF SINCO TECHNOLOGIES PTE LTD'S OPPOSITION TO DEFENDANTS' MOTION TO SHORTEN TIME TO CONSIDER MOTION FOR ADMINISTRATIVE RELIEF REGARDING PLAINTIFF'S *DAUBERT* MOTION**<br><br>Date:      TBD<br>Time:      TBD<br>Courtroom: 5<br>Judge:     Edward M. Chen<br><br>Trial Date:     11/01/2021<br>Date Action Filed: 9/22/2017 |

I. **XINGKE'S MOTION TO SHORTEN TIME LACKS GOOD CAUSE**

Plaintiff SinCo Technologies Pte. Ltd. ("SINCO") respectfully opposes the motion by Defendants SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA; NG CHER YONG; and LIEW YEW SOON (herein "Defendant/s" or "XINGKE") to shorten time to consider its Motion for Administrative relief regarding Plaintiff's *Daubert* Motion. XINGKE's Motion is improper pursuant to Civil L.R. 6-3 **Motion to Change Time**:

> **(a) Form and Content.** A motion to enlarge or shorten time may be no more than 5 pages in length and must be accompanied by a proposed order and by a declaration that:
>
> **(1)** Sets forth with particularity, the reasons for the requested enlargement or shortening of time;
>
> **(2)** *Describes the efforts the party has made to obtain a stipulation to the time change*;
>
> **(3)** *Identifies the substantial harm or prejudice that would occur if the Court did not change the time*; and
>
> **(4)** If the motion is to shorten time for the Court to hear a motion:
>
> (i) Describes the moving party's compliance with Civil L.R. 37-1(a), where applicable, and
>
> (ii) Describes the nature of the underlying dispute that would be addressed in the motion and briefly summarizes the position each party had taken.

A. *Xingke's Motion to Shorten Time Violated Civil L.R. 6-3 (a)(2).*

XINGKE's Motion of **April 6, 2021**, evidences that counsel for Defendants failed to inquire if SINCO would stipulate to the time change as is required under L-R 6-3(a)(2). XINGKE's statement:

> Based upon these procedural deficiencies, we demand that SinCo withdraw the Daubert Motion pending (set for hearing on May 6, 2021) immediately but no later than 10 am on Tuesday, April 6, 2021. Otherwise, Defendants will bring an administrative motion to strike SinCo's Daubert Motion accordingly.

*Alparce Declaration* at Exhibit A. As is further consistent with counsel's pattern and practice with their email correspondence and filings after hours, this email was sent on Friday night after SINCO's counsel had left the office. SINCO's counsel had requested a meet and confer with XINGKE's counsel, only four hours earlier, which XINGKE had not responded to prior to sending

4813-5323-5172.3

- 1 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MTN TO SHORTEN TIME
3:17CV5517

Exhibit A, wherein they could have utilized the opportunity to meet and confer prior to filing their motion to shorten time.. *Declaration of Daniel Gaitan ISO Opp. Mot. Shorten Time ("Gaitan Decl.")* at Exh. A. Nowhere in the communication is there a request for a meet and confer, and in the related State Action, SINCO received the following email from Ms. Alparce at 5:53 PM on **April 2, 2021**:

> We are not available on Monday, 4/5 at 3:30 pm for the telephonic meet and confer requested by Mr. Gaitan. However, we can make ourselves available for such a discussion on Wednesday, 4/7 at 1 pm.

*Id.* at Exh. B. XINGKE's repeated failure to cooperate in scheduling or meet and confer is well documented in this litigation. [ECF 201 at Audio time 6:30-8:30 and11:54-20:00; ECF 252 sanctioning Defendants current and prior counsel in the same Order and ECF 278.] Ms. Alparce's, Exhibit A, evidences a lack of any discussion or notice of intent to bring a Motion to shorten time as required by Civil L.R. 6-3(a)(3).

### B.     *Xingke's Motion to Shorten Time Violated Civil L.R. 6-3 (a)(3).*

The harm claimed, is glaringly absent from the motion to shorten time. [ECF 387.] The harm claimed by XINGKE in the Administrative Motion was that 1.) It would force XINGKE to prematurely file their opposition and 2.) SINCO improperly exceeded the page limit. [ECF 386 at 2:14-16.] On **April 9, 2012,** at 8:17 PM, XINGKE filed their opposition to SINCO's motion to strike, making these two points moot. [ECF 389] The **April 9, 2012,** filing undermined their page limitation argument, as XINGKE's Opposition was 21 pages, as compared to SINCO's "22-page memorandum of points and authorities." [ECF 386 at 3:16-17.] By their own acts XINGKE has extinguished any need for their administrative motion to be heard, much less on shortened time.

### C.     *Xingke's Motion to Shorten Time Violated Civil L.R. 7-3 ).*

XINGKE's underlying administrative motion of **April 6, 2021,** was improperly filed separate from XINGKE's Opposition to SinCo's Motion to strike of **April 9, 2021,** under Civil L.R. 7.3.

> **7-3. Opposition; Reply; Supplementary Material**
>
> (a) Opposition. Any opposition to a motion may include a proposed order, affidavits or declarations, as well as a brief or memorandum under Civil L.R. 7-4. ***Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum.*** Pursuant to Civil L.R. 7-4(b), such brief or

memorandum may not exceed 25 pages of text. The opposition must be filed and served not more than 14 days after the motion was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

XINGKE filed a separate administrative motion, apart from their Opposition in violation of Civil L.R. 7-3's requirement these procedural objections be included in their Opposition. Civil L.R. 7-3 (a).

As a separate observation even had XINGKE complied and combined their procedural objections, the combination of those motions would have been in violation of Civil L.R. 7-4 (b).[1] Recall, XINGKE asserted exceeding page limitation would result in prejudice. [ECF 386 2-16].

## II. CONCLUSION

XINGKE's refusal to meet and confer in either this matter or the related state action, until XINGKE could submit their Motion for Administrative Relief, followed eight minutes later by a Motion to Shorten Time should not be rewarded. Furthermore, XINGKE never objected or clarified when SINCO affirmatively stated in the Joint Case Management Conference Statement of **December 3, 2020** and during the Case Management conference with the Court on **December 10, 2020**, that it intended to bring a Daubert Motion to strike the damages expert, in fact XINGKE echoed the same intention. [ECF 364[2]; 371 and 373.]

Dated: April 12, 2021

Respectfully submitted,

ROPERS MAJESKI PC

By: *Daniel Gaitan*
LAEL D. ANDARA
DANIEL E. GAITAN
Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE LTD

---

[1] Civil L.R. 7-4 (b) **Length**. Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.
[2] Defendants' Statement in the Joint CMC statement: Defendants intend to file motions *in limine* **and** a *Daubert* motion. [ECF 364.]