LAEL D. ANDARA (SBN 215416)
DANIEL E. GAITAN (SBN 326413)
ROPERS MAJESKI PC
1001 Marshall Street, 5th Floor
Redwood City, CA 94063
Telephone:     650.364.8200
Facsimile:     650.780.1701
Email:         lael.andara@ropers.com
               daniel.gaitan@ropers.com

Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | Case No. 3:17CV5517<br><br>**PLAINTIFF SINCO TECHNOLOGIES PTE LTD'S OPPOSITION IN SUPPORT OF ITS *DAUBERT* MOTION TO STRIKE AND IN OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Date:       TBD<br>Time:       TBD<br>Courtroom:  5<br>Judge:      Edward M. Chen<br><br>Trial Date:        11/01/2021<br>Date Action Filed: 9/22/2017 |

Plaintiff SinCo Technologies Pte. Ltd. ("SINCO") respectfully opposes the motion by Defendants SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA; NG CHER YONG; and LIEW YEW SOON (herein "Defendants" or "XINGKE") to strike SINCO's *Daubert* motion.

**I.   INTRODUCTION**

Faced with the reality that the opinions of its experts are likely inadmissible under *Daubert*,

1  XINGKE asks this Court to strike SINCO's *Daubert* motion and permit opinion testimony without
2  exercising its gatekeeping function. XINGKE's argument is based upon the misguided notion that
3  SINCO's filing of its *Daubert* motion contained **procedural deficiencies [ECF 386]**, which
4  rendered it premature, thus failing to comply with the Court's Third Amended Case Management
5  and Pretrial Order for Jury Trial.  This argument, however, is flawed on multiple grounds. First,
6  because according to Civil L.R. 7-3(a), XINGKE's assertions that SINCO's *Daubert* motion filing
7  contains procedural deficiencies cannot be presented in an administrative Motion to Strike separate
8  from its Opposition briefs. ("[any] evidentiary and procedural objections to the motion must be
9  contained within the [Opposition] brief or memorandum.") XINGKE's submission of its Motion to
10 Strike SINCO's *Daubert* motion on procedural grounds is sufficient for denying the motion, as this
11 Court and other courts in this district have held time and again.
12     In any event, XINGKE's arguments based upon an alleged "premature" filing of SINCO's
13 *Daubert* motion are meritless, as SINCO has the right to bring pretrial *Daubert* motions to challenge
14 the reliability of expert witnesses' opinion testimony.
15 **II.    PROCEDURAL HISTORY**
16     On **February 1, 2021**, the Court entered Third Amended Case Management and Pretrial
17 Order for Jury Trial, which sets forth the procedures by which the parties are required to follow in
18 submitting any motions in limine but does not explicitly detail timelines for filing separate *Daubert*
19 challenges. On **March 26, 2021**, SINCO filed its *Daubert* motion seeking to challenge the
20 reliability of opinion expert testimony to be presented by Henry Kahrs and Adrian Fleissig at trial.
21 This challenge comes nearly eight months before trial, which is set for **November 01, 2021**.
22     On **April 2, 2021**, following SINCO's filing, Defendants sent an e-mail correspondence
23 demanding that the *Daubert* challenges be withdrawn, due to alleged procedural deficiencies based
24 on this Court's Orders. Declaration of Daniel Gaitan in Support of its Opposition to Defendants
25 Motion to Strike (*Gaitan Decl.* Ex A.) On **April 6, 2021**, Defendants filed their administrative
26 motion pursuant to Local Rule 7-11, (the improper method) asking this Court to strike or deny
27 Plaintiffs Daubert motion to exclude the testimony of Henry Kahrs and Adrian Fleissig at trial,
28 based on procedural inconsistencies with the Court's Third Amended Case Management and

1 | Pretrial Order for Jury Trial. On **April 9, 2021**, XINGKE filed its opposition to SINCO's Daubert motion, and oral argument is set for **May 6, 2021**.

### III. ARGUMENT

#### A. DEFENDANTS IMPROPERLY BROUGHT THIS MOTION UNDER LOCAL RULE 7-11

Local Rule 7-11, which governs motions for Miscellaneous administrative relief, states:
*"The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, **not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge**. These motions would include matters such as motions to **exceed otherwise applicable page limitations or motions to file documents under seal, for example.**"*

Based on the plain text of L.R. 7-11, at the very core of XINGKE's argument, lies a contradiction. XINGKE alleges that SINCO has failed to submit a timely motion on procedural grounds—subject to this Court's Third Amended Case Management and Pretrial Order for Jury Trial. [ECF 386]. "The Court should strike Plaintiff's Daubert motion because it was filed in violation of the Court orders"). Yet, in the same breath, it brings a motion under L.R. 7-11, which is designed by its plain construction to govern only miscellaneous administrative matters <u>not otherwise governed</u> by a <u>local rule</u> or <u>standing order</u> of the assigned judge.

