1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., | Case No. 17-cv-05517-EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF, AND DENYING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY** |
| SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., | |
| Defendants. | Docket Nos. 384, 386 |

Plaintiff has filed a *Daubert* Motion to Strike the Expert Report of Defendants' Damages Expert Henry Kahrs and to Preclude Mr. Kahrs and Adrian Fleissig from Testifying at Trial. Docket No. 384. The motion requests that the Court exclude Defendants' damages expert from testifying at trial. Defendants have moved, under Local Rule 7-11, for administrative relief on Plaintiff's *Daubert* motion, arguing that it was premature under the Court's third amended case management order ("CMO"). Docket No. 386.

The Court issued the CMO on February 1, 2021. Docket No. 380. It required the parties to submit a joint pretrial conference statement at least 21 days prior to the final pretrial conference. CMO at 3. The final pretrial conference is scheduled for October 5, 2021. *Id.* at 1. With respect to witnesses, the statement requires the following:

> **Witnesses**. The following information should be provided as an appendix to the joint pretrial conference statement. For each party, a list of all witnesses likely to be called at trial, including those appearing by deposition. For each witness, there should be a short statement of the substance of his or her testimony and an estimate regarding the length of testimony (including direct and cross-examination). If the witness is an expert witness, the short statement should clearly state the expert's theories and conclusions and the bases therefor; in addition, the expert's curriculum vitae and report

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(if any) should be attached. ***If there are objections to a live witness's testimony, whether in whole or in part, that objection should be raised through a motion in limine***. For objections to deposition testimony, *see* Part B.8, *infra*.

*Id.* at 4 (emphasis added). The CMO prescribes the following procedure for filing motions in limine:

> **Motions in Limine**. The following procedure should be used with respect to motions in limine. *At least thirty-two (32) days before the pretrial conference, serve – but do not file – the moving papers*. At least twenty-five (25) days before the conference, serve – but do not file – the oppositions. When the oppositions are received, the moving party should collate the motion and opposition together, back to back, and then file the paired sets (each under separate cover) at least twenty-one (21) days prior to the conference.
>
> *Each motion in limine should address a single topic and contain no more than seven pages of briefing per side*. Reply briefs are not permitted. Usually, each party or side should not need to file more than five motions in limine. Each party shall number its motions in limine in order of importance, the first being the most important.

*Id.* at 6 (emphasis added).

The Court therefore **DENIES** Plaintiff's *Daubert* motion, **without prejudice**, because it is premature and not in compliance with the CMO directing that motions to exclude testimony should be brought as pretrial motions in limine. If Plaintiff wanted to bring an early *Daubert* motion, it was incumbent upon Plaintiff to seek leave from this Court to do so. Defendants' motion for administrative relief is **GRANTED**. The Court **directs** Plaintiff to serve its *Daubert* motion on Defendants along with any other motions in limine in accordance with the CMO absent leave to do otherwise.

This order disposes of Docket Nos. 384 and 386.


**IT IS SO ORDERED**.


Dated: April 30, 2021

_____
EDWARD M. CHEN
United States District Judge

2