| | |
|---|---|
| **ROPERS MAJESKI PC**<br>TODD A. ROBERTS (SBN 129722)<br>todd.roberts@ropers.com<br>LAEL D. ANDARA (SBN 215416)<br>lael.andara@ropers.com<br>ROBIN M. PEARSON (SBN 146704)<br>robin.pearson@ropers.com<br>DANIEL E. GAITAN (SBN 326413)<br>daniel.gaitan@ropers.com<br>545 Middlefield Road, Suite 175<br>Menlo Park, CA 94025<br>Telephone:    650.364.8200<br><br>*Attorneys for Plaintiff*<br>SINCO TECHNOLOGIES PTE LTD<br><br>**WHGC, P.L.C.**<br>MICHAEL YORK (SBN 89945)<br>MichaelYork@WHGCLaw.com<br>JEFFREY C.P. WANG<br>JeffreyWang@WHGCLaw.com<br>KATHLEEN E. ALPARCE<br>KathleenAlparce@WHGCLaw.com<br>JESSICA A. CRABBE (SBN 263668)<br>JessicaCrabbe@WHGCLaw.com<br>1301 Dove Street, Suite 1050 Newport Beach, CA 92660 Telephone: (949) 833-8483 | **ARNOLD & PORTER KAYE SCHOLER LLP**<br>DOUGLAS A. WINTHROP (SBN 183532)<br>Douglas.Winthrop@arnoldporter.com<br>JEREMY T. KAMRAS (SBN 237377)<br>Jeremy.Kamras@arnoldporter.com<br>JESSICA GILLOTTE (SBN 333517)<br>Jessica.Gillotte@arnoldporter.com<br>JING WANG (SBN 328020)<br>Jing.Wang@arnoldporter.com<br>JOSEPH FARRIS (SBN 263405)<br>Joseph.Farris@arnoldporter.com<br>ROBBIN LEE (SBN 6313334)<br>Robbin.Lee@arnoldporter.com<br>NEESHA CHHINA (SBN 5726021)<br>Neesha.Chhina@arnoldporter.com<br>DANIA QAHOUSH (SBN 335202)<br>Dania.Qahoush@arnoldporter.com<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Telephone: (415) 471-3100<br><br>*Attorneys for Defendants*<br>XINGKE ELECTRONICS (DONGGUAN) CO., LTD. Formerly known as SINCO ELECTRONIC (DONGGUAN) CO. LTD., MUI LIANG TJOA aka ML TJOA, NG CHER YONG aka CY NG, and LIEW YEW SOON aka MARK LIEW |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>        Plaintiff,<br><br>    vs.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>        Defendants. | Case No. 3:17-CV-05517-EMC<br><br>Action Filed: September 22, 2017<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER AMENDING PROTECTIVE ORDER**<br><br>**Judge: Honorable Edward M. Chen**<br><br>**Trial:    November 1, 2021** |

STIPULATION AND [PROPOSED] ORDER AMENDING PROT. ORDER          NO. 3:17-CV-05517-EMC

Plaintiff SINCO TECHNOLOGIES PTE LTD. ("SinCo") and Defendants MUI LIANG TJOA, NG CHER YONG, LIEW YEW SOON, and XINGKE ELECTRONICS (DONGGUAN) CO., LTD. ("Xingke") (collectively, "Defendants") (hereinafter collectively "Parties"), through their respective attorneys of record, file this Joint Stipulation and Proposed Order by which the Parties memorialize their agreement that the Stipulated Protective Order entered in this action on **January 14, 2019** (the "Protective Order"), should be amended with respect to the provisions relating to the disclosure of CONFIDENTIAL-ATTORNEY'S EYES ONLY Information or Items to jury or trial consultants. [ECF 124]

ACCORDINGLY, IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel of record, that Section 7.3 of the Protective Order should be deleted in its entirety and restated as follows:

"7.3 Disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL - ATTORNEY'S EYES ONLY only to:

a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

b) Experts of the Receiving Party other than Professional jury or trial consultants of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

c) Professional Jury or trial consultants of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (3) as to whom the procedures set forth in paragraph 7.4(a)(1)-(3), below, have been followed along with a disclosure of all work in the last five years that the Professional Jury or trial consultant has done for any law firm that has represented any party to this

action or work done by the Professional Jury or trial consultant for any party or witness to this litigation in the last five years, with a brief description of the work done and amount of money received, if any;

    d) the Court and its personnel;

    e) court reporters and their staff and

    f) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

    g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information."

**IT IS SO STIPULATED,** through Counsel of Record.

Dated: September 2, 2021                         Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: Is/ *Douglas A. Winthrop*

DOUGLAS A. WINTHROP

Attorneys for Defendant

Dated: September 2, 2021                         ROPERS, MAJESKI, KOHN & BENTLY LLP

By _____

LAEL D. ANDARA

*Attorneys for Plaintiff*

SINCO TECHNOLOGIES PTE LTD.

**PURSUANT TO STIPULATION, IT IS SO ORDERED AS MODIFIED.**

Dated: September 7, 2021

_____
Honorable Joseph C. Spero