**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
**Northern District of California**

**CIVIL MINUTES**

**Date:** September 8, 2021      **Time:** 1:00 - 1:35= 35 Minutes      **Judge:** EDWARD M. CHEN

**Case No.:** 17-cv-05517-EMC      **Case Name:** Sinco Technologies Pte Ltd v. Sinco Electronics (Dongguan) Co. Ltd., et al

**Attorneys for Plaintiff:** Lael Andara, Daniel Gaitan
**Attorneys for Defendant:** Doug Winthrop, Jeremy Kamras, Joe Farris, Jeffrey Wang, Kathleen Alparce

**Deputy Clerk:** Angella Meuleman      **Court Reporter:** Marla Knox

**PROCEEDINGS HELD BY ZOOM WEBINAR**

Status Conference held.

**SUMMARY**

Parties stated appearances.

Court set this *sua sponte* status conference to inquire about witnesses from China who will be presenting live testimony at trial. Given the current state of the pandemic, there is the potential for Chinese representatives to encounter travel restrictions into the United States and may not be able to be physically present at trial.

Defendant stated it has three employees currently in China who it would like to have appear by Zoom. Plaintiff indicated opposition to this proposal and stated that it would be filing a motion in limine to address the issue. The Court **ordered** the parties to meet and confer and reach a resolution on the matter (including, *e.g.*, if there are protocols that can be adopted such as the in-person presence of a party representative who can observe the witness testify live or having testimony be given remotely from Singapore). Corporate representative can appear remotely.

Court advised parties there will be one generic questionnaire presented to the jury panel, and there may be an opportunity for counsel to have a one-page, very short specific written questionnaire on the day of jury selection to be distributed prior to in-court voir dire. Court further directed parties to meet and confer possibly stipulating to all jurors requiring proof of vaccination given health and safety concerns.

Settlement discussions have reached an impasse.  Court strongly encouraged parties to keep door opened and to find a pathway if possible to potential settlement.  Parties indicated certain pretrial ruling (e.g. affecting damages) may be helpful in informing settlement talks.

Court warned parties the 9-10 day time limit is the maximum the Court will allow for trial.  Court reserves the right to shorten the time allotted for trial and urged the parties to streamline their cases and avoid duplication.