**ROPERS MAJESKI PC**
LAEL D. ANDARA (SBN 215416)
lael.andara@ropers.com
ROBIN M. PEARSON (SBN 146704)
robin.pearson@ropers.com
DANIEL E. GAITAN (SBN 326413)
daniel.gaitan@ropers.com
545 Middlefield Road, Suite 175
Menlo Park, CA 94025
Telephone:    650.364.8200

*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | Case No. 3:17CV5517<br><br>**PLAINTIFF SINCO TECHNOLOGIES PTE LTD'S MOTION IN LIMINE NUMBER 2 TO EXCLUDE EVIDENCE PRODUCED AFTER THE CLOSE OF FACT DISCOVERY**<br><br>PRETRIAL HEARING<br>Date:      October 2, 2021<br>Time:     2:30 p.m.<br>Place:     Courtroom 5 – 17th Floor<br>Judge:    Edward M. Chen<br><br>TRIAL DATE<br>November 1, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff, SINCO TECHNOLOGIES PTE. LTD., moves, pursuant to Rules 26 (d), 26 (e), and 37(c) of the Federal Rules of Civil Procedure, for an Order excluding evidence produced by Defendants XINGKE ELECTRONICS (DONGGUAN) CO., LTD., MUI LIANG TJOA aka ML TJOA, NG CHER YONG aka CY NG, and LIEW YEW SOON aka MARK LIEW (hereinafter "Defendants") *after* the close of discovery in this matter. This motion is noticed to be heard on **October 2, 2021,** or as early as possible thereafter.

## MOTION IN *Limine* No. 2

Now comes Plaintiff SINCO and files this Motion in *Limine* ("Motion") respectfully moving this Court for an Order excluding evidence produced by Defendants *after* the close of discovery in this case. The facts at issue in this Motion are very straightforward. The Case Management and Pretrial Order for Jury Trial was published by this Court on **June 13, 2019**. [ECF 225] Pursuant to the Pretrial Order, the Non-Expert Discovery Cut-Off in this case was set for **January 9, 2020**. *Id*. During discovery Plaintiff spent millions of dollars and unlike Defendants' multiple law firms, Plaintiff was never sanctioned. On the eve of the discovery cut-off, Defendants filed an Application to Revise the Pretrial Order, which this Court denied on **January 10, 2020**. [ECF 326]

From **September 28, 2017** to the discovery cut-off of **January 9, 2020**, Plaintiff had produced up to Bates Number SINCO2,196,780 and Defendant XingKe had produced up to Bates number DEFS_0257,890, Defendants Mui Liang Tjoa, Ng Cher Yong, and Liew Yew Soon did not produce additional documents after **January 9, 2019**. Defendants believe they are entitled to circumvent the Court's ruling of **January 10, 2020**, by relying on documents produced in the State Action, which was first made known to Plaintiff by Defendants on **September 2, 2021**.

Defendants served a document titled "Supplemental Initial Disclosure" on **May 21, 2020**, more than four (4) months *after* the close of discovery, and *after* this Court denied Defendants' request to revise the Pretrial Order. This tardy disclosure precluded SINCO from conducting a meaningful investigation into this matter through the federal discovery process, and therefore Defendants should be precluded from relying on any documents or witnesses that were not timely produced during the course of discovery in this case. The parties and issues in the State action are not the same. As can be seen by Defendants Exhibit list the volume of Exhibits that would be barred if the **June 13, 2019** and **January 10, 2020** Orders are not enforced is significant and would unfairly prejudice Plaintiff who did not have the opportunity to question the witnesses at deposition with these documents are cross examine the subject matter as to this case.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Sinco Technologies Pte Ltd., ("SINCO") a Singaporean company initiated this lawsuit in September 2017, a year after filing a related lawsuit in State Court, wherein it learned that Defendant Mui Liang Tjoa had traveled to the United States with Plaintiff's then employees to discuss ongoing projects with SINCO's customers using SINCO's name and traddemarks. [ECF 1] SINCO's claims were trademark infringement and related federal and state torts for unfair competition. *Id*. This Court issued a Case Management and Pretrial Order on **June 13, 2019**, roughly a month after Defendants' fourth law firm made an appearance. [ECF 215 and 225]. To that date the parties had extensive discovery disputes and related sanction orders before Judge Spero, at a cost of millions of dollars. Pursuant to the Pretrial Order, the Non-Expert Discovery Cut-Off in this case was set for **January 9, 2020**. *Id*. Defendants filed an Application to Revise the Pretrial Order, which this Court denied on **January 10, 2020**. [ECF 326] Four months later, Defendants served a document titled "Supplemental Initial Disclosure" on **May 21, 2020**, *after* the close of discovery.[1]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26 (a)(1)(A), a party must, without awaiting a discovery request, provide to the other parties: (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy – or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. [See FRCP 26(a)(1)(A)]

