**ROPERS MAJESKI PC**
LAEL D. ANDARA (SBN 215416)
lael.andara@ropers.com
ROBIN PEARSON (SBN 146704)
robin.pearson@ropers.com
DANIEL E. GAITAN (SBN 326413)
daniel.gaitan@ropers.com
545 Middlefield Road, Suite 175
Menlo Park, CA 94025
Telephone:      (650) 364-8200
Facsimile:      (650) 780-1701

*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | Case No. 3:17CV5517<br><br>**PLAINTIFF SINCO TECHNOLOGIES PTE LTD'S MOTION IN LIMINE TO EXCLUDE VIDEO TESTIMONY FROM CHINA AT TRIAL**<br><br><u>PRETRIAL HEARING</u><br>Date: October 5, 2021<br>Time: 3:00 p.m.<br>Place: Courtroom 5 – 17th Floor<br>Hon. Edward M. Chen<br><br><u>TRIAL DATE</u><br>November 1, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff, SINCO TECHNOLOGIES, PTE, LTD., moves pursuant to Rules , 32 (a)(2) – (8), 804(a)-(b)of the Federal Rules of Evidence and Rules 32(a)(4) and 43(a) of the Federal Rules of Civil Procedure, for a ruling excluding Defendants KINGKE ELECTRONICS (DONGGUAN) CO., LTD formerly known as SINCO ELECTRONICS DONGGUAN) CO. LTD., MUI LIANG TJOA aka ML TJOA, NG CHER YONG aka CY NG, and LIEW YEW SOON aka MARK LIEW (hereinafter "Defendants") request that the trial

testimony of witnesses Jerry Yang Darui, Gouki Gao and Deqiang Liu be allowed to be presented via Zoom. This motion is noticed to be heard on October 2, 20212, in Courtroom 5 located on the 17th Floor, before the Honorable Judge Edward M. Chen, or as early as possible thereafter.

## MOTION *IN LIMINE* No. 6

Now comes Plaintiff, SINCO TECHNOLOGIES, PTE, LTD., ("SINCO) and files this Motion *In Limine* respectfully moving this Court for an order excluding the trial testimony of three of Defendants witnesses, Jerry Yang Darui, Gouki Gao and Deqiang Liu via Zoom. The parties became aware of the trial date on February 1, 202, by the Third Amended Case Management and Pretrial Order for Jury Trial was received from the Honorable Edward M. Chen. The parties have been afforded significant time, from February 1, 2021 to make proper arrangements for witnesses to appear at trial.

Defendants seek to have three witnesses appear at trial via Zoom, instead of appearing in person or using prior deposition testimony of the tree witnesses taken in 2019. Defendants' request runs afoul of Federal Rule of Civil Procedure 32 (a) (4); 43(a) and is also in violation of International Law. Accordingly, SINCO requests an Order excluding the testimony of Jerry Yang Darui, Gouki Gao and Deqiang Liu by Zoom at trial commencing November 1, 2021. The grounds for this motion are presented in the attached Memorandum.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Sinco Technologies Pte Ltd. ("SINCO") a Singaporean company initiated this lawsuit in September 2017, a year after filing a related lawsuit in State Court. [ECF 1] SINCO's claims were trademark infringement and related federal and state torts for unfair competition. *Id*. Pursuant to the Third Amended Case Management and Pretrial Order for Jury Trial dated February1, 2021, a trail date of November 1, 2021 was set for the pending litigation. Defendants now claim that three (3) witnesses are unavailable to appear at trial due in part to COVID-19 and travel restrictions. Fortunately, the three (3) witnesses in questions were deposed and that testimony can be used at trail to maintain the integrity and fairness of witness testimony at trial.

