DOUGLAS A. WINTHROP (SBN 183532)
Douglas.Winthrop@arnoldporter.com
JEREMY T. KAMRAS (SBN 237377)
Jeremy.Kamras@arnoldporter.com
JOSEPH FARRIS (SBN 263405)
Joseph.Farris@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

WHGC, P.L.C.
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
Jessica A. Crabbe (SBN. 263668)
*JessicaCrabbe@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

*Attorneys for Defendants* XINGKE ELECTRONICS (DONGGUAN) CO., LTD., formerly known as SINCO ELECTRONICS (DONGGUAN) CO., LTD., LIEW YEW SOON aka, MARK LIEW, NG CHER YONG. aka CY NG, and MUI LIANG TJOA aka ML TJOA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | Case No. 3:17-CV-05517-EMC<br><br>Action Filed: September 22, 2017<br><br>**MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF LEGAL CLAIMS IN STATE ACTION**<br><br>**Judge:**   Honorable Edward M. Chen<br><br>**Trial:**    November 1, 2021 |

I. **SUMMARY OF MOTION IN LIMINE NO. 5**

Defendants file this Motion in Limine No. 5 for an order excluding any references, evidence, inquiry, or argument related exclusively to **the legal claims asserted in the state action filed by Plaintiff against the same Defendants in the Superior Court of California, Santa Clara County, Case No. 16CV301867 ("State Action")**. Evidence of unrelated information, acts, conduct, lawsuits, or claims is not relevant to proving trademark infringement and the related claims in this lawsuit. Fed. R. Evid. 402. Even if the evidence was marginally relevant, any possible relevance would be substantially outweighed by the risk of prejudice, confusion, and waste of time by its introduction. Fed. R. Evid. 403.

Plaintiff SinCo Technologies Pte Ltd. ("SinCo SG") could have filed a single complaint in federal court, but it chose to file two separate actions and split its claims between federal and state court. It must now live with that choice and should not be allowed to try the claims in the State Action here as well. In this action, SinCo SG alleges trademark infringement and other related claims concerning the allegedly misleading use of the term "SinCo" by Defendants. In the State Action, however, SinCo SG alleged causes of action related to misappropriation of trade secrets, breach of contract, breach of the duty of loyalty, unfair business practices, and intentional interference with contractual relationships. Farris Decl., Ex. A. Accordingly, any evidence that references or is exclusively related to the legal claims in the State Action, including, but not limited to, evidence related to purported trade secrets, other confidential information, and contractual obligations unrelated to trademark rights should be excluded because it is irrelevant to the federal trademark infringement claims.[1] Even if such evidence had some relevance, however, it serves no purpose other than to cause unfair prejudice, confuse the issues, and waste time. Further, it could be misused by the jury as improper character evidence against the Defendants. Therefore, any evidence related to the State Action that involves unrelated claims should be excluded under Federal Rules of Evidence 402, 403, and 404.

---

[1] There will, of course, be some areas where the evidence overlaps. For example, the jury will need to consider some evidence concerning the dispute about whether Defendants Ng and Liew were employed at XingKe to understand the facts. However, there is no reason that the jury would need to hear reference to a violation of a legal claim for the duty of loyalty in considering such evidence.

## II. ARGUMENT

### A. This Court should exclude evidence referring or exclusively relating to the State Action claims as irrelevant under FRE 402.

Courts regularly grant motions in limine to exclude from trial evidence related to separate claims or lawsuits on the grounds of irrelevance. *See, e.g., 350 W. Ash Urban Home, Inc. v. Everest Indemnity Ins. Co.*, No.: 13–cv–18 JLS (DHB), 2016 WL 4096355, at *2 (S.D. Cal. June 27, 2016) (granting motion in limine to exclude all evidence of unrelated lawsuits as irrelevant to the current action); *Wilson v. Jara*, No. 10–cv–0797 JB/WPL, 2011 WL 6739166, at *1 (D.N.M. Nov. 1, 2011) (granting motion in limine to exclude evidence of an unrelated alleged bad act because evidence "does not make it more likely" that defendant's conduct was willful).

