Sinco Technologies Pte Ltd. v. Sinco Electronics (Dongguan) Co. Ltd., *et al*

# APPENDIX D.4

## DEFENDANTS' DISC. DESIGNATIONS & PLAINTIFF'S OBJECTIONS

1  DOUGLAS A. WINTHROP (SBN 183532)          **WHGC, P.L.C.**
   Douglas.Winthrop@arnoldporter.com         Jeffrey C.P. Wang (SBN 144414)
2  JEREMY T. KAMRAS (SBN 237377)             *JeffreyWang@WHGCLaw.com*
   Jeremy.Kamras@arnoldporter.com            Michael G. York (SBN 89945)
3  JOSEPH FARRIS (SBN 263405)                *MichaelYork@WHGCLaw.com*
   Joseph.Farris@arnoldporter.com            Kathleen E. Alparce (SBN 230935)
4  ARNOLD & PORTER KAYE SCHOLER LLP          *KathleenAlparce@WHGCLaw.com*
   Three Embarcadero Center, 10th Floor      Jessica A. Crabbe (SBN. 263668)
5  San Francisco, CA 94111-4024              *JessicaCrabbe@WHGCLaw.com*
6  Telephone: 415.471.3100                   1301 Dove Street, Suite 1050
   Facsimile: 415.471.3400                   Newport Beach, CA 92660
7                                            Tel. (949) 833-8483; Fax: (866) 881-5007

8
9  *Attorneys for Defendants*
   XINGKE ELECTRONICS (DONGGUAN) CO.,
   LTD., formerly known as SINCO
10 ELECTRONICS (DONGGUAN) CO., LTD.,
   LIEW YEW SOON aka, MARK LIEW, NG
11 CHER YONG. aka CY NG, and MUI LIANG
12 TJOA aka ML TJOA

13                 **UNITED STATES DISTRICT COURT**

14            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN FRANCISCO DIVISION**

16

17 SINCO TECHNOLOGIES PTE LTD.,          Case No. 3:17-CV-05517-EMC
18                                        Action Filed: September 22, 2017
                     Plaintiff,
19         vs.                            **DEFENDANTS' DISCOVERY AND
                                          DEPOSITION DESIGNATIONS**
20 SINCO ELECTRONICS (DONGGUAN) CO.,
   LTD.; XINGKE ELECTRONICS              **Judge:    Honorable Edward M. Chen**
21 (DONGGUAN) CO., LTD.; XINGKE
   ELECTRONICS TECHNOLOGY CO., LTD.;     **Trial:    November 1, 2021**
22 SINCOO ELECTRONICS TECHNOLOGY
   CO., LTD.; MUI LIANG TJOA (an
23 individual); NG CHER YONG aka CY NG (an
   individual); and LIEW YEW SOON aka
24 MARK LIEW (an individual),
25                   Defendants.
26

27

28

1    Defendants hereby submit the following Discovery and Deposition Designations and

2  provide notice of intent to read the following designated documents or transcripts or play the videos

3  at trial.  Defendants reserve the right to supplemental these disclosures, including to add

4  designations for any witnesses that become unavailable for trial due to travel restrictions or

5  otherwise.  These Discovery Designations were served on Plaintiffs and SinCo SG on September 3,

6  2021.  Pursuant to the Court's Standing Order, Defendants will provide a hard copies of these

7  documents upon completion.

8

| Date | Discovery | Designated Responses |
|------|-----------|---------------------|
| 3/8/2019 | Plaintiff SinCo Technologies Pte Ltd.'s Response to Defendant XingKe Electronics (Dongguan) Co., Ltd.'s First Request for Admissions | Nos. 1 through 153. |
| 3/15/2019 | Plaintiff SinCo Technologies Pte Ltd.'s Responses to Defendant XingKe Electronics (Dongguan) Co., Ltd.'s First Interrogatories to SinCo Technologies Pte Ltd. | No. 1 at 5:20-23, 6:2-9:21.<br>No. 4 at 30:27-31:3.<br>No. 5 at 31:4-15, 31:18-27, 32:16-33:16.<br>No. 6 at 34:13-15.<br>No. 7 at 35:10-12.<br>No. 8 at 36:22-24.<br>No. 9 at 37:16-39:21, 40:1-25.<br>No. 12 at 46:7-9.<br>No. 13 at 46:28.<br>No. 14 at 47:20<br>No. 15 at 48:6-7, 48:9-11.<br>No. 16 at 49:14-19.<br>No. 17 at 50:25-51:2.<br>No. 18 at 52:8-12.<br>No. 19 at 53:19-22.<br>No. 20 at 55:8-13.<br>No. 21 at 56:18-24.<br>No. 22 at 57:19-22.<br>No. 23 at 58:13-14.<br>No. 24 at 59:6-7. |
| 5/9/2019 | Plaintiff SinCo Technologies Pte Ltd.'s Amended Responses to Defendant XingKe Electronics (Dongguan) Co., Ltd.'s First Request | Nos. 5, 6, 142, 143, 144, 145. |

