| | |
|---|---|
| **ROPERS MAJESKI PC**<br>LAEL D. ANDARA (SBN 215416)<br>lael.andara@ropers.com<br>ROBIN M. PEARSON (SBN 146704)<br>robin.pearson@ropers.com<br>DANIEL E. GAITAN (SBN 326413)<br>daniel.gaitan@ropers.com<br>545 Middlefield Road, Suite 175<br>Menlo Park, CA 94025<br>Telephone:   650.364.8200<br><br>*Attorneys for Plaintiff*<br>SINCO TECHNOLOGIES PTE LTD<br><br>**WHGC, P.L.C.**<br>MICHAEL YORK (SBN 89945)<br>MichaelYork@WHGCLaw.com<br>JEFFREY C.P. WANG<br>JeffreyWang@WHGCLaw.com<br>KATHLEEN E. ALPARCE<br>KathleenAlparce@WHGCLaw.com<br>JESSICA A. CRABBE (SBN 263668)<br>JessicaCrabbe@WHGCLaw.com<br>130 l Dove Street, Suite 1050<br>Newport Beach, CA 92660<br>Telephone: (949) 833-8483 | DOUGLAS A. WINTHROP (SBN 183532)<br>Douglas.Winthrop@arnoldporter.com<br>JEREMY T. KAMRAS (SBN 237377)<br>Jeremy.Kamras@arnoldporter.com<br>JOSEPH FARRIS (SBN 263405)<br>Joseph.Farris@arnoldporter.com<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Telephone:   415.471.3100<br>Facsimile:    415.471.3400<br><br>*Attorneys for Defendants*<br>XINGKE ELECTRONICS (DONGGUAN) CO., LTD. Formerly known as SINCO ELECTRONICS (DONGGUAN) CO. LTD., MUI LIANG TJOA aka ML TJOA, NG CHER YONG aka CY NG, and LIEW YEW SOON aka MARK LIEW |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>        Plaintiff,<br><br>    v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>        Defendants. | Case No. 3:17CV5517<br><br>**JOINT PRE-TRIAL CONFERENCE STATEMENT**<br><br>PRETRIAL HEARING<br>Date:     October 2, 2021<br>Time:     3:00 p.m.<br>Place:    Courtroom 5 – 17th Floor<br>Judge:    Hon. Edward M. Chen<br><br>TRIAL DATE<br>November 1, 2021 |

A.  **PRE-TRIAL MEET AND CONFER**

On **August 24, 2021**, counsel for the parties met and confered as to the preparation of this joint statement and for planning and preperation for exchange of pretrial materials. The parties agreed to a schedule to exchange certain pretrial materials. The parties held a status conference with the Court on **September 8, 2021**, [ECF 431] and advised that they had met with Judge Beeler numerous times over the last several months and settlement efforts have been exhausted. [ECF 411]

B.  **JOINT PRE-TRIAL CONFERENCE STATEMENT**

Plaintiff SINCO TECHNOLOGIES PTE LTD. ["SINCO"] and Defendants Ng Cher Yong aka Cy Ng ["Mr. Ng"], Liew Yew Soon aka Mark Liew ["Mr. Liew"], Mui Liang Tjoa ["Mr. Tjoa"], and XingKe Electronics [Dongguan] Co. Ltd. ["XingKe"] [collectively, "Parties"] jointly submit the following pre-trial statement as directed by the Court's Third Amended Case Management and Pretrial Order of **February 1, 2021**. [ECF 380]

1. THE ACTION.

   a. SUBSTANCE OF THE ACTION.

PLAINTIFF'S STATEMENT:

SINCO contends that Defendants have acted unfairly by passing themselves off as SINCO by the use of SINCO employee, on known projects, and use of SINCO's name and logo to access United States ("U.S.") customers direclty and has infringed SinCo Technologies' registered trademarks, specifically one or more of SINCO's four federally regisetered marks: (1) Reg. No. 3,188,**537** [Green and Red] (incontestable); (2) Reg. No. 4,524,**165** [word mark] (incontestable); (3) Reg. No. 4,524,**172** [yin-yang circle] (incontestable); and Reg. No. 4,524,**173** [Green followed by Red/ yin-yang circle] (incontestable). See SAC ¶4. Defendants dispute all of SINCO's claims, maintaing that they had permission to use the marks without restriction or geographical limitations, which is inconsistent with their filing of numerous trademark applications in China and the U.S., claiming to be the original owner. XINGKE filed no less than eleven trademark applications with the United States Patent & Trademark Office ("USPTO") from **January 13,**

**2017** to **February 23, 2017**, claiming the "SINCO" mark as their own. See SAC ¶10. Many of these trademark application admit that XINGKE had used the "SINCO" mark in commerce.

