Sinco Technologies Pte Ltd. v. Sinco Electronics (Dongguan) Co. Ltd., *et al*

# APPENDIX A.3

## PROPOSED DISPUTED VERDICT FORMS

1   **ROPERS, MAJESKI, KOHN & BENTLEY**
2   LAEL D. ANDARA (SBN 215416)
    lael.andara@ropers.com
3   ROBIN PEARSON (SBN 146704)
    robin.pearson@ropers.com
4   DANIEL E. GAITAN (SBN 326413)
    daniel.gaitan@ropers.com
5   545 Middlefield Road, Suite 175
    Menlo Park, CA 94025
6   Telephone:    (650) 364-8200
7   Facsimile:    (650) 780-1701

8   *Attorneys for Plaintiff*
    SINCO TECHNOLOGIES PTE LTD.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13   SINCO TECHNOLOGIES PTE LTD,          CASE NO. 3:17CV5517 EMC

14              Plaintiff,                The Honorable Edward M. Chen

15   v.                                   **PLAINTIFF'S [*REVISED*]**
                                          **PROPOSED JURY VERDICT FORM**
16   SINCO ELECTRONICS (DONGGUAN)
     CO., LTD.; XINGKE ELECTRONICS
17   (DONGGUAN) CO., LTD.; XINGKE
     ELECTRONICS TECHNOLOGY CO.,
18   LTD.; SINCOO ELECTRONICS
     TECHNOLOGY CO., LTD.; MUI LIANG
19   TJOA (an individual); NG CHER YONG
     aka CY NG (an individual); and LIEW
20   YEW SOON AKA MARK LIEW (an
     individual),
21
                Defendants,
22

23   AND RELATED COUNTER-CLAIMS.

24

25      Plaintiff SinCo Technologies Pte. Ltd, proposes the following special verdict form.

26

27

28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

## SPECIAL VERDICT

Based on the evidence admitted at trial and in accordance with the instructions as given by the Court, we, the jury, unanimously agree to the answers to the following questions:

### I.      SINCOO

QUESTION NO. 1:

Did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendant XingKe Electronics (Dongguan) Co., Ltd., is the same as Defendant SinCoo Electronics Technology Co., Ltd.?

*Circle "Yes" or "No":*                                              **YES**        **NO**

*(Proceed to Question 2.)*

### II.      UNFAIR COMPETITION

QUESTION NO. 2:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants passed themselves off as Plaintiff SinCo Technologies Pte Ltd., to United States Customers?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

*(If you answered "Yes" to Question 2 as to any Defendant Proceed to Question 3. If you answered "No" to Question 2 as to all Defendants proceed to Section III and Question 5a.)*

CASE NO. 3:17CV5517 EMC

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4836-3636-6773.9

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

QUESTION NO. 3:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by clear and convincing evidence that Defendants acted with malice, oppression, or fraud?

    *Circle "Yes" or "No" for each defendant:*

| | | | |
|---|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

*(If you answered "Yes" to Question 3 as to any Defendant Proceed to Question 4. If you answered "No" to Question 3 as to all Defendants proceed to Section III and Question 5a.)*

QUESTION NO. 4:

As to the following Defendants, what amount of punitive damages should be paid to Plaintiff SinCo Technologies Pte Ltd., to address the unfair competition.

    *Indicate a dollar amount for each defendant:*

    In favor of Plaintiff and against Mui Liang Tjoa    $_____

    In favor of Plaintiff and against Liew Yew Soon    $_____

    In favor of Plaintiff and against Ng Cher Yong for    $_____

    In favor of Plaintiff and against XingKe Electronics Technology Co., Ltd., for    $_____

*(Proceed to Section III and Question 5a.)*

III.        "SINCO" TRADEMARK INFRINGEMENT

*[The Chart below identifies each trademark.]*

| TRADEMARK | REGISTRATION NUMBER | TRADEMARK PICTURE | CLASS OF GOODS |
|---|---|---|---|
| The color green appears in the "sin" component and the right-half of the ying-yang circle. the color red appears in the "co" component and the left-half of the ying-yang circle. The color(s) green and red is/are claimed as a feature of the mark. | 3,188,**537** |  | 9 |
| The mark consists of standard characters without claim to any particular font, style, size, or color. | 4,524,**165** | SINCO | 42 |
| The mark consists of the wording "SINCO" where the "N" and "C" are superimposed over a ying-yang circle. | 4,524,**172** |  | 42 |
| The mark consists of the wording "SINCO" where the letters "sin" are depicted in green and the letters "co" are depicted in red and where the letters "n" and "c" are superimposed over a green and red yin-yang circle. | 4,524,**173** |  | 17 |

*[Using the last three digits of the Registration Number of the trademarks listed in the chart, answer the following question.]*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4836-3636-6773.9

QUESTION NO. 5a:

Did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that the following trademarks were directly infringed by one or more of the Defendants?

*(Circle "Yes" or "No" for each Defendant, as to the referenced trademark using the chart above, as necessary.)*

**SinCo '537**

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

**SINCO '165**

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

*(Proceed to question 5b, on the next page.)*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4836-3636-6773.9

**QUESTION NO. 5b:**

Did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that the following trademarks were directly infringed by one or more of the Defendants?

*(Circle "Yes" or "No" for each Defendant, as to the referenced trademark using the chart above, as necessary.)*

**SinCo '172**

| | | | |
|---|---|---|---|
| Mui Liang Tjoa | | **YES** | **NO** |
| Liew Yew Soon | | **YES** | **NO** |
| Ng Cher Yong | | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | | **YES** | **NO** |

**SinCo '173**

| | | | |
|---|---|---|---|
| Mui Liang Tjoa | | **YES** | **NO** |
| Liew Yew Soon | | **YES** | **NO** |
| Ng Cher Yong | | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | | **YES** | **NO** |

*(If you answered "Yes" to Questions 5a or 5b as to any Defendant Proceed to Question 6. If you answered "No" to Questions 6a or 6b as to all Defendants proceed to Section IV and Question 9.)*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

QUESTION NO. 6:

As to the following Defendants, did SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that the trademark infringement was willful?

*Circle "Yes" or "No" for each defendant:*

Mui Liang Tjoa                                          **YES**          **NO**

Liew Yew Soon                                        **YES**          **NO**

Ng Cher Yong                                          **YES**          **NO**

XingKe Electronics Co., Ltd.                  **YES**          **NO**

SinCoo Electronics Technology Co., Ltd.   **YES**          **NO**

(*Proceed to Question 7.*)

QUESTION NO. 7:

As to the following Defendants, what amount, if any, do you award to SinCo Technologies Pte Ltd., for statutory damages for trademark infringement?

