Sinco Technologies Pte Ltd. v. Sinco Electronics (Dongguan) Co. Ltd., *et al*

# APPENDIX B.1

## PLAINTIFF'S WITNESS LIST & DEFENDANTS' OBJECTIONS

**NDCA Case No. 3:17CV05517 EMC**

1  **ROPERS MAJESKI PC**
   LAEL D. ANDARA (SBN 215416)
2  lael.andara@ropers.com
   ROBIN PEARSON (SBN 146704)
3  robin.pearson@ropers.com
   DANIEL E. GAITAN (SBN 326413)
4  daniel.gaitan@ropers.com
   545 Middlefield Road, Suite 175
5  Menlo Park, CA 94025
   Telephone:    (650) 364-8200
6  Facsimile:    (650) 780-1701
7
8  *Attorneys for Plaintiff*
   SINCO TECHNOLOGIES PTE LTD.
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  SINCO TECHNOLOGIES PTE LTD,              Case No. 3:17CV5517

14                      Plaintiff,           **PLAINTIFF SINCO TECHNOLOGIES
                                             PTE LTD'S TRIAL WITNESS LIST**
15          v.
                                             PRETRIAL HEARING
16  SINCO ELECTRONICS (DONGGUAN) CO.,        Date: October 5, 2021
    LTD.; XINGLE ELECTRONICS                 Time: 3:00 p.m.
17  (DONGGUAN) CO., LTD.; XINGKE             Place: Courtroom 5 – 17th Floor
    ELECTRONICS TECHNOLOGY CO., LTD.;        Hon. Edward M. Chen
18  SINCOO ELECTRONICS TECHNOLOGY
    CO., LTD.; MUI LIANG TJOA (an            TRIAL DATE
19  individual); NG CHER YONG aka CY NG (an  November 1, 2021
    individual); and LIEW YEW SOON aka
20  MARK LIEW (an individual),

21                      Defendants**.**

22

23

24

25

26

27

28

ROPERS MAJESKI

A Professional Corporation
Menlo Park

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF SINCO TECHNOLOGIES PTE LTD'S
LIST OF FACT AND EXPERT WITNESSES**

Plaintiff, SINCO TECHNOLOGIES, PTE, LTD. ("SINCO" OR "Plaintiff"), identifies the
following witnesses whom it may call live or by deposition at trial. This list is not a commitment
that Plaintiff will call any particular witness at trial, or a representation that any of the witnesses
listed are available or will appear for trial. If any witness is unavailable, Plaintiff reserves the
right to use his or her deposition testimony. Plaintiff also reserves the right to call any witnesses
listed or called by Defendant, and to revise this list in light of further rulings by the Court or any
other changed circumstances, including but not limited to being notified that a witness is
unavailable to be called live at trial.

Pursuant to the Third Amended Case Management and Pretrial Order for Jury Trial of
February 1, 2021, SINCO provides the following list of all witnesses likely to be called at trial,
including those appearing by deposition.

## I. WITNESSES IN CONNECTION WITH PLAINTIFF THAT WILL OR MAY BE CALLED LIVE AT TRIAL

| WITNESS | SUBJECT MATTER | WILL/MAY CALL |
|---|---|---|
| Miriam Paton | Defendant XingKe Electronics (Dongguan) Co., Ltd.'s unauthorized use of her identity to file trademark applications for the term "SINCO" and "XINGKE" in the United State Patent and Trademark Office and related documents associated with a proceeding before the TTAB. *See* Declaration submitted in this action. [ECF 84] | Will Call |
| Minh Nguyen | Background and relationship between SinCo and the defendants. U.S. customer relationships and communications relating to the defendants. Pricing, designing and consulting in development and manufacturing of a product. *See* Declaration submitted in this action. *See also* State Deposition August 24, 2018 [ECF 307-66] and Declaration of August 7, 2018. [ECF 307-65] | Will Call |

ROPERS
M A J E S K I

A Professional Corporation
Menlo Park

| WITNESS | SUBJECT MATTER | WILL/MAY CALL |
|---|---|---|
| Lim Jit Ming Bryan | Background and relationship between SinCo and the defendants. U.S. customer relationships and communications relating to the defendants. SinCo's goodwill and intellectual property portfolio development in the U.S. market. SinCo employee engineers based in PRC and related employment agreements. Pricing and project development. Sales numbers, contracts and purchase orders with U.S customers. | April 5, 2019 Video Deposition[4] |
| Dr. Jonathan Chee | Background and relationship between SinCo and the defendants. U.S. customer relationships and communications relating to the defendants. SinCo goodwill and Intellectual Property portfolio development in the U.S. market. SinCo employee engineers based in the People's Republic of China ("PRC") and related employment agreements. Pricing and project development. Sales numbers and contracts with U.S customers. Infringement and unfair competition by Defendants. "Public records of Jinlong Machinery & Electronics, (KOTL) a publicly traded company in China, which fully owns Xingke Electronics (Dongguan)," as a shareholder in said company.[1] Mr. Chee is also designated as Plaintiff's 30 (b)(6) witness. | Will Call |
| Guanglei Zhang | Acquisition of majority shares in XINGKE by JinLong Machinary & Electronics Co. Ltd. ("KOTL"). Objections to the sale of the Factory by Bryan Lim. Dissolution of Dongguan SinCo Silicon Rubber Producing Co. Ltd.  Invalidity of Defendant XingKe Electronics (Dongguan) Co., Ltd.'s trademarks registration for "SinCo" in China. Contrary evidence of Abandonment in China of the "SINCO" marks. Declaration of March 27, 2018 and December 24, 2019. [ECF 307-3] | May Call |
| Dr. Alan Cox | Mr. Cox will discuss his numerous qualifications to be an expert in this case. Generally, Mr. Cox will offer testimony consistent with his written expert report. Expert opinions relating to losses sustained by the Plaintiff based on the Trademark Infringement and unfair competition by Defendants. | Will Call |

---

[1] *See* Tjoa Amended Response to Interrogatories Nos. 5 and 7.

