Sinco Technologies Pte Ltd. v. Sinco Electronics (Dongguan) Co. Ltd., *et al*

# APPENDIX B.2

## DEFENDANTS' WITNESS LIST & PLAINTIFF'S OBJECTIONS

**NDCA Case No. 3:17CV05517 EMC**

| | |
|---|---|
| DOUGLAS A. WINTHROP (SBN 183532) | WHGC, P.L.C. |
| Douglas.Winthrop@arnoldporter.com | Jeffrey C.P. Wang (SBN 144414) |
| JEREMY T. KAMRAS (SBN 237377) | *JeffreyWang@WHGCLaw.com* |
| Jeremy.Kamras@arnoldporter.com | Michael G. York (SBN 89945) |
| JOSEPH FARRIS (SBN 263405) | *MichaelYork@WHGCLaw.com* |
| Joseph.Farris@arnoldporter.com | Kathleen E. Alparce (SBN 230935) |
| ARNOLD & PORTER KAYE SCHOLER LLP | *KathleenAlparce@WHGCLaw.com* |
| Three Embarcadero Center, 10th Floor | Jessica A. Crabbe (SBN. 263668) |
| San Francisco, CA 94111-4024 | *JessicaCrabbe@WHGCLaw.com* |
| Telephone: 415.471.3100 | 1301 Dove Street, Suite 1050 |
| Facsimile: 415.471.3400 | Newport Beach, CA 92660 |
| | Tel. (949) 833-8483; Fax: (866) 881-5007 |

*Attorneys for Defendants* XINGKE ELECTRONICS (DONGGUAN) CO., LTD., formerly known as SINCO ELECTRONICS (DONGGUAN) CO., LTD., LIEW YEW SOON aka, MARK LIEW, NG CHER YONG. aka CY NG, and MUI LIANG TJOA aka ML TJOA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., | Case No. 3:17-CV-05517-EMC |
| Plaintiff, | Action Filed: September 22, 2017 |
| vs. | **TRIAL WITNESS LIST [EXCHANGE VERSION]** |
| SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual), | Date:   October 5, 2021<br>Time:   2:30 p.m.<br>Place:  Courtroom 5, 17th Floor<br><br>**Judge: Honorable Edward M. Chen**<br><br>**Trial: November 1, 2021** |

1  Pursuant to the parties' schedule for pretrial exchanges, Defendants provide this list of
2  witnesses for trial.  In addition to the substantive testimony generally described below, each
3  witness may also testify on evidentiary issues concerning trial exhibits absent agreements between
4  the parties on admissibility of trial exhibits.  Defendants reserve the right to call a witness for any
5  reason that makes his or her testimony necessary, including but not limited to if Plaintiff will not
6  stipulate to the authenticity and/or admissibility of documents.  Defendants also reserve the right
7  to name additional witnesses if Plaintiff will not stipulate to the authenticity and/or admissibility
8  of documents.

   Defendants also reserve the right to supplement this witness list both during the Court's
10 pretrial process and through and including at trial.  Defendants make the following disclosures
11 subject to and without waiving any and all privileges and protections (including the attorney-client
12 privilege and work product doctrine), and the right to supplement, amend, or otherwise modify
13 these disclosures, and preserving any and all objections to the admissibility of particular
14 information.  Defendants will meet-and-confer with Plaintiffs to discuss an agreed time to
15 exchange time estimates for the parties' respective witnesses.

| Witness | Substance of Testimony | Time Estimate |
|---|---|---|
| CY Ng (Defendant) | Ng is a Defendant and a senior engineer at XingKe. Ng was hired at XingKe's predecessor in 2003 and will testify that he was an employee of XingKe and not Plaintiff at all relevant times.  He will describe how XingKe used the term "SinCo" over the years since 2003 before the company changed its name in 2017 and how the company interacted with Plaintiff during that time, including with respect to customers. | 3 hours (No translator) |
| Mark Liew (Defendant) | Ng is a Defendant and a senior engineer at XingKe, reporting up directly to CY Ng.  Liew was hired at XingKe's predecessor in 2013 (after previously working at the company from 2006-2012) and will testify that he was an employee of XingKe and not Plaintiff at all relevant times.  He will describe how XingKe used the term "SinCo" over the years since X before the company changed its name in 2017 and | 3 hours (No translator) |

