Sinco Technologies Pte Ltd. v. Sinco Electronics (Dongguan) Co. Ltd., *et al*

# APPENDIX D.1

## PLAINTIFF'S DEPO DESIGNATIONS & DEFENDANTS' OBJECTIONS

DOUGLAS A. WINTHROP (SBN 183532)
Douglas.Winthrop@arnoldporter.com
JEREMY T. KAMRAS (SBN 237377)
Jeremy.Kamras@arnoldporter.com
JOSEPH FARRIS (SBN 263405)
Joseph.Farris@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
Jessica A. Crabbe (SBN. 263668)
*JessicaCrabbe@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

*Attorneys for Defendants* XINGKE ELECTRONICS
(DONGGUAN) CO., LTD., formerly known as
SINCO ELECTRONICS (DONGGUAN) CO., LTD.,
LIEW YEW SOON aka, MARK LIEW, NG CHER
YONG. aka CY NG, and MUI LIANG TJOA aka ML
TJOA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>             Plaintiff,<br><br>    vs.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>             Defendants. | Case No. 3:17-CV-05517-EMC<br><br>Action Filed: September 22, 2017<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF INTENT TO PLAY OR READ THE FOLLOWING DEPOSITION TESTIMONY AT TRIAL AS DESIGNATED BY WITNESS**<br><br>Date:        October 5, 2021<br>Time:       2:30 p.m.<br>Place:      Courtroom 5, 17th Floor<br><br>**Judge:  Honorable Edward M. Chen**<br><br>**Trial:   November 1, 2021** |

Defendants Xingke Electronics (Dongguan) Co., Ltd., formerly known as Sinco Electronics (Dongguan) Co., Ltd., Liew Yew Soon aka, Mark Liew, Ng Cher Yong. aka Cy Ng, and Mui Liang Tjoa aka ML Tjoa ("Defendants") hereby provide notice of their response to Plaintiff's Notice of Intent to Play or Read Deposition Testimony at Trial as Designated by Witness, and Defendants' Counter-Designations thereto.

## JOINT LIST OF DEPOSITION DESIGNATIONS, COUNTER-DESIGNATIONS AND OBJECTIONS

These designations anticipate the removal of objections and interaction not in the form of a question by counsel as presented to the Jury.

## I.      Quek Seow Eng (Singapore)

| DEPOSITION OF QUEK SEOW ENG, TAKEN MAY 28, 2019 *(Page and Line Numbers)* | | | |
|---|---|---|---|
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 9:8-9:21 | | | |
| 18:21-19:22 | Fed. R. Evid. 106 | 19:25-20:23 | |
| 20:24-21:22 | | | |
| 22:23-23:6 | | | |
| 23:15-25:19 | | | |
| 28:24-29:17 | Fed. R. Evid. 106 | 28:24-29:23 | |
| 31:13-32:1 | | | |
| 36:19-40:10 | | | |
| 41:10-43:11 | Fed. R. Evid. 106 | 41:10-44:16 | |
| 44:17-45:4 | Fed. R. Evid. 106 | 44:17-45:14 | |
| 45:15-45:23 | | | |
| 46:20-47:1 | | | |
| 47:9-49:11 | **Relevance / Prejudice**. Testimony expressly relevant only to State Action claims re: trade | | |

| DEPOSITION OF QUEK SEOW ENG, TAKEN MAY 28, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| | secrets. *See* Defs' MIL No. 5. | | |
| 51:3-6 | Fed. R. Evid. 106 | 50:10-51:6 | |
| 51:24-52:19 | **Relevance/ Prejudice**. Testimony regarding the development of tools is expressly relevant only to State Action claims re: trade secrets. *See* Defs' MIL No. 5. | | |
| 53:12-54:24 | Fed. R. Evid. 106 | 53:12-55:8 | |
| 56:7-56:20 | Fed. R. Evid. 106 | 56:7-57:2 | |
| 57:19-59:24 | Fed. R. Evid. 106 | 57:19-60:14 | |
| 60:15-60:21 | Fed. R. Evid. 106 | 60:15-61:24 | |
| 62:6-66:3 | Fed. R. Evid. 106 | 62:6-66:13 | |
| 66:15-69:25 | | | |
| 70:2-71:4 | Fed. R. Evid. 106 | 70:2-71:16 | |
| 71:17-73:7 | | | |
| 73:13-79:20 | | | |
| 81:6-82:15 | | | |
| 82:21-83:2 | | | |
| 84:18-85:8 | **Relevance / Unfair Prejudice / Legal Conclusion.** The question at 84:22-85:3 calls for a legal conclusion (i.e., whether these "embedded employees" were ultimately SinCo SG or SinCo DG/XingKe employees). Moreover, the question and answer posed will cause unfair prejudice and confuse | In the event the objection is overruled, defendants counter-designate: 83:24-85:8; 85:23-86:22. *See* Fed. R. Evid. 106. | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS          3:17-CV-05517-EMC

