Sinco Technologies Pte Ltd. v. Sinco Electronics (Dongguan) Co. Ltd., *et al*

# APPENDIX A.1

## PARTIES' AGREED UPON JURY INSTRUCTIONS

**NDCA Case No. 3:17CV05517 EMC**

**ROPERS MAJESKI PC**
LAEL D. ANDARA (SBN 215416)
lael.andara@ropers.com
ROBIN M. PEARSON (SBN 146704)
robin.pearson@ropers.com
DANIEL E. GAITAN (SBN 326413)
daniel.gaitan@ropers.com
545 Middlefield Road, Suite 175
Menlo Park, CA 94025
Telephone: 650.364.8200

***Attorneys for Plaintiff***
SINCO TECHNOLOGIES PTE LTD

**WHGC, P.L.C.**
MICHAEL YORK (SBN 89945)
MichaelYork@WHGCLaw.com
JEFFREY C.P. WANG
JeffreyWang@WHGCLaw.com
KATHLEEN E. ALPARCE
KathleenAlparce@WHGCLaw.com
JESSICA A. CRABBE (SBN 263668)
JessicaCrabbe@WHGCLaw.com
130 l Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483

DOUGLAS A. WINTHROP (SBN 183532)
Douglas.Winthrop@arnoldporter.com
JEREMY T. KAMRAS (SBN 237377)
Jeremy.Kamras@arnoldporter.com
JOSEPH FARRIS (SBN 263405)
Joseph.Farris@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

***Attorneys for Defendants***
XINGKE ELECTRONICS (DONGGUAN) CO., LTD. Formerly known as SINCO ELECTRONICS (DONGGUAN) CO. LTD., MUI LIANG TJOA aka ML TJOA, NG CHER YONG aka CY NG, and LIEW YEW SOON aka MARK LIEW

ROPERS MAJESKI
A Professional Corporation
Redwood City

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SINCO TECHNOLOGIES PTE LTD,

Plaintiff,

v.

SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),

Defendants.

Case No. 3:17CV5517

**AGREED UPON JURY INSTRUCTIONS**

PRETRIAL HEARING
Date: October 2, 2021
Time: 2:30 p.m.
Place: Courtroom 5 – 17th Floor
Judge: Hon. Edward M. Chen

TRIAL DATE
November 1, 2021

## INDEX OF JURY INSTRUCTIONS

| | No. | Title | Authority |
|---|---|---|---|
| **PRELIMINARY JURY INSTRUCTIONS:** | | | |
| TRIAL PROCESS | 1. | DUTY OF JURY | Manual of Model Civil Jury Instructions Ninth Circuit (last updated June 2021) ("MODEL INSTRUCTION") **1.3**[1] |
| | 3. | BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE | MODEL INSTRUCTION **1.6**. |
| | 4. | BURDEN OF PROOF – CLEAR & CONVINCING EVIDENCE | MODEL INSTRUCTION **1.7**. |
| | 5. | WHAT IS EVIDENCE | MODEL INSTRUCTION **1.9**. |
| | 6. | WHAT IS NOT EVIDENCE | MODEL INSTRUCTION **1.10**. |
| | 7. | EVIDENCE FOR A LIMITED PURPOSE | MODEL INSTRUCTION **1.11**. |
| | 8. | DIRECT & CIRCUMSTANTIAL EVIDENCE | MODEL INSTRUCTION **1.12**. |
| | 9. | RULING ON OBJECTIONS | MODEL INSTRUCTION **1.13**. |
| | 10. | CREDIBILITY OF WITNESS | MODEL INSTRUCTION **1.14**. |
| | 12. | NO TRANSCRIPT AVAILABLE TO THE JURY | MODEL INSTRUCTION **1.17**. |
| | 13. | TAKING NOTES | MODEL INSTRUCTION **1.18**. |
| | 14. | BENCH CONFERENCES & RECESSES | MODEL INSTRUCTION **1.20**. |

[1] Judge Chen's Order states: "the Court shall give the following jury instructions from the Ninth Circuit Manual of Model Civil Jury Instructions (2017 ed.): 1.3-1.5, 1.9-1.15, 1.17-1.18, 1.20-1.21, 3.1-3.3, 3.5." [ECF 380 at 7:3-5.]



