DOUGLAS A. WINTHROP (SBN 183532)
Douglas.Winthrop@arnoldporter.com
JEREMY T. KAMRAS (SBN 237377)
Jeremy.Kamras@arnoldporter.com
JOSEPH FARRIS (SBN 263405)
Joseph.Farris@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
Jessica A. Crabbe (SBN. 263668)
*JessicaCrabbe@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

*Attorneys for Defendants* XINGKE
ELECTRONICS (DONGGUAN) CO., LTD.,
formerly known as SINCO ELECTRONICS
(DONGGUAN) CO., LTD., LIEW YEW SOON
aka, MARK LIEW, NG CHER YONG. aka CY
NG, and MUI LIANG TJOA aka ML TJOA

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual), | Case No. 3:17-CV-05517-EMC <br><br> Action Filed: September 22, 2017 <br><br> **DEFENDANTS' AMENDED TRIAL WITNESS LIST** <br><br> Date:  October 5, 2021 <br> Time:  2:30 p.m. <br> Place:  Courtroom 5, 17th Floor <br><br> **Judge: Honorable Edward M. Chen** <br><br> **Trial:  November 1, 2021** |

Pursuant to the Court's September 28, 2021 Order (ECF 438), Defendants provide this amended list of witnesses for trial.  For the Court's convenience, attached hereto as Exhibit A is a redline reflecting all changes.

In addition to the substantive testimony generally described below, each witness may also testify on evidentiary issues concerning trial exhibits absent agreements between the parties on admissibility of trial exhibits.  Defendants reserve the right to call a witness for any reason that makes his or her testimony necessary, including but not limited to if Plaintiff will not stipulate to the authenticity and/or admissibility of documents.  Defendants also reserve the right to name additional witnesses if Plaintiff will not stipulate to the authenticity and/or admissibility of documents.

Defendants also reserve the right to supplement this witness list both during the Court's pretrial process and through and including at trial.  Defendants make the following disclosures subject to and without waiving any and all privileges and protections (including the attorney-client privilege and work product doctrine), and the right to supplement, amend, or otherwise modify these disclosures, and preserving any and all objections to the admissibility of particular information.  Defendants will meet-and-confer with Plaintiffs to discuss an agreed time to exchange time estimates for the parties' respective witnesses.

| Witness | Substance of Testimony | Time Estimate |
|---|---|---|
| CY Ng (Defendant) | Ng is a Defendant and a senior engineer at XingKe. Ng was hired at XingKe's predecessor in 2003 and will testify that he was an employee of XingKe and not Plaintiff at all relevant times.  He will describe how XingKe used the term "SinCo" over the years since 2003 before the company changed its name in 2017 and how the company interacted with Plaintiff during that time, including with respect to customers. | 2 hours (Backup translator only) |
| Mark Liew (Defendant) | Ng is a Defendant and a senior engineer at XingKe, reporting up directly to CY Ng.  Liew was hired at XingKe's predecessor in 2013 (after previously working at the company from 2006-2012) and will testify that he was an employee of XingKe and not | 2 hours |

| | | |
|---|---|---|
| | Plaintiff at all relevant times.  He will describe how XingKe used the term "SinCo" over the years since X before the company changed its name in 2017 and how the company interacted with Plaintiff during that time, including with respect to customers. | (Backup translator only) |
| Mui Liang ("ML") Tjoa (Defendant) | Tjoa is a Defendant and the former CEO of Jinlong Electronics & Machinery Co. Ltd. ("Jinlong").  Tjoa will testify about how Jinlong acquired XingKe in 2016 and 2017 via a series of transactions and how he helped XingKe develop business with respect to customers.  He will describe how he directed the XingKe to change its name in early 2017. | 2 hours (Backup translator only) |
| Deqiang Liu | Liu is an employee of XingKe and is the general manager.  Liu was hired at XingKe's predecessor in 2001 and will testify that he was an employee of XingKe and not Plaintiff at all relevant times. He will describe the history and general business of XingKe, how XingKe used the term "SinCo" over the years before the company changed its name in 2017, and how the company interacted with Plaintiff during that time, including with respect to customers. | 1 hour (Translator) |
| Jerry Yang Da Rui | Yang is an employee of Xingke in the engineering department since 2015 that SinCo SG alleges was an "embedded" employee.  Yang will testify that he was an employee of XingKe and not Plaintiff at all relevant times.  Yang will also testify about the business relationship with SinCo SG, including his interactions with Liew and Ng, and with respect to customers. | .5 hours (Translator) |
| Gouki Gao | Gao is an employee of Xingke since 2009.  Gao will testify about the business relationship with SinCo SG, including his interactions with Liew and Ng and with respect to customers. | .75 hours (Translator) |
| Andy Lim and/or Allison Chen (Google) | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | .5 hours |
| Paul Carter (Apple) | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | .5 hours |

