UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br><br> Plaintiff, <br><br> v. <br><br> SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., <br><br> Defendants. | Case No. 17-cv-05517-EMC <br><br> **ORDER DIRECTING PARTIES TO MEET AND CONFER RE JURY INSTRUCTIONS** |

Taking into account the discussions at the Final Pretrial Conference, which helped put a focus on the critical issues in this case for trial, the Court hereby orders the parties to meet and confer to discuss whether the jury instructions should be modified or refined on the following matters.

*Trademark v. trade name.* Given the underlying facts, this case seems to be more of a trade name infringement case (*i.e.*, false designation of original) rather than a trademark infringement case. Indeed, SinCo has repeatedly framed this case as XingKe passing itself off as SinCo. As Defendants have conceded SinCo's ownership of the trademarks at issue and their validity, the fact of registration (which gives rise to a presumption of ownership and validity) is not particularly material here. Thus, does it make sense to instruct the jury on trade name infringement (*i.e.*, false designation of origin) rather than trademark infringement? *See generally Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1534 (9th Cir. 1989) (noting that "[t]he major legal distinction between trademarks and trade names is that trade names cannot be registered and therefore are not protected under § 1114 but infringement suit can be brought under § 1125").

*Initial interest confusion and causation.* "'Initial interest confusion is customer confusion that creates initial interest in a competitor's product. Although dispelled before an actual sale occurs, initial interest confusion impermissibly capitalizes on the goodwill associated with a mark and is therefore actionable trademark infringement.'" *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 946 (9th Cir. 2015). In the Ninth Circuit, the initial interest cases often involve the Internet but there is no apparent limitation to that context alone. *See* 4 McCarthy on Trademarks & Unfair Competition § 23:6 (noting that, "[i]n one of the first cases developing the initial interest confusion theory," there was a prospective buyer of an expensive piano). Whether there is initial interest confusion will turn on the facts of the case. Although even sophisticated consumers can be subject to initial interest confusion, sophistication can weigh against initial interest confusion. *Epic Sys. Corp. v. YourCareUniverse, Inc.*, 244 F. Supp. 3d 878 (W.D. Wis. 2017), is instructive. *See id.* at 902 (noting that the "purchasing decisions at issue in this case involve sophisticated consumers making expensive purchases often over a long period of time after acquiring much information" which "counsel against the possibility that initial interest confusion is at all likely"; but "the doctrine can apply to more expensive items and more sophisticated customers" and extended purchasing processes – although, in such circumstances, "the confusion lasted long enough to give the defendant some competitive advantage over the trademark owner, suggesting that there must be some basis from which to infer that the defendant has influenced a customer's decision to make a purchase"). The jury is likely to hear evidence about alleged initial confusion regarding the identity of the XingKe contacts (*i.e.*, were they representing SinCo?) as well as evidence that, at some point, they understood they were dealing with XingKe, not SinCo. What legal standard should the jury apply should it find there was some initial confusion but later clarification? Does it make sense to instruct specifically on initial interest confusion?

The parties shall meet and confer and submit a joint filing stating their positions by October 13, 2021. If the parties reach agreement on jury instructions addressing these matters, they should be included in the joint filing. If they cannot reach agreement, each party shall tender in the joint filing its own proposed instruction(s). The Court notes that, even if a party believes no

instruction(s) should be given, it should still include a proposed instruction should the Court conclude that one is necessary.

**IT IS SO ORDERED**.

Dated: October 8, 2021

_____
EDWARD M. CHEN
United States District Judge