LAEL D. ANDARA (SBN 215416)
ROPERS MAJESKI PC
545 Middlefield Road, Suite 175
Menlo Park, CA 94025
Telephone:    650.364.8200
Facsimile:    650.780.1701
Email:    lael.andara@ropers.com
Telephone:    650.364.8200

*Attorney for Plaintiff*
SINCO TECHNOLOGIES PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>　　　　　　Defendants. | Case No. 3:17CV5517<br><br>**PLAINTIFF SINCO TECHNOLOGIES PTE LTD'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 2 RE:  TO EXCLUDE EVIDENCE PRODUCED AFTER CLOSE OF DISCOVERY [436]**<br><br>TRIAL DATE<br>November 1, 2021 |

Pursuant to the Court's directive of **October 5, 2021** at the hearing on Motions *in Limine* in this matter, and the Court's Order of **October 8, 2021**, SINCO TECHNOLOGIES PTE LTD ("SINCO") submits its Supplemental Briefing in Support of SINCO's Motion in Limine ("MIL") No. 2 [ECF 436/503] to Exclude Evidence Produced After Close of Discovery. This inequitable application of the rules of discovery has indeed caused prejudice to SINCO who is limited to doing discovery in a vacuum as to the evidence Defendants' have cherry picked and sprung on SINCO weeks before trial.  SINCO reasonably although detrimentally relied on the Court's Orders cutting off discovery on

**January 9, 2020**, which led it to cease conducting discovery as to the claims in the Federal case.  [ECF 225/326]

## I. PROCEDURAL HISTORY OF DISCOVERY

Unknown to SINCO, Defendants impermissibly continued to conduct discovery in this action well beyond the discovery cut-off memorialized by their document production with Bates numbers DEFS-0257,890 and greater identified on their Trial Exhibit list.  The Defendants' have argued, and the Court has tentatively accepted, that the prior Orders and mandates of Federal Rule of Civil Procedure 26, are not a limit on discovery, provided that SINCO [1] can establish no prejudice.

SINCO has previously asserted prejudice by not being able to conduct reasonable discovery, in its initial MIL filed on **September 14, 2021** and again in the communication with the Court of **October 1, 2021**. See Declaration of Lael D. Andara ("*Andara Decl.*") of October 8, 2021 at **Exh. 5**. ("*Andy Lim is one of over a dozen Google employees that would have evidence of the interaction with the parties? (See Trial Exhibits 21-22; 31; 44-53; and 162-173) Defendants' cherry-picked the one witness who had a preexisting friendship with Defendant Tjoa.*" "*SinCo was surprised by Defendants' attempt to expand the scope of materials and witnesses not produced or disclosed before the discovery cut-off, and was unable to cross-examine or conduct discovery on the new materials.*")  For example, as to the Deposition of Google's employee Andy Lim, the Court allowed a truncated and incomplete deposition limited to two hours, which defendants will present to the Jury as evidence that all of Google's employees were not confused by Defendants' use of SINCO's trademarks.  *A review of the deposition would readily evidence SINCO was prejudiced by being unable to complete a full examination of this witness or the numerous other Google employees he referenced based on an inability to question the witness on the exhibits prepared or obtain documentation relating to the issues the witness identified.* Had this occurred during discovery SINCO would have had an

---

[1] The legal burden by precedent places the Burden on Defendants' to excuse their delay by establishing the violation was harmless and there was no delay to SINCO. See Defendants' Opp. to MIL No. 2 at 2:2-3 citing FRCP 37(c)(1).

4845-3197-1838.3

- 2 -

SUPPLEMENTAL BRIEF RE MIL#2
3:17CV5517

opportunity to obtain this information.

## II. DEFENDANTS' POST-DISCOVERY CUTOFF PRODUCTION OF DOCUMENTS AND WITNESSES SHOULD BE GRANTED BASED ON DEMONSTRATED PREJUDICE TO PLAINTIFF

### A. DEFENDANTS' HAVE NOT CARRIED THEIR BURDEN

The burden of proving that the untimely disclosure of evidence is substantially justified, or harmless or of no consequence to the other party, is **on the party facing sanctions** excluding the evidence. *Yeti by Molly, Ltd., v. Deckers Outdoor Corp.* 259 F. 3d 1101 at 1107 (2001) ("Implicit in Rule 37 (c)(1) is that the burden is on the party facing sanctions to prove harmlessness.") Defendants have failed to prove harmlessness and demonstrated at the Pretrial Conference that even during the deposition of Andy Lim and Alison Chen SINCO only received documents responses to written discovery in this case after the close of discovery, when deposition were no longer allowed. *Andara Decl.* **Exh. 3** at RFP Nos 2-14. It is no surprise that the very Google information at issue was the first information SINCO sought to obtain from XINGKE in discovery almost three years ago. If it had been produced this issue would be moot.

