1  LAEL D. ANDARA (SBN 215416)
   ROPERS MAJESKI PC
2  545 Middlefield Road, Suite 175
   Menlo Park, CA 94025
3  Telephone:    650.364.8200
   Facsimile:     650.780.1701
4  Email:         lael.andara@ropers.com

5  Attorneys for Plaintiff
   SINCO TECHNOLOGIES PTE LTD
6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 SINCO TECHNOLOGIES PTE LTD,              Case No. 3:17CV5517

12            Plaintiff,                     **DECLARATION OF LAEL D.
                                             ANDARA IN SUPPORT OF**
13     v.                                    **PLAINTIFF SINCO TECHNOLOGIES
                                             PTE LTD'S SUPPLEMENTAL BRIEF**
14 SINCO ELECTRONICS (DONGGUAN) CO.,         **IN SUPPORT OF MOTION IN LIMINE**
   LTD.; XINGKE ELECTRONICS                  **NO. 2 TO EXCLUDE EVIDENCE**
15 (DONGGUAN) CO., LTD.; XINGKE              **PRODUCED AFTER CLOSE OF**
   ELECTRONICS TECHNOLOGY CO., LTD.;         **DISCOVERY [436]**
16 SINCOO ELECTRONICS TECHNOLOGY
   CO., LTD.; MUI LIANG TJOA (an             Trial Date:        11/01/2021
17 individual); NG CHER YONG aka CY NG (an   Date Action Filed: 9/22/2017
   individual); and LIEW YEW SOON aka
18 MARK LIEW (an individual),

19            Defendants.

20

21       I, Lael D. Andara, declare:

22       I am a partner in the law firm of Ropers Majeski PC, Counsel for Plaintiff SINCO

23 TECHNOLOGIES PTE LTD. ("SinCo") in this action. I am a member in good standing of the

24 California State Bar, New York State Bar, Montana State Bar and the District of Columbia.

25       I have personal knowledge of the facts stated herein and am familiar with the documents

26 referred to below.

27       1.      The parallel, Santa Clara County Superior Court Case No. 16CV301867, was filed

28 by SinCo against XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO

ROPERS
M A J E S K I

A Professional Corporation
Menlo Park

1   ELECTRONICS TECHNOLOGY CO., LTD ("XingKe"), on October 28, 2016 and designated

2   Complex ("State Action").

3       2.      In or about March 2021, in the State Action, the parties agreed that **documents**

4   and deposition testimony of **witnesses** produced in this action may be used in the State action,

5   and vice versa, subject to the Courts' fact discovery cut-off and trial related deadlines. The intent

6   and purpose of the agreement was to limit the time and associated costs, including those

7   associated with global travel, and expensive discovery. The agreement was never intended to

8   circumvent deadlines, but as a means to cooperate to minimize cost on the parties. Defendants

9   XingKe, et al confirmed the agreement in their letter dated **March 30, 2021** letter to the

10  Honorable James Ware (Ret.), the court appointed Discovery Referee in the State Action.

11      3.      Attached hereto as **Exhibit 1** is a true and correct copy of the parties' Second

12  Amended Exhibit List filed October 1, 2021 [495].

13      4.      Attached hereto as **Exhibit 2** is a true and correct copy of Judge Joseph C. Spero's

14  Order Granting in Part and Denying in Part Motion for Sanctions date **September 3, 2019** [252].

15      5.      Attached hereto as **Exhibit 3** is a true and correct copy of Defendant XINGKE

16  Electronics (DONGGUAN) Co's Response to Request for Document Production Set One, signed

17  on **March 7, 2019**.

18      6.      Attached hereto as **Exhibit 4** is a true and correct copy of the Joint email presented

19  to the Court on **September 27, 2021**, addressing the dispute as to the scope of deposition

20  testimony that SINCO could obtain as to Google employees.  Google's counsel stated, "the Court

21  should not require Ms. Chen also to sit for deposition *long after discovery has closed*."

22      7.      Attached hereto as **Exhibit 5** is a true and correct copy of the email presented to

23  the Court on **October 1, 2021**, addressing the dispute as to the scope of deposition testimony that

24  SINCO could obtain as to Google employees.

25

26

27

28

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

8.      My client will be substantially prejudiced by the inherent inequity of permitting Defendants to introduce discovery obtained after the discovery cutoff of **January 9, 2020,** and the Court's denial of Plaintiff's Application to revise the Pretrial Order on **January 10, 2020** [326] on which my client and I reasonably relied and complied with. My client is without ability to cure that prejudice based on our good faith compliance with those Orders.

Dated: October 8, 2021                    Respectfully submitted,

ROPERS MAJESKI PC

By:    */s/ Lael D. Andara*
       LAEL D. ANDARA
       Attorneys for Plaintiff
       SINCO TECHNOLOGIES PTE LTD

# EXHIBIT 1

1  DOUGLAS A. WINTHROP (SBN 183532)
   Douglas.Winthrop@arnoldporter.com
2  JEREMY T. KAMRAS (SBN 237377)
   Jeremy.Kamras@arnoldporter.com
3  JOSEPH FARRIS (SBN 263405)
   Joseph.Farris@arnoldporter.com
4  **ARNOLD & PORTER KAYE SCHOLER LLP**
5  Three Embarcadero Center, 10th Floor
   San Francisco, CA 94111-4024
6  Telephone: 415.471.3100
   Facsimile: 415.471.3400
7

**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
Jessica A. Crabbe (SBN. 263668)
*JessicaCrabbe@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

8  *Attorneys for Defendants* XINGKE ELECTRONICS
9  (DONGGUAN) CO., LTD., formerly known as
   SINCO ELECTRONICS (DONGGUAN) CO., LTD.,
10 LIEW YEW SOON aka, MARK LIEW, NG CHER
   YONG. aka CY NG, and MUI LIANG TJOA aka
11 ML TJOA

12

13              **UNITED STATES DISTRICT COURT**

14          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                  **SAN FRANCISCO DIVISION**

16

17 | SINCO TECHNOLOGIES PTE LTD.,

18 |         Plaintiff,

19 |     vs.

20 | SINCO ELECTRONICS (DONGGUAN) CO.,
   | LTD.; XINGKE ELECTRONICS
21 | (DONGGUAN) CO., LTD.; XINGKE
   | ELECTRONICS TECHNOLOGY CO., LTD.;
22 | SINCOO ELECTRONICS TECHNOLOGY CO.,
   | LTD.; MUI LIANG TJOA (an individual); NG
23 | CHER YONG aka CY NG (an individual); and
   | LIEW YEW SOON aka MARK LIEW (an
24 | individual),

25 |         Defendants.

Case No. 3:17-CV-05517-EMC

Action Filed: September 22, 2017

**SECOND AMENDED TRIAL EXHIBIT LIST**

Date:     October 5, 2021
Time:     2:30 p.m.
Place:    Courtroom 5, 17th Floor

**Judge: Honorable Edward M. Chen**

**Trial: November 1, 2021**

26

27

28

1    Pursuant to the Court's September 28, 2021 Order (ECF 438), Defendants provide this second

2  amended exhibit list for trial.

3    Defendants reserve the right to use any additional exhibits for purposes of impeachment.

4  Defendants further reserve the right to provide translated copies of documents or amended translations

5  in response to objections concerning translations or documents with foreign languages.

6

7  Dated:  October 1, 2021.                          ARNOLD & PORTER KAYE SCHOLER LLP

8                                                    By:    /s/ Douglas A. Winthrop
                                                            DOUGLAS A. WINTHROP
9
                                                    Attorneys for Defendants
10                                                  XINGKE ELECTRONICS (DONGGUAN)
                                                    CO., LTD., formerly known as SINCO
11                                                  ELECTRONICS (DONGGUAN) CO.,
                                                    LTD., LIEW YEW SOON aka, MARK
12                                                  LIEW, NG CHER YONG. aka CY NG, and
                                                    MUI LIANG TJOA aka ML TJOA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED TRIAL EXHIBIT LIST                          3:17-CV-05517-EMC

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served a copy of the foregoing SECOND AMENDED TRIAL EXHIBIT LIST on October 1, 2021.

/s/ *Douglas A. Winthrop*
DOUGLAS A. WINTHROP

*Attorneys for Defendants*
XINGKE ELECTRONICS
(DONGGUAN) CO., LTD., formerly
known as SINCO ELECTRONICS
(DONGGUAN) CO., LTD., LIEW YEW
SOON aka, MARK LIEW, NG CHER
YONG. aka CY NG, and MUI LIANG
TJOA aka ML TJOA

