UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al.,<br><br>    Defendants. | Case No. 17-cv-05517-EMC<br><br>**ORDER RE BELLWETHER EXHIBITS** |

This order addresses the bellwether exhibits identified by the parties.

### I.     PLAINTIFF'S EXHIBITS

**Exhibit 17.**  The document consists of Purchase Orders that SinCo issued to XingKe.  The objections are sustained in part.  SinCo must break this exhibit into "subexhibits" so that it is clear which Purchase Order comes with Terms and Conditions.  To the extent Defendants suggest that XingKe was never given Terms and Conditions with a Purchase Order, *see* Jt. St. on Obj. at 3 (arguing that the Terms and Conditions "should be excluded because Plaintiff did not disclose an email in native form in which such a document is attached (to which Defendants did not object)"), they may cross-examine Dr. Chee on that matter.

**Exhibit 53.**  The document consists of emails.  The dispute seems to concern an email written by Mr. Tjoa – specifically, a statement in his email to a Google employee as follows: "Sinco Singapore claims that Sinco trademark in China is owned by Sinco Singapore.  The fact is Xingke was the one to register the trademark in China.  It is lawfully owned by Xingke.  However, I have instructed the Xingke team to stop using Sinco to avoid confusion with the other Sinco entities.  Xingke had done so since mid last year.  You might notice that even we have changed

1  our English name to Xingke in the factor including the logo and email domain to
2  user@xingkecn.com." The objections to this part of the mail are sustained in part. The reference
3  to XingKe's cessation in using SinCo to avoid confusion is inadmissible under Rule 407
4  (subsequent remedial measures) and Rule 403.

5  **Exhibit 89.** The document is a declaration that Guanglei Zhang submitted in this case.
6  Mr. Zhang is the Chinese attorney who represented SinCo in trademark proceedings in China. In
7  his declaration, he testifies about "fabricated evidence" that XingKe submitted during trademark
8  proceedings. The objections are sustained. The declaration is hearsay. SinCo has cited the
9  business records exception and the public records exception but the declaration does not qualify as
10 either. Mr. Zhang, however, is permitted to testify consistent with the Court's rulings on
11 Defendants' MIL No. 2.

12 **Exhibit 75.** The document consists of multiple emails. The objections are sustained in
13 part and deferred in part. The bulk of the emails (*e.g.*, exchanged between Dr. Chee and Mr.
14 Zhang) are not relevant and also pose 403 concerns. The main email – written by Dr. Chee to a
15 Bose employee addressing, *inter alia*, XingKe's alleged misconduct – has some probative value as
16 it suggests a customer may have had an interest about the SinCo/XingKe relationship. However,
17 the email appears to be hearsay unless, *e.g.*, SinCo can show that it falls under a hearsay exception
18 such as the business records exception. (Because Dr. Chee wrote the email, SinCo cannot argue
19 the statement of a party-opponent.) The Court defers ruling on the hearsay objection. At trial,
20 SinCo will have to lay the foundation to show that a hearsay exception applies which requires,
21 *inter alia*, that the record was kept in the course of a regularly conducted activity of a business and
22 that making the record was a regular practice of that activity.

23 **Exhibit 133.** The document is XingKe's website. Defendants do not object to the exhibit
24 so long as it can also show XingKe's old website (which showed XingKe using the "SinCo" logo
25 pursuant to the oral license given to XingKe by SinCo). XingKe's old website can be found at
26 Defendants' Exhibits 880-81. SinCo has objected on the basis that Exhibits 880 and 881 were
27 disclosed after the close of fact discovery. *See* Pl.'s MIL No. 2. Because the Court has deferred
28 ruling on part of SinCo's MIL No. 2, the Court defers ruling here as well. However, as a facial

1 matter, the Court is hard pressed to see how SinCo would be prejudiced by admission of the old
2 website.

