1  DOUGLAS A. WINTHROP (SBN 183532)
   Douglas.Winthrop@arnoldporter.com
2  JEREMY T. KAMRAS (SBN 237377)
   Jeremy.Kamras@arnoldporter.com
3  JOSEPH FARRIS (SBN 263405)
   Joseph.Farris@arnoldporter.com
4  **ARNOLD & PORTER KAYE SCHOLER LLP**
5  Three Embarcadero Center, 10th Floor
   San Francisco, CA 94111-4024
6  Telephone: 415.471.3100
   Facsimile: 415.471.3400
7

   **WHGC, P.L.C.**
   Jeffrey C.P. Wang (SBN 144414)
   *JeffreyWang@WHGCLaw.com*
   Michael G. York (SBN 89945)
   *MichaelYork@WHGCLaw.com*
   Kathleen E. Alparce (SBN 230935)
   *KathleenAlparce@WHGCLaw.com*
   Jessica A. Crabbe (SBN. 263668)
   *JessicaCrabbe@WHGCLaw.com*
   1301 Dove Street, Suite 1050
   Newport Beach, CA 92660
   Tel. (949) 833-8483; Fax: (866) 881-5007

8  *Attorneys for Defendants* XINGKE ELECTRONICS
9  (DONGGUAN) CO., LTD., formerly known as
   SINCO ELECTRONICS (DONGGUAN) CO., LTD.,
10 LIEW YEW SOON aka, MARK LIEW, NG CHER
   YONG. aka CY NG, and MUI LIANG TJOA aka ML
11 TJOA

12

13                **UNITED STATES DISTRICT COURT**

14          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN FRANCISCO DIVISION**

16

| | |
|---|---|
| 17  SINCO TECHNOLOGIES PTE LTD., | Case No. 3:17-CV-05517-EMC |
| 18          Plaintiff, | Action Filed: September 22, 2017 |
| 19      vs. | **OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 2** |
| 20  SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual), | Date:          October 5, 2021<br>Time:          3:00 p.m.<br>Place:         Courtroom 5, 17th Floor<br><br>**Judge:  Honorable Edward M. Chen**<br><br>**Trial:    November 1, 2021** |
| 25          Defendants. | |

26

27

28

I.      SUMMARY OF OPPOSITION TO MOTION IN LIMINE NO. 2

In its Supplemental Brief in Support of Motion in Limine No. 2 ("Motion"), Plaintiff SinCo Technologies PTE Ltd. ("SinCo SG") ignores the Court's Final Pretrial Conference Order to "provide *specificity* as to how it would be prejudiced if *specific* documents produced after the close of fact discovery were admitted at trial." ECF No. 503 at 4:14-16 (emphases added). Instead, Plaintiff renews its Motion by rearguing the applicable law and procedural history, and requesting a wholesale exclusion of (1) testimony by customer witnesses not formally disclosed until after the close of fact discovery in this action—a request that has already been considered and denied by this Court, and (2) documents produced in connection with ongoing discovery in the parallel state court action ("State Action")—documents that SinCo SG previously agreed would be admissible in this action.

This Court has already ruled on SinCo SG's motion to exclude testimony by Google and Apple employees, with no indication it sought a supplemental brief to further consider the matter. Rather, that "motion [wa]s denied." ECF No. 504 at 4:5. The Court found that the "probative value of the customer testimony is substantial" and "this evidence comes with no surprise." *Id*. at 4:6-7. Further, the Court "alleviated any prejudice to SinCo [SG]" by permitting it to take the depositions of relevant witnesses and allowing it to designate rebuttal witnesses. *Id.* at 4:8-12. Despite the Court's ruling directly on point, SinCo SG now attempts to relitigate its position in its supplemental brief. This request is inappropriate and should be disregarded, and Defendants do not address it below.

