UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br><br> Plaintiff, <br><br> v. <br><br> SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., <br><br> Defendants. | Case No. 17-cv-05517-EMC <br><br> **ORDER RE PLAINTIFF'S MOTION IN LIMINE NO. 2** |

The Court has received the parties' supplemental briefs regarding SinCo's MIL No. 2. *See* Docket No. 507, 516. Having considered such, the Court hereby rules as follows.

1. SinCo suggests that the Court has erroneously placed the burden on SinCo to prove a lack of prejudice. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (rejecting defendant's argument that "the burden of proving harm is on the party seeking sanctions; . . . [i]mplicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness"). The Court has not placed any such burden on SinCo. Defendants made specific arguments as to why SinCo was not prejudiced as a result of disclosures made after the close of fact discovery in January 2020. The Court gave SinCo an opportunity to address those arguments. That is not the same thing as putting the burden of proving harm on SinCo. It simply states a finding by the Court.

2. SinCo continues to make arguments as to why it will be prejudiced if customers such as Google and Apple are allowed to testify at trial. The Court did not permit SinCo to make these arguments. It allowed SinCo to make arguments with respect to documents only. Even if the Court were to deem SinCo's arguments as a motion for reconsideration, the Court would still

deny SinCo relief. As previously noted, the identities of the customers are no surprise. Furthermore, the Court has allowed SinCo to designate rebuttal witnesses. SinCo asserts that it is not "free to obtain rebuttal witnesses from [*e.g.*] Google" because Google has taken the position that it does not want to get involved. Docket No. 507 (Pl.'s Supp. Br. at 3 n.2). But even if Google does not wish to get involved, Google's wishes are not dispositive. SinCo has not explained why, *e.g.*, it could not issue a trial subpoena to Google. To the extent SinCo has identified 23 new documents because of the new witness disclosures, the Court shall permit the designation but the parties shall immediately meet and confer to determine whether Defendants have objections and, if so, what SinCo's responses are. The parties shall report back on these 23 documents by October 18.

3. Regarding documents, SinCo suggests that it is automatically prejudiced because it has complied with deadlines while Defendants have not (and would be rewarded for not complying with deadlines). *See* Docket No. 507 (Pl.'s Supp. Br. at 6) (referring to her "inherent inequity"). That is not the law. To the extent SinCo has made arguments with respect to specific documents, none is persuasive. For example, SinCo criticizes Defendants for not having a justification for the late disclosure, but that is only part of the Rule 37 inquiry. The other part of the inquiry is prejudice. The most specific argument that SinCo makes relates to XingKe financial information, but, here, any prejudice has been cured because SinCo has submitted a supplemental expert report from Dr. Cox. SinCo asserts still that XingKe has underreported the revenue SinCo paid it over several years and that "written discovery would have been conducted to determine the shortfall." Docket No. 507 (Pl.'s Supp. Br. at 6). The Court shall permit SinCo to propound an interrogatory on XingKe regarding the asserted underreporting/shortfall. The interrogatory shall be served by October 18, and a response shall be served two days thereafter.

**IT IS SO ORDERED**.

Dated: October 14, 2021

_____
EDWARD M. CHEN
United States District Judge