**ROPERS MAJESKI PC**
LAEL D. ANDARA (SBN 215416)
lael.andara@ropers.com
545 Middlefield Road, Suite 175
Menlo Park, CA 94025
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1701

*Attorney for Plaintiff*
SINCO TECHNOLOGIES PTE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGLE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>    Defendants. | Case No. 3:17CV5517<br><br>**PLAINTIFF SINCO TECHNOLOGIES PTE LTD'S OBJECTIONS AND COMMENTS TO COURT'S PROPOSED JURY INSTRUCTIONS [ECF 519]**<br><br>TRIAL DATE<br>November 1, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff, SINCO TECHNOLOGIES, PTE, LTD. ("SINCO"), submits the following objections to the Court's ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS [ECF 519] as set forth below:

# JURY INSTRUCTION NO. 3
## CLAIMS AND DEFENSES

To help you follow the evidence, I will identify the parties for you and give you a brief summary of their respective positions.

The plaintiff in the case is SinCo Technologies Pte Ltd. You may hear the parties refer to the plaintiff as "SinCo Technologies" or "SinCo Singapore." "SinCo" is used throughout these instructions.

The defendants in the case are XingKe Electronics (Dongguan) Co., Ltd. and three individuals: Mui Liang Tjoa; Cher Yong; and Liew Yew Soon. XingKe Electronics (Dongguan) Co., Ltd. previously did business as Sinco Electronics (Dongguan) Co., Ltd. Cher Yong is also known as Cy Ng. Liew Yew Soon is also known as Mark Liew.

The plaintiff asserts the following claims against each of the defendants: trademark infringement, ~~and~~ false advertising, and passing off. The plaintiff has the burden of proving these claims.

The defendants denies the claims and also asserts defenses. If there is a defense for which the defendants have the burden of proof, it is known as an affirmative defense. If a defense is an affirmative defense, it will be identified as such in the jury instructions.

The plaintiff denies the affirmative defenses.

Please note that there is a separate lawsuit among some of the same parties pending in a California state court that was filed on October 28, 2016. On September 22, 2017, SinCo filed this federal lawsuit asserting claims for trademark infringement and other violations of federal law. In the state lawsuit, SinCo asserts claims against the defendants under different legal theories, and the defendants assert claims against SinCo. You should not speculate about the law that applies to that case or how the outcome of that case impacts or does not impact this case. Your job is only to decide the case presented to you here based solely on the law I instruct you to apply.

**SINCO'S COMMENT:**

SINCO's tracked changes above indicate proposed modifications to address the objection below. SINCO is asserting common law unfair competition, and believes the Jury will be required to determine the common law claim of unfair competition in the form of passing off.

**SINCO'S OBJECTION:**

SINCO objects to the extent this Court, respectfully, appears to be treating the fifth cause of action for Common Law unfair competition (*i.e.* passing off) *as the same* as sixth cause of action for common law as the same claim.

Furthermore, SINCO respectfully request an instruction to the Jury as to this separate cause of action for common law unfair competition in the form as passing off as recognized by the California Supreme Court. *Bank of the W. Sup. Court,* 2 Cal. 4th 1254, 1263 (1992). [ECF 517] *To wit,* See Proposed:

### JURY INSTRUCTION [PROPOSED BY PLAINTIFF]
### UNFAIR COMPETITION: PASSING OFF

For Plaintiff to establish common law unfair competition by passing off they must prove that:

(1)   the defendant subjectively and knowingly intended to confuse buyers of a competitive product,

(2)   consumers were likely to be confused, and

(3)   the defendant thereby caused plaintiff a competitive injury.

**AUTHORITY**:

The common law tort of unfair competition or "passing off" is a jury question and is a different standard than under a UCL claim. SINCO does not dispute the §17200 claim is one of equity and traditionally is decided by the Judge. However, a passing off claim under common law is very different.  As an animal of trademark, such disputes are decided by a jury. *Gerawan Farming, Inc. v. Rehrig Pac. Co.,* No. 1:11-CV-1273 LJO BAM, 2013 WL 1982797, at *9 (E.D. Cal. May 13, 2013), aff'd, 587 F. App'x 654 (Fed. Cir. 2014)("Again, the claim ***to be decided by the jury*** is whether ***Defendant engaged in "passing off"*** by selling the Second Generation Harvest Tote without

Plaintiff's authorization.); see also, *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1020 (9th Cir. 1985)(The jury found that appellants had passed off Fairbanks' valve body kits as Transgo "Shift Kits."); *Rider Clothing LLC v. Boardriders, Inc.,* 2020 WL 4578700, at *3 (C.D. Cal. Aug. 7, 2020), citing: *Fisher v. Dees,* 794 F.2d 432, 440 (9th Cir. 1986); *Luna Distrib. LLC v. Stoli Grp. (USA), LLC,* No. 17-1552-DOC (JDEx), 2018 WL 5099277, at *12 (C.D. Cal. July 10, 2018); 4 McCarthy on Trademarks and Unfair Competition § 25:3 (5th ed.).

Other Circuits are in accord. *Mon Cheri Bridals, Inc. v. Wen Wu,* 383 F. App'x 228, 240 (3d Cir. 2010) (The jury awarded $107,000 on the copyright infringement and $110,000 on the passing off. These awards reflect harm suffered under separate statutory schemes for separate facts and the jury instructions specified which dresses applied to which claims.)

