**SINCO TECHNOLOGIES PTE LTD. V. SINCO ELECS. (DONGGUAN) CO.**

**NO. C-17-5517 EMC (N.D. CAL.)**

**AGENDA FOR 10/20/2021 PRETRIAL HEARING**

1. **VACCINATION STATUS**

   - *Attorneys and witnesses.*  Can the parties confirm that all attorneys and witnesses who are appearing live are vaccinated?

   - *Jurors.*  Do the parties agree that jurors who are *not* vaccinated will be excused?

2. **EXHIBITS**

   - *Number of exhibits.*  Although the parties have reduced (somewhat) the number of exhibits, the number is still excessive.  Should the Court impose a number limit (*e.g.*, 50 exhibits per side) with a presumption that anything over that limit will be excluded (based on Rule 403)?  The Court reiterates that, because of COVID precautions, there is a strong interest in having as many advance rulings as possible (*i.e.*, sidebars are difficult to conduct), and, as a practical matter, the Court cannot rule on hundreds of exhibits in advance of trial.  Nor, as a practical matter, does the Court expect that either side will actually use more than a fraction of the exhibits designated – whether because of, *e.g.*, time constraints, limited relevance, or more effective witness testimony.

   - *Comments on SinCo's most current exhibit list (Docket No. 508).*

     - Exs. 1-4.  Defendants should be able to stipulate to the fact that SinCo has registrations for the four marks at issue.
     - Exs. 29-30.  In light of the Court's MIL rulings, it is not clear why the preliminary injunction orders are still exhibits.

     - Exs. 81-82, 93-95, 97, 99, 101-02, 104, 106, 107, 109, 111-14.  In light of the Court's MIL rulings, it is not clear why these documents related to the trademark proceedings are still exhibits.

     - Ex. 89.  In light of the Court's rulings on bellwether exhibits, it is not clear why Mr. Zhang's declaration is still an exhibit.

     - Exs. 129, 134-35.  In light of the Court's MIL rulings, it is not clear why these documents related to SinCo are still exhibits.

     - Have the parties completed their meet and confer regarding SinCo's most recent additions to its exhibit list (Exs. 400 and on) – *i.e.*, those exhibits designated based on Defendants' identification of customer witnesses as witnesses for trial.

- *Comments on Defendants' most current exhibit list (Docket No. 515).*

    - The Court is troubled by the large number of exhibits that remain on Defendants' exhibit list. It does not appear that Defendants have reduced the number of exhibits on their exhibit list in any meaningful way.

    - A large number of SinCo's objections are based on Rules 401/403 and 106. Many of the former are questionable – *i.e.*, simply making an objection for purposes of preserving the objection for appeal.

3. **DEPOSITION DESIGNATIONS**

- *SinCo's deposition designations.*

    - Is it correct that the most current version is located at Docket No. 492? If so, the Court needs a copy that <u>includes</u> Defendants' counter-designations and objections.

    - Has SinCo submitted a filing containing designations for the depositions of the customer witnesses (Andy Lim/Google and Paul Carter/Apple)?

    - Does the Court have actual excerpts (electronic) from the depositions of the customer witnesses (Andy Lim/Google and Paul Carter/Apple)?

- *Defendants' deposition designations.*

    - Is it correct that the most current version is located at Docket No. 490 along with the supplement at Docket No. 522?

    - Are the deposition designations for Bryan Lim depo still the same as those from the <u>original</u> designations?

    - Does the Court have actual excerpts (electronic) from the depositions of the customer witnesses (Andy Lim/Google and Paul Carter/Apple)?

4. **JURY INSTRUCTIONS**

5. **JURY VERDICT FORM**

- The Court shall defer preparing the jury verdict form until after the jury instructions are finalized.

- In general, the Court prefers a general verdict form where possible, though it recognizes that some specific questions may need to be posed for the jury.