Matthew S. Warren (Bar No. 230565)
Erika H. Warren (Bar No. 295570)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
17-5517@cases.warrenlex.com
*Attorneys for Non-Party Google LLC*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>Plaintiff,<br><br>v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>Defendants. | Case No. 3:17-CV-05517-EMC<br><br>**DECLARATION OF HUI-HSIEN (ALISON) CHEN IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL INFORMATION AT TRIAL REGARDING NON-PARTY GOOGLE LLC**<br><br>Judge:         Hon. Edward M. Chen<br>Trial Date:   November 1, 2021<br>Action Filed: September 27, 2017 |

I, Hui-Hsien (Alison) Chen, declare under 28 U.S.C. § 1746:

1. I am a Senior Manager for Global Supply Chain and Strategic Sourcing at Google LLC. I am responsible for sourcing and supervising supply chains for mechanical components for hardware products sold under the Google and Nest brands.

2. I gave deposition testimony in this action on October 5, 2021. My colleague Andy Lim gave deposition testimony on October 3, 2021. Although Google did not produce any documents in this action, documents produced by the parties included correspondence with Google. Some of these documents appear on the parties' exhibit lists for trial.

3. I write this declaration to explain how certain information in the deposition transcripts and proposed exhibits includes Google's proprietary information, and to support Google's request that the Court seal this information.

4. Google is respectfully requesting that the Court seal Exhibits 45, 48, 49, 50, 157, 395, 407, 415, 416, 630, 644, 651, 653, 655, 656, 660, 666, 720, and 721; these exhibits, which Google either sent or received, contain proprietary information about Google's internal project code names and requirements, supplier relationships, purchases, and internal communications which are confidential to Google.

5. Google is respectfully requesting that the Court order the parties to redact similar information, including proprietary information about Google's internal project code names and requirements, supplier relationships, and purchases, from other documents that Google did not previously send or receive, to the extent that those documents exist.

6. During my deposition, as well as Mr. Lim's deposition, we shared information regarding Google's confidential information, including internal project code names, business partners, and information about Google's internal activities. Our testimony contains non-party Google's proprietary and confidential information that Google's competitors could use to its disadvantage. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in this action, Docket No. 124.

7. Google is respectfully requesting that the Court seal Mr. Lim's deposition transcript at 21:14 to 22:10, 23:12-13, 23:25 to 24:4, 29:7-21, 32:19 to 33:22, 34:11-17, 41:16 to 42:18, 42:25 to 43:6, 61:23 to 62:9, 66:1-9, 67:11, 69:5-10, 69:23, 80:4, 80:11, 80:20, 81:2-19, 82:13, and 84:9 to 85:12; and my deposition transcript at 25:13-25, 26:4 to 22, 27:7 to 28:15, 65:4-23, and 66:25 to 67:17. These portions of deposition testimony contain internal project code names and proprietary information about those projects and their requirements which is confidential to Google.

8. Google is respectfully requesting that the Court seal Mr. Lim's deposition transcript at 21:14 to 22:10, 32:19 to 33:22, 35:25 to 36:15, 35:18 to 37:17, 37:24 to 38:16, 39:7, 46:17-18, 47:12-13, 48:18-21, 51:11 to 52:1, 57:20-22, 58:10-11, 64:2-7, 64:22 to 65:21, 68:17-23, 71:14-17, and 83:21; and my deposition transcript at 14:15 to 15:3, 18:2 to 19:9, 20:4 to 22:18, 23:10 to 24:14, 29:18-21, 32:3 to 39:13, 46:20 to 47:9, 47:22 to 48:4, 58:20 to 60:22, 61:9 to 63:12, and 68:10 to 71:1. These portions of

deposition testimony contain highly sensitive information about Google's business practices such as the process of selecting suppliers, Google's business partners, and internal policies regarding sourcing of suppliers and evaluation of suppliers' work.

9. Non-party Google expends significant time and resources to maintain the confidentiality of the information it requests the Court seal in this matter. In the regular course of its business operations, Google takes great efforts to ensure that its sensitive business information remains confidential and not available to the public or to its competitors. Google does not publicly disclose or publish this confidential information and data, and this information remains confidential even after the product or feature is eventually made public. The documents and testimony that Google seeks to seal provide detailed facts about Google's internal operations, including for example, Google's internal project code names and requirements, how Google selects and negotiates with its suppliers; the prices Google pays for components; the manner in which Google designs products and supervises its suppliers; and other internal information about Google that it keeps confidential.

10. Good cause exists to seal the documents and deposition testimony containing the Google Confidential Information on behalf of non-party Google. Public filing of this information would result in harm to Google, a non-party to this litigation, including by providing Google's competitors with information about its products, which they could use to gain an unfair business advantage against Google in product development. In the absence of a sealing order, the public filing of this information would create a substantial risk of serious and irreparable competitive harm to Google in view of the sensitive business information contained therein.

11. Google's request to seal is narrowly tailored to those portions of the documents and deposition testimony that merit sealing.

12. In view of the foregoing, Google respectfully requests that the Court seal the exhibits and deposition testimony that contain Google's confidential information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 29, 2021, in San Francisco, California.



_____
Hui-Hsien (Alison) Chen