UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br><br> Plaintiff, <br><br> v. <br><br> SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., <br><br> Defendants. | Case No. 17-cv-05517-EMC <br><br> **ORDER RE EXHIBITS** <br><br> Docket Nos. 535, 545 |

The Court has reviewed the parties' exhibits and provides the following rulings and/or guidance.

As a general matter, the Court notes that where objections have been made regarding Rules 401/402 and 403, it intends to take a liberal view of relevance and a narrow view of exclusion (*e.g.*, because, under Rule 403, there must first be *unfair* prejudice and that unfair prejudice must *substantially* outweigh the probative value of the evidence). Thus, the Court expects objections based on Rules 401/402 and 403 to be limited in number. If the parties engage in unnecessary and disruptive Rule 401/402 or 403 objections, then they risk being reprimanded before the jury.

Regarding hearsay objections, the Court notes that many of the documents at issue appear to fall within the business records exception, and thus these objections are likely to be overruled so long as the foundation for the exception can be laid.

Regarding Rule 106 objections, the Court reiterates its expectation that the parties have met and conferred to work out "counter-designations" for completeness. In general, the parties should err on the side of completeness. Thus, for example, if one party believes that the counter-

1   designation is not necessary, the Court would nevertheless be inclined to allow the counter-
2   designation absence, *e.g.*, significant prejudice.

3   Regarding Defendants' MIL No. 5, the Court reiterates that relevance is guided by what is at issue in this case, and not in the state court case. That an exhibit is relevant to the state case makes no difference so long as it is relevant to the instant case.

The Court does not provide advance rulings on all exhibits (designated "will use" by the parties), as context may be important. However, so that the parties have additional guidance (in addition to the Court's order on bellwether exhibits), it notes as follows.

**Plaintiff's Exhibits**

- Ex. 9. This document would appear to fall within the business records exception, so long as the foundation is laid.
- Ex. 14. The objection is overruled. The Court has already held in its order on bellwether exhibits that, so long as it is clear which purchase order comes with terms and conditions, there is not an issue. *See* Docket No. 518 (Order at 1) (addressing Ex. 17).
- Ex. 55. If Defendants have included an attachment to an email as a counter-designation for completeness, that attachment should be admitted even if SinCo does not believe the attachment changes the meaning of the email.
- Ex. 403. The declaration of Alison Chen (Google) is hearsay so long as it is being offered for the truth of the matter asserted. It appears Ms. Chen was asked, during her deposition, if she agreed with the content of the declaration. While this was a fair question to ask Ms. Chen as she can testify in court by adopting a prior statement in her declaration as current testimony, that does not mean that SinCo may now introduce the declaration itself. The declaration is still hearsay.
- Ex. 411. SinCo indicates that it will rely on the email to show that it does not include a disclaimer. The objection is sustained because of the Court's ruling on Defendants' MIL No. 4 (the preliminary injunction order).

**Defendants' Exhibits**

- Ex. 525. This document would appear to fall within the business records exception, so long as the foundation is laid.
- Ex. 581. The document is not hearsay if offered for the effect on the listener (Bryan Lim).
- Ex. 697. The document would appear to fall within the business records exception, so long as the foundation is laid.
- Ex. 740. The document is not hearsay as it is being offered to show the state of the mind of the customer.
- Ex. 793. The document would appear to fall within the business records exception, so long as the foundation is laid.
- Ex. 895. The objection based on SinCo's MIL No. 2/Rule 26 is overruled.
- Ex. 896. The objection based on SinCo's MIL No. 2/Rule 26 is overruled.
- Ex. 902. The Court will allow the jury to have the transcript to read at the same time that the audio is played. It will give at that time the transcript-of-recording instruction (Jury Instruction No. 21).

**IT IS SO ORDERED**.

Dated: October 29, 2021

_____
EDWARD M. CHEN
United States District Judge