Thus, because XINGKE bases its argument concerning the alleged procedural deficiencies in the filing of SINCO's *Daubert* motion on the Third Amended Case Management and Pretrial Order, L.R. 7-11 is inapplicable. Additionally, this is not a motion to "exceed otherwise applicable page limitations or motion to file documents under seal." L.R. 7-11.

#### B. THIS MOTION SHOULD BE DENIED PURSUANT TO CIVIL L.R. 7-3

XingKe's motion is improper pursuant to L.R. 7-3(a), which reads:
*Any opposition to a motion may include a proposed order, affidavits or declarations, as well as a brief or memorandum under Civil L.R. 7-4. **Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum.***

When procedural objections are filed separately as a motion to strike, Civil L.R. 7-3(a) compels the denial of the motion. XINGKE's motion to strike is a procedural objection to SINCO's Daubert motion and should be denied based on Civil L.R. 7-3(a) alone. Gaitan Decl. Exh. A and [ECF 346.] "SinCo's filing of its *Daubert* Motion is premature and thus fails to comply with the Court's Third

Amended Case Management and Pretrial Order for Jury Trial.") Similarly, other courts in this District have struck, ignored, or denied motions for failure to comply with Civil L.R. 7-3. For example, in *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111 (N.D. Cal. 2011), the parties extensively briefed a motion for class decertification and filed motions to strike each other's declarations on procedural grounds including failure to comply with Federal Rule of Civil Procedure 26. The court, in that case, wrote:

> ***Local Rule 7–3(b) requires evidentiary and procedural objections to a motion to be contained within the opposition brief...*** *The Court finds that Plaintiffs' two MTS [motions to strike] violate Local Rule 7-3(b) and Defendants' MTS violates Local Rule 7–3(c). Both parties have attempted to evade the briefing page limits by filing MTS instead of fully voicing their evidentiary and procedural objections in their opposition and reply briefs as required by the Local Rules. Accordingly, the Court DENIES all MTS and will only address the evidentiary arguments to the extent they are raised in the parties' briefs.*

*Id.* at 119 (citations omitted). Again, in *t'Bear v. Forman*, 359 F. Supp. 3d 882, 896–97 (N.D. Cal. 2019), the parties briefed cross-motions for summary judgment, and filed separate evidentiary objections, which were found to be improper and overruled due to failure to comply with L.R. 7-3:

> *... Defendant's objections span 32 pages. These separate filings violate Civil Local Rules 7- 3(a),(c), which require that <u>"[a]ny evidentiary and procedural objections to the [motion or opposition] must be contained within the [opposition or reply] brief or memorandum..."</u> Accordingly, the Court overrules the parties' objections to the extent they are raised outside their opposition or reply briefs. Id.* at 896–97 (Emphasis Added).

Based upon an extensive catalog of decisions applying procedural objections like the one raised in XINGKE's motion to strike, it is clear that the motion cannot be considered for any purpose. *See, e.g., Chang v. Flagstar Bank FSB*, No. 13-cv-05785-JST, 2014 WL 1245261, at *1 n.2 (N.D. Cal. Mar. 24, 2014) ("Chang separately filed objections to the evidence... Because these objections do not comply with the local rules of this district, the Court does not consider these objections for any purpose.") Pursuant to L.R. 7-3, and Case law, the Court should not consider any arguments found within this improperly filed motion.

C.   **SINCO'S *DAUBERT* MOTION WAS TIMELY AND PROPERLY FILED**

According to Moore's Federal Practice Guide:

> *[T]he best approach is to require that challenges to expert testimony be made during pretrial proceedings, either at the close of expert discovery or through in limine or other*

*motion immediately prior to trial. In cases involving multistage discovery, motions challenging expert witnesses can be presented in a similarly staged manner, if necessary.*

32 Moore's Federal Practice - Civil 23.3 (2021). Yet, Defendants—without providing any legal authority in support—seem to suggest otherwise by indicating in their Motion for Administrative Relief that the relief SINCO appears to request from the Court should be brought as a Motion in Limine. SINCO has not created any procedural deficiencies by filing its *Daubert* challenges separate from its motions *in limine*. This notion is further supported by the fact that this Court has set a hearing date for SINCO's *Daubert* challenges on **May 6, 2021**, and that the Honorable Judge Chen has heard Daubert Motions filed as Motions to Strike on the merits that have exceeded 21 pages [CASE NO. 13-CV-4700-EMC - Aylus Networks, Inc., v. Apple Inc - Document Nos. 185, 208, 218, 245], research SINCO conducted prior to filing its Daubert.

### IV. CONCLUSION

XINGKE's motion should be summarily denied based on the reasons set forth above.

Dated: April 12, 2021

Respectfully submitted,

ROPERS MAJESKI PC

By: /s/ Daniel Gaitan
LAEL D. ANDARA
DANIEL E. GAITAN
Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE LTD