FRCP 37 (c) describes the consequences of failing to comply with FRCP 26(a)(1)(A). Per FRCP 37(c), "If a party fails to provide information or identify a witness as required by Rule

---

[1] See Exhibit A to the declaration of Lael Andara, Esq. for Defendants' May 21, 2020 Supplemental Initial Disclosure.

4827-4923-2377.1

26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure: and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). [See FRCP 37(c)]

Wide latitude is given to district court's discretion to issue sanctions under Rule 37(c)(1). *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F. 3d 29, 34 (1st Cir. 2001). When the untimely disclosure of evidence is not substantially justified or harmless, the district court can exclude the evidence where the untimely production deprived the opposing party the opportunity to question witnesses about the information. *Chisolm v. 7-Eleven, Inc.,* (2019) S.D. Cal. 2019, 383 F. Supp. 3d 1032. "Implicit in Rule 37 (c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd., v. Deckers Outdoor Corp.* 259 F. 3d 1101 at 1107 (2001). "Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and must enforce them, unless there are good reasons not to." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).

For example, Rule 37(c)(1) of the Federal Rules of Civil Procedure specifies the consequences for violating Rule 26(e)'s duty of supplementation. It provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at trial, unless the failure was substantially justified or is harmless." This rule " 'gives teeth' to Rule 26's requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011), *superseded on other grounds as*

*recognized in Shrader v. Papé Trucks, Inc.*, 2020 WL 5203459, *2 n.2 (E.D. Cal. 2020).

### III. ARGUMENT

Permitting Defendants to utilize witnesses and documents at trial that were not disclosed prior to the discovery cut-off will prejudice SINCO and disregard this Court's Orders. The appropriate remedy is for this Court to grant this Motion, and exclude documents and witnesses that were not disclosed in a timely manner, before the discovery cutoff.

#### A. Witnesses Disclosed After The Close Of Discovery Must Be Excluded From Testifying At Trial

Specifically, Defendants' tardy disclosure of witnesses included the names of the following witnesses that had not been identified prior to the close of discovery: Yunyi Chen, ▇▇▇▇ and/or unknown third-party Google employees, ▇▇▇▇ and/or other unknown employees of third-party Intel, ▇▇▇▇ and witnesses identified in depositions from other third parties such as Bose, Motorola, etc.

The United States District Court for the Northern District of California recently ruled on this very issue in *Mendoza v. Intuitive Surgical, Inc.*, [2021 WL 1910886] In *Mendoza*, plaintiff Donna Mendoza failed to identify her husband, Thomas Mendoza, Jr. as a fact witness in her FRCP Rule 26(a)(1) disclosures. *Id* at *3. Mr. Mendoza would be proffered to testify on key issues in the case, including his wife's medical condition and damages she sustained. *Id*. Defendant Intuitive Surgical did not have the opportunity to depose Mr. Mendoza, or to otherwise obtain discovery from him as he was not identified as a potential witness in Plaintiff's disclosures. The Court held that admitting Mr. Mendoza's testimony would prejudice Intuitive Surgical, and excluded him from testifying. *Id.*

This Court should exclude witnesses identified by Defendants *after* the close of discovery, as permitting Defendants to call these witnesses would prejudice SINCO.