## II. LEGAL STANDARD

Fed. R. Civ. P. 32(a)(4) provides that:

"Unavailable Witness. A party may use for any purpose the deposition of a witness, whether or not a party, it the court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

### 2. There is a Presumption of In Person Testimony

Federal Rule of Civil Procedure 43(a) provides that:

"At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location. **Fed. R. Civ. P. 43(a).**

Moreover, the Advisory Committee Notes on the 1996 Amendment to Rule 43 clarify the requisite "good cause" and "compelling circumstances," explaining that [c]ontemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness,

but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.

Other possible justifications for remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying.

A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment:

"At trial, the witnesses' testimony must be taken in open court." Fed. R. Civ. P. 43(a). The Rules prefer live, in-person testimony. *Id*. at advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten."). There is no technology to date that can substitute for a juror looking a witness in the eyes. See *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005). So federal courts place a significant emphasis on in-person testimony. Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.").

## III.   ARGUMENT

### 1.   The Use of Deposition Testimony is the Proper Way to Obtain the Testimony of an Unavailable Trial Witness

Defendants' have requested to conduct trial testimony of three witnesses: Jerry Yang Darui, Gouki Gao and Deqiang Liu via Zoom eight (8) months after notice of the November 1st trial date. This request is untimely and shold not be permitted. All three of these proposed witnesses were deposed in 2019, None of these witnesses are pivotal to any specific claim in the pending litigation, and at best are cumulative. There is no prejudice to Defendants in requiring in person attendance as there is a mechanism that if the witness is unavailable, the deposition testimony may be used under Federal Rule of Civil Procedure 32.

While Defendants' witnesses will certainly face the inconvenience of a long flight to the United Stated and quarantine requirements, that alone does not on its own constitute compelling circumstances. On January 31, 2020, President Trump issued a proclamation that generally required all travelers from China to quarantine for 14 days prior to entering the United States. This proclamation is well known to the Defendants. Furthermore, SINCO witnesses face these very same issues. SINCO faces the same cost and expense of sending witnesses from Singapore that the Defendants face sending witnesses from China. Defendants failure to address these issues is not a proper exception to Federal Rule of Civil Procedure 32.

As referenced above, "[n]otice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission to as to know whether to prepare to be present with the witness while testifying." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Defendants, request that its corporate representatives be permitted to appear virtually at trial because the witnesses live in China, explaining that, due to the COVID-19 pandemic, travel to and from China is very difficult. (Decl. of Lael Andara, Esq. para 2, Ex B.) Just over a month ago the Court denied this motion. In the case *Stone Tech. (HK) Co. v. GlobalGeeks, Inc.*, No. 20-CV-23251, 2021 WL 2940256, at *2 (S.D. Fla. July 13, 2021) The Court specifically stated that the party requesting to appear virtually at trial "have been on notice of the need to travel and appear in person for these proceedings for a significant amount of time." Defendants have likewise waited for over eight months to bring this issue.

The Defendants' request to conduct trial testimony by Zoom as to Jerry Yang Darui, Gouki Gao and Deqiang Liu is inconsistent with the policy of the Federal Rules of Civil Procedure.

**2.    The Defendants' Request to Allow Video Trial Testimony from China is a Violation of International Law**

Allowing for video trial testimony from China would be a violation of that countries laws, if done without permission from the China Central Authority under the Hague Evidence Convention." China Judicial Assistance Information, U.S. Department of State – Bureau of Consular Affairs. (Decl. of Lael Andara, Esq, para 3, Ex. C.)

Under China's Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention. Allowing Defendants to simply disregard their home laws in this litigation only when it benefits them is patently unfair, where they have relied on these laws to avoid accountability in this Court. (Decl. of Lael Andara, Esq, para 3, Ex. C.)

### 3. There is a Significant Potential for Abuse of Process

The allegations in this case and the conduct of the litigant to date brings to focus the real risk for abuse in remote trial testimony in this situation. (Defendant Liew Stipulated to Contempt.) ( Decl. of Lael Andara, Esq, para 1, Ex. A.) Specifically of concern, is the enforcement of limiting who will be in the room with the witness to prevent coaching or other influence.