Evidence that is exclusively related to legal claims in the State Action—and particularly the trade secret and confidential information claims—is irrelevant to SinCo SG's federal trademark infringement claims and should likewise be excluded here. In the State Action, SinCo SG alleges that Defendants misappropriated protectable trade secrets, claiming a sweeping range of trade secrets that includes "financial information," such as pricing information, "customer lists," and "customer manufacturing specifications." Farris Decl., Ex. B, at 22-24. In other words, SinCo SG alleges that it lost business *for entirely different reasons* and based on fundamentally distinct alleged misconduct in the State Action. Accordingly, evidence concerning those claims is irrelevant to the trademark infringement claims.

### B. The Court should exclude evidence referring or exclusively relating to the State Action claims under FRE 403 and 404.

Even if evidence exclusively related to legal claims in the State Action had any relevance, it should still be excluded because of the substantial tendency that it would have to confuse the jury and waste time under FRE 403. *See Phoenix Techs. Ltd. v. VMware, Inc.*, No. 15-cv-01414-HSG, 2017 WL 2001981, at *5 (N.D. Cal. May 11, 2017) (excluding the use of the complaint in the action as an exhibit at trial because of it referred to claims that would not be tried which would have a tendency to confuse the jury and waste time); *Wilson v. Jara*, No. 10-cv-0797, 2011 WL 6739166, at *7 (D.N.M. Nov. 1, 2011) (excluding evidence of the defendant's alleged unrelated bad acts, not

1  only because it would cause unfair prejudice, but also because it would distract the jury from the
2  central issues of the case).

3  Indeed, there is an acute risk here that the verdict could be tainted by such evidence.
4  Consider that SinCo SG *does not segregate* its claims for trademark infringement and trade secret
5  misappropriation according to allegations that different customer relationships were affected by
6  different conduct.  Rather, SinCo SG is arguing that it lost the same business from the same
7  customers because of *both* trademark infringement *and* because of trade secret violations that will
8  not be litigated here (and for which the jury will not receive instructions on the law).  In other
9  words, allowing references to unrelated legal claims would create a direct risk that the jury would
10 be confused about how to weigh the evidence concerning the reasons for that SinCo SG lost
11 business from any customer.

12 Further evidence and allegations concerning concepts like "misappropriation of trade
13 secrets" and the "duty of loyalty" could also negatively influence the jury's perception of the
14 Defendants based on reference to those claims alone.  Essentially, it would allow SinCo SG to
15 introduce unsubstantiated accusations that Defendants are wrongdoers based on entirely different
16 conduct, as an attempt to bring in improper character evidence concerning other irrelevant acts in
17 violation of Federal Rule of Evidence 404(a) and (b).

18 At a minimum, the evidence referencing or exclusively relating to the legal claims in the
19 State Action claims should be excluded under Rule 403 as unduly time consuming.  *See Zaragoza,*
20 *Inc. v. United States*, No. CV 04-461-TUC-FRZ, 2007 WL 9728433, at *2 (D. Ariz. May 18, 2007)
21 (excluding evidence that would cause a waste of time and "mini-trial" on claims not at issue).  If
22 SinCo SG introduces evidence relevant solely to legal claims such as trade secret misappropriation,
23 Defendants will have no choice but to address and rebut the evidence with equal force, thereby
24 increasing the length of examination and number of exhibits offered by each party in an already
25 complex trial.  Such evidence will likely include voluminous internal communications between the
26 parties and testimony regarding who had access to technical specifications and under which
27 circumstances, detailed customer information and whether such information was readily accessible,
28 and various pricing information.  Farris Decl. Ex. B, at 22-24.  The interest of this Court is in

providing for a fair trial on the causes of action asserted here, and SinCo SG should not be permitted to distract from those issues and waste time by submitting evidence relevant to claims that will not be tried here.