DISCOVERY & DEPOSITION DESIGNATIONS                                   NO. 3:17-CV-05517-EMC

| | | |
|---|---|---|
| | for Admissions | |
| 5/9/2019 | Plaintiff SinCo Technologies Pte Ltd.'s Amended Responses to Defendant XingKe Electronics (Dongguan) Co., Ltd.'s First Interrogatories to SinCo Technologies Pte Ltd. | No. 6 at 6:9-16.<br>No. 7 at 7:11-19.<br>No. 8 at 9:9-17.<br>No. 15 at 28:27-29:3. |

1

**ROPERS MAJESKI PC**
LAEL D. ANDARA (SBN 215416)
lael.andara@ropers.com
ROBIN PEARSON (SBN 146704)
robin.pearson@ropers.com
DANIEL E. GAITAN (SBN 326413)
daniel.gaitan@ropers.com
545 Middlefield Road, Suite 175
Menlo Park, CA 94025
Telephone:     (650) 364-8200
Facsimile:     (650) 780-1701

*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD, | Case No. 3:17CV5517 |
| Plaintiff, | **PLAINTIFF SINCO TECHNOLOGIES PTE LTD'S OBJECTIONS TO DEFENDANTS' DISCOVERY DESIGNATIONS** |
| v. | |
| SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual), | PRETRIAL HEARING<br>Date: October 5, 2021<br>Time: 3:00 p.m.<br>Place: Courtroom 5 – 17th Floor<br>Hon. Edward M. Chen<br><br>TRIAL DATE<br>November 1, 2021 |
| Defendants. | |

Ropers Majeski
A Professional Corporation
Redwood City

1   Plaintiff SinCo Technologies Pte. Ltd, ("SINCO") hereby provides objections to

2   Defendants' designation of written discovery.  SINCO first objects to Defendants' use of this

3   material in any way that fails to acknowledge and follow the designations of this information as

4   either confidential or AEO, pursuant to the Protective Order in this case, and take appropriate

5   measure to treat them as designated.

6

7   I.   **OBJECTIONS TO PLAINTIFF SINCO TECHNOLOGIES PTE LTD.'S RESPONSE TO DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO., LTD.'S FIRST REQUEST FOR ADMISSIONS**

8

9   SINCO objects to the blanket designation of all 153 response to Request for Admissions,

10   without making any effort to identify those responses that are related or necessary to any pending

11   claim or defense. SINCO objects to the use of any of these responses without a complete

12   production of the total of the response to avoid divorcing context or misrepresenting the

13   information SINCO provided. SINCO objects to the extent that many of these responses are

14   duplicative of deposition or live testimony and are therefore unnecessary.

15   SINCO objects to the Defendants unsupported legal theory that if the SINCO mark had

16   become abandoned in CHINA, it would be abandoned worldwide. This premise is unsupported by

17   the law. *See* Restatement Third, Unfair Competition § 30, comment a (1995) ("Common law

18   priority in a particular geographic area is thus lost if the designation has been abandoned by the

19   owner in that geographic area.").  As a matter of logic, there is no reason why trademark rights

20   cannot be abandoned only in a given trade area.  If nationwide rights can be abandoned, then

21   territorially limited rights can also be abandoned. § 17:22. Abandonment of rights in limited

22   territorial area, 3 McCarthy on Trademarks and Unfair Competition § 17:22 (5th ed. Sept. 2021

23   Update) SINCO objects to use of RFA nos. 5-9 and 130-134 as irrelevant to any claim or defense

24   and the fact to be admitted or denied is irrelevant whatever the answer.

25   SINCO objects to use of RFA responses 11-129; 135-140; 142-147 based on the written

26   objects provided in the responses, or otherwise relevant to any pending claim or defense.

27

28

PLAINTIFF'S DISCOVERY
DESIGNATIONS
3:17CV5517

**II.    OBJECTIONS TO PLAINTIFF SINCO TECHNOLOGIES PTE LTD.'S RESPONSES TO DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO., LTD.'S FIRST INTERROGATORIES TO SINCO TECHNOLOGIES PTE LTD.**

SINCO asserts the written objections provided in the responses as provided on March 15, 2019.  SINCO objects to the use of any of these responses without a complete production of the total of the response to avoid divorcing context or misrepresenting the information SINCO provided under Federal Rule of Evidence 106.  For Example, in response to No. 1, Defendants attempt to cherry pick some of the objections and ignore the complete response: No. 1 at 5:20-23, 6:2-9:21.