SINCO Second Amended Complaint ("SAC") asserts six (6) casues of action:

[1]   TRADEMARK INFRINGEMENT          (15 U.S.C. § 1114);

[2]   FALSE DESIGNATIONS OF ORIGIN    (15 U.S.C. §1125 (a));

[3]   FALSE ADVERTISING               (15 U.S.C. §1125 (a));

[4]   TRADEMARK DILUTION              (15 U.S.C. §1125 (c));

[5]   COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION; &

[6]   STATE STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof §17200).

These causes of action relate to SINCO's ex-employees, Defendants Mark Liew and Cy Ng, who SINCO alleges engaged in unauthorized meeting with SINCO's U.S. customers in this district and throught the U.S., while employed by SINCO, but without SINCO knowledge or consent. SINCO alleges that Defendants Mark Liew and Cy Ng targeted U.S. customers who knew them as SINCO's employees and engaged with them on speific SINCO projects in which Mr. Liew and Mr Ng were working with these U.S. customers on behalf of SINCO. Mr. Liew and Mr. Ng passed themeselves off as SINCO employees in these meetings which were also attended by Defendant Mui Liang Tjoa, wherein the defendants communications or omissions falsely presented themselves as acting on behalf of and for the benefit of SINCO, which allowed Defendant Tjoa access that he would not have otherwise had. Furthermore, in XINGKE's filings with the USPTO to obtain rights to the "SINCO" trademark, XINGKE submitted forged documents, stole the identity of a patent agent to file the applications, and submitted a false declation, which further evidences XINGKE's willful trademark infringment.

**DEFENDANTS' STATEMENT:**

This case is about the end of a longtime business relationship between Defendant XingKe Electronics Technology Co. Ltd. ("XingKe") and Plaintiff SinCo Technologies Pte. Ltd. ("SINCO" or "Plaintiff").[1] At its core, this was a supplier-distributor relationship—with XingKe

---

[1] Defendant XingKe was previously named SinCo Electronics (Dongguan) Co., Ltd., and therefore in order to distinguish Plaintiff, which is also named SinCo, Defendants typically refer to Plaintiff as "SinCo SG," the SG referring to Singapore. This is consistent with the parties'

manufacturing products at a factory in the city of Dongguan, China, and SINCO serving as a middleman based in Singapore that bought and then re-sold a portion of the products manufactured by XingKe to a small group of the largest and most sophisticated makers of consumer electronics in the world. In this action, SINCO is asserting causes of action for trademark infringement under the Lanham Act and other related torts based on XingKe's use of its former corporate name—SinCo Electronics Technology Co. Ltd.

Plaintiff will be unable to meet its burden of proof to show liability at trial for a number of reasons. The parties had an agreement that XingKe could use the name SinCo for all purposes, and therefore XingKe's use of that name was never without the consent of Plaintiff. XingKe also never used the SinCo name in a manner that was likely to cause confusion in the relevant market. Additionally, even if Plaintiff could prove its prima facie case, XingKe has legal and equitable affirmative defenses, including: abandonment by naked licensing, acquiescence, laches, and estoppel. Finally, even if the jury were to conclude that XingKe was liable for trademark infringement, Plaintiff will be unable to meet its burden of proving damages. Again, the relevant customers here are a handful of some of the most sophisticated—and careful—purchasers in the world. None purchased products from XingKe because it was confused as to which company it was doing business with.

### b. RELIEF PRAYED.

**PLAINTIFF'S PRAYER:**

- SinCo seeks a permanent injunction be issued enjoining Defendants and their agents, servants, employees, attorneys, and all persons in active concert with them:

    a. from using the SinCo Marks or any marks confusingly similar thereto in connection with sale or offering of goods and services;

    b. from falsely advertising a connection with the SinCo through the use of SinCo Marks;

---

historical practice, and Defendants have maintained that convention throughout its pretrial filings, including the exhibits attached hereto. However, for purposes of this joint statement only, and so as to avoid the parties using different names for the same entity, Defendants will refer to Plaintiff as "SINCO."

      c.      from using any logo, trade name, trademark, or service mark which may be calculated to falsely represent or which has the effect of falsely representing that goods and/or services of Defendants are sponsored by, authorized by, or in any way associated with SinCo;

      d.      from using the Infringing Marks or from otherwise infringing or diluting the SinCo Marks; and

      e.      from otherwise unfairly competing with SinCo or infringing SinCo's rights in the SinCo Marks.