In favor of Plaintiff and against Mui Liang Tjoa        $_____

In favor of Plaintiff and against Liew Yew Soon        $_____

In favor of Plaintiff and against Ng Cher Yong for    $_____

In favor of Plaintiff and against SinCoo Electronics Technology Co., Ltd., for

$_____

*[If your answer to Question No. 5 is "Yes" as to that Defendant you may award not more than $2,000,000 per counterfeit mark per class of goods or services sold, offered for sale, or distributed, in the United States. If your answer to Question No. 5 is "No" as to that Defendant you may award not less than $1,000 or more than $200,000 per counterfeit mark per class of goods or services sold, offered for sale, or distributed, in the United States.]* (*Proceed to Question 8.*)

CASE NO. 3:17CV5517 EMC

4836-3636-6773.9

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

QUESTION NO. 8:

As to Defendant XingKe Electronics Co., Ltd., did Plaintiff Sinco Technologies Pte Ltd., prove by a preponderance of evidence, that it was damaged as a result of XingKe Electronics Co., Ltd.'s use of the "SINCO" registered trademarks?

*Circle "Yes" or "No."*                    **YES**                    **NO**

If **YES**, in what amount:

   a.  Past economic loss

       Lost Sales                    $_____

       Other past economic loss      $_____

               Total Past Economic Damages:  $_____

   b.  Future economic loss

       Lost Sales                    $_____

       other future economic loss    $_____

              Total Future Economic Damages: $_____

*(Proceed to Question 9.)*

CASE NO. 3:17CV5517 EMC

4836-3636-6773.9

## IV.    FALSE ADVERTISING

QUESTION NO. 9:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants committed false advertising?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

*(If you answered "Yes" as to Question 9 proceed to Question 10. If you answered "No" to Questions Question 9 proceed to Question 13.)*

QUESTION NO. 10:

As to the following Defendants, did SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that the false advertising was willful?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

*(Proceed to Question 11.)*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

QUESTION NO. 11:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants false advertising caused monetary damages to Plaintiff SinCo Technologies Pte Ltd.?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

*(If you answered "Yes" as to Question 11 proceed to Question 12. If you answered "No" to Questions Question 11 proceed to Question 13.)*

QUESTION NO. 12:

On Plaintiff SinCo Technologies Pte Ltd.'s, claim for false advertising, we the jury, award the following damages:

In favor of Plaintiff and against Mui Liang Tjoa $_____

In favor of Plaintiff and against Liew Yew Soon $_____

In favor of Plaintiff and against Ng Cher Yong for $_____

In favor of Plaintiff and against SinCoo Electronics Technology Co., Ltd., for

$_____

*(Proceed to Question 13.)*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4836-3636-6773.9

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

## V.  **FALSE DESIGNATION OF ORIGIN**

QUESTION NO. 13:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants committed false designation of origin?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

*(If you answered "Yes" as to any Defendant as to Question 13 Proceed to Question 14. If you answered "No" to Question 13 as to all Defendants proceed to Section VI and Question 17.)*

QUESTION NO. 14:

As to the following Defendants, did SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that the false designation of origin was willful?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

*(Proceed to Question 15.)*

CASE NO. 3:17CV5517 EMC

4836-3636-6773.9

QUESTION NO. 15:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants false designation of origin caused monetary damages to Plaintiff SinCo Technologies Pte Ltd.?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

*(If you answered "Yes" as to Question 15 proceed to Question 16. If you answered "No" to Questions 15 proceed to Question 17.)*

QUESTION NO. 16:

On Plaintiff SinCo Technologies Pte Ltd.'s, claim for false designation of origin, we the jury, award the following damages:

In favor of Plaintiff and against Mui Liang Tjoa     $_____

In favor of Plaintiff and against Liew Yew Soon     $_____

In favor of Plaintiff and against Ng Cher Yong for  $_____

*(Proceed to Question 17.)*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4836-3636-6773.9

## VI.   **DEFENSES**

QUESTION NO. 17:

Did Defendants prove by clear and convincing evidence show that SinCo abandoned its trademark rights in the mark "SinCo," in the United States?

*Circle "Yes" or "No":*                                    **YES          NO**

*(If you answered "Yes" proceed to Question 18. If you answered "No" to Question 17, please skip to the end to sign and date the Verdict form.)*

QUESTION NO. 18:

What year did Defendants prove by clear and convincing evidence that SinCo abandoned its United States Trademarks?

**'537**            Year Abandoned _____.

**'165**            Year Abandoned _____.

**'172**            Year Abandoned _____.

**'173**            Year Abandoned _____.

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Court personnel that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: November ___, 2021            Signature:_____

                                     Name:_____

4836-3636-6773.9

DOUGLAS A. WINTHROP (SBN 183532)
Douglas.Winthrop@arnoldporter.com
JEREMY T. KAMRAS (SBN 237377)
Jeremy.Kamras@arnoldporter.com
JOSEPH FARRIS (SBN 263405)
Joseph.Farris@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

*Attorneys for Defendants*
XINGKE ELECTRONICS (DONGGUAN) CO.,
LTD., formerly known as SINCO ELECTRONICS
(DONGGUAN) CO., LTD., LIEW YEW SOON
aka, MARK LIEW, NG CHER YONG. aka CY
NG, and MUI LIANG TJOA aka ML TJOA

**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
Jessica A. Crabbe (SBN. 263668)
*JessicaCrabbe@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>               Plaintiff,<br><br>vs.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>               Defendants. | Case No. 3:17-CV-05517-EMC<br><br>Action Filed: September 22, 2017<br><br>**DEFENDANTS' OBJECTIONS TO VERDICT FORM**<br><br>**Judge:**    **Honorable Edward M. Chen**<br><br>**Trial:**     **November 1, 2021** |

## **SPECIAL VERDICT**

Based on the evidence admitted at trial and in accordance with the instructions as given by the Court, we, the jury, unanimously agree to the answers to the following questions:

### I.       **SINCOO**

QUESTION NO. 1:

Did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence that Defendant XingKe Electronics (Dongguan) Co., Ltd., is the same as Defendant SinCoo Electronics Technology Co., Ltd.

*Circle "Yes" or "No"*:                              **YES**          **NO**

(*Proceed to Question 2.*)

**DEFENDANTS' RESPONSE:** Objection.  Since a default was entered against Sincoo, there is no basis for that company to appear on the Verdict Form.  Additionally, there was no pleaded allegation that XingKe is the alter ego of Sincoo, and even if there were, this would not be a proper alter ego instruction.  *See generally* Defendants' Motion in Limine No. 3 re Sincoo.