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

## II. WITNESSES IN CONNECTION WITH DEFENDANT THAT WILL OR MAY BE CALLED LIVE AT TRIAL

| WITNESS | SUBJECT MATTER | WILL/MAY CALL |
|---------|----------------|---------------|
| Mui Liang Tjoa *aka* ML Tjoa | Authentication of document he produced. Acquisition of majority shares in XINGKE by JinLong Machinary & Electronics Co. Ltd. ("KOTL"). Use of SINCO marks in U.S. Negotiations with SinCo's U.S. customers and the source of their identity and related lead information obtained by XINGKE. Background and relationship between defendant entities and Plaintiff. Plaintiff's U.S. customer relationships and communications relating to the defendants. XINGKE's use of SinCo's U.S. trademarks. XINGKE's hiring of Plaintiff employee engineers based in the PRC and related employment agreements. Pricing and project development. Sales numbers and contracts with U.S customers. Name Change of Factory and SinCoo. | Will Call[2] |
| Ng Cher Yong *aka* Cy Ng | Authentication of document he produced. Negotiations with Plaintiff's U.S. customers and the source of their identity and related lead information obtained by XINGKE. XINGKE's use of Plaintiff's U.S. trademarks. XINGKE's hiring of SinCo employee engineers based in the PRC and related employment agreements. Pricing and project development. | Will Call[2] |
| Liew Yew Soon *aka* Mark Liew | Background and relationship between defendant entities and Plaintiff. Plaintiff's U.S. customer's relationships and communications relating to the defendants. Negotiations with Plaintiff's U.S. customers and the source of their identity and related lead information obtained by XINGKE. XINGKE's use of SinCo's U.S. trademarks. XINGKE's hiring of SinCo employee engineers based in PRC and related employment agreements. Pricing and project development. | Will Call[2] |

---

[2] During the **August 24, 2021**, Pretrial meet & confer Defendants' counsel represented witnesses would be available for trial. Plaintiff has relied on that representation, and requests five day's notice if that may change, to provide deposition designations for each witnesses not appearing.

4838-3441-0490.3

SINCO'S WITNESS LIST
3:17CV5517

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

| WITNESS | SUBJECT MATTER | WILL/MAY CALL |
|---|---|---|
| Xu Shu Gong (ex-President) | Company ex-president who previously worked at XingKe China factory and majority owner. Knowledge of relationship with Plaintiff. Sales discussion with Bryan Lim and due diligence documents (anodizing license, etc.). Knowledge of company, use of "Sinco" U.S. marks after 2012 and related Supply agreement with Plaintiff and Purchase Orders.[3] | Will Call |
| Liu Deqiang | VP Engineering who works with XINGKE on customer projects, now general manager of XINGKE. | November 1, 2019 Video Deposition[4] |
| Yunyi Chen | Acquisition of majority shares in XINGKE by JinLong Machinary & Electronics Co. Ltd. ("KOTL"). | May Call |
| Quek Seow Eng | Tooling engineer hired by Plaintiff and stationed at contract manufacturer to develop tooling for U.S. customers. | May 28, 2019 Video Deposition[3] |
| Jerry Yang Darui | Engineer hired by Plaintiff and stationed at contract manufacturer to develop tooling for U.S. customers. | May 29, 2019 Video Deposition[4] |
| Gouki Gao | XINGKE employee testify as to traveling to U.S. and met with Plaintiff customers. Testimony related to escalation of payment terms by XINGKE to Plaintiff, and Plaintiff's request for return of tooling.  Name Change of Factory and SinCoo. | May 30, 2019 Video Deposition[4] |
| Eric Pang | XINGKE employee testify as to traveling to U.S. and met with Plaintiff customers. Name Change of Factory and SinCoo. | May 31, 2019 Video Deposition[4] |

---

[3] Subpoena for Trial Testimony served in Singapore. See also Xu Shugong Declaration filed in Santa Clara action on **July 19, 2020**, filed by XINGKE's counsel.
[4] On **September 3, 2021**, Plaintiff provided Defendants' with Deposition designations.

4838-3441-0490.3

SINCO'S WITNESS LIST
3:17CV5517

1   **III.    SUMMARY OF THEORIES AND CONCLUSIONS FOR PLAINTIFF'S EXPERT**

2   **A.    Dr. Alan Cox**

3          Mr. Cox will discuss his numerous qualifications to be an expert in this case. Generally,

4   Mr. Cox will offer testimony consistent with his written expert report. Among other things, Mr.

5   Cox will address the economic consequences of Defendants' trademark infringement and unfair

6   competition and the appropriate methods for calculating the allowed remedies. Mr. Cox will

7   testify about the background facts and support for his opinions on the damages that Plaintiff

8   sustained as a result of the alleged trademark infringement and unfair competition. Mr. Cox will

9   testify that SINCO's damages are $71.6 million dollars and $100 million dollars in unjust

10  enrichment to the Defendants.  Mr. Cox will testify as to his opinion that SINCO suffered lost

11  sales of $238.3 million between January 1, 2016 and December 31, 2018 as a direct result of the

12  alleged trademark infringement and unfair competition. Mr. Cox will testify that in 2016