| | | how the company interacted with Plaintiff during that time, including with respect to customers. | |
|---|---|---|---|
| | Mui Liang Tjoa (Defendant) | Tjoa is a Defendant and the former CEO of Jinlong Electronics & Machinery Co. Ltd. ("Jinlong").  Tjoa will testify about how Jinlong acquired XingKe in 2016 and 2017 via a series of transactions and how he helped XingKe develop business with respect to customers.  He will describe how he directed the XingKe to change its name in early 2017. | 3 hours (No translator) |
| | Deqiang Liu | Liu is an employee of XingKe and is the general manager.  Liu was hired at XingKe's predecessor in 2001 and will testify that he was an employee of XingKe and not Plaintiff at all relevant times. He will describe the history and general business of XingKe, how XingKe used the term "SinCo" over the years before the company changed its name in 2017, and how the company interacted with Plaintiff during that time, including with respect to customers. | 1.5-2 hours (Translator) |
| | Jerry Yang Da Rui | Yang is an employee of Xingke in the engineering department since 2015 that SinCo SG alleges was an "embedded" employee.  Yang will testify that he was an employee of XingKe and not Plaintiff at all relevant times.  Yang will also testify about the business relationship with SinCo SG, including his interactions with Liew and Ng, and with respect to customers. | 1 hour (Translator) |
| | Gouki Gao | Gao is an employee of Xingke since 2009.  Gao will testify about the business relationship with SinCo SG, including his interactions with Liew and Ng and with respect to customers. | 1 hour (Translator) |
| | Andy Lim and/or other unknown third party Google employees | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | .5 hours. |
| | Gabriel G. Khouri and/or other unknown third party Intel employees | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | .5 hours. |

3

TRIAL WITNESS LIST                                                                 3:17-CV-05517-EMC

| | | | |
|---|---|---|---|
| Nick Guyot, Paul Carter, and/or other unknown third party Apple employees | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | .5 hours. |
| Unknown third party Swiftronic employee | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | .5 hours |
| Unknown third party Bose employee | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | .5 hours |
| Hank Kahrs (Expert) | Kahrs is Defendants' rebuttal damages expert. As set forth in detail in his expert report dated January 30, 2020, and further articulated in his deposition, both incorporated herein, Kahrs will critique each of the opinions advanced by Plaintiff's damages expert Alan Cox.<br><br>Lost Profits. Kahrs will testify that Cox's analysis regarding lost sales fails to consider evidence that customers were not confused by the alleged trademark infringement; that Cox likewise fails to consider other factors that may have resulted in decreased revenue; that Cox fails to calculate alleged lost profits by customer; and that in any event, Cox's regression analysis on which he predicates his calculation is itself flawed in multiple regards, including reliance on outlier data that distorts the underlying trend in the sales data and the unsupported assumption that fourth quarter sales typically increase.<br><br>As for Cox's analyses regarding increased costs allegedly resulting in lost profits, Kahrs will testify that Cox's analysis is unsubstantiated by detailed analysis of costs, and therefore is not tailored to costs that are incremental or otherwise related to the trademark infringement; that Cox fails to account for inflation and other changes in prices that affect overhead or costs of goods sold; and that in any event, Cox fails to consider that any decrease in margins resulting from Defendants' decision no | 4 hours |

|   |   |   |
|---|---|---|
|   | longer to supply Plaintiff is not related to any claimed trademark infringement.<br><br>Unjust Enrichment.  Cox estimates unjust enrichment by comparing the value of two transactions in which Defendant XingKe was sold, and ascribing the difference in value ($100 million) as related to trademark infringement.  Kahrs will testify that this analysis is simplistic and flawed, including because it fails to consider IRS guidance on the proper factors to consider in the valuation of a business interest, including the motivations of the different buyers and sellers, and the fact that each of the buyers was differently situated and therefore differently positioned to extract (and therefore ascribe) value to XingKe.  Further, as with Cox's other analyses, Kahrs will testify that Cox fails to consider the extent to which value is properly ascribed to non-infringing activity.<br><br>Disgorgement.  Kahrs will testify that, as with Cox's other analyses, Cox fails to consider the extent to which revenue is properly ascribed to non-infringing activity. |   |

Dated:  September 8, 2021.  

ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ *Douglas A. Winthrop*  
DOUGLAS A. WINTHROP

*Attorneys for Defendants*  
XINGKE ELECTRONICS (DONGGUAN) CO., LTD., formerly known as SINCO ELECTRONICS (DONGGUAN) CO., LTD., LIEW YEW SOON aka, MARK LIEW, NG CHER YONG. aka CY NG, and MUI LIANG TJOA aka ML TJOA

CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served a copy of the foregoing TRIAL WITNESS LIST [EXCHANGE] via email on September 8, 2021.

/s/



# Henry J. Kahrs, CPA, ABV, CFF, CFE, CMA, CM

Exhibit 1

Hank Kahrs is a Partner in the Global Forensics consulting practice at Baker Tilly.