| DEPOSITION OF QUEK SEOW ENG, TAKEN MAY 28, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| | the jury because counsel omits material facts as to SinCo DG/XingKe's role in hiring and ultimately paying the salary of these employees. | | |
| 92:21-94:16 | | | |
| 101:15-101:20 | Fed. R. Evid. 106 | 96:9-101:20 | |
| 102:21-104:13 | | | |
| 107:9-108:23 | **Relevance / Prejudice**. Defendants have moved to exclude evidence regarding "SinCoo." *See* Defs' MIL No. 3. | In the event the objection and/or motion *in limine* is denied, under Fed. R. Evid. 106, 108:24-109:22 should be included for completeness. | |
| 109:23-111:24 | **Relevance / Prejudice**. Defendants have moved to exclude evidence regarding "SinCoo." *See* Defs' MIL No. 3. | | |
| 112:12-114:7 | **Relevance / Prejudice**. Defendants have moved to exclude evidence regarding "SinCoo." *See* Defs' MIL No. 3. | | |
| 117:24-118:6 | **Relevance / Prejudice**. Defendants have moved to exclude evidence regarding "SinCoo." *See* Defs' MIL No. 3. | | |
| 121:4-21 | **Relevant / Prejudice**. Testimony expressly relevant only to State Action claims re: trade secrets. *See* Defs' MIL No. 5. | | |
| 125:20-126:1 | Fed. R. Evid. 106 | 125:20-126:7 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

| DEPOSITION OF QUEK SEOW ENG, TAKEN MAY 28, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 128:15-129:9 | **Foundation / Relevance / Prejudice.** Whether a death threat was made against Jon Chee around the time of this lawsuit is irrelevant to the issue of trademark infringement. Moreover, absent evidence that this "death threat" was made by defendants or its agents, the threat itself is irrelevant. Finally, the evidence's probative value is substantially outweighed by the danger of unfair prejudice to defendants. | | |
| 133:9-134:6 | **Relevance / Prejudice.** Any reference to an "order" to use a disclaimer reveals to the jury the existence of the two preliminary injunctions. *See* MIL No. 4. | | |
| 142:8-143:20 | | | |
| 149:2-6 | **Lack of foundation / assumes facts not in evidence / Non-responsive.** The question does not ask "if" or "whether" Mr. Tjoa indicated he was the new management for SinCo; rather, counsel asks, "do you remember Mr. Tjoa indicating that he was new management for SinCo," thereby suggesting to the jury that this is factually true. | | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS          3:17-CV-05517-EMC

| DEPOSITION OF QUEK SEOW ENG, TAKEN MAY 28, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 152:3-20 | Fed. R. Evid. 106 | 150:21-22; 151:17-152:20 | |

## II.   Jerry Yang Darui (Singapore Permanent Resident)

| DEPOSITION OF JERRY YANG DARUI, TAKEN MAY 29, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 8:4-9 | | | |
| 14:22-15:11 | Fed. R. Evid. 106 | 14:4-17:10 | |
| 18:14-19:15 | **Relevance/ Prejudice**. Testimony regarding the development of tools is expressly relevant only to State Action claims re: trade secrets. *See* Defs' MIL No. 5. | | |
| 22:9-23:9 | Fed. R. Evid. 106 | 22:9-25:7 | |
| 24:15-25:7 | Fed. R. Evid. 106 | 22:9-25:7 | |
| 27:20-28:21 | Fed. R. Evid. 106 | 27:20-28:22 | |
| 29:9-25 | Fed. R. Evid. 106 | 29:9-30:25; 33:22-34:14 | |
| 30:25-31:22 | | | |
| 41:13-42:10 | | | |
| 45:5-14 | Fed. R. Evid. 106 | 45:5-18 | |
| 49:17-51:6 | Fed. R. Evid. 106 | 49:13-52:22 | |
| 52:23-54:13 | Fed. R. Evid. 106 | 49:13-52:22; 54:19-23 | |
| 55:2-22 | Fed. R. Evid. 106 | 55:2-57:7 | |
| 57:16-58:9 | | | |