ROPERS MAJESKI A Professional Corporation Menlo Park

| | No. | Title | Authority |
|---|---|---|---|
| Trademark | 15. | Definition of Trade Name | Model Instruction 15.4. |
| | 19. | Trademark Registration | Model Instruction 15.1. |
| ***Instruction at End of Case*** | | | |
| Trial Process | 24. | Duty of Jury | Manual of Model Civil Jury Instructions Ninth Circuit (last updated June 2021) ("Model Instruction") 1.4 |
| | 25. | What is Evidence | Model Instruction 1.9. |
| | 26. | What is Not Evidence | Model Instruction 1.10. |
| | 27. | Direct & Circumstantial Evidence | Model Instruction 1.12. |
| | 28. | Burden of Proof – Preponderance of the Evidence | Model Instruction 1.6. |
| | 29. | Burden of Proof – Clear and Convincing | Model Instruction 1.7. |
| | 30. | Credibility of Witnesses | Model Instruction 1.14. |
| | 32. | Deposition in Lieu of Live Testimony | Model Instruction 2.4. *(modified)* |
| | 33. | Transcript of Recording in English | Model Instruction 2.5. |
| | 35. | Judicial Notice | Model Instruction 2.3. *(modified)* |
| | 36. | Use of Interrogatories | Model Instruction 2.11. |
| | 37. | Use of Request for Admission | Model Instruction 2.12. |
| | 38. | Expert Opinion | Model Instruction 2.13. *(modified)* |

ROPERS MAJESKI
A Professional Corporation
Menlo Park

| | No. | Title | Authority |
|---|---|---|---|
| | **50.** | **Trademark Dilution – Elements & Burden Of Proof** | Model Instruction **15.30.** *Levi Strauss & Co. V. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158 (9th Cir. 2011); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628 (9th Cir. 2011). . *(modified)* |
| | **52.** | **Trademark Dilution – Similarity** | Model Instruction **15.30.** *Levi Strauss & Co. V. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158 (9th Cir. 2011); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628 (9th Cir. 2011). *(modified)* |
| | **56.** | **Actual Or Statutory Notice** | Model Instruction **15.26.** |
| | **64.** | **Liability Of Corporations** | Model Instruction **4.2** |
| | | **Common Law Trademark Infringement** | Spy Optic, Inc. v. Alibaba.com, Inc., 163 F.Supp.3d 755, 768 (C.D. Cal. 2015); Kythera Biopharmaceuticals, Inc. v. Lithera, Inc., 998 F.Supp.2d 890, 897 (C.D. Cal. 2014); Grey v. Campbell Soup Co., 650 F.Supp. 1166, 1173 (C.D. Cal. 1986). |
| | | **False Designation Of Origin** | Brookfield Commc'ns, Inc., 174 F.3d at 1046, n. 6. |
| ***FINAL INSTRUCTIONS*** | | | |
| **Deliberation** | **66.** | **Duty To Deliberate** | Model Instruction **3.1** |
| | **67.** | **Consideration Of Evidence – Conduct Of The Jury** | Model Instruction **3.2** |
| | **68.** | **Communication With Court** | Model Instruction **3.3** |
| | **69.** | **Return Of Verdict** | Model Instruction **3.5** *(modified)* |

ROPERS MAJESKI
A Professional Corporation
Menlo Park

ROPERS MAJESKI
A Professional Corporation
Menlo Park

# I. PRELIMINARY INSTRUCTIONS

## — PRELIMINARY INSTRUCTION NO. 1 —

### DUTY OF JURY [2]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## — PRELIMINARY INSTRUCTION NO. 3 —

### BURDEN OF PROOF – PERPONDERANCE OF THE EVIDENCE [3]

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[2] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.3 DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES).

[3] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — PRELIMINARY INSTRUCTION NO. 4 —

### BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE [4]

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

## — PRELIMINARY INSTRUCTION NO. 5 —

### WHAT IS EVIDENCE [5]

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

[4] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.7 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE.

[5] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.9 WHAT IS EVIDENCE.