DEFENDANTS' AMENDED TRIAL WITNESS LIST          3:17-CV-05517-EMC

| Hank Kahrs (Expert) | Kahrs is Defendants' rebuttal damages expert. As set forth in detail in his expert report dated January 30, 2020, and further articulated in his deposition, both incorporated herein, Kahrs will critique each of the opinions advanced by Plaintiff's damages expert Alan Cox.<br><br>Lost Profits. Kahrs will testify that Cox's analysis regarding lost sales fails to consider evidence that customers were not confused by the alleged trademark infringement; that Cox likewise fails to consider other factors that may have resulted in decreased revenue; that Cox fails to calculate alleged lost profits by customer; and that in any event, Cox's regression analysis on which he predicates his calculation is itself flawed in multiple regards, including reliance on outlier data that distorts the underlying trend in the sales data and the unsupported assumption that fourth quarter sales typically increase.<br><br>As for Cox's analyses regarding increased costs allegedly resulting in lost profits, Kahrs will testify that Cox's analysis is unsubstantiated by detailed analysis of costs, and therefore is not tailored to costs that are incremental or otherwise related to the trademark infringement; that Cox fails to account for inflation and other changes in prices that affect overhead or costs of goods sold; and that in any event, Cox fails to consider that any decrease in margins resulting from Defendants' decision no longer to supply Plaintiff is not related to any claimed trademark infringement.<br><br>Unjust Enrichment. Cox estimates unjust enrichment by comparing the value of two transactions in which Defendant XingKe was sold, and ascribing the difference in value ($100 million) as related to trademark infringement. Kahrs will testify that this analysis is simplistic and flawed, including because it fails to consider IRS guidance on the proper factors to consider in the valuation of a business interest, including the motivations of the different buyers and sellers, and the fact that each of the buyers was differently situated and therefore differently positioned to extract (and therefore ascribe) value to XingKe. Further, as with Cox's other analyses, Kahrs will testify that Cox fails to | 2.5 hours |

DEFENDANTS' AMENDED TRIAL WITNESS LIST                    3:17-CV-05517-EMC

| | consider the extent to which value is properly ascribed to non-infringing activity.<br><br>Disgorgement.  Kahrs will testify that, as with Cox's other analyses, Cox fails to consider the extent to which revenue is properly ascribed to non-infringing activity. | |
|---|---|---|
| **Total Time** | | 11.75 hours |

Dated:  October 1, 2021.                    ARNOLD & PORTER KAYE SCHOLER LLP


                                            By:   /s/ Douglas A. Winthrop
                                                  DOUGLAS A. WINTHROP

                                                  *Attorneys for Defendants*
                                                  XINGKE ELECTRONICS (DONGGUAN) CO.,
                                                  LTD., formerly known as SINCO
                                                  ELECTRONICS (DONGGUAN) CO., LTD.,
                                                  LIEW YEW SOON aka, MARK LIEW, NG
                                                  CHER YONG. aka CY NG, and MUI LIANG
                                                  TJOA aka ML TJOA

DEFENDANTS' AMENDED TRIAL WITNESS LIST                    3:17-CV-05517-EMC

1

CERTIFICATE OF SERVICE

2

I hereby certify that all counsel of record who are deemed to have consented to electronic

3

service are being served a copy of the foregoing DEFENDANTS' AMENDED TRIAL WITNESS

4

LIST via the Court's ECF system on October 1, 2021.