This production by ambush is highly prejudicial and again is one sided in that SINCO is prevented from doing any discovery to complete the picture or obtain other witnesses [2] or documents related to the information that Defendants' cherry picked for trial. Even if SINCO had realized that Defendants were circumventing the Court's Order denying the reopening of discovery, [ECF 326] discovery was closed in the Federal action and SINCO could not further investigate the full picture. SINCO is prejudiced where Defendants produce the documents helpful to their narrative of the case, and SINCO is prevented from conducting discovery on those issues to provide the full picture of the evidence for the Jury. In the scramble to conduct the

---

[2] The Court suggests that SINCO is free to obtain rebuttal witnesses from Google, which ignores Google's stated position to the Court on **September 27, 2021**, "*Non-party Google has already expended significant time to cooperate with plaintiffs and defendants in document production both in this matter and the state-court matter, and would prefer to minimize the distraction of any further involvement.*" *L. Andara Dec.*, **Exh. 4**.

Efforts to obtain information by SINCO from their Outside Counsel have been resisted (i.e. Alison Chen for example) where it stated, "*the Court should not require Ms. Chen also to sit for deposition long after discovery has closed.*" In short there is no way to address the prejudice or test the late produced documents by Defendants. *Id*.)

4845-3197-1838.3

- 3 -

SUPPLEMENTAL BRIEF RE MIL#2
3:17CV5517

1  deposition of Alison Chen, SINCO identified and found two documents evidencing confusion of
2  Ms. Chen as to the use of the SINCO mark as to XINGKE, but that was limited in time and
3  incomplete and SINCO was prevented from completing the deposition based on the truncated
4  two-hour limitation. Again, the prejudice to SINCO is evident from the deposition video of Ms.
5  Alison.³ Based on these new witness disclosures SINCO had identified 23 new documents,
6  marked for the depositions as Trial Exhibits 400-422, that will need to be amended to SINCO's
7  trial Exhibit list to provide even a partial view of the evidence at issue.

       **B.     UNDUE PREJUDICE TO SINCO; NO SUBSTANTIAL JUSTIFICATION**

9       The Court is to consider whether (1) Defendants have shown they are substantially
10 justified in conducting late discovery and disclosures; and (2) Plaintiff is unduly prejudiced. In
11 this case the Court has shifted the burden to SINCO to prove that Plaintiff is unduly burdened. A
12 party cannot introduce a document or witness as evidence while denying the opponent ***sufficient***
13 ***discovery with respect to the surrounding circumstances and substance of the document or***
14 ***witness testimony***.⁴ *Merisant Co. v. McNeil Nutritionals, LLC,* 242 F.R.D. 303, 311 (E.D.Pa.
15 2007) (denying motion in limine to exclude witness not identified in disclosures or discovery with
16 only one month prior to trial.) Admitting testimony of any of these unknown and potentially
17 numerous potential witnesses has substantially prejudiced Plaintiff since it did not have the
18 opportunity to depose them, or otherwise obtain discovery since they have not been identified
19 until the deposition of Any Lim, Alison Chen, and Paul Stuart. *Mendoza v. Intuitive Surgical,*
20 *Inc.*, [2021 WL 1910886] at *3. Discovery leads to Discovery. *In re Yates*, 2009 WL 6699680, at
21 *5 (Bankr. S.D. Cal. Nov. 17, 2009) Further, they were not timely disclosed as trial witnesses.

       **1.     DOCUMENTS**

23    Defendants contend that their reliance on certain untimely produced documents, that is,
24 "only 43 of 395 Exhibits," is substantially justified "in light of the parties' express agreement and
25 practice of sharing document production between [sic] these two actions," ignores the Court's

---

³ A further example of the different application of discovery rules between Defendants versus SINCO, is that Defendants' deposition of Meriam Paton had no truncated time limitation.
⁴ See SINCO's demonstrated prejudice as set forth in the email of **October 1, 2021**, prior to the depositions of the Google witnesses. *L. Andara Dec.*, **Exh. 5**.

4845-3197-1838.3

- 4 -

SUPPLEMENTAL BRIEF RE MIL#2
3:17CV5517

denial of their previous request to do just what they have done. *XingKe's Opposition to Plaintiff's MIL No. 2, 1: 9-16 and ECF 326*. Defendants dismiss Plaintiff's well-taken objection, and reliance on the Court's Order of **January 10, 2020** and FRCP 26 to belatedly produced documents since, according to Defendants, "[i]t is not unexpected that relevant documents would be produced in the State Action after the close of discovery here; nor would it be unfair to allow such documents to be used in this action." *Id*. *at 1: 16-18*. The argument that Plaintiff should "expect" and anticipate precisely what discovery in the State case might be used here is without merit and does not constitute substantial justification in the context of the federal Court's **January 10, 2020** Order denying the claim that Defendants' are making now. [ECF 326]