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 72 | ML20387 | ML20390 | 12/20/2016 | Email from Bose to ML Tjoa re KOTL visit to Bose | Customer - Bose | ML Tjoa | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 126 | Depo Ex. 281 | | | Deqiang Liu Business Card KOTL | Non-confusion | Deqiang Liu | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 212 | SINCO002011764 | | | Humen Engineering Department Org Chart | Employment Status | Cy Ng | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 234 | SINCO67555 | SINCO67561 | 11/30/2009 | Mark Liew's Performance Appraisals/Review | Employment Status | Mark Liew | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 238 | SINCO00042 | SINCO00083 | Aug - Oct 2016 | Mark Liew's Payroll Report | Employment Status | Mark Liew SinCo SG | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 296 | NG100858 | NG100860 | 2/28/2018 | XingKe Build Schedule Presentation | Independent Customer relationship | Cy Ng | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 304 | ML0016076 | ML0016101 | 2/12/2019 | S&M Report by Eric Pang | Non-confusion | ML Tjoa | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 367 | XK15851 | | 4/30/2011 | Debit Note from SinCo SG | Employment Status | Cy Ng Mark Liew | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 385 | ML17326 | ML17329 | 6/7/2018 | Email from Tjoa re XingKe Capability Update | Customer - Google | ML Tjoa | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 386 | ML20299 | ML20300 | 9/1/2018 | Email from Tjoa to Google re Support from XingKe | Customer - Google | ML Tjoa | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 395 | ML33061 | ML3077 | 5/3/2017 | XingKe's Purchase Orders with Google | Customer - Google | ML Tjoa | | A duplicate exhibit that Plaintiff removed from its shorted exhibit list on 10/1/2021 | |
| 500 | SINCO038359 | SINCO038370 | Various | Debit Notes issued by SinCo SG to SinCo DG | Liew and NG employment | SinCo SG | | | |
| 501 | DEFS_3862372 | DEFS_3862379 | 5/28/2004 | Criminal Charges | Impeachment | Judicial Notice | 403 609 MIL 26 | Defs' Opp. to MIL 2 & 4 | |
| 502 | DEFS_3862400 | DEFS_3862402 | 5/28/2004 | Statement of Facts for Criminal Case | Impeachment | Judicial Notice | 403 609 MIL 26 | Defs' Opp. to MIL 2 & 4 | |
| 503 | DEFS_3862581 | DEFS_3862582 | 6/14/2004 | Registrar's Certificate of Conviction | Impeachment | Judicial Notice | 403 609 MIL 26 | Defs' Opp. to MIL 2 & 4 | |
| 504 | SINCO000872 | SINCO000875 | 5/2/2006 | Liew Employment Application | Liew - Employment | Mark Liew CY Ng | | | |
| 505 | DEFS_0182577 | DEFS_0182580 | 7/9/2007 | Email from Chung to Chooi, Ng and Yap re SinCo Logo Usage | Naked License | SinCo SG CY Ng | 106 0182576-580 | Related writing inadmissible per FRE 502 | |
| 506 | Deposition Exhibit | Deposition Exhibit | 12/29/2008 | WITHDRAWN - Mark Liew Facebook Post re: Lim Singing Karaoke | Bryan Lim Relationship with XingKe | Mark Liew | | | |
| 507 | SINCO93628 | SINCO93633 | 6/30/2009 | Liew Perfomance Appraisal | Liew - Employment | Mark Liew CY Ng | 106 SINCO093627 | No objection to related writing | |
| 508 | SINCO008472 | SINCO008473 | 10/17/2009 | Ng-Liew Email re Factory Business | DG Meeting Minutes re Engineer Team | Mark Liew CY Ng | | | |
| 509 | SINCO002060591 | SINCO002060612 | 10/21/2009 | WITHDRAWN - Email from Sim to Lim re SinCo Company Profile | SinCo - Company Materials | SinCo SG | | | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 510 | SINCO001371732 | SINCO001371738 | 1/6/2010 | Email from Loo (Swiftronic) to A. Lim re Swiftronic Project | Apple-Swiftronic-SG relationship | SinCo SG | 401 403 | Apple not SG's direct customer | |
| 511 | SINCO001376384 | SINCO001376384 | 2/3/2010 | Email from Chye to Teck | Customer - Swiftronic | SinCo SG | 401 403 | Apple not SG's direct customer | |
| 512 | SINCO001828806 | SINCO001828808 | 3/3/2010 | Emails between Larry Sim and SinCo Malaysia re Customer Requirements | SinCo-Employee Job Responsibilities | SinCo SG | 401 403 | Actual "embedded employee" | |
| 513 | SINCO001445779 | SINCO001445781 | 4/12/2010 | Internal SG email re Swiftronic Visit | Customer - Swiftronic | SinCo SG | 401 403 | Apple not SG's direct customer | |
| 514 | SINCO001094916 | SINCO001094918 | 4/26/2010 | Email from Yang to Lim re Camera Trim - Waiver W001487 | Customer - Swiftronic/Apple | SinCo SG | 401 403 | DG dealing directly with SWFT | |
| 515 | SINCO000988304 | SINCO000988305 | 6/9/2010 | Email from Yang to A. Lim re Apple Unit Price | SG-Swiftronic-Apple relationship | SinCo SG Bryan Lim | 401 403 | SG as "middleman" for DG and customer | |
| 516 | SINCO000988293 | SINCO000988293 | 6/9/2010 | Email from Lim to Tracy re Apple Unit Price | Customer - Swiftronic/Apple | SinCo SG Bryan Lim | 401 403 | SG as "middleman" for DG and customer | |
| 517 | SINCO000990498 | SINCO000990500 | 6/18/2010 | **WITHDRAWN** - Email from Lim to Tracy re Apple Unit Price | Customer - Swiftronic/Apple | SinCo SG Bryan Lim | 401 403 | SG as "middleman" for DG and customer | |
| 518 | SINCO001445777 | SINCO001445777 | 6/19/2010 | Email from Tan (Swiftronic) to Lim re Customer Visit | Customer - Apple | SinCo SG | 401 403 | Apple not SG's direct customer | |
| 519 | SINCO000991699 | SINCO00091701 | 6/20/2010 | Email from Lim to Tracy re Apple Unit Price | Customer - Swiftronic/Apple | SinCo SG Bryan Lim | 401 403 | SG as "middleman" for DG and customer | |
| 520 | SINCO001367492 | SINCO001367496 | 6/24/2010 | **WITHDRAWN** - Email from Teng to Xu re audit | SinCo - Company Materials | SinCo SG | 401 802 | DG part of SinCo Holdings Group; SG adopted DG's statement. 802(d)(2)(B) | |
| 521 | SINCO001404829 | SINCO001404830 | 7/5/2010 | **WITHDRAWN** - Swiftronic Purchase Order | Customer - Swiftronic | SinCo SG | 401 802 | Party admission; shows SG treating Apple/Swiftronics interchangeably | |
| 522 | SINCO001445778 | SINCO001445778 | 9/27/2010 | Email from Ng to Lim re Apple GSM Visit POR | Customer - Swiftronic | SinCo SG | 401 802 | SWFT in charge of Apple account; Admission/SG adopted. 802(d)(2). | |
| 523 | SINCO001440050 | SINCO001440053 | 10/14/2010 | Swiftronic-SinCo Email re daily pipeline | Customer - Swiftronic | SinCo SG | 401 802 | Apple not SG's direct customer | |
| 524 | SINCO001440649 | SINCO001440650 | 10/18/2010 | Swiftronic-SinCo Email re daily pipeline | Customer - Swiftronic | SinCo SG | 401 802 | Apple not SG's direct customer | |
| 525 | SINCO954565 | SINCO954566 | 11/11/2010 | Meeting Minutes - Humen Management Meeting on 11 Nov 2010. | DG management records | SinCo SG Bryan Lim | 401 802 | Lim involved in DG affars; party admission/SG adopted. 802(d)(2)(B) | |
| 526 | SINCO954559 | SINCO954564 | 11/13/2010 | Email from Sim to Lim regarding meeting minutes | DG management records | SinCo SG Bryan Lim | 106 SINCO945456 | No objection to related writing | |
| 527 | SINCO153718 | SINCO153724 | 12/18/2010 | SinCo-DG Emails re Customer Sample | SG-DG business relationship | Cy Ng Gouki Gao Mark Liew | | | |
| 528 | SINCO000971888 | SINCO000971889 | 1/25/2011 | Email from Xu to Lim re Meeting Notes | DG management records | SinCo SG Bryan Lim | 106 translation 802 | Party does not identify related writing; Translation was provided | |
| 529 | SINCO000971944 | SINCO000971944 | 10/6/2011 | Email from Lim to Xu re Investment | Bryan Lim's admissions regarding ownership of company | SinCo SG Bryan Lim | 403 106 | Shows Lim ownership/control of DG | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 530 | SINCO30b6DEPO0019 | SINCO30b6DEPO0025 | 1/2/2012 | Supply Agreement | SinCo SG and DG business relatioSinCo SG and DG business relationshipnship | SinCo SG Bryan Lim | 106 | Party does not identify related writing | |
| 531 | SINCO857107 | SINCO857109 | 2/27/2012 | Emails between Larry Sim and Andrew Lim re Apple transactions | SinCo-Apple Business Relationship | SinCo SG | 401 802 | Actual "embedded employee" | |
| 532 | Mark Liew 000226 | Mark Liew 000229 | 7/25/2012 | Sun Art Enteprises Ltd. Record | Bryan Lim Financial Relationship with DG | Bryan Lim | 401 403 | Lim owns SinCo Group Holdings | |
| 533 | SINCO002105474 | SINCO002105478 | 9/11/2012 | Emails between Larry Sim and Andrew Lim re Customer Requirements | SinCo-Employee Job Responsibilities | SinCo SG | 401 403 | Actual "embedded employee" | |
| 534 | SINCO002105807 | SINCO002105810 | 9/17/2012 | Emails between Larry Sim and Andrew Lim re Customer Requirements | SinCo-Employee Job Responsibilities | SinCo SG | 401 403 | Actual "embedded employee" | |
| 535 | SINCO791215 | SINCO791221 | 10/18/2012 | SinCo Electronics (Dongguan) Company Limited - Articles of Association | DG articles of association | SinCo SG Bryan Lim | 106 401 403 | Lim's access and control over DG | |
| 536 | SINCO576193 | SINCO576199 | 10/18/2012 | SinCo Electronics (Dongguan) Company Limited - Articles of Incorporation (English) | DG articles of incorporation | SinCo SG Bryan Lim | 401 802 | Lim control over DG; business record and party admission | |
| 537 | SINCO0000225 | SINCO0000231 | 10/18/2012 | WITHDRAWN - Corporate Records | SinCo DG Articles of Association | SinCo SG Bryan Lim | 401 802 | Lim control over DG; business record and party admission | |
| 538 | DEFS_0000028 | DEFS_0000033 | 10/18/2012 | Board of Directors meeting | SinCo DG Board Resolution | SinCo SG Bryan Lim | 401 802 | Lim control over DG; Party Admission (Lim signed) | |
| 539 | SINCO576955 | SINCO577011 | 12/31/2012 | WITHDRAWN - SinCo Techologies and its Subsidiaries Annual Financial Statements | SG corporate history and subsidiaries | SinCo SG Bryan Lim | 401 802 | Ex. 539 withdrawn | |
| 540 | DEFS_0018175 | DEFS_0018190 | 5/17/2013 | DG-Swiftronic Emails | Customer - Swiftronic | Cy Ng Gouki Gao | 401 802 | Direct dealings - DG and customer | |
| 541 | SINCO000025 | SINCO000026 | 7/6/2013 | Ng-Cynthia Chu Emails re Hire of Liew | Liew - Employment | Cy NG | | | |
| 542 | DEFS_0022114 | DEFS_0022121 | 6/12/2013 | Swiftronic-Sinco Emails re Apple color matching | Customer - Swiftronic | Cy NG Gouki Gao | 401 | DG dealing directly with customer | |
| 543 | ML0000516 | ML0000518 | 6/17/2013 | WITHDRAWN - Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Intel pre-existing DG customer | |
| 544 | DEFS_0182719 | DEFS_0182721 | 6/17/2013 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Intel pre-existing DG customer | |
| 545 | ML0000519 | ML0000522 | 6/24/2013 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Intel pre-existing DG customer | |
| 546 | DEFS_0182800 | DEFS_0182801 | 6/26/2013 | Intel Purchase Order to DG | Customer - Intel | Cy Ng | 106 401 403 | Intel pre-existing DG customer | |
| 547 | SINCO000971998 | SINCO000971999 | 10/17/2013 | Email re: China vs. Singapore Sinco Companies | Customer - Intel | SinCo SG Bryan Lim | 106 | No objection to related writing (Ex. 54). | |
| 548 | DEFS_0182734 | DEFS_0182737 | 11/6/2013 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Intel pre-existing DG customer | |
| 549 | XK24869 | XK24872 | 9/4/2014 | The DG-SinCoo Lease | Provisional - If Defs' MIL No. 3 denied | Mark Liew Cy NG | 106 include file name. | Only if Defs' MIL 3 is denied | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 550 | SINCO860057 | SINCO860057 | 2/28/2014 | Email from Low to Sim re Amazon Social Audit | Customer - Amazon | SinCo SG | 106 missing attachment SINCO860058-094 | No objection to related writing | |
| 551 | DEFS_0182751 | DEFS_0182752 | 3/8/2014 | Intel Purchase Order to DG | Customer - Intel | Cy Ng | 106 401 403 | Intel pre-existing DG customer | |
| 552 | DEFS_0182832 | DEFS_0182834 | 5/1/2014 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Intel pre-existing DG customer | |
| 553 | SINCO672746 | SINCO672747 | 7/9/2016 | SG-DG Emails | SG-DG business relationship | Minh Nguyen Sinco SG | | | |
| 554 | SINCO000342 | SINCO000456 | 5/20/2014 | DG-Swiftronic Emails | Customer - Swiftronic | Mark Liew | 106 401 403 | Pre-existing DG/SWFT relationship | |
| 555 | NG0002074 | NG0002074 | 5/26/2014 | Chee's Introduction to Xu (China) | Jon Chee role at SG and DG | Jon Chee | | | |
| 556 | SINCO000972011 | SINCO000972013 | 6/11/2014 | Email from Lim to Gao and Xu re Apple order | Customer - Apple | SinCo SG Bryan Lim | | | |
| 557 | SINCO000972009 | SINCO000972009 | 6/5/2014 | **WITHDRAWN** - Email from Lim to Gao and Xu re Apple Project | SG-Apple relationship | SinCo SG Bryan Lim | 106 | No related writing identified | |
| 558 | SINCO000972015 | SINCO000972015 | 7/16/2014 | Email from Lim to Xu re Dividend | Lim's financial relationship with Xu | SinCo SG Bryan Lim | 106 403 401 | No related writing identified; Lim profits off DG | |
| 559 | SINCO001446245 | SINCO001446247 | 9/21/2016 | Swiftronic / SinCo Technologies Confidentiality Agreement (Mutual) | SG-Swiftronic-Apple relationship | Jon Chee | 106 | No related writing identified | |
| 560 | SINCO001446240 | SINCO001446244 | 9/21/2016 | Apple-Swiftronic Agreement | Customer - Apple | Jon Chee | 106 | No related writing identified | |
| 561 | SINCO001446239 | SINCO001446244 | 9/21/2016 | Swiftronic-Apple Master Restricted Project Agreement | Customer - Apple | Jon Chee | SINCO001446 238-247 | No objection to related writing | |
| 562 | DEFS_0182842 | DEFS_0182844 | 11/25/2014 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Pre-existing DG and Intel relationship | |
| 563 | DEFS_0182914 | DEFS_0182918 | 1/20/2015 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Pre-existing DG and Intel relationship | |
| 564 | SINCO320883 | SINCO320886 | 12/5/2014 | Email from Ng to Lim re calls | Customer - Apple | Cy NG | | | |
| 565 | SINCO321436 | SINCO321439 | 12/15/2014 | Sinco factory PM/engineer | SinCo SG and DG business | Jon Chee | | | |
| 566 | DEFS_0183300 | DEFS_0183306 | 3/9/2015 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Pre-existing DG and Intel relationship | |
| 567 | DEFS_0183240 | DEFS_01833244 | 3/13/2015 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Pre-existing DG and Intel relationship | |
| 568 | SINCO001910264 | SINCO001910298 | Year 2015 | SinCo CSR Meeting - Motorola 2015 | SG-Motorola relationship | SinCo SG | 106 SINCO013705 97-634 | No objection to related writing | |
| 569 | DEFS_0182731 | DEFS_0182733 | 4/17/2015 | Intel Purchase Order to DG | Customer - Intel | Cy Ng | 106 401 403 | Pre-existing DG and Intel relationship | |
| 570 | DEFS_0183336 | DEFS_0183339 | 3/8/2015 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 106 401 403 | Pre-existing DG and Intel relationship | |
| 571 | SINCO000972026 | SINCO000972026 | 6/17/2015 | Email from Xu to Lim re Invitation (to visit) | Bryan Lim financial interest in Sinco DG | Bryan Lim Jon Chee | 106 SINCO097202 5-26 | No objection to related writing | |
| 572 | SINCO000972024 | SINCO000972024 | 42180 | Email from Xu to Lim re Invitation (to visit) | Bryan Lim financial interest in Sinco DG | Bryan Lim Jon Chee | 106 SINCO0972023-24 | No objection to related writing | |
| 573 | SINCO002045222 | SINCO0002045223 | 7/2/2015 | SinCo Email re Factory Visit | Customer - Bose | Cy NG | attachment | See Ex. 575 | |
| 574 | SINCO902606 | SINCO902607 | Year 2015 | Leave record - Alan Quek | Alan Quek - Employment | Cy NG | | | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 575 | SINCO002045224 | SINCO002045224 | 5/8/2015 | SinCo Tour Agenda | Customer - Bose | Cy NG | 106 out of context | Does not explain how out of context. Underlying email being introduced as exhibit. | |
| 576 | SINCO001821878 | SINCO001821881 | 8/25/2015 | Email from Chee to Xu re Meeting at Humen | Sale of DG | Jon Chee | | | |
| 577 | SINCO001863136 | SINCO001863137 | 9/17/2015 | Xu-Chee Email re DG acquisition; Xu-Lim Emails re Negotiation | Sale of DG | SinCo SG Jon Chee | 106 SINCO001863 131-42 | No objection to related writing | |
| 578 | SINCO001863139 | SINCO001863140 | 9/28/2015 | Xu-Lim-Chee-Yap Emails re sale of DG and related due diligence | Sale of DG | SinCo SG Jon Chee | 106 SINCO001863 131-42 | No objection to related writing | |
| 579 | SINCO001865443 | SINCO001865443 | 10/30/2015 | Email from Xu to Lim re Bonus & Interest | Lim financial relationship with Xu | SinCo SG Bryan Lim | 401 403 106 SINCO001865442-43 | No objection to related writing; relevant to show Lim profits of Xu/DG | |
| 580 | SINCO001943769 | SINCO001943771 | 11/19/2015 | Email from Lim to Shugson (SinCo) re Cooperation | Sale of DG | Bryan Lim Jon Chee | 401 403 802 | Relevant to show Xu's terms and conditions of sale; non-hearsay due to legal operative facts, state of mind, effect on listener and party admission/adoption (Lim received consideration from deal) | |
| 581 | SINCO001821988 | SINCO001821994 | 11/23/2015 | Email from Xu to Lim re Jinlong Acquisition | Sale of DG | Bryan Lim Jon Chee | 802 | Relevant to show Xu's terms and conditions of sale; non-hearsay due to legal operative facts, state of mind, effect on listener and party admission/adoption (Lim received consideration from deal) | |
| 582 | Deposition Exhibit | Deposition Exhibit | 12/10/2015 | Ng-Chee visits Sinco-Bose Agenda | Customer - Bose | Jon Chee | | | |
| 583 | SINCO001446227 | SINCO001446231 | 10/9/2016 | SinCo Group - Sales Revenue | SG customers | SinCo SG Jon Chee | | | |
| 584 | SINCO0945232 | SINCO0945232 | 5/9/2016 | Zhuhai Chi Cheng's Customers | SinCo-DG Business Relationship | Minh Nguyen | 401 403 106 SINCO00945229-261 | Relevant to show Chi Cheng -- not SG -- was Apple's vendor. No objection to related writing. | |
| 585 | SINCO742596 | SINCO742596 | 1/6/2016 | Email from Swiftronic to SinCo re Tool Quote | Customer - Swiftronic | SinCo SG | 401 403 | SWFT -- not SG -- was Apple's direct customer | |
| 586 | SINCO001468146 | SINCO001468149 | 1/15/2016 | Email from Chung to Looi (Intel) re Sinco RFQ | Customer - Intel | SinCo SG | | | |
| 587 | SINCO001468271 | SINCO001468271 | 1/19/2016 | Meeting Minutes - Intel Visit to SCM | Customer - Intel | Jon Chee | 401 403 106 SINCO001468 270-271 | SG and DG competing for Intel; no objection to identified related writing being introduced | |
| 588 | SINCO001468269 | SINCO001468270 | 1/19/2016 | Email from Eu to Chee re Intel Meeting Minutes | Customer - Intel | Jon Chee | 401 403 106 SINCO001468270-271 | No objection to related writing. Relevant to show Chee's admission and that SG and DG compete for Intel | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 589 | SINCO001468324 | SINCO001468326 | 1/20/2016 | Email from Intel to Jon Chee re Manufacturing | Customer - Intel | Jon Chee | 401 403 duplicate | Duplicate not identified. Relevant to show SG and DG competing for Intel | |
| 590 | SINCO001468493 | SINCO001468495 | 1/21/2016 | Email from Richer to Ng re Sinco Supplier Selection | Customer - Intel | Jon Chee Deqiang Liu | | | |
| 591 | SINCO001468433 | SINCO001468435 | 1/21/2016 | Email from Eu to Looi (Intel) re and Mechanical Supplier Selection | Customer - Intel | Jon Chee | 401 403 | Intel's pre-existing relationship with DG; impeachment | |
| 592 | SINCO001468422 | SINCO001468423 | 1/21/2016 | Email from Richer to Ng re Sinco Supplier Selection | Customer - Intel | Jon Chee | 401 403 | Intel's pre-existing relationship with DG | |
| 593 | SINCO001468398 | SINCO001468399 | 1/21/2016 | Email from Richter to Chee re and Mechanical Supplier Selection | Customer - Intel | Jon Chee | 401 403 | Intel's pre-existing relationship with DG; impeachment | |
| 594 | SINCO001468533 | SINCO001468538 | 1/22/2016 | Email from Khouri (Intel) to Chee | Customer - Intel | Jon Chee | 401 403 | Intel aware that DG and SG were separate entities and competing for customers | |
| 595 | SINCO001850151 | SINCO001850153 | 1/26/2016 | Email from Lim to Chavarri re CAP | Customer - Amazon | SinCo SG | 401 403 106 SINCO002166 696-698 | The remainder of the writing does not correct a misleading impression. Also, details why DG failed audit is unfairly prejudicial. FRE 403. | |
| 596 | DEFS_0183836 | DEFS_0183850 | 2/4/2016 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 401 403 | Pre-existing DG and Intel relationship | |
| 597 | SINCO001474287 | SINCO001474288 | 2/15/2016 | Email from Eu to Khouri (Intel) re Awaiting your feedback on the following | Customer - Intel | Jon Chee | 401 403 106 SINCO001474 285-288 | SG and DG competing for Intel; no objection to identified related writing being introduced | |
| 598 | SINCO937864 | SINCO937864 | 1/17/2016 | Email from Ng to Nguyen re Conference Call | Customer - Motorola | Minh Nguyen | | | |
| 599 | SINCO001475230 | SINCO001475232 | 2/18/2016 | Email from Knox (Intel) to Eu re SinCo Technologies - Account Opening | Customer - Intel | Jon Chee | 401 403 | Intel originally DG's customer | |
| 600 | SINCO001476871 | SINCO001476871 | 2/26/2016 | Email from Knox (Intel) to Chee re Official Report | Customer - Intel | Jon Chee | 401 403 | Intel originally DG's customer | |
| 601 | SINCO937015 | SINCO937015 | 2/29/2016 | Email from Nguyen to Schlicksup (Motorola) re Dinner with Jon Chee | Customer - Motorola | Minh Nguyen | | | |
| 602 | Deposition Exhibit | Deposition Exhibit | 3/22/2016 | Google-SinCo Emails | Customer - Google | Minh Nguyen | | | |
| 603 | SINCO001478706 | SINCO001478708 | 3/5/2016 | Email from Richter (Intel) to Eu re SinCo Technologies - Account Opening | Customer - Intel | SinCo SG | 401 403 | Intel originally DG's customer | |
| 604 | SINCO001876889 | SINCO001876891 | 3/18/2016 | Internal Email re Lenovo's structure | Customer - Lenovo | Jon Chee | 401 403 | Knowledge of change of customer | |
| 605 | DEFS_0183861 | DEFS_0183876 | 3/18/2016 | Intel Purchase Order to DG | Customer - Intel | Cy NG Mark Liew | 401 403 | Intel originally DG's customer | |
| 606 | DEFS_0183879 | DEFS_0183894 | 3/24/2016 | Intel Purchase Order to DG | Customer - Intel | Cy Ng Mark Liew | 401 403 | Intel originally DG's customer | |
| 607 | XK26577 | XK26579 | 3/29/2016 | Verizon Purchase Order No. 8500382037 | Verizon-DG relationship | Cy Ng | | | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 608 | SINCO610442 | SINCO610443 | 3/29/2016 | Email from Amzaon to L. Sim re Amazon Social Responsibility | Customer - Amazon | SinCo SG | 401 403 | Show Customer's Audit and timeline | |
| 609 | SINCO941671 | SINCO941788 | 3/30/2016 | Nguyen email attaching SinCo Porfolio to customer and attachment | SinCo's representations to customers | Minh Nguyen SinCo SG | | | |
| 610 | DEFS_0184017 | DEFS_0184018 | 4/8/2016 | Records re: Hong Kong / San Jose, CA Company | Customer - Verizon | Cy Ng Mark Liew | | | |
| 611 | DEFS_0182714 | DEFS_0182714 | 4/14/2016 | Records re: Black Diamond, WA | DG sales to US Customer | Cy Ng Mark Liew | 106 401 403 | Circumstantial evidence of oral license | |
| 612 | SINCO001877865 | SINCO001877871 | 4/20/2016 | Email from M. Nguyen re Private and Confidential | SinCo - Customer Acquisition | Minh Nguyen | | | |
| 613 | SINCO944222 | SINCO944340 | 4/20/2016 | Minh Nguyen's email regarding SinCo Company overview brochure | SinCo - Company Materials | Minh Nguyen SinCo SG | Redundant to Exh. 525 | Ex. 525 is a different exhibit | |
| 614 | SINCO945226 | SINCO945226 | 5/8/2016 | Email from Chin to Chee re Zhuhai Acquisition Prospectus | SinCo - Customer Acquisition | Jon Chee | 401 403 | SG admissions in prospectus are relevant to causation | |
| 615 | SINCO945229 | SINCO945231 | 5/9/2016 | Email from Wee to Nguyen re Zhuhai Acquisition Prospectus | SinCo - Customer Acquisition | Minh Nguyen | 401 403 | SG admissions in prospectus are relevant to causation | |
| 616 | SINCO001865308 | SINCO001865311 | 5/9/2016 | Email from Chin to Chuen re Zhuhai Acquisition Prospectus | SinCo - Customer Acquisition | Jon Chee | 401 403 | SG admissions in prospectus are relevant to causation | |
| 617 | SINCO001865296 | SINCO001865298 | 5/9/2016 | Email from Chua to Wee re Zhuhai Acquisition Prospectus | SinCo - Customer Acquisition | Minh Nguyen | 401 403 | SG admissions in prospectus are relevant to causation | |
| 618 | SINCO001865272 | SINCO001865278 | 5/11/2016 | Email from Nguyen to Chua re Zhuhai Acquisition Prospectus | SinCo - Customer Acquisition | Minh Nguyen | 401 403 | SG admissions in prospectus are relevant to causation | |
| 619 | SINCO001865377 | SINCO001865382 | 5/12/2016 | Email from Chua to Nguyen re Zhuhai Acquisition Prospectus | SinCo - Customer Acquisition | Minh Nguyen | 401 403 | SG admissions in prospectus are relevant to causation | |
| 620 | SINCO001865344 | SINCO001865348 | 5/12/2016 | Email from Chua to Cheun re Zhuhai Acquisition Prospectus | SinCo - Customer Acquisition | Minh Nguyen Jon Chee | 401 403 | SG admissions in prospectus are relevant to causation | |
| 621 | SINCO001865271 | SINCO001865280 | 5/11/2016 | SG communications concerning Acquisition Prospectus re Zhuhai CC | SinCo - Customer Acquisition | Minh Nguyen Jon Chee | 401 403 | SG admissions in prospectus are relevant to causation | |
| 622 | SINCO945389 | SINCO945427 | 5/13/2016 | Acquisition Prospectus. | SinCo - Customer Acquisition | Jon Chee Minh Nguyen | 401 403 | SG admissions in prospectus are relevant to causation | |
| 623 | SINCO945383 | SINCO945388 | 5/13/2016 | Email re Zhuhai Acquisition Prospectus | SinCo - Customer Acquisition | Jon Chee | redundant | SG admissions in prospectus are relevant to causation | |
| 624 | SINCO001865428 | SINCO001865433 | 5/13/2016 | Email from Chee to Chua re Zhuhai Acquisition Prospectus | SinCo - Customer Acquisition | Jon Chee | 401 403 106 (Part 1) | SG admissions in prospectus are relevant to causation | |
| 625 | SINCO945476 | SINCO945518 | 5/19/2016 | Acquisition Prospectus | SinCo - Customer Acquisition | Jon Chee Minh Nguyen | 401 403 106 (Part 2a) | SG admissions in prospectus are relevant to causation | |
| 626 | SINCO945470 | SINCO945475 | 5/19/2016 | Email from Chua to Cheun re Acquisition Prospectus (Top Secret) Zhuhai CC | SinCo - Customer Acquisition | Jon Chee Minh Nguyen | Redundant 401 403 106 (Part 2b) | SG admissions in prospectus are relevant to causation | |
| 627 | SINCO001878619 | SINCO001878619 | 5/21/2016 | Email from Nguyen to Lim re SinCo Singapore | Customer - Google | Minh Nguyen | | | |
| 628 | DEFS_0002160 | DEFS_0002162 | 5/23/2016 | Verizon Purchase Order No. 8500389813 | Verizon-DG relationship | Cy Ng Mark Liew | | | |
| 629 | SINCO945534 | SINCO945534 | 5/23/2016 | Email from Cheryl EU to M. Nguyen re [Google] Brief Meeting Summary | Customer - Google | Minh Nguyen | 106 SINCO945534-39 | No objections to related writing | |
| 630 | SINCO945536 | SINCO945537 | 5/24/2016 | Email from Chuen to Eu re Silicone Ring Part | Google-DG-SG relationship and timeline | Minh Nguyen | 106 SINCO945534-39 | No objections to related writing | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 631 | SINCO001878919 | SINCO001878919 | 5/31/2016 | Email from Lim to Nguyen re Motorola | SG-Motorola relationship | Minh Nguyen | 401 403 | Motorola went through ZCC, not SG | |
| 632 | DEFS_0007105 | DEFS_0007111 | 6/21/2016 | Change to Purchase Order No. 8500392880 Verizon and SinCo | Verizon-DG relationship | Cy Ng Mark Liew | | | |
| 633 | SINCO001878851 | SINCO001878852 | 5/21/2016 | Lim-Nguyen Email re SinCo Singapore | Customer - Google | Minh Nguyen | 402 403 | Reveals Lim knew the appropriate POCs at Plaintiff's company and was never confused when Lim later intentionally chose to contract with Defendants instead. | |
| 634 | SINCO001846048 | SINCO001846053 | 6/23/2016 | Email from Low to Lim re Amazon Visit | SinCo-DG Business Relationship | SinCo SG | | | |
| 635 | SINCO001846016 | SINCO001846022 | 6/23/2016 | Email from Low to Liu re Amazon Visit | SinCo-DG Business | SinCo SG | | | |
| 636 | ML18342 / DEFS_2047758 | ML18342 / DEFS_2047758 | 6/24/2016 | Google's A. Lim emails ML Tjoa regarding a project | Customer - Google | ML Tjoa | 401 106 Missing Attachment ML17306-08 | Google dealing directly with KOTL; agree to include attachment to email (ML18343-44). | |
| 637 | Deposition Exhibit | Deposition Exhibit | 6/24/2016 | Tjoa-Google Emails re Drawings | Customer - Google | ML Tjoa | | | |
| 638 | SINCO001875784 | SINCO001875784 | 6/27/2016 | Email from Nguyen from Chee re Customers | SG Customers | Jon Chee | | | |
| 639 | SINCO001446633 | SINCO001446633 | 7/4/2016 | Email from Chua to Chee re       and Past 3 Years Apple Orders | SG customers | Jon Chee | 401 | SG treating SWFT/Apple interchangeably | |
| 640 | SINCO672746 | SINCO672747 | 7/9/2016 | Google-SinCo Emails re | Customer - Google | Mark Liew Cy NG | | | |
| 641 | SINCO001879160 | SINCO001879162 | 7/13/2016 | Emails between Chee to Nguyen re ZCC Status and Motorola News | Customer - Motorola | Jon Chee | 401 403 | Alternative explanation for decreased sales unrelated to allegations | |
| 642 | SINCO743022 | SINCO743028 | 7/14/2016 | SinCo Internal Emails re Capabilities | Customer - Google | Minh Nguyen | | | |
| 643 | SINCO001845546 | SINCO001845550 | 7/26/2016 | **WITHDRAWN** - Email from Chavarri to Zhang re CSR | Customer - Amazon | SinCo SG | 401 403 | Defendants withdraw Ex. 643 | |
| 644 | SINCO945758 | SINCO945764 | 7/28/2016 | Email - Minh Nguyen and Google re | Customer - Google | Minh Nguyen | 401 106 Attachment Missing | SG and DG competing separately for Google; no objection to remainder of writings | |
| 645 | SINCO945739 | SINCO945741 | 7/29/2016 | SinCo Quote for       Project | Customer - Google | Minh Nguyen | 401 106 Attachment Missing SINCO0947 42- | Timeline for project; no objection to remainder of writing | |
| 646 | SINCO001878944 | SINCO001878944 | 7/29/2016 | Emails between Apple and Sinco | Customer - Apple | Minh Nguyen | 106 Attachment Missing 944-949 | No objections to remainder of writing | |
| 647 | SINCO001878949 | SINCO001878949 | 7/29/2016 | Emails between Apple and Sinco | Customer - Apple | Minh Nguyen | 106 Attachment Missing 944-949 | No objections to remainder of writing | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 648 | SINCO001878944 | SINCO001878944 | 7/29/2016 | **WITHDRAWN** - Email from Maura (Apple) to Nguyen re Introducing SinCo | Customer - Apple | Minh Nguyen | 106 Attachment Missing 944-949 | Defendants withdraw Ex. 648 | |
| 649 | SINCO945557 | SINCO945558 | 7/30/2016 | Email from Chee to Nguyen re Introducing SinCo | Customer - Apple | Minh Nguyen | | | |
| 650 | SINCO001878941 | SINCO001878942 | 7/29/2016 | Email from Chee to Nguyen re Introducing SinCo | Customer - Apple | Minh Nguyen | 106 Attachment Missing | Defendant agrees to include SINCO001878943-49 (the attachments). | |
| 651 | SINCO935566 | SINCO935577 | 8/1/2016 | Email from Nguyen to Yen re ▇ project | Google-DG-SG relationship and timeline | Minh Nguyen | 401 403 | Timeline; non-infringement explanation why SG lost client | |
| 652 | SINCO001875624 | SINCO001875625 | 8/1/2016 | Email from Maura to Nguyen re Introducing SinCo | Customer - Apple | Minh Nguyen | | | |
| 653 | SINCO935021 | SINCO935034 | 8/5/2016 | Email from Lim to Nguyen re ▇ project | Google-SinCo relationship | Minh Nguyen | 401 403 | Timeline; non-infringement explanation why SG lost client | |
| 654 | SINCO001845455 | SINCO001845456 | 8/5/2016 | Email from Low to Sime re Amazon Social | Customer - Amazon | SinCo SG | 401 403 | Timeline of audit | |
| 655 | SINCO934946 | SINCO934958 | 8/6/2016 | Email from Eu to Lim re ▇ project | Customer - Google | Minh Nguyen | 401 403 | Timeline; non-infringement explanation why SG lost client | |
| 656 | SINCO934574 | SINCO934588 | 8/8/2016 | Email from Boilard to Nguyen re ▇ project | Customer - Google | Minh Nguyen | 401 403 | Timeline; non-infringement explanation why SG lost client | |
| 657 | SINCO001875440 | SINCO001875442 | 8/8/2016 | Email from W. Rochowicz (Apple) to M. Nguyen re Introducing SinCo | Customer - Apple | Minh Nguyen | 401 106 Attachment Missing | Timeline; non-infringement explanation why SG lost client; Defendants agree to include attachments once Plaintiff identifies these by Bates. | |
| 658 | SINCO934351 | SINCO934363 | 8/9/2016 | Email from Nguyen to Eu re ▇ project | Customer - Google | Minh Nguyen | 401 403 | Timeline; non-infringement explanation why SG lost client | |
| 659 | SINCO001875258 | SINCO001875258 | 8/10/2016 | Nguyen email re ▇ | Apple-SG relationship | Minh Nguyen | 106 403 | Admission Apple was never direct client | |
| 660 | SINCO933972 | SINCO933972 | 8/11/2016 | Email from Lim to Eu re ▇ Pricing | Google-SinCo relationship | Minhn Nguyen | 106 403 | Timeline; non-infringement explanation why SG lost client | |
| 661 | SINCO001845369 | SINCO001845374 | 8/15/2016 | **WITHDRAWN** - Email from Zhang to Neo re CSR | Customer - Amazon | SinCo SG | 403 | Defendants withdraw Ex. 661 | |
| 662 | SINCO001845329 | SINCO001845334 | 8/15/2016 | Email from Low to Amazon/Lab 126 re Amazon Visit | SinCo-DG Business Relationship | SinCo SG | | | |
| 663 | SINCO001845296 | SINCO001845297 | 8/15/2016 | Emails from Chee re Acquisition Prospectus | SG revenue and capabilities | Jon Chee | 106 401 | SG lost customers for non-infringement reason as revealed in attachment | |
| 664 | SINCO001885971 | SINCO001885981 | 8/16/2016 | Lim's Letter to SinCo DG re Board Meeting | SinCo SG and DG business communications | ML Tjoa Bryan Lim Jon Chee | | | |
| 665 | SINCO001831742 | SINCO001831748 | 9/9/2016 | Email attaching Lim's Letter to SinCo DG re Board Meeting | SinCo SG and DG business communications | ML Tjoa Bryan Lim Jon Chee | 106 Attachment Missing | Attachments do not correct any misleading impression and alternatively inadmissible under FRE 403. | |
| 666 | ML18417 / DEFS_2336233 | ML18418 / DEFS_2336234 | 8/20/2016 | Tjoa-Lim Email re SinCo Dongguan | Customer - Google | ML Tjoa | | | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 667 | SINCO926221 | SINCO926221 | 8/22/2016 | Email from Eu to Nguyen re ▮▮ Project | SG's capabilities | Minh Nguyen | 401 106 Attachment Missing 222-228 | SG loss of project unrelated to TM infringement; no objection to attachment being admitted into evidence | |
| 668 | SINCO925687 | SINCO925687 | 8/24/2016 | Eu-Nguyen Email re Google | Customer - Google | Minh Nguyen | 403 | Goes directly to show extrinsic evidence of terms of oral agreement and lack of customer confusion by the key customer at issue in the case. Highly probative and relevant to central issues in case; no "unfair" prejudice. | |
| 669 | SINCO925644 | SINCO925646 | 8/25/2016 | WITHDRAWN - Chee-Nguyen Email re Google | Customer - Google | Jon Chee Minh Nguyen | | | |
| 670 | SINCO925640 | SINCO925642 | 8/25/2016 | Chee-Nguyen Email re Google | Customer - Google | Jon Chee Minh Nguyen | 401 403 | Goes directly to show extrinsic evidence of terms of oral agreement and lack of customer confusion by the key customer at issue in the case. Highly probative and relevant to central issues in case; no "unfair" prejudice. | |
| 671 | SINCO001874338 | SINCO001874341 | 8/26/2016 | Email between Low to Nguyen re SinCo Meeting | Customer - Amazon | Jon Chee Minh Nguyen | 401 403 | Non-infringement reason why SG lost customer | |
| 672 | SINCO001844301 | SINCO001844302 | 9/7/2016 | WITHDRAWN - Email from Chavarri to Low re Amazon Social Responsibility Audit | Customer - Amazon | SinCo SG | 403 | Non-infringement reason why SG lost customer | |
| 673 | SINCO001005967 | SINCO001005967 | 9/7/2016 | Email from Chee to Lim re Market News | SinCo SG's future business plans | Jon Chee | 403 106 Attachment Missing | No objection to attachment coming into evidence. Relevant to show SG's sophistication and awareness of what its "competitors" were doing, including DG. | |
| 674 | SINCO000973041 | SINCO000973042 | 9/20/2016 | Litigation document between Swiftronic and Sinco | Swiftronic-Sinco SG business relationship | Bryan Lim Jon Chee | 106 401 403 Pleading unsigned draft | Explains SG's decreasing sales with SWFT unrelated to TM infringement | |
| 675 | SINCO917510 | SINCO917516 | 9/21/2016 | Email from Chee to Nguyen re SinCo Dongguan | DG management records | Jon Chee | 106 403 | No objections to attachment (SINCO917517) coming into evidence. Admissions by SG that it was aware DG sold to KOTL. | |
| 676 | SINCO001843836 | SINCO001843838 | 9/22/2016 | Email from Low to Sim re Amazon Audit | Customer - Amazon | SinCo SG | 403 | Probative to central issue in case - customer was not confused or stolen; rather, customer disqualified both SG and DG, explaining lost sales. | |
| 677 | SINCO000973150 | SINCO000973172 | 9/23/2016 | Litigation document between Swiftronic and Sinco | Swiftronic-Sinco SG business relationship | Bryan Lim Jon Chee | 401 106- The Exhibit is Redacted | Plaintiff redacted document before disclosure; relevant to show SWFT's bias against SG and explains why it chose to work with DG instead | |
| 678 | ML20288 | ML20289 | 9/23/2016 | Lim-Ng Email | Customer - Google | ML Tjoa | 401 403 | Google dealing directly with DG | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 679 | SINCO001843767 | SINCO001843767 | 9/26/2016 | Email from Low to Chee and Lim re Amazon CSR Audit | Customer - Amazon | Jon Chee | | | |
| 680 | SINCO001843684 | SINCO001843686 | 9/26/2016 | **WITHDRAWN** - Email from Low to Liu re Amazon CSR Audit | Customer - Amazon | SinCo SG | | | |
| 681 | SINCO001843663 | SINCO001843664 | 9/27/2016 | Email from Low to Chee re Postponing of Amazon CSR audit | Customer - Amazon | SinCo SG | | | |
| 682 | SINCO001843635 | SINCO001843637 | 9/28/2016 | Email from Chee to Low re Amazon CSR Audit | SG-Amazon relationship | Jon Chee | 106 401 403 | Explains non-infringement reason why SG lost customer | |
| 683 | SINCO001843525 | SINCO001843527 | 10/6/2016 | Memorandum to SinCo Technologies Pte Ltd. Clients | SinCo - Company Materials | Jon Chee | 106 401 403 (Part 3b) | Highly probative - reveals Amazon knew SG/SinCo separate entities and SG told the same to all its customers | |
| 684 | SINCO001843524 | SINCO001843524 | 10/6/2016 | Email from Chee to Amazon re Memorandum | Customer - Amazon | Jon Chee | 106 (Part 3a) 401 403 | Reveals Ex. 683 was sent on Oct. 6, 2016 | |
| 685 | SINCO001446228 | SINCO001446228 | 10/9/2016 | Email from Lim to Chee re Apple Information | SG customers | Jon Chee | 106 SinCo SINCO001446 228-232 | No objections to identified writing coming into evidence | |
| 686 | DEFS_0010574 | DEFS_0010579 | 10/15/2016 | Verizon Purchase Order No. GA1610077A | Customer - Verizon | Mark Liew Cy NG | 401 403 106 DEFS_ | Pre-existing relationship with DG. Related writing not identified. | |
| 687 | SINCO327745 | SINCO327745 | 10/19/2016 | Email from Ng to Chee re Bose | Customer - Bose | Jon Chee | | | |
| 688 | DEFS_0130930 | DEFS_0130973 | 10/20/2016 | Google-DG MSA (Master Purchase Agreement) | Customer - Google | Cy NG Mark Liew ML Tjoa | | | |
| 689 | SINCO001872647 | SINCO001872647 | 10/21/2016 | Email from Nguyen to Chee re Potential Possibility in Zhuhai | SinCo-DG Business Relationship | Jon Chee | Duplicative 401 106 | Explains lost sales | |
| 690 | SINCO001491891 | SINCO001491894 | 10/21/2016 | Clarification of SinCo Structure | SG and DG Agreement regarding license | Bryan Lim SinCo SG | | | |
| 691 | SINCO001872630 | SINCO001872631 | 10/22/2016 | Email from Chee to Nguyen re Potential Possibility in Zhuhai | SinCo-DG Business Relationship | Jon Chee | | | |
| 692 | SINCO915451 | SINCO915452 | 10/25/2016 | Eu-SG Personnel Email re Google project | Customer - Google | Minh Nguyen | | | |
| 693 | SINCO001843233 | SINCO001843233 | 10/26/2016 | Sales Revenue Amazon/Kyocera/Mobility | SG Customer Revenue | Jon Chee | 106 (Part 4b) | Inconsistent sales info | |
| 694 | SINCO001843232 | SINCO001843232 | 10/26/2016 | Email fom EU to Chee re SinCo Sales | SG Customer Revenue | Jon Chee | 106 (Part 4a) | Inconsistent sales info | |
| 695 | DEFS_2369917 | DEFS_2369920 | 1/5/2017 | Email between DG sales and Desmond Chin | SinCo SG and DG business communications | SinCo SG | | | |
| 696 | SINCO915080 | SINCO915081 | 11/10/2016 | Email from Nguyen to Chee re Bose Message | Bose-SG relationship | Jon Chee Minh Nguyen | 106 403 | Reason why Bose chose DG over SG unrelated to TM infringement | |
| 697 | DEFS_2369905 | DEFS_2369906 | 11/22/2016 | Email from Nancy Wenlan Chen to Desmond Chin | SinCo SG and DG business communications | SinCo SG | 26 MIL 106 401 403 802 | Defs' Opp. to No. 2; adoption. | |
| 698 | DEFS_2369917 | DEFS_2369920 | 12/3/2016 | Letter to Customers Providing Company Information | DG Company Information | SinCo SG ML Tjoa Cy NG Mark Liew | SinCo See Exhibit 52 | Ex. 52 is an MSA with Google. | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 699 | NG0002155 | NG0002155 | 12/8/2016 | Email from Gao to Ng forwarding email from Yap | DG-SG relationship | Cy NG | Incomplete 401 See Exhs. 219 and 500 duplicative | Relevant to show control of employees. Not duplicative of Debit Notes | |
| 700 | SINCO001445776 | SINCO001445776 | 12/9/2016 | Email from Lim to Chee re Apple Visit | Customer - Apple | Jon Chee | 106 attachments missing 777-781 | Agree to include attachments. | |
| 701 | DEFS_0014755 / NG0002074 | DEFS_0014755 / NG0002074 | 12/9/2016 | Email from Gby to Ng re Introduction | Chee-Xu communications re Chee's Role | Jon Chee | | | |
| 702 | SINCO000972477 | SINCO000972477 | 12/10/2016 | Email from Chee to Bose re Memorandum of Updates in SinCo Technologies | Customer - Bose | Jon Chee | 106 (Part 5a) | Remainder of writing not identified. Attachment is Ex. 71, which Defendants reserve the right to admit as this was removed as a duplicate. See JM - Defs' Obj. (d). | |
| 703 | DEFS_0010581 | DEFS_0010582 | 12/10/2016 | KOTL Company Overview - Jinlong Machinery & Electronics to Bose | Customer - Bose | ML Tjoa Cy NG | 106 (Part 6a) | Remainder of writing not identified. Attachment is DEFS_0010582. | |
| 704 | SINCO0970429 | SINCO0970430 | 12/17/2016 | Email from Tjoa to Ng re KOTL visit to Bose | Customer - Bose | Cy Ng ML Tjoa | | | |
| 705 | SINCO038443 | SINCO038443 | 12/31/2016 | SinCo Group Sales by Customer Group | SG customers | Sinco SG | | | |
| 706 | SINCO574671 | SINCO574671 | Year 2017 | Mark Liew Resignation Letter | Notice of Mark Liew's resignation | Mark Liew | | | |
| 707 | NG98490 | NG98491 | 1/25/2017 | Certificate of Change of Name - XingKe (Hong Kong) | DG Name Change | ML Tjoa Cy NG Mark Liew | 106 Translation? | Exhibit contains English translation | |
| 708 | SINCO0970447 | SINCO0970456 | 2/10/2017 | Email from Parma to Ng re [redacted] Project for Bose | Customer - Bose | Cy Ng ML Tjoa | 802 | Non-hearsay: customer state of mind and knowledge that it was dealing with KOTL; email subject says "KOTL"; non-confusion | |
| 709 | SINCO002177006 | SINCO002177008 | 2/20/2017 | Email from G. Ng and L. Sim re Nespresso Program | Nespresso-SG Business relationship | Sinco SG | | Exh. 709 and 710 are different. | |
| 710 | SINCO002176411 | SINCO002176413 | 2/22/2017 | Email from L. Sim to G. Ng re Nespresso "Responsible Sourcing Audit" program - support needed | Nespresso-SG Business relationship | Sinco SG | redundant to Exh. 709 | This exhibit contains a different response than Exh. 709. FRE 403's standard is "needlessly" cumulative. | |
| 711 | SINCO328785 | SINCO328788 | 2/23/2017 | Amazon Email re CSR Audit | Customer - Amazon | Cy NG | | | |
| 712 | SINCO002047073 | SINCO002047075 | 2/24/2017 | Email from Ng to Chavarri regarding Amazon Tool Transfer | Customer - Amazon | Cy Ng Minh Nguyen | | | |
| 713 | SINCO000972465 | SINCO000972457 | 3/8/2017 | Email from A. Low to R. Chavarri re Amazon SR Audit & Training Notification (CN+EN) | Customer - Amazon | Sinco SG | | | |
| 714 | SINCO672837 | SINCO672839 | 3/10/2017 | Sinco Electronics DG Notice re XingKe Electronics | DG-SG communications | Sinco SG | | | |
| 715 | SINCO000667 | SINCO000668 | 3/16/2017 | Mark Liew's Response to Warning | Notice of Mark Liew's resignation | Mark Liew | 106 SINCO000667-669 802 | No objections to remainder of writing | |
| 716 | SINCO000668 | SINCO000669 | 3/16/2017 | Photo of SinCo Sign Logo on Building | Use of SinCo Mark | Mark Liew Cy NG | 106 SINCO000667-669 802 | No objections to remainder of writing | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 717 | SINCO000980265 | SINCO000980279 | 4/3/2017 | Swiftronic-Sinco SG Agreement | Customer - Swiftronic | Bryan Lim Jon Chee | 401 403 408 802 106 | Limited purpose to show falling out between SG and SWFT. FRE 408(b) exception for bias (SWFT against SG and decision to switch suppliers), a non-infringement explanation for decreased sales. | |
| 718 | SINCO000972019 | SINCO000972019 | 4/28/2017 | Lim and Xu communications re Transfer of Funds | Bryan Lim ownership and control of DG | Bryan Lim | 106 SINCO0009720 19-20 401 403 | No objections to remainder of writing | |
| 719 | SINCO000980537 | SINCO000980539 | 4/30/2017 | Debit Notes issued by SinCo | Embedded Employee Issue | SinCo SG Cy NG | 401 See Exhs. 219, 500 and 699 duplicative | Not duplicative. Covers different timeframe and contains additional admissions by SG | |
| 720 | SINCO012431 | SINCO012431 | 6/17/2017 | Lim-Liew Email re ▮ Copper paint for metal grille | Customer - Google | Mark Liew Cy NG | | | |
| 721 | SINCO576934 | SINCO576934 | 6/19/2017 | Email from Ng to Andy Lim | Google-Xingke Business relationship | Mark Liew Cy NG | | | |
| 722 | Deposition Exhibit | Deposition Exhibit | 7/19/2017 | Financial History Record | Impeachment | Jon Chee | 802 106 401 403 | Impeachment | |
| 723 | Mark Liew #3 000295 / SINCO001944233 | Mark Liew #3 000296 SINCO001944235 | 8/2/2017 | Liew-Ng Google Emails | Customer - Google | Mark Liew | | | |
| 724 | SINCO791337 | SINCO791340 | 8/3/2017 | Emails between Google and Mark Liew | Use of XingKe mark | Mark Liew | | | |
| 725 | SINCO576936 | SINCO576943 | 8/12/2017 | Emails between Google and XingKe | Use of XingKe mark | Cy NG Mark Liew | | | |
| 726 | DEFS_0142938 | DEFS_0142938 | 3/21/2018 | Questions regarding a speaker mod email | Customer - Motorola | Mark Liew Cy NG | attachments 401 403 | Agree to include attachments. Relevant for non-confusion. | |
| 727 | DEFS_0131010 | DEFS_0131010 | 10/19/2017 | DG "Certificates of Compliance" as Supplier for CUSTOMER | Customer - Motorola | Mark Liew Cy NG | 106 missing email and related attachments | Agree to use DEFS_0142938 and all attachments. | |
| 728 | DEFS_0111686 | DEFS_0111687 | 10/24/2017 | Xingke-Lenovo Emails re ▮ program | Customer - Motorola/Lenovo | Mark Liew | | | |
| 729 | DEFS_0258141 | DEFS_0258179 | 11/3/2017 | DG email to Google regarding XingKe Company Presentation | Xingke-Google relationship | Mark Liew Cy NG | | | |
| 730 | NG249977 | NG249977 | 11/3/2017 | DG email to Google regarding XingKe Company Presentation, including attachment | Xingke-Google relationship | Mark Liew Cy NG | 106 (Part 7a) | Agree to use native. DEFS_0258141-42 | |
| 731 | NG249978 | NG250015 | 11/3/2017 | Xingke Company Introduction | Xingke-Google relationship | Mark Liew Cy NG | 106 (Part 7b) Native should be used | Agree to use native. DEFS_0258141-42 | |
| 732 | SINCO910579 | SINCO910581 | 11/7/2017 | Nguyen Email re SinCo Employment Agreement | Sinco Employment Contract | Mihn Nguyen Jon Chee | 106 no attachments 401 403 privacy | Will include attachment SINCO9105832-83; contains admission by SG that it realized its employee agreements caused confusion | |
| 733 | ML19101 | ML19105 | 11/7/2017 | Tjoa-Apple Emails re Meeting Minutes | Customer - Apple | ML Tjoa | Doesn't match cite ML18885-19422 | Cites do match (also at DEFS_0659791) | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 734 | ML17491 | ML17491 | 11/7/2017 | KOTL-Apple Emails re Samples | Customer - Apple | ML Tjoa | | | |
| 735 | DEFS_0186568 | DEFS_0186637 | 11/14/2017 | Email from Darui to Polar with XingKe intro slides-Email from Yang to Polar with attachments, including powerpoint | Customer Interaction | Mark Liew CY Ng Jerry Da Rui | 106 568-635 | No objections to remainder of writing | |
| 736 | DEFS_0186577 | DEFS_0186635 | 11/14/2017 | XingKe Company Presentation | Customer Interaction | Mark Liew | 106 568-635 | No objections to remainder of writing | |
| 737 | DEFS_0186569 | DEFS_0186576 | 11/14/2017 | WITHDRAWN - Jinlong Machinery & Electronics Company Presentation | Customer Interaction | Mark Liew CY Ng Jerry Da Rui | Subsumed in Exh. 735 | Defs will withdraw Ex. 737 | |
| 738 | SINCO909938 | SINCO909940 | 11/28/2017 | Email from Chee to Eu re Google Visit | Customer - Google | Jon Chee | | | |
| 739 | SINCO575127 | SINCO575128 | 12/4/2017 | Internal Sinco SG emails regarding status of employees | SinCo SG communications with customer | SinCo SG Jon Chee | 401 | Customer preference to work with employee who left SinCo; undermines causation. | |
| 740 | DEFS_0148499 | DEFS_148505 | 12/4/2017 | LCS Rear housing 8S label needed | Xingke-Lenovo business relationship | Mark Liew Cy NG | 401 802 | Non-Hearsay: customer state of mind - notice that companies separate; non-confusion | |
| 741 | DEFS_0137630 | DEFS_0137688 | 12/13/2017 | Attachement: XingKe Company Introduction | Xingke-Motorola relationship | Mark Liew | 106 (Part 8b) | No other writing identified | |
| 742 | DEFS_0111537 | DEFS_0111539 | 12/13/2017 | Email from CH Lim (XingKe) to Lee (Motorola) | Xingke-Motorola relationship | Mark Liew | 106 (Part 8a) | No other writing identified | |
| 743 | SINCO001870840 | SINCO001869941 | 1/14/2018 | SinCo Balance Sheet Year 2014 to 2016 | Customer - Apple | Jon Chee | SINCO1870840-845 | No objections to remainder of writing | |
| 744 | XK00002720 | XK00002727 | 1/15/2018 | Apple - Tjoa emails: Onsite Dry Run Review at XingKe on 1/17 | Customer - Apple | ML Tjoa | 106 XK002716-2727 | No objections to remainder of writing | |
| 745 | DEFS_0112916 | DEFS_0112920 | 1/18/2018 | Morotola-XingKe Emails re XingKe lighting project | Customer - Motorola | Mark Liew | | Non-Hearsay: customer state of mind - notice that companies separate; non-confusion | |
| 746 | SINCO913238 | SINCO913240 | 1/24/2018 | Email from Nguyen to Eu re New SinCo Factory in Zhuhai | SinCo SG production capabilities | Minh Nguyen | 802 Redundant See Exhs. 689/691 | Not redundant - contains updated admissions | |
| 747 | DEFS_2384281 | DEFS_2384319 | 2/2/2018 | Welcome to Xingme Presentation | Xingke-Google relationship | Cy Ng Gouki Gao | 26 MIL | Defs' Opp to MIL 2 | |
| 748 | DEFS_2384234 | DEFS_2384280 | 2/2/2018 | XingKe Company Introduction | Xingke-Google relationship | Cy Ng Gouki Gao | 26 MIL | Defs' Opp to MIL 2 | |
| 749 | DEFS_2384233 | DEFS_2384233 | 2/2/2018 | Email from Liew (XingKe) to Sabharwal (Google) re Thank you for visit to XingKe | Xingke-Google relationship | Cy Ng Gouki Gao | 26 MIL | Defs' Opp to MIL 2 | |
| 750 | NG260985 / DEFS_2341310 | NG260988 / DEFS_2341313 | 5/21/2018 | Email from Mark Liew to Eric Pang | Xingke-Bose Business relationship | Mark Liew CY Ng | | | |
| 751 | DEFS_0153881 | DEFS_0153892 | 5/31/2018 | Emails re Bose-Intricon Order Shift - Lincoln Order Transfer | Customer - Bose | Mark Liew | 802 | Non-Hearsay: customer state of mind - notice that companies separate; non-confusion | |
| 752 | SINCO001870840 | SINCO001870841 | 7/20/2018 | Email re SinCo financial information | Customer - Apple | Minh Nguyen Jon Chee | 106 | other writing not identified | |
| 753 | SINCO913615 | SINCO913617 | 7/28/2018 | Jabil-SinCo Email re Mexico | SG - Jabil | Minh Nguyen Jon Chee | | | |
| 754 | ML0016642 | ML0016667 | 10/19/2018 | Jinglong Annual Operations Planning | Reveals customer presentation | ML Tjoa Deqiang Liu | 401 | Non-confusion | |
| 755 | DEFS_0198888 | DEFS_0198890 | 11/6/2018 | DG email to Ruwido regarding XingKe Company Presentation; and two powerpoint presentations | DG-Ruwido relationship | cy NG Gouki Gao | 106 401 | Non-confusion | |
| 756 | NG254027 | NG254028 | 11/21/2018 | Email from Tan to ycb (KOTL) re Logi SER qualification: KOTL (Xingke)/CAP due Nov. 21, 2018 (WED) | Xingke-Customer relationship | Cy NG | NOT FOUND | Sent on 9/11/2021 | |
| 757 | DEFS_0201943 | DEFS_0201947 | 11/23/2018 | Email form GuoJun (KOTL) to Jaburek (Ruwido) re Audit Report | Xingke-Customer relationship | Cy Ng Gouki Gao | 106 943-948 | No objections to remainder of writing | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 758 | NG252435 | NG252436 | 11/29/2018 | Email from Tan (Apple) to Sow (KOTL) re ▮▮▮▮ Tooling KO | Xingke-Customer relationship | Cy NG | 802 | Non-hearsay: customer state of mind/effect on listener - not confused | |
| 759 | NG130477 | NG130483 | 11/30/2018 | Email from Lim (KOTL) to Pang (KOTL) re New Bose Project | Xingke-Customer relationship | Cy NG | 802 | Non-hearsay: customer state of mind/effect on listener - not confused | |
| 760 | NG227571 | NG227574 | 12/4/2018 | Email from Gillett (Google) to Tan (KOTL) re Update Request | Xingke-Customer relationship | Cy NG | 802 | Non-hearsay: customer state of mind/effect on listener - not confused | |
| 761 | DEFS_0206114 | DEFS_0206115 | 1/12/2019 | Email from Liew (KOTL) to McCarthy re Speckled Parts from Xingke | Xingke-Customer relationship | Cy NG | | | |
| 762 | Defs' MIL No. 2, Ex. H | Defs' MIL No. 2, Ex. H | 3/4/2019 | Article re Patent Agent Fights Identity Theft | Provisional - If Defs' MIL No. 2 denied | Judicial Notice | | | |
| 763 | Deposition Exhibit | Deposition Exhibit | 4/2/2019 | SinCo Holding Snapshot-Company overview | SinCo - Company Materials | SinCo SG Judicial Notice | 802 401 403 | Business record/public filing/judicial notice | |
| 764 | Deposition Exhibit | Deposition Exhibit | 4/2/2019 | SingCo Group Holdings PTE Snapshot - Singapore Business Directory | SinCo Name - Other Companies | SinCo SG Judicial Notice | 802 401 403 | Business record/public filing/judicial notice | |
| 765 | Deposition Exhibit | Deposition Exhibit | 4/4/2019 | Florida-Google Map | Sinco SG Business | Jon Chee Judicial Notice | 802 401 403 | Contradicts allegations in complaint | |
| 766 | Fed. Dkt. [269], Ex. C to 9/25/19 John Giust Declaration | Fed. Dkt. [269], Ex. C to 9/25/19 John Giust Declaration | 4/11/2019 | Corporate history re: Dongguan Sinco Silicone Rubber Producing Co., Ltd. (including English Translation) | Liew and NG not plaintiff's employees | Judicial Notice | 802 401 403 | Business record/public filing/judicial notice | |
| 767 | Exchanged on 9/9/2021 | Exchanged on 9/9/2021 | 7/2/2019 | English Translation of Court Mediation Document] XingKe DG v. Beijing Yig Intellectual Property Agency- Mediation Agreement | Provisional - If Defs' MIL No. 2 denied | SinCo DG Judicial Notice | | | |
| 768 | DEFS_3798383 | DEFS_3798386 | 7/2/2019 | Court Mediation Document] XingKe DG v. Beijing Yig Intellectual Property Agency- Mediation Agreement | Provisional - If Defs' MIL No. 2 denied | Judicial Notice SinCo DG | 401 403 MIL | No forgery; Defs' Opp to MIL 2 | |
| 769 | See attached files | See attached files | 9/26/2020 | Form 10-K Apple Inc. | Customer - Apple | Judicial Notice | 401 | Location of customer / oral license | |
| 770 | See attached files | See attached files | 12/26/2020 | Form 10-K Intel Corporation | Customer - Intel | Judicial Notice | 401 | Location of customer / oral license | |
| 771 | See attached files | See attached files | 12/31/2020 | Form 10-K Amazon.com, Inc. | Customer - Amazon | Judicial Notice | 401 | Location of customer / oral license | |
| 772 | See attached files | See attached files | 12/31/2020 | Form 10-K Alphabet Inc. (Google) | Customer - Google | Judicial Notice | 401 | Location of customer / oral license | |
| 773 | See attached files | See attached files | 12/31/2020 | Form 10-K Verizon Communications Inc. | Customer - Verizon | Judicial Notice | 401 | Location of customer / oral license | |
| 774 | See attached files | See attached files | 3/21/2021 | Annual Report FY21 4Q Kyocera Corporation | Customer - Kyocera | Judicial Notice | 401 | Location of customer / oral license | |
| 775 | See attached files | See attached files | 3/31/2021 | Form 10-K Flex Ltd. | Customer - Flex | Judicial Notice | 401 | Location of customer / oral license | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 776 | See attached files | See attached files | 6/28/2021 | Swiftronics Federal Corporation Information | Customer - Swiftronic | Judicial Notice | 401 | Location of customer / oral license | |
| 777 | See attached files | See attached files | 7/29/2021 | Certificate of Good Standing Motorola Mobility | Customer - Motorola | Judicial Notice | 401 | Location of customer / oral license | |
| 778 | See attached files | See attached files | 8/25/2021 | Ruwido Austrica gmbh webpage | Customer - Ruwido | Judicial Notice | 401 | Location of customer / oral license | |
| 779 | See attached files | See attached files | 2/2/2021 | Annual Report Bose MA SoS | Customer - Bose | Judicial Notice | 401 | Location of customer / oral license | |
| 780 | See attached files | See attached files | 8/31/2021 | Sinco Turn-Key Manufacturing webpage USA | Use of SinCo logo by other companies | Judicial Notice | 401 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 781 | See attached files | See attached files | 8/31/2021 | Sinco Data Processing Systems USA | Use of SinCo logo by other companies | Judicial Notice | 402 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 782 | See attached files | See attached files | 8/31/2021 | Sinco Automation Pte Ltd. Singapore | Use of SinCo logo by other companies | Judicial Notice | 403 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 783 | See attached files | See attached files | 8/31/2021 | Sinco Capital Pte Ltd. Singapore | Use of SinCo logo by other companies | Judicial Notice | 404 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 784 | See attached files | See attached files | 8/31/2021 | Sinco Consulting & Technology Pte Ltd. Singapore | Use of SinCo logo by other companies | Judicial Notice | 405 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 785 | See attached files | See attached files | 8/31/2021 | Sinco Edutech Pte Ltd. Singapore | Use of SinCo logo by other companies | Judicial Notice | 406 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 786 | See attached files | See attached files | 8/31/2021 | Sinco Inc. (Brand developer) USA | Use of SinCo logo by other companies | Judicial Notice | 407 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 787 | See attached files | See attached files | 8/31/2021 | Sinco Shipping Pte Ltd. Singapore | Use of SinCo logo by other companies | Judicial Notice | 408 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 788 | See attached files | See attached files | 8/31/2021 | Sinco Sala Inc. (Construction equipment) USA | Use of SinCo logo by other companies | Judicial Notice | 409 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 789 | See attached files | See attached files | 8/31/2021 | SincoPet (Pet products) USA | Use of SinCo logo by other companies | Judicial Notice | 410 403 802 | Abandonment/likelihood of confusion Non-hearsay purpose | |
| 790 | SINCO673306 | SINCO675826 | 2010-2017 | Sinco-Swiftronic Purchase Orders | SinCo-SWFT-Apple Business | Chee | | | |
| 791 | DEFS_0008476 | DEFS_0010037 | 2013-2015 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 401 403 802 | Expansive oral license | |
| 792 | DEFS_0008373 | DEFS_0008373 | 2/21/2017 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 402 403 802 | Expansive oral license | |
| 793 | DEFS_0008372 | DEFS_0008372 | 12/13/2013 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 403 403 802 | Expansive oral license | |
| 794 | DEFS_0005747 | DEFS_0005747 | 4/19/2017 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 404 403 802 | Expansive oral license | |
| 795 | DEFS_0005745 | DEFS_0005745 | 2/22/2017 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 405 403 802 | Expansive oral license | |
| 796 | DEFS_0004158 | DEFS_0004158 | 12/31/2013 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 406 403 802 | Expansive oral license | |
| 797 | DEFS_0004157 | DEFS_0004157 | 8/7/2013 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 407 403 802 | Expansive oral license | |
| 798 | DEFS_0005612 | DEFS_0005612 | 8/3/2015 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 408 403 802 | Expansive oral license | |
| 799 | DEFS_0005578 | DEFS_0005578 | 6/30/2014 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 409 403 802 | Expansive oral license | |
| 800 | DEFS_0182689 | DEFS_0182698 | 2013-2017 | Records re: Black Diamond, WA | DG Customer - Kee | Cy NG | 410 403 802 | Expansive oral license | |
| 801 | SINCO000971419 | SINCO000971437 | 2016-2017 | Salary statements for Cy Ng | SinCo-DG Business Relationship | Cy NG / Jon Chee | See Exh. 248 | | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 802 | SINCO945430 | SINCO945468 | None | [Redline] Acquisition Prospectus | SinCo SG attempt to purchase factory | Mihn Nguyen Jon Chee | 802 401 403 | 801(d)(2); SG admits losing customers at issue for reasons unrelated to infringement. Pg. 82. | |
| 803 | SINCO945233 | SINCO945233 | undated | Zhuhai Chi Cheng's Marketing Materials | SinCo-DG Business Relationship | Jon Chee Minh Nguyen | 106 missing attachements and email 229-265 | No objections to remainder of writing | |
| 804 | SINCO945110 | SINCO945111 | undated | Zhuhai Acquisition Doc - Customer Projections | SG production capabilities | Jon Chee Minh Nguyen | | | |
| 805 | SINCO601313 | SINCO601313 | undated | SinCo Corporate Structure chart | SinCo Corporate Structure | SinCo SG | 106 SINCO601305 - 313 | No objections to remainder of writing | |
| 806 | SINCO576261 | SINCO576270 | undated | SinCo brochure "Moulding the Future" | SG's Company Overview | Lim / Chee / Nguyen | | | |
| 807 | Deposition Exhibit | Deposition Exhibit | Undated | SinCo Pharmceuticals Logo | SinCo Name - Other Company | Judicial Notice | 802 401 403 | Abandonment/use by other companies | |
| 808 | Deposition Exhibit | Deposition Exhibit | Undated | Newspaper Article | Impeachment | Judicial Notice Jon Chee | 403 609 MIL | Defs' Opp to MIL 4 | |
| 809 | Deposition Exhibit | Deposition Exhibit | Undated | SinCo Group Snapshot | Sinco Group Corporate History | SinCo SG | | | |
| 810 | SINCO000938 | SINCO000982 | Various | Payroll reports for Mark Liew from Sinco | Liew - Employment | SinCo SG Mark Liew | See Exh. 238 | | |
| 811 | SINCO645 | SINCO645 | Year 2010 | Mark Liew Annual Leave Record | Liew - Employment | Mark Liew CY Ng | See Exh. 238 | | |
| 812 | SINCO002111406 | SINCO002111407 | Year 2011 | WITHDRAWN - Apple Suppliers List 2011 | SinCo SG not listed as Apple Supplier | Judicial Notice | | | |
| 813 | SINCO001367497 | SINCO001367515 | 6/24/2010 | SinCo Group Holdings Company Profile | SinCo - Company Materials | SinCo SG | | | |
| 814 | | | | IRS Revenue Ruling 59-60, Section 4, Approach to Valuation, Section 3.01. 47 IRS Revenue Ruling 59-60, Section 4, Factors to Consider 2(b). "IRS Revenue Ruling 59-60, Section 4, Factors to Consider 2(g) | Basis for expert opinion | Hank Kahrs | 401 MIL | Articles exchanged during expert discovery | |
| 815 | | | | Commercial Damages - A Guide to Remedies in Business Litigation, Matthew Bender & Co., Inc., 2015, 51:03 [1] | Basis for expert opinion | Hank Kahrs | MIL | Articles exchanged during expert discovery | |
| 816 | | | | Evans, Elizabeth, A. and Simon, Peter. P., Litigation Services Handbook: The Role of the Financial Expert, 6th Ed., John Wiley & Sons, Inc., 2017, pp. 19-7 - 19-8 | Basis for expert opinion | Hank Kahrs | MIL | Articles exchanged during expert discovery | |
| 817 | | | | Daniel, Brian M. and Froemming, John G., Calculating and Proving Damages, Release 6, Law Journal Press, 2015, pp. 7-2 - 7-3 | Basis for expert opinion | Hank Kahrs | MIL | Articles exchanged during expert discovery | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 818 | | | | Glick, Mark A., Intellectual Properly Damages: Guidelines and Analysis, John Wiley & Sons, Inc., 2003, pp. 329-334 | Basis for expert opinion | Hank Kahrs | MIL | Articles exchanged during expert discovery | |
| 819 | | | | Boushie, Kristopher A.; Spadea, Christopher H.; and. Cunniff, Martin F., Calculating and Proving Damages, Release 6, Law Journal Press, 2015, p. 1-7 | Basis for expert opinion | Hank Kahrs | MIL | Articles exchanged during expert discovery | |
| 820 | | | | The Comprehensive Guide to Lost Profit Damages, 2009 Ed., (Business Valuation Resources, LLC, 2009), pp. 13-2 — 13-3 | Basis for expert opinion | Hank Kahrs | MIL | Articles exchanged during expert discovery | |
| 821 | | | | James O'Brien, CPA, CFF, and Greg Stillman, Esq., Performing Credible Lost Profits Analyses, The Comprehensive Guide to Economic Damages (Business Valuation Resources, LLC, 2018), p. 226 | Basis for expert opinion | Hank Kahrs | MIL | Articles exchanged during expert discovery | |
| 822 | | | | Stacey Udell, CPA/ABV/CFF, CVA, Projecting But-For Profits, The Comprehensive Guide to Economic Damages (Business Valuation Resources, LLC, 2018), p. 246 | Basis for expert opinion | Hank Kahrs | MIL | Articles exchanged during expert discovery | |
| 823 | | | | Vanderhart, Jennifer, Calculating and Proving Damages, Release 6, Law Journal Press, 2015, p. 5-12. | Basis for expert opinion | Hank Kahrs | MIL | Articles exchanged during expert discovery | |
| 824 | DEFS_0182654 | DEFS_0182669 | | Chinese 2017 JUN ETA Sinco Dongguan JinLong Wenzhou Runze & Liming Lin | Corporate History | SinCo DG Judicial Notice | MIL | Produced before close of discovery | |
| 825 | DEFS_0182651 | DEFS_0182653 | | Chinese 2016 OCT ETA Sinco Dongguan & Liming Lin | Corporate History | SinCo DG Judicial Notice | MIL | Produced before close of discovery | |
| 826 | Exchanged on 9/9/2021 | | | Chinese 2016 OCT ETA Grand Fortune & Liming Lin | Corporate History | SinCo DG Judicial Notice | 401 403 802 MIL | Business Record | |
| 827 | Exchanged on 9/9/2021 | | | Chinese 2016 APR ETA Wenzhou Runze & Sinco Holdings | Corporate History | SinCo DG Judicial Notice | 401 403 802 MIL | Business Record | |
| 828 | Exchanged on 9/9/2021 | | Year 2020 | **WITHDRAWN** - Apple Supplier List 2020 | Customer - Apple | Judicial Notice | 401 403 | SG not listed; Defs' MIL 2 | |
| 829 | Exchanged on 9/9/2021 | | Year 2019 | Apple Supplier List 2019 | Customer - Apple | Judicial Notice | 402 403 | SG not listed; Defs' MIL 2 | |
| 830 | Exchanged on 9/9/2021 | | Year 2018 | Apple Supplier List 2018 | Customer - Apple | Judicial Notice | 403 403 26 | SG not listed; Defs' MIL 2 | |
| 831 | Exchanged on 9/9/2021 | | Year 2017 | Apple Supplier List 2017 | Customer - Apple | Judicial Notice | 404 403 26 | SG not listed; Defs' MIL 2 | |
| 832 | Exchanged on 9/9/2021 | | Year 2016 | Apple Supplier List 2016 | Customer - Apple | Judicial Notice | 405 403 26 | SG not listed; Defs' MIL 2 | |
| 833 | Exchanged on 9/9/2021 | | Year 2015 | Apple Supplier List 2015 | Customer - Apple | Judicial Notice | 406 403 26 | SG not listed; Defs' MIL 2 | |
| 834 | Exchanged on 9/9/2021 | | Year 2014 | Apple Supplier List 2014 | Customer - Apple | Judicial Notice | 407 403 26 | SG not listed; Defs' MIL 2 | |
| 835 | Exchanged on 9/9/2021 | | Year 2019 | **WITHDRAWN** - Apple Supplier Code of Conduct 2019 | Customer - Apple | Judicial Notice | 408 403 26 | Supplier selection process; Defs' MIL 2 | |
| 836 | Exchanged on 9/9/2021 | | Year 2018 | Apple Supplier Code of Conduct 2018 | Customer - Apple | Judicial Notice | 409 403 26 | Supplier selection process; Defs' MIL 2 | |
| 837 | Exchanged on 9/9/2021 | | Year 2017 | Apple Supplier Code of Conduct 2017 | Customer - Apple | Judicial Notice | 410 403 26 | Supplier selection process; Defs' MIL 2 | |
| 838 | Exchanged on 9/9/2021 | | Year 2020 | **WITHDRAWN** - Apple Supplier Code of Conduct 2020 | Customer - Apple | Judicial Notice | 411 403 26 | Supplier selection process; Defs' MIL 2 | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 839 | | | | INTENTIONALLY OMITTED | | | | | |
| 840 | Exchanged on 9/9/2021 | | Year 2016 | Apple Supplier Code of Conduct 2016 | Customer - Apple | Judicial Notice | 413 403 26 | Supplier selection process; Defs' MIL 2 | |
| 841 | Exchanged on 9/9/2021 | | Year 2015 | WITHDRAWN - Apple Supplier Code of Conduct 2015 | Customer - Apple | Judicial Notice | 414 403 26 | Supplier selection process; Defs' MIL 2 | |
| 842 | Exchanged on 9/9/2021 | | Year 2021 | WITHDRAWN - Apple Supplier Code of Conduct 2021 | Customer - Apple | Judicial Notice | 415 403 26 | Supplier selection process; Defs' MIL 2 | |
| 843 | | | | INTENTIONALLY OMITTED | | | | | |
| 844 | DEFS_0182789 | DEFS_0182790 | 2/5/2015 | Records re: Santa Clara, CA Company | Customer - Intel | Cy NG Mark Liew | 401 | Pre-existing DG-Intel relationship | |
| 845 | DEFS_0182800 | DEFS_0182801 | 7/26/2013 | WITHDRAWN - Records re: Santa Clara, CA Company | Customer - Intel | Cy NG Mark Liew | 401 | Pre-existing DG-Intel relationship | |
| 846 | NG00106 | NG00106 | None | CY Ng XingKe Business Card | Ng - Employment | Cy NG | | | |
| 847 | NG0002078 / | NG0002087/ | None | SinCo Slide Deck | SinCo - Company Materials | Cy NG | | | |
| 848 | ML17253 | ML17253 | None | ML Tjoa Business Card | Tjoa representations to | ML Tjoa | | | |
| 849 | DEFS_0148746 | DEFS_0148750 | 10/12/2017 | Xingke Vendor Set up with Motorola | Xingke-Motorola Business relationship | SinCo DG | 802 | Business record; non-hearsay purpose of Motorola's state of mind and/or knowledge it was dealing with Xingke | |
| 850 | DEFS_0111681 | DEFS_0111685 | 10/12/2017 | Xingke Vendor Form with Motorola | Xingke-Motorola Business relationship | SinCo DG | 802 | Business record; non-hearsay purpose of Motorola's state of mind and/or knowledge it was dealing with Xingke | |
| 851 | DEFS_3862412 | | | XingKe Revenue Report -Tech Full Computer Changshu Co. Ltd. - Apple Band | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 852 | DEFS_3862413 | | | XingKe Revenue Report -Apple Inc. - Apple Band | DG-Xingke Revenue | Mark Liew | 402 26 MIL | Defs' Opp to MIL 2; damages | |
| 853 | DEFS_3862414 | | | XingKe Revenue Report -Compal Smart Device Chongquin Co. Ltd. - Apple Band | DG-Xingke Revenue | Mark Liew | 403 26 MIL | Defs' Opp to MIL 2; damages | |
| 854 | DEFS_3862415 | | | XingKe Revenue Report - Hongzhaoda Integrated Innovative Service Kunshan Co. Ltd. - Apple Band | DG-Xingke Revenue | Mark Liew | 404 26 MIL | Defs' Opp to MIL 2; damages | |
| 855 | DEFS_3862416 | | | XingKe Revenue Report - Tech Com Chongqing Computer Co. Ltd. - Apple Band | DG-Xingke Revenue | Mark Liew | 405 26 MIL | Defs' Opp to MIL 2; damages | |
| 856 | DEFS_3862417 | | | XingKe Revenue Report - Hon Hai Precision Industry Co. Ltd. - Apple Band | DG-Xingke Revenue | Mark Liew | 406 26 MIL | Defs' Opp to MIL 2; damages | |
| 857 | DEFS_3862403 | | | XingKe Revenue Report - Swiftronic Pte Ltd. - Apple Phone Case | DG-Xingke Revenue | Mark Liew | 407 26 MIL | Defs' Opp to MIL 2; damages | |
| 858 | DEFS_3862404 | | | XingKe Revenue Report - Bristrip Metal Industrial Ltd. (2017) - Apple Phone Case | DG-Xingke Revenue | Mark Liew | 408 26 MIL | Defs' Opp to MIL 2; damages | |
| 859 | DEFS_3862411 | | | XingKe Revenue Report - Cosmoindustries Dongguan Co. Ltd. USD currency - Apple Phone Case | DG-Xingke Revenue | Mark Liew | 409 26 MIL | Defs' Opp to MIL 2; damages | |
| 860 | DEFS_386418 | | | XingKe Revenue Report - Bristrip (2015) - Apple Phone Case | DG-Xingke Revenue | Mark Liew | 410 26 MIL | Defs' Opp to MIL 2; damages | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 861 | DEFS_3862419 | | | XingKe Revenue Report - Cosmoindustries Dongguan Co. Ltd. RMB currency - Apple Phone Case | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 862 | DEFS_3862420 | | | XingKe Revenue Report - Swiftronic Pte Ltd. - Apple Phone Case | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 863 | DEFS_3862405 | | | Sinco Technology Sales Revenue Report (For Apple Phone Case) - 2010 | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 864 | DEFS_3862406 | | | Sinco Technology Sales Revenue Report (For Apple Phone Case) - 2011 | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 865 | DEFS_3862407 | | | Sinco Technology Sales Revenue Report (For Apple Phone Case) - 2012 | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 866 | DEFS_3862408 | | | Sinco Technology Sales Revenue Report (For Apple Phone Case) - 2013 | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 867 | DEFS_3862409 | | | Sinco Technology Sales Revenue Report (For Apple Phone Case) - 2013 to 2015 | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 868 | DEFS_3862410 | | | Sinco Technology Sales Revenue Report (For Apple Phone Case) - 2013 to 2017 | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 869 | DEFS_3862421 | | | XingKe Revenue Report - Sinco -2013-2015 - Bose | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 870 | DEFS_3862422 | | | XingKe Revenue Report - Sinco -2015-2017 - Bose | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 871 | DEFS_3862423 | | | XingKe Revenue Report - IntriCon Pte. Ltd. - Bose | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 872 | DEFS_3862424 | | | XingKe Revenue Report - Flextronic International Europe B.V. - Bose | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 873 | DEFS_3862425 | | | XingKe Revenue Report - Sinco Technologies Pte. Ltd. - Bose | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 874 | DEFS_3862428 | | | XingKe Revenue Report - Tech -Front (Chongqing) Computer Co. Ltd. - ███ Google | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 875 | DEFS_3862429 | | | XingKe Revenue Report TCL -███ -Google | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 876 | DEFS_3862430 | | | XingKe Revenue Report - ███ - Google | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 877 | DEFS_3862426 | | | Summary of Sales of XingKe from 2010 to 2020 | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 878 | DEFS_3862427 | | | XingKe Revenue Report - Verizon | DG-Xingke Revenue | Mark Liew | 401 26 MIL | Defs' Opp to MIL 2; damages | |
| 879 | Defs' MIL No. 2, Ex. F / DEFS_3862383 | DEFS_3862399 | 8/31/2021 | Xingke Appellate Petition | Provisional - If Defs' MIL No. 2 Judicial Notice denied | | 802 401 403 | Defs' Opp to MIL 2; recent document | |
| 880 | Exchanged on 9/9/2021 | | 12/7/2006 | Archived SinCo DG website from 2006 | DG customer sales | Judicial Notice | 26 MIL | Defs' Opp. to MIL 2; JM - Defs' Obj. (e) | |
| 881 | Exchanged on 9/9/2021 | | 6/25/2016 | Archived SinCo DG website from 2016 | DG customer sales | Judicial Notice | 27 MIL | Defs' Opp. to MIL 2; JM - Defs' Obj. (e) | |
| 882 | DEFS_0006068 | DEFS_0006069 | 8/3/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 883 | DEFS_0007118 | DEFS_0007119 | 6/30/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 884 | DEFS_0007121 | DEFS_0007122 | 8/24/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 885 | DEFS_0010522 | DEFS_0010523 | 6/30/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 886 | DEFS_0010526 | DEFS_0010527 | 6/16/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 887 | DEFS_0010539 | DEFS_0010540 | 8/3/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 888 | DEFS_0010550 | DEFS_0010552 | 8/12/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 889 | DEFS_0010553 | DEFS_0010554 | 8/24/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 890 | DEFS_0184026 | DEFS_0184027 | 6/30/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |

| TRIAL EXHIBIT NO. | BEGINBATES | END BATES | DATE | DESCRIPTION | REASON OFFERED | SPONSORING WITNESS | OBJECTION(S) | RESPONSE(S) TO OBJECTION(S) | SPACE FOR COURT |
|---|---|---|---|---|---|---|---|---|---|
| 891 | DEFS_0184028 | DEFS_0184029 | 8/3/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 892 | DEFS_0184030 | DEFS_0184031 | 8/24/2016 | Avegant Purchase Order | DG customer sales | Mark Liew | 401 403 | DG use of SinCo mark to US customer | |
| 893 | DEFS_0103036 | DEFS_0103069 | 9/29/2017 | Email from Dobeus (Motorola) to CH Lim (XingKe) re ███████-XingKe | Customer - Motorola | Cy NG Mark Liew Gouki Gao | 401 26 MIL | Xingke-Motorola direct dealings; produced before close of fact discovery (bates range); in any event, see Defs' Opp. to MIL 2. | |
| 894 | Mark Liew 000224 | | 10/28/2016 | SinCo Group Holdings Ptd Record | Lim relationship with Xingke | Bryan Lim | 106 401 403 | Lim's control and knowledge re DG activities | |
| 895 | DEFS_3798391 | | None | Cy Ng DG Business Card and Badge | Employment | Cy Ng | MIL 2, FRCP 26 | Defs' Opp. to MIL 2 | |
| 896 | DEFS_3798512 | | None | Mark Liew DG Business Card and Badge | Employment | Mark Liew | MIL 2, FRCP 26 | Defs' Opp. to MIL 2 | |
| 897 | ML_18419 | ML_18420 | 3/2/2016 | Tjoa emails with Google | Customer - Google | ML Tjoa | | | |
| 898 | Depo. Ex. NG 52 | | 8/3/2015 | Slide Presentation at Factory | Customer - Bose | NG or Chee | | This was a duplicate Defendants initially removed from its portion of the list when the Joint Exhibit was filed on 9/14. On 10/1, Plaintiff replaced Ex. 58 with a different exhibit. As such, Defendants will include this exhibit in its portion | |

EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., | Case No. 17-cv-05517-EMC (JCS) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND RULING ON ORDER TO SHOW CAUSE** |
| SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., | |
| Defendants. | Re: Dkt. No. 229, 242 |

## I.    INTRODUCTION

Plaintiff SinCo Technologies PTE Ltd. ("SinCo") brings a Motion for Sanctions ("Sanctions Motion") asking the Court to find that Defendants are in civil contempt for disclosing confidential information in a letter to the Court filed in the public record and to award monetary sanctions against Defendants and their former attorney, Jeffrey Fazio of the DeHeng Law Offices. Both Fazio and Defendants filed opposition briefs, but the opposition filed by Defendants was a week late. The Court issued an Order to Show Cause why Defendants should not be sanctioned for their untimely filing, failure to request an extension of time and making false statements to the Court. A hearing on the Sanctions Motion and Order to Show Cause was held on August 23, 2019 at 9:30 a.m. For the reasons stated below, the Court GRANTS in part and DENIES in part SinCo's Motion and awards additional sanctions in connection with the Order to Show Cause.[1]

---

[1] Although the district judge has appointed a special master to handle discovery disputes going forward, the undersigned magistrate judge rules on the instant Motion because the issues raised in it are closely related to two previous discovery orders by the undersigned, docket nos. 187 and 191. All further discovery motions should be submitted to the special master.

## II.     BACKGROUND

This particular dispute began when counsel filed separate discovery letters, in violation of the Court's orders governing the procedures for seeking Court assistance in resolving discovery disputes.  As the parties had already violated these orders on numerous occasions, the undersigned issued an Order to Show Cause Why Defendants Should Not Pay Sanctions Regarding Exchange of Non-Joint Letters.  *See* Docket No.178.  In the Order to Show Cause, the Court made clear that that *both* parties appeared to have acted unreasonably with respect to their handling of the discovery letters but that Defendants' conduct was more egregious.  Nonetheless, after considering Defendants' written response to the Order to Show Cause, the undersigned concluded that Defendants' conduct was inadvertent and noted that SinCo's counsel bore some of the responsibility for the parties' violation of the Court's joint letter requirement because he "unreasonably restricted both the time allowed for Defendants' counsel to review the 'non-joint letter' and arbitrarily restricted the subject matter of that letter."  Docket No. 187.  The Court therefore expunged the Order to Show Cause in an order filed on April 9, 2019 (the "April 9 Order").  *Id.*   No sanctions were imposed.

On April 12, 2019, SinCo attorney Lael Andara filed a letter asking the Court for leave to file a motion for reconsideration of the Court's April 9 Order.  Docket No.190.  Counsel wanted to share with the Court his side of the story with respect to the reasons for filing separate letters.  The letter went far beyond that issue, however, setting forth a detailed description of what Andara considered to be misconduct on the part of Defendants' counsel with respect to the handling of various ongoing discovery disputes.  *Id.*   The Court denied the motion for reconsideration on April 15, 2019, stating that it would not revisit its previous decision but acknowledged that SinCo's counsel had raised "disturbing incidents reflecting the failure of counsel to work together to solve discovery problems that have been endemic in this case."  *Id.*

At this point, both sides had offered accounts of why separate discovery letters had been filed and the Court had decided (twice) that it would not impose sanctions.  Nonetheless, an hour after the Court had issued its order denying SinCo's motion for reconsideration, Fazio, who still represented Defendants, filed his own letter (the "April 15 letter") responding to the accusations of

2

United States District Court
Northern District of California

SinCo's counsel with respect to his alleged discovery misconduct. Docket No. 192. Among other things, Fazio described disputes that had arisen at the April 4, 2019 deposition of Jonathan Chee, SinCo's former COO, referencing the content of that deposition. *See* Docket No. 192. It is undisputed that at the time the letter was filed, the entire deposition transcript was still designated as CONFIDENTIAL ATTORNEYS EYES ONLY under the protective order in this case. *See* Docket No. 124 ("Protective Order") § 5.2 (providing, in part, that "the Party or non-party that sponsors, offers, or gives the testimony shall have up to ten (10) business days after receipt of the transcript or thirty (30) days after the deposition, whichever comes first, to identify the specific portions of the testimony as to which protection is sought."); *see also* Motion at 4 (quoting agreement between the parties' attorneys that entire deposition transcript would be treated as confidential pending designations by Plaintiff's counsel). Even though his letter contained information from Chee's deposition, Fazio filed the April 15 letter in the public record, in violation of the parties' agreement and the terms of the Protective Order.

SinCo brought a motion for protective order ("Protective Order Motion") on April 24, 2019, seeking an order protecting from disclosure information about Chee's past conviction (which was addressed at Chee's deposition and in the April 15 letter) and also asking the Court to prohibit Defendants from threatening Chee with criminal prosecution. Docket No. 200. In the Protective Order Motion, SinCo argued that the April 15 letter was filed in bad faith with the intent to intimidate and harass Chee, that Defendants' counsel had mischaracterized Chee's testimony in the April 15 letter, and that Chee had a right to privacy with respect to his past conviction. *Id*. Defendants filed a statement of non-opposition and the Court granted the Protective Order Motion in part, ordering that "the testimony by Mr. Chee regarding a fifteen (15) year old prior conviction in Singapore [was] properly designated as confidential under the Protective Order" and placing the April 15 letter under seal. Docket No. 214. In all other respects, the Protective Order Motion was denied.

On July 3, 2019, SinCo brought its Sanctions Motion, asking the Court to hold Defendants in civil contempt for violating the Protective Order in this case by filing the April 15 letter in the public record and to award sanctions against Defendants and attorney Jeffrey Fazio for what it

contends is conduct aimed at "embarrass[ing] and harass[ing] Mr. Chee for the purpose of coercing Mr. Chee not to testify at trial." Sanctions Motion at 5. Although many of the arguments in the instant Motion had already been made (e.g., that Defendants' counsel had violated Rule 11 of the Federal Rules of Civil Procedure in filing the April 15 letter), this was the first time SinCo's counsel expressly requested that the Court impose sanctions for Defendants' and Fazio's conduct related to the Chee deposition and April 15 letter.