3       **Exhibit 119.** The document is a statement from two NYU law school professors,
4 testifying before the Senate Subcommittee on Intellectual Property regarding "Fraudulent
5 Trademarks: How They Undermine the Trademark System and Harm American Consumers and
6 Business" (December 2019). The objections are sustained. The document is hearsay. It does not,
7 as SinCo contends, fall within the public records exception. *See* Fed. R. Evid. 803(8).

8       **Exhibit 171.** SinCo has withdrawn the exhibit.

9       **Exhibit 193.** The document consists of emails between Mr. Tjoa and Google employees.
10 The main email in dispute if one written by Mr. Tjoa concerning KOTL's bankruptcy. The
11 objections are sustained. The Court has granted Defendants' MIL No. 6.

12       **Exhibit 351.** The document is an indemnification agreement between XingKe and Mr.
13 Tjoa. The objections are sustained. The document is not admissible under Rule 403.

14       **Exhibit 364.** The document is the SAC in this case. The objections are sustained. The
15 document is hearsay.

16       **Exhibit 373.** The document consists of emails between SinCo and Xu Shugong. The
17 Court defers ruling on the exhibit. SinCo may be able to lay a foundation to establish the business
18 records exception to the hearsay rule (as noted above).

19       **Exhibit 389.** The document is a police report, reflecting a statement made by Mr. Chee in
20 November 2016 that he received a threatening SMS from a number that turned out to be from the
21 Philippines. The objections are sustained. The document is not admissible for 403 grounds.

22       **Exhibit 59 (formerly Exhibit 399).** The document is a Corrective Action Plan (CAP)
23 Report that Amazon issued to SinCo but covering XingKe which was, at that time, SinCo's
24 factory or contract manufacturer. The document reflects Amazon's assessment that XingKe was
25 not complying with corporate social responsibilities. With respect to the hearsay objection, Dr.
26 Chee cannot lay the foundation for the business records exception as the document is an Amazon
27 business record at best, not a SinCo business record. However, it is not clear whether SinCo will
28 be relying on the document for the truth of the matter asserted – *i.e.*, whether XingKe was actually

1    failing to comply with corporate social responsibilities.  SinCo indicates that it will be using the

2    document for "acquisition" purposes.  If, *e.g.*, SinCo intends to use the document to show that

3    XingKe did not comply with corporate social responsibilities, then SinCo would be using the

4    document for the truth of the matter asserted.  If SinCo is trying to use the document to show its

5    state of mind or Amazon's view of XingKe and SinCo's state of mind regarding acquisition then it

6    may be admitted for that limited purpose provided that purpose is relevant.  Moreover, Defendants

7    are introducing evidence related to Amazon; what is good for the goose is good for the gander.

## II. DEFENDANTS' EXHIBITS

**Exhibits 501-03.**  The documents are all related to the prior conviction of "cheating" for Dr. Chee.  The objections are overruled.  The Court has admitted the evidence per its ruling on SinCo's MIL No. 4.

**Exhibit 532.**  The document appears to be some kind of business record/certificate for SinCo Group Holdings Pte. Ltd. and/or Sun Art Enterprises Ltd., reflecting that Xu Shugong, Gao Bingyi, and Bryan Lim are directors and/or beneficial owners.  Defendants indicate that they will be using the document when asking Bryan Lim about his financial relationship with XingKe.  SinCo has objected on 401 and 403 grounds.  The objections are overruled.

**Exhibit 584.**  The document seems to be a list of customers (and how the customers have contributed to the results for Q1 of FY2016) for Zhuhai Chi Cheng.  The objections are overruled in part.  There are no 401 or 403 issues; Defendants indicate that they will use the exhibit to show that Apple's vendor was Zhuhai Chi Cheng, and not SinCo.  To the extent SinCo has raised a 106 objection (*i.e.*, completeness), Defendants are amenable to SinCo's designated document.