With respect to documents produced after the close of fact discovery in the federal action, the Court sought "specifics" as to how SinCo SG would be prejudiced by the admission of specific documents. ECF 503 at 4:14-16. SinCo SG has failed do so. Rather than discuss the contents of specific documents at issue, and the resulting prejudice to SinCo SG, the supplemental brief primarily argues on the basis of SinCo SG's purported decision to "cease conducting discovery as to the claims in the Federal case" following the close of fact discovery. ECF 507 at 2:1-2. But this ignores the existence of the pending State Action, in which discovery

has been pursued with vigor and still is, and the parties' previous agreement that documents produced in the State Action would be applicable to this proceeding.  *See* Part II(A)*, infra.*

To the extent Plaintiff identifies any documents in particular, it is only by category and the claim of prejudice is superficial, and easily addressed, as below. *See* Part II(B), *infra.*

## II.   ARGUMENT

### A.   Defendants' Limited Reliance On Documents That Were Produced After January 2020 Was Substantially Justified.

SinCo SGs attempt to wholesale exclude documents produced after the close of discovery is legally infirm.  The Court should not issue "a blanket ruling at this stage that *anything* outside of [the discovery deadline] will *per se* cause unfair surprise and substantial prejudice." *Ervine v. Desert View Regional Medical Center Holdings, LLC*, No. 2:10-CV-1494- JCM (GWF), 2017 WL 4038858, at *5 (D. Nev. Sept. 13, 2017) (denying motion in limine seeking to exclude all late-identified evidence as "substantially overbroad").

Nor can SinCo SG substantiate wholesale prejudice.  Defendants' intention to rely on discovery produced in the State Action was not "[u]nknown to [SinCo SG]."  ECF 507 at 2:4. Nor was it a willful defiance of the discovery deadlines established in this proceeding.  To the contrary, the parties years-ago reached an agreement that, because of the interrelatedness of the state and federal proceedings, documents produced in the State Action would be deemed produced in this matter as well.  SinCo SG has previously represented this understanding to the Court.  *See* ECF 48 at 31:13–19 (transcript of April 26, 2018 Case Management Conference wherein SinCo SG confirmed that the parties had agreed that discovery obtained in the State Action would be applicable in this action); ECF 81 at 11 (October 18, 2018 Joint Case Management Statement noting that "[t]he parties have agreed—and this Court approved—to avoid duplicat[ion] of discovery by using the Bates numbered evidence exchanged in the State Action").  In these representations, SinCo SG has never included the caveat that the agreement would not apply to discovery properly produced in the State Action after the close of federal fact discovery.  Nor has it ever differentiated between documents produced in the state and

OPP. TO PLAINTIFF'S SUPPL. BRIEF ISO MIL NO. 2                3:17-CV-05517-EMC

federal actions—the parties Bates stamp documents in both actions identically and have used the documents interchangeably as evidence in both proceedings.  Defendants are thus substantially justified in their reliance on documents produced in the State Action, and SinCo SG cannot sincerely claim surprise by this reliance.

Even absent this agreement, SinCo SG cannot claim surprise or harm by Defendants' attempt to rely on such evidence.  Discovery in the State Action—which involves identical parties and counsel, and the same underlying facts—remains ongoing.  As such, contrary to its claim that it "ceas[ed] conducting discovery as to the claims in the Federal case," SinCo SG has continued to request documents and information relevant to both its federal and state claims. *See, e.g.*, Farris Declaration in Opposition to Plaintiff's Supplemental Brief ("Farris Decl."), Ex. A (SinCo SG's RFAs to XingKe, served in the State Action on August 27, 2021, seeking, *inter alia*, admissions regarding XingKe's Chinese name, its prior work as a contract manufacturer for SinCo SG, and Bryan Lim's ownership of the China factory).  Indeed, it was in response to these requests that Defendants produced some of the documents at issue in this Motion.  *See id.*, Ex. B (SinCo SG's RFPs to XingKe in the State Action, dated December 18, 2020, requesting sales revenue).  SinCo SG's claim that it was "could not further investigate the full picture" after close of discovery in the federal action is thus disingenuous, as it continued to request discovery relevant to this proceeding even after January 2020.  Defendants are substantially justified in relying on documents produced in response to those requests in this trial.