Passing off is a tort where one remedy may be money damages. The claim is different than a trademark infringement because, the common law claim "does not depend on the ownership by the plaintiff of any particular word, phrase, or device, as a trademark. ... The right of action in such a case arises from the fraudulent purpose and conduct of the defendants and the injury caused to the plaintiff thereby, and it exists independently of the law regulating trademarks or of the ownership of such trademark by the plaintiff." *Los Defensores, Inc. v. Gomez*, 223 Cal. App. 4th 377, 396-97 (2014). The gist of such an action is not the appropriation and use of another's trademark, but the fraudulent injury to and appropriation of another's trade.'" *Banzhaf v. Chase* 150 Cal. 180, 183, (1907).

Historically, "[t]he common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off one's goods as those of another." *Sybersonnd Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1153 (9th Cir. 2008)). As adopted by the *Rider* court, the McCarthy on Trademarks and Unfair Competition treatise explains that "[t]he terms 'palming off' and 'passing off' should usually be restricted to the situations where they were originally coined by the common law," i.e., "where there is real proof that defendant subjectively and knowingly intended to confuse buyers of a competitive product." § 25:3. "Palming off" as denoting intentional substitution or fraud, 4 McCarthy on Trademarks and Unfair Competition § 25:3 (5th ed.)

A defendant is liable for common law unfair competition if he "fraudulently markets his goods as those of another ... (a) for the purpose of inducing persons to purchase the goods which he

1  markets, and (b) under such circumstances that reliance thereon by such persons to the commercial
2  detriment of the other is likely." Rest. (First) Torts § 712.

    At page 51, of the Court's ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS [ECF 519]:

**JURY INSTRUCTION NO. ____**

**PLAINTIFF'S CLAIMS**

The plaintiff has asserted the following claims:

(1) Trademark infringement.

(2) False advertising.

(3) Passing Off.

See discussion above.

    At page 71, of the Court's ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS [ECF 519]:

**JURY INSTRUCTION NO. ____**

**TRADEMARK INFRINGEMENT – AFFIRMATIVE DEFENSE – ABANDONMENT – EMPLOYER OF THE INDIVIDUAL DEFENDANTS**

The parties dispute which of the corporate parties was the employer of defendants Mr. Ng and/or Mr. Liew. The plaintiff has claimed that Mr. Ng and/or Mr. Liew were employees of the plaintiff and that it "embedded" them to work at the XingKe factory, on the plaintiff's behalf, so as to provide quality control over the goods manufactured there. The defendants deny the claim and assert that Mr. Ng and/or Mr. Liew were employees of XingKe – and thus they could not have provided quality control.

I am providing you with this instruction as to the legal principles that determine whether a company is or is not the employer of an individual.

**SINCO COMMENT:**

SinCo argues that Singapore law governs – either because that is provided under their employment agreements, see Pl.'s Tr. Br. at 1 n.1, or because Defendants stated that Singapore law governs at the time they opposed SinCo's motion for summary judgment. See generally Docket No. 268 (opposition). SINCO has sought a declaration from learned counsel in Singapore as to the nature of the employment relationship that should be applied in this case, however the information has yet to be received. The fact that MR. Liew and Mr. Ng have provided statements under penalty of perjury that they were employees of SINCO Technologies, appeared dispositive on this issue, regardless of the signed employment agreements in this case, but SINCO will provide the requested information. See Trial Exhibits 24 and 249.

Lastly, and perhaps most importantly, American trademark law – by its very definition – is determined by territorial application, or the substantial effect or use in commerce, as regulated by Congress, *within American jurisdiction*. See, e.g., *Steele v Bulova Watch Co*, 344 U.S. 280 (1952). Singapore is not within American jurisdiction. Whether Mr. Ng and/or Mr. Liew provided poor quality control or not *in China* is literally of no consequence to what events occurred in the United States if first "misuse" of the "SinCo" mark occurred in the United States by Defendants in July 2016. This is the month and year Defendants came to America for the first time, it is alleged, to solicit Google, a existing customer of Plaintiff SinCo. The Defense position, taken to an extreme, may have some merit in Singapore or even mainland China, if they are claiming rights to the mark *there* under a similar quality control theory (i.e., abandonment or naked license), but such defenses are entirely irrelevant *here* in the United States where it is undisputed that Defendants first use in commerce, illicit or otherwise, began no earlier in the U.S. than July 2016. For this reason, the instruction is superfluous. See Trial Exhibit No. 93 Admitting first use of "SINCO" mark in commerce was **May 1, 2016**.

At page 83, of the Court's ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS [ECF 519]:

**JURY INSTRUCTION NO. \_\_\_\_**

**DAMAGES – PLAINTIFF'S ACTUAL DAMAGES – MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate its actual damages. To mitigate means to avoid or reduce damages.

XingKe has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**SINCO'S OBJECTION:**

SINCO is prejudiced as to this affirmative defense not previously made by Defendants' prior to January 9, 2020, as SINCO had no opportunity to conduct discovery on this issue, nor have they identified or provided evidence of mitigation documents in their possession as Trial exhibits. There is also prejudice in the reliance and following of the Federal Rules of Civil Procedure, and reliance on their enforcement, from the Court allowing in materials that should be excluded for failure to timely disclose. If the legislation intended all evidence was admissible provided there was no prejudice to the adverse party, what then is the point of the Federal Rules which create different obligations and deadlines on the parties. Failure to hold parties accountable for actions or inactions prior to discovery cut-off, undermines the certainty and predictability of trials and the party's ability to access the strength of their case.

Dated: October 18, 2021

Respectfully submitted,

ROPERS MAJESKI PC

By: */s/ Lael D. Andara*
LAEL D. ANDARA
*Attorney for Plaintiff*
SINCO TECHNOLOGIES PTE LTD.