#### B. Defendants Must Be Precluded From Utilizing Documents That Were Not Produced During The Course of Discovery

In *Chisolm v. 7-Eleven, Inc.,* (2019) S.D. Cal. 2019, 383 F. Supp. 3d 1032, an employment discrimination case, Plaintiff Helen Chisholm produced an email for the first time during an expert deposition *after* the close of discovery. *Id* at 1045. Defendant argued that the failure to

1  timely produce the email was not substantially justified or harmless.  Plaintiff offered no
2  explanation as to why she did not produce the email with her initial disclosures, or why she did
3  not supplement her initial disclosures. Plaintiff attempted to rely on the untimely disclosed email
4  in her opposition to Defendant's motion for summary judgment.  The district court sustained
5  Defendant's objection to Plaintiff's use of the email. *Id*.

6  "Disruption to the schedule of the court and other parties in that manner is not harmless.
7  Courts set such schedules to permit the court and the parties to deal with cases in a thorough and
8  orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."
9  *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).  The appropriate
10  result here is to preclude both parties from using documents that were not produced during the
11  course of discovery.

12  Specifically, the last sequential bates labeled document produced by Defendants *prior* to
13  the close of discovery was DEFS_0257890 on January 3, 2020.[2] SINCO therefore asks this Court
14  to limit Defendants ability to utilize documents that were produced during the course of
15  discovery, and prior to the discovery cutoff.  Specifically, SINCO asks this Court to preclude
16  Defendants from utilizing documents with bates numbers beyond DEFS_0257890, which was
17  Defendants' last production *prior* to the discovery cutoff.

---

[2] See declaration of Lael Andara, Esq. at ¶2

4827-4923-2377.1

**IV.  CONCLUSION**

For the reasons stated herein, Plaintiff SINCO respectfully asks this Court to preclude Defendants from introducing documents or calling witnesses that were not disclosed during the course of discovery.  Defendants have no reasonable justification for failing to comply with this Court's scheduling order, and therefore should not be permitted to introduce witnesses and documents that were not identified in a timely manner.

Dated: September 3, 2021

Respectfully submitted,

ROPERS MAJESKI PC

By:  */s/ Lael D. Andara*
LAEL D. ANDARA
ROBIN M. PEARSON
DANIEL E. GAITAN
Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE LTD

1  DOUGLAS A. WINTHROP (SBN 183532)
   Douglas.Winthrop@arnoldporter.com
2  JEREMY T. KAMRAS (SBN 237377)
   Jeremy.Kamras@arnoldporter.com
3  JOSEPH FARRIS (SBN 263405)
4  Joseph.Farris@arnoldporter.com
   **ARNOLD & PORTER KAYE SCHOLER LLP**
5  Three Embarcadero Center, 10th Floor
   San Francisco, CA 94111-4024
6  Telephone: 415.471.3100
7  Facsimile: 415.471.3400

   WHGC, P.L.C.
   Jeffrey C.P. Wang (SBN 144414)
   *JeffreyWang@WHGCLaw.com*
   Michael G. York (SBN 89945)
   *MichaelYork@WHGCLaw.com*
   Kathleen E. Alparce (SBN 230935)
   *KathleenAlparce@WHGCLaw.com*
   Jessica A. Crabbe (SBN. 263668)
   *JessicaCrabbe@WHGCLaw.com*
   1301 Dove Street, Suite 1050
   Newport Beach, CA 92660
   Tel. (949) 833-8483; Fax: (866) 881-5007