Each witness must be alone while remotely testifying. "The purpose of sequestration is to discourage collusion and expose contrived testimony." *Morton Bldgs. Inc. v. Rezultz, Inc.,* 127 N.J. 227, 233, 603 A.2d 946 (1992) (citing 1 Stephen A. Saltzberg & Michael M. Martin, The Federal Rules of Evidence Manual 736 (5th ed. 1990) and *D.M.R. v. M.K.G.*, 467 N.J. Super. 308, 320, 252 A.3d 567, 575 (App. Div. 2021). The fact of the matter is, when a witness is not physically in the courtroom, the judge has very limited control, very limited ability to sense what is taking place.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff SINCO respectfully asks this Court to exclude the trial testimony of three of Defendants witnesses, Jerry Yang Darui, Gouki Gao and Deqiang Liu via Zoom. Defendants have been aware of the trial date for over eight (8) months and have no reasonable justification for failing to arrange for the appearance of their witnesses for trial. Accordingly, Defendants should not be permitted to have three witnesses that were deposed in 2019 appear via Zoom for trial.

//

//

4830-7345-2281.2

SINCO'S MIL NO. 5
3:17CV5517

| | |
|---|---|
| Dated: September 3, 2021 | Respectfully submitted, |
| | ROPERS MAJESKI PC |
| | By:/s/ Daniel Gaitan |
| | LAEL D. ANDARA |
| | DANIEL E. GAITAN |
| | ROBIN M. PEARSON |
| | Attorneys for Plaintiff |
| | SINCO TECHNOLOGIES PTE L |

| | |
|---|---|
| DOUGLAS A. WINTHROP (SBN 183532)<br>Douglas.Winthrop@arnoldporter.com<br>JEREMY T. KAMRAS (SBN 237377)<br>Jeremy.Kamras@arnoldporter.com<br>JOSEPH FARRIS (SBN 263405)<br>Joseph.Farris@arnoldporter.com<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Telephone: 415.471.3100<br>Facsimile: 415.471.3400 | **WHGC, P.L.C.**<br>Jeffrey C.P. Wang (SBN 144414)<br>*JeffreyWang@WHGCLaw.com*<br>Michael G. York (SBN 89945)<br>*MichaelYork@WHGCLaw.com*<br>Kathleen E. Alparce (SBN 230935)<br>*KathleenAlparce@WHGCLaw.com*<br>Jessica A. Crabbe (SBN. 263668)<br>*JessicaCrabbe@WHGCLaw.com*<br>1301 Dove Street, Suite 1050<br>Newport Beach, CA 92660<br>Tel. (949) 833-8483; Fax: (866) 881-5007 |

*Attorneys for Defendants* XINGKE ELECTRONICS (DONGGUAN) CO., LTD., formerly known as SINCO ELECTRONICS (DONGGUAN) CO., LTD., LIEW YEW SOON aka, MARK LIEW, NG CHER YONG. aka CY NG, and MUI LIANG TJOA aka ML TJOA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | Case No. 3:17-CV-05517-EMC<br><br>Action Filed: September 22, 2017<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 6**<br><br>Date: October 5, 2021<br>Time: 3:00 p.m.<br>Place: Courtroom 5, 17th Floor<br><br>**Judge:  Honorable Edward M. Chen**<br><br>**Trial:  November 1, 2021** |

## I. SUMMARY OF OPPOSITION TO MOTION IN LIMINE NO. 6

In its Motion in Limine No. 6 ("Motion" or "Mot."), Plaintiff SinCo Technologies, PTE, Ltd. ("SinCo SG" or "Plaintiff") seeks to exclude Defendants from presenting trial testimony of its witnesses Jerry Yang Darui, Gouki Gao, and Deqiang Liu via Zoom. Defendants recognize that the Court has ordered the parties to meet and confer to reach an agreement to resolve this Motion, and will continue to communicate with SinCo SG in advance of the Pretrial Conference in an attempt to resolve this dispute. However, to the extent the parties are not able to reach an agreement, Defendants oppose the Motion and seek an order that the witnesses be permitted to testify via live video from China.