### III. CONCLUSION.

For the foregoing reasons, the Motion In Limine No. 5 concerning evidence related exclusively to the State Action should be granted as stated in the Proposed Order.

Dated: September 3, 2021.     ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Douglas A. Winthrop*
DOUGLAS A. WINTHROP

*Attorneys for Defendants*
XINGKE ELECTRONICS (DONGGUAN) CO., LTD., formerly known as SINCO ELECTRONICS (DONGGUAN) CO., LTD., LIEW YEW SOON aka, MARK LIEW, NG CHER YONG. aka CY NG, and MUI LIANG TJOA aka ML TJOA

| | |
|---|---|
| 1 | LAEL D. ANDARA (SBN 215416) |
| 2 | DANIEL E. GAITAN (SBN 326413)<br>ROBIN M. PEARSON (SBN 146704) |
| 3 | ROPERS MAJESKI PC<br>545 Middlefield Road, Suite 175 |
| 4 | Menlo Park, CA 94025<br>Telephone:    650.364.8200 |
| 5 | Facsimile:    650.780.1701<br>Email:         lael.andara@ropers.com |
| 6 |                     robin.pearson@ropers.com<br>                     daniel.gaitan@ropers.com |

*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>SINCO,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | Case No. 3:17CV5517<br><br>**SINCO TECHNOLOGIES PTE LTD'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF LEGAL CLAIMS IN STATE ACTION**<br><br>PRETRIAL HEARING<br>Date: October 5, 2021<br>Time: 3:00 p.m.<br>Place: Courtroom 5 – 17th Floor<br>Hon. Edward M. Chen<br><br>TRIAL DATE<br>November 1, 2021 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

SinCo Technologies Pte Ltd, ("SINCO") opposes Defendants' proposed Motion in Limine No. 5 ("MIL No. 5") to exclude *all* references to evidence of legal claims in the related State Action as far too broad, casting a net far too wide, improperly excluding facts and evidence that are both highly relevant and admissible for multiple proper purposes on key claims, including passing off[1] and trademark infringement, and whose direct relevance is not outweighed by any risk of prejudice, confusion, or inefficiency. There is no specific reference to any documents or testimony. Fed. R. Evid. 402, 403. The documents sought to be excluded constitute judicial admissions and a matter of public record, of which the trier of fact can take judicial notice as adjudicative facts. Fed. R. Evid. 201; *Barsegian v. Kessler & Kessler* (2013) 215 Cal.App.4th 446, 452. SINCO does not oppose an instruction that the specific legal claims will not be described to the Jury, only that some of the parties are also involved in litigation in State court.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Preliminary Injunctions and Stipulations

#### 1. Preliminary Injunction and Stipulated Contempt Finding of Defendant Mark Liew

See Opposition to Defendants' Motion *in limine* as to Preliminary Injunctions and Contempt, incorporated by reference herein. Gaitan Declaration ISO of Mil 5(Gaitan Dec.) Ex. 1.

#### 2. Preliminary Injunction vs. Defendant Cy Ng

On **July 24, 2018**, this Court signed an Order granting a Preliminary Injunction in this action based on Defendant Cy Ng's signed documents with SINCO and High Court of Singapore. *Exh 2*. These documents included Mr. Ng's Employment Application, NDA, Loan Agreement, Sworn Affidavit, and resignation from SINCO on **June 29, 2017**. *Id.* at Exs. 3-7. The documents also demonstrated that notwithstanding his resignation, Mr. Ng oversaw the continued use of the SINCO email address. *Id.* at Ex. 8. The Preliminary Injunction dated **July 24, 2018**, prohibited Mr. Ng from using *any* of SINCO's trade secret information, passing himself off as SINCO

---

[1] There is no unfair competition claim in the State Action as the Passing off claim is in the Federal action only.

SINCO, or from using "SinCo" in emails or business cards, and from disclosing SINCO's pricing. *Id.* Ex. 2.