~~SPECIAL~~ INTERROGATORY NO. 1:

Identify documents that define the role, status, and responsibilities of all Sinco's employees who are embedded with another company since April 27, 2000.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates its General Objections as if fully restated herein. Responding Party objects to Interrogatory as vague and ambiguous since it fails to define "embedded" and "another company," since broad interpretation of the term or phrases would lead to irrelevant information and impermissible scope of discovery. Treating Interrogatory as calling only as to those employees who are/were Responding Party/SINCO employees since 2005 and were placed at a separate location to oversee the work being conducted for SINCO as to U.S. customer projects (rather than any company or any employee or at any time). Responding Party also objects to this Interrogatory on the grounds that it invades Responding Party's and/or a third party's rights to privacy, and other privileges protected by the United States Constitution, as well as foreign, federal and state law.  Responding Party further objects to this Interrogatory to the extent that it calls for information of third parties which is neither relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence.

The remaining designations, ignore the initial interrogatory or the complete objections, to the extent they reference them at all.

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

1     For example, No. 5 at 31:4-15, 31:18-27, 32:16-33:16, ignores the substantive response at

2    32:1-15.  Thereafter, Defendants maintain this practice of ignoring the request and objections, and

3    then resort to citing cumulative responses out of context, where the substantive information

4    identified is identical for each:

5    No. 6 at 34:13-15.

6    13    responds as follows: The term "parent company," when read in the context of the whole of the

7    14    Second Amended Complaint is referring to JINLONG MACHINERY & ELECTRONICS CO.,

8    15    LTD., as SINCO has had no involvement or knowledge of Sincoo.

9    No. 7 at 35:10-12.

10   10    responds as follows: The term "parent company," when read in the context of the whole of the

11   11    Second Amended Complaint is referring to JINLONG MACHINERY & ELECTRONICS CO.,

12   12    LTD., as SINCO has had no involvement or knowledge of Sincoo.

13   No. 8 at 36:22-24.

14   21        Subject to, and without waiving the foregoing objections and privileges, Responding Party

15   22    responds as follows: The term "parent company," when read in the context of the whole of the

16   23    Second Amended Complaint is referring to JINLONG MACHINERY & ELECTRONICS CO.,

17   24    LTD., as SINCO has had no involvement or knowledge of Sincoo.

18       SINCO objects to designation response to No. 9 as a violation of Federal Rule of

19   Evidence 106. The rule is based on two considerations. The first is the misleading impression

20   created by taking matters out of context. The second is the inadequacy when delayed to a point

21   later in the trial. Defendants' simply ignore bad evidence:

1        On April 26, 2018 and May 4, 2018, defendant SinCo Electronics (Dongguan) Co.'s PRC

2    trademarks (Registration Nos. 8607396 and 8607476) were invalidated pursuant to Article 31,

3    Paragraphs 1 and 2 of Article 45 and Article 46 of the PRC pre-amended Trademark Law based

4    on "[SinCo Electronics (Dongguan) Co.'s] misappropriation, registration and use of the trademark

5    "SinCo" without authorization from SinCo.

6        The Trademark Review and Adjudication Board (the "TRAB") in the Trademark Office

7    of the State Administration for Industry & Commence of the PRC cancelled the registered

8    "SinCo" marks on two grounds (1) SinCo had priority on the logo, and (2) defendant SinCo

9    Electronics (Dongguan) Co. had submitted a fabricated Design Contract as evidence of ownership

10   of the mark. The perjury was revealed by the Design Contract between defendant SinCo

11   Electronics (Dongguan) Co. and Dongguan Humen Yuan Su Computer Graphic Design Service

12   Business which was dated July 1, 2005.

       SINCO objects to the designation of Nos. 13 and 14 at 46:28, as duplicative and on the

1   grounds referenced above as incomplete under FRE 106 and subject to the objections. SINCO

2   asserts that designations for 14-24 are likewise improper as incomplete under FRE 106 and

3   subject to the objections.

4   **III.   OBJECTIONS TO PLAINTIFF SINCO TECHNOLOGIES PTE LTD.'S AMENDED RESPONSES
        TO DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO., LTD.'S FIRST REQUEST FOR
5       ADMISSIONS.**

6       SINCO objects to the designations of Amended Responses to RFA Nos. 5, 6, 142, 143,

7   144, 145 subject to the written objections therein. SINCO objects to the extent that many of these

8   responses are duplicative of deposition or live testimony and are therefore duplicative.