- That Defendants be required to remove and cease use of any web sites, physical or electronic advertisements, collateral, or promotional materials bearing the Infringing Marks.
- That Defendants be required to expressly abandon all trademark applications for the Infringing Marks filed with the United States Patent and Trademark Office.
- That Defendants be required to pay to SinCo such damages as SinCo has sustained as a consequence of Defendants' false advertising, unfair competition, and infringement of the SinCo Marks, and to account to SinCo for all gains, profits, and advantages derived by Defendants by virtue of its infringement, and/or that SinCo be awarded Defendants' profits pursuant to 15 U.S.C. §1117 and state common and statutory law.
- Alternatively, that the Court award statutory damages of $2,000,000 per counterfeit mark pursuant to 15 U.S.C. §1117.
- That the monetary award to Plaintiff be increased based on willful infringement pursuant to 15 U.S.C. §1117.
- That the Court find this case to be exceptional and award reasonable attorneys' fees to SinCo.
- For such other and further relief as to the Court may deem just and proper under the circumstances.

**DEFENDANTS' PRAYER:**

Defendants seek:

- Judgment in favor of Defendants on all counts.

1       •      That the Court find this case to be exceptional and award reasonable attorneys'
2 fees to Defendants on the Lanham Act claims.
3       •      That Defendants be awarded such other and further relief that the Court may deem
4 just.
5      In addition, Defendants have and reserve equitable defenses and requests for equitable
6 relief that will not be tried to the jury.

      **2.**      **Factual Basis of the Action.**

           a.    UNDISPUTED FACTS.

On **August 30, 2021**, SINCO proposed forty specific facts for stipulation, in its view primarily stemming from XINGKE's written discovery responses. Defendants believe that most, if not not all, of these proposed facts are not undisputed and/or not appropriate for stipulation, but are considering whether there are certain undisputed facts as to which a stipulaion would advance the proceeding.

           b.    DISPUTED FACTUAL ISSUES.

PLAINTIFF'S STATEMENT OF DISPUTE FACTUAL ISSUES:

•      SINCO disputes that XINGKE's counsel's pronounciation of the term "XINGKE" is appropriate, given the Defendants witnesses and Defendants prior counsel's usage (which will be apparent on the video deposition testimony), and it may tend to mislead the Jury as to the sound of the asserted trademark and later adopted name by XINGKE.

•      SINCO disputes that it gave permission to Defendants to use the "SINCO" Marks without any restrictions.

•      SINCO disputes that it had knowledge that Defendants were using the Marks in the United States prior to 2016, much less outside the scope of work that XINGKE was doing for SINCO.

•      SINCO disputes that is had knowledge that Defendants were selling to U.S. companies prior to 2016.

•      SINCO disputes that it was simply the marketing and sales arm of XINGKE.

1    • SINCO disputes that the prior oral agreement is relevant given the terms of the
2 Supply agreement and later purchase Orders directed to the use of SINCO's Intellectual Property.
3 While SINCO admits that there was no specific Trademark license agreement, the Supply
4 Agreement and Purchase Orders limited the use of its' Intellectual Property, including
5 trademarks.
6    • XINGKE disputes that the 2012 Supply agreement with SINCO limited their use
7 of the "SINCO" Marks.
8    • XINGKE disputes that the Purchase Orders and related terms and conditions that it
9 accepted from SINCO limited their use of the "SINCO" Marks, or that it ever received said terms
10 and conditions.
11   • Defendant Liew disputes that he was an employee of SINCO.
12   • Defendant Ng disputes that he was an employee of SINCO.
13   • Defendant XingKe Electronics (Dongguan) Co. Ltd., disputes that it is the same
14 entity as Defendant SinCoo Electronics Technology Co. Ltd.

**DEFENDANTS' STATEMENT OF DISPUTED FACTUAL ISSUES:**

16   • The parties dispute the scope of the permissions and license to use the word
17 "SinCo" and related logos that Defendants had by agreement or by implication.
18   • The parties dispute what SINCO knew about XingKe's business operations and
19 use of the name SinCo at relevant times.
20   • The parties dispute that the 2012 Supply Agrement expired on January 2, 2013.
21   • The parties dispute whether Defendants used the word "SinCo" and related logos
22 in a manner likely to cause confusion among U.S. customers.
23   • The parties dispute whether any use of the word "SinCo" and related logos by
24 Defendants caused any actual confusion among relevant U.S. customers.