### II.       **UNFAIR COMPETITION**

QUESTION NO. 2:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants passed themselves off as Plaintiff Sinco Technologies Pte Ltd., to United States Customers?

*Circle "Yes" or "No" for each defendant:*

Mui Liang Tjoa                                       **YES**          **NO**

| | | |
|---|---|---|
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

*(If you answered "Yes" to Question 2 as to any Defendant Proceed to Question 3.  If you answered "No" to Question 2 as to all Defendants proceed to Section III and Question 5a.)*

**DEFENDANTS' RESPONSE:** Objection.  The parties' actual and prospective customers were a limited group of sophisticated and well-resourced technology companies, not "United States Customers."  Thus, the question is misleading to the jury.  Further, it is undisputed that the parties engaged in cooperative business endeavors before 2017.  Omitting that information from the question makes it misleading and prejudicial.


QUESTION NO. 3:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by clear and convincing evidence that Defendants acted with malice, oppression or fraud?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

*(If you answered "Yes" to Question 3 as to any Defendant Proceed to Question 4.  If you answered "No" to Question 3 as to all Defendants proceed to Section III and Question 5a.)*

2

**DEFENDANTS' RESPONSE:**  Objection.  The question is misleading and confusing because it fails to specify which claim it relates to.  Punitive damages are not permitted under the Lanham Act.


QUESTION NO. 4:

As to the following Defendants, what amount of punitive damages should be paid to Plaintiff SinCo Technologies Pte Ltd., to address the unfair competition.

    *Indicate a dollar amount for each defendant:*

    In favor of Plaintiff and against Mui Liang Tjoa    _____

    In favor of Plaintiff and against Liew Yew Soon    _____

    In favor of Plaintiff and against Ng Cher Yong    _____

    In favor of Plaintiff and against XingKe Electronics Technology Co., Ltd.

        _____

**DEFENDANTS' RESPONSE:**  Objection.  The question is misleading and confusing because it fails to specify which claim it relates to. Punitive damages are not permitted under the Lanham Act. Damages, including punitive damages and increased or enhanced damages, are not recoverable in an unfair competition action.  *In re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 620 (N.D. Cal. 2007); *Clark v. Superior Court,* 50 Cal.4th 605, 610 (2010).


## III.  **"SINCO" TRADEMARK INFRINGEMENT**

Question No. 5a:

US 170366309v3

Did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that the following trademarks were directly infringed by one or more of the Defendants?

(*Circle "Yes" or "No" for each Defendant, as to the referenced trademark using the chart above, as necessary*.)

SinCo '537

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

SINCO '165

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

(*Proceed to question 5b, on the next page.*)

**DEFENDANTS' RESPONSE:** Objection.  There should be a single question that permits the jury to find non-infringement as to all trademarks by each defendant before the jurors proceed to make specific findings.  Since a default was entered against Sincoo, there is no basis for that company to appear on the Verdict Form.  Defendants further object to the use of the graphical elements depicting portions of the trademark registrations on the Verdict Form as misleading and unduly prejudicial.

US 170366309v3

**QUESTION NO. 5b:**

Did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that the following trademarks were directly infringed by one or more of the Defendants?

SINCO '172

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

SINCO '173

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

(*If you answered "Yes" to Questions 5a or 5b as to any Defendant Proceed to Question 6. If you answered "No" to Questions 6a or 6b as to all Defendants proceed to Section IV and Question 9.*)

**DEFENDANTS' RESPONSE:** Objection. See objections to Question 5(a). Defendants further object to the reference in the second sentence to "Questions 6a or 6b" - the reference should be to "Questions 5a or 5b."

QUESTION NO. 6:

As to the following Defendants, did SinCo Technologies Pte Ltd., prove by a preponderance of the evidence, that the trademark infringement was willful?

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

(*Proceed to Question 7.*)

**DEFENDANTS' RESPONSE:**  Objection.  Defendants object to the statement that the applicable standard of proof for a finding of willful infringement is preponderance of the evidence.  Plaintiff cites no authority for this sentence, and plaintiff is mistaken.  A finding of willful infringement under the Lanham Act requires clear and convincing evidence.  *Hakkasan LV, LLC v. Miller,* 2016 WL 1064473, *3 (D. Nev. 2016); *CollegeNet, Inc. v. XAP Corp.*, 483 F.Supp.2d 1058, 1065 (D. Ore. 2007).  Since a default was entered against Sincoo, there is no basis for that company to appear on the Verdict Form.


QUESTION NO. 7:

As to the following Defendants, what amount, if any, do you award to SinCo Technologies Pte Ltd., for statutory damages for trademark infringement?

In favor of Plaintiff and against Mui Liang Tjoa _____

In favor of Plaintiff and against Liew Yew Soon _____

In favor of Plaintiff and against Ng Cher Yong _____

6

In favor of Plaintiff and against XingKe Electronics Technology Co., Ltd.

_____

In favor of Plaintiff and against Sincoo Electronics Technology Co., Ltd.

_____

(*If your answer to Question No. 5 is "Yes" as to that Defendant you may award no more than $2,000,000 per counterfeit mark per class of goods or services sold, offered for sale, or distributed, in the United States.  If your answer to Question No. 5 is "No" as to that Defendant you may award not less than $1,000 or more than $200,000 per counterfeit mark per class of goods or services sold, offered for sale, or distributed, in the United States.  Proceed to Question 8.*)

**DEFENDANTS' RESPONSE:**  Objection.  The question is needlessly confusing in that it refers to "Question 5" rather than "Question 5a" or "Question 5b."  Further, since Questions 5a and 5b merely refer to infringement rather than counterfeit marks, neither offers any basis for any award of statutory damages.  Further, plaintiff's Question No. 7 is misleading because it fails to advise the jury that actual or statutory damages can only be awarded in the alternative, not cumulatively.  The form of the question is also misleading because it does not make it clear to the jury that they do not need to award statutory damages.   Since a default was entered against Sincoo, there is no basis for that company to appear on the Verdict Form.  Finally, defendants object to the final sentence of the italicized instructions since it instructs the jury that they may award statutory damages *in the absence of any finding of infringement*.  There is no authority for that position.


QUESTION NO. 8:

US 170366309v3

As to Defendant XingKe Electronics Co., Ltd., did Plaintiff Sinco Technologies Pte Ltd., prove by a preponderance of evidence, that it was damaged as a result of XingKe Electronics Co., Ltd.'s use of the "SINCO" registered trademarks?