13  XINGKE was sold for about $64.0 million and then months later it was sold for $161.6 million.

14  In that period SinCo experienced a significant loss of United States business that was being

15  manufactured by XINGKE, and that $100 million increase in value is attributable to XINGKE's

16  increased prospects due to the alleged trademark infringement and unfair competition. Mr. Cox

17  may also offer rebuttal testimony to Defendants' expert damages witness, to the extent allowed

18  based on Plaintiff's *in limine* motion.  A copy of Mr. Cox's curriculum vitae is attached as

19  Appendix A.

20

21  Dated: September 8, 2021                    Respectfully submitted,

22                                              ROPERS MAJESKI PC

23

24                                              By:    */s/ Lael D. Andara*
25                                                     LAEL D. ANDARA
                                                       ROBIN M. PEARSON
26                                                     DANIEL E. GAITAN
                                                       Attorneys for Plaintiff
27                                                     SINCO TECHNOLOGIES PTE LTD

28

ROPERS
M A J E S K I

A Professional Corporation
Menlo Park

# APPENDIX A

# Alan J. Cox
## Independent Economic Consultant

# Education

**University of California, Berkeley**
Ph.D., Business Administration, Economic Analysis and Policy Program, 1989
Major Fields: Industrial Organization, Finance, Econometrics

**University of British Columbia**
M.A., Economics, 1978

**York University, Toronto**
B.S., Environmental Science, 1976

# Professional Experience

2020 **Independent Economic Consultant**

**Nera Economic Consulting**
2016-2018 Chair of NERA's Global Intellectual Property Practice

2001-2019 Managing Director/Senior Vice President

1998-2001 Vice President

1994-1998 Senior Consultant

1988-1989 Senior Analyst

**Law & Economics Consulting Group, Inc.**
1989-1994 Vice President and Senior Economist

**University of California, Berkeley**
1983-1989 Research Assistant

**Minimax Research Corporation**
1985-1987 Economist

**Massachusetts Institute of Technology**
1978-1981 Visiting Economist

Alan J. Cox

|      | **University of British Columbia** |
|------|-----------------------------------|
| 1978 | Research Associate |

|      | **Geological Survey of Canada** |
|------|--------------------------------|
| 1975 | Field Party Leader, Western Arctic |

## Teaching Experience

|           | **St. Mary's College of California** |
|-----------|--------------------------------------|
| 1994-1995 | Visiting Lecturer, Graduate School of Management |
|           | Taught Industrial Structure and Competitive Strategy. |

|      | **Northeastern University** |
|------|----------------------------|
| 1989 | Adjunct Lecturer, Graduate School of Management |
|      | Taught Managerial Economics. |

|           | **University of California, Berkeley** |
|-----------|----------------------------------------|
| 1984-1985 | Teaching Assistant |
|           | Taught Intermediate Microeconomics. |

## Expert Testimony, Affidavits, and Reports
(Clients underlined)

*Antitrust*

*Vicky Maldonado, et al. v. Apple Inc., et al.,* U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on  April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of <u>Apple Inc.</u>, <u>AppleCare Service Company, Inc.</u> and <u>Apple CSC Inc.</u> in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation,* U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017, *Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants <u>Nongshim Co., Ltd.</u>, <u>Nongshim America, Inc.</u>, <u>Ottogi Co. Ltd</u> and <u>Ottogi America, Inc.</u> responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

Alan J. Cox

*Trendsettah USA, Inc. and Trend Settah, Inc. v. Swisher International, Inc.*, USDC Case No. 8:14-CV-01664-JDS
*Trial Testimony* March 24 and 29, 2016, *Supplemental Expert Report* dated December 18, 2015, *Deposition* on December 17, 2015 and *Expert Report* dated December 11, 2015 on behalf of defendant Swisher International, Inc. evaluating economic issues related to defendant's alleged anticompetitive conduct and alleged breach of contract.

### Intellectual Property

*FOX Factory, Inc., v. SRAM, LLC, and Sandleford Limited*, U.S.D.C. for the District of Colorado Case Nos. 1:18-cv-00127-WJM-NYW and 1:18-cv-00130-WJM-NYW, Filed: October 11, 2017.
*Rebuttal Report* dated January 25, 2019 on behalf of defendants, SRAM, LLC and Sandleford Limited regarding purported reasonable royalty damages experienced by FOX, if any, from the alleged patent infringements by defendants.

*TC Technology LLC v. Sprint Corporation and Sprint Spectrum, L.P.,* USDC for the District of Delaware Case No. 1:16-cv-00153-UNA, Filed: March 10, 2016.
*Deposition* November 20, 2018, Expert *Rebuttal Report* dated October 22, 2018 regarding economic issues regarding purported reasonable royalty damages.

*ZF Micro Devices, Inc., et al. v. TAT Capital Partners, LTD., etc., et al,* Santa Clara County Superior Court Case No. 1-09-CV 134970, Filed: February 17, 2009.
*Deposition* on September 14, 2018 on behalf of TAT Capital Partners, LTD regarding damages due to breach of fiduciary duty and conspiracy related to tortious activities.

*Thomas Davidson, et al. v. Apple, Inc.,* U.S.D.C. for the Northern District of California Case No. 5:16-cv-4942-LHK, Filed: August 27, 2016.
*Deposition* on May 9, 2019, *Expert Rebuttal Report* dated February 15, 2019, *Declaration in Support of Defendant's Opposition to Amended Motion for Class Certification* dated December 6, 2018, *Declaration* in Support of Defendant's Opposition to Motion for Class Certification dated February 9, 2018, on behalf of defendant, Apple Inc. related to economic issues and sale of Apple smartphones in the U.S.