**Baker Tilly Virchow Krause, LLP**
**Partner, Global Forensics**
625 The City Drive, Suite 290
Orange, CA 92868-4938
United States

T +1 (714) 740 2100
D +1 (714) 740 6164
M +1 (714) 392 4587
hank.kahrs@bakertilly.com
bakertilly.com

**Education**
Bachelor of Science in Accounting
Rochester Institute of Technology (Rochester, NY)

Master of Business Administration in Finance
California State University, Fullerton (Fullerton, CA)

Hank Kahrs is a magnet for high-profile legal disputes filled with anomalies that require judgment and a nuanced understanding that can only come from experience. For the past 25 years, Hank has practiced as a forensic accountant and fraud examiner quantifying economic damages in complex commercial, civil and criminal cases. His career has seen him quantifying IP damages related to images of 1950s Hollywood royalty, working with rock stars in contract disputes, and valuing assets and businesses in diverse industries, including technology, medical devices, and manufacturing.

As an advisor and financial expert, Hank's judgment is respected and trusted by his clients. He has worked extensively with law firms serving as an expert in hundreds of cases, testifying in trials, arbitrations and depositions, and has been involved with cases involving the quantification of damages resulting from:

- Fraud schemes
- Business valuation
- Partnership and corporate dissolution
- Asset tracing
- Breach of contract
- Trademark and copyright infringements
- Contract and shareholder disputes
- Personal injury and wrongful death

Hank serves on the Board of Directors of the Coastline Community College Foundation and on the Blue Ribbon Committee for California State University.

**Specific experience**

- Working on behalf of singer Josh Todd and the band Buckcherry, quantified economic damages in a legal dispute with the band's former manager following the breakup of the band. Our analysis enabled Josh to sever his personal services contract and to reunite Buckcherry, leading to the release of a new platinum album.
- Calculating the value of a publicly traded medical device company that specializes in the production of pain pumps in connection with a public merger transaction.

Baker Tilly Virchow Krause, LLP trading as Baker Tilly is a member of the global network of Baker Tilly International Ltd., the members of which are separate and independent legal entities.



Henry J. Kahrs, page 2

- Reviewing the books and records for a textile wholesaler in California whose owner was accused of arson when a fire damaged the business. Accounting irregularities including transfers of cash from personal accounts and false customer invoices were uncovered, indicating a financial motive for the arson. The engagement also involved the calculation of value of the damaged inventory and lost profits, and giving expert testimony at the criminal trial.
- Calculating the lost profits for a rubber manufacturing business in California that was destroyed in a fire. Analysis included the valuation of damaged inventory and equipment and the impact of extra expenses incurred in clean up and re-opening the business.
- Assisting in a trademark infringement case in California involving improper use of a trademark in advertising. Calculated the profits earned by the infringing party and assisted in the settlement negotiations when the infringer offered its business as part of the settlement. Also provided insight into the valuation issues to procure a better settlement.
- Calculating the fair market value of shares owned by an employee of a spa manufacturing company in California who had been bought-out based on fraudulent representations made by a majority shareholder. The damage calculation included profits not distributed to the shareholder, corrections to profits as a result of irregularities committed by the majority shareholder, and analyses of corporate contributions and underpayment to the employee for the value of the shares.

**Court experience**

Hank has been named as an expert in hundreds of cases and has testified in trial, arbitration and in depositions. He has been retained by over 140 law firms in cases that involve loss of profits, real estate shareholder disputes, business valuation, lost earnings, fraud, bankruptcy, construction, contract disputes, corporate & partnership dissolution, marital dissolution, asset tracing, workers compensation insurance, embezzlement and intellectual property damages.

**Industry involvement**

- Member, American Institute of Certified Public Accountants
- Member, California Society of Certified Public Accountants
- Member, Institute of Certified Management Accountants
- Member, Financial Management Honor Society
- Member, National Association of Forensic Economists
- Member, Association of Certified Fraud Examiners
- Candidate Member, American Society of Appraisers

**Community involvement**

- Boys & Girls Club of Tustin, Board of Directors (2009 – 2019)
- California State University Blue Ribbon Committee (2012 – Present)
- Coastline Community College Foundation (2010- Present)

**Thought leadership**

Hank has participated in seminars and presentations to colleagues and members of the insurance industry and legal profession through trade associations on topics such as investigative accounting, fraud, the measurement of economic damages, the economics of intellectual property, understanding financial statements, and using and cross examining experts. He has also authored and delivered numerous continuing legal and accounting education courses, including:

- "Cross Examining a Financial Expert," private law firm seminar, December 2015
- "Lie Spotting," private law firm seminar, February 2015