| DEPOSITION OF JERRY YANG DARUI, TAKEN MAY 29, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 58:16-60:11 | Fed. R. Evid. 106 | 58:16-60:12 | |
| 60:13-68:2 | | | |
| 69:9-70:15 | Fed. R. Evid. 106 | 68:24-70:23 | |
| 73:13-75:9 | Fed. R. Evid. 106 | 72:7-75:9 | |
| 75:23-78:14 | Fed. R. Evid. 106 | 75:23-78:18 | |
| 78:19-79:14 | | | |
| 81:9-81:24 | | | |
| 82:11-12 | Fed. R. Evid. 106 | 82:11-18 | |
| 84:7-23 | | | |
| 85:20-86:8 | Fed. R. Evid. 106 | 85:20-86:14 | |
| 87:2-22 | Fed. R. Evid. 106 | 85:20-86:25 | |
| 88:19-89:3 | Fed. R. Evid. 106 | 88:19-91:8 | |
| 93:1-9 | | | |
| 96:17-25 | Fed. R. Evid. 106 | 96:17-97:13 104:21-25 | |
| 98:13-23 | Fed. R. Evid. 106 | 98:13-99:4 104:21-25 | |
| 101:9-23 | Fed. R. Evid. 106 | 101:9-23; and 103:6-20; and 104:21-25 | |
| 109:1-110:10 | | | |
| 111:11-22 | Fed. R. Evid. 106 | 111:11-22; 112:23-113:7 | |
| 116:20-117:2 | | | |
| 118:16-22 | Fed. R. Evid. 106 | 118:16-119:6 | |
| 119:11-14 | | | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

| DEPOSITION OF JERRY YANG DARUI, TAKEN MAY 29, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
| 121:3-16 | | | |
| 123:20-124:11 | **Relevance / Prejudice**. Defendants have moved to exclude evidence regarding "SinCoo." *See* Defs' MIL No. 3. | | |
| 124:15-126:16 | **Relevance / Prejudice**. Defendants have moved to exclude evidence regarding "SinCoo." *See* Defs' MIL No. 3. | | |

### III.   Gouki Gao (People's Republic of China)

| DEPOSITION OF GOUKI GAO, TAKEN MAY 30, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
| 8:5-24 | | | |
| 13:2-12 | Fed. R. Evid. 106 | 13:2-15:18 | |
| 13:17-23 | Fed. R. Evid. 106 | 13:2-15:18 | |
| 14:21-17:7 | **Lack of foundation / assumes facts not in evidence.** 16:16-17:7 assumes facts not in evidence because the witness does not remember but counsel's statements unfairly characterize these assertions as factually accurate. | | |
| 17:21-18:24 | | | |
| 20:1-23:25 | **Relevance / Unfairly Prejudicial.** Counsel's statement that "ML Tjoa lied" and committed "perjury" is unfairly prejudicial, thereby | | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

| DEPOSITION OF GOUKI GAO, TAKEN MAY 30, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| | suggesting that ML Tjoa lied.  (20:16-20). | | |
| 25:1-21 | | | |
| 27:2-4 | Fed. R. Evid. 106 | 25:19-27:4 | |
| 27:8-29:10 | **Relevance / Prejudice**. Defendants have moved to exclude evidence regarding "SinCoo." *See* Defs' MIL No. 3. | | |
| 30:7-24 | | | |
| 33:1-8 | | | |
| 34:13-22 | | | |
| 35:20-36:25 | | | |
| 37:9-38:6 | | | |
| 39:11-40:4 | Fed. R. Evid. 106 | 39:5-40:24 | |
| 42:4-44:22 | | | |
| 46:4-48:15 | | | |
| 55:20-56:15 | Fed. R. Evid. 106 | 55:20-57:2 | |
| 57:3-20 | | | |
| 59:3-62:24 | | | |
| 64:12-66:3 | Fed. R. Evid. 106 | 64:7-66:3 | |
| 66:9-67:5 | Fed. R. Evid. 106 | 64:7-67:15 | |
| 67:21-74:4 | Fed. R. Evid. 106 | 67:21-74:16 | |
| 77:15-22 | Fed. R. Evid. 106 | 77:15-78:9 | |
| 79:8-80:8 | Fed. R. Evid. 106 | 79:5-13 | |
| 102:11-24 | | | |
| 104:22-105:17 | Fed. R. Evid. 106 | 104:14-105:21 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

| DEPOSITION OF GOUKI GAO, TAKEN MAY 30, 2019 *(Page and Line Numbers)* | | | |
|---|---|---|---|
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 106:2-6 | Fed. R. Evid. 106 | 106:2-10 | |
| 109:10-110:4 | | | |
| 111:10-112:22 | **Relevance / Prejudice**. Defendants have moved to exclude evidence regarding "SinCoo." *See* Defs' MIL No. 3. | In the event the objection is overruled or the MIL is denied, defendants counter-designate 111:10-25. | |
| 113:8-114:12 | **Relevance / Prejudice**. Defendants have moved to exclude evidence regarding "SinCoo." *See* Defs' MIL No. 3. | | |
| 117:22-125:15 | | | |
| 130:19-22 | | | |