## — PRELIMINARY INSTRUCTION NO. 6 —

### WHAT IS NOT EVIDENCE[6]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[6] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.10 WHAT IS NOT EVIDENCE.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — PRELIMINARY INSTRUCTION NO. 7 —

### EVIDENCE FOR LIMITED PURPOSE [7]

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## — PRELIMINARY INSTRUCTION NO. 8 —

### DIRECT & CIRCUMSTANTIAL EVIDENCE[8]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

[7] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.11 EVIDENCE FOR LIMITED PURPOSE.

[8] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — PRELIMINARY INSTRUCTION NO. 9 —

### RULING ON OBJECTIONS[9]

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

[9] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.13 RULING ON OBJECTIONS.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — PRELIMINARY INSTRUCTION NO. 10 —

### CREDIBILITY OF WITNESSES [10]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

---

[10] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.14 CREDIBILITY OF WITNESSES.

## — PRELIMINARY INSTRUCTION NO. 12 —

### NO TRANSCRIPT AVAILABLE TO THE JURY [11]

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

## — PRELIMINARY INSTRUCTION NO. 13 —

### TAKING NOTES [12]

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

[11] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.17 NO TRANSCRIPT AVAILABLE TO THE JURY.

[12] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.18 TAKING NOTES.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — PRELIMINARY INSTRUCTION NO. 14 —

### BENCH CONFERENCES & RECESSES[13]

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## — PRELIMINARY INSTRUCTION NO. 15 —

### DEFINITION OF TRADE NAME[14]

A trade name is any word or words, a symbol, or combination of words and symbol, used by a person to identify that person's business and to distinguish it from the business of others. A trade name symbolizes the reputation of a person's business as a whole. By comparison, a trademark identifies a person's goods.

Any person who uses the trade name of another may be liable for damages.

If a person owns a trade name, then that person has the exclusive right to use the name or to control the use of confusingly similar variations of the name by others in the market.

[13] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.20 BENCH CONFERENCES & RECESSES.

[14] Ninth Circuit Model Instruction 15. TRADEMARK, Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) – Nos. 15.4 DEFENITION OF TRADE NAME.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — PRELIMINARY INSTRUCTION NO. 19 —

### TRADEMARK REGISTRATION[15]

After the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office *or counsel may refer to it as the USPTO*. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark or a similar mark that is likely to cause confusion in the marketplace in connection with the type of goods specified in the certificate. These presumptions in favor of the owner created by the certificate of registration can be overcome or rebutted only by certain types of evidence that I will describe to you later as appropriate.

## [END OF PRELIMINARY INSTRUCTIONS]

[15] Ninth Circuit Model Instruction 15. TRADEMARK, Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) – No. 15.1 PRELIMINARY INSTRUCTION—TRADEMARK-TRADEMARK REGISTRATION.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## II. INSTRUCTIONS AT END OF CASE

### — JURY INSTRUCTION NO. 24 —

### DUTY OF JURY[16]

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

*Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.*

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

---

[16] Ninth Circuit Manual of Model Civil Jury Instructions (last updated Dec. 2019) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.4 DUTY OF JURY (*court reads and provides written instructions at end of case*).

ROPERS MAJESKI A Professional Corporation Menlo Park

## — JURY INSTRUCTION NO. 25 —

### WHAT IS EVIDENCE[17]

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

[17] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.9 WHAT IS EVIDENCE.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — JURY INSTRUCTION NO. 26 —

### WHAT IS NOT EVIDENCE[18]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[18] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.10 WHAT IS NOT EVIDENCE.

## — JURY INSTRUCTION NO. 27 —

### DIRECT & CIRCUMSTANTIAL EVIDENCE [19]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## — JURY INSTRUCTION NO. 28 —

### BURDEN OF PROOF – PERPONDERANCE OF THE EVIDENCE[20]

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[19] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE.

[20] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — JURY INSTRUCTION NO. 29 —

**BURDEN OF PROOF – CLEAR & CONVINCING [21]**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.

This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

[21] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.7 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE.