5

*/s/ Douglas A. Winthrop*

6

DOUGLAS A. WINTHROP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' AMENDED TRIAL WITNESS LIST                    3:17-CV-05517-EMC

# Exhibit A

DOUGLAS A. WINTHROP (SBN 183532)
Douglas.Winthrop@arnoldporter.com
JEREMY T. KAMRAS (SBN 237377)
Jeremy.Kamras@arnoldporter.com
JOSEPH FARRIS (SBN 263405)
Joseph.Farris@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
Jessica A. Crabbe (SBN. 263668)
*JessicaCrabbe@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

*Attorneys for Defendants* XINGKE
ELECTRONICS (DONGGUAN) CO., LTD.,
formerly known as SINCO ELECTRONICS
(DONGGUAN) CO., LTD., LIEW YEW SOON
aka, MARK LIEW, NG CHER YONG. aka CY
NG, and MUI LIANG TJOA aka ML TJOA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual), | Case No. 3:17-CV-05517-EMC <br><br> Action Filed: September 22, 2017 <br><br> **DEFENDANTS' AMENDED** TRIAL WITNESS LIST **[EXCHANGE VERSION]** <br><br> Date:  October 5, 2021 <br> Time:  2:30 p.m. <br> Place:  Courtroom 5, 17th Floor <br><br> **Judge:Honorable Edward M. Chen** <br><br> **Trial:  November 1, 2021** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' AMENDED TRIAL WITNESS LIST

3:17-CV-05517-EMC

Pursuant to the ~~parties' schedule for pretrial exchanges~~Court's September 28, 2021 Order (ECF 438), Defendants provide this amended list of witnesses for trial.  For the Court's convenience, attached hereto as Exhibit A is a redline reflecting all changes.

In addition to the substantive testimony generally described below, each witness may also testify on evidentiary issues concerning trial exhibits absent agreements between the parties on admissibility of trial exhibits.  Defendants reserve the right to call a witness for any reason that makes his or her testimony necessary, including but not limited to if Plaintiff will not stipulate to the authenticity and/or admissibility of documents.  Defendants also reserve the right to name additional witnesses if Plaintiff will not stipulate to the authenticity and/or admissibility of documents.

Defendants also reserve the right to supplement this witness list both during the Court's pretrial process and through and including at trial.  Defendants make the following disclosures subject to and without waiving any and all privileges and protections (including the attorney-client privilege and work product doctrine), and the right to supplement, amend, or otherwise modify these disclosures, and preserving any and all objections to the admissibility of particular information.  Defendants will meet-and-confer with Plaintiffs to discuss an agreed time to exchange time estimates for the parties' respective witnesses.

| Witness | Substance of Testimony | Time Estimate |
|---|---|---|
| CY Ng (Defendant) | Ng is a Defendant and a senior engineer at XingKe. Ng was hired at XingKe's predecessor in 2003 and will testify that he was an employee of XingKe and not Plaintiff at all relevant times.  He will describe how XingKe used the term "SinCo" over the years since 2003 before the company changed its name in 2017 and how the company interacted with Plaintiff during that time, including with respect to customers. | ~~3~~2 hours (~~No~~Backup translator only) |
| Mark Liew (Defendant) | Ng is a Defendant and a senior engineer at XingKe, reporting up directly to CY Ng.  Liew was hired at XingKe's predecessor in 2013 (after previously working at the company from 2006-2012) and will | ~~3~~2 hours |

3

| | | | |
|---|---|---|---|
| | testify that he was an employee of XingKe and not Plaintiff at all relevant times.  He will describe how XingKe used the term "SinCo" over the years since X before the company changed its name in 2017 and how the company interacted with Plaintiff during that time, including with respect to customers. | (~~No~~Backup translator only) |
| Mui Liang ("ML") Tjoa (Defendant) | Tjoa is a Defendant and the former CEO of Jinlong Electronics & Machinery Co. Ltd. ("Jinlong").  Tjoa will testify about how Jinlong acquired XingKe in 2016 and 2017 via a series of transactions and how he helped XingKe develop business with respect to customers.  He will describe how he directed the XingKe to change its name in early 2017. | ~~3~~2 hours (~~No~~Backup translator only) |
| Deqiang Liu | Liu is an employee of XingKe and is the general manager.  Liu was hired at XingKe's predecessor in 2001 and will testify that he was an employee of XingKe and not Plaintiff at all relevant times. He will describe the history and general business of XingKe, how XingKe used the term "SinCo" over the years before the company changed its name in 2017, and how the company interacted with Plaintiff during that time, including with respect to customers. | ~~1.5-2 hours~~ 1 hour (Translator) |
| Jerry Yang Da Rui | Yang is an employee of Xingke in the engineering department since 2015 that SinCo SG alleges was an "embedded" employee.  Yang will testify that he was an employee of XingKe and not Plaintiff at all relevant times.  Yang will also testify about the business relationship with SinCo SG, including his interactions with Liew and Ng, and with respect to customers. | ~~1 hour.~~5 hours (Translator) |
| Gouki Gao | Gao is an employee of Xingke since 2009.  Gao will testify about the business relationship with SinCo SG, including his interactions with Liew and Ng and with respect to customers. | ~~1 hour.~~75 hours (Translator) |
| Andy Lim and/or ~~other unknown third party~~ Allison Chen (Google ~~employees)~~ | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | .5 hours~~.~~ |