In a footnote, Defendants refer to the Second Amended Exhibit List filed **October 1, 2021** [ECF 495], Trial Exhibits 729, 828 - 838, 840 - 842, and 851-878. *XingKe's Opposition to Plaintiff's MIL No. 2, 1: 25, Fn. 1*. Exhibit 729 (p. 16 of 24) is an e-mail from Defendant XingKe/DG to Google regarding XingKe Company's Presentation, to be offered on the issue of XingKe-Google's relationship, and sponsored by witnesses and defendants Mark Liew and Cy Ng. This evidence is to be offered to show the nature, extent and propriety of any relationship XingKe had with Google, an issue at the heart of this litigation. Defendants have failed to articulate why this was not produced *prior to* **January 10, 2020**, where these documents were responsive to SINCO's Request for Production on Defendant XINGKE, served on **February 5, 2019**. *Andara Decl. Exh. 3* at RFP Nos 2-14. This is not conduct that should be rewarded.

Trial Exhibits 828 – 838 (p. 21 of 24) are documents not produced by Defendants until **September 9, 2021**, or eight (8) months after the close of discovery herein. *L. Andara Decl.*; **Exh. 1** [ECF 495]. These are Apple Company Supplier Lists for the years 2014 through 2020, [5] which again go straight to the issue of XingKe's alleged relationship with Apple as purportedly independent of any obligations to and contractual relationship with Plaintiff. Again, Defendants' have not explained why these were not produced timely during discovery.

---

[5] On the Exhibit List [495], Defendants have indicated that they have withdrawn Exhibits 828, 835 and 838(p. 21 of 24), yet in their Motion in Limine No. 2, inexplicably argue they wish to introduce these as "only 43 of 395 Exhibits." *XingKe's Opposition to Plaintiff's MIL No. 2, 1: 9-16*.

Similarly, of the untimely produced documents Defendants say they wish to introduce, Exhibits 840 – 842 (p. 22 of 24), and 851-878 (p. 22 of 24) are among them. *XingKe's Opposition to Plaintiff's MIL No. 2, 1: 25, Fn. 1*. [6] Exhibits 840 – 842 are Apple Supplier Codes of Conduct for 2016, 2015 and 2021. The deposition of Paul Carter, is objected to as to the scope of issues that SINCO was unable to conduct discovery, but as to Exhibit 831, SINCO has no objection based on the deposition testimony elicited on cross-examination by SINCO's counsel.[7] Exhibits 851 – 878 are XingKe Revenue Reports for alleged business with customers, also previously requested in discovery. [8] *Id.* There is no question that as to these documents, i.e., purported Presentation, Supplier Agreements and Revenue Reports from XingKe concerning its alleged independent relationships with these third parties, SINCO would have conducted pointed discovery but is now foreclosed from doing so. *L. Andara Declaration*.  There is a demonstrated lack of records as to XINGKE's sales information as identified in the Supplemental Report of Alan Cox, wherein XINGKE under reports the revenue SINCO paid it over several years.  This is clearly something where written discovery would have been conducted to determine the shortfall. That SINCO cannot conduct it is to SINCO's significant detriment. *L. Andara Declaration*.

  **2.** **PLAINTIFF WILL BE UNDULY PREJUDICED BY THE INHERENT INEQUITY OF PERMITTING DEFENDANTS AND/OR THEIR COUNSEL TO IGNORE DISCOVERY DEADLINES WITH IMPUNITY AND WITH NO DEMONSTRATED JUSTIFICATION WHILE PLAINTIFF HAS COMPLIED**

As discussed above, Defendants' failure to comply with the discovery cutoff deadlines in this action are not justified, explained or supported. To allow them to introduce evidence collected long after the discovery cutoff of **January 9, 2020**, when Plaintiff abiding in good faith by all of the Court's Orders, conducted none and cannot now do any as it would have assuredly done. Permitting Defendants to attempt an end-run around the Orders on the eve of trial to introduce such evidence is inherently inequitable and unduly prejudicial. *L. Andara Declaration*.

---

[6] Again, on Exhibit List [495], Defendants have also indicated they have withdrawn Exhibits 841, 842, and 845 (p. 22 of 24), however, in contradiction argue they plan to use these as Exhibits at trial. *Id.*

[7] Defendants' took the Apple deposition as SINCO did not Subpoena the customer.