The Opposition brief on the Sanctions Motion was due on July 17, 2019. On July 18, 2019, Fazio – who no longer represented Defendants – filed an opposition brief on his own behalf, arguing that the information about Chee's past conviction was publicly available and therefore could not fall under the protective order; nor could its disclosure support the imposition of sanctions. Docket No. 231. Fazio further asserted that SinCo's accusations of discovery misconduct related to the Chee deposition and April 15 letter had already been raised in the Protective Order Motion and rejected by the Court. *Id.* Finally, he argued that SinCo failed to comply with the procedural requirements of bringing a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. *Id.* Fazio also supplied a declaration in support of his opposition to which he attached news articles about Chee's past conviction to show that information about Chee's conviction was already publicly available. Docket No. 232 ("Fazio Opposition Decl."), Ex. A.

SinCo filed a reply to Fazio's opposition brief on July 23, 2019. It disputed Fazio's version of events and argued that Defendants have a "pattern and practice" of blaming their attorneys for misconduct from which they benefit. Docket Nos. 234. The reply was supported by a declaration by Daniel Gaitan with documents attached reflecting what SinCo argued were examples of such conduct. Docket No. 237. SinCo also argued that the Sanctions Motion is not a Rule 11 motion and is distinct from its previous motion for a protective order. SinCo objected to the news articles about Chee that were filed as an attachment to the Fazio Opposition Declaration, arguing that by filing them in the public record Fazio was again harassing Chee. SinCo also argued that while Fazio had filed an opposition brief, Defendants had not and therefore the Court should consider the Sanctions Motion unopposed by Defendants.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

Fazio filed an objection to the Reply evidence attached to the Gaitan Declaration on July 24, 2015.  Docket No. 235.  On the same date, Defendants filed an opposition to the Sanctions Motion, one week past the date when it was due.  Docket No. 236.  Although Defendants had not requested an extension of their briefing deadline, they represented to the Court in their brief and in a supporting declaration by attorney Michael York that they were unable to file a timely reply brief because Fazio and the DeHeng Law Offices had not provided their new counsel with sufficient information about the underlying facts that were the basis of the Sanctions Motion.  *See* York Dec., ¶ 2 ("Defendants's [sic] former attorneys have not been cooperative in providing information regarding the events to be able to prepare opposition.  As a result, Defendants were unable to prepare opposition until Defendants's [sic] former attorneys filed opposition and Defendants had information regarding at least what Defendants's [sic] former attorneys claimed").

The next day, Fazio filed a declaration responding to York's declaration, stating that the reasons offered by York for Defendants' late filing were false.  Docket No. 240 ("Fazio July 24 Declaration").  According to Fazio, he and Clay Zhu, also an attorney at the DeHeng Law Offices, had spent significant time with Defendants' new counsel "helping WHGC attorneys prepare to take over the defense of this litigation before DeHeng formally withdrew from its representation of Defendants last May." *Id*. ¶ 4.  Fazio described these efforts in detail in his declaration.  They included several lengthy meetings between counsel and the provision to WHGC of all of the litigation files in the case, in both electronic form and hard copy.  *Id*.

According to Fazio, since June 11, 2019, the only substantive communication between the DeHeng Law Offices and WHGC was a brief exchange of emails on July 3, 2019, soon after the Sanctions Motion was filed.  *See* Fazio July 24 Decl., Ex. A (July 3, 2019 email chain).  It began with an inquiry from WHGC attorney Kathleen Alparce to Zhu and Fazio stating:  "Attached is Sinco Technologies' Motion for Sanctions.  Please advise as to your response."  *Id*.  A few minutes later, Zhu responded, stating: "Hi Kathleen:  my office will file an opposition.  Thanks."  *Id*.  Approximately an hour later, WHGC's Michael York (who had been copied on the emails described above) sent an email stating as follows:

> To make sure there is no misunderstanding, first, you may oppose the

5

> motion on behalf of your office and your attorneys, but you are not authorized to oppose the motion on behalf of our clients. Second, in opposing the motion, you are not permitted to reveal anything privileged by attorney-client privilege or that is confidential.

*Id*. Fazio states that the only other communication with WHGC since the July 3 exchange related to an unpaid bill, and that WHGC made "no request for assistance from WHGC regarding the motion for sanctions or any other matter." Fazio July 24 Decl. ¶ 7.

In the meantime, SinCo filed a motion to strike Defendants' opposition on the basis that it was untimely. Docket No. 238. Although it would have been well within the Court's discretion to grant that motion, the Court decided instead to cure any prejudice associated with the untimely filing by allowing SinCo to file a surreply and to consider awarding SinCo any additional attorneys' fees and costs incurred as a result of the late filing. Therefore, on July 26, 2019 the Court denied the motion to strike and set a deadline for SinCo's surreply, instructing SinCo to provide documentation of the fees and costs associated with Defendants' failure to file their opposition brief by the deadline. In light of Fazio's July 24 declaration, the Court also issued an Order to Show Cause why Defendants should not be sanctioned for apparently misrepresenting the facts regarding their late opposition and for failing to request an extension of the briefing deadlines. Docket Nos. 241, 242.

On August 2, 2019, SinCo filed its Surreply, along with documentation of the expenses it incurred in filing the motion to strike. Docket No. 243.

Defendants' new counsel filed a response to the Order to Show Cause ("OSC Response") on the same date, with another declaration by York ("York OSC Decl."). Docket No. 244. They again asserted that they had not been provided sufficient information by the DeHeng Law Offices to file a timely opposition. In support of that assertion, they cited an email from May 29, 2019, in which Zhu refused to provide WHGC with more legible copies of documents Defendants had previously produced to SinCo on the basis that the DeHeng Law Offices had not been paid by the clients. York OSC Decl., Ex. A. Zhu told WHGC that the DeHeng Law Offices had already provided it with all of the documents in electronic format and the documents that WHGC was looking for could be found there. *Id*. He concluded the email by stating, "[b]ecause the clients

United States District Court
Northern District of California

have not paid my invoices, I am unable to assist you any further." *Id.*   In the OSC Response, Defendants rely on Zhu's email to show that the DeHeng Law Offices had already refused to cooperate even before the Sanctions Motion was filed, implying that there would have been no point in asking for DeHeng Law Offices for additional information in connection with Defendants' opposition to the Sanctions Motion.

Second, Defendants contend that WHGC's email of July 3 asking Zhu and Fazio to "[p]lease advise as to your response" to the Sanctions Motion *was* a request by WHGC for information related to the Sanctions Motion and that Zhu's email response on the same date did not provide that information, instead stating that DeHeng Law Offices would file an opposition brief.  York states in his OSC declaration that only when Fazio actually filed his opposition brief did the WHGC attorneys realize that Fazio did not intend to oppose the motion on behalf of Defendants but only on his own behalf.  *See* York OSC Decl. ¶ 7.   In support of this version of the facts, WHGC provided as an attachment to the York OSC Declaration a copy of the July 3 email exchange between Alperce and Zhu but omitted the third email, quoted above, in which York instructed Zhu that the DeHeng Law Offices was not authorized to respond to the Sanctions Motions on Defendants' behalf. York OSC Decl., Ex. B.

Finally, in response to the Court's order that Defendants explain why they did not request an extension of the filing deadline, Defendants state that they sent an email to Andara on July 23 (the day before SinCo's reply was due and six days *after* their opposition was due) informing him that they planned to file an opposition the next day and would not object if SinCo wanted additional time to file its reply).  OSC Response at p. 5 & Ex. C (email sent from Michael York to Lael Andara giving SinCo's counsel a "heads up" that Defendants planned to file their opposition brief the next day).  SinCo filed its Reply to Fazio's brief a few hours later, one day before the July 24 deadline.

On August 4, 2019, Fazio filed a response to WHGC's response to the Order to Show Cause, asserting that Defendants' new counsel had again misrepresented the facts.  In response to York's representation that he had been "blindsided" when Fazio's opposition did not present arguments on behalf of Defendants, Fazio pointed to the email from York that he had already put

United States District Court
Northern District of California

7

1    in the record showing that York had specifically told him that he was not authorized to oppose the

2    Sanctions Motion on Defendants' behalf.  Docket No. 245.

3    **III.    ANALYSIS**

4          **A.    Legal Standards**

5          "Three primary sources of authority enable courts to sanction parties or their lawyers for

6    improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed

7    with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and

8    vexatiously multiplies the proceedings, and (3) the court's inherent power."  *Fink v. Gomez*, 239

9    F.3d 989, 991 (9th Cir. 2001).  The sanctions at issue here involve the Court's inherent power.[2]

10         "The power to punish for contempt is inherent in all courts."  *Chambers v. NASCO, Inc.*,

11   501 U.S. 32, 44 (1991) (internal quotation and citation omitted).  "Civil contempt . . . consists of a

12   party's disobedience to a specific and definite court order by failure to take all reasonable steps

13   within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10

14   F.3d 693, 695 (9th Cir. 1993).   Although the contempt "need not be willful, [ ] a person should

15   not be held in contempt if his action appears to be based on a good faith and reasonable

16   interpretation of the court's order."  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th

17   Cir. 2006) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695).   A

18   party may be found in contempt when it is established "'(1) that [the alleged contemnor] violated

19   the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable

20   interpretation of the order, (4) by clear and convincing evidence.'" *Frankl v. HTH Corp.*, 832 F.

21   Supp. 2d 1179, 1186 (D. Haw. 2011) (quoting *United States v. Bright*, 596 F.3d 683, 694 (9th Cir.

22   2010) (internal quotations and citations omitted)).

23         Under its inherent power, a court also may impose sanctions on a party where it finds that

24   it has acted "'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Fink v. Gomez*, 239

25   F.3d at 991 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).  In *Fink*, the court

26   explained that "bad faith" "includes a broad range of willful improper conduct," "including

27

28   _____

[2] Although the Sanctions Motion invokes Rule 11, SinCo makes clear in its Reply brief that it is
not seeking Rule 11 sanctions but rather, is invoking the Court's inherent power.  *See* Reply at 7.

8

United States District Court
Northern District of California

recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994.   "'Because of the potency of inherent powers and the limited control of their exercise, however, they must be used with great restraint and caution.'" *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C-12-00852 WHA JCS, 2012 WL 1600393, at *9 (N.D. Cal. May 7, 2012) (quoting *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (internal quotation and citation omitted).   The Supreme Court has explained that "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. at 50.

**B.   The Sanctions Motion**

The Sanctions Motion is based on a breach of the Protective Order in this case, namely, the disclosure of information from the Chee deposition in Fazio's April 15 Letter.   Neither Fazio nor Defendants dispute that the April 15 letter included information from the transcript of Chee's deposition, that counsel had, on the record, designated the entire transcript as protected ATTORNEYS' EYES ONLY information, and that the time allowed under the Protective Order for SinCo's counsel to make its designations had not yet expired.   Because Fazio represented Defendants at the time he filed the letter, Defendants are "deemed bound" by his acts and are considered to have "notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (internal quotation and citation omitted).   Therefore, the Court finds that SinCo has established by clear and convincing evidence that Defendants and Fazio violated an order of this Court.   The Court further finds that Fazio's letter did not constitute "substantial compliance" with the Protective Order; nor have Defendants or Fazio offered any good faith and reasonable interpretation of the Protective Order that would excuse their disclosure of information in the Chee deposition transcript after counsel's designation on the record of the entire transcript as protected and before the time allotted to SinCo for making its designations had expired.   Rather, while representing Defendants Fazio repeatedly failed to abide by the rules that govern the treatment of confidential information in this case, causing the Court to issue numerous

9

1  orders for Defendants to cure these errors.  *See, e.g.,* Docket Nos. 161, 179, 198.

2          The Court further finds that the inclusion in the April 15 letter of detailed information

3  about disputes that arose between counsel at the Chee deposition was for an improper purpose.

4  When Fazio filed the April 15 letter, which was purportedly a response to SinCo's motion for

5  leave to file a motion for reconsideration of the Court's April 9 Order, the Court had not asked for

6  a response from Defendants, which was not required.[3]  *See* Civil Local Rule 7-9(d).  Indeed, by

7  the time Fazio filed the April 15 letter, the Court had already denied SinCo's motion for

8  reconsideration.  Defendants' counsel nonetheless chose to file the letter, and to include in it a

9  lengthy description of issues that arose at the Chee deposition.  As there was no pending discovery

10  motion related to these issues, Fazio's inclusion of this discussion was an attempt to gain the upper

11  hand with the Court in its ongoing discovery disputes even though (once again) he had not

12  followed the Court's procedures for addressing discovery disputes as to any disputes Defendants

13  may have had with SinCo regarding what transpired at the Chee deposition.

14          In addition, Fazio's inclusion of detailed information about his questioning of Chee in the

15  April 15 letter, which was entirely unnecessary to resolve any discovery dispute that was properly

16  before the Court, also lends credence to SinCo's allegation that Defendants' purpose was, in fact,

17  to intimidate Chee and discourage him from testifying.  This conclusion finds further support in

18  the fact that Fazio filed in the public record *additional* news reports about Chee's conviction in

19  support of his opposition brief, even though SinCo did not dispute that information about Chee's

20  conviction was publicly available and the Court had already ruled that information about that

21  conviction was nonetheless covered by the Protective Order.  Therefore, the Court concludes that

22  Defendants' conduct in filing the April 15 letter in the public record was for an improper purpose

23  for this reason as well.  Based on Defendants' reckless conduct and improper purpose, the Court

24  finds that Defendants and Fazio acted in bad faith.

25          Therefore, the Court concludes that the filing of the April 15 letter in the public record

26

27  _____

[3] Fazio appears to have been aware that he was not required to respond to SinCo's motion, starting
28  the April 15 letter by stating that when he first saw SinCo's motion, he "decided not to respond to
it," but subsequently he changed his mind.  Docket No. 192.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   warrants an exercise of the Court's civil contempt power.

2       A primary aspect of the Court's discretion in exercising its inherent powers "is the ability

3   to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v.*

4   *NASCO, Inc.*, 501 U.S. at 44-45. "[A] court may assess attorney's fees when a party has "acted in

5   bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46. As that requirement has

6   been met, the undersigned concludes that an award of attorneys' fees and costs incurred as a result

7   of Defendants' violation of the Protective Order is appropriate. The Court declines, however, to

8   award the full amount sought by SinCo, which has requested $16,976.50 in fees and costs. *See*

9   Andara Decl. (Docket No. 229-1) ¶ 21. SinCo's request is based on the time spent on its response

10   to the April 15 letter, including the preparation and filing of its motion for a protective order.

11   SinCo prevailed only in part on that motion, however, as discussed above. Accordingly, the Court

12   awards sanctions in the amount of $5,000 to SinCo. Of this amount, $1,500 shall be paid by Fazio

13   personally; the remainder will be paid by Defendants.[4]

14   **C.   The OSC**

15       Given the extremely contentious relationship between the DeHeng Law Offices and

16   SinCo's counsel, the retention of new counsel by Defendants would seem to have offered an

17   opportunity for a fresh start. Instead, the attorneys at WHGC – and in particular, Michael York –

18   have flagrantly ignored the Court's rules and knowingly made false statements to the Court about

19   their actions not just once but twice. In particular, the Court finds that Defendants' attorneys

20   knowingly made false statements when: 1) they represented to the Court that they were unable to

21

22

23

24

25

26

27

28

---

[4] The Court notes that SinCo could have requested sanctions for violation of a discovery order under Rule 37 of the Federal Rules of Civil Procedure. Sanctions are permissible under Rule 37 when a party fails to comply with a court order, regardless of the reasons. *See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) ("[T]he willfulness or good faith of [a party], can hardly affect the fact of noncompliance and [is] relevant only to the path which the District Court might follow in dealing with [the party's] failure to comply."); *David v. Hooker, Ltd.*, 560 F.2d 412, 420 (9th Cir.1977) ("in view of the possibility of light sanctions, even a negligent failure [to obey an order] should come within" Rule 37); *Chicult v. U.S.*, 4 F.3d 1322, 1320 n. 23 (5th Cir.1993) (citing *Societe* for the proposition that "the type of conduct displayed by a party had no bearing on whether sanctions should be imposed, but only on the type of sanctions imposed"). The Court finds that sanctions are warranted under Rule 37 and therefore awards the sanctions discussed above on that ground as well.

file their opposition on time because the DeHeng Law Offices had been uncooperative in providing the information necessary to respond to the Sanctions Motion; and 2) they represented to the Court that they did not know until *after* Fazio filed his opposition brief that Fazio and the DeHeng Law Offices would not be arguing in opposition to that motion on behalf of Defendants. In fact, the declarations and documentary evidence submitted by the parties make it crystal clear that Defendants did not ask for additional information from the DeHeng Law Offices in order to prepare their opposition brief – *ever*. Their attempt to spin Zhu's response to their May 29 request for more legible copies of documents that were already in their possession as a refusal to provide *any* further assistance to Defendants' new counsel is an unreasonable reading of that email. Similarly, their argument that their July 3 request that the DeHeng law Offices "advise as to [its] response" constituted a request for the substantive *content* of their opposition brief is an unreasonable interpretation of WHGC's email. As York's later email made clear, this exchange was about *who* would respond to the motion, not a request for information about the facts on which the Sanctions Motion were based. The lack of any follow-up email clarifying that WHGC was seeking assistance in learning the facts further supports the Court's reading of these emails.

Even more disturbing than these tortured attempts to show that the DeHeng Law Offices refused to provide the assistance necessary to file an opposition brief on Defendants' behalf is Defendants' assertion, supported by a sworn declaration by Michael York, that they were surprised when Fazio's opposition did not make arguments on Defendants' behalf. This representation is clearly false. It is simply not credible that York (and by extension, Defendants) believed Fazio and the DeHeng Law Offices intended to submit an opposition on Defendants' behalf when York had explicitly told the attorneys at the De Heng Law Offices in his July 3 email that they were not authorized to respond on Defendants behalf. The Court further concludes that York's omission of this email from the exhibit containing the two other emails exchanged on July 3 was intentional and was aimed at creating a false impression that the DeHeng Law Offices had told WHGC that they would oppose the sanctions motion on their behalf.

Finally, Defendants offered no explanation whatsoever for failing to request an extension of their deadline to file their opposition brief.

United States District Court
Northern District of California

The conduct of Defendants' current counsel is egregious and warrants the imposition of monetary sanctions. SinCo has supplied a declaration documenting the attorneys' fees that it incurred as a result of Defendants' failure to file a timely opposition and failure to request that the Court extend the briefing deadlines, in the amount of $4,654.00. *See* Docket No. 243-1. Although these fees were for work on the motion to strike that the Court denied, the undersigned finds that it is appropriate to award all of the fees requested by SinCo. SinCo's motion to strike would not have been filed if Defendants' counsel had followed the Court's rules and extended to opposing counsel the basic courtesy that is expected of members of the bar who practice before this Court. As that motion was a reasonable response to Defendants' late opposition brief, it is appropriate that they recover from Defendants the fees incurred in connection with that motion. Therefore, the Court exercises its inherent authority to impose sanctions on Defendants in the form of an award of attorneys' fees, in the amount of $4,654.00, payable to SinCo.

## IV. CONCLUSION

The Sanctions Motion is GRANTED in part and DENIED in part. The Court awards $5,000 in sanctions against Defendants and Fazio, payable to SinCo, on that motion. Of the $5,000, Fazio shall pay $1,500 from his personal funds. In addition, the Court awards $4,654.00 against Defendants and WHGC, also payable to SinCo.

**IT IS SO ORDERED.**

Dated: September 3, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

13

EXHIBIT 3

Jeffrey L. Fazio (SBN 146043)
jfazio@dehengsv.com
Keliang "Clay" Zhu (SBN 305509)
czhu@dehengsv.com
Yi Yao (SBN 292563)
yyao@dehengsv.com
DeHeng Law Offices PC
7901 Stoneridge Drive, #208
Pleasanton, CA 94588
Tel: (925) 399 5856
Fax: (925) 397 1976
Attorneys for Defendants
Ng Cher Yong (Cy Ng), Mui Liang Tjoa,
Xingke Electronics (Dongguan) Co., Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., | CASE No. 17-cv-05517-EMC |
| Plaintiff, | DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT PRODUCTION SET ONE |
| vs. | |
| SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG AKA CY NG; and LIEW YEW SOON AKA MARK LIEW (an individual), | JUDGE: HON. EDWARD M. CHEN |
| Defendants. | |

**PROPOUNDING PARTY: PLAINTIFF SINCO TECHNOLOGIES PTE LTD.**
**RESPONDING PARTY:     DEFENDANT XINGKE ELECTRONICS (DONGGUAN)**

**SET NO.:          ONE**

1

## GENERAL OBJECTIONS

2    Responding Party asserts and incorporates by reference the following general objections to

3    Plaintiff and Propounding Party Sinco Technologies PTE LTD.'s request for production of documents

4    as though they were set forth in full in each response.

5    Responding Party objects to Plaintiff's request for production of documents on the ground that

6    the requests are overly broad and unduly burdensome, and on the ground that Plaintiff seek documents

7    protected from disclosure by the attorney-client privilege, attorney work product doctrine, and other

8    applicable privileges. Inadvertent disclosure of privileged information is not intended to be, any may

9    not be construed as, a wavier of any applicable privilege. The existence of, date of, and frequency of,

10   attorney-client communications are subject to privilege and will not be listed on privilege logs.

11   Responding Party object to Plaintiffs' request for production of documents on the ground that

12   Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore

13   irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

14   Responding Party objects to Plaintiff's request for production of documents on the ground that

15   Plaintiff has not filed a CCP §2019.210 statement to identify the allegedly misappropriated trade secret

16   in the Federal court, and Plaintiff's CCP §2019.210 statement filed in the related case in the State Court

17   does not identify the allegedly misappropriated trade secret with reasonable particularity, which makes

18   it impossible for the Parties or the Court to know, with any degree of certainty, whether discovery is

19   relevant or not.

20   Responding Party objects to Plaintiff's request for production of documents on the ground that

21   it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or

22   commercially-sensitive information, the disclosure of which would unduly and improperly invade its

23   protected rights. Responding Party similarly objects to each and every Request on the ground it seeks

24   third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

25   disclosure of which could harm third parties' competitive or business positions or result in a breach of

26   Responding Party's obligation to maintain the confidentiality of such information.

27   This response is made without waiver of, and with express reservation of all questions as to

28

competency, relevancy, materiality, and admissibility of the responses to document requests as evidence for any purpose in any further proceedings in this action (including the trial of this action) or in any other action.

Responding Party objects Plaintiff's request for production of documents on the ground they attempt to impose obligations that are inconsistent with, or beyond the scope of, those imposed by or authorized under the Federal Rules of Civil Procedure or other applicable law.

Responding Party objects to Plaintiff's request for production of documents on the ground they seek documents or information in the possession, custody, or control of entities or persons other than Responding Party.

Responding Party objects to Plaintiff's request for production of documents on the ground they seek documents or information that no longer exists or has otherwise been lost, misplaced, or destroyed.

The Responding Party objects to Plaintiff's request to the extent that they are unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

Responding Party objects to Plaintiff's request for production of documents on the ground they are unduly burdensome to the extent that they seek documents previously produced to the Plaintiffs and their attorneys and/or are publicly available on the Internet. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for the Plaintiffs as for the Defendants.

Responding Party's objections and responses to Plaintiffs' request for production of documents are based upon the information presently known by the Responding Party, and are made without prejudice to the Responding Party's right to assert additional objections in the event that additional grounds for objections should be discovered by the Responding Party subsequent to this response. Without waiving the above objections, Responding Party will provide responses to relevant, non-privileged matters based on information currently available to it, subject only to the requirements for supplementation of responses contained in Fed. R. Civ. P. 26(e).

1
2          **Specific Objection and Responses**
3
4     **Request for Production No. 1:**
5          All DOCUMENTS referred to, relied on or identified by YOU in YOUR responses to Plaintiff's
6
      First Set of Interrogatories
7
      **Response to Request for Production No. 1:**
8
9          Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and
10    ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR"
11    as *only* referring to Responding Party, and *not* also including anyone acting with or on behalf of Responding
12    Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they
13    appear to require responses from Responding Party that are protected by work product and attorney-client
      privilege.
14
15         Responding Party object to this request on the ground that Plaintiffs seek the discovery of
16    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not
17    reasonably calculated to lead to the discovery of admissible evidence.
18         Responding Party objects to this request on the ground that it seeks Responding Party and
19    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the
20    disclosure of which would unduly and improperly invade its protected rights. Responding Party
21    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,
22    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'
23    competitive or business positions or result in a breach of Responding Party's obligation to maintain the
      confidentiality of such information.
24
25         Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad
      and unduly burdensome.
26
27
28
                                          4

1    Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

2    ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

3    secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

4    Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

5    issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

6    the propounded discovery is proper in scope or not.

7    Without waiving any objections, Responding Party responds: responsive and non-privileged

8    documents that have been located through reasonable and diligent search have been produced, see

9    ML0000001-ML0015957, NG0000001-NG0004901. Any additional responsive and non-privileged

10   documents will be produced on a rolling basis, subject to the protective order and the E-discovery

11   protocol.

12

13   **Request for Production No. 2:**

14   Each and every COMMUNICATION to andylim@google.com from January 1, 2013 to present.

15   PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

16   electronic form, the data be produced on a compact disc in a manner capable of use in the application

17   as it is maintained by YOU, for example, if the electronic communication was received or generated in

18   Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

19   Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

20   to, CC, and from.

21

22

23   **Response to Request for Production No. 2:**

24   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

26   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

6
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT PRODUCTION SET ONE

Responding Party will promptly provide Google a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and make the information requested available for inspection by Google . If Google fails to object or seek a protective order from the court within reasonable time upon receiving the notice and accompanying information, Responding Party will produce non-privileged documents responsive to this discovery request in his possession and control, on a rolling basis, subject to the Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log. If Google seeks a protective order, the Responding Party will not produce any documents in his possession or control that is subject to the confidentiality agreement before a determination by the Court.