**Exhibit 677.**  The document appears to be a litigation claim filed by a third party, Swiftronic, against Bryan Lim and SinCo in a Singapore court.  It seems that SinCo was a supplier at one point for Swiftronic.  One of Swiftronic's complaints is that, after Bryan Lim was appointed as a director for Swiftronic, he "dishonestly created the impression that he was the controlling shareholder of both [SinCo] and [XingKe], even though this was not the case.  Using this deception, [Bryan Lim] had, since he became a director of [Swiftronic], sold large volumes of Components to [Swiftronic] through [SinCo] at a price ('Marked-Up Price') higher than the price

4

1  at which [Swiftronic] could have purchased the same Components had it dealt directly with
2  [XingKe]." Ex. 677, at 15.  Defendants indicate that they will question Bryan Lim and/or Dr.
3  Chee about the document to show that Swiftronic chose to work with XingKe voluntarily.  SinCo
4  has objected on 401 and 106 grounds.  The objections are overruled in part.  The 401 objection
5  lacks merit.  The 106 objection seems to be based on the fact that the document is redacted.
6  However, SinCo appears to have been the redacting party and it does not identify what parts of the
7  document should also "in fairness . . . be considered at the same time."  Fed. R. Evid. 106.  If
8  SinCo wishes to identify what redacted portions should be introduced for completeness, it may do
9  so.

**Exhibits 681-82, 711-13.**  Exhibits 681 and 682 are internal SinCo emails related to the customer Amazon.  Exhibits 711 through 713 are emails exchanged between SinCo and Amazon.  As indicated above, it appears that SinCo and XingKe (as SinCo's "factory") were audited as suppliers because they did not comply with Amazon's corporate social responsibilities.  Defendants indicate that they intend to question Dr. Chee about the documents to explain that there was a noninfringement reason why SinCo lost Amazon as a customer.  *See, e.g.*, Exs. 711, 713.  The objections are overruled.  To the extent SinCo has raised a 106 objection, the Court is permitting SinCo to introduce the actual audit report (see Exhibit 59 above).

**Exhibit 802.**  The document is an acquisition prospectus.  Defendants indicate that they will question Mr. Nguyen and/or Dr. Chee about the document to show that SinCo was trying to purchase a factory.  The objections are tentatively overruled.  If the document was authored by SinCo, then it would be a statement of a party-opponent.  The document could also come in as a business record if the proper foundation were laid.  The 401 and 403 objections lack merit.

**Exhibit 807.**  The document shows a logo for a third-party company named Sinco Pharmaceutical.  Defendants indicate that they intend to ask for judicial notice of the document to show abandonment of the trademark by SinCo and/or use of the trademark by other companies.  The objections are overruled.  Regarding hearsay, the Court notes that the document is more in the nature of a verbal act – *i.e.*, it is not being offered for the truth of the matter.

**Exhibit 808.**  The document is a newspaper article about Dr. Chee's prior conviction.

1  Although the Court is allowing Dr. Chee's prior conviction to be admitted, *see* Pl.'s MIL No. 4, the Court reserves ruling on this exhibit. Defendants have indicated that they intend to use the article for impeachment purposes only, which does lessen 403 concerns. However, the Court defers ruling to determine how exactly Defendants will be using the exhibit at trial. A newspaper article which contains hearsay and no statement by Dr. Chee has little, if any, probative value.

**Exhibit 879.** The document appears to be XingKe's appeal of the unfavorable decision in the Chinese trademark proceedings. Defendants indicate that they intend to introduce the document only if their MIL No. 2 is denied. As the Court previously held on the MIL, it is allowing only limited evidence of the trademark proceedings (which would not include this document). The objections are therefore moot.

**Exhibit 894.** The document is a "SinCo Group Holdings Pte." record. Defendants indicate that they will question Bryan Lim about the document in exploring his relationship with XingKe and his knowledge of its activities. The objections are overruled. To the extent SinCo has made a 106 objection, it has not identified what evidence should be admitted for completeness.

**IT IS SO ORDERED**.

Dated: October 12, 2021

_____
EDWARD M. CHEN
United States District Judge