**B.    SinCo SG Has Failed To Specify Any Cognizable Prejudice From The Admission Of Limited Documents Produced After January 2020.**

To the limited extent SinCo SG attempts to articulate prejudice resulting from specific documents or categories of documents, Defendants address each in turn:

**Reproduction of previously produced document in native format, as requested by SinCo SG (Trial Ex. 729).**  SinCo SG does not describe any prejudice that would result from the admission of Trial Exhibit 729.  Instead, it seeks to shift the burden to Defendants, arguing that Trial Exhibit 729 should be excluded because "Defendants have failed to articulate why this

1   was not produced prior to January 10, 2020." ECF 507 at 5:16-17 (emphasis removed). In any

2   event, Trial Exhibit 729 is merely the native version of trial exhibits to which SinCo SG did not

3   object except on completeness grounds under Fed. R. Evid 106. *See* Trial Exs. 730 and 731.

4   Indeed, Plaintiff objected to Trial Exhibit 731 on the ground that the "[n]ative should be used,"

5   and Defendants therefore agreed that DEFS_0258141 (the Bates for Trial Ex. 729) would be

6   used at trial. *See* Original Joint Exhibit List and Objections at ECF 477-5. SinCo SG has failed

7   to demonstrate any prejudice, including that in some way the native document includes content

8   not previously available.

9   **Public documents subject to judicial notice (Trial Exs. 829–834, 836–837, 840).[1]**

10   SinCo SG acknowledges the relevance of these documents—Apple's Supplier Lists and Codes

11   of Conduct—but nonetheless seeks to exclude them on the basis that they were not produced

12   prior to January 2020. ECF 507 at 5. These documents are all publicly available, equally

13   available to all parties, and properly subject to judicial notice. SinCo SG therefore does not

14   identify any prejudice it would experience as a result of the introduction of these documents.

15   Indeed, SinCo SG itself implicitly acknowledges this: SinCo SG has also listed exhibits that it is

16   seeking judicial notice of—documents which were public and obtained from the internet, and

17   which were not "produced" before January 2020. *See, e.g.* Trial Ex. 119 (congressional

18

19

20   ---
     [1] SinCo SG notes that Defendants' Amended Exhibit List, submitted in response to the Court's
     request on October 1, 2021 (ECF 495), withdraws Trial Exhibits 828, 835, 838, 841, 842 and
21   845; and yet Defendants "inexplicably" argue their intent to use these exhibits at trial in their
     Opposition to SinCo DG's Motion. ECF 507 at 5 n. 5; 6 n. 6. In fact, this is rather "explicable":
22   Defendants submitted their Opposition to SinCo SG's Motion on September 13, 2021—prior to
     the narrowing of their Exhibit List. ECF 436 at 8–16. In accordance with the Amended Exhibit
23   List, Defendants no longer intend to rely on these exhibits. ECF 495. Defendants will only
     address the remaining exhibits.

24   Separately, in the Court's Order re Bellwether Exhibits (ECF No. 511), the Court deferred ruling
     with respect to Trial Exhibits 880 and 881 on the ground that the Court had deferred ruling on
25   this MIL No. 2. *Id.* at 2:26-3:2. These exhibits show an archived version of XingKe's website
     captured by the Wayback Machine. SinCo SG does not include those exhibits in its supplemental
26   briefing on MIL No. 2, thus apparently conceding a lack of prejudice. Indeed, as the Court noted:
     "[A]s a facial matter, the Court is hard pressed to see how SinCo would be prejudiced by
27   admission of the old website." *Id.*

28

OPP. TO PLAINTIFF'S SUPPL. BRIEF ISO MIL NO. 2                 3:17-CV-05517-EMC

1  testimony regarding fraudulent trademarks).[2]  Additionally, SinCo SG classifies a number of

2  exhibits to be judicially noticed, and thus does not list an associated Bates range, for documents

3  *actually produced* by SinCo SG following the close of fact discovery in this action.  *See, e.g.*,

4  Trial Exs. 326 (reproduction and translation of SINCO2199401, attached hereto as Farris Decl.,

5  Ex. C, ultimately excluded as inadmissible character evidence by this Court) and 394

6  (reproduction and translation of SINCO2196850, attached hereto as Farris Decl., Ex. D).[3]

7  SinCo SG thus attempts to circumvent its own request for exclusion of "late-produced"

8  documents by listing these documents as subject to judicial notice, rather than acknowledge

9  their actual production.