8  *Attorneys for Defendants* XINGKE ELECTRONICS
   (DONGGUAN) CO., LTD., formerly known as
9  SINCO ELECTRONICS (DONGGUAN) CO., LTD.,
   LIEW YEW SOON aka, MARK LIEW, NG CHER
10 YONG. aka CY NG, and MUI LIANG TJOA aka ML
11 TJOA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual), <br><br> Defendants. | Case No. 3:17-CV-05517-EMC <br><br> Action Filed: September 22, 2017 <br><br> **OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2** <br><br> Date:   October 5, 2021 <br> Time:   3:00 p.m. <br> Place:  Courtroom 5, 17th Floor <br><br> **Judge:   Honorable Edward M. Chen** <br><br> **Trial:   November 1, 2021** |

## I. SUMMARY OF OPPOSITION TO MOTION IN LIMINE NO. 2

In its Motion in Limine No. 2 ("Motion"), Plaintiff SinCo Technologies PTE Ltd. ("SinCo SG") seeks an overbroad and one-size-fits-all order excluding from this trial: (1) *all* documentary evidence produced (or to be produced) in connection with ongoing discovery in the parallel state court action ("State Action"), which involves the same parties, the same factual issues, and the same legal counsel; and (2) possible customer witnesses that have always been known to all parties and that were formally disclosed by Defendants nearly a year and a half ago in May 2020. Neither order is warranted.

**Documents.** The vast majority of the documents that both sides included on their Exhibit Lists were produced before the discovery cutoff in this action in January 2020. There are only 43 of 395 Exhibits reflecting documents produced in the State Action after that date or provided for exchange before trial that Defendants seek to introduce as evidence.[1] Further, reliance on documents from the State Action is substantially justified here, in light of the parties' express agreement and practice of sharing document productions between the two actions, and given the unique relationship of the cases, which involve the same parties litigating two substantially parallel proceedings in two courts. It is not unexpected that relevant documents would be produced in the State Action after the close of discovery here; nor would it be unfair to allow such documents to be used in this action.

**Witnesses.** There are only a few witnesses at issue—all customers that have been known by SinCo SG to be at issue for years in this case and in the state case based on its own allegations and extensive references to them in discovery and evidence—who would provide very limited testimony (each is estimated to provide testimony of around .5 hours). And, critically, Defendants gave formal notice to SinCo SG of its interest in calling these individuals as trial witnesses in this case nearly a year and a half ago in May 2020.[2]

---

[1] *See* Exhibit List, Trial Exs. 729, 828–838, 840–842 & 851–878.
[2] By contrast, Plaintiff's Trial Witness List includes its Chinese lawyer and a Canadian patent agent who *were never* before disclosed as witnesses—and who should also be excluded for separate reasons—including their lack of personal knowledge and the extreme prejudice that would be caused by having the patent agent appear to testify as to irrelevant allegations of "fraud" and the lawyer to testify as a witness-advocate for Plaintiff. *See* Joint Pretrial Statement at Appendix B-1 (Objections to Plaintiff's Witness List).

## II. LEGAL STANDARD

A party is not barred from introducing evidence or using a witness at trial produced or identified after a discovery deadline if it was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Courts generally consider four factors to determine whether the timing of a disclosure is justified or harmless: "(1) [the] prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

Generally, "[t]o exclude evidence on a motion in limine, the evidence must be 'clearly inadmissible on all potential grounds.'" *Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, No. CV 16-0084 FMO (AJWx), 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017) (quoting *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).

## III. BACKGROUND

There is no dispute that discovery closed in this action on January 9, 2020. ECF No. 225. In a typical case, the parties would have then proceeded promptly to trial without further exchange of information via a discovery process. Of course, this case is not typical in that there is a parallel state court action involving the same parties, same general subject matter, and the same counsel. Discovery in that case has remained open and subject to the supervision of Discovery Referee, Judge Ware, who was also appointed to be the Special Master in this case. ECF No. 222.