Courts across the country have found that COVID-related travel and health concerns constitute "good cause" and "compelling circumstances" to permit contemporaneous transmission of testimony. Forcing Defendants to present testimony via a two-year old, pre-pandemic deposition during which the Defendants had no reason to elicit trial-type direct testimony from their own witnesses would be highly prejudicial to the Defendants, and the Court has more than adequate capability to safeguard against any potential abuse resulting from virtual testimony. Finally, SinCo SG has no standing to object to the witnesses voluntarily agreeing to testify in this proceeding by videoconference. For all of these reasons, Defendants request that the Court deny SinCo SG's Motion and permit its witnesses to testify virtually at trial.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 43 states that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). "The decision to require testimony by videoconference falls within a court's discretion." *In re Alle,* 2021 WL 3032712, at *4 (C.D. Cal. July 19, 2021) (citing *Draper v. Rosario*, 836 F.3d 1072, 1081 (9th Cir. 2016)).

## III. ARGUMENT

### A. Contemporaneous video testimony is the only reasonable method for Defendants' Chinese witnesses to testify.

#### 1. COVID-19 travel restrictions justify contemporaneous video testimony.

SinCo SG first argues that the current COVID-related travel restrictions do not qualify as

1   "good cause" or "compelling circumstances" under Rule 43, but courts across the country have
2   reached the opposite conclusion, even with regard to witnesses that would have only been required
3   to travel within the country (as opposed to having to travel across the globe and navigate highly
4   uncertain visa procedures). *See Alle,* 2021 WL 3032712, at *4 (holding that the bankruptcy court
5   acted with good cause in light of compelling circumstances caused by the COVID-19 pandemic to
6   allow trial by Zoom); *Cramton v. Grabbagreen Franchising LLC*, 2020 WL 8620346, at *2 (D.
7   Ariz. Nov. 13, 2020) (granting request for defendants' witnesses to testify remotely and noting
8   that "[c]ourts have not hesitated to find that the COVID-19 pandemic justifies allowing out-of-
9   state witnesses to testify remotely in civil trials."); *Julian Liu v. State Farm Mut. Auto. Ins. Co.*,
10  507 F. Supp. 3d 1262, 1265 (W.D. Wash. 2020) (finding that COVID-19 constituted good cause
11  and compelling circumstances to justify the use of contemporaneous video conferencing
12  technology); *Castillo Frias v. Martinez*, 2021 WL 2661093, at *1 (E.D.N.Y. June 28, 2021)
13  ("[T]he distant location of these witnesses and the challenges of travel during the global COVID-
14  19 pandemic present good cause in compelling circumstances for remote testimony."); *Schleife v.*
15  *Royal Caribbean Cruises, Ltd.*, No. 19-22776, 2021 WL 2274327, at *4 (S.D. Fla. May 4, 2021)
16  (finding good cause to allow for virtual testimony due to COVID-19 related travel and health
17  concerns).
18          In arguing that the COVID-19 pandemic does not present compelling circumstances,
19  SinCo SG cites to *Stone Tech. (HK) Co. v. GlobalGeeks, Inc.*, 2021 WL 2940256, at *1 (S.D. Fla.
20  July 13, 2021), and fundamentally misstates the severity of current U.S. travel restrictions from
21  China.  According to the *Stone Tech.* court, and as repeated by SinCo SG, travelers from China to
22  the United States merely are required to quarantine for a period of time. *Id.* at *1 ("Plaintiff states
23  that both the United States and China are implementing quarantine policies for travelers and are
24  placing restrictions on the purchase of airline tickets."); Mot. at 5 ("On January 31, 2020,
25  President Trump issued a proclamation that generally required all travelers from China to
26  quarantine for 14 days prior to entering the United States."). In fact, under current U.S. law, entry
27  into the United States is *prohibited* to all aliens who were physically present within the People's
28  Republic of China during the 14-day period preceding their attempted entry.  *See* Declaration of