### 3. Stipulation on Use of Depositions

The parties agreed that deposition testimony of the witnesses could be used in either the State and Federal cases, in an effort to reduce cost and travel. This was also confirmed in Defendants **March 30, 2021** letter to Judge Ware: "There is also no dispute that the parties have agreed deposition testimony in one action can be used in the other." Ex. 9.

### 4. Stipulation on Use of Documents Produced

SINCO and Defendants also have an agreement that any **documents** produced in this action may be used in the State action, and vice versa, subject to the Court's fact discovery cut-off. Defendants confirmed the agreement in their **March 30, 2021** letter to the Honorable James Ware (Ret.), the court appointed Discovery Referee in the State Action:

> SINCO and Defendants have an agreement that any documents produced in the related Federal action, *Sinco Technologies Pte Ltd. v. SinCo Electronics (Dongguan) Co. Ltd., et al.*, U.S. District Court, Northern District of California, Case No. 17-cv-05517-EMC ("Federal action") may be used in this State action, and vice versa. However, this stipulation has not been memorialized into a writing. (Acheson Decl.; Ex. 9.)

Similarly, on **January 14, 2019**, Judge Joseph C. Spero also entered an Order Re Amending Stipulated Protective Order in this action, (ECF 124) stating in part:

> State Action. The complex case filed in Santa Clara County, California on October 28, 2016. The State Action is Case No. 16CV301867. *The parties have agreed and used information produced in either action for motions pending in either venue.* (ECF 124.)

## III. LEGAL ARGUMENT

A well-written motion *in limine* should narrowly tailor any request for relief and identify with exactness the specific evidence, testimony, or statements it seeks to exclude, allow, or limit. *Actuate Corp. v. Aon Corp.*, 2012 WL 2285187, at *4 (N.D. Cal. June 18, 2012).

As discussed, MIL No. 5 is impermissibly vague, overbroad, and improperly seeks to exclude highly relevant evidence which is not substantially outweighed by the danger of unfair prejudice or confusion, and is judicially noticeable evidence as court documents in the public

1  record. *Plexxikon Inc. v. Novartis Pharmaceuticals Corporation,* 2021 WL 1164749 at *1 (N.D.
2  Cal., Mar. 26, 2021). "**SINCO's requested blanket exclusion [was] unwarranted**," and the
3  motion was DENIED.) SINCO's claims that this motion is improperly brought is further
4  illustrated by Defendants MIL 4, which is also subsumed by this motion.

   A.   **Stipulations and Orders in the State Action Are Highly Relevant**

6  Evidence of other lawsuits against a defendant is admissible where relevant and offered
7  for a proper purpose under Rule 404(b). *Actuate Corp. v. Aon Corp., supra,* 2012 WL 2285187, at
8  *1; *Jackson v. Fed. Express,* 2011 WL 13268074, at *2 (C.D. Cal. June 13, 2011). In fact,
9  Defendants concede that:

> "There will, of course, be some areas where the evidence overlaps. For example, the jury will need to consider some evidence concerning the dispute about whether Defendants Ng and Liew were employed at XingKe to understand the facts. However, there is no reason that the jury would need to hear reference to a violation of a legal claim for the duty of loyalty in considering such evidence." (Defendants' MIL No. 5, 2: 21, 27-28, Fn. 1)

14  The parties thus agree that certain evidence in the State Action overlaps and is admissible
15  if offered for proper purposes. *SinCo, however, disagrees that evidence of Defendants' disregard*
16  *and violations of stipulations and orders in the State Action should be excluded as irrelevant or*
17  *improper.* The legal theories asserted is one thing, Defendants' and their counsel's litigation
18  conduct is quite a different thing. For example, in the State action SINCO had initially asserted
19  unfair competition and hence the Preliminary Injunctions covered that conduct, and Defendants'
20  relevant conduct in complying or not is relevant. The Unfair Competition claim was elected to be
21  presented in the Federal action and is not long at issue in the state proceedings. Here, there is a
22  very clear nexus between this particular evidence in the State Action and material facts in this
23  action, and which evidence will be offered for several proper purposes.