9       SINCO objects to the Defendants unsupported legal theory that if the SINCO mark had

10  become abandoned in CHINA, it would be abandoned worldwide. This premise is unsupported by

11  the law. *See* Restatement Third, Unfair Competition § 30, comment a (1995) ("Common law

12  priority in a particular geographic area is thus lost if the designation has been abandoned by the

13  owner in that geographic area.").  As a matter of logic, there is no reason why trademark rights

14  cannot be abandoned only in a given trade area.  If nationwide rights can be abandoned, then

15  territorially limited rights can also be abandoned. § 17:22. Abandonment of rights in limited

16  territorial area, 3 McCarthy on Trademarks and Unfair Competition § 17:22 (5th ed. Sept. 2021

17  Update) SINCO objects to use of RFA nos. 5-6 and 142-145 as irrelevant to any claim or defense

18  and the fact to be admitted or denied is irrelevant whatever the answer.

19  **IV.   OBJECTIONS TO PLAINTIFF SINCO TECHNOLOGIES PTE LTD.'S AMENDED RESPONSES
        TO DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO., LTD.'S FIRST
20      INTERROGATORIES TO SINCO TECHNOLOGIES PTE LTD.**

21      SINCO objects to the designation of Amended Response to Interrogatories No. 15 as

22  incomplete under FRE 106 and subject to the objections.

23      SINCO objects to the designation of Amended Response to Interrogatories Nos. 6 - 8 at

24  6:9-16 as incomplete under FRE 106 and subject to the objections stated and just as before

25  Defendants' designation is duplicative:

26

27

28

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

4812-1664-5882.2

- 4 -

PLAINTIFF'S DISCOVERY
DESIGNATIONS
3:17CV5517

No. 6 at 6:9-16.

9    responds as follows: The term "parent company," referred to in paragraph 23 of the Complaint is
10    referring to JINLONG MACHINERY & ELECTRONICS CO., LTD., as SINCO's has alleges,
11    on information and belief that Sinco Electronics (Dongguan) Co., Ltd.; Xingke Electronics
12    (Dongguan) Co., Ltd.; Xingke Electronics Technology Co., Ltd.; Sinco Electronics Technology
13    Co., Ltd.; Jinlong Holdings; WenZhou Runzhe Equity Investment Fund Partnership Enterprise;
14    and Xiamen XingKe Electronics Co. ltd., are JINLONG MACHINERY & ELECTRONICS CO.,
15    LTD's subsidiaries. The only marketing material that SinCo has would be in the form of websites
16    previously produced in this litigation.

No. 7 at 7:11-19.

11    responds as follows: The term "parent company," referred to in paragraph 23 of the Complaint is
12    referring to JINLONG MACHINERY & ELECTRONICS CO., LTD., as SINCO's has alleges,
13    on information and belief that Sinco Electronics (Dongguan) Co., Ltd.; Xingke Electronics
14    (Dongguan) Co., Ltd.; Xingke Electronics Technology Co., Ltd.; Sinco Electronics Technology
15    Co., Ltd.; Jinlong Holdings; WenZhou Runzhe Equity Investment Fund Partnership Enterprise;
16    and Xiamen XingKe Electronics Co. ltd., are JINLONG MACHINERY & ELECTRONICS CO.,
17    LTD's subsidiaries. SinCo is aware that JINLONG MACHINERY & ELECTRONICS CO.,
18    through Mr. Tjoa and Mr. Ping authorized and directed the use of the SinCo Marks by its
19    subsidiaries in the United States without permission or approval of Plaintiff.

No. 8 at 9:9-17.

9    responds as follows: The phrase "is under common ownership and managment," referred to in
10    paragraph 27 of the Complaint is referring to JINLONG MACHINERY & ELECTRONICS CO.,
11    LTD., as SINCO's has alleges, on information and belief that Sinco Electronics (Dongguan) Co.,
12    Ltd.; Xingke Electronics (Dongguan) Co., Ltd.; Xingke Electronics Technology Co., Ltd.; Sinco
13    Electronics Technology Co., Ltd.; Jinlong Holdings; WenZhou Runzhe Equity Investment Fund
14    Partnership Enterprise; and Xiamen XingKe Electronics Co. ltd., are JINLONG MACHINERY &
15    ELECTRONICS CO., LTD's subsidiaries. SinCo is aware that JINLONG MACHINERY &
16    ELECTRONICS CO., through Mr. Tjoa and Mr. Ping authorized and directed the use of the
17    SinCo Marks by its subsidiaries in the United States without permission or approval of Plaintiff.

Dated: September 8, 2021

Respectfully submitted,

ROPERS MAJESKI PC

By:    */s/ Lael Andara*

LAEL D. ANDARA
DANIEL E. GAITAN
*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE LTD

4812-1664-5882.2

PLAINTIFF'S DISCOVERY
DESIGNATIONS
3:17CV5517

ROPERS
MAJESKI

A Professional Corporation
Menlo Park