25          c.  **AGREED STATEMENT:**
26     The parties to this case are Plaintiff SinCo Technologies Pte Ltd., a Singapore company,
27 and Defendants Xingke Electronics (Dongguan) Co., Ltd., (previously doing business as Sinco
28 Electronics (Dongguan) Co., Ltd), a Chinese company, and three individuals named Mui Liang

6

1   Tjoa, Ng Cher Yong, and Liew Yew Soon.  For those of you selected to serve as jurors, I will
2   give you more detailed instructions regarding this case once you are sworn-in as jurors and again
3   at the conclusion of the evidence.  For now, I will tell you that the Plaintiff accuses Defendants of
4   infringing four United States trademarks or service marks. Defendants deny infringing the
5   trademarks and assert other defenses to the alleged infringement. The Plaintiff further accuses
6   Defendants of unfair competition by using its trade name to pass themselves off as the Plaintiff.
7   Defendants deny that they passed themselves off as the Plaintiff. If you find that that Defendants
8   infringed the trademarks or passed themselves off as the Plaintiff you will be asked to determine
9   what sum of money would be adequate to compensate the Plaintiff for any damages [**Defendant's**
10  **proposed language:** caused by infringement or unfair competition] [**Plaintiff's proposed**
11  **language:** allowed under the law, as I will instruct you later].
12        d.  STIPULATIONS:
13  The parties stipulate as to the admissibility of the documents identified on the Joint Exhibit List,
14  herein attached as Appendix C.
15        **3.**    **Disputed Legal Issues.**
16        Please see the parties' proposed separate jury instructions for disputed legal issues.  The
17  parties disputed Jury Instructions are attached as Appendix A.2, wherein Appendix A.1 represents
18  the Agreed upon Jury instructions. Attached as Appendix A.3 are the parties respective proposed
19  Verdict Forms, and respective objections. Attached as Appendix A.4 are, respecitvely, Plaintiff's
20  proposed additional voir dire, Plaintiff's proposed questionnaire, and Defendants' proposed
21  additional voir dire.  Defendants submitted no proposed additional questionnaire, content intstead
22  to rely upon the Court's standard Survey Monkey form.  Questions to which the parties
23  specifically objected in any of the voir dire or the questionnaire are highlighted.
24        **4.**    **Estimate of Trial Time:**
25        Defendants' propose that each side be allowed a maximum of four court days of time to
26  present evidence (approximately 18 hours each), not including jury selection, opening statements,
27  breaks and closing arguments.  Plaintiff believes it may be necessary to push that to 20 hours
28  depending on translation and Covid protocols.

**5.     Trial Alternatives and Options.**

    a.   Settlement Discussions.

The parties have engaged in extensive settlement discussions with Magistrates Laporte and Beeler over several years, the last concluding on August 17, 2021. [ECF 411] The parties do not see a path toward settlement at this time.

    b.   Consent to Trial Before a Magistrate.

SINCO declined to have a magistrate judge for all proceedings on **October 6, 2017**. [ECF 11] This case was assigned to the Honorable Judge Edward M. Chen on October 11, 2017. [ECF 13]  Defendants are willing to have this matter conducted as a bench trial in lieu of a jury trial in order to expedite the trial and minimize risks associated with the ongoing pandemic conditions.

    c.   Amendments or Dismissals.

None at this time.

    d.   Bifurcation or Separate Trial of Issues.

None at this time.

**6.     Witnesses.**

The parties respective witness lists and objections are attached as Appendix B.  Plaintiff's witness list and Defendants' objections are attached as B.1.  Defendants' witness list and Plaintiff's objections are attached as B.2.

SINCO estimates the following breakdown, per live witness as to its case in chief (Cross Examination time provided by Defenants):

| WITNESS | DIRECT EXAM | CROSS EXAM | |
|---|---|---|---|
| Guanglei Zhang◊ (Live) | 1 hour | 0.5 hour | |
| Bryan Lim (Depo) | 2.5 hours | 1.0 hour | |
| Xu Shugong◊* (Live) | 2 hour | | |
| Mark Liew (Live) | 1.5 hour | | |
| Minh Nyguyen (Live) | 2.5 hours | | |
| Cy Ng (Live) | 1 hour | | |