*Circle "Yes" or "No"*          **YES**          **NO**

If **YES,** in what amount

a.  Past economic loss

Lost Sales                               $ _____

Other past economic loss       $ _____

                               Total Past Economic Damages:   $ _____

b.       Future economic loss

Lost Sales                               $ _____

Other past economic loss       $ _____

                               Total Future Economic Damages:   $ _____

*(Proceed to Question 9.)*

**DEFENDANTS' RESPONSE:** Objection.  Plaintiff's Question No. 8 is misleading to the jury through its use of "damaged 'as a result' of use of trademarks.  The proper standard is damages *caused by* purportedly infringing use.  Further, "lost sales" is not an appropriate measure of damages - the proper measure is lost profits.  Finally, defendants object to the inclusion of future damages on this question since there is no evidence of any such damages.  Further, the juries will not be given any evidence of "other past economic loss," so no such question should appear on the Verdict Form.

IV.       <u>FALSE ADVERTISING</u>

QUESTION NO. 9:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants committed false advertising?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

(*If you answered "Yes" as to Question 9 proceed to Question 10.  If you answered "No" to Questions Question 9* [sic] *proceed to Question 11*.)

**DEFENDANTS' RESPONSE:** Objection.  The word "committed" implies that false advertising is a criminal act, which it is not.  Further, since a default was entered against Sincoo, there is no basis for that company to appear on the Verdict Form.

Question No. 10:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that the false advertising was willful?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |

9

| | | |
|---|---|---|
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

(*Proceed to Question 11.*)

**DEFENDANTS' RESPONSE:** Objection.  Since a default was entered against Sincoo, there is no basis for that company to appear on the Verdict Form.  Further, the question incorrectly states that the applicable standard of proof for a finding of willful misconduct under the Lanham Act is preponderance of the evidence.  Plaintiff is mistaken.  The applicable standard is clear and convincing evidence.  *Hakkasan LV, LLC v. Miller,* 2016 WL 1064473, *3 (D. Nev. 2016); *CollegeNet, Inc. v. XAP Corp.*, 483 F.Supp.2d 1058, 1065 (D. Ore. 2007).

Question No. 11:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants false advertising caused monetary damages to Plaintiff SinCo Technologies Pte Ltd.?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |
| SinCoo Electronics Technology Co., Ltd. | **YES** | **NO** |

(*If you answered "Yes" as to Question 11 proceed to Question 12.  If you answered "No" to Questions Question* [sic]  *11 proceed to Question 13.*)

10

**DEFENDANTS' RESPONSE:** Objection.  Since a default was entered against Sincoo, there is no basis for that company to appear on the Verdict Form.


QUESTION NO. 12:

On Plaintiff SinCo Technologies Pte Ltd.'s claim for false advertising, we the jury, award the following damages:

In favor of Plaintiff and against Mui Liang Tjoa                    _____

In favor of Plaintiff and against Liew Yew Soon                    _____

In favor of Plaintiff and against Ng Cher Yong                    _____

In favor of Plaintiff and against Sincoo Electronics Technology Co., Ltd.

_____

(*Proceed to Question 13.*)

**DEFENDANTS' RESPONSE:** Objection.  Since a default was entered against Sincoo, there is no basis for that company to appear on the Verdict Form.


**V.      FALSE DESIGNATION OF ORIGIN**

QUESTION NO. 13:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants committed false designation of origin?

*Circle "Yes" or "No" for each defendant:*

Mui Liang Tjoa                                        **YES**          **NO**

Liew Yew Soon                                        **YES**          **NO**

| | | |
|---|---|---|
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

(*If you answered "Yes" as to any Defendant as to Question 13 Proceed to Question 14.  If you answered "No" to Question 13 as to all Defendants proceed to Section VI and Question 17.*)

**DEFENDANTS' RESPONSE:** Objection.  Defendants object to each question regarding "false designation of origin."  Since the elements of that claim are identical to those for trademark infringement, including both in the Verdict Form is materially misleading to the jury.  Further, the word "committed" implies that false advertising is a criminal act, which it is not.

QUESTION NO. 14:

As to the following Defendants, did SinCo Technologies Ptd Ltd., prove by a preponderance of evidence, that the false designation of origin was willful?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

(*Proceed to Question 15.*)

**DEFENDANTS' RESPONSE:** Objection.  The question is misleading and inappropriate for the reasons stated above in response to Question 13.  Further, "a finding of willful misconduct under the Lanham Act requires clear and convincing evidence."  *Hakkasan LV, LLC v. Miller,* 2016

12

WL 1064473, *3 (D. Nev. 2016); *CollegeNet, Inc. v. XAP Corp.*, 483 F.Supp.2d 1058, 1065 (D. Ore. 2007).

QUESTION NO. 15:

As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants false designation of origin caused monetary damages to Plaintiff SinCo Technologies Pte Ltd.?

*Circle "Yes" or "No" for each defendant:*

| | | |
|---|---|---|
| Mui Liang Tjoa | **YES** | **NO** |
| Liew Yew Soon | **YES** | **NO** |
| Ng Cher Yong | **YES** | **NO** |
| XingKe Electronics Co., Ltd. | **YES** | **NO** |

(*If you answered "Yes" as to Question 15 proceed to Question 16. If you answered "No" to Questions 15* [sic] *proceed to Question 17.*)

**DEFENDANTS' RESPONSE:** Objection. The question is misleading and inappropriate for the reasons stated above in response to Question 13.

QUESTION NO. 16:

On Plaintiff SinCo Technologies Pte Ltd.'s claim for false designation of origin, we the jury, award the following damages:

In favor of Plaintiff and against Mui Liang Tjoa      _____

In favor of Plaintiff and against Liew Yew Soon      _____

In favor of Plaintiff and against Ng Cher Yong                     _____

(*Proceed to Question 17.*)


**DEFENDANTS' RESPONSE:** Objection.  The question is misleading and inappropriate for the reasons stated above in response to Question 13.


VI.   <u>**DEFENSES**</u>

<u>QUESTION NO. 17:</u>

Did Defendants prove by clear and convincing evidence that SinCo abandoned its trademark rights in the mark "SinCo" in the United States?