*Amgen Inc. and Amgen Manufacturing Limited v. Sandoz Inc., Sandoz International GMBH, Sandoz GMBH, and LEK Pharmaceuticals D.D.*, USDC for the Northern District of California, San Francisco Division, Case 3:16-cv-02581, Filed: May 12, 2016.
*Deposition* on October 6, 2017, *Supplemental Expert Report* dated October 2, 2017and *Expert Report* dated July 28, 2017 regarding lost profits and reasonable royalty damages for alleged patent infringements by Sandoz defendants.

*C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc*., U.S.D.C. for the District of Delaware, Case No. 1:15-cv-00218-SLR-SRF, Filed: March 10, 2015
*Trial testimony* March 6-7, 2019, *Deposition* dated December 13, 2017, *Reply to Supplemental Expert Report* dated December 6, 2017, *Reply Expert Report* dated December 1, 2017, *Expert Report* dated September 1, 2017 on behalf of C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") regarding reasonable royalties and lost profits damages experienced by Bard as a result of alleged patent infringements by AngioDynamics, Inc.

Alan J. Cox

*The* <u>*Regents of the University of California and Becton, Dickinson and Company*</u> *v. Affymetrix, Inc. and Life Technologies Corp.,* U.S. District Court for the Southern District of California Case No. 3:17- cv-01394-H-NLS.
*Deposition* dated February 27, 2019, *Expert Report* dated December 7, 2018 regarding the need for a permanent injunction, lost profits damages, and reasonable royalty damages for the alleged patent infringement by Defendants, *Deposition* on September 22, 2017, *Declaration* in Support of Plaintiff, <u>Becton, Dickinson and Company</u>'s Motion for Preliminary Injunction to enjoin sales of allegedly infringing brilliant polymers used in flow cytometry, dated July 12, 2017.

*EON Corp. IP Holdings, LLC v.* <u>*Apple Inc*</u>*.,* USDC for the Northern District of California, San Francisco Division Case No. 3:14-CV-05511-WHO
*Expert Report* dated March 15, 2017 on behalf of Defendant, Apple Inc., regarding reasonable royalty damages experienced by EON Corp. as a result of an alleged patent infringement by Apple Inc.

*In the Matter of:  Certain Network Devices, Related Software and Components Thereof (I)*
U.S. International Trade Commission Investigation No. 337-TA-944 Enforcement Proceedings
*Testimony* before the U.S. International Trade Commission on April 5, 2017, *Rebuttal Witness Statement* dated February 27, 2017, *Deposition* on February 6, 2017, *Supplemental Rebuttal Expert Report* on February 4, 2017 and *Rebuttal Report* on February 1, 2017 on behalf of respondent <u>Arista Networks, Inc.</u>, regarding proposed penalty due to alleged non-compliance with a Cease and Desist Order issued in the underlying 944 investigation.

*Telesocial Inc. v.* <u>*Orange S.A.*</u>*, et al*., USDC for the Northern District of California Case No. 3:14-cv-0398-JD
*Deposition* on December 22, 2016 and *Expert Report* dated December 12, 2016, on behalf of defendant Orange S.A., responding to plaintiff's expert's report with regard to alleged damages incurred by plaintiff due to defendant's alleged misappropriation of trade secrets.

<u>*AI-Daiwa, Ltd*</u>*. v. Apparent, Inc., et al.,* US District Court for the Northern District of California Case No. CV13-04156(VC)
*Deposition* on August 14, 2015 and *Expert Rebuttal Report* dated July 29, 2015 on behalf of claimant AI-Daiwa, Ltd. regarding damages due to claimant's alleged breach of contract.

*Comcast Cable Communications, LLC, et al. v.* <u>*Sprint Communications Company L.P., et al.*</u>, US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Deposition* on April 1, 2016, *Expert Report* dated July 15, 2015 on behalf of defendants Sprint Communications Company L.P., Sprint Spectrum L.P., and Nextel Operations, Inc. ("Sprint") regarding the purported reasonable royalty damages experienced by Comcast due to Sprint's alleged infringement of Comcast's patent.

<u>*Sprint Communications Company L.P.*</u>*, et al. v. Comcast Cable Communications LLC, et al*., US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Direct Trial Testimony* and *Cross-Examination* in the Eastern District of Pennsylvania on February 9 and 10, 2017, *Deposition* on April 1, 2016, *Reply Expert Report* dated July 29, 2015 and *Expert Report* filed on June 17, 2015, on behalf of counterclaim-plaintiffs <u>Sprint Communications Company L.P.</u> and <u>Sprint</u>

Alan J. Cox

Spectrum L.P. ("Sprint") regarding reasonable royalty damages experienced by Sprint due to Comcast's alleged infringement of Sprint's patents.

*GSI Technology, Inc. v. United Memories, Inc. and Integrated Silicon Solution, Inc.,* US District Court for the Northern District of California, San Jose Division Case No. 5:13-cv-1081-PSG
*Direct Testimony* and *Cross-Examination* on November 18, 2015.  *Deposition* on July 14, 2015 and *Expert Report* filed June 11, 2015 on behalf of defendant Integrated Silicon Solution, Inc. regarding damages due to defendants' alleged misappropriation of proprietary information and trade secrets.

### Class Certification

*Ivan and Melanie Kail, Barry Garfinkel, Frederick Sharp v. Wolf Appliance,* United States District Court for the Eastern District of New York.
*Deposition* on April 17, 2019, *Expert Rebuttal Report* dated March 7, 2019 on behalf of defendant, Wolf Appliance, Inc. Expert rebuttal of proposed damages methodology and class certification regarding Wolf ovens in the U.S.