Henry J. Kahrs, page 3

- "Cross Examining an Expert," private law firm seminar, June 2014
- "If It's All About the Money, Which Expert is Right for You?," Litigation Management, Winter 2013
- "Forensic Accounting in Divorce Cases," private webinar, November 2013
- "Effective Use of an Expert," private law firm seminar, September 2013
- "Understanding Business Valuation," San Diego Bar Association, November 2012
- "Effective Use of an Expert," panel with Jan Ramsay & Kurt Grosz, Orange County Bar Association, May 2012
- "Understanding Financial Statements," Orange County Bankruptcy Forum, March 2012
- "The Economics of Intellectual Property," Webster University, March 2012
- "Adjustments in Divorce Assignments," private law firm seminar, March 2011
- "Reading & Understanding Financial Statements," California State Bar Association, January 2011

**Continuing professional education and credentials**

- Certified Public Accountant
- Accredited in Business Valuation
- Certified in Financial Forensics
- Certified Fraud Examiner
- Certified Management Accountant
- Candidate Member, American Society of Appraisers



## SUMMARY OF SPEAKING ENGAGEMENTS
Henry J. Kahrs, CPA, CMA, MBA, CFE

Exhibit 2

| Date | Given To | Topic |
|---|---|---|
| September 26, 1991 | Orange County Insurance Adjusters | Business Interruption Losses |
| October 4, 1991 | San Diego Insurance Adjusters | Extra Expense & Coinsurance |
| May 14, 1992 | San Diego Insurance Adjusters | Business Interruption Losses |
| March 27, 1993 | Campos & Stratis Training | Insurance Policies - Inventory & Business Interruption |
| April 28, 1994 | Von-Pahlen-Fedoroff, Attorneys | Personal Injury Loss Claims |
| July 19, 1994 | Callahan, McCune & Willis | Personal Injury Loss Claims |
| July 25, 1994 | Safeco Insurance Company | Business Interruption & Inventory Losses |
| November 21, 1994 | Center For Professional Education | Forensic Accounting: The CPA's Role In Litigation Support |
| December 8, 1994 | Allstate Insurance Company | Personal Injury Loss Claims |
| May 9, 1995 | Miscellaneous Orange County Attorney's | Prevention & Detection Of Employee Dishonesty |
| May 14, 1995 | Campos & Stratis Partners Meeting | Personal Injury Loss Claims |
| June 22, 1995 | Law Offices Of Vivian Schwartz | Accountants Role In Litigation/Personal Injury Loss Claims |
| February 5, 1996 | Kirtlkand & Packard | Accountants Role In Litigation/Personal Injury Loss Claims |
| March 7, 1996 | National General Insurance Company | Lost Earnings |
| May 1, 1996 | Los Angeles Adjusters | Time Element Losses |
| March 11, 1997 | Farmers Insurance Group | Liability Loss Claims |
| April 24, 1997 | Sedgwick, Detert, Moran & Arnold | Liability Loss Claims |
| June 5, 1997 | Optimists Club Of Cerritos | Prevention & Detection Of Employee Dishonesty |
| June 19, 1997 | OCBA - Constrcuton Section | Using A Trustee In Construction Defect Claims |
| June 25, 1997 | Rotary Club Of Orange (Sunrise) | Prevention & Detection Of Employee Dishonesty |
| July 22, 1997 | Rotary Club Of Orange (North) | Prevention & Detection Of Employee Dishonesty |
| September 18, 1997 | Cal. Society Of CPA's | The CPA As An Expert Witness |
| October 23, 1997 | Orange County RIMS/CPCU | Business Interruption & Inventory/Stock Losses |
| October 23, 1997 | Tucker, Ricks & Horton-Billard | Approaching Personal Injury & Wrongful Death Claims |
| December 4, 1997 | Sedgwick, Detert, Moran & Arnold | Business Interruption & Inventory/Stock Losses |
| February 27, 1998 | OCBA - Insurance Section | Using A CPA As An Expert In Insurance Litigation |
| March 12, 1998 | Palmieri, Tyler, Wilhem, Wiener & Waldron | Understanding Financial Statements & Damages |
| April 15, 1998 | Kiwanis Club Of Orange | Prevention & Detection Of Employee Dishonesty |
| April 29, 1998 | Lawson, Macrae, Gress & Culbertson | Approaching Personal Injury & Wrongful Death Claims |