## IV.   Eric Pang (Singapore)

| DEPOSITION OF ERIC PANG, TAKEN MAY 31, 2019 *(Page and Line Numbers)* | | | |
|---|---|---|---|
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 8:11-14 | | | |
| 15:23-16:9 | | | |
| 16:13-20 | | | |
| 18:12-15 | | | |
| 22:3-24:25 | | | |
| 27:9-29:6 | | | |
| 29:13-30:12 | | | |
| 31:20-32:10 | Fed. R. Evid. 106 | 32:25-6; 33:14-35:8. | |
| 42:18-43:24 | Fed. R. Evid. 106 | 42:3-44:5 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

| DEPOSITION OF ERIC PANG, TAKEN MAY 31, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 44:6-17 | Fed. R. Evid. 106 | 44:18-47:3 | |
| 47:4-48:23 | | | |
| 49:5-8 | Fed. R. Evid. 106 | 49:8-16; 50:4-51:1 | |
| 51:2-53:4 | | | |
| 56:15-18 | Fed. R. Evid. 106 | 56:19-56:24 | |
| 59:8-17 | | | |
| 60:21-25 | | | |
| 63:24-64:4 | | | |
| 67:3-68:7 | | | |
| 75:25-76:11 | | | |
| 77:6-79:9 | Fed. R. Evid. 106 | 77:5-79:9 | |
| 79:15-17 | | | |
| 80:2-3 | | | |
| 80:6-20 | | | |
| 81:12-24 | | | |
| 82:15-18 | | | |
| 85:22-24 | Fed. R. Evid. 106 | 85:12-24 | |
| 86:23-87:25 | | | |
| 88:24-89:10 | | | |
| 95:5-97:12 | **Relevance / Prejudice**. Testimony regarding KOTL's financial status or ability to support Apple's business around April 25, 2018 is irrelevant to whether it infringed upon plaintiff's trademark; alternatively, its probative value is | | |

10

| **DEPOSITION OF ERIC PANG, TAKEN MAY 31, 2019** | | | |
| --- | --- | --- | --- |
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| | substantially outweighed by its unfair prejudice. **Hearsay.** The out of court statement by a customer suggesting that KOTL is "cash or resource strapped or foresee a problem with the business" is hearsay. | | |
| 101:17-102:7 | | | |
| 105:1-17 | | | |
| 105:18-106:14 | | | |
| 107:19-108:10 | | | |
| 109:13-110:10 | | | |
| 110:22-111:21 | Fed. R. Evid. 106 | 111:22-25-112:1 | |
| 114:21-115:18 | | | |
| 120:11-24 | **Relevance/ Prejudice / Call for a Legal Conclusion / Lack of Foundation / Ultimate Question.** Whether a purported subsidiary's use of the word "XingKe" constitutes infringement on Xingke's trademark is irrelevant to the instant action, substantially outweighed by unfair prejudice, and calls for a legal conclusion. There is a danger that our jury would simply assume any use by a subsidiary constitutes infringement, which is an ultimate factual question our jury must decide after hearing all the evidence in this unique circumstance. | | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

| DEPOSITION OF ERIC PANG, TAKEN MAY 31, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 121:2-17 | | | |
| 123:5-11 | | | |
| 123:19-25 | | | |
| 124:14-125:16 | Fed. R. Evid. 106 | 124:10-125:16. | |

## V.   **Bryan Lim** (Singapore)

| DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019 | | | |
|---|---|---|---|

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim.  Lim has been the central, animating figure behind Plaintiff at all relevant times.  It was Lim that claimed that Defendants violated an "unwritten" "handshake deal."  Nobody else at Plaintiff has knowledge of that "handshake" deal.  Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014).   Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony.  At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired."  But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies.  Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial.  (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim.)  Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
|---|---|---|---|
| 8:10-11:7 | | 5:3-5:4 | |
| 11:17-24 | | 5:5-5:11 | |
| 13:3-16 | | 5:16-6:6 | |
| 14:2-15:16 | | 9:1-12:13 | |
| 24:2-25:15 | **Hearsay.**  Questions quoting SinCo's complaint.<br><br>**Relevance**.  Coral springs office is irrelevant. | 13:3-13:11 | |
| 25:22-27:14 | | 14:2-14:6 | |

### DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim. Lim has been the central, animating figure behind Plaintiff at all relevant times. It was Lim that claimed that Defendants violated an "unwritten" "handshake deal." Nobody else at Plaintiff has knowledge of that "handshake" deal. Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014). Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony. At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial. (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim). Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| 32:5-36:19 | | 15:8-15:25 | |
| 37:10-38:15 | **FRE 403.** "Social responsibility" audit irrelevant to trademark infringement. | 17:6-18:3 | |
| 39:6-40:13 | **FRE 403.** "Social responsibility" audit irrelevant to trademark infringement. | 18:6-18:17 | |
| 41:11-42:1 | | 19:2-19:9 | |
| 42:12-43:15 | **Lacks Foundation.** Mostly counsel's objections. | 19:12-19:13 | |
| 46:23-47:16 | | 19:16-20:1 | |
| 49:12-51:6 | | 20:4-20:8 | |
| 51:20-54:11 | | 20:14-20:16 | |
| 54:20-55:6 | **Lacks Foundation / Unintelligible.** | 20:18 | |
| 64:24-68:18 | **Lacks Foundation.** No basis for ACME hypothetical. (Until 66:3) | 20:21-21:5 | |
| 69:4-11 | | 21:20-23:4 | |