## — JURY INSTRUCTION NO. 30 —

### CREDIBILITY OF WITNESSES[22]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

---

[22] Ninth Circuit Manual of Model Civil Jury Instructions (last updated Dec. 2019) Ninth Circuit Model Instruction 1. INSTRUCTIONS ON THE TRIAL PROCESS, subsection 1.14 CREDIBILITY OF WITNESSES.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — JURY INSTRUCTION NO. 32 —

### DEPOSITION IN LIEU OF LIVE TESTIMONY [23]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

## — JURY INSTRUCTION NO. 33 —

### TRANSCRIPT OF RECORDING IN ENGLISH [24]

You have heard a recording that has been received in evidence. Each of you was given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling. Now that the recording has been played, the transcript will be taken from you.

---

[23] Ninth Circuit Manual of Model Civil Jury Instructions (last updated Dec. 2019) Ninth Circuit Model Instruction 2. INSTRUCTIONS ON TYPES OF EVIDENCE, subsection 2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY. A declarant is unavailable when he "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or other reasonable means." Fed.R.Evid. 804(a)(5). Mr. Lim's residence in Singapore placed him outside of the court's subpoena power under Fed.R.Civ.P. 45, and he was thus unavailable pursuant to Fed.R.Civ.P. 32(a)(3), which permits deposition testimony where "the witness is at a greater distance than 100 miles from the place of trial or hearing." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1019 (9th Cir.2004). *(modified)*

[24] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 2. INSTRUCTIONS ON TYPES OF EVIDENCE, subsection 2.5 TRANSCRIPT OF RECORDING IN ENGLISH.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — JURY INSTRUCTION NO. 35 —

**JUDICIAL NOTICE** [25]

The court has decided to accept as proved the fact that *{Insert Description}*. You must accept this fact as true.

## — JURY INSTRUCTION NO. 36 —

**USE OF INTERROGATORIES** [26]

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## — JURY INSTRUCTION NO. 37 —

**USE OF REQUESTS FOR ADMISSION** [27]

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

---

[25] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 2. INSTRUCTIONS ON TYPES OF EVIDENCE, subsection 2.3 JUDICIAL NOTICE. *(modified)*

[26] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 2. INSTRUCTIONS ON TYPES OF EVIDENCE, subsection 2.11 USE OF INTERROGATORIES.

[27] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 2. INSTRUCTIONS ON TYPES OF EVIDENCE, subsection 2.12 USE OF REQUESTS FOR ADMISSION and See Fed. R. Civ. P. 36 ("A matter admitted under this rule is conclusively established.")

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — JURY INSTRUCTION NO. 38 —

### EXPERT OPINION[28]

You have heard testimony from *witnesses* who testified to opinions and the reasons for his *or* her opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

[28] Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) Ninth Circuit Model Instruction 2. INSTRUCTIONS ON TYPES OF EVIDENCE, subsection 2.13 EXPERT OPINION. *(modified)*

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — JURY INSTRUCTION NO. 50 —

### TRADEMARK DILUTION – ELEMENTS & BURDEN OF PROOF [29]

In this case, *SinCo Technologies* contends *XingKe* has diluted *SinCo Technologies' trademark*. "Dilution" means a lessening of the capacity of a famous mark to identify and distinguish goods or services, regardless of the presence of absence of competition, actual or likely confusion, mistake, deception, or economic injury.

To prove this claim, *SinCo Technologies* has the burden of proving by a preponderance of the evidence the following elements:

1. that it is the owner of a trademark that is famous;
2. that the famous mark is distinctive, either inherently or through acquired distinctiveness;
3. that *XingKe* is making use of an identical or nearly identical trademark, in this case the *SinCo* mark;
4. that *XingKe's* use of its *SinCo* design began after *SinCo Technologies'* trademark became famous; and
5. that *XingKe*'s use of its trademark is likely to cause dilution by blurring of *SinCo Technologies' trademark.*

[29] Ninth Circuit Model Instruction 15. TRADEMARK, Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) – No. 15.30 TRADEMARK DILUTION. *Levi Strauss & Co. V. Abercrombie & Fitch Trading Co.,* 633 F.3d 1158 (9th Cir. 2011); *Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628 (9th Cir. 2011). *(modified)*

## — JURY INSTRUCTION NO. 52 —

**TRADEMARK DILUTION – SIMILARITY** [30]

In determining the degree of similarity between *XingKe*'s mark and *SinCo Technologies'* mark, you should consider whether *SinCo Technologies'* mark and *XingKe*'s mark are used on competing goods and services and whether the marks are identical, or nearly identical, to one another. In order to be nearly identical, the two marks must be similar enough that a significant segment of the target group of customers sees the two marks as essentially the same.