4

| | | |
|---|---|---|
| ~~Gabriel G. Khouri and/or other unknown third party Intel employees~~ | ~~Whether or not customer was confused as to source of good as being from Plaintiff or XingKe.~~ | ~~.5 hours.~~ |
| ~~Nick Guyot,~~ Paul Carter~~, and/or other unknown third party~~ (Apple ~~employees~~) | Whether or not customer was confused as to source of good as being from Plaintiff or XingKe. | .5 hours~~.~~ |
| ~~Unknown third party Swiftronic employee~~ | ~~Whether or not customer was confused as to source of good as being from Plaintiff or XingKe.~~ | ~~.5 hours~~ |
| ~~Unknown third party Bose employee~~ | ~~Whether or not customer was confused as to source of good as being from Plaintiff or XingKe.~~ | ~~.5 hours~~ |
| Hank Kahrs (Expert) | Kahrs is Defendants' rebuttal damages expert.  As set forth in detail in his expert report dated January 30, 2020, and further articulated in his deposition, both incorporated herein, Kahrs will critique each of the opinions advanced by Plaintiff's damages expert Alan Cox.<br><br>Lost Profits.  Kahrs will testify that Cox's analysis regarding lost sales fails to consider evidence that customers were not confused by the alleged trademark infringement; that Cox likewise fails to consider other factors that may have resulted in decreased revenue; that Cox fails to calculate alleged lost profits by customer; and that in any event, Cox's regression analysis on which he predicates his calculation is itself flawed in multiple regards, including reliance on outlier data that distorts the underlying trend in the sales data and the unsupported assumption that fourth quarter sales typically increase.<br><br>As for Cox's analyses regarding increased costs allegedly resulting in lost profits, Kahrs will testify that Cox's analysis is unsubstantiated by detailed | ~~4~~2.5 hours |

5

| | | |
|---|---|---|
| | analysis of costs, and therefore is not tailored to costs that are incremental or otherwise related to the trademark infringement; that Cox fails to account for inflation and other changes in prices that affect overhead or costs of goods sold; and that in any event, Cox fails to consider that any decrease in margins resulting from Defendants' decision no longer to supply Plaintiff is not related to any claimed trademark infringement.<br><br>Unjust Enrichment.  Cox estimates unjust enrichment by comparing the value of two transactions in which Defendant XingKe was sold, and ascribing the difference in value ($100 million) as related to trademark infringement.  Kahrs will testify that this analysis is simplistic and flawed, including because it fails to consider IRS guidance on the proper factors to consider in the valuation of a business interest, including the motivations of the different buyers and sellers, and the fact that each of the buyers was differently situated and therefore differently positioned to extract (and therefore ascribe) value to XingKe.  Further, as with Cox's other analyses, Kahrs will testify that Cox fails to consider the extent to which value is properly ascribed to non-infringing activity.<br><br>Disgorgement.  Kahrs will testify that, as with Cox's other analyses, Cox fails to consider the extent to which revenue is properly ascribed to non-infringing activity. | |
| Total Time | | 11.75 hours |

Dated: ~~September 8~~October 1, 2021.          ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ *Douglas A. Winthrop*
DOUGLAS A. WINTHROP

*Attorneys for Defendants*
XINGKE ELECTRONICS (DONGGUAN) CO., LTD., formerly known as SINCO ELECTRONICS (DONGGUAN) CO., LTD., LIEW YEW SOON aka, MARK LIEW, NG

6

DEFENDANTS' AMENDED TRIAL WITNESS LIST

3:17-CV-05517-EMC

CHER YONG. aka CY NG, and MUI LIANG TJOA aka ML TJOA

DEFENDANTS' AMENDED TRIAL WITNESS LIST

3:17-CV-05517-EMC

CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served a copy of the foregoing DEFENDANTS' AMENDED TRIAL WITNESS LIST [EXCHANGE] via email on September 8October 1, 2021.

/s/
_____

DEFENDANTS' AMENDED TRIAL WITNESS LIST
3:17-CV-05517-EMC