[8] Exhibits 851 – 852 are XingKe Revenue Reports for alleged business with Apple, and other customers, offered on the issue of damages. Exhibits 853 – 878 are also XingKe Revenue Reports for other customers of SINCO but allegedly XingKe's. *L. Andara Decl.*; **Exh. 1** [ECF 495]

1    Based on their past attempts to lay blame elsewhere, it is anticipated that Defendants will
2    blame their previous [9] attorneys for failing to meet the critical deadlines, on which Plaintiff has
3    reasonably and in good faith relied and complied with in this case.  As Judge Spero concluded in
4    his Order of **September 3, 2019** sanctioning Defendants for their *repeated failures* in violation of
5    this Court's Protective Order [252], which he found to be in *bad faith*, Defendants are deemed
6    bound by the acts of their attorneys and are considered to have "notice "notice of all facts, notice
7    of which can be charged upon the attorney.'" *Link v. Wabash R. Co*., 370 U.S. 626, 633–34
8    (1962) (internal quotation and citation omitted). *L. Andara Decl*.**; Exhs. 2, 9: 17-28; 10: 1, 23-24**.
9    To permit Defendants to ignore discovery deadlines published on **June 13, 2019** [295], based
10   solely on a stipulation pertaining to discovery and motions, is manifestly and highly prejudicial to
11   Plaintiff's ability to try the case on an equal footing with discovery improperly adduced by
12   Defendants. Allowing a double standard [10] of discovery is in itself prejudice. *Andara Decl.* ¶8.

    **C.    SINCO'S COMPLETE INABILITY TO CURE PREJUDICE**

14   SINCO's hands are tied since discovery has closed and the truncated
15   discovery/depositions were substantially restricted in scope and time rendering the discovery of
16   these issues incomplete.  With trial set to proceed in less than 30 days on **November 1, 2021**, this
17   evidence should be excluded. The proximity to trial alone is sufficient for the Court to find
18   XingKe's late discovery responses and productions are without good cause and have resulted in
19   detrimental prejudice to SINCO's ability to fairly prosecute on its client's behalf an even-handed
20   trial.  SINCO is substantially prejudiced by the inherent inequity of permitting Defendants to
21   introduce discovery obtained after the discovery cutoff of **January 9, 2020,** and the Court's
22   denial of Defendants' Application to revise the Pretrial Order on **January 10, 2020** [326] on
23   which SINCO and its counsel reasonably relied and complied with.  SINCO and its counsel are
24   without any ability to cure that prejudice based on our good faith compliance with those Orders.

---

[9] This was the same basis for prejudice relied on by Defendants as to the identity theft of Miriam Paton, and the forged signature of Xu Shugong in Defendants' attempt to obtain the trademark rights (at issue in this case) before the USPTO by inequitable means, but Defendants claimed the fault on their agents. This conduct would be relevant to credibility.

[10] If Mr. Chee's pleading guilty is admissible as to credibility so to would be Mr. Liew's stipulation of contempt, as both criminal acts (convictions under FRE 609), as even the stipulation signed by Mr. Liew acknowledges he was subject to imprisonment.

4845-3197-1838.3

ROPERS MAJESKI
A Professional Corporation
Menlo Park

*L. Andara Dec.* ¶¶ 2 *and 8*.

### D. DEFENDANTS' FAILURE TO TIMELY COMPLY WITH ORDERS HIGHLY LIKELY TO DISRUPT TRIAL

"Disruption to the schedule of the court and other parties in that manner is not *harmless*. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). If Defendants are permitted to produce documents and testimony not timely produced, Plaintiff will be required to assert objections to these and any other belatedly produced discovery, which will be needlessly disruptive to the trial. The issue can and should be resolved at this stage.

### E. DEFENDANTS' WILLFULNESS, IF NOT BAD FAITH, IN REPEATEDLY IGNORING DEADLINES

Defendants are hard-pressed to argue that SINCO cannot be surprised or prejudiced by Xingke's untimely disclosed documents and witnesses since they "have always been known to all parties and … were formally disclosed by Defendants … in 2020." *XingKe's Opposition to Plaintiff's MIL No. 2, 1: 3-7.* If that is true, then Defendants could and should have been able to comply with this Court's Pretrial Orders and related discovery disclosure deadlines. Their untimely discovery, even assuming inadvertence or by excusable neglect – of which there is zero showing, provides them an unfair advantage and rewards being noncompliant during discovery. Tipping the scales in favor of the Defendants by an inequitable application of the discovery rules and this Court's Orders is disproportionately and materially prejudicial.

### III. CONCLUSION

SINCO respectfully renews the request to grant its Motion *in Limine* No. 2 precluding Defendants from introducing or utilizing documents with bates numbers beyond **DEFS_0257890**, Defendants' last production prior to the discovery cutoff, or calling witnesses who were not timely disclosed during the course of discovery, or in accordance with this Court's Scheduling Orders.

| | |
|---|---|
| Dated: October 8, 2021 | Respectfully submitted,<br><br>ROPERS MAJESKI PC<br><br><br>By:  */s/ Lael Andara*<br>     LAEL D. ANDARA<br>     Attorney for Plaintiff<br>     SINCO TECHNOLOGIES PTE LTD |