**Request for Production No. 3:**

Each and every COMMUNICATION to kenloo@google.com from January 1, 2013 to present. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 3:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

1    Responding Party will promptly provide Google a copy of the Stipulated Protective Order in

2  this litigation, the relevant discovery request(s), and a reasonably specific description of the

3  information requested, and make the information requested available for inspection by Google . If

4  Google fails to object or seek a protective order from the court within reasonable time upon receiving

5  the notice and accompanying information, Responding Party will produce non-privileged documents

6  responsive to this discovery request in his possession and control, on a rolling basis, subject to the

7  Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

8  If Google seeks a protective order, the Responding Party will not produce any documents in his

9  possession or control that is subject to the confidentiality agreement before a determination by the

10  Court.

11

12

13  **Request for Production No. 4:**

14  Each and every COMMUNICATION to lmarvet@google.com from January 1, 2013 to present.

15  PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

16  electronic form, the data be produced on a compact disc in a manner capable of use in the application

17  as it is maintained by YOU, for example, if the electronic communication was received or generated in

18  Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

19  Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

20  to, CC, and from.

21

22

23  **Response to Request for Production No. 4:**

24  Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

26  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

1    Responding Party will promptly provide Google  a copy of the Stipulated Protective Order in

2    this litigation, the relevant discovery request(s), and a reasonably specific description of the

3    information requested, and make the information requested available for inspection by Google  . If

4    Google  fails to object or seek a protective order from the court within reasonable time upon receiving

5    the notice and accompanying information, Responding Party will produce non-privileged documents

6    responsive to this discovery request in his possession and control, on a rolling basis, subject to the

7    Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

8

9    If Google  seeks a protective order, the Responding Party will not produce any documents in his

10   possession or control that is subject to the confidentiality agreement before a determination by the

11   Court.

12

13   **Request for Production No. 5:**

14   Each and every COMMUNICATION to vivsaini@google.com from January 1, 2013 to present.

15   PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

16   electronic form, the data be produced on a compact disc in a manner capable of use in the application

17   as it is maintained by YOU, for example, if the electronic communication was received or generated in

18   Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

19   Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

20   to, CC, and from.

21

22

23   **Response to Request for Production No. 5:**

24   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25   ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

26   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28
                                                    11
     DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
                                         PRODUCTION SET ONE

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

1   Responding Party will promptly provide Google a copy of the Stipulated Protective Order in

2   this litigation, the relevant discovery request(s), and a reasonably specific description of the

3   information requested, and make the information requested available for inspection by Google . If

4   Google fails to object or seek a protective order from the court within reasonable time upon receiving

5   the notice and accompanying information, Responding Party will produce non-privileged documents

6

7   responsive to this discovery request in his possession and control, on a rolling basis, subject to the

8   Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

9   If Google seeks a protective order, the Responding Party will not produce any documents in his

10  possession or control that is subject to the confidentiality agreement before a determination by the

11  Court.

12

13  **Request for Production No. 6:**

14   Each and every COMMUNICATION to tressascott@google.com from January 1, 2013 to

15  present. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

16

17  electronic form, the data be produced on a compact disc in a manner capable of use in the application

18  as it is maintained by YOU, for example, if the electronic communication was received or generated in

19  Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

20  Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

21  to, CC, and from.

22

23  **Response to Request for Production No. 6:**

24   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

26  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

1    Responding Party will promptly provide Google  a copy of the Stipulated Protective Order in

2    this litigation, the relevant discovery request(s), and a reasonably specific description of the

3    information requested, and make the information requested available for inspection by Google  . If

4    Google  fails to object or seek a protective order from the court within reasonable time upon receiving

5    the notice and accompanying information, Responding Party will produce non-privileged documents

6    responsive to this discovery request in his possession and control, on a rolling basis, subject to the

7    Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

8    If Google  seeks a protective order, the Responding Party will not produce any documents in his

9    possession or control that is subject to the confidentiality agreement before a determination by the

10    Court.

11

12

13    **Request for Production No. 7:**

14    Each and every COMMUNICATION to angelagosto@google.com from January 1, 2013 to

15    present. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

16    electronic form, the data be produced on a compact disc in a manner capable of use in the application

17    as it is maintained by YOU, for example, if the electronic communication was received or generated in

18    Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

19    Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

20    to, CC, and from.

21

22

23    **Response to Request for Production No. 7:**

24    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25    ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

26    "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

1    Responding Party will promptly provide Google  a copy of the Stipulated Protective Order in

2    this litigation, the relevant discovery request(s), and a reasonably specific description of the

3    information requested, and make the information requested available for inspection by Google  . If

4    Google  fails to object or seek a protective order from the court within reasonable time upon receiving

5
6    the notice and accompanying information, Responding Party will produce non-privileged documents

7    responsive to this discovery request in his possession and control, on a rolling basis, subject to the

8    Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

9    If Google  seeks a protective order, the Responding Party will not produce any documents in his

10   possession or control that is subject to the confidentiality agreement before a determination by the

11   Court.

12

13   **Request for Production No. 8:**

14   Each and every COMMUNICATION to mwilson@google.com from January 1, 2013 to

15   present. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

16   electronic form, the data be produced on a compact disc in a manner capable of use in the application

17   as it is maintained by YOU, for example, if the electronic communication was received or generated in

19   Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

20   Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

21   to, CC, and from.

22

23   **Response to Request for Production No. 8:**

24   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25   ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

26   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28
                                              17
     DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
                              PRODUCTION SET ONE

1  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

2  objected to since they appear to require responses from Responding Party that are protected by work

3  product and attorney-client privilege.

4      Responding Party object to this request on the ground that Plaintiffs seek the discovery of

5  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

6

7  reasonably calculated to lead to the discovery of admissible evidence.

8      Responding Party objects to this request on the ground that it seeks Responding Party and

9  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

10 disclosure of which would unduly and improperly invade its protected rights. Responding Party

11 similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

12 trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

13 competitive or business positions or result in a breach of Responding Party's obligation to maintain the

14

15 confidentiality of such information.

16     Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

17 and unduly burdensome.

18     Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

19 ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

20 secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

21

22 Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

23 issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

24 the propounded discovery is proper in scope or not.

25     Without waiving any objections, Responding Party responds: Responding Party will produce

26 non-privileged responsive documents in his possession and control. Privileged documents will be

27 identified on a privilege log.

28

18
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT PRODUCTION SET ONE

1   Responding Party will promptly provide Google  a copy of the Stipulated Protective Order in

2   this litigation, the relevant discovery request(s), and a reasonably specific description of the

3   information requested, and make the information requested available for inspection by Google  . If

4   Google  fails to object or seek a protective order from the court within reasonable time upon receiving

5   the notice and accompanying information, Responding Party will produce non-privileged documents

6   responsive to this discovery request in his possession and control, on a rolling basis, subject to the

7   Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

8   If Google  seeks a protective order, the Responding Party will not produce any documents in his

9   possession or control that is subject to the confidentiality agreement before a determination by the

10  Court.

11

12

13  **Request for Production No. 9:**

14

15      Each and every COMMUNICATION to flmartinez@google.com from January 1, 2013 to

16  present. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

17  electronic form, the data be produced on a compact disc in a manner capable of use in the application

18  as it is maintained by YOU, for example, if the electronic communication was received or generated in

19  Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

20  Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

21  to, CC, and from.

22

23  **Response to Request for Production No. 9:**

24      Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25  ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

26  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

1  Responding Party will promptly provide Google a copy of the Stipulated Protective Order in

2  this litigation, the relevant discovery request(s), and a reasonably specific description of the

3  information requested, and make the information requested available for inspection by Google . If

4  Google fails to object or seek a protective order from the court within reasonable time upon receiving

5  the notice and accompanying information, Responding Party will produce non-privileged documents

6  responsive to this discovery request in his possession and control, on a rolling basis, subject to the

7  Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

8  

9  If Google seeks a protective order, the Responding Party will not produce any documents in his

10  possession or control that is subject to the confidentiality agreement before a determination by the

11  Court.

12  

13  **Request for Production No. 10:**

14  Each and every COMMUNICATION to manasit@google.com from January 1, 2013 to present.

15  PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

16  electronic form, the data be produced on a compact disc in a manner capable of use in the application

17  as it is maintained by YOU, for example, if the electronic communication was received or generated in

18  

19  Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

20  Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

21  to, CC, and from.

22  

23  **Response to Request for Production No. 10:**

24  Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

26  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27  

28  

21
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1    of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

2    objected to since they appear to require responses from Responding Party that are protected by work

3    product and attorney-client privilege.

4        Responding Party object to this request on the ground that Plaintiffs seek the discovery of

5    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

6    reasonably calculated to lead to the discovery of admissible evidence.

7

8        Responding Party objects to this request on the ground that it seeks Responding Party and

9    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

10   disclosure of which would unduly and improperly invade its protected rights. Responding Party

11   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

12   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

13   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

14   confidentiality of such information.

15

16       Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

17   and unduly burdensome.

18       Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

19   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

20   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

21   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

22   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

23   the propounded discovery is proper in scope or not.

24

25       Without waiving any objections, Responding Party respondes: Responding Party will produce

26   non-privileged responsive documents in his possession and control. Privileged documents will be

27   identified on a privilege log.

28

22
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT PRODUCTION SET ONE

1    Responding Party will promptly provide Google a copy of the Stipulated Protective Order in

2    this litigation, the relevant discovery request(s), and a reasonably specific description of the

3    information requested, and make the information requested available for inspection by Google . If

4    Google fails to object or seek a protective order from the court within reasonable time upon receiving

5    the notice and accompanying information, Responding Party will produce non-privileged documents

6

7    responsive to this discovery request in his possession and control, on a rolling basis, subject to the

8    Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

9    If Google seeks a protective order, the Responding Party will not produce any documents in his

10   possession or control that is subject to the confidentiality agreement before a determination by the

11   Court.

12

13   **Request for Production No. 11:**

14

15       Each and every COMMUNICATION to juandelaluz@google.com from January 1, 2013 to

16   present. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

17   electronic form, the data be produced on a compact disc in a manner capable of use in the application

18   as it is maintained by YOU, for example, if the electronic communication was received or generated in

19   Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

20   Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

21   to, CC, and from.

22

23   **Response to Request for Production No. 11:**

24       Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

26   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28
                                                    23

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

1    Responding Party will promptly provide Google  a copy of the Stipulated Protective Order in

2  this litigation, the relevant discovery request(s), and a reasonably specific description of the

3  information requested, and make the information requested available for inspection by Google  . If

4  Google  fails to object or seek a protective order from the court within reasonable time upon receiving

5
6  the notice and accompanying information, Responding Party will produce non-privileged documents

7  responsive to this discovery request in his possession and control, on a rolling basis, subject to the

8  Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

9  If Google  seeks a protective order, the Responding Party will not produce any documents in his

10  possession or control that is subject to the confidentiality agreement before a determination by the

11  Court.

12

13  **Request for Production No. 12:**

14    Each and every COMMUNICATION to jboilard@google.com from January 1, 2013 to present.

15  PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

16  electronic form, the data be produced on a compact disc in a manner capable of use in the application

17  as it is maintained by YOU, for example, if the electronic communication was received or generated in

18
19  Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

20  Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

21  to, CC, and from.

22

23  **Response to Request for Production No. 12:**

24    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25  ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

26  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

1    Responding Party will promptly provide Google  a copy of the Stipulated Protective Order in

2    this litigation, the relevant discovery request(s), and a reasonably specific description of the

3    information requested, and make the information requested available for inspection by Google  . If

4    Google  fails to object or seek a protective order from the court within reasonable time upon receiving

5    the notice and accompanying information, Responding Party will produce non-privileged documents

6    responsive to this discovery request in his possession and control, on a rolling basis, subject to the

7

8    Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log.

9    If Google  seeks a protective order, the Responding Party will not produce any documents in his

10   possession or control that is subject to the confidentiality agreement before a determination by the

11   Court.

12

13   **Request for Production No. 13:**

14

15   Each and every COMMUNICATION to ella.wang@fabritech.com from January 1, 2013 to

16   present. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

17   electronic form, the data be produced on a compact disc in a manner capable of use in the application

18   as it is maintained by YOU, for example, if the electronic communication was received or generated in

19   Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

20   Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

21   to, CC, and from.

22

23   **Response to Request for Production No. 13:**

24    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25   ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

26   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27

28

of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights.  Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds:Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

1    Responding Party will promptly provide Fabritech a copy of the Stipulated Protective Order in

2    this litigation, the relevant discovery request(s), and a reasonably specific description of the

3    information requested, and make the information requested available for inspection by Fabritech . If

4    Fabritech fails to object or seek a protective order from the court within reasonable time upon

5    receiving the notice and accompanying information, Responding Party will produce non-privileged

6    documents responsive to this discovery request in his possession and control, on a rolling basis, subject

7    to the Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege

8    log. If Fabritech seeks a protective order, the Responding Party will not produce any documents in his

9    possession or control that is subject to the confidentiality agreement before a determination by the

10   Court.

11

12

13   **Request for Production No. 14:**

14   Each and every COMMUNICATION from mltjoa@kotl.com.cn to an individual in the United

15   States from January 1, 2016 to present that contain the word "sinco," in any form or language.

16

17   **Response to Request for Production No. 14:**

18   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

19   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

20   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

21   of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

22   objected to since they appear to require responses from Responding Party that are protected by work

23   product and attorney-client privilege.

24

25

26

27

28
                                                    29

1   Responding Party object to this request on the ground that Plaintiffs seek the discovery of

2   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

3   reasonably calculated to lead to the discovery of admissible evidence.

4   Responding Party objects to this request on the ground that it seeks Responding Party and

5   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

6   disclosure of which would unduly and improperly invade its protected rights. Responding Party

7   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

8   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

9   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

10  confidentiality of such information.

11  Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

12  and unduly burdensome.

13  Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

14  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

15  secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

16  Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

17  issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

18  the propounded discovery is proper in scope or not.

19  Without waiving any objections, Responding Party responds: Responsive and non-privileged

20  Documents have been produced, see ML0000001 – ML0015957. Discovery is ongoing. Any additional

21  responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

22  order and E-discovery protocol.

**Request for Production No. 15:**

Each and every COMMUNICATION to mltjoa@kotl.com.cn to an individual in the United States from January 1, 2016 to present that contain the word "sinco," in any form or language. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 15:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged Documents have been produced, see ML0000001 – ML0015957. Discovery is ongoing. Any additional responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 16:**

Each and every COMMUNICATION from liewyewsoon@sincocn.com to a customer individual in the United States from January 1, 2010 to present that contain the word "sinco,"in any form or language. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

1

2      **Response to Request for Production No. 16:**

3          Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

4      ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

5      "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

6      of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

7      objected to since they appear to require responses from Responding Party that are protected by work

8      product and attorney-client privilege.

9

10         Responding Party object to this request on the ground that Plaintiffs seek the discovery of

11     information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

12     reasonably calculated to lead to the discovery of admissible evidence.

13

14         Responding Party objects to this request on the ground that it seeks Responding Party and

15     Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

16     disclosure of which would unduly and improperly invade its protected rights. Responding Party

17     similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

18     trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

19     competitive or business positions or result in a breach of Responding Party's obligation to maintain the

20     confidentiality of such information.

21

22         Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

23     and unduly burdensome.

24         Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

25     ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

26     secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

27     Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

28

33
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1    issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

2    the propounded discovery is proper in scope or not.

3        Without waiving any objections, Responding Party responds: Responsive and non-privileged

4    Documents have been produced, see Mark Liew's production. Discovery is ongoing. Any additional

5    responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

6    order and E-discovery protocol.

7

8    **Request for Production No. 17:**

9        Each and every COMMUNICATION to liewyewsoon@sincocn.com from a customer in the

10   United States from January 1, 2010 to present that contain the word "sinco,"in any form or language.

11   PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

12   electronic form, the data be produced on a compact disc in a manner capable of use in the application

13   as it is maintained by YOU, for example, if the electronic communication was received or generated in

14   Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

15   Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

16   to, CC, and from.

17

18

19   **Response to Request for Production No. 17:**

20       Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

21   ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

22   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

23   of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

24   objected to since they appear to require responses from Responding Party that are protected by work

25   product and attorney-client privilege.

26

27

28

34
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1   Responding Party object to this request on the ground that Plaintiffs seek the discovery of

2   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

3   reasonably calculated to lead to the discovery of admissible evidence.

4   Responding Party objects to this request on the ground that it seeks Responding Party and

5   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

6   disclosure of which would unduly and improperly invade its protected rights. Responding Party

7   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

8   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

9   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

10  confidentiality of such information.

11  Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

12  and unduly burdensome.

13  Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

14  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

15  secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

16  Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

17  issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

18  the propounded discovery is proper in scope or not.

19  Without waiving any objections, Responding Party responds: Responsive and non-privileged

20  Documents have been produced, see Mark Liew's production. Discovery is ongoing. Any additional

21  responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

22  order and E-discovery protocol.

**Request for Production No. 18:**

1    Each and every COMMUNICATION from markliew2002@yahoo.com.sg to a customer

2  individual in the United States from January 1, 2010 to present that contain the word "sinco," in any

3  form or language. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is

4  available in electronic form, the data be produced on a compact disc in a manner capable of use in the

5  application as it is maintained by YOU, for example, if the electronic communication was received or

6  generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of

7  use in the Microsoft Outlook application including any and all metadata fields as to the date of

8  creation, response, to, CC, and from.

**Response to Request for Production No. 18:**

    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

"YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

objected to since they appear to require responses from Responding Party that are protected by work

product and attorney-client privilege.

    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

reasonably calculated to lead to the discovery of admissible evidence.

    Responding Party objects to this request on the ground that it seeks Responding Party and

Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

disclosure of which would unduly and improperly invade its protected rights.  Responding Party

similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

36
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged Documents have been produced, see Mark Liew's production. Discovery is ongoing. Any additional responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 19:**

Each and every COMMUNICATION to markliew2002@yahoo.com.sg from a customer in the United States from January 1, 2010 to present that contain the word "sinco,"in any form or language. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

1  **Response to Request for Production No. 19:**

2         Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

3  ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

4  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

5  of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

6  objected to since they appear to require responses from Responding Party that are protected by work

7  product and attorney-client privilege.

8

9         Responding Party object to this request on the ground that Plaintiffs seek the discovery of

10  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

11  reasonably calculated to lead to the discovery of admissible evidence.

12         Responding Party objects to this request on the ground that it seeks Responding Party and

13  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

14  disclosure of which would unduly and improperly invade its protected rights.  Responding Party

15  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

16  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

17  competitive or business positions or result in a breach of Responding Party's obligation to maintain the

18  confidentiality of such information.

19

20         Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

21  and unduly burdensome.

22

23         Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

24  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

25  secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

26  Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

27

28

issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged Documents have been produced, see Mark Liew's production. Discovery is ongoing. Any additional responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 20:**

Each and every COMMUNICATION from markliew2002@xingcn.com to a customer individual in the United States from January 1, 2017 to present that contain the word "sinco,"in any form or language. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 20:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

1    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

2    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

3    reasonably calculated to lead to the discovery of admissible evidence.

4    Responding Party objects to this request on the ground that it seeks Responding Party and

5    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

6    disclosure of which would unduly and improperly invade its protected rights.  Responding Party

7    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

8    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

9    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

10   confidentiality of such information.

11

12   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

13   and unduly burdensome.

14

15   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

16   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

17   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

18   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

19   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

20   the propounded discovery is proper in scope or not.

21

22   Without waiving any objections, Responding Party responds: Responsive and non-privileged

23   Documents have been produced, see Mark Liew's production. Discovery is ongoing. Any additional

24   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

25   order and E-discovery protocol.

26   **Request for Production No. 21:**

27

28

1    Each and every COMMUNICATION to markliew2002@xingcn.com from a customer

2 individual in the United States from January 1, 2017 to present that contain the word "sinco,"in any

3 form or language.  PROPOUNDING PARTY elects under FRCP 34(b) that where the information is

4 available in electronic form, the data be produced on a compact disc in a manner capable of use in the

5 application as it is maintained by YOU, for example, if the electronic communication was received or

6 generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of

7 use in the Microsoft Outlook application including any and all metadata fields as to the date of

8 creation, response, to, CC, and from.

9

10

**Response to Request for Production No. 21:**

11

12    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

13 ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

14 "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

15 of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

16 objected to since they appear to require responses from Responding Party that are protected by work

17 product and attorney-client privilege.

18

19    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

20 information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

21 reasonably calculated to lead to the discovery of admissible evidence.

22    Responding Party objects to this request on the ground that it seeks Responding Party and

23 Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

24 disclosure of which would unduly and improperly invade its protected rights.  Responding Party

25 similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

26 trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

27

28

41
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1  competitive or business positions or result in a breach of Responding Party's obligation to maintain the

2  confidentiality of such information.

3  Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

4  and unduly burdensome.

5  Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

6  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

7  secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

8

9  Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

10  issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

11  the propounded discovery is proper in scope or not.

12  Without waiving any objections, Responding Party responds: Responding Party responds:

13  Responsive and non-privileged Documents have been produced, see Mark Liew's production.

14  Discovery is ongoing. Any additional responsive and non-privileged documents will be produced on a

15

16  rolling basis, subject to the protective order and E-discovery protocol.

17  **Request for Production No. 22:**

18

19  Each and every COMMUNICATION from ngyiming@sincocn.com to a customer in the United

20  States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the

21  information is available in electronic form, the data be produced on a compact disc in a manner capable

22  of use in the application as it is maintained by YOU, for example, if the electronic communication was

23  received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner

24  capable of use in the Microsoft Outlook application including any and all metadata fields as to the date

25  of creation, response, to, CC, and from.

26

27  **Response to Request for Production No. 22:**

28

42
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT PRODUCTION SET ONE

1    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

2    ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

3    "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

4    of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

5    objected to since they appear to require responses from Responding Party that are protected by work

6

7    product and attorney-client privilege.

8    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

9    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

10   reasonably calculated to lead to the discovery of admissible evidence.

11   Responding Party objects to this request on the ground that it seeks Responding Party and

12   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

13   disclosure of which would unduly and improperly invade its protected rights. Responding Party

14   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

15   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

16   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

17   confidentiality of such information.

18

19   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

20   and unduly burdensome.

21   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

22   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

23   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

24   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

25   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

26   the propounded discovery is proper in scope or not.

27

28

1    Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

2  responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

3  order and E-discovery protocol.

4  **Request for Production No. 23:**

5

6    Each and every COMMUNICATION to ngyiming@sincocn.com from a customer in the United

7  States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the

8  information is available in electronic form, the data be produced on a compact disc in a manner capable

9  of use in the application as it is maintained by YOU, for example, if the electronic communication was

10  received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner

11
12  capable of use in the Microsoft Outlook application including any and all metadata fields as to the date

13  of creation, response, to, CC, and from.

14  **Response to Request for Production No. 23:**

15
16    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

17  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

18  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

19  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

20  objected to since they appear to require responses from Responding Party that are protected by work

21  product and attorney-client privilege.

22    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

23
24  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

25  reasonably calculated to lead to the discovery of admissible evidence.

26    Responding Party objects to this request on the ground that it seeks Responding Party and

27  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

28
                                         44
      DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
                                   PRODUCTION SET ONE

1    disclosure of which would unduly and improperly invade its protected rights. Responding Party

2    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

3    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

4    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

5    confidentiality of such information.

6

7            Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

8    and unduly burdensome.

9            Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

10   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

11   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

12   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

13   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

14   the propounded discovery is proper in scope or not.

15

16           Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

17   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

18   order and E-discovery protocol.

19   **Request for Production No. 24:**

20

21           Each and every COMMUNICATION from ymng@xingkecn.com to a customer in the United

22   States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the

23   information is available in electronic form, the data be produced on a compact disc in a manner capable

24   of use in the application as it is maintained by YOU, for example, if the electronic communication was

25   received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner

26

27

28

capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 24:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party respond: Discovery is ongoing. Any

responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

order and E-discovery protocol.

**Request for Production No. 25:**

Each and every COMMUNICATION to ymng@xingkecn.com from a customer in the United

States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the

information is available in electronic form, the data be produced on a compact disc in a manner capable

of use in the application as it is maintained by YOU, for example, if the electronic communication was

received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner

capable of use in the Microsoft Outlook application including any and all metadata fields as to the date

of creation, response, to, CC, and from.

**Response to Request for Production No. 25:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

"YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

objected to since they appear to require responses from Responding Party that are protected by work

product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights.  Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 26:**

Each and every COMMUNICATION from engineering@sincocn.com to a customer in the United States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 26:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party respond: Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 27:**

Each and every COMMUNICATION to engineering@sincocn.com from a customer in the United States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 27:**

1    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

2    ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

3    "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

4    of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

5

6    objected to since they appear to require responses from Responding Party that are protected by work

7    product and attorney-client privilege.

8    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

9    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

10   reasonably calculated to lead to the discovery of admissible evidence.

11   Responding Party objects to this request on the ground that it seeks Responding Party and

12   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

13   disclosure of which would unduly and improperly invade its protected rights. Responding Party

14   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

15

16   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

17   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

18   confidentiality of such information.

19   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

20   and unduly burdensome.

21

22   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

23   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

24   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

25   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

26   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

27   the propounded discovery is proper in scope or not.

28
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1   Without waiving any objections, Responding Party respond: Discovery is ongoing. Any

2   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

3   order and E-discovery protocol.

4   **Request for Production No. 28:**

5

6   Each and every COMMUNICATION from engineering@xingkecn.com to a customer in the

7   United States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where

8   the information is available in electronic form, the data be produced on a compact disc in a manner

9   capable of use in the application as it is maintained by YOU, for example, if the electronic

10  communication was received or generated in Microsoft Outlook, the data should be produced on a

11  compact disc in a manner capable of use in the Microsoft Outlook application including any and all

12  metadata fields as to the date of creation, response, to, CC, and from.