10      **Revenue information through 2020 (Trial Exs. 851–878).**  With respect to the revenue

11  reports not produced until after January 2020, SinCo SG again asserts its general argument that

12  it is prejudiced by the late disclosure of revenue reports because it is now "foreclosed" from

13  conducting pointed discovery on the issues raised in the documents.  These reports, however,

14  were compiled in response to SinCo SG's own request in the State Action (*see* Farris Decl. Ex.

15  C), where discovery remains ongoing and thus provides an opportunity for SinCo SG to further

16  investigate, as needed.

17      SinCo SG levies only one specific claim of prejudice and only as to one of these reports

18  (Trial Exhibit 877): specifically, SinCo SG relies on the Supplemental Report of Alan Cox to

19  argue that XingKe "under reports" the revenue earned from sales to SinCo SG such that there is

20  a "shortfall" that should have been addressed through written discovery.  However, there is no

21  purported "shortfall."  There are seven (2010-2016) full years of data presented by Mr. Cox

22  comparing the data reflected in XingKe's records and those of SinCo SG's.  *See* Cox Suppl.

23  _____

24  [2] Although Trial Exhibit 119 was removed from SinCo SG's Second Amended Exhibit List, filed on October 11 (ECF 508), it appeared on SinCo SG's original Exhibit List (ECF 477-5) and Amended Exhibit List (ECF 486), and the Court excluded it as inadmissible hearsay in its Order re Bellwether Exhibits (ECF No. 511).  What is more, SinCo SG's Exhibit List includes additional non-produced evidence, not subject to judicial notice and not even Bates stamped. *See* Trial Ex. 264.

27  [3] In its Motion, SinCo SG acknowledged that, by the discovery cutoff in this action, Plaintiff had "produced up to Bates Number SINCO2,196,780."  ECF 436 at 2:12.  Thus, any document above that Bates range is "late-produced" evidence.

Report at Table 1, columns (2) and (3).  In three of those seven years (2010, 2013, 2015), XingKe's reported sales are *higher* than those reflected in SinCo SG's data.  More, in no case is the annual variance greater than $2.1 million, and in four of the seven years it is less than $1 million.  The total variance aggregated across all seven years is only $1.1 million, which as a percentage of all revenue for the same period is 0.35%.  These variances can therefore likely be explained from a difference in timing as to when the sales were recorded by each of the entities.  Rather than exclude the documents because of a marginal difference in reported numbers, this discrepancy is best explored through examination.  Indeed, the fact that Mr. Cox had the opportunity to review the revenue reports and draft a Supplemental Report to address their contents further demonstrates a lack of prejudice to SinCo SG and the appropriateness of addressing this issue with witnesses at trial.

Finally, and importantly, the variance identified by SinCo SG is reflected in data presented in Trial Exhibit 877.  SinCo SG states no objection as to any of the other revenue reports.

### C.     The Court Has Offered SinCo SG A Means To Mitigate Any Potential Prejudice.

As outlined in the Court's Final Pretrial Conference Order, SinCo SG has an avenue to cure any prejudice caused by the admission of the abovementioned documents (should any prejudice actually be found).  ECF 503 at 4:18-19 ("the Court will be open to counter-designations in rebuttal by SinCo as a means of mitigating prejudice").  SinCo SG has not demonstrated why this cure would be insufficient.

## III.   CONCLUSION

For the reasons given, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine No. 2.

Dated:  October 12, 2021.                                  ARNOLD & PORTER KAYE SCHOLER LLP

                                                          By:    */s/ Douglas A. Winthrop*
                                                                 DOUGLAS A. WINTHROP

OPP. TO PLAINTIFF'S SUPPL. BRIEF ISO MIL NO. 2                          3:17-CV-05517-EMC

*Attorneys for Defendants*
XINGKE ELECTRONICS (DONGGUAN)
CO., LTD., formerly known as SINCO
ELECTRONICS (DONGGUAN) CO., LTD.,
LIEW YEW SOON aka, MARK LIEW, NG
CHER YONG. aka CY NG, and MUI LIANG
TJOA aka ML TJOA

OPP. TO PLAINTIFF'S SUPPL. BRIEF ISO MIL NO. 2                3:17-CV-05517-EMC