Since the inception of this action, the parties have also operated on the premise that the discovery in the State Action and this action are interrelated and reached an agreement that documents produced in the State Action would be applicable in this proceeding. At the April 26, 2018 Case Management Conference, counsel for SinCo SG confirmed this to the Court:

```
        13            THE COURT:  Well, let's just say this, that any
        14   discovery that is obtained in the state court case is going to
        15   be applicable here.
        16            MR. ANDARA:  Yes.  I think we've already agreed to
        17   that.
        18            THE COURT:  Yes.
        19            MR. ANDARA:  Yes.
```

*See* ECF No. 48 at 31:13–19.

The parties further memorialized this understanding in a Joint Case Management Statement submitted on October 18, 2018, wherein they noted: "The parties have agreed—and this Court approved—to avoid duplicat[ion] of discovery by using the Bates numbered evidence exchanged in the State Action." ECF No. 81 at 11. Accordingly, the parties do not differentiate in Bates stamping between documents produced for the State Action and documents produced in this action, and have used the documents interchangeably in briefing for both proceedings.

## IV. ARGUMENT

### A. SinCo SG's Motion is substantially overbroad on its face.

As an initial matter, SinCo SG's Motion is substantially overbroad on its face insofar as it seeks the exclusion of all evidence produced after January 9, 2020. *Ervine v. Desert View Regional Medical Center Holdings, LLC*, No. 2:10-CV-1494- JCM (GWF), 2017 WL 4038858, at *5 (D. Nev. Sept. 13, 2017) (denying defendants' motion in limine seeking to exclude all witnesses not specifically named and documents not previously identified in plaintiffs' disclosures as "substantially overbroad" given that not all evidence outside of plaintiffs' disclosures would prejudice defendants and "[t]hese determinations can only be made if and when plaintiffs attempt to introduce evidence or witness testimony not contained in their disclosures"). The Motion fails to identify any specific documents, or even categories of documents, that it seeks to exclude. Rather, SinCo simply makes a general argument that admission of any documents produced after January 9, 2020 would cause it prejudice. Mot. at 6 (requesting the exclusion of all documents produced by Defendants "with Bates number beyond DEFS_0257890"). The Court should not issue a "blanket ruling at this stage that *anything* outside of [the discovery deadline] will *per se* cause unfair surprise and substantial prejudice" to SinCo SG. *Ervine*, 2017 WL 4038858, at *5.

### B. The limited documents that were produced after January 2020 should not be

**excluded.**

Rather than evaluate this issue in the abstract, the Court should consider exactly what document are issue. They can be broken out into the following three categories:

**1. One reproduction of a previously produced document in native format, as requested by SinCo SG.** In response to express requests by SinCo SG, Defendants reproduced a number of documents with new Bates stamps that are simply duplicates of previously-produced documents, where the newly-stamped document is a native version of a document that was earlier only produced as an image. One of these documents is on Defendants' Exhibit List. *See* Trial Ex. 729 (DEFS_0258141–DEFS_0258179; reproduction of NG249977). This reproduction of a document previously made available to SinCo SG was substantially justified as means to fix a technical issue (and in response to a request by SinCo SG to do that), and in any event is harmless, as the content of the document was previously made available.

**2. Revenue information through 2020**. Defendants have also listed recently-produced reports summarizing XingKe's revenue from 2010 through 2020. *See* Trial Exs. 851–878. This data is consistent with the revenue information already available in the record in various other documents, with updated and complete information through 2020, which XingKe compiled and formatted in response to various discovery requests in the State Action. *See, e.g.*, Farris Declaration in Opposition to Plaintiff's Motion in Limine No. 2 ("Farris Decl."), Ex. J (Tjoa's Responses to Interrogatories in the State Action dated 8/6/2010; "XingKe is producing financial records of its sales revenue for the customers identified in response to Interrogatory No. 2, which will provide SinCo SG with the requested information."); Ex. K (SinCo SG's RFPs to XingKe dated 12/18/2020 in the State Action requesting sales revenue). As such, the timing of its production was substantially justified and it is harmless to SinCo SG.