Joseph Farris In Support of Opposition to Plaintiff's Motion in Limine No. 6 ("Farris Decl."), ¶ 2 & Ex. A.[1] This is not a mere "quarantine" requirement where a traveler may enter the United States and quarantine for a period of time; rather, Defendants' witnesses, all of whom who are Chinese citizens who live near XingKe's factory in Dongguan, cannot obtain visas from the U.S. Embassy or Consulates in China to come to the United States. Declaration of Jianguo Dai in Opposition to Plaintiff's Motion in Limine No. 6, ¶ 3.

The only "theoretical" way for Defendants' witnesses to come to the United States would be if they were able to obtain visas to enter a third country that is not subject to the U.S. travel ban, such as Singapore, obtain a visa interview with the U.S. Embassy in that third country no earlier than 14 days after their arrival in the country, *and* be successful in receiving visas from the U.S. Embassy in that third country to enter the United States within a week or two of their interview. Not only would such an elaborate path take these employees away from their jobs at XingKe's factory for three to four weeks *before* their even coming to the United States, the granting of U.S. travel visas is discretionary and there is no guarantee that these individuals ultimately would be awarded visas to come to the United States. As set out in the Declaration of Jianguo Dai filed herewith, who has assisted Chinese citizens in navigating the processes for obtaining visa for overseas travel for over twenty years, it is highly uncertain whether, for example, Defendants' witnesses would be successful in securing travel visas issued by the U.S. Embassy in Singapore, even if they devoted weeks of time away from their jobs trying to obtain these visas. *Id.*, ¶ 5. And, should they be unsuccessful in obtaining visas and simply have to return to China, they will have to quarantine *in China* for another three weeks. *Id.*, ¶ 6. In sum, they will have been away from work for nearly two months for nothing. This is not a practical solution to the fundamental problem that the United States government refuses to issue visas to business travelers from China.

Finally, *Stone Tech.* is distinguishable. In *Stone Tech.*, it was the plaintiff that sought permission to present testimony by video, and the court denied this request partially because "Plaintiff, in bringing this action, is responsible for bearing the burdens and costs of litigating its

---

[1] This Presidential proclamation contains certain exceptions not relevant here.

case, including costs and restrictions associated with securing travel and lodging." *Stone Tech.*, 2021 WL 2940256, at *2.  Here, Defendants did not bring this action, and should not have to bear all the consequences of the U.S. Government's ban on business travel from China.

### 2. Being forced to rely on deposition testimony from 2019 would unduly prejudice Defendants.

SinCo SG also argues that "[t]here is no prejudice to Defendants in requiring in person attendance as there is a mechanism that if the witness is unavailable, the deposition testimony may be used under Federal Rule of Civil Procedure 32." Mot. at 4.  But SinCo SG's argument fails because Defendants' witnesses were all deposed in 2019, before the COVID-19 pandemic.  Accordingly, Defendants' witnesses were deposed under the assumption that they could, and would, be giving live, in-person testimony in open court during trial, and Defendants did not conduct direct examination of these witnesses on that basis.  To force Defendants to rely upon this deposition testimony, which consists entirely of cross-examination by Plaintiff, would be unfair and prejudicial, especially when it would be simple for Defendants' witnesses to testify live via Zoom.

SinCo SG's argument that "[n]one of these witnesses are pivotal to any specific claim in the pending litigation, and at best are cumulative" is also incorrect. Deqiang Liu has been employed by XingKe for approximately 20 years. Given SinCo SG's obvious strategy of attempting to paint the Defendants in a negative light, it is important that the jury hear about XingKe's long history of business operations from someone who is not a defendant in this case. Similarly, SinCo SG's theory of this case rests in part on the assertion that Defendants Ng and Liew were their "embedded employees" at XingKe. Plaintiff claims that Jerry Yang also was their "embedded employee" at XingKe. It will be important for the jury to hear testimony from someone who is not a defendant in this case that SinCo SG's non-substantive, administrative involvement with a supposedly "embedded employee" did not change the fact that, in reality, XingKe was his employer. Gouki Gao, who SinCo SG does not contend was an "embedded employee," will testify as to the lack of functional or practical differences between how he performed his job and how Mr. Yang, Mr. Liew, or Mr. Ng, the so-called "embedded employees"

did theirs. The testimony of these witnesses is very important for Defendants to adequately defend themselves against SinCo SG's claims, and to deny their live testimony would be highly prejudicial.