   1.   **Stipulations and Orders Are Relevant to SINCO's Claims**

25  Although duplicate of SINCO's opposition to MIL #4, SINCO is require to spend time
26  and fees addressing the same arguments it has made previously, due to Defendants improper
27  broad attempt at excluding evidence without directing this Court or SINCO to a specific
28  document or testimony.

Defendants' knowledge that they were engaged in unlawful conduct which would result in harm to SINCO is an essential element of several of the causes of action asserted in the SAC, and SINCO's right to certain relief. For example, under 15 U.S.C. § 1117 (a) Defendants' failure to comply with the preliminary injunctions at issue reflects their willful violation of SINCO's rights which enables SINCO to pursue such additional remedies as recovery of their lost profits, damages, costs, and attorneys' fees. Exclusion of Mr. Liew's actions would severely handicap SINCO's ability to develop its argument for likelihood of confusion. His violation of the contempt order powerfully illustrates multiple elements of the likelihood of confusion analysis, including the "intent" 'similarity of marks' and 'actual confusion'. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979).

Most importantly, Defendants actions go directly to Defendants 'intent', another factor in likelihood of confusion analysis. The Ninth Circuit has found that "[w]hen the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the Defendant can accomplish his purpose: that is, that the public will be deceived." *Id*. This evidence is even more compelling being that there was a preliminary injunction put him on notice. The preliminary injunction and stipulation sought to be excluded are probative on the question of whether Defendants knew their conduct was wrongful yet continued unabated. While Defendants will feign ignorance that they were aware what they are alleged to have done was illegal or wrongful, the preliminary injunctions, at a minimum, provided Defendants notice that was indeed the case.

Defendants cite *350 W. Ash Urban Home* as authority for excluding any reference to the State Action. This case is not helpful. Without any description, detail or analysis, there the Court affirmed an order excluding evidence of "the Hoko, Helleis, and Century Actions" because defendant failed to object to the Court's tentative finding them irrelevant in an insurance bad faith coverage dispute. *350 W. Ash Urb. Home, Inc. v. Everest Indem. Ins. Co.*, 2016 WL 4096355, at *2 (S.D. Cal. June 27, 2016).

### 2. MIL No. 5 Attempts to Eliminate Evidence Admissible to Show Defendants' Inconsistent and Contradictory Positions

Evidence of other lawsuits is admissible for the proper purpose of showing that Defendants have taken inconsistent and/or contradictory positions in other lawsuits. Fed. R. Evid. 806; *Actuate Corp. v. Aon Corp.*, *supra*, 2012 WL 2285187, at *1. Defendants' MIL No. 5 would have the Court *eliminate* of positions and stipulations they have consistently adopted and agreed to *throughout the course of both actions and which flatly contradict MIL No. 5*. As stated above, the parties have a stipulation regarding the use of documents produced both in the State and Federal. ECF 124. Evidence of the above stipulations and Orders are relevant and admissible since Defendants' position here is inconsistent and contradicts this particularized evidence. See also Opposition to Defendants' Motion *in limine* as to Trademark Proceedings, citing the same basis for admissibility and estoppel as to inconsistent positions based on Defendants conduct.

### 3. Defendants' Stipulations and Orders Thereon in the State Action Are Judicial and/or Evidentiary Admissions and Judicially Noticeable

There is no reason to exclude evidence adduced in other cases if that evidence is also relevant to an issue in this case. (*Pom Wonderful LLC v. Tropicana Prod., Inc.*, 2010 WL 11519185, at *4 (C.D. Cal. Nov. 1, 2010) Admissions made by the same party in other cases are highly relevant. (*Id.*) "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. . . [I]t has the effect of withdrawing a fact from contention." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). A party may attempt to contradict and explain an evidentiary admission, but a judicial admission is binding absent leave to withdraw it. *Id.* at 477.