8
JOINT PRETRIAL CONFERENCE STATEMENT                                    3:17-CV-05517-EMC

| WITNESS | DIRECT EXAM | CROSS EXAM | |
|---|---|---|---|
| Gouki Gao (Depo) | .5 hour | | |
| Deqiang Liu* (Depo) | .5 hour | | |
| Mui Liang Tjoa (Live) | 1.5 hour | | |
| Eric Pang (Depo) | .5 hour | | |
| Quek Seow Eng (Depo) | .5 hour | | |
| Miriam Paton⊘ (Live) | .5 hour | | |
| Jon Chee (Live) | 3.5 hours | 1.5 | |
| Alan Cox⊘ (Live) | 2.5 hours | 1.0 | |
| **TOTAL** | **20 hours** | 4.0 hours | |

⊘ Defendants' objects to this witness

*Translator Required

Defendants estimates the following breakdown, per live witness as to its case in chief (Cross Examination time provided by Plaintiff):

| WITNESS | DIRECT EXAM | CROSS EXAM | REDIRECT |
|---|---|---|---|
| CY Ng | 2.0 hours | TBD | |
| Mark Liew | 2.0 hours | TBD | |
| ML Tjoa | 2.0 hours | TBD | |
| DeQiang Liu* | 1.5 hours | TBD | |
| Jerry Yang* | 0.75 hour | TBD | |
| Gouki Gao* | 0.75 hour | TBD | |
| Andy Lim⊘ / Google⊘ | .5 hours | TBD | |
| Gabriel Kouri⊘ / Intel⊘ | .5 hours | TBD | |
| Nick Guyot⊘ / Apple⊘ | .5 hours | TBD | |
| Bose⊘ | .5 hours | TBD | |

| WITNESS | DIRECT EXAM | CROSS EXAM | REDIRECT |
|---|---|---|---|
| Swiftronic⊘ | .5 hours | TBD | |
| Hank Kahrs⊘ (Expert) | 2.5 hours | TBD | |
| **TOTAL** | 14.0 hours | 4 hours | |

⊘ Plaintiff's objects to this witness

2*Translator Required

### 7. Exhibits.

The parties Joint Exhibit List is attached as Appendix C1. Plaintiff has highlighted within the Joint Exhibit List fifteen of its most important objections to exhibits for the Court's consideration prior to trial.  Defendants have identified its most important objections to exhibits within the separate Joint Statement on Objections to Exhibits, attached hereto as Appendix C.2

### 8. Demonstratives.

The parties are aware of the Court's Guidelines for Trial In Civil Cases (Jury and Bench), including with respect to the "exchange [of] any visuals, graphics, or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions one court day in advance of trial." *Id*. at 2.  Likewise, the parties are aware of the guidelines concerning the exchange of "exhibits that will be used on direct and cross-examination…." *Id*. at 3.  With respect to visuals or graphics (i.e., demonstratives rather than exhibits) to be used with witnesses, parties shall provide the opposing counsel a copy therof on or before the day of its use with sufficient time to discuss any potential objections prior to the Jury being seated for the day.

### 9. Equipment Order.

The parties request the **October 5, 2021** pretrial conference be conducted in person. An hour prior to the conference the parties request an opportunity to test the equipment available in the courtroom so that they can assess the scope of any requested equipment orders, and are willing to meet and confer to agree to jointly use equipement to the extent possible. The parties request a courtroom technical represenative be available during the inspection.

10. **Use of Discovery Responses.**

The parties designated discovery and related obejctsion are attached as Appendix D.

    a)    ***Deposition Designations & Objections***

Plaintiff's proposed deposition designations and Defendants' objections are attached as Appendix D1. Defendants proposed deposition designations and Plaintiff's objections are attached as Appendix D2.

    b)    ***Written Discovery Response Designations & Objections***

Plaintiff's proposed discovery response designations and Defendants' objections are attached as Appendix D.1 and D.2. Defendants proposed discovery response designations and Plaintiff's objections are attached as Appendix D.3 and D.4.

Dated: September 15, 2021

Respectfully submitted,

ROPERS MAJESKI PC

By: /s/ Lael Andara
LAEL D. ANDARA
ROBIN M. PEARSON
DANIEL E. GAITAN
Attorneys for Plaintiff & Cross-Defendant
SINCO TECHNOLOGIES PTE LTD

Dated: September 15, 2021

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ Douglas Winthrop

Douglas A. Winthrop
Jeremy T. Kamras
Joseph Farris
Attorneys for Defendants & Cross-Complainants
NG CHER YONG; MUI LIANG TJOA; LIEW YEW SOON; & XINGKE ELECTRONICS (Dongguan) CO., LTD formerly known as SINCO ELECTRONICS (Dongguan) CO. LTD.