*Circle "Yes" or "No"*                               **YES**                     **NO**

(*If you answered "Yes" proceed to Question 18.  If you answered "No" to Question 17, please skip to the end to sign and date the Verdict form.*)


**DEFENDANTS' RESPONSE:** Objection.  Asking the jury to award damages *before* reaching the question of abandonment - which is a complete defense to plaintiff's claims - is highly prejudicial and materially misleading to the jury.  Further, the appropriate standard of proof for abandonment is undecided in the Ninth Circuit.  This court should adopt the preponderance of the evidence standard endorsed by Judge McKeown's concurrence in *Grocery Outlet Inc. v. Albertson's Inc.,* 497 F.3d 949, 953-54 (9th Cir. 2007).  There is no indication in the Lanham Act that Congress intended to impose a heightened burden of proof, and pre-Lanham Act common law abandonment cases are not authority for the meaning of the Lanham Act, as Judge McKeown shows.  *But see Grocery Outlet,* 497 F.3d at 952-53 (Wallace, J., concurring) (arguing

for a "clear and convincing" standard).  Although Judge Wallace argues that the standard of

proof issue is *not* unresolved in the Ninth Circuit, the parties debated the applicable standard in

*Grocery Outlet* itself, and the majority in that case *expressly refused to resolve the issue.*  *Id*. at

951.  This question is also likely to confuse the jury given the failure to mention naked licensing,

which is the basis of Defendants' abandonment defense.


QUESTION NO. 18:

What year did Defendants prove by clear and convincing evidence that SinCo abandoned

its United States Trademarks?

'537   Year Abandoned   _____

'165   Year Abandoned   _____

'172   Year Abandoned   _____

'173   Year Abandoned   _____


**DEFENDANTS' RESPONSE:** Objection.  For the reasons set forth in response to Question No.

17, the applicable standard of proof if preponderance of evidence, not clear and convincing

evidence.  Further, there is no authority for the proposition that a verdict requires unanimous

agreement of the jury to abandonment *in a specific year*, and accordingly the question is

unnecessary and misleading because it improperly increases the burden on defendants.


You have now reached the end of the verdict form and should review it to ensure it

accurately reflects your unanimous determinations.  The Presiding Juror should then sign and

date the verdict form in the spaces below and notify the Court personnel that you have reached a

verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the

jury is brought back into the courtroom.

DATED: November _____, 2021          Signature: _____

                                       Name: _____

US 170366309v3

## PROPOSED VERDICT FORM

**Instructions:** When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Please refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.

## QUESTIONS AND ANSWERS

Based on the evidence admitted at trial and in accordance with the instructions as given by the court, we, the jury, unanimously agree to the answers to the following questions:

## Section 1: Trademark Infringement and False Designation of Origin

With respect to plaintiff Sinco's claims for trademark infringement and false designation of origin:

1.      Do you find by a preponderance of the evidence that the following alleged marks (a) are valid, protectable trademarks, and (b) are owned by Sinco (please place an "X" in the box denoting your choice)?

|  | Valid & Protectable? Yes | No | OWNED BY SINCO Yes | No |
|---|---|---|---|---|
| 3188537 |  |  |  |  |
| 4524165 |  |  |  |  |
| 4524172 |  |  |  |  |

| 4524173 | | | | |
|---------|--|--|--|--|

If you marked "No" for all four of the alleged marks signifying that the mark is not valid and protectable or is not owned by Sinco, go to Question No. 5.  If you answered "Yes" for both questions for any of the alleged marks, answer Question 2 with respect to that mark or those marks.

2.      Do you find by a preponderance of the evidence that any of the defendants used identical or similar marks in a manner not permitted by the terms of any license in a way likely to cause confusion among the plaintiff's targeted customers as to the source, sponsorship, affiliation, or approval of the goods?

Yes   _____        No   _____

If you answered "Yes," indicate for which defendants and which marks.

XingKe Electronics (Dongguan) Co., Ltd.

No. 3188537

Yes   _____        No   _____

No. 4524165

Yes   _____        No   _____

No. 4524172

Yes   _____        No   _____

No. 4524173

Yes   _____      No   _____

Mui Lang Tjoa

No. 3188537

Yes   _____      No   _____

No. 4524165

Yes   _____      No   _____

No. 4524172

Yes   _____      No   _____

No. 4524173

Yes   _____      No   _____

Ng Cher Yong aka Cy Ng

No. 3188537

Yes   _____      No   _____

No. 4524165

Yes   _____      No   _____

No. 4524172

Yes   _____      No   _____

No. 4524173

Yes   _____      No   _____

Liew Yew Soon aka Mark Liew

No. 3188537

Yes   _____      No   _____

US 170336750v1

No. 4524165

Yes  _____     No  _____

No. 4524172

Yes  _____     No  _____

No. 4524173

Yes  _____     No  _____

If you marked "No" for all four defendants as to all trademarks, go to Question No.

5.  If you answered "Yes" for any of the four defendants, continue to Question 3.


3.      Do you find by a preponderance of the evidence that Sinco failed to exercise

adequate quality control over goods sold by XingKe bearing Sinco trademarks at

any time between 2009 and 2017?

Yes  _____     No  _____


If you answered "Yes," indicate for which marks.

No. 3188537

Yes  _____     No  _____

No. 4524165

Yes  _____     No  _____

No. 4524172

Yes  _____     No  _____

No. 4524173

Yes  _____        No  _____

Continue to Question 4.


**Section 2: Trademark Dilution**

With respect to plaintiff Sinco's claim for trademark dilution:

4.      Do you find by a preponderance of the evidence that one or more of Sinco's

trademarks was famous before any defendant began using the trademark?

No. 3188537

Yes  _____        No  _____

No. 4524165

Yes  _____        No  _____

No. 4524172

Yes  _____        No  _____

No. 4524173

Yes  _____        No  _____

If you answered "No" with respect to all four trademarks, proceed to Question 13.  If

you answered "Yes" with respect to any of the four trademarks, proceed to Question

5.


5.      Do you find by a preponderance of the evidence that any defendant began

using XingKe's trademarks after Sinco's mark became famous?

Yes  _____        No  _____

If you answered "Yes," indicate for which defendants:

XingKe Electronics (Dongguan) Co., Ltd.

Yes   _____          No   _____

Mui Lang Tjoa

Yes   _____          No   _____

Ng Cher Yong aka Cy Ng

Yes   _____          No   _____

Liew Yew Soon aka Mark Liew

Yes   _____          No   _____

Continue to Question 6.


6.      Do you find by a preponderance of the evidence that XingKe's marks are

likely to cause dilution by blurring the distinctiveness of Sinco's marks?

Yes   _____          No   _____


If you answered "Yes," indicate for which marks.

No. 3188537

Yes   _____          No   _____

No. 4524165

Yes   _____          No   _____

No. 4524172

Yes   _____          No   _____

6

No. 4524173

Yes    _____        No    _____

Continue to Question 7.


7.      Do you find by a preponderance of the evidence that XingKe's marks are

likely to cause dilution by tarnishing Sinco's trademarks?