*Vicky Maldonado, et al. v. Apple Inc., et al.,* U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of Apple Inc., AppleCare Service Company, Inc. and Apple CSC Inc. in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation,* U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017, *Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants Nongshim Co., Ltd., Nongshim America, Inc., Ottogi Co. Ltd and Ottogi America, Inc. responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

### Contract Disputes

*Major Brands, Inc. v. Mast-Jägermeister US, Inc., et al.,* U.S.D.C. for the Eastern District of Missouri Eastern Division, Case No. 4:18-cv-00423-HEA
*Initial Expert Report* dated November 1, 2019 on behalf of plaintiff Major Brands, Inc. regarding damages suffered by Major Brands as a result of the alleged wrongful termination of the Distribution Agreement and the alleged wrongful actions by the defendants.

*Cypress Insurance Company, as subrogee of Microsoft Corporation, v. SK hynix America, Inc.,* USDC, for the Western District of Washington at Seattle Case No. 2:17-cv-00467-RAJ, Filed: March 23, 2017.
*Trial testimony* on March 19, 2019, *Deposition* dated October 10, 2018, *Rebuttal Expert Report* dated September 25, 2018, *Initial Expert Report* dated September 4, 2018 regarding economic issues related to

Alan J. Cox

an alleged breach of a supply agreement for DRAM chips between SK Hynix America and Microsoft Corporation.

# PUBLICATIONS

David S. Almeling, et al., *Disputed Issues in Awarding Unjust Enrichment Damages in Trade Secret Cases*, 19 Sedona Conf. J. 667 (2018).

"The Limitations of Analytical Approach to Reasonable Royalty," published April 13, 2017 in *Law360*. Dr. Cox offers a rebuttal to a previously published *Law360 article, "*Determining Reasonable Royalties with Analytical Approach." He provides a detailed counterargument explaining that the analytical approach is inappropriate for the valuation of intellectual property and that it is especially ill-suited for complex products.

"Using Citation Analysis to Value Patents," published in *Financier Worldwide* Magazine January 2016 Issue.

"Misuse of Patent Citation Analysis in *Finjan v. Blue Coat,*" published October 7, 2015 in *Law360*. Dr. Cox provides an overview of how to assess patent values using quantitive data on number of forward citations received by a patent.

Article, "Off the Wagon," published February 6, 2015 in *Commercial Dispute Resolution* magazine. The article discusses the analysis used to calculate damages based on lost profits to Major Brands due to both the alleged breach of contract by Diageo and tortious interference by the competing distributor.

"The Demise of Junk Science and the 25% Rule," column published in *IPLaw360*, 29 July 2010, with Stephen Rusek. It discusses the use of the so-called 25 Percent Rule which the writers point out has no rational, scientific, or business basis. This lack of principal combined with the *ad hoc* manner in which the purported rule is implemented can also give wildly unpredictable results.

"Three Cases Reshaping Patent Licensing Practice," article published in *Managing Intellectual Property*, 1 March 2010, with Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

"Compensatory Damages Issues in Patent Infringement Cases: A Handbook for Federal District Court Judges." Participation, with committee members, which included legal practitioners, trial judges, damages experts, and academics, in the development of a handbook for trial courts to consult on procedural practices that may be helpful in the management and adjudication of damages issues in patent cases. 20 January 2010.

"2 Economists' Take On i4i V. Microsoft," column published in *Law360*, 23 November 2009, with Mario Lopez, reviewing the damages raised in the CAFC's hearings in the I4I case and the appropriate standards for estimating damages in patent infringement cases.

Alan J. Cox

# PRESENTATIONS AND WORKING PAPERS

Panelist for Webinar *TCL v. Ericsson* FRAND Decision: Legal Implications LIVE Webcast, September 07, 2018, The Knowledge Group, LLC.

Panelist, "Settling Trade Secret Disputes," webinar hosted by the Intellectual Property Owners Association IP Chat Channel on January 30, 2018.  Joining Dr. Cox were Victoria Cundiff of Paul Hastings and Barbara Reeves, mediator and arbitrator at JAMS.

Dr. Cox led a panel discussion on "Reasonable Royalty in FRAND" at the 2017 National Technology Law Conference in Taipei, Taiwan.  The conference, presented by the National Chiao Tung University School of Law, was held on 25-26 October 2017.

October 13, 2017, invited speaker at the 6th Annual US-China Intellectual Property Summit co-hosted by Loyola Law School, The Berkeley Center for Law and Technology, and China Renmin University IP Academy.  Dr. Cox spoke on "New Trends in IP Litigation, Courts, and Enforcement."

Dr. Cox addressed a conference on "Economics in IP and IP in Economics" held at Renmin University in Beijing on 14-15 July 2016.  He discussed issues on the appropriate calculation of damages in IP matters and related issues in antitrust.  Dr. Cox also appeared as an expert invited by the USPTO and met with the judges of the Jiangsu and Guangdong High Courts.

Panelist at a video webcast titled "Preparing for an Exit: Private Company Valuation," hosted by Expert Webcast on April 28, 2016.  Dr. Cox discussed techniques and considerations in the valuation of Intellectual Property.

Invited speaker at the *Eighth Annual International Legal Alliance Summit & Awards*, organized by Leaders League, in New York City on June 24, 2015.  Dr. Cox participated in an expert insights session entitled "International IP Trends: Litigation & Prosecution, IP Wars."

July 22, 2015, Panelist on "Meeting the Challenge of Patent Valuation" at the CPIP's Summer Institute in Patent Law, Beaver Creek CO, sponsored by Center for the Protection of Intellectual Property, George Mason University School of Law.