| August 7, 1998 | CNA/Law Offices Of Daniel Hoffman | Approaching Personal Injury & Wrongful Death Claims |
| August 11, 1998 | Safeco | Business Interruption & Inventory/Stock Losses |
| November 11, 1998 | KUCI Radio | Forensic Accounting In The Nineties |
| November 20, 1998 | OCBA - Aviation Section | Approaching Personal Injury & Wrongful Death Claims |
| December 11, 1998 | Robins, Kaplan, Miller & Ciresi | Understanding Business Valuations |
| December 15, 1998 | OCBA - Intellectual Property Section | Understanding The Economics Of Patent Infringement Cases |
| February 11, 1999 | Gauntlett & Associates | Understanding The Economics Of Patent Infringement Cases |
| March 10, 1999 | Crosby, Heafey, Roach & May | Lost Earnings - Personal Injury |
| March 11, 1999 | Century City Bar Association | Understanding Business Valuation |
| August 6, 1999 | OCBA - Business Litigation Section | Devastating Cross Examination Of Expert Witnesses |
| August 23, 1999 | OCBA - Creditor's Rights Section | Business Valuation & Insolvency Analysis |
| September 7, 1999 | OC Women's Lawyers | Understanding Business Valuation |
| November 18, 1999 | OCBA - Solo Practitioners | Innovative Ways to Use An Expert Accountant |
| March 24, 2000 | OCBA - Insurance Section | Identifying Insurance Fraud |
| April 13, 2000 | CGU Insurance | Introduction To Loss Calculations |
| May 6, 2000 | State Bar Assc. - Champions of The Courtroom | Expert Witness |
| August 23, 2000 | Palmieri, Tyler, Wilhem, Wiener & Waldron | Understanding Business Valuation |
| August 28, 2000 | Galfin & Passon | Understanding Financial Statements & Damages |
| August 30, 2000 | Berger, Kahn | Understanding Financial Statements & Business Interruption Losses |
| October 2, 2000 | Clausen Miller LLP | Business Interruption & Inventory/Stock Losses |
| October 10, 2000 | CNA/Law Offices Of William Chopak | Effective Handling Of BI, Liability & Personal Injury Loss Claims |
| October 25, 2000 | Lawson, Macrae, Gress & Culbertson | Approaching Personal Injury & Wrongful Death Claims |
| March 2001 | RGL Seattle | Litigation Support |
| March 14, 2001 | Smith, Eberhard, Chock | Approaching Personal Injury & Wrongful Death Claims |
| January 2002 | CNA Insurance Companies | Approaching Personal Injury & Wrongful Death Claims |
| May 19, 2004 | The Soni Law Firm | Understanding the Econmics of Patent Infringement Cases |
| June 24, 2004 | Elliot, Snyder & Reid | Calculating Damages for Personal Injury Matters |
| July 8, 2004 | Enenstein, Russell & Saltz LLP | Valuing a Business |
| October 5, 2004 | Rein, Evans & Sestanovich LLP | Cross Examining an Expert |
| December 14, 2004 | Sonnenschein, Nath & Rosenthal | Cross Examining an Expert |
| February 16, 2005 | Luce, Forward, Hamilton & Scripps LLP | Damages In Business Litigation |
| February 24, 2005 | Tress, Soderstrom, Maloney & Preiss | Understanding the Econmics of Intellectual Property Cases |
| April 20, 2005 | Luce, Forward, Hamilton & Scripps LLP | Cross Examining an Expert |
| May 4, 2005 | Lewis, Brisbois, Bisgaard & Smith | Calculating Damages for Personal Injury Matters |
| May 6, 2005 | Bistline & Cohoon | Cross Examining an Expert |
| June 10, 2005 | Cal. State Society/Cal. Bar Assoc. - Litigation Section (LA) | Valuation Issues In Income Taxes |
| June 17, 2005 | Cal. State Society/Cal. Bar Assoc. - Litigation Section (OC) | Valuation Issues In Income Taxes |
| July 27, 2005 | Filice, Brown, Eassa & McLeod LLP | Cross Examining an Expert |
| October 5, 2005 | Walsworth, Franklin, Bevins & McCall LLP | Cross Examining an Expert |
| October 17, 2005 | Stephan, Oringher, Richman & Theodora PC | Cross Examining an Expert |
| October 26, 2005 | Morgan & Finnegan (New York) | Understanding the Economics of Intellectual Property Cases |