13

**DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019**

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim. Lim has been the central, animating figure behind Plaintiff at all relevant times. It was Lim that claimed that Defendants violated an "unwritten" "handshake deal." Nobody else at Plaintiff has knowledge of that "handshake" deal. Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014). Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony. At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial. (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim). Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| 84:10-92:19 | **Relevance / Prejudice**. Testimony expressly relevant only to State Action claims re: trade secrets. (after 85:13). *See* Defs' MIL No. 5. | 24:1 | |
| 94:10-96:5 | | 25:16-27:14 | |
| 97:5-98:23 | | 29:1-29:4 | |
| 99:14-100:17 | | 29:7 | |
| 101:15-102:21 | **Relevance / Prejudice**. Testimony expressly relevant only to State Action claims re: trade secrets. *See* Defs' MIL No. 5. | 29:9-12 | |
| 103:1-105:4 | **Relevance / Prejudice**. Testimony expressly relevant only to State Action claims re: trade secrets. *See* Defs' MIL No. 5. | 29:16 | |
| 106:18-23 | **Relevance / Prejudice**. Testimony expressly relevant only to State Action claims re: trade | 30:12-17 | |

14

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

### DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim. Lim has been the central, animating figure behind Plaintiff at all relevant times. It was Lim that claimed that Defendants violated an "unwritten" "handshake deal." Nobody else at Plaintiff has knowledge of that "handshake" deal. Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014). Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony. At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial. (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim). Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| | secrets. *See* Defs' MIL No. 5. | | |
| 108:22-111:4 | **Relevance / Prejudice**. Testimony expressly relevant only to State Action claims re: trade secrets. *See* Defs' MIL No. 5. | 30:21 | |
| 114:23-115:12 | | 30:23-24 | |
| 118:22-119:5 | | 31:2-9 | |
| 120:6-20 | **Lacks Foundation**. If offered without counter. | 31:11 | |
| 121:18-122:20 | | 31:19-22 | |
| 139:21-143:7 | **Relevance / Prejudice**. (after 141:6) Testimony expressly relevant only to State Action claims re: trade secrets *See* Defs' MIL No. 5. | 32:1-3 | |
| 156:23-158:4 | | 32:5-6 | |
| 165:24-175:19 | | 32:10-33:13 | |
| 177:2-178:18 | | 33:15 | |
| 179:22-180:19 | | 33:17-35:12 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

**DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019**

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim.  Lim has been the central, animating figure behind Plaintiff at all relevant times.  It was Lim that claimed that Defendants violated an "unwritten" "handshake deal."  Nobody else at Plaintiff has knowledge of that "handshake" deal.  Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014).   Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony.  At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial.  (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim).   Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| 181:19-25 | **Relevance / Prejudice**. (after 141:6) Testimony expressly relevant only to State Action claims re: trade secrets *See* Defs' MIL No. 5. | 35:15-36:21 | |
| 183:15-184:12 | **Relevance / Prejudice**. (after 184:2) Testimony expressly relevant only to State Action claims re: trade secrets *See* Defs' MIL No. 5. | 36:23-38:15 | |
| | | 38:23-39:11 | |
| | | 39:13-39:24 | |
| | | 40:1-40:14 | |
| | | 41:7-42:8 | |
| | | 42:12-42:15 | |
| | | 42:18-42:23 | |
| | | 43:2-43:19 | |
| | | 43:21-43:22 | |
| | | 43:24-44:2 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

**DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019**

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim.  Lim has been the central, animating figure behind Plaintiff at all relevant times.  It was Lim that claimed that Defendants violated an "unwritten" "handshake deal."  Nobody else at Plaintiff has knowledge of that "handshake" deal.  Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014).   Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony.  At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired."  But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial.  (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim).   Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| | | 44:4 | |
| | | 44:7-44:8 | |
| | | 44:10-45:21 | |
| | | 45:23-46:11 | |
| | | 46:23-46:25 | |
| | | 47:4-47:9 | |
| | | 47:11-47:13 | |
| | | 47:19-48:5 | |
| | | 48:7-48:14 | |
| | | 48:16-51:10 | |
| | | 51:12-51:13 | |
| | | 51:15-52:19 | |
| | | 52:22-54:16 | |
| | | 54:20-54:24 | |
| | | 55:1-55:2 | |
| | | 55:4-55:13 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

### DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim. Lim has been the central, animating figure behind Plaintiff at all relevant times. It was Lim that claimed that Defendants violated an "unwritten" "handshake deal." Nobody else at Plaintiff has knowledge of that "handshake" deal. Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014). Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony. At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial. (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim). Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| | | 55:18-55:23 | |
| | | 56:1-56:7 | |
| | | 56:9-56:15 | |
| | | 56:18-56:24 | |
| | | 57:2 | |
| | | 57:4-57:13 | |
| | | 57:16-57:24 | |
| | | 58:3-58:9 | |
| | | 58:12-59:1 | |
| | | 59:4-59:10 | |
| | | 59:13-59:19 | |
| | | 59:22-59:25 | |
| | | 61:1-62:13 | |
| | | 62:17-62:20 | |
| | | 63:12-63:17 | |
| | | 63:20-64:16 | |

### DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim. Lim has been the central, animating figure behind Plaintiff at all relevant times. It was Lim that claimed that Defendants violated an "unwritten" "handshake deal." Nobody else at Plaintiff has knowledge of that "handshake" deal. Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014). Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony. At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial. (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim). Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| | | 64:19-65:2 | |
| | | 65:5-66:12 | |
| | | 66:17-67:22 | |
| | | 68:1-68:20 | |
| | | 68:23-68:25 | |
| | | 69:2-69:20 | |
| | | 70:2-72:4 | |
| | | 72:18-77:11 | |
| | | 77:25-78:23 | |
| | | 79:2-81:6 | |
| | | 82:24-83:2 | |
| | | 83:19-83:25 | |
| | | 84:8-85:12 | |
| | | 85:18-85:21 | |
| | | 85:25-87:6 | |
| | | 87:8-88:19 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

**DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019**

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim. Lim has been the central, animating figure behind Plaintiff at all relevant times. It was Lim that claimed that Defendants violated an "unwritten" "handshake deal." Nobody else at Plaintiff has knowledge of that "handshake" deal. Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014). Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony. At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial. (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim). Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| | | 89:21-90:7 | |
| | | 90:10-91:6 | |
| | | 91:12-91:14 | |
| | | 91:18 | |
| | | 91:20-93:1 | |
| | | 93:23-95:1 | |
| | | 95:3-95:9 | |
| | | 95:12-96:18 | |
| | | 97:5-98:9 | |
| | | 98:11-99:4 | |
| | | 99:6 | |
| | | 99:10-100:17 | |
| | | 101:5-101:10 | |
| | | 110:19-111:12 | |
| | | 112:2-112:11 | |
| | | 112:24-113:12 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

### DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim. Lim has been the central, animating figure behind Plaintiff at all relevant times. It was Lim that claimed that Defendants violated an "unwritten" "handshake deal." Nobody else at Plaintiff has knowledge of that "handshake" deal. Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014). Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony. At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial. (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim). Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| | | 113:15-113:16 | |
| | | 113:18-114:1 | |
| | | 114:25-115:3 | |
| | | 115:9-115:12 | |
| | | 116:25-117:7 | |
| | | 118:11-118:14 | |
| | | 118:16 | |
| | | 118:18-119:7 | |
| | | 119:9-119:10 | |
| | | 119:12-119:22 | |
| | | 120:1-120:4 | |
| | | 121:10-121:13 | |
| | | 121:17-121:22 | |
| | | 121:24-122:4 | |
| | | 123:1-123:3 | |
| | | 123:6 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

**DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019**

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim. Lim has been the central, animating figure behind Plaintiff at all relevant times. It was Lim that claimed that Defendants violated an "unwritten" "handshake deal." Nobody else at Plaintiff has knowledge of that "handshake" deal. Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014). Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony. At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial. (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim). Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| | | 123:8 | |
| | | 123:10-123:14 | |
| | | 123:16-123:17 | |
| | | 123:19-123:20 | |
| | | 123:22-124:11 | |
| | | 127:9-128:2 | |
| | | 128:4-128:5 | |
| | | 133:22-134:5 | |
| | | 136:6-136:22 | |
| | | 136:25-137:20 | |
| | | 138:24-140:15 | |
| | | 140:19-141:5 | |
| | | 153:19-153:22 | |
| | | 154:9-155:13 | |
| | | 155:15-155:25 | |
| | | 156:23-162:3 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

<table>
<tr><td colspan="4" align="center">**DEPOSITION OF BRYAN LIM, TAKEN APRIL 5, 2019**</td></tr>
</table>