[30] Ninth Circuit Model Instruction 15. TRADEMARK, Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) – No. 15.30 TRADEMARK DILUTION. *Levi Strauss & Co. V. Abercrombie & Fitch Trading Co.,* 633 F.3d 1158 (9th Cir. 2011); *Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628 (9th Cir. 2011). *(modified)*

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — JURY INSTRUCTION NO. 56 —

### ACTUAL OR STATUTORY NOTICE [31]

In order for plaintiff to recover damages, the plaintiff has the burden of proving by a preponderance of the evidence that defendant had either statutory or actual notice that the plaintiff's the trademark was registered.

Defendants had statutory notice if:

1. plaintiff displayed the trademark with the words "Registered in U.S. Patent and Trademark Office" or
2. plaintiff displayed the trademark with the words "Reg. U.S. Pat. & Tm. Off." or
3. plaintiff displayed the trademark with the letter R enclosed within a circle, thus ®.

## — FINAL INSTRUCTION NO. 64 —

### LIABILITY OF CORPORATION [32]

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers.

[31] Ninth Circuit Model Instruction 15. TRADEMARK, Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) – No. 15.26 TRADEMARK DAMAGES—ACTUAL OR STATUTORY NOTICE (15 U.S.C. § 1111).

[32] Ninth Circuit Model Instruction 4. AGENCY, Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) – No. 4.2 LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — FINAL INSTRUCTION NO. __ —

### COMMON LAW TRADEMARK INFRINGEMENT[33]

Plaintiff SinCo Singapore has brought a claim for common law trademark infringement.

The test for infringement of a common law trademark is the same as the test for infringement of a federally registered mark.

## — FINAL INSTRUCTION NO. __ —

### FALSE DESIGNATION OF ORIGIN[34]

The plaintiff has brought a claim for false designation of origin pursuant to 15 U.S.C. § 1125. Such a claim requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114, which I explained to you earlier.

[**END OF JURY INSTRUCTIONS-** *FOLLOWED BY CLOSING ARGUMENTS*]

---

[33] CITATION: Spy Optic, Inc. v. Alibaba.com, Inc., 163 F.Supp.3d 755, 768 (C.D. Cal. 2015); Kythera Biopharmaceuticals, Inc. v. Lithera, Inc., 998 F.Supp.2d 890, 897 (C.D. Cal. 2014); Grey v. Campbell Soup Co., 650 F.Supp. 1166, 1173 (C.D. Cal. 1986).

[34] CITATION: Brookfield Commc'ns, Inc., 174 F.3d at 1046, n. 6.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## III. FINAL INSTRUCTIONS

### — FINAL INSTRUCTION NO. 66 —

### DUTY TO DELIBERATE [35]

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

[35] Ninth Circuit Model Instruction 3. INSTRUCTIONS CONCERNING DELIBERATIONS, Ninth Circuit Manual of Model Civil Jury Instructions (last updated Dec. 2019) – No. 3.1 DUTY TO DELIBERATE.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

## — FINAL INSTRUCTION NO. 67 —

### CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY [36]

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—

[36] Ninth Circuit Model Instruction 3. INSTRUCTIONS CONCERNING DELIBERATIONS, Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) – No. 3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY.

including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

ROPERS MAJESKI
A Professional Corporation
Menlo Park

ROPERS MAJESKI
A Professional Corporation
Redwood City

## — FINAL INSTRUCTION NO. 68 —

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.

If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## — FINAL INSTRUCTION NO. 69 —

### RETURN OF VERDICT [37]

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

*I will now give you several sets of the instructions and verdict form, as well as the exhibits that have been admitted into evidence. I direct the jury to commence their deliberations.*

[37] Ninth Circuit Model Instruction 3. INSTRUCTIONS CONCERNING DELIBERATIONS, Ninth Circuit Manual of Model Civil Jury Instructions (last updated June 2021) – No. 3.5 RETURN OF VERDICT. *(modified)*

ROPERS MAJESKI
A Professional Corporation
Redwood City