13

14  **Response to Request for Production No. 28:**

15  Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

16  ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

17  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

18  of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

19  objected to since they appear to require responses from Responding Party that are protected by work

20  product and attorney-client privilege.

21  Responding Party object to this request on the ground that Plaintiffs seek the discovery of

22  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

23  reasonably calculated to lead to the discovery of admissible evidence.

24  Responding Party objects to this request on the ground that it seeks Responding Party and

25  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

26

27

28

DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1    disclosure of which would unduly and improperly invade its protected rights.  Responding Party

2    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

3    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

4    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

5    confidentiality of such information.

6

7         Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

8    and unduly burdensome.

9         Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

10   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

11   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

12   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

13   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

14   the propounded discovery is proper in scope or not.

15

16        Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

17   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

18   order and E-discovery protocol.

19

20   **Request for Production No. 29:**

21

22        Each and every COMMUNICATION to engineering@xingkecn.com from a customer in the

23   United States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where

24   the information is available in electronic form, the data be produced on a compact disc in a manner

25   capable of use in the application as it is maintained by YOU, for example, if the electronic

26   communication was received or generated in Microsoft Outlook, the data should be produced on a

27

28

1  compact disc in a manner capable of use in the Microsoft Outlook application including any and all

2  metadata fields as to the date of creation, response, to, CC, and from.

3

4  **Response to Request for Production No. 29:**

5      Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

6  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

7  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

8  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

9  objected to since they appear to require responses from Responding Party that are protected by work

10  product and attorney-client privilege.

11      Responding Party object to this request on the ground that Plaintiffs seek the discovery of

12  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

13  reasonably calculated to lead to the discovery of admissible evidence.

14

15      Responding Party objects to this request on the ground that it seeks Responding Party and

16  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

17  disclosure of which would unduly and improperly invade its protected rights. Responding Party

18  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

19  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

20  competitive or business positions or result in a breach of Responding Party's obligation to maintain the

21  confidentiality of such information.

22

23      Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

24  and unduly burdensome.

25      Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

26  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

27

28

54
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

order and E-discovery protocol.

**Request for Production No. 30:**

Each and every COMMUNICATION from cyng@sincocn.com to a customer in the United

States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the

information is available in electronic form, the data be produced on a compact disc in a manner capable

of use in the application as it is maintained by YOU, for example, if the electronic communication was

received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner

capable of use in the Microsoft Outlook application including any and all metadata fields as to the date

of creation, response, to, CC, and from.

**Response to Request for Production No. 30:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

"YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

objected to since they appear to require responses from Responding Party that are protected by work

product and attorney-client privilege.

1    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

2    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

3    reasonably calculated to lead to the discovery of admissible evidence.

4    Responding Party objects to this request on the ground that it seeks Responding Party and

5    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

6    disclosure of which would unduly and improperly invade its protected rights.  Responding Party

7    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

8    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

9    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

10   confidentiality of such information.

11   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

12   and unduly burdensome.

13   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

14   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

15   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

16   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

17   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

18   the propounded discovery is proper in scope or not.

19   Without waiving any objections, Responding Party responds: Responsive and non-privileged

20   documents have been produced. See NG0000001 – NG00004091. Discovery is ongoing. Any

21   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

22   order and E-discovery protocol.

23   **Request for Production No. 31:**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Each and every COMMUNICATION to cyng@sincocn.com from a customer in the United States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 31:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged documents have been produced. See NG0000001 – NG00004091. Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 32:**

Each and every COMMUNICATION from cyng@kotl.com.cn to a customer in the United States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 32:**

1    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

2    ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

3    "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

4    of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

5    objected to since they appear to require responses from Responding Party that are protected by work

6
7    product and attorney-client privilege.

8    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

9    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

10   reasonably calculated to lead to the discovery of admissible evidence.

11   Responding Party objects to this request on the ground that it seeks Responding Party and

12   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

13   disclosure of which would unduly and improperly invade its protected rights. Responding Party

14   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

15
16   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

17   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

18   confidentiality of such information.

19   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

20   and unduly burdensome.

21
22   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

23   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

24   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

25   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

26   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

27   the propounded discovery is proper in scope or not.

28

1    Without waiving any objections, Responding Party responds: Responsive and non-privileged

2    documents have been produced. See NG0000001 – NG00004091. Discovery is ongoing. Any

3    responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

4    order and E-discovery protocol.

5    **Request for Production No. 33:**

6

7    Each and every COMMUNICATION to cyng@kotl.com.cn from a customer in the United

8    States from January 1, 2010.  PROPOUNDING PARTY elects under FRCP 34(b) that where the

9    information is available in electronic form, the data be produced on a compact disc in a manner capable

10   of use in the application as it is maintained by YOU, for example, if the electronic communication was

11   received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner

12   capable of use in the Microsoft Outlook application including any and all metadata fields as to the date

13   of creation, response, to, CC, and from.

14

15   **Response to Request for Production No. 33:**

16

17   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

18   ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

19   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

20   of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

21   objected to since they appear to require responses from Responding Party that are protected by work

22   product and attorney-client privilege.

23   Responding Party object to this request on the ground that Plaintiffs seek the discovery of

24   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

25   reasonably calculated to lead to the discovery of admissible evidence.

26

27

28

1    Responding Party objects to this request on the ground that it seeks Responding Party and

2    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

3    disclosure of which would unduly and improperly invade its protected rights.  Responding Party

4    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

5    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

6    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

7    confidentiality of such information.

8

9    Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

10   and unduly burdensome.

11   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

12   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

13   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

14   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

15   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

16   the propounded discovery is proper in scope or not.

17

18   Without waiving any objections, Responding Party responds: Responsive and non-privileged

19   documents have been produced. See NG0000001 – NG00004091. Discovery is ongoing. Any

20   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

21   order and E-discovery protocol.

22

23   **Request for Production No. 34:**

24   Each and every COMMUNICATION from tom.chen@sincoo.cn to a customer in the United

25   States from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the

26   information is available in electronic form, the data be produced on a compact disc in a manner capable

27

28
                                                  61

1   of use in the application as it is maintained by YOU, for example, if the electronic communication was

2   received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner

3   capable of use in the Microsoft Outlook application including any and all metadata fields as to the date

4   of creation, response, to, CC, and from.

5

6   **Response to Request for Production No. 34:**

7       Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

8   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

9   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

10  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

11  objected to since they appear to require responses from Responding Party that are protected by work

12

13  product and attorney-client privilege.

14      Responding Party object to this request on the ground that Plaintiffs seek the discovery of

15  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

16  reasonably calculated to lead to the discovery of admissible evidence.

17      Responding Party objects to this request on the ground that it seeks Responding Party and

18  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

19

20  disclosure of which would unduly and improperly invade its protected rights. Responding Party

21  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

22  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

23  competitive or business positions or result in a breach of Responding Party's obligation to maintain the

24  confidentiality of such information.

25      Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

26  and unduly burdensome.

27

28

1    Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

2    ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

3    secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

4    Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

5    issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

6    the propounded discovery is proper in scope or not.

7

8    Without waiving any objections, Responding Party responds: Responding Party cannot comply

9    with request because such documents are not in the possession or control of the Responding Party.

10

11   **Request for Production No. 35:**

12

13   Each and every COMMUNICATION from ec.hu@sincoo.cn to a customer in the United States

14   from January 1, 2010. PROPOUNDING PARTY elects under FRCP 34(b) that where the information

15   is available in electronic form, the data be produced on a compact disc in a manner capable of use in

16   the application as it is maintained by YOU, for example, if the electronic communication was received

17   or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable

18   of use in the Microsoft Outlook application including any and all metadata fields as to the date of

19   creation, response, to, CC, and from.

20

21   **Response to Request for Production No. 35:**

22

23   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

24   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

25   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

26   of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

27

28

DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights.  Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party cannot comply with request because such documents are not in the possession or control of the Responding Party.

**Request for Production No. 36:**

1   All DOCUMENT memorializing an agreement between YOU and a United States customer

2   from January 1010 to the present. PROPOUNDING PARTY elects under FRCP 34(b) that where the

3   information is available in electronic form, the data be produced on a compact disc in a manner capable

4   of use in the application as it is maintained by YOU, for example, if the electronic communication was

5   received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner

6   capable of use in the Microsoft Outlook application including any and all metadata fields as to the date

7   of creation, response, to, CC, and from.

8

9   **Response to Request for Production No. 36:**

10   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

11   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

12   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

13   of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

14   objected to since they appear to require responses from Responding Party that are protected by work

15   product and attorney-client privilege.

16   Responding Party object to this request on the ground that Plaintiffs seek the discovery of

17   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

18   reasonably calculated to lead to the discovery of admissible evidence.

19   Responding Party objects to this request on the ground that it seeks Responding Party and

20   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

21   disclosure of which would unduly and improperly invade its protected rights. Responding Party

22   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

23   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

24

25

26

27

28

competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged documents have been produced. See NG0000001 – NG00004091; ML0000001 – ML0015957. Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 37:**

All DOCUMENTS contained in the files maintained by YOU relating to the employment of NG CHER YONG.

**Response to Request for Production No. 37:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

1    objected to since they appear to require responses from Responding Party that are protected by work

2    product and attorney-client privilege.

3        Responding Party object to this request on the ground that Plaintiffs seek the discovery of

4    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

5    reasonably calculated to lead to the discovery of admissible evidence.

6

7        Responding Party objects to this request on the ground that it seeks Responding Party and

8    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

9    disclosure of which would unduly and improperly invade its protected rights.  Responding Party

10   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

11   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

12   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

13   confidentiality of such information.

14

15       Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

16   and unduly burdensome.

17       Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

18   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

19   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

20   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

21   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

22   the propounded discovery is proper in scope or not.

23

24       Without waiving any objections, Responding Party responds: Responsive and non-privileged

25   documents have been produced. See NG0000001 – NG00004091. Discovery is ongoing. Any

26   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

27   order and E-discovery protocol.

28

67

DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

**Request for Production No. 38:**

All DOCUMENTS contained in the files maintained by YOU relating to the employment of LIEW YEW SOON.

**Response to Request for Production No. 38:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

1   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

2   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

3   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

4   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

5   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

6   

7   the propounded discovery is proper in scope or not.

8   Without waiving any objections, Responding Party responds: Responsive and non-privileged

9   documents have been produced. See Mark Liew's production. Discovery is ongoing. Any responsive

10  and non-privileged documents will be produced on a rolling basis, subject to the protective order and

11  E-discovery protocol.

12  **Request for Production No. 39:**

13  

14  All DOCUMENTS contained in the files maintained by YOU relating to the employment of

15  Quek Seow Eng.

16  

17  **Response to Request for Production No. 39:**

18  Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

19  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

20  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

21  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

22  objected to since they appear to require responses from Responding Party that are protected by work

23  product and attorney-client privilege.

24  

25  Responding Party object to this request on the ground that Plaintiffs seek the discovery of

26  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

27  reasonably calculated to lead to the discovery of admissible evidence.

28

1   Responding Party objects to this request on the ground that it seeks Responding Party and

2   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

3   disclosure of which would unduly and improperly invade its protected rights. Responding Party

4   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

5   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

6   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

7   confidentiality of such information.

8

9   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

10  and unduly burdensome.

11  Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

12  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

13  secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

14  Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

15  issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

16  the propounded discovery is proper in scope or not.

17

18  Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

19  responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

20  order and E-discovery protocol.

21

22  **Request for Production No. 40:**

23  All DOCUMENTS contained in the files maintained by YOU relating to the employment of Ng

24  Yi Ming.

25

26  **Response to Request for Production No. 40:**

27

28

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT PRODUCTION SET ONE

1    Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

2    responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

3    order and E-discovery protocol.

4    **Request for Production No. 41:**

5

6    All DOCUMENTS contained in the files maintained by YOU relating to the employment of

7    Yang DaRui.

8

9    **Response to Request for Production No. 41:**

10    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

11    ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

12    "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

13    of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

14    objected to since they appear to require responses from Responding Party that are protected by work

15    product and attorney-client privilege.

16

17    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

18    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

19    reasonably calculated to lead to the discovery of admissible evidence.

20    Responding Party objects to this request on the ground that it seeks Responding Party and

21    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

22    disclosure of which would unduly and improperly invade its protected rights. Responding Party

23    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

24    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

25    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

26    confidentiality of such information.

27

28

1    Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

2    and unduly burdensome.

3    Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

4    ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

5    secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

6    Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

7    issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

8    the propounded discovery is proper in scope or not.

9    Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

10    responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

11    order and E-discovery protocol.

15    **Request for Production No. 42:**

16    All DOCUMENTS contained in the files maintained by YOU relating to the employment of

17    Lim Chin Huan.

19    **Response to Request for Production No. 42:**

20    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

21    ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

22    "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

23    of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

25    objected to since they appear to require responses from Responding Party that are protected by work

26    product and attorney-client privilege.

1    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

2    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

3    reasonably calculated to lead to the discovery of admissible evidence.

4    Responding Party objects to this request on the ground that it seeks Responding Party and

5    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

6    disclosure of which would unduly and improperly invade its protected rights.  Responding Party

7    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

8    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

9    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

10    confidentiality of such information.

11    Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

12    and unduly burdensome.

13    Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

14    ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

15    secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

16    Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

17    issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

18    the propounded discovery is proper in scope or not.

19    Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

20    responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

21    order and E-discovery protocol.

**Request for Production No. 43:**

DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1   All DOCUMENTS contained in the files maintained by YOU relating to the employment of

2   Sim Teck Beng.

3

4   **Response to Request for Production No. 43:**

5   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

6   ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

7   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

8   of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

9   objected to since they appear to require responses from Responding Party that are protected by work

10  product and attorney-client privilege.

11

12  Responding Party object to this request on the ground that Plaintiffs seek the discovery of

13  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

14  reasonably calculated to lead to the discovery of admissible evidence.

15  Responding Party objects to this request on the ground that it seeks Responding Party and

16  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

17  disclosure of which would unduly and improperly invade its protected rights.  Responding Party

18  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

19  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

20  competitive or business positions or result in a breach of Responding Party's obligation to maintain the

21  confidentiality of such information.

22

23  Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

24  and unduly burdensome.

25  Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

26  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

27

28

1    secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

2    Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

3    issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

4    the propounded discovery is proper in scope or not.

5
6    Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

7    responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

8    order and E-discovery protocol.

9    **Request for Production No. 44:**

10
11   All DOCUMENTS contained in the files maintained by YOU relating to the employment of

12   Gao Bingyi.

13   **Response to Request for Production No. 44:**

14
15   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

16   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

17   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

18   of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

19   objected to since they appear to require responses from Responding Party that are protected by work

20   product and attorney-client privilege.

21   Responding Party object to this request on the ground that Plaintiffs seek the discovery of

22   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

23   reasonably calculated to lead to the discovery of admissible evidence.

24
25   Responding Party objects to this request on the ground that it seeks Responding Party and

26   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

27   disclosure of which would unduly and improperly invade its protected rights. Responding Party

28
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged documents have been produced. See NG0000001 – NG00004091; ML0000001 – ML0015957. Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 45:**

All supply agreements that YOU have entered into with Plaintiff SinCo from 2005 to 2016.

**Response to Request for Production No. 45:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

1    objected to since they appear to require responses from Responding Party that are protected by work

2    product and attorney-client privilege.

3        Responding Party object to this request on the ground that Plaintiffs seek the discovery of

4    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

5    reasonably calculated to lead to the discovery of admissible evidence.

6

7        Responding Party objects to this request on the ground that it seeks Responding Party and

8    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

9    disclosure of which would unduly and improperly invade its protected rights.  Responding Party

10   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

11   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

12   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

13   confidentiality of such information.

14

15       Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

16   and unduly burdensome.

17       Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

18   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

19   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

20   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

21   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

22   the propounded discovery is proper in scope or not.

23

24       Without waiving any objections, Responding Party responds: Any responsive and non-

25   privileged documents will be produced on a rolling basis, subject to the protective order and E-

26   discovery protocol.

27   **Request for Production No. 46:**

28

1    Produce all DOCUMENTS in YOUR possession and control memorializing email

2    communications received by YOU or sent by YOU to Intel Corporation in the last thirty six months.

3    PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

4    electronic form, the data be produced on a compact disc in a manner capable of use in the application

5    as it is maintained by YOU, for example, if the electronic communication was received or generated in

6    Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

7    Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

8    to, CC, and from.

9

10

11   **Response to Request for Production No. 46:**

12   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

13   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

14   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

15   of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

16   objected to since they appear to require responses from Responding Party that are protected by work

17   product and attorney-client privilege.

18

19   Responding Party object to this request on the ground that Plaintiffs seek the discovery of

20   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

21   reasonably calculated to lead to the discovery of admissible evidence.

22   Responding Party objects to this request on the ground that it seeks Responding Party and

23   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

24   disclosure of which would unduly and improperly invade its protected rights. Responding Party

25   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

26   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

27

28

competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

Responding Party will promptly provide Intel Corporation a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and make the information requested available for inspection by Intel Corporation . If Intel Corporation fails to object or seek a protective order from the court within reasonable time upon receiving the notice and accompanying information, Responding Party will produce non-privileged documents responsive to this discovery request in his possession and control, on a rolling basis, subject to the Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log. If Intel Corporation seeks a protective order, the Responding Party will not produce any documents in his possession or control that is subject to the confidentiality agreement before a determination by the Court.

**Request for Production No. 47:**

DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT PRODUCTION SET ONE

1   Produce all DOCUMENTS in YOUR possession and control memorializing email

2   communications received by YOU or sent by YOU to Google LLC in the last thirty six months.

3   PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

4   electronic form, the data be produced on a compact disc in a manner capable of use in the application

5   as it is maintained by YOU, for example, if the electronic communication was received or generated in

6   Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

7   Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

8

9   to, CC, and from.

10

11   **Response to Request for Production No. 47:**

12   Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

13   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

14   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

15   of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

16   objected to since they appear to require responses from Responding Party that are protected by work

17   product and attorney-client privilege.

18

19   Responding Party object to this request on the ground that Plaintiffs seek the discovery of

20   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

21   reasonably calculated to lead to the discovery of admissible evidence.

22   Responding Party objects to this request on the ground that it seeks Responding Party and

23   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

24   disclosure of which would unduly and improperly invade its protected rights. Responding Party

25   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

26   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

27

28

competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

Responding Party will promptly provide Google  a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and make the information requested available for inspection by Google  . If Google  fails to object or seek a protective order from the court within reasonable time upon receiving the notice and accompanying information, Responding Party will produce non-privileged documents responsive to this discovery request in his possession and control, on a rolling basis, subject to the Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log. If Google  seeks a protective order, the Responding Party will not produce any documents in his possession or control that is subject to the confidentiality agreement before a determination by the Court.

**Request for Production No. 48:**

Produce all DOCUMENTS in YOUR possession and control memorializing email communications received by YOU or sent by YOU to Google Asia Pacific Pte. Ltd., in the last thirty six months. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 48:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

Responding Party will promptly provide  Google Asia Pacific Pte. Ltd   a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and make the information requested available for inspection by  Google Asia Pacific Pte. Ltd   . If  Google Asia Pacific Pte. Ltd   fails to object or seek a protective order from the court within reasonable time upon receiving the notice and accompanying information, Responding Party will produce non-privileged documents responsive to this discovery request in his possession and control, on a rolling basis, subject to the Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log. If  Google Asia Pacific Pte. Ltd   seeks a protective order, the Responding Party will not produce any documents in his possession or control that is subject to the confidentiality agreement before a determination by the Court.

1    **Request for Production No. 49:**

2

3        Produce all DOCUMENTS in YOUR possession and control memorializing email

4    communications received by YOU or sent by YOU to Bose Corporation in the last thirty six months.

5    PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in

6    electronic form, the data be produced on a compact disc in a manner capable of use in the application

7    as it is maintained by YOU, for example, if the electronic communication was received or generated in

8    Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

9    Microsoft Outlook application including any and all metadata fields as to the date of creation, response,

10   to, CC, and from.

11

12   **Response to Request for Production No. 49:**

13       Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

14   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

15   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

16   of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

17   objected to since they appear to require responses from Responding Party that are protected by work

18   product and attorney-client privilege.

19

20       Responding Party object to this request on the ground that Plaintiffs seek the discovery of

21   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

22   reasonably calculated to lead to the discovery of admissible evidence.

23

24       Responding Party objects to this request on the ground that it seeks Responding Party and

25   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

26   disclosure of which would unduly and improperly invade its protected rights. Responding Party

27   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

28

1    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

2    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

3    confidentiality of such information.

4        Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

5    and unduly burdensome.

6

7        Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

8    ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

9    secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

10   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

11   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

12   the propounded discovery is proper in scope or not.

13

14       Without waiving any objections, Responding Party responds: Responding Party will produce

15   non-privileged responsive documents in his possession and control. Privileged documents will be

16   identified on a privilege log.

17       Responding Party will promptly provide  Bose Corporation  a copy of the Stipulated Protective

18   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the

19   information requested, and make the information requested available for inspection by  Bose

20   Corporation  . If  Bose Corporation  fails to object or seek a protective order from the court within

21   reasonable time upon receiving the notice and accompanying information, Responding Party will

22   produce non-privileged documents responsive to this discovery request in his possession and control,

23   on a rolling basis, subject to the Protective Order and E-discovery protocol. Privileged documents will

24   be identified on a privilege log. If  Bose Corporation  seeks a protective order, the Responding Party

25   will not produce any documents in his possession or control that is subject to the confidentiality

26   agreement before a determination by the Court.

27

28

**Request for Production No. 50:**

Produce all DOCUMENTS in YOUR possession and control memorializing email communications received by YOU or sent by YOU to Apple Computer Inc., in the last thirty six months. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 50:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

Responding Party will promptly provide  Apple Computer Inc.  a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and make the information requested available for inspection by Apple Computer Inc. . If Apple Computer Inc.  fails to object or seek a protective order from the court within reasonable time upon receiving the notice and accompanying information, Responding Party will produce non-privileged documents responsive to this discovery request in his possession and control, on a rolling basis, subject to the Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log. If  Apple Computer Inc.  seeks a protective order, the Responding Party will not produce any documents in his possession or control that is subject to the confidentiality agreement before a determination by the Court.

**Request for Production No. 51:**

Produce all DOCUMENTS in YOUR possession and control memorializing email communications received by YOU or sent by YOU to Motorola Mobility LLC in the last thirty six months. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 51:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party will produce non-privileged responsive documents in his possession and control. Privileged documents will be identified on a privilege log.

Responding Party will promptly provide  Motorola Mobility LLC  a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and make the information requested available for inspection by Motorola Mobility LLC . If Motorola Mobility LLC  fails to object or seek a protective order from the court within reasonable time upon receiving the notice and accompanying information, Responding Party will produce non-privileged documents responsive to this discovery request in his possession and control, on a rolling basis, subject to the Protective Order and E-discovery protocol. Privileged documents will be identified on a privilege log. If  Motorola Mobility LLC  seeks a protective order, the Responding Party will not produce any documents in his possession or control that is subject to the confidentiality agreement before a determination by the Court.

**Request for Production No. 52:**

Produced all DOCUMENTS in YOUR possession and control memorializing trademark applications for "SinCo" filed on YOUR behalf or in YOUR name from 2010 to present in the United States. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 52:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged documents have been produced. See ML0000001 – ML0015957. Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 53:**

Produced all DOCUMENTS in YOUR possession and control memorializing trademark applications for "SinCo" filed on YOUR behalf or in YOUR name from 2010 to present in China. PROPOUNDING PARTY elects under FRCP 34(b) that where the information is available in electronic form, the data be produced on a compact disc in a manner capable of use in the application as it is maintained by YOU, for example, if the electronic communication was received or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable of use in the

Microsoft Outlook application including any and all metadata fields as to the date of creation, response, to, CC, and from.

**Response to Request for Production No. 53:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

1   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

2   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

3   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

4   the propounded discovery is proper in scope or not.

5       Without waiving any objections, Responding Party responds: Responsive and non-privileged

6   documents have been produced. See ML0000001 – ML0015957. Discovery is ongoing. Any

7   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

8   order and E-discovery protocol.

9

10  **Request for Production No. 54:**

11

12      Each and every COMMUNICATION YOU maintain wherein this litigation was discussed or

13  referenced from December 1, 2016 to present, including but not limited to either the Superior Court of

14  California, County of Santa Clara, Case No. 16cv301867, or Norther District of California Action,

15  Case No. 17-cv-5517. PROPOUNDING PARTY elects under FRCP 34(b) that where the information

16  is available in electronic form, the data be produced on a compact disc in a manner capable of use in

17  the application as it is maintained by YOU, for example, if the electronic communication was received

18  or generated in Microsoft Outlook, the data should be produced on a compact disc in a manner capable

19  of use in the Microsoft Outlook application including any and all metadata fields as to the date of

20  creation, response, to, CC, and from.

21

22  **Response to Request for Production No. 54:**

23

24      Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

26  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

28

1  objected to since they appear to require responses from Responding Party that are protected by work

2  product and attorney-client privilege.

3  Responding Party object to this request on the ground that Plaintiffs seek the discovery of

4  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

5  reasonably calculated to lead to the discovery of admissible evidence.

6

7  Responding Party objects to this request on the ground that it seeks Responding Party and

8  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

9  disclosure of which would unduly and improperly invade its protected rights.  Responding Party

10  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

11  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

12  competitive or business positions or result in a breach of Responding Party's obligation to maintain the

13  confidentiality of such information.

14

15  Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

16  and unduly burdensome.

17  Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

18  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

19  secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

20  Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

21  issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

22  the propounded discovery is proper in scope or not.

23

24  Without waiving any objections, Responding Party responds: Responsive and non-privileged

25  documents have been produced. See NG0000001 – NG00004091; ML0000001 – ML0015957.