**3. Public documents subject to judicial notice**. In addition, Defendants have produced publicly available documents that they will ask this Court to take judicial notice of. For example, this includes Apple's publicly available Supplier Lists for 2014 through 2020 and Supplier Codes of Conduct for 2015 through 2021, corporate 10-Ks for customers, and websites. *See* Trial Exs. 828–38, 840–42. Indeed, SinCo SG has also indicated on its Exhibit List that it is seeking judicial

4

notice of public documents not "produced" before January 2020 and has attached public documents pulled from the internet. *See, e.g.* Trial Exs. 40-42 (I-94 records for Defendants Liew, Ng, and Tjoa). All such documents have been public and equally available to the parties, and the timing of their disclosure is not a basis to exclude them.

Based on the agreements to share discovery with the State Action, Defendants are substantially justified in relying on their ongoing document productions in the State Action. SinCo SG has been on notice of Defendants intention to use documents produced in the State Action in this proceeding and cannot claim surprise or prejudice concerning the use of any such documents. Nor would exclusion of evidence produced in the State Action be consistent with the spirit of FRCP 26, which is to provide further the goal of a fair trial for all parties—not to hold parties to technical deadlines. *See* Fed. R. Civ. P. 26(e) (requiring supplementation of discovery responses if the "additional" information "has not otherwise been made known to the other parties during the discovery process or in writing . . ."). Defendants are not operating in bad faith by relying on documents produced in the State Action, wherein discovery is relevant to the claims at issue in this trial and remains ongoing—and all such information has been "made known" to Plaintiff via production and identification. Accordingly, these documents should not be excluded on the sole basis of the date of their production.

C. **Defendants' witnesses disclosed in May 2020 should not be excluded.**

Defendants' witnesses identified in May 2020 should also not be excluded. Practically speaking, there are only four such witness on Defendants' Trial Witness List:

| Witness | Substance of Testimony |
|---|---|
| **Andy Lim** and/or other unknown third party Google employees | Whether or not customer was confused as to source of good as being from SinCo SG or XingKe. |
| **Gabriel G. Khouri** and/or other unknown third party Intel employees | |
| **Nick Guyot**, **Paul Carter**, and/or other unknown third party Apple employees | |

All of these witnesses are alleged SinCo SG customers that are directly implicated by *SinCo SG*'s claims. Accordingly, SinCo SG has always been on notice of the relevance of such customer testimony to this proceeding.

The Advisory Committee's notes to FRCP 37(c) provides the following examples of "harmless" failures to disclose witness: (1) omission of the name of a potential witness who is known to all parties; and (2) the failure to list as a trial witness a person so listed by another party. *See* Fed. R. Civ. P. 37 advisory committee's note (1993); *see also* 6 Moore's Federal Practice § 26.27[2][d] ("[F]ailure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witnesses and the scope of their relevant knowledge well before trial.").

SinCo SG cannot reasonably dispute that these witnesses were not "known to all parties." SinCo SG's claims are expressly based on its allegations that Defendants met with and targeted SinCo SG's U.S. customers in a scheme to misrepresent their affiliation with SinCo SG. Discovery in both this action and the State Action has thus focused extensively on these specific customers. Indeed, in its Initial Disclosures and Amended Disclosures, SinCo SG expressly noted the potential for "witnesses that are current, previous, or prospective customers and employees of SinCo" but declined to specify further as "any such disclosure of customer or employees lists is proprietary in nature and implicates privacy concerns." Farris Decl., Ex. A (SinCo SG's Initial Disclosures dated 11/5/2018); Ex. B (SinCo SG's Amended Disclosures dated 4/10/2019).