**B.    Defendants have no standing to object to video trial testimony from China.**

SinCo SG's argument that video testimony from China is in violation of Chinese law is irrelevant. SinCo SG does not cite a single case in which a Court excluded testimony based on foreign law considerations when ***the party subject to foreign law*** was comfortable proceeding and the party that was not subject to foreign law was arguing that the proceeding would violate foreign law. Indeed, the case that SinCo SG previously cited to Defendants illustrates this point. There, the defendant was concerned about its ***own*** legal risk in proceeding with the deposition of a Chinese witness. *Zhizheng Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930, at *1 (W.D. Wash. June 22, 2020) ("Defendant, concerned that deposing plaintiff at his home in Beijing could expose defendant, his attorneys, and support staff to sanctions under Chinese law, notified plaintiff that the video deposition could not occur as previously contemplated and requested assistance in formulating another plan."). Here, Defendants and their witnesses are all comfortable proceeding with the virtual testimony, and the Court should permit them to do so. Finally, if the Court has any concern about this issue at all, the witnesses could appear from by Zoom from Macau instead, which is a just few-hour drive from Dongguan.

**C.    The Court has ample tools to safeguards against the minimal potential for abuse.**

SinCo SG argues that virtual testimony is open to abuse, but, as discussed above, courts across the country have been holding hearings and trials virtually since the COVID pandemic started, and SinCo SG has provided no reason why this case should be any different. Moreover, to the extent SinCo SG is worried about other persons being in the same room as a virtually testifying witness, this concern could easily be remedied by requiring the witness to show his room on camera prior to testifying, or other similar means. SinCo SG could even hire a local Chinese lawyer to witness the trial testimony to ensure compliance with the Court's rules for testifying witnesses.

SinCo SG's reliance upon *Morton Bldgs., Inc. v. Rezultz, Inc.*, 127 N.J. 227 (1992) is misplaced. The issue there was **sequestration** of witnesses; specifically, the *Morton Bldgs.* court was reviewing an order excluding the defendants' witnesses from the courtroom while its other witnesses were testifying. *Id.* at 231. Thus, the issue was whether a party's witness should be permitted to hear the testimony of the party's other witnesses, and the court there reasoned that sequestration is often necessary to discourage collusion. *Id.* at 233. But sequestration is unrelated to the question presented here, which relates only to the mode of testimony. Just as the Court would have the ability to exclude witnesses from the courtroom during a witness's testimony, it would have the ability to exclude Defendants' "live" witnesses during the testimony of the witnesses appearing by Zoom. And, vice versa, the witnesses appearing by Zoom could be precluded from listening to the testimony of the "live" witnesses.

## IV.   CONCLUSION

For the reasons given, Defendants respectfully requests that the Court deny Plaintiff's Motion in Limine No. 6 and permit its witnesses Jerry Yang Darui, Gouki Gao, and Deqiang Liu to testify at trial virtually via Zoom.

Dated:  September 13, 2021.                     ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ *Douglas A. Winthrop*
       DOUGLAS A. WINTHROP

*Attorneys for Defendants*
XINGKE ELECTRONICS (DONGGUAN) CO., LTD., formerly known as SINCO ELECTRONICS (DONGGUAN) CO., LTD., LIEW YEW SOON aka, MARK LIEW, NG CHER YONG. aka CY NG, and MUI LIANG TJOA aka ML TJOA