A stipulation as to disputed evidence or facts, if not in excess of the authority of the attorneys entering it and if conforming to procedural requirements, results in a judicial admission removing the issues agreed upon from the case in which such stipulation is made. In California, a valid stipulation is binding upon the parties. *Richfield Oil Corp. v. State Board of Equalization,* 329 U.S. 69, 73, Fn. 1 (1950); *Gonzales v. Pacific Greyhound Lines*, 34 Cal.2d 749; 755 (1950). The Defendants' stipulations constitute judicial and/or evidentiary admissions which should not be excluded as binding on them.

### B. Defendants' MIL No. 5 Is Unnecessarily Vague and Overbroad; A Narrowly Tailored Order Will Avoid Any Claimed Prejudice

MIL No. 5 asks for an order excluding anything having to do with the legal claims asserted by SINCO in the State Action on the grounds that "[e]vidence of *unrelated* information, acts, conduct, lawsuits, or claims is not relevant to proving trademark infringement and the related claims" here. (Defendants' MIL No. 5, 2: 5-7, 17-21; emph. added.) The operative word is "unrelated." However, Defendants have not delineated what is or is not related to this action and their motion is as such unnecessarily vague and overbroad, not narrowly drawn. Defendants could argue that Defendant Cy Ng's sworn declaration in the Singapore Court could likewise be excluded, which would undermine SINCO's ability to evidence that he knew he was a SINCO employee, even though he has denied it in both the State and Federal actions.

MIL No. 5 also asks the Court to exclude "evidence referring or exclusively relating to the State Claims" asserted by SINCO in the State Action on the grounds that this evidence would be prejudicial, confuse the jury and waste time. (Defendants' MIL No. 5, 3: 19 – 26.) None has merit.  Only *unduly* prejudicial evidence is excludible under Fed. R. Evid. 403. The supporting Declaration of Joseph Farris dated September 3, 2021, fails to identify any specific matter alleged to be prejudicial at all. Nor would it confuse the jury with appropriate instructions. It will not, as Defendants only generally argue, be unduly time-consuming, a "mini-trial on claims *not* at issue," or "include voluminous communications and testimony" (MIL No. 5, 4:18-28). The admissible, relevant evidence is limited to the above-described stipulations and Orders between the parties.

Defendants' entire MIL No. 5 is incorrectly premised on the argument that because SINCO "does not segregate its claims for trademark infringement from trade secret misappropriation by customers," "allowing references to *unrelated* legal claims would create a direct risk that the jury would be confused about how to weigh the evidence concerning the reasons for (sic) that SinCo SC lot business from any customer.  (MIL No. 5, 4: 3-11.) This argument is mistaken because the stipulations and Orders would not be admitted to demonstrate the underlying facts occurred, but that Defendants *knew* such conduct was wrongful and persisted despite that knowledge. Fed. R. Evid. 403. Even if MIL No. 5 is Granted, the Court Should

Reserve the Option to Consider the Stipulations and Orders at Issue.

Even assuming *arguendo* the Court decides to grant MIL No. 5, it should nevertheless retain the option to review the orders at issue *in camera* and consider the evidence outside of the presence of the jury.

## IV. CONCLUSION

For the foregoing reasons, Defendants' MIL is overly broad and should be Denied on that basis, along with the arguments made above. The Court should not grant a blanket exclusion of all evidence that evidences SINCO case in chief as Defendants have requested as to the Legal Claims in the State Action (MIL 5), the Preliminary Injunctions and Contempt (MIL 4), the Trademark Proceedings in the USPTO and in China (MIL 2), and the character evidence of Defendant Tjoa and XINGKE's parent company (MIL 6).

Dated: September 13, 2021

Respectfully submitted,

ROPERS MAJESKI PC

By: */s/ Daniel E. Gaitan*
LAEL D. ANDARA
DANIEL E. GAITAN
*Attorneys for SINCO*
SINCO TECHNOLOGIES PTE LTD