Yes    _____        No    _____


If you answered "Yes," indicate for which marks.

No. 3188537

Yes    _____        No    _____

No. 4524165

Yes    _____        No    _____

No. 4524172

Yes    _____        No    _____

No. 4524173

Yes    _____        No    _____

Continue to Question 8.


8.      Do you find by a preponderance of the evidence that XingKe's marks were

first used after October 6, 2006?

XingKe Electronics (Dongguan) Co., Ltd.

7

Yes _____        No  _____

Mui Lang Tjoa

Yes _____        No  _____

Ng Cher Yong aka Cy Ng

Yes _____        No  _____

Liew Yew Soon aka Mark Liew

Yes _____        No  _____

Continue to Question 9.


9.      Do you find by a preponderance of the evidence that XingKe willfully

intended to trade on the recognition of Sinco's famous marks?

XingKe Electronics (Dongguan) Co., Ltd.

Yes _____        No  _____

Mui Lang Tjoa

Yes _____        No  _____

Ng Cher Yong aka Cy Ng

Yes _____        No  _____

Liew Yew Soon aka Mark Liew

Yes _____        No  _____

Continue to Question 10.

US 170336750v1

10.     Do you find by a preponderance of the evidence that XingKe willfully intended to harm the reputation of Sinco's famous marks?

XingKe Electronics (Dongguan) Co., Ltd.

Yes  _____          No  _____

Mui Lang Tjoa

Yes  _____          No  _____

Ng Cher Yong aka Cy Ng

Yes  _____          No  _____

Liew Yew Soon aka Mark Liew

Yes  _____          No  _____

Continue to Question 11.


11.     Do you find by a preponderance of the evidence that Sinco suffered actual damages as a result of XingKe's dilution of Sinco's trademarks?

No. 3188537

Yes  _____          No  _____

No. 4524165

Yes  _____          No  _____

No. 4524172

Yes  _____          No  _____

No. 4524173

Yes  _____          No  _____

Continue to Question 13.

12.     Do you find by a preponderance of the evidence that Sinco's claimed harm from the purported trademark infringement occurred before September 22, 2014?

Yes  _____          No  _____

## Section 3: False Advertising

With respect to plaintiff Sinco's claim for false advertising:

13.     Do you find by a preponderance of the evidence that XingKe made a "commercial advertisement" according to the definition of that term you were given in the jury instructions?

Yes  _____          No  _____

If you answered "Yes," continue to Question 14.  If you answered "No," proceed to Question 19.

14.     Do you find by a preponderance of the evidence that XingKe made a false statement of fact in a commercial advertisement about its own or another's product?

Yes  _____          No  _____

If you answered "Yes," continue to Question 15.  If you answered "No," proceed to Question 19.

10

15.     Do you find by a preponderance of the evidence that the statement actually deceived or had the tendency to deceive a substantial segment of its audience?

Yes   _____          No   _____

If you answered "Yes," continue to Question 16.  If you answered "No," proceed to Question 19.

16.     Do you find by a preponderance of the evidence that the statement was material, in that it was likely to influence the purchasing decision?

Yes   _____          No   _____

If you answered "Yes," continue to Question 17.  If you answered "No," proceed to Question 19.

17.     Do you find by a preponderance of the evidence that XingKe caused their false statement to enter interstate commerce?

Yes   _____          No   _____

If you answered "Yes," continue to Question 18.  If you answered "No," proceed to Question 19.

18.     Do you find by a preponderance of the evidence that Sinco has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendants or by a lessening of the goodwill associated with its products?

11

Yes   _____          No   _____

If you found for XingKe on Sinco's claims for trademark infringement, false designation of origin, false advertising and common law trademark infringement, have your foreperson sign the form at the bottom and return it to the bailiff.  If you found for SinCo on any of those claims, proceed to question 19.


**Section 7: Damages**

19.    Do you find by a preponderance of the evidence with respect to Sinco's claims for trademark infringement and false designation of origin that any defendant's conduct caused monetary damages to Sinco?

XingKe Electronics (Dongguan) Co., Ltd.

Yes   _____          No   _____

Mui Lang Tjoa

Yes   _____          No   _____

Ng Cher Yong aka Cy Ng

Yes   _____          No   _____

Liew Yew Soon aka Mark Liew

Yes   _____          No   _____

If you answered "Yes" with respect to any defendant, proceed to Question 20 with respect to that defendant.  If you answered "No" with respect to all defendants, have your foreperson sign the form at the bottom and return it to the bailiff.

12

20.     On Sinco's claims for trademark infringement and false designation of origin, we, the jury, award the following damages:

In favor of SinCo and against XingKe Electronics (Dongguan) Co., Ltd.

_____

In favor of SinCo and against Mui Lang Tjoa

_____

In favor of SinCo and against Ng Cher Yong aka Cy Ng

_____

In favor of SinCo and against Liew Yew Soon aka Mark Liew

_____

Proceed to Question 21.

21.     On Sinco's claims for false advertising, we, the jury, award the following damages:

In favor of SinCo and against XingKe Electronics (Dongguan) Co., Ltd.

_____

In favor of SinCo and against Mui Lang Tjoa

_____

In favor of SinCo and against Ng Cher Yong aka Cy Ng

_____

In favor of SinCo and against Liew Yew Soon aka Mark Liew

_____

US 170336750v1

Proceed to Question 22.


22.    On Sinco's claims for common law trademark infringement, we, the jury,

award the following damages:

In favor of SinCo and against XingKe Electronics (Dongguan) Co., Ltd.

_____

In favor of SinCo and against Mui Lang Tjoa

_____

In favor of SinCo and against Ng Cher Yong aka Cy Ng

_____

In favor of SinCo and against Liew Yew Soon aka Mark Liew

_____


SO SAY WE ALL

DATE: _____          _____

                                               JURY FOREPERSON

US 170336750v1

1  **ROPERS, MAJESKI, KOHN & BENTLEY**
2  LAEL D. ANDARA (SBN 215416)
   lael.andara@ropers.com
3  ROBIN PEARSON (SBN 146704)
   robin.pearson@ropers.com
4  DANIEL E. GAITAN (SBN 326413)
   daniel.gaitan@ropers.com
5  545 Middlefield Road, Suite 175
   Menlo Park, CA 94025
6  Telephone:    (650) 364-8200
7  Facsimile:    (650) 780-1701

8  *Attorneys for Plaintiff*
   SINCO TECHNOLOGIES PTE LTD.