Keynote Speaker, at the *2014 International Symposium on Damages for Patent Infringement*, hosted by the Taiwan Intellectual Property Training Academy (TIPA): Taipei, Taiwan on October 24, 2014. Dr. Cox presented "Determining Patent Damages: Lessons and Challenges from the US" and served as a panelist in a session entitled "Damage Calculation of Patent Infringement in Taiwan: Observations on Development in Recent Years."

Program Co-chair, "Litigating Patent Damages: Strategic Issues for Proving and Refuting Damages Claims," hosted by Law Seminars International, San Francisco May 29-30, 2014.  Dr. Cox also took part on a panel and discussed issues raised in *CMU v. Marvell*: Foreign Sales and the use of the Analytical Method as an alternative to the Hypothetical Negotiation, including products made and sold outside the U.S. in the royalty base.

Alan J. Cox

"Intangibles: The Challenge of Understanding Value Creation within Multinational Enterprises." In this NERA seminar, held in Paris on 12 December 2013, Dr. Cox and NERA colleagues, Dr. Emmanuel Llinares and Vice President Sébastien Gonnet discussed how to identify and map intangibles within multinational enterprises (MNEs), and presented the economic framework for intangibles valuation.

Presentation to Gibson Dunn & Crutcher, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently and the Deutsche Bank Decision," in San Francisco on December 4, 2013.  Discussed issues involved in Securities 10b5 cases as they relate to efficient markets and explored the US District Court's interesting decision in *Deutsch Bank*.

Presentation to Latham & Watkins, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently," in San Francisco on October 15, 2013.

Participation, in *Economics Analysis of Business Disputes*, seminar hosted by NERA in Tokyo on July 19, 2013.  Dr. Cox and Economists from NERA's Japan and US offices examined recent economic analyses in complex business disputes and litigation in Japan and the United States.  Dr. Cox presented "Trends in Patent Litigation in the United States:  Consequences for Global Companies."

Presentation to Haynes and Boone, LLP titled "Patent Trolls or Patent Angels: Who are They and How Do They Affect Innovation?" in Dallas, Texas on June 12, 2013.

Participation in the *IP Strategy Summit: Enforcement*, hosted by IGlobal Forum in Washington, DC on 29-30 May 2013.  "Standard Essential Patents (SEPS) and Your Enforcement Strategy," moderated by NERA colleague, Dr. David Blackburn, and panelists Dr. Alan Cox, Paul Michel, retired Chief Judge of the Federal Circuit and Laura Beth Miller of Brinks Hofer Gibson & Lion discussed the current SEPs landscape in light of recent disputes among smartphone technology owners, the recent RAND decision in the *Microsoft v. Motorola* case and trends in both federal courts and the US International Trade Commission.  Dr. Cox also took part on a panel entitled "International Enforcement: Globalization and Your IP," which covered intellectual property enforcement issues in China, India and Europe.

Dr. Cox was invited to be a panelist on the IPO IP Chat Channel webinar on "FRAND Determined: Judge Robart's Decision in "*Microsoft v. Motorola/Google,*" on May 9, 2013.  Joining Dr. Cox were William Coats of Greenberg Traurig and Sandy Block of IBM.

"Effective Responses to Patent Trolls:  We Can Cross That Bridge."  Alan Cox and Bob Skitol of Drinker Biddle were joined by Cynthia Bright, Esq. of Hewlett-Packard Company, Michelle Lee, Director, USPTO Silicon Valley; and Fiona Scott Morton, Professor, Yale School of Management at NERA/DrinkerBiddle hosted luncheon conference on May 8, 2013 in East Palo Alto.  Dr. Cox discussed effective responses to patent infringement claims and threats of such claims from patent assertion entities.

Presentation to Winston & Strawn LLP titled "The Use of Comparable Licenses" with NERA colleague Anne Gron, Ph.D. in Chicago on May 1, 2013.

Alan J. Cox

Presentation to Steptoe & Johnson LLP titled "Rigorous Economic Basis for Calculating and Proving IP Damages" in Washington, DC on April 12, 2013.

Dr. Cox was invited to address the course in "Intellectual Property Legal Practice" at Beijing University School of Law on 3 March 2013.  The course, managed by the Beijing office of King & Wood Mallesons, is designed to enable students to master the basic theory and practices of intellectual property law.  Dr. Cox discussed issues of intellectual property valuation, damages assessment, and possible anticompetitive uses of intellectual property incorporated into standards.

Participation, in the 2012 *Cross-Border IPR Dispute Resolution Conference*, hosted by ASCo: Seoul, Korea on October 17-18, 2012.  NERA sponsored this conference, where Dr. Cox led a master class entitled "IPR Negotiation:  Effective Calculation of Patent Damages and Negotiation Tactics."

Presentation, a GIL 2012:  The Global Community of Growth, Innovation and Leadership, hosted by the GIL Community: San Jose, California.  Dr. Cox gave a presentation on "Developments in IP Protection in China" on September 12, 2012.

Presentation to Latham & Watkins, LLP titled "Current Use of Economic Analyses in Class Certification in Securities Fraud Matters" with NERA colleague Stefan Boettrich in New York City on January 17, 2012.

Participation in "The Lifecycle of a US 'Class Action' Lawsuit: What Chinese Companies Need to Know," hosted by Marsh: Beijing, China, November 1, 2011.

"Recent trends in US patent litigation and the impact on non-US companies" presentation at the 8th Annual Asia-Pacific IP Forum in, Kowloon, Hong Kong on September 29, 2011.