## SUMMARY OF SPEAKING ENGAGEMENTS
Henry J. Kahrs, CPA, CMA, MBA, CFE

Exhibit 2

| Date | Given To | Topic |
|---|---|---|
| January 19, 2006 | Breidenbach, Huchting & Hamblet | Damages In Business Litigation |
| January 31, 2006 | Johnson, Cebula & Rygh | Cross Examining an Expert |
| February 7, 2006 | Callahan McCune & Willis | Cross Examining an Expert |
| March 2, 2006 | Roble & Matthai | The Use of an Expert Witness |
| March 9, 2006 | Wood, Smith, Henning & Berman LLP | Cross Examining an Expert |
| March 22, 2006 | Anderson, McPharlin & Conners LLP | The Use of an Expert Witness |
| August 15, 2006 | Law Offices of Linda M. Libertucci | Damages in Personal Injury Litigation |
| August 29, 2006 | Carlson, Calladine & Peterson LLP | Reading and Understanding Financial Statements |
| September 6, 2006 | Law Offices of Hollins Schechter | Cross Examining an Expert |
| October 5, 2006 | California State Bar Association | Cross Examining an Expert |
| November 2, 2006 | Corral, Chase, Parish & Arnett | Personal Injury and Wrongful Death Cases |
| November 15, 2006 | Harrington & Kang LLP | Damages In Business Litigation |
| November 30, 2006 | Harrington & Kang LLP | Damages In Business Litigation |
| December 7, 2006 | Wright, Finlay & Zak LLP | Cross Examining an Expert |
| April 12, 2007 | Keesal, Young & Logan | Damages In Business Litigation |
| May 1, 2007 | Keesal, Young & Logan | Damages In Business Litigation |
| September 7, 2007 | Sedgwick, Detert, Moran & Arnold | Cross Examining an Expert |
| March 12, 2008 | Clausen Miller LLP | Understanding Financial Statements & Basic Business Income Loss Claim Concepts |
| May 15, 2008 | Littler Mendelson PC | Evaluating Economic Losses in Personal Injury, Wrongful Death and Wrongful Termination |
| May 16, 2008 | Various Law Firms & Adjusters (Pacific Palms Conference Resort) | Accounting Issues in Business Interruption Losses/Loss of Earnings |
| May 16, 2008 | Various Law Firms & Adjusters (Pacific Palms Conference Resort) | Interviewing/Deposing a Damages Expert |
| June 3, 2008 | Hinshaw & Culbertson | Cross Examining an Expert |
| September 18, 2008 | California State Society of CPA's | Understanding Business Valuation |
| September 25, 2008 | California State Bar Association | Reading Between The Lines Of A Financial Statement |
| November 3, 2008 | Geurts Law Firm | Cross Examining an Expert |
| December 5, 2008 | Sedgwick, Detert, Moran & Arnold | Understanding Business Valuation |
| April 29, 2009 | Computer Forensics Show | Introduction to Forensic Accounting |
| April 30, 2009 | RGL Valuation Training | Forensic Accounting Litigation Services |
| May 13, 2009 | RGL Valuation Training | Damages in IP Cases |
| May 4, 2010 | Erickson Arbuthnot | Cross Examining an Expert |
| May 5, 2010 | Berger, Kahn | Damages in Personal Injury Litigation |
| July 19, 2010 | Russakow, Ryan & Johnson | Cross Examining an Expert |
| August 23, 2010 | Russakow, Ryan & Johnson | Cross Examining an Expert |
| January 27, 2011 | California State Bar Association | Reading & Understanding Financial Statements |
| March 2, 2011 | Bremer & Whyte | Adjustments in Divorce Assignments |
| March 1, 2012 | Webster Univeristy | The Economics Of Intellectual Property |
| March 2, 2012 | RGL St. Louis | The Economics Of Intellectual Property |
| March 6, 2012 | OC Bankrupcty Forum | Understaning Financial Statements |
| May 18, 2012 | OC Bar Association | Effective Use of An Expert - Panel With Jan Ramsay & Kurt Grosz |
| November 28, 2012 | SD Bar Association | Understanding Business Valuation |
| April 16, 2013 | Morris, Polich & Purdy | Effective Use of An Expert |
| September 27, 2013 | Callahan & Blaine | Effective Use Of An Expert |
| October 9, 2013 | CPE Direct | Understanding Business Valuation |
| November 15, 2013 | RGL Webinar | Forensic Accounting In Divorce Cases |
| June 18, 2014 | Gordon & Rees | Cross Examining an Expert |
| September 16, 2014 | Alvarado Smith | Lie Spotting |
| February 23, 2015 | Keesal Young & Logan | Lie Spotting |
| May 21, 2015 | Lewis, Brisbois | Cross-Examining A Financial Expert |
| June 18, 2015 | Arent Fox | Cross-Examining A Financial Expert |
| December 11, 2015 | Gordon & Rees - Orange County | Cross-Examining A Financial Expert |
| November 8, 2017 | CSUF - Intermediate Accounting Classes | Introduction to Forensic Accounting |
| April 10, 2018 | Wilson Elser | Cross-Examining A Financial Expert |
| April 26, 2018 | Gordon & Rees - LA | Cross-Examining A Financial Expert |
| May 16, 2018 | Smith, Smith & Feeley | Cross-Examining A Financial Expert |