**GENERAL OBJECTIONS:**

Defendants object to Plaintiff's attempt to offer hearsay videotaped deposition testimony at trial from its longtime principal, Bryan Lim. Lim has been the central, animating figure behind Plaintiff at all relevant times. It was Lim that claimed that Defendants violated an "unwritten" "handshake deal." Nobody else at Plaintiff has knowledge of that "handshake" deal. Plaintiff's only other corporate witnesses are Minh Nguyen (hired in 2016), and Jon Chee (Lim's son-in-law, who was hired in 2014). Plaintiff never advised Defendants that Lim would not be appearing at trial until the pretrial process when it designated his deposition testimony. At the conference with Judge Chen of September 8, counsel for Plaintiff stated that Lim was "retired." But this does not mean he was unavailable to Plaintiff, such that a hearsay exception applies. Plaintiff has offered no explanation of what it did (or did not do) to attempt to obtain Lim's testimony at trial. (At the same time that Plaintiff claims it served a trial subpoena in Singapore on XingKe's former Chairman Xu Shugong, Plaintiff is silent as to any trial subpoena regarding Lim). Plaintiff cannot meet its burden to show that he is unavailable for trial and to justify offering video testimony from him instead.

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| | | 165:16-165:17 | |
| | | 165:20-166:24 | |
| | | 167:2-167:23 | |
| | | 168:20-169:17 | |
| | | 169:21-170:4 | |
| | | 170:6 | |
| | | 170:19-171:4 | |
| | | 174:14-175:19 | |
| | | 179:2-180:23 | |
| | | 181:4-181:18 | |
| | | 185:9-186:11 | |

## VI.  Deqiang Liu (People's Republic of China)

|  |
|---|

| DEPOSITION OF DEQIANG LIU, TAKEN NOVEMBER 1, 2019 |
|---|

*(Page and Line Numbers)*

| PLAINTIFF'S DEPOSITION DESIGNATION | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATIONS | OBJECTIONS TO COUNTER-DESIGNATIONS |
|---|---|---|---|
| 8:22-9:11 | **Lacks Foundation / Unfair Prejudice.** The designated testimony does | 8:22-9:19 | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS             3:17-CV-05517-EMC

| DEPOSITION OF DEQIANG LIU, TAKEN NOVEMBER 1, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| | not provide a timeframe for when the exhibit or email was sent and thus the witness's response that he does not remember may appear evasive to the jury. | | |
| 17:19-21 | **Relevance / Prejudice / Legal Counsel / Ultimate Issue / Assumes Fact Not in Evidence.** Counsel's question/statement ("Do you know what a trademark is, like for example, the company name Sinco") calls for an improper legal conclusion and usurps the jury's role to answer the ultimate legal question whether Plaintiff's trademark was infringed upon. | | |
| 19:1-23:24 | **Relevance / Prejudicial / FRE 408.** 23:10-20 reference settlement conferences that occurred between the parties. The fact that the parties entered into discussions may suggest to the jury that Plaintiff's allegations have merit and thus this testimony should be omitted. | | |
| 21:15-22:14 | | | |
| 22:15-23:20 | **Relevance / Prejudicial / FRE 408.** 23:10-20 reference settlement conferences that occurred between the parties. The fact that the parties entered into discussions may suggest to the jury that Plaintiff's allegations have merit and thus this | | |

24

| DEPOSITION OF DEQIANG LIU, TAKEN NOVEMBER 1, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| | testimony should be omitted. | | |
| 24:19-26:3 | Fed. R. Evid. 106 | 26:11-14 | |
| 38:2-15 | | | |
| 38:16-39:12 | **Relevance / Prejudicial / Non-responsive / Hearsay.** 38:16-39:6 does not contain any answers by the sworn witness; rather it is comprised of the unsworn statements of the two attorneys and thus these out-of-court statements do not constitute evidence and should be omitted. | 39:13-17. | |
| 43:15-44:6 | Fed. R. Evid. 106 | 44:7-18 | |
| 47:2-5 | Fed. R. Evid. 106 | 46:3-48:14 | |
| 48:15-50:6 | **Non-responsive / Irrelevant / Prejudicial / Assumes facts not in evidence.** 50:5-6 is a question by counsel that the witness did not answer; counsel failed to follow up and moved on. Thus, his question should be omitted. | | |
| 51:11-52:25 | Fed. R. Evid. 106 | 50:23-52:25 | |
| 8:22-10:4 | **Lacks Foundation / Unfair Prejudice.** The designated testimony does not provide a timeframe for when the exhibit or email was sent and thus the witness's response that he does not remember may unfairly appear evasive to the jury. | | |