26  Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling

27  basis, subject to the protective order and E-discovery protocol.

28

**Request for Production No. 55:**

DOCUMENTS that memorialize Jin Long Machinery & Electronics Co., Ltd's acquisition and ownership interest of Xingke.

**Response to Request for Production No. 55:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged documents have been produced. See ML0000001 – ML0015957. Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 56:**

Produce all written agreements YOU have with SINCOO ELECTRONICS TECHNOLOGY CO., LTD.

**Response to Request for Production No. 56:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

1    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

2    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

3    reasonably calculated to lead to the discovery of admissible evidence.

4    Responding Party objects to this request on the ground that it seeks Responding Party and

5    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

6    disclosure of which would unduly and improperly invade its protected rights.  Responding Party

7    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

8    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

9    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

10   confidentiality of such information.

11   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

12   and unduly burdensome.

13   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

14   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

15   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

16   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

17   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

18   the propounded discovery is proper in scope or not.

19   Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

20   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

21   order and E-discovery protocol.

22   **Request for Production No. 57:**

23   All marketing and promotional materials used by YOU with United States customers.

**Response to Request for Production No. 57:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

1  issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

2  the propounded discovery is proper in scope or not.

3      Without waiving any objections, Responding Party responds: Responsive and non-privileged

4  documents have been produced. See NG0000001 – NG00004091; ML0000001 – ML0015957.

5  Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling

6  basis, subject to the protective order and E-discovery protocol.

7

8  **Request for Production No. 58:**

9      All purchase orders between YOU and United States customers from January 2012 to present.

10

11  **Response to Request for Production No. 58:**

12      Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

13  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

14  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

15  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

16  objected to since they appear to require responses from Responding Party that are protected by work

17

18  product and attorney-client privilege.

19      Responding Party object to this request on the ground that Plaintiffs seek the discovery of

20  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

21  reasonably calculated to lead to the discovery of admissible evidence.

22      Responding Party objects to this request on the ground that it seeks Responding Party and

23

24  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

25  disclosure of which would unduly and improperly invade its protected rights. Responding Party

26  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

27  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

28

1  competitive or business positions or result in a breach of Responding Party's obligation to maintain the

2  confidentiality of such information.

3  Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

4  and unduly burdensome.

5
6  Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

7  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

8  secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

9  Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

10  issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

11  the propounded discovery is proper in scope or not.

12  Without waiving any objections, Responding Party responds: Responsive and non-privileged

13
14  documents have been produced. See ML0000001 – ML0015957. Discovery is ongoing. Any

15  responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

16  order and E-discovery protocol.

17  **Request for Production No. 59:**

18
19  All business projections for     新科电子(东莞)有限公司

20  that are in YOUR possession and control from January 2012 to the present.

21
22  **Response to Request for Production No. 59:**

23  Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

24  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

25  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

26  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

27
28

1    objected to since they appear to require responses from Responding Party that are protected by work

2    product and attorney-client privilege.

3        Responding Party object to this request on the ground that Plaintiffs seek the discovery of

4    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

5    reasonably calculated to lead to the discovery of admissible evidence.

6        Responding Party objects to this request on the ground that it seeks Responding Party and

7    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

8    disclosure of which would unduly and improperly invade its protected rights.  Responding Party

9    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

10   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

11   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

12   confidentiality of such information.

13   

14        Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

15   and unduly burdensome.

16        Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

17   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

18   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

19   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

20   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

21   the propounded discovery is proper in scope or not.

22        Without waiving any objections, Responding Party responds: Any responsive and non-

23   privileged documents will be produced on a rolling basis, subject to the protective order and E-

24   discovery protocol.

**Request for Production No. 60:**

DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1    All DOCUMENTS memorializing the revenue YOU received in 2018 for the manufacture of

2    parts for the Folgers Project.

3

4    **Response to Request for Production No. 60:**

5    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

6    ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

7    "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

8    of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

9    objected to since they appear to require responses from Responding Party that are protected by work

10   product and attorney-client privilege.

11

12   Responding Party object to this request on the ground that Plaintiffs seek the discovery of

13   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

14   reasonably calculated to lead to the discovery of admissible evidence.

15   Responding Party objects to this request on the ground that it seeks Responding Party and

16   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

17   disclosure of which would unduly and improperly invade its protected rights. Responding Party

18   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

19   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

20   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

21

22   confidentiality of such information.

23   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

24   and unduly burdensome.

25   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

26   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

27

28

secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 61:**

All DOCUMENTS memorializing the revenue YOU received in 2018 for the manufacture of parts for the Harvey Project.

**Response to Request for Production No. 61:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party

1  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

2  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

3  competitive or business positions or result in a breach of Responding Party's obligation to maintain the

4  confidentiality of such information.

5

6  Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

7  and unduly burdensome.

8  Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

9  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

10  secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

11  Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

12  issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

13  the propounded discovery is proper in scope or not.

14

15  Without waiving any objections, Responding Party responds: Any responsive and non-

16  privileged documents will be produced on a rolling basis, subject to the protective order and E-

17  discovery protocol.

18  **Request for Production No. 62:**

19

20  All DOCUMENTS memorializing the revenue YOU received in 2018 for the manufacture of

21  parts for the A50 project.

22  **Response to Request for Production No. 62:**

23

24  Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

25  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

26  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

27  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

28

objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights.  Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 63:**

106

1  All DOCUMENTS memorializing the revenue YOU received in 2018 for the manufacture of

2  parts for the A65 project.

3

4  **Response to Request for Production No. 63:**

5  Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

6  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

7  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

8  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

9  objected to since they appear to require responses from Responding Party that are protected by work

10  product and attorney-client privilege.

11

12  Responding Party object to this request on the ground that Plaintiffs seek the discovery of

13  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

14  reasonably calculated to lead to the discovery of admissible evidence.

15  Responding Party objects to this request on the ground that it seeks Responding Party and

16  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

17  disclosure of which would unduly and improperly invade its protected rights. Responding Party

18  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

19  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

20  competitive or business positions or result in a breach of Responding Party's obligation to maintain the

21  confidentiality of such information.

22

23  Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

24  and unduly burdensome.

25  Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

26  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

27

28
107
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 64:**

All DOCUMENTS memorializing the tooling design for the Folgers project.

**Response to Request for Production No. 64:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

1    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

2    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

3    confidentiality of such information.

4         Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

5    and unduly burdensome.

6

7         Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

8    ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

9    secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

10   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

11   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

12   the propounded discovery is proper in scope or not.

13

14        Without waiving any objections, Responding Party responds: Any responsive and non-

15   privileged documents will be produced on a rolling basis, subject to the protective order and E-

16   discovery protocol.

17   **Request for Production No. 65:**

18

19        All DOCUMENTS sufficient to show each DEFENDANTS' corporate structure, including

20   ownership, the names, titles, responsibilities, and geographic locations of every past and present

21   employee, officer, agent, representative, attorney, investigator, and anyone else acting on

22   DEFENDANTS' behalf, annually from founding of the companies to present, including but not limited

23   to organizational charts.

24

25   **Response to Request for Production No. 65:**

26        Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

27   ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

28

"YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged documents have been produced. See ML0000001 – ML0015957. Discovery is ongoing. Any

1   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

2   order and E-discovery protocol.

3   **Request for Production No. 66:**

4

5   DOCUMENTS sufficient to IDENTIFY DEFENDANTS' personnel involved in, or responsible

6   for, obtaining or ensuring compliance with U.S. trademark laws, including but not limited to, filing

7   applications and responding to office actions with the United States Patent and Trademark office,

8   annually from January 2015 to present.

9

10  **Response to Request for Production No. 66:**

11  Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

12  ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

13  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

14  of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

15  objected to since they appear to require responses from Responding Party that are protected by work

16  product and attorney-client privilege.

17

18  Responding Party object to this request on the ground that Plaintiffs seek the discovery of

19  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

20  reasonably calculated to lead to the discovery of admissible evidence.

21  Responding Party objects to this request on the ground that it seeks Responding Party and

22  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

23  disclosure of which would unduly and improperly invade its protected rights.  Responding Party

24  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

25  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

26

27

28

1    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

2    confidentiality of such information.

3        Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

4    and unduly burdensome.

5        Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

6    ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

7    secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

8    Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

9    issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

10   the propounded discovery is proper in scope or not.

11       Without waiving any objections, Responding Party responds: Discovery is ongoing. Any

12   responsive and non-privileged documents will be produced on a rolling basis, subject to the protective

13   order and E-discovery protocol.

14

15

16

17   **Request for Production No. 67:**

18       DOCUMENTS sufficient to show all uses of the SinCo mark by YOU in the United States,

19   from January 2010 to present.

20

21   **Response to Request for Production No. 67:**

22       Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

23   ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

24   "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

25   of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

26

27

28

objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responsive and non-privileged documents have been produced. See NG0000001 – NG00004091; ML0000001 – ML0015957. Discovery is ongoing. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

113
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT PRODUCTION SET ONE

1

## Request for Production No. 68:

2

3

DOCUMENTS sufficient to show YOUR total revenue (in U.S. dollars) on a yearly basis since

4

2010:

5

(a) worldwide; and

6

(b) from the United States.

7

8

## Response to Request for Production No. 68:

9

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

10

ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

11

"YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

12

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

13

objected to since they appear to require responses from Responding Party that are protected by work

14

product and attorney-client privilege.

15

16

Responding Party object to this request on the ground that Plaintiffs seek the discovery of

17

information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

18

reasonably calculated to lead to the discovery of admissible evidence.

19

Responding Party objects to this request on the ground that it seeks Responding Party and

20

Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

21

disclosure of which would unduly and improperly invade its protected rights. Responding Party

22

similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

23

trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

24

competitive or business positions or result in a breach of Responding Party's obligation to maintain the

25

confidentiality of such information.

26

27

28

114
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Responding Party cannot comply with request sub part (a) on the ground that it is overbroad, burdensome, irrelevant, and contains confidential information. Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 69:**

DOCUMENTS sufficient to IDENTIFY all United States customers that YOU have done work for in the last ten years.

**Response to Request for Production No. 69:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights.  Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 70:**

1    All DOCUMENTS RELATING TO interactions, negotiations, payments, attempted payments,

2    or any communications or correspondence between YOU and a United States customer, from January

3    2010 to present.

4

5    **Response to Request for Production No. 70:**

6    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

7    ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

8    "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

9    of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

10   objected to since they appear to require responses from Responding Party that are protected by work

11   product and attorney-client privilege.

12

13   Responding Party object to this request on the ground that Plaintiffs seek the discovery of

14   information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

15   reasonably calculated to lead to the discovery of admissible evidence.

16   Responding Party objects to this request on the ground that it seeks Responding Party and

17   Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

18   disclosure of which would unduly and improperly invade its protected rights.  Responding Party

19   similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

20   trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

21   competitive or business positions or result in a breach of Responding Party's obligation to maintain the

22   confidentiality of such information.

23

24   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

25   and unduly burdensome.

26

27

28

1   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

2   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

3   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

4   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

5   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

6

7   the propounded discovery is proper in scope or not.

8   Without waiving any objections, Responding Party responds: Any responsive and non-

9   privileged documents will be produced on a rolling basis, subject to the protective order and E-

10  discovery protocol.

11  **Request for Production No. 71:**

12

13  All DOCUEMNTS created in the last ten years consisting of (a) annual or quarterly financial

14  reports, profit and loss statements, and statements for any operations, departments or divisions related

15  to YOUR manufacturing business; (b) business plans, budgets or strategic plans regarding YOUR

16  manufacturing business; (c) annual, monthly, or periodical reports about the operation (including,

17  without limitation, revenue, number of users, expenses, gross or net profit or loss) regarding YOUR

18

19  manufacturing business.

20  **Response to Request for Production No. 71:**

21  Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

22  ambiguous as it is defined and used in this request.  Responding Party will interpret "YOU" and/or

23  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

24  of Responding Party.  Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

25  objected to since they appear to require responses from Responding Party that are protected by work

26

27  product and attorney-client privilege.

28

118
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

2    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

3    reasonably calculated to lead to the discovery of admissible evidence.

4    Responding Party objects to this request on the ground that it seeks Responding Party and

5    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

6    disclosure of which would unduly and improperly invade its protected rights. Responding Party

7    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

8    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

9    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

10   confidentiality of such information.

11   Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

12   and unduly burdensome.

13   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

14   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

15   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

16   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

17   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

18   the propounded discovery is proper in scope or not.

19   Without waiving any objections, Responding Party responds: Any responsive and non-

20   privileged documents will be produced on a rolling basis, subject to the protective order and E-

21   discovery protocol.

**Request for Production No. 72:**

DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1    DOCUMENTS sufficient to show the location of any and all computer servers on which YOU

2    host, store, or maintain COMMUNICATIONS with United States customers.

3

4    **Response to Request for Production No. 72:**

5        Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

6    ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

7    "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

8    of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

9    objected to since they appear to require responses from Responding Party that are protected by work

10    product and attorney-client privilege.

11

12        Responding Party object to this request on the ground that Plaintiffs seek the discovery of

13    information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

14    reasonably calculated to lead to the discovery of admissible evidence.

15        Responding Party objects to this request on the ground that it seeks Responding Party and

16    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

17    disclosure of which would unduly and improperly invade its protected rights. Responding Party

18    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

19    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

20    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

21    confidentiality of such information.

22

23        Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

24    and unduly burdensome.

25        Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

26    ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

27

28

secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Any responsive and non-

privileged documents will be produced on a rolling basis, subject to the protective order and E-

discovery protocol.

**Request for Production No. 73:**

Indemnification agreements with any of YOUR employees that have, or may in the future,

travel to the United States to meet with YOUR customers.

**Response to Request for Production No. 73:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

"YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

objected to since they appear to require responses from Responding Party that are protected by work

product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of

information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and

Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

disclosure of which would unduly and improperly invade its protected rights.  Responding Party

similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

**Request for Production No. 74:**

DOCUMENTS sufficient to IDENTIFY all of the DEFENDANTS' offices and personnel located in the United States, and the time periods in which those offices and personnel were or have been maintained in the United States.

**Response to Request for Production No. 74:**

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

Without waiving any objections, Responding Party responds: Any responsive and non-privileged documents will be produced on a rolling basis, subject to the protective order and E-discovery protocol.

1

**Request for Production No. 75:**

2

3

4

ALL DOCUMENTS RELATED TO each and every visit by YOUR employees made the United States since 2007, including but not limited to expense receipts.

5

**Response to Request for Production No. 75:**

6

7

8

9

10

11

12

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

13

14

15

16

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

17

18

19

20

21

22

23

24

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

25

26

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

27

28

1    Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

2  ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

3  secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

4  Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

5  issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

6  the propounded discovery is proper in scope or not.

7

8    Without waiving any objections, Responding Party responds: Any responsive and non-

9  privileged documents will be produced on a rolling basis, subject to the protective order and E-

10  discovery protocol.

11  **Request for Production No. 76:**

12

13    All DOCUMENTS RELATED TO YOUR Board of Directors meetings, including but not

14  limited to meeting minutes.

15

16  **Response to Request for Production No. 76:**

17    Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

18  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

19  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

20  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

21  objected to since they appear to require responses from Responding Party that are protected by work

22  product and attorney-client privilege.

23

24    Responding Party object to this request on the ground that Plaintiffs seek the discovery of

25  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

26  reasonably calculated to lead to the discovery of admissible evidence.

27

28

125
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1    Responding Party objects to this request on the ground that it seeks Responding Party and

2    Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

3    disclosure of which would unduly and improperly invade its protected rights. Responding Party

4    similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

5    trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

6    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

7

8    confidentiality of such information.

9    Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

10   and unduly burdensome.

11   Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

12   ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

13   secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

14   Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

15

16   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

17   the propounded discovery is proper in scope or not.

18   Without waiving any objections, Responding Party responds: Any responsive and non-

19   privileged documents will be produced on a rolling basis, subject to the protective order and E-

20   discovery protocol.

21

22   **Request for Production No. 77:**

23   All DOCUMENTS that RELATE TO any COMMUNICATION or correspondence between

24   YOU and any employee of Plaintiff SinCo from January 2015 to present.

25

26   **Response to Request for Production No. 77:**

27

28

126
DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
PRODUCTION SET ONE

1

2

3

4

5

6

7

Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is objected to since they appear to require responses from Responding Party that are protected by work product and attorney-client privilege.

8

9

10

Responding Party object to this request on the ground that Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

11

12

13

14

15

16

17

18

Responding Party objects to this request on the ground that it seeks Responding Party and Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which would unduly and improperly invade its protected rights. Responding Party similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial, trade secret, or commercially-sensitive information, the disclosure of which could harm third parties' competitive or business positions or result in a breach of Responding Party's obligation to maintain the confidentiality of such information.

19

20

21

Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad and unduly burdensome.

22

23

24

25

26

27

Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether the propounded discovery is proper in scope or not.

28

DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT PRODUCTION SET ONE

1     Without waiving any objections, Responding Party responds: Any responsive and non-

2   privileged documents will be produced on a rolling basis, subject to the protective order and E-

3   discovery protocol.

4   **Request for Production No. 78:**

5

6     All DOCUMENTS that evidence economic harm YOU have suffered by the alleged intentional

7   illegal acts of the Plaintiff YOU allege in paragraph 59 of the DG answer at page 28.

8

9

10  **Response to Request for Production No. 78:**

11     Responding Party objects to Propounding Party's use of "YOU" and/or "YOUR" as vague and

12  ambiguous as it is defined and used in this request. Responding Party will interpret "YOU" and/or

13  "YOUR" as only referring to Responding Party, and not also including anyone acting with or on behalf

14  of Responding Party. Also, given their definition, the use of these terms "YOU" and/or "YOUR" is

15  objected to since they appear to require responses from Responding Party that are protected by work

16  product and attorney-client privilege.

17

18     Responding Party object to this request on the ground that Plaintiffs seek the discovery of

19  information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not

20  reasonably calculated to lead to the discovery of admissible evidence.

21

22     Responding Party objects to this request on the ground that it seeks Responding Party and

23  Defendants' proprietary, confidential, financial, trade secret, or commercially-sensitive information, the

24  disclosure of which would unduly and improperly invade its protected rights. Responding Party

25  similarly objects to this Request on the ground it seeks third-party proprietary, confidential, financial,

26  trade secret, or commercially-sensitive information, the disclosure of which could harm third parties'

27

28

1    competitive or business positions or result in a breach of Responding Party's obligation to maintain the

2    confidentiality of such information.

3        Responding Party objects to Plaintiff's request to the extent that the request is hugely overbroad

4    and unduly burdensome.

5        Responding Party objects that Plaintiff has not filed a California Code of Civil Procedure

6    ("CCP") section §2019.210 disclosure in this Court setting forth the allegedly misappropriated trade

7    secrets (obtained, or so the allegations indicate, through alleged misuse of registered marks), and

8    

9    Plaintiff's CCP §2019.210 statement filed in the related state case lacks reasonable particularity on this

10   issue; therefore, it is impossible for Responding Party to know, with any degree of certainty, whether

11   the propounded discovery is proper in scope or not.

12       Without waiving any objections, Responding Party responds: Any responsive and non-

13   privileged documents will be produced on a rolling basis, subject to the protective order and E-

14   discovery protocol.

15   

16   

17   

18   

19   Dated: March 7  , 2019                         DEHENG LAW OFFICES

20   

21   

22                                     By:

23                                           Keliang "Clay" Zhu
                                             Yi Yao
24                                           Jeffrey L. Fazio
                                             Attorneys for Defendant,
25                                           Xingke Electronics (Dongguan) Co., Ltd.

26   

27   

28
                                     129
         DEFENDANT XINGKE ELECTRONICS (DONGGUAN) CO'S RESPONSE TO REQUEST FOR DOCUMENT
                                     PRODUCTION SET ONE

EXHIBIT 4

| From: | Andara, Lael D. |
|---|---|
| To: | "Angie Meuleman" |
| Cc: | Sinco Technologies Pte Ltd. v. Sinco Electronics (Dongguan) Co. Ltd.; "Matt Warren"; Douglas Winthrop; Kamras, Jeremy T.; Farris, Joseph |
| Subject: | RE: Sinco Technologies Pte Ltd. v. Sinco Electronics (Dongguan) Co. Ltd., No. 17-5517 (N.D. California) |
| Date: | Monday, September 27, 2021 4:19:00 PM |

Ms. Meuleman,

==The parties have a dispute with respect to the depositions of Google employees.== *Counsel for Google and the respective parties met and conferred on **September 24, 2021,** as to the Court's Order of **September 16, 2021.** Pursuant to Section 4 of the Court's Standing Order on Discovery, the parties request a conference call with the Court to discuss.*

**Position of Andy Lim, Alison Chen, and Google LLC:**

Mr. Lim appears on defendants' witness list and has offered to sit for deposition.  Ms. Chen does not appear on any witness list and should not be required to sit for deposition.  Non-party Google has already expended significant time to cooperate with plaintiffs and defendants in document production both in this matter and the state-court matter, and would prefer to minimize the distraction of any further involvement.  Google offered to compromise with two two-hour depositions of Mr. Lim and Ms. Chen, if doing so would avoid burdening the Court with a dispute. Plaintiff declined, taking this offer off the table.  Google and Mr. Lim will work with the parties to schedule a focused deposition, but the Court should not require Ms. Chen also to sit for deposition long after discovery has closed, when:  (1) she does not appear on any party's witness list and thus will not testify at trial, and (2) plaintiff has, as it notes below, "stated that it would not subpoena either Apple or Google employees unless those individuals had agreed to testify for Defendants," which Ms. Chen has not.

*SinCo's Position:*

*Over the last five years of litigation, Plaintiff has sought to prevent customers from being drawn into this litigation. Drawing a customer into this litigation would be financially detrimental to Plaintiff.  Plaintiff has stated that it would not subpoena either Apple or Google employees unless those individuals had agreed to testify for Defendants, as was implied in Defendants' Witness list. Andy Lim was specified in Defendant's witness list, and Ms. Chen was referenced as an "unknown Google employee." Google has not stated if it would voluntarily appear for trial, but offered a compromise for the Deposition of Andy Lim and Alsion Chen to one hour each, which Plaintiff felt was insufficient given the nature of the claimed testimony in Defendants' witness list, and the personal relationship between Andy Lim and Defendant Tjoa, before Mr. Lim was employed by Google.  Plaintiff has discovered that several of the witnesses listed on Defendants' witness list had not agreed to testify. As a result, Defendants' have withdrawn several witnesses from their witness list. At present, only Apple and Google are at issue as Defendants' potential witnesses, subject to a deposition before **October 7, 2021.** [ECF 479]*

**Defendants' Position:**

*Defendants do not understand how this constitutes an "emergency" under the Court's Standing Orders. Per the Court's September 16 Order (the "Order"), Plaintiff's objections to trial testimony are preserved and, as set out above, Google offered to compromise by offering Plaintiff two depositions when Plaintiff is only entitled to one. Specifically, Defendants' Witness List and the parties' Joint Pretrial Conference Statement identifies Andy Lim as a Google employee whose testimony Defendants seek to offer at trial. Per the Court's Order, Plaintiff issued a subpoena for the deposition, by Zoom, of Mr. Lim. However, Plaintiff has also sought testimony from another*

*Google employee, Allison Chen, who is not on Defendants' Witness List. As stated above, Google is willing to produce Mr. Lim for deposition. However, Google objects to having to produce a second witness for deposition given that Ms. Chen is not on either party's witness list. Nonetheless, to avoid a dispute, Google offered the compromise set out above, which Plaintiff rejected. Defendants expect Mr. Lim to provide testimony on a straightforward and important topic: How any use of the name 'SinCo' did or did not influence Google's purchasing decisions and whether the use of the name 'SinCo' resulted in confusion impacting those decisions.*

EXHIBIT 5

| | |
|---|---|
| **From:** | Winthrop, Douglas A. |
| **To:** | Andara, Lael D.; Gaitan, Daniel |
| **Cc:** | Farris, Joseph; Kamras, Jeremy T. |
| **Subject:** | Dispute regarding Sunday and Monday depositions of Google witnesses |
| **Date:** | Friday, October 1, 2021 7:42:11 AM |

Lael/Daniel -- Please see the below email to the Court regarding the time allocation for the Google depositions.  Given that the first one is scheduled for Sunday, please let me have your insert as soon as possible.  We will wait until Noon PDT to send to the Court.  Thank you.

Doug

Douglas Winthrop

**Arnold & Porter**

Office: (415) 471-3174
Cell: (415) 298-5279

* * * * * * * * * * * *

Dear Ms. Ms. Meuleman:

The parties have a further dispute with respect to the depositions of the two Google employees that were the subject of the Court's Minute Order entered on Monday, September 27. Pursuant to the Court's Standing Order on Discovery, the parties request a conference call with the Court.

XingKe's Position

The Court ordered two-hour depositions of two Google employees, Andy Lim and Allison Chen. Mr. Lim's deposition is scheduled for

Sunday. Ms. Chen's deposition is scheduled for Monday. FRCP 30(c)(1) provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the <u>Federal Rules of Evidence</u>, except Rules <u>103</u> and <u>615</u>," such that all parties have an opportunity to examine the witness. Nonetheless, yesterday, counsel for Plaintiff stated his position that the entire two-hours of each deposition would be for Plaintiff, and that counsel for Defendants would need to secure additional time from Google, beyond the two hours ordered by the Court, in order to conduct any cross-examination or redirect. Google has declined to provide additional time. Both the rules and due process require that all parties are offered an opportunity to question a witness. Defendants have offered to share the two hours 75%/25% in favor of Plaintiff, and have advised Plaintiff that, depending on the questions asked and answers given, the need for follow up and/or clarifying questioning by Defendants might take even less time than the half hour allocation requested. Plaintiff would not agree to share any of the two hours. Defendants request that the Court order that Defendants are to be allotted 30 minutes of the two hours of questioning in each of the Google witness depositions.

<u>SinCo.'s Position</u>

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com