Nor are the specific individuals identified here by any means a surprise to SinCo SG. For example, Andy Lim of Google has been referenced repeatedly in this proceeding—including by SinCo SG. *See, e.g.*, Farris Decl., Ex. D (SinCo SG's RPD to XingKe requesting, *inter alia*, "[e]ach and every COMMUNICATION to andylim@google.com," and other communications between specific customers); Ex. E (Decl. of Gaitan ISO SinCo SG's MSJ ¶ 25 and Ex. W, referencing communications between Andy Lim and ML Tjoa); Ex. F (1/17/2019 Depo. of Tjoa at 220:10–225:22 referencing communications with Andy Lim). Similarly, SinCo SG had ample notice of the relevance of Gabriel G. Khouri and Nick Guyot to this proceeding, along with other customers identified through the course of discovery. *See, e.g.*, Farris Decl., Ex. G (4/5/2019 Depo. of Bryan Lim, Ex. 180, email from Gabriel Khouri); Ex. H (8/24/2018 Depo. of Minh Chi Nguyen referencing interactions with Nick Guyot).

Permitting the testimony of these witnesses would result in neither surprise nor prejudice to

SinCo SG.  *See, e.g.*, *Galen v. Avenue of the Stars Assocs., LLC*, 2011 WL 837785, at *1 (C.D. Cal. Mar. 1, 2011) (declining to exclude testimony by witnesses identified in tardy supplemental disclosures served "two months before the original trial date" and finding defendant was on notice of the scope of the testimony); *Davis v. Davison Hotel Co., LLC*, No. CV 12-6327 CAS (AJWx), 2013 WL 337669, at *2–*3 (C.D. Cal. July 1, 2013) (rejecting request to preclude testimony from witnesses "[i]n the absence of any showing of surprise, prejudice, or other unfairness" and finding failure to disclose was harmless in light of defendants' discovery responses); *Ashman v. Solectron, Inc.*, No. CV 08-1430 JF, 2010 WL 3069314, at *4–*5 (N.D. Cal. Aug. 4, 2010) (denying motion to strike witness testimony disclosed after close of discovery where witness was likely and testimony was foreseeable).  By contrast, this case bears little resemblance to the principal case cited by SinCo SG, *Mendoza v. Intuitive Surgical, Inc.*, 2021 WL 1910886 (N.D. Cal. May 12, 2021), where the plaintiff sought to introduce a witness previously unknown to the defendant less than one month before trial to testify on key issues in the case.

Finally, Defendants also specifically identified these same witnesses in their Supplemental Initial Disclosures, served on May 21, 2020.  *See id.*, Ex. C.  In response, SinCo SG could have sought to depose these witnesses—either by seeking consent from Defendants in this action or by seeking them in the State Action, where discovery remains ongoing.  Instead, SinCo SG threatened to move for sanctions, and Defendants withdrew their Supplemental Disclosures at that time to avoid motion practice.  Ex. I (Defendants' counsel:  "While we do not wholeheartedly agree with your position, Defendants agree to withdraw the Supplemental Initial Disclosures.").  Nonetheless, Defendants effectively provided SinCo SG notice of their intention to rely on these witnesses over *one year and five months* before the scheduled trial in this proceeding—SinCo SG was not surprised by the inclusion of these witnesses on the eve of trial but, rather, was provided ample opportunity to conduct additional investigation of these witnesses and opted instead to respond with inaction.

## V.   CONCLUSION

For the reasons given, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine No. 2.

1  Dated: September 13, 2021.  ARNOLD & PORTER KAYE SCHOLER LLP

2  By: /s/ *Douglas A. Winthrop*
   DOUGLAS A. WINTHROP

*Attorneys for Defendants*
XINGKE ELECTRONICS (DONGGUAN) CO., LTD., formerly known as SINCO ELECTRONICS (DONGGUAN) CO., LTD., LIEW YEW SOON aka, MARK LIEW, NG CHER YONG. aka CY NG, and MUI LIANG TJOA aka ML TJOA

8
OPPOSITION TO PLAINTIFF'S MIL NO. 2                    3:17-CV-05517-EMC