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13  SINCO TECHNOLOGIES PTE LTD,            Case No. 3:17CV5517

14              Plaintiff,                 **PLAINTIFF SINCO TECHNOLOGIES
                                           PTE LTD'S OBJECTIONS TO**
15       v.                                **DEFENDANTS' PROPOSED
                                           VERDICT FORM**
16  SINCO ELECTRONICS (DONGGUAN) CO.,
    LTD.; XINGLE ELECTRONICS              PRETRIAL HEARING
17  (DONGGUAN) CO., LTD.; XINGKE          Date: October 5, 2021
    ELECTRONICS TECHNOLOGY CO., LTD.;     Time: 3:00 p.m.
18  SINCOO ELECTRONICS TECHNOLOGY         Place: Courtroom 5 – 17th Floor
    CO., LTD.; MUI LIANG TJOA (an         Hon. Edward M. Chen
19  individual); NG CHER YONG aka CY NG (an
    individual); and LIEW YEW SOON aka    TRIAL DATE
20  MARK LIEW (an individual),            November 1, 2021

21              Defendants.

22

23  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24       **PLEASE TAKE NOTICE** that Plaintiff, SINCO TECHNOLOGIES, PTE, LTD.

25  ("SINCO" OR "Plaintiff"), submits the following objections to the Proposed Verdict Form

26  submitted by Defendants Sinco Electronics (Dongguan) Co., Ltd., doing business as Xingke

27  Electronics (Dongguan) Co., Ltd.; Mui Liang Tjoa; Ng Cher Yong; and Liew Yew Soon (herein

28  "XINGKE" or "DEFENDANTS") as set forth below:

ROPERS
M A J E S K I
A Professional Corporation
Menlo Park

# I.   ORDER OF LEGAL ISSUES IN THE VERDICT FORMS

| PLAINTIFF'S PROPOSED VERDICT FORM | DEFENDANTS' PROPOSED VERDICT FORM |
|---|---|
| SinCoo | |
| Unfair Competition | |
| Trademark Infringement | Trademark Infringement & False Designation |
| | Trademark Dilution |
| False Advertising | False Advertising |
| Willfulness | |
| Damages | Damages |
| Defenses | |

## A.   SINCOO

Defendants assert that SINCO's Jury Question is improper:

### I.   **SINCOO**

QUESTION NO. 1:

Did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendant XingKe Electronics (Dongguan) Co., Ltd., is the same as Defendant SinCoo Electronics Technology Co., Ltd.?

*Circle "Yes" or "No":*                    **YES**           **NO**

Defendants objection is not well taken as the Jury is being presented with a question of fact if SINCOO was in fact just Defendant Xingke Electronics (Dongguan) Co., Ltd., based on the deposition testimony of Tjoa and documents produced by Defendants.  Furthermore, the SINCOO website acknowledges that it is Defendant Xingke Electronics (Dongguan) Co., Ltd.

SINCO objects to Defendants failure to address this factual question being presented to the Jury through their proposed Jury Instruction.

**B.    UNFAIR COMPETITION**

Defendants did not object on **September 3, 2021**, when we discussed the Verdict Form, although they may provide written objections pursuant to the schedule that the parties agreed upon on August 31, 2021. Clearly, the unfair competition is part of the cause of actions pending.

> QUESTION NO. 2:
>
> As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants' use of the "SINCO" name was likely to confuse United States consumers?
>
> QUESTION NO. 3:
>
> As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants passed themselves off as Plaintiff to United States Customers?

SINCO objects to Defendants failure to address this factual question as to unfair competition as to passing off in their proposed Jury Instruction.

**C.    TRADEMARK INFRINGEMENT & FALSE DESIGNATION**

The parties both addressed these causes of action in their Jury Verdicts:

| PLAINTIFF'S PROPOSED VERDICT FORM | DEFENDANTS' PROPOSED VERDICT FORM |
|---|---|
| QUESTION NO. 5a:<br>Did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that the following trademarks were directly infringed by one or more of the Defendants? | 1.    Do you find by a preponderance of the evidence that the following alleged marks (a) are valid, protectable trademarks, and (b) are owned by Sinco (please place an "X" in the box denoting your choice)?<br>2.    Do you find by a preponderance of the evidence that any of the defendants used identical or similar marks in a manner not permitted by the terms of any license in a way likely to cause confusion among the plaintiff's targeted customers as to the source, sponsorship, affiliation, or approval of the goods? |

Both parties agree on the standard of Proof that SINCO must meet to establish infringement (i.e., *preponderance of the evidence*).

SINCO objects to DEFENDANTS failure to provide a separate question as to validity, which is a legal issue that they did not previously assert in their Answer of **January 29, 2019**, as an affirmative defense. [ECF 135]  *See Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.,* 2011 WL 3809933, at *8 (C.D. Cal. Aug. 25, 2011)(Defendant has failed to plead sufficient facts regarding this affirmative defense of invalidity of the mark.)

Registration on the principal register is "prima facie evidence of the validity of the registered mark" and entitles the plaintiff to a "strong presumption" that the mark is a protectable mark. 15 U.S.C. §§ 1115(a), 1057(b). To the extent a mark has become incontestable under § 1065, the registration is conclusive evidence of the validity of the registered mark. 15 U.S.C. § 1115(b).  Defendants reference to validity is improper as it has waived this defense and even if it had not it has the burden to overcome the presumption of validity directly, not by strategically adding the word into the infringement section.

SINCO has established that the "SINCO" marks has been properly registered. Further, SINCO has established prima facie evidence of secondary meaning through the registrations alone. "[T]he presumption of validity that attaches to a registration includes a presumption that the registered mark has acquired distinctiveness." *Cold War Museum, Inc. v. Cold War Air Museum, Inc.,* 86 F.3d 1352, 1356 (Fed. Cir. 2009). To rebut this presumption, a party seeking to invalidate a registration must produce sufficient evidence for the trier of fact to conclude that the party has rebutted the mark's presumption of acquired distinctiveness by a preponderance of the evidence. *Id*. Defendants clearly bears the burden to produce evidence that the SINCO trademark lacks secondary meaning, but Defendants have not met this burden, much less pled it as a defense.

Furthermore, SINCO will move to amend its Proposed Jury Instruction, using Model Instruction 15.8 to address this issue directly:

In this case, there is no dispute that the plaintiff received a registration for the trademark [identify the trademark] and this registration is now "incontestable" under the trademark laws. This means that the plaintiff's registration of the trademark is conclusive evidence of plaintiff's ownership of that trademark and that the trademark is valid and protectable. [I instruct you that for purposes of Instruction [insert number of instruction regarding Trademark Elements and Burden of Proof, e.g., 15.6], you must find that the plaintiff owned the trademark and that the trademark was valid and protectable.]