"International Trends in Securities Fraud Litigation and the Impact on Chinese Companies," presentation with NERA colleague Mark Berenblut, hosted by the Hong Kong Society of Financial Analysts on September 27, 2011 in Hong Kong.  Dr. Cox discussed the economics of damages claims in lawsuits alleging securities fraud by directors and officers of companies listed on the US and other stock exchanges.

"Comparables:  the use and misuse of benchmark royalty rates for patent damages," hosted by Dewey LeBeouf, San Francisco on July 12, 2011.  Dr. Cox addressed the role of licenses and industry benchmarks in the determination of reasonable royalties.

Panelist at the "Stanford IP Seminar for Intellectual Property Judges from The People's Republic of China," hosted by Stanford Law School May 23-27, 2011.  Dr. Cox and co-panelist, USDC for the Northern District of California, Elizabeth D. Laporte, Magistrate Judge, discussed current United States intellectual property law and patent damages.

"Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," hosted by the Austin Chapter of Licensing Executives Society (LES) on May 31, 2011.  Dr. Cox discussed the difficulties in defining a Fair, Reasonable, and Non-Discriminatory (FRAND) royalty, an issue that often results in litigation.

"Implications of Recent Legal Developments on the Handling of Patent Cases in the Trial Court."  Dr. Cox discussed the evolving standards in damages estimation at the patent litigation presentation to the District Judicial Council for the Southern District of California on April 25, 2011 in Dana Point, CA.

"Unlocking *Uniloc*:  Meeting the Court's New Evidentiary Standards for Reasonable Royalties," one of a series of roundtable discussions hosted by NERA in San Francisco on March 3 and Palo Alto, California on March 4, 2011.

Moderator, "*Uniloc v. Microsoft*:  A Key New Ruling for Patent Damages," expert analysis telebriefing hosted by Law Seminars International on January 21, 2011.

Presentation to Allen and Overy LLP and to Ashurst LLP titled "The Simple Economics of Reasonable Royalties for Patents Incorporated into a Technical Standard," in London on December 6, 2010.

"Trends in Intellectual Property Protection and Antitrust Enforcement in China," seminar hosted by NERA in San Francisco on November 3, 2010.

Presentation at Foley & Lardner LLP's "Eye on China Roundtable Series," by Dr. Cox with Victor Xue, Executive Vice-President, US-China Green Energy Council and Catherine Sun, Managing Partner, Foley & Lardner Shanghai Offices, titled "IP Enforcement in China 2010:  Myth or Reality?" given in Palo Alto on November 1, 2010.

Silicon Valley Chapter of Licensing Executives Society, Panelist, "Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," September 22, 2010.

"Tips for Determining 'Reasonable' Royalties: The impact of recent case law on the economic analysis." Presentations at conference on "Legal Issues in Software Development," sponsored by Law Seminars International on June 16, 2010, in Seattle, WA.

Presentation to ZTE Corporation on June 4, 2010 in Shenzhen, China on patent infringement damage calculations in the United States.

Presentation to the Supreme People's Court of the People's Republic of China, including Chief Justice Kong Xiangiun, on May 26, 2010.  Dr. Cox, together with NERA colleague, Dr. Fei Deng, discussed the methods used in the United States to calculate damages in patent, trade secret, and trademark infringement litigation.  They also discussed antitrust issues related to intellectual property.

"Infringement Decisions and Judgments:  Important Lessons from High Profile Cases," presented at the 2nd Annual Anti-Monopoly & Competition Law Summit held May 25-27 in Beijing.  Dr. Cox discussed the differing treatment of *Intel* in jurisdictions around the world.

Alan J. Cox

Panelist, "Trade Secret Remedies—Getting Creative," one-hour webinar hosted by the Intellectual Property Owners Association IP Chat Channel on April 1, 2010.

"Using Economics to Accurately Valuate IP," presentation with colleagues, Stephen Rusek and Dr. Mario Lopez, given at the Fenwick & West LLP Mountain View office on February 25, 2010.

"Damage Quantification in Patent Litigation:  Putting the 'Reasonable' in Reasonable Royalty Rate Determinations," seminar hosted by NERA in Toronto, Canada on December 9, 2009.  Dr. Cox and colleague, Mark Berenblut discussed patent valuation and reasonable royalties.

"Groundhog Day: Recurring Themes on Reasonable Royalties in Recent IP Damage Cases," NERA working paper, December 7, 2009, with colleagues Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

DOUGLAS A. WINTHROP (SBN 183532)
Douglas.Winthrop@arnoldporter.com
JEREMY T. KAMRAS (SBN 237377)
Jeremy.Kamras@arnoldporter.com
JOSEPH FARRIS (SBN 263405)
Joseph.Farris@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

*Attorneys for Defendants*
XINGKE ELECTRONICS (DONGGUAN) CO.,
LTD., formerly known as SINCO ELECTRONICS
(DONGGUAN) CO., LTD., LIEW YEW SOON
aka, MARK LIEW, NG CHER YONG. aka CY NG,
and MUI LIANG TJOA aka ML TJOA

**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
Jessica A. Crabbe (SBN. 263668)
*JessicaCrabbe@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>               Plaintiff,<br>   vs.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO.; LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>               Defendants. | Case No. 3:17-CV-05517-EMC<br><br>Action Filed: September 22, 2017<br><br>**DEFENDANTS' REVISED OBJECTIONS TO PLAINTIFF'S WITNESS LIST**<br><br>**Judge:**   **Honorable Edward M. Chen**<br><br>**Trial:**   **November 1, 2021** |

Defendants hereby provide their revised objections to Plaintiff SinCo Technologies Pte. Ltd.'s Trial Witness List exchanged on September 8, 2021.  These objections are preliminary only and Defendants reserve their rights to assert any additional objections, and to supplement these objections with additional facts and authority.