LAEL D. ANDARA (SBN 215416)
DANIEL E. GAITAN (SBN 326413)
ROBIN M. PEARSON (SBN 146704)
ROPERS MAJESKI PC
545 Middlefield Road, Suite 175
Menlo Park, CA 94025
Telephone:   650.364.8200
Facsimile:   650.780.1701
Email:       lael.andara@ropers.com
             robin.pearson@ropers.com
             daniel.gaitan@ropers.com

Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | Case No. 3:17CV5517<br><br>**PLAINTIFF SINCO TECHNOLOGIES PTE LTD'S OBJECTIONS TO DEFENDANTS' TRIAL WITNESS LIST [EXCHANGE VERSION]**<br><br>PRETRIAL HEARING<br>Date: October 5, 2021<br>Time: 3:00 p.m.<br>Place: Courtroom 5 – 17th Floor<br>Hon. Edward M. Chen<br><br>TRIAL DATE<br>November 1, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff, SINCO TECHNOLOGIES, PTE, LTD. ("SINCO" OR "Plaintiff"), submits the following objections to Xingke Electronics (Dongguan) Co., Ltd.; Mui Liang Tjoa; Ng Cher Yong; and Liew Yew Soon (herein "DEFENDANTS") Witness List of **September 9, 2021**. DEFENDANTS' Witness list is direct violation of the Court Order of **June 13, 2019** and **January 10, 2020**. DEFENDANTS' witness list does not comply with Judge Chen's **February 1, 2021** 3rd Amended Case Management and Pretrial Order for Jury Trial as to the information required under section 6.

## OBJECTIONS TO DEFENDANTS' EXHIBIT LIST

SINCO specifically Objects to Defendants' violation of Federal Rules of Civil Procedure ("FRCP") 26 and 37. FRCP 26(a)(1)(A)(i) requires a party to disclose "*the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses.*" Rule 37 gives teeth to this requirement, stating that if "*a party fails to provide information or identify a witness as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1). This is because "[t]he last thing a party or its counsel wants in a hotly contested lawsuit is to make last-minute preparations and decisions on the run." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). The party facing exclusion of evidence has the burden of showing that the failure to disclose was justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir.2001). This is not harmless when these witnesses should have been disclosed years ago and before the close of discovery, which would have given SINCO's adequate time to prepare and cross examine the potential testimony. Fact discovery in this case was open for years, but DEFENDANTS sat on these disclosures until months after the fact discovery cut-off. Rule 26 requires the disclosure of individuals with information that a party may use to support its claims or defenses. It is not limited to individuals that will be offered by a party at trial. The Rule further requires that each party must supplement or correct this initial disclosure "in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties *during the discovery process* or in writing...." *Id*. at 26(e)(1)(A). The Rule is not satisfied simply by disclosing the name of an individual in some other context during discovery. *Pinterest, Inc. v. Pintrips, Inc.*, 2015 WL 2268498, at *5 (N.D. Cal. May 14, 2015). Rule 26(a)(1)(A)(i) requires a party to identify "the name and, if known, the address and telephone number" of individuals with information that the party "may use to support its claims or defenses." SINCO objects to the unnamed references in DEFENDANTS' witness list for third party's Swiftronic and Bose. "Even absent a showing in the record of bad faith or willfulness,

1  exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of
2  Rule 26(a)." *Yeti by Molly Ltd* 259 F.3d at 1106.

3       Courts have routinely held that a belated disclosure is not "substantially justified" when it
4  concerns an "essential issue" to the case which is not newly raised by the opposing party's
5  actions. See, e.g., *Orellana v. Cty. of Los Angeles,* 2013 WL 12129290, at *6 (C.D. Cal. June 26,
6  2013) ("Because these witnesses plan to testify concerning this essential issue, [party] cannot
7  claim that her failure to disclose them was substantially justified, as she knew or should have
8  known of the relevance of their testimony at all times after the commencement of this action.");
9  *Hagan v. California Forensic Med. Grp.,* 2009 WL 689740, at *1 (E.D. Cal. Mar. 5, 2009) (no
10 substantial justification because, where element was "essential" to claim, "plaintiffs cannot
11 seriously contend that prior to the County's motion for summary judgment, plaintiffs 'did not
12 contemplate' that they would need to provide evidence on this issue"). Defendants disclosure of
13 the third party witnesses on **May 21, 2020**, 133 days after the close of fact discovery, in addition
14 to being untimely these disclosures were inadequate as to provide notice of the identity of
15 witnesses for Google, Intel, Apple, Swiftronic, Motorola, and Bose or comply with FRCP 26 and
16 37. DEFENDANTS' indicate that these witnesses will testify, "whether or not customer was
17 confused as to source of good as being from Plaintiff or XingKe," which is an essential element
18 of the asserted claims by the Plaintiff. Likewise, SINCO objects to DEFENDANTS Witness list
19 of **September 9, 2021**, which restates the supplemental disclosures provided months after the fact
20 discovery cut-off as to Google, Intel, Apple, Swiftronic, and Bose.