| DEPOSITION OF DEQIANG LIU, TAKEN NOVEMBER 1, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| | **Non-responsive / Irrelevant / Prejudicial / Assumes facts not in evidence.** 9:22-10:4 are questions and/or statements by the attorneys; the witness did not answer the question due to objections; the examining attorney failed to follow up despite the objection and chose to "take a step back" without obtaining an answer from the witness. Thus, 9:22-10:4 should be excluded. | | |
| 17:17-24 | **Relevance / Prejudice / Legal Counsel / Ultimate Issue / Assumes Fact Not in Evidence.** Counsel's question/statement ("Do you know what a trademark is, like for example, the company name Sinco" calls for an improper legal conclusion and usurps the jury's role to answer the ultimate legal question whether Plaintiff's trademark protected under law and infringed upon. The witness's understanding of what constitutes "intellectual property" or "patent" is irrelevant. | | |
| 19:14-20:7 | Fed. R. Evid. 106. The excerpted portion unfairly suggests that the witness is being evasive. | 19:12-21:13 | |
| 20:24-21:13 | | | |
| 21:14-22:14 | | | |

26

| DEPOSITION OF DEQIANG LIU, TAKEN NOVEMBER 1, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 22:15-24:15 | **Relevance / Prejudicial / FRE 408.** 23:10-20 reference settlement conferences that occurred between the parties. The fact that the parties entered into discussions may suggest to the jury that Plaintiff's allegations have merit and thus this testimony should be omitted. | | |
| 24:16-26:14 | | | |
| 27:23-29:18 | **Relevance / Prejudicial.** The witness's home address and his initial hesitation to provide his home address is irrelevant to trademark infringement; moreover, the evidence's probative value is substantially outweighed by unfair prejudice. | | |
| 38:1-39:17 | **Relevance / Prejudicial / Non-responsive / Hearsay.** 38:16-39:6 does not contain any answers by the sworn witness; rather it is comprised of the unsworn statements of the two attorneys and thus these out-of-court statements do not constitute evidence and should be omitted. | | |
| 40:25-45:6 | | | |
| 44:7-18 | | | |
| 46:3-15 | | | |
| 47:2-5 | Fed. R. Evid. 106 | 46:3-48:14 | |

27

| DEPOSITION OF DEQIANG LIU, TAKEN NOVEMBER 1, 2019 | | | |
|---|---|---|---|
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| 48:15-50:6 | **Non-responsive / Irrelevant / Prejudicial / Assumes facts not in evidence.** 50:5-6 is a question by counsel that the witness did not answer; counsel failed to follow up and moved on. Thus, his question should be omitted. | | |
| 51:11-52:25 | Fed. R. Evid. 106 | 50:23-52:25 | |
| 52:1-53:2 | | | |
| 53:3-15 | | | |
| 53:25-54:17 | | | |
| 54:1-58:20 | **Non-responsive / Irrelevant / Prejudicial / Vague / Calls for Legal Conclusion.** In 54:18-55:16, counsel asks for the "English translation" for Xingke, which is a confusing question that resulted in an objection. This should be excluded. Mr. Wang's statement, "I'm totally confused" (55:13) and Mr. Gaitan's statement ("That's just my point. The confusion is that they sound so similar, right.") are unsworn statements that should be omitted under Fed. R. Evid. 403 and usurps the role of the jury. Mr. Gaitan's statement, "Just because there's so much confusion" (58:16-19) should also be excluded for the same reason. | | |
| 64:7-13 | **Calls for a legal conclusion / Relevance / Unfair Prejudice.** | | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC

| | | | |
|---|---|---|---|
| **DEPOSITION OF DEQIANG LIU, TAKEN NOVEMBER 1, 2019** | | | |
| *(Page and Line Numbers)* | | | |
| **PLAINTIFF'S DEPOSITION DESIGNATION** | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATIONS** | **OBJECTIONS TO COUNTER-DESIGNATIONS** |
| | Whether "SinCo" and "Xingke" sound similar in the witness's "individual capacity" and "not as an expert" goes beyond the testimony of a lay witness. | | |
| 64:17-65:17 | **Assumes facts not in evidence / Foundation.** The witness lacks personal knowledge as to how much Jinlong Equipment and Machinery acquired Dongguan for and thus counsel's out-of-court statement is being offered into evidence. Whether Xu Shugong offered to sell the company to Sinco for 200 million RMB is also facts not in evidence. | | |
| 67:1-5 | | 66:2-25; 69-73:17 | |
| 75:5-83:4 | | 66:2-25; 69-73:17 | |
| 87:4-88:17 | Fed. R. Evid. 106 | 88:17-91:9 | |
| 92:7-94:13 | **Assumes Facts Not in Evidence / Speculation / Lack of Personal Knowledge / Unfair Prejudice.** (93:11-16) Counsel's subjective feeling that he's "worried about that this individual" was confused and "that's why they transferred contracts over to Jinlong/SinCo DG" is irrelevant and unfairly prejudicial. It assumes that there was confusion and he is asking the witness to speculate. | | |

DEFS' RESPONSE TO PLT'S DEPOSITION DESIGNATIONS                    3:17-CV-05517-EMC