(brackets and italics in original).

Removing the objectional additions in Defendants' proposed Question 1, results in the Question 5 that SINCO has proposed.

SINCO object to the Defendants 2 Jury Verdict Question, which again mixes what should be two separate issues, namely infringement versus a defense to infringement. Defendants mixing

of these two distinct questions renders the question improper.  Furthermore, the reference to a license is inherently vague and improper, as Defendants are attempt to rely on a pre-2012 oral agreement (the terms of which are hotly contested), which is irrelevant to the claims of this action that would be governed by the license inherent in the parties written agreements beginning in 2012 to 2017, or the relevant time frame.  This is improper and objected to.

### D.    TRADEMARK DILUTION

> With respect to plaintiff Sinco's claim for trademark dilution:
>
> 4.      Do you find by a preponderance of the evidence that one or more of Sinco's trademarks was famous before any defendant began using the trademark?

SINCO objects to this instruction as it is willfully ignorant of the fact that Defendants use was initially limited to the scope of work being done for SINCO, which was authorized by written agreement from 2012 onward.  The proper question should be as presented:

4. Do you find by a preponderance of the evidence that one or more of Sinco's trademarks was famous before any defendant began using the trademark outside the scope of work being done for SINCO?

Under Defendants approach anyone who was an employee of a company at a time it became famous could simply avoid dilution, even if the mark was famous and the employee used the famous mark outside the scope of their employment, or after their employment. This same objection is found in Defendants Question 5, which is essentially just the same question asked in a different way. Furthermore, Questions 8 and 12's reference to October 6, 2006 and September 14, 2014 are improper as they are arbitrary, misleading and provide no context for the dilution issue.

SINCO further objects to Defendants Questions 6 and 7 attempt to limit dilution into only the categories of blurring or tarnishment, as that is legally misleading and improper, as there can be dilution even if not in the form of blurring or tarnishment as Defendants are fully aware based on the case they cite in support of their proposed Jury Instruction on the issue. To find dilution, a court need not rely on the traditional definitions such as "blurring" and "tarnishment." *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1326 (9th Cir. 1998).  SINCO further objects to the redundancy of Questions 9 and 10, as cumulative and improper, attempting to illicit and inconsistent verdict.

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

## E.     FALSE ADVERTISING

The parties both addressed these causes of action in their Jury Verdicts:

| PLAINTIFF'S PROPOSED VERDICT FORM | DEFENDANTS' PROPOSED VERDICT FORM |
|---|---|
| **IV.     FALSE ADVERTISING**<br><br>QUESTION NO. 6:<br><br>As to the following Defendants, did Plaintiff SinCo Technologies Pte Ltd., prove by a preponderance of evidence, that Defendants committed false advertising? | **Section 3: False Advertising**<br><br>With respect to plaintiff Sinco's claim for false advertising:<br><br>13.   Do you find by a preponderance of the evidence that XingKe made a "commercial advertisement" according to the definition of that term you were given in the jury instructions?<br><br>14.   Do you find by a preponderance of the evidence that XingKe made a false statement of fact in a commercial advertisement about its own or another's product?<br><br>15.   Do you find by a preponderance of the evidence that the statement actually deceived or had the tendency to deceive a substantial segment of its audience?<br><br>16.   Do you find by a preponderance of the evidence that the statement was material, in that it was likely to influence the purchasing decision?<br><br>17.   Do you find by a preponderance of the evidence that XingKe caused their false statement to enter interstate commerce?<br><br>18.   Do you find by a preponderance of the evidence that Sinco has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendants or by a lessening of the goodwill associated with its products? |

SINCO incorporates by reference, SINCO's Objections to Defendants' proposed Jury Instruction for "TRADEMARK FALSE ADVERTISING."  Defendants questions 13 through 18 are improper as they attempt to regurgitate their previously proposed Jury Instruction as separate questions, to allow the Jury six opportunities to find for them, where the proposed question posed by SINCO is the proper approach.  Under Defendants approach they should have a separate Verdict question for each Sleekcraft factor, something they didn't do, and for good reason. Defendants attempt to lengthen the verdict form to increase their chances of avoiding culpability is an improper use of this mechanism. By complicating the Jury instruction and the Verdict form Defendants attempt to avoid the fundamental question as SINCO sets out in the proposed Jury Verdict as Question 6.

ROPERS
M A J E S K I

A Professional Corporation
Menlo Park

1

## F.    DAMAGES

2      The parties both addressed Damages in their Jury Verdicts:

3

| PLAINTIFF'S PROPOSED VERDICT FORM | DEFENDANTS' PROPOSED VERDICT FORM |
|---|---|
| **VI.    DAMAGES**<br><br>QUESTION NO. 8:<br>As to the following Defendants, what amount, if any, do you award to SinCo Technologies Pte Ltd., for statutory damages for trademark infringement and/or false advertising?<br><br>QUESTION NO. 9:<br>As to Defendant XingKe Electronics Co., Ltd., did Plaintiff Sinco Technologies Pte Ltd., prove by a preponderance of evidence, that it was damaged as a result of XingKe Electronics Co., Ltd.'s use of the "SINCO" trademarks? | Section 7: Damages<br>19.    Do you find by a preponderance of the evidence with respect to Sinco's claims for trademark infringement and false designation of origin that any defendant's conduct caused monetary damages to Sinco?<br>20.    On Sinco's claims for trademark infringement and false designation of origin, we, the jury, award the following damages:<br>21.    On Sinco's claims for false advertising, we, the jury, award the following damages:<br>22.    On Sinco's claims for common law trademark infringement, we, the jury, award the following damages: |

9      SINCO has revised its proposed Jury verdict form to address the issues brought up during

10   the September 2, 2021 meet and confer. SINCO has confirmed that consistent with *Octane*

11   *Fitness* the question as to Attorney's fees is not referenced in the Jury Verdict as that is subject to

12   the Court's discretion. SINCO has also reorganized the Proposed Jury Verdict to address the

13   differences in the proposed Verdict form as referenced herein.

16   Dated: September 7, 2021           Respectfully submitted,

17                                      ROPERS MAJESKI PC

19                                      By:   */s/ Lael D. Andara*
20                                            LAEL D. ANDARA
                                              ROBIN M. PEARSON
21                                            DANIEL E. GAITAN
                                              Attorneys for Plaintiff
22                                            SINCO TECHNOLOGIES PTE LTD

4834-6104-8570.1

- 7 -

SINCO'S OBJECTIONS TO DEFENDANTS'
JURY INSTRUCTIONS
3:17CV5517