**GUANGLEI ZHANG**.  Defendants object to Zhang's testimony at trial for any purpose. Zhang is a Chinese attorney of Plaintiff, Bryan Lim, and/or potentially other persons aligned with Plaintiff.  Defendants object to his testimony on the following grounds:

1. **Failure to Disclose under Rule 26.**  Zhang was never disclosed as a potential witness in any version of Plaintiff's Rule 26 disclosures.  *See* **Ex. A** (Plaintiff's Initial Disclosures dated 11-05-2018) and **Ex. B** (Plaintiff's Amended Disclosures dated 04-10-2019).  Both of these documents were served after Zhang's Declaration dated in March 2018, that is cited in Plaintiff's Witness List as the basis of Zhang's testimony.  Because Plaintiff did not disclose Zhang in its Rule 26 disclosures, Defendants neither noticed his deposition nor included exhibits in its exchanged exhibit list that could counter his proffered testimony.  As such, Defendants will be prejudiced by Plaintiff's decision to list Zhang as a witness for the first time a matter of weeks before trial.  Accordingly, he should be excluded for these reasons.  This is precisely the position that Plaintiffs took when Defendants served amended Rule 26 disclosures in May 2020 and Plaintiff responded with an immediate threat to file a motion to strike and to seek sanctions.  *See* **Ex. C** (Email from Lael Andara of 5/21/2020) (providing citations and admonishing Defendants that: "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.").  Plaintiff reaffirmed that position during pretrial meet and confer communications.  *See* **Ex. D** (Plaintiff's Letter of 9/1/2021) ("SINCO will be seeking to exclude witnesses identified in Defendants' Amended Initial Disclosures dated May 21, 2020, submitted 133 days after the close of discovery).

Plaintiff's attempt to add Zhang as a witness now contradicts that position entirely; worse yet, it does so on the eve of trial rather than a year and half in advance, at which time SinCo took its hardline position on the identification of witnesses in Rule 26 disclosures.

2. **Lack of Personal Knowledge / Relevance / Undue Prejudice / MIL No. 2 (Trademark Proceedings)**.  Defendants further object to Zhang's testimony on the grounds that he lacks personal knowledge of any relevant subject matter and that his testimony would be unduly prejudicial.  Based on his Declaration, the principal subject matter on which he would testify is his representation and advocacy for SinCo in Chinese trademark proceedings.  *See generally* Defendants' Motion in Limine No. 2 regarding Trademark Proceedings.  These proceeding are irrelevant or, at least unduly prejudicial and this is especially true for Zhang's testimony concerning his advocacy for Plaintiff in those proceedings, as Zhang would improperly act as an advocate for Plaintiff on the witness stand.

   **MIRIAM PATON**.  Defendants object to Paton's testimony at trial for any purpose.  Paton is a "Canadian" trademark agent whose signature was used improperly on a trademark application filed by XingKe's former Chinese trademark agent (resulting in a lawsuit by XingKe against the trademark agent).  *See generally* Defendants' Motion in Limine No. 2 regarding Trademark Proceedings.  Defendants specifically object to her testimony on the following grounds:

1. **Failure to Disclose under Rule 26**.  Like Zhang, Paton was never disclosed as a potential witness in any version of Plaintiff's Rule 26 disclosures.  *See citations* re: Zhang.  She too first submitted a Declaration for Plaintiff in TTAB proceedings in October 2018, but was thereafter never disclosed as a trial witness.  For the same reasons cited above, she must be excluded.

2. **Lack of Personal Knowledge / Relevance / Undue Prejudice / MIL No. 2 (Trademark Proceedings)**.  Defendants further object to Paton's testimony on the

1    grounds that she lacks personal knowledge of any relevant subject matter and that his

2    testimony would be unduly prejudicial.  Again, the only matter on which she could

3    possibly testify is a sideshow and is unduly prejudicial.  *See generally* Defendants'

4    Motion in Limine No. 2 regarding Trademark Proceedings.  It does not go to the merits

5    of infringement and is a blatant attempt to inflame the jury based on a tangential issue.

6

7        **YUNYI CHEN**.  Defendants object to Chen's testimony at trial for any purpose.  Chen is a

8    former legal representative of Jinlong Machinery & Electronics, Co. Ltd. (XingKe's parent).  He is

9    not subject to a subpoena, was never disclosed as witness in this case by Plaintiff (*see* Plaintiff's

10   Disclosures cited above), and was not deposed.  Further, for the avoidance of doubt, Defendants

11   clarify that he was *never* an employee of XingKe and is not being provided as trial witness by

12   XingKe.

13

14       **XU SHUGONG**.  For the avoidance of doubt, Defendants clarify that Xu Shugong is no

15   longer an employee of XingKe and is not being provided as trial witness by XingKe.

16

17   Dated:  September 14, 2021.                    ARNOLD & PORTER KAYE SCHOLER LLP

18                                                  By:  /s/ *Douglas A. Winthrop*
19                                                       DOUGLAS A. WINTHROP

20                                                       *Attorneys for Defendants*
                                                         XINGKE ELECTRONICS (DONGGUAN) CO.,
21                                                       LTD., formerly known as SINCO
                                                         ELECTRONICS (DONGGUAN) CO., LTD.,
22                                                       LIEW YEW SOON aka, MARK LIEW, NG
                                                         CHER YONG. aka CY NG, and MUI LIANG
23                                                       TJOA aka ML TJOA

24

25

26

27

28