21      DEFENDANTS' belated disclosure was not harmless because Plaintiff was unable to
22 adequately respond to DEFENDANTS' newly identified witness as fact discovery had already
23 closed. According to the scheduling order in this action, fact discovery closed on **January 9,**
24 **2019.** [ECF 225]

| | | |
|---|---|---|
| 5. | NON-EXPERT DISCOVERY CUT-OFF: | 1/9/2020 |
| 6. | EXPERT REPORTS: | Opening reports by 1/9/2020 |
| | | Rebuttal reports by 1/30/2020 |
| 7. | EXPERT DISCOVERY CUT-OFF: | 2/6/2020 |

1 The Court rejected DEFENDANTS effort to expand the scope of discovery, on **January 10, 2019,** 132 days before DEFENDANTS submitted these surprise supplemental Initial Disclosures.

When SINCO first received notice of Andy Lim, Gabriel G. Khouri, Nick Guyot, or Paul Carter as DEFENDANTS' witness in this case, SINCO had no ability to conduct fact discovery, had no chance to designate one or more of the other dozen or more employees associated with Google, Intel, Apple, Swiftronic, or Bose as rebuttal witnesses on the topic. After "the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn threatens whether a scheduled trial date is viable and impairs the ability of every trial court to manage its docket." *Ollier v. Sweetwater Union High Sch. Dist.,* 768 F.3d 843, 863 (9th Cir. 2014).

In determining whether to preclude the introduction of evidence pursuant to Rule 37, courts consider: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for [the] failure to disclose the evidence." *San Francisco Baykeeper v. W. Bay Sanitary Dist.,* 791 F.Supp.2d 719, 733 (N.D.Cal.2011). In this case, all five factors weigh in favor of excluding Andy Lim, Gabriel G. Khouri, Nick Guyot, and Paul Carter. As discussed above, all four witnesses were disclosed after the discovery cut-off and again on the eve of trial through the DEFENDANTS' pretrial witness lists and DEFENDANTS have failed to provide a compelling explanation for their delay. Moreover, DEFENDANTS cannot "cure" the surprise of these new witnesses (which would entail deposing the belatedly identified witnesses and amending pretrial submissions in light of the new information) without significantly disrupting the trial proceedings, which begin in less than two months**.**

| DEFENDANTS' WITNESS | DEFENDANTS' DESCRIPTION OF SUBSTANCE OF TESTIMONY | PLAINTIFF'S OBJECTION |
|---|---|---|
| Andy Lim and/or other unknown third party Google employees | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | FRCP 26 and 37. Lack of Notice as to "unknown employees." |

| Defendants' Witness | Defendants' Description of Substance of Testimony | Plaintiff's Objection |
|---|---|---|
| Gabriel G. Khouri and/or other unknown third party Intel employees | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | FRCP 26 and 37. Lack of Notice as to "unknown employees." |
| Nick Guyot, Paul Carter, and/or other unknown third party Apple employees | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | FRCP 26 and 37. Lack of Notice as to "unknown employees." |
| Unknown third Party Swiftronic employee | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | FRCP 26 and 37. Lack of Notice as to "unknown employees." |
| Unknown third party Bose employee | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | FRCP 26 and 37. Lack of Notice as to "unknown employees." |

SINCO objects as to all witnesses in DEFENDANTS' disclosures as it fails Rule 26(a)(3)(A)(i) requiring a party to separately identify those the party expects to present and those it may call. As written DEFENDANTS' list appears to assert that all listed witnesses WILL be called as live testimony, SINCO requests that DEFENDANTS confirm that this is their intention.

Dated: September 9, 2021

Respectfully submitted,

ROPERS MAJESKI PC


By: */s/ Lael D. Andara*
LAEL D. ANDARA
DANIEL E. GAITAN
ROBIN M. PEARSON
*Attorneys for Plaintiff*
SINCO TECHNOLOGIES PTE LTD