LAEL D. ANDARA (SBN 215416)
ERNEST E. PRICE (SBN 164534)
ROPERS MAJESKI PC
545 Middlefield Road, Suite 175
Menlo Park, CA 94025
Telephone:    650.364.8200
Facsimile:    650.780.1701
Email:        lael.andara@ropers.com
              ernest.price@ropers.com

Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual),<br><br>    Defendants. | Case No. 3:17CV5517<br><br>**PLAINTIFF'S *SUPPLEMENTAL* TRIAL DEPOSITION DESIGNATIONS *[TO ADD GUANGLEI ZHANG'S DEPOSITION DESIGNATIONS]***<br><br>Hon. Edward M. Chen<br><br>TRIAL DATE<br>November 1, 2021 |

Plaintiff SINCO TECHNOLOGIES PTE LTD hereby provides notice of intent to play the following portions of the shortened videotaped deposition or read the following portions of the deposition transcripts identified herein, at the **November 1, 2021** Jury Trial.   Plaintiff shall or may call witnesses live at trial as disclosed and referenced at [ECF 84] and those witnesses set forth in SINCO TECHNOLOGIES PTE LTD's Initial Disclosures of **April 10, 2019**, unless so designated herein. Plaintiff reserves the right to supplement these disclosures to the extent any witness so referenced is not available for trial and has herein been deposed in this matter. Plaintiff has relied on the **August 24, 2021**, meet and confer wherein it was represented that all named

Defendants would be appearing in person for trial.

## DEFENDANTS' GENERAL OBJECTIONS

Defendants object to the introduction of any testimony from Dr. Zhang's deposition on the grounds set forth below, including Plaintiff's **abuse of discovery by failing to produce notes that Dr. Zhang referred to during his deposition under a claim of privilege** and Plaintiff's failure to designate Dr. Zhang as an expert witness and improper attempt to offer him to argue legal issues to the jury in the form of percipient fact witness testimony.  Dr. Zhang's testimony confirmed he has *no personal knowledge* of any matters relevant to the case.

**ABUSE OF ATTORNEY-CLIENT PRIVILEGE.**  Plaintiff has abused the attorney-client privilege in connection with Dr. Zhang's testimony by (1) refusing to produce notes that Dr. Zhang referenced and read from during his deposition testimony and (2) improperly refusing to answer questions relating to his fees under a claim of privilege.

*First,* Dr. Zhang's testimony should be barred because Dr. Zhang was reading notes during his deposition (which was conducted remotely via Zoom, making this difficult to detect), and, has not produced those notes. When Defendant's counsel noted this and questioned him, he admitted that he was reading from his attorney memoranda to refresh his recollection.  *See* Depo. Tr. at 171:15-24 ("But sometimes for this and the specific person, I need to refresh my memory through my working records. . . . Yeah, that's just a chain of documents list and also my working memos for my daily professional work between me and my client because I acted PRC counsel of with client.").  The notes are discoverable under Federal Rule of Evidence 612 and Dr. Zhang's failure to produce them is improper.  *See U.S. ex. Rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 566 (C.D. Cal. 2003).  Dr. Zhang has waived any claim to privilege to these notes under U.S. law by testifying extensively while referencing the notes without raising any other claims of privilege.

Following the deposition, Defendant's counsel demanded production of the notes. Plaintiff's counsel thereafter produced various public records that were already in the record and represented that this was the complete set of documents referenced by Dr. Zhang.  These documents are plainly not Dr. Zhang's "working memos for my daily professional work between me and my client" and those documents are being improperly withheld.  Production of these

records is necessary in the interest of justice because it would have served as fertile ground for impeachment by prior inconsistent statement, omission or contradiction of not only Dr. Zhang, but the out-of-court statements of Jon Chee and Bryan Lim, SinCo Singapore executives. Because Dr. Zhang is choosing to withhold these crucial notes, the appropriate sanction is the exclusion of his testimony in whole.

*Second*, Dr. Zhang's testimony should be barred because he improperly claimed privilege and refused to answer questions relating to Plaintiff's payment of his legal fees. Depo. Tr. at 18:24-19:16.

```
24      Q   Can you estimate your total client              17:33:46
25   billings, the total amount of money you billed those   17:33:48
 1   companies on those matters?                            17:33:52
 2          MR. PRICE:  Objection; relevance.  I'm          17:33:54
 3   sorry, sir, every now and then I may object if I       17:33:55
 4   think the question is improper.                        17:33:58
 5          You are free and encouraged to answer the       17:34:00
 6   question after my objection.                           17:34:01
 7          My objection is relevance.                      17:34:02
 8          THE WITNESS:  Understood.  Because in the       17:34:04
 9   past few years, I acted counsel for SinCo              17:34:07
10   Technologies, I cannot remember the actual hours and   17:34:12
11   the billed money.  Also I think it's confidential      17:34:17
12   information for the clients as well.                   17:34:21
13   BY MR. FARRIS:                                         17:34:25
14      Q   I won't ask you to estimate if you are          17:34:26
15   taking a position that it's confidential; is that      17:34:28
16   correct?
17      A   Yeah.                                           17:34:32
```

Questions relating to the payment of attorney's fees are not covered by the attorney-client privilege, "because the attorney-client privilege applies only to confidential professional communications, and the payment of fees is usually incidental to the attorney-client relationship." *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995) (citing *Matter of Grand Jury Proceeding (Cherney)*, 898 F.2d 565, 567 (7th Cir.1990)). Moreover, the questions relating to Plaintiff's payment of Dr. Zhang's fees is directly relevant to Dr. Zhang's bias, and therefore his refusal to answer these questions deprives Defendants of the fair opportunity for cross-examination to undermine his credibility. *See United States v. Cathcart,* No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009) (collecting cases) ("Other courts have found that fee-payment arrangements may be relevant to credibility and bias, are not privileged and are discoverable."). Plaintiff may not be able to use attorney-client privilege as a sword and shield, by designating testimony from Dr. Zhang that is beneficial to them but hiding behind privilege to preclude cross-examination. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield.").

**LACK OF PERCIPIENT TESTIMONY / IMPROPER EXPERT ON LEGAL ISSUES**. Defendants further object to the entirety of Dr. Zhang's testimony on the grounds that his deposition confirmed that he lacks relevant percipient knowledge and his testimony is merely undisclosed expert testimony wherein Dr. Zhang provides legal opinions and conclusions regarding Chinese law. Fed. R. Civ. P. 26, *see also*, *Lannes v. Flowserve U.S., Inc.*, 628 F. App'x 957, 960 (9th Cir. 2015) (precluding expert declaration submitted with a motion for summary judgment because declarant was not previously identified as an expert). *See e.g.*, Depo. Tr. at 125:22-126:10 (discussing whether a transfer of IP rights from SinCo SG to XingKe occurred under PRC law). Given that it **directly relates to his legal opinions on ultimate legal issues,** this testimony is highly prejudicial to Defendants and is properly excluded. *See* Fed. R. Evid. 403 and 704.

In its Order regarding Dr. Zhang, the Court provided that he could provide limited testimony to authenticate an alleged Design Contract, but stated "that he was "not to make any 'lawyer

arguments' in testifying about the Design Contract [and] [r]ather, he is permitted to provide testimony about facts within his personal knowledge – *e.g.*, that the Design Contract was submitted during the trademark proceedings." ECF 503 at p. 9. Notwithstanding that limitation, when testifying about the Design Contract, Dr. Zhang couched his testimony as argument. *See, e.g.,* Depo. Tr. at 61:4-11:

```
 4            So it's was very aware that they fabricated        19:01:02
 5       the evidence because, they cannot use a new name in     19:01:10
 6       2005 because in 2005 they use another name Dongguan     19:01:14
 7       SinCo Technologies, not XingKe DG.  XingKe DG was a     19:01:22
 8       new name that was -- began to be used since 2008.       19:01:26
 9       That can be seen from the Chinese registration          19:01:30
10       authorities.  This evidence is fabricated, and I        19:01:36
11       mention it in my declaration letter.                    19:01:44
```

This is not the only testimony designated by the Plaintiff where Dr. Zhang provided extensive testimony without any first-hand knowledge or proper foundation but made legal argument and speculated:

- Dr. Zhang provided extensive legal opinions about Chinese trademark law and reiterated argument made in the Chinese trademark proceedings. *See, e.g.,* Depo. Tr. at 58:10-19; 100:23-101:6. In response to even basic questions, Dr. Zhang frequently launched into long nonresponsive answers in which he made legal argument. *See* Depo. Tr. at 105:5-25 (witness providing extensive argument about PRC contract law in response to question as to what contract he was referring to in an email).

- Dr. Zhang testified as to a board meeting that occurred on October 31, 2016, which he did not personally attend and thus lacks personal knowledge. Depo. Tr. at 24:24-25:8 (admitting that he did not attend the October 31, 2016 board meeting); 44:23-45:15 (discussing what was said at the October 31, 2016 board meeting).

- Dr. Zhang provided a legal opinion concerning the enforceability of a contract (Depo. Tr. at 105:15-25) despite admitting that he had never even reviewed the contracts (Depo. Tr. at 106:1-11).
- Dr. Zhang provided a legal opinion concerning transfer of IP rights from SinCo SG. Depo. Tr. at 131:8-15.

**JOINT LIST OF DEPOSITION DESIGNATIONS, COUNTER-DESIGNATIONS AND OBJECTIONS**

These designations anticipate the removal of objections and interaction not in the form of a question by counsel as presented to the Jury.

Defendants make the following provisional objections and counter-designations.

| ABBREVIATION | OBJECTIONS |
| --- | --- |
| MIL | Excluded per motion *in limine.* |
| LC | Calls for legal conclusion and is improper expert opinion. |
| PK | Testimony is not based on Personal Knowledge. |

### GUANGLEI ZHANG (MACAO, CHINA)

| DEPOSITION OF GUANGLEI ZHANG TAKEN ON **OCTOBER 28, 2021** | | | |
| --- | --- | --- | --- |
| PLAINTIFF'S DEPOSITION DESIGNATION (PAGE AND LINE NOS.) | OBJECTIONS TO DESIGNATIONS | DEFENDANTS' COUNTER-DESIGNATION | OBJECTIONS TO COUNTER-DESIGNATION |
| 10:3-12 | | | |
| 11:4-13 | | | |
| 11:16-12:13 | | | |
| 13:14-20 | | | |
| *14:21-15:17* | | 14:18-20 | |
| 17:20-25 | | | |
| 18:14-18 | | | |

| DEPOSITION OF GUANGLEI ZHANG TAKEN ON **OCTOBER 28, 2021** | | | |
|---|---|---|---|
| **PLAINTIFF'S DEPOSITION DESIGNATION** *(PAGE AND LINE NOS.)* | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATION** | **OBJECTIONS TO COUNTER-DESIGNATION** |
| 22:23-23:14 | | | |
| 23:22-24:10 | | | |
| 24:24-25:8 | | | |
| 26:3-6 | | 25:20-26:2 | |
| 26:13-27:8 | PK | 27:9-25 | |
| 44:23-45:15 | PK | 45:16-18 | |
| 46:14-47:11 | | | |
| 51:9-24 | LC | | |
| 53:18-54:2 | | | |
| 58:15-59:19 | MIL, LC | | |
| 60:10-61:18 | MIL | | |
| *62:16-64:15* | MIL | | |
| *92:12-93:18* | MIL, PK, LC | | |
| *100:19-101:6* | MI, LC | | |
| *105:5-25* | LC | 106:1-11 | |
| 109:2–4 | | | |
| 110:19–23 | PK | | |
| 111:8–22 | PK | | |
| 111:25 -112:24 | PK | | |
| 113:18 -114:18 | PK | | |
| 115:14–25 | PK | | |
| 116:1–4 | | | |
| 116:7–11 | | | |

| DEPOSITION OF GUANGLEI ZHANG TAKEN ON **OCTOBER 28, 2021** ||||
|---|---|---|---|
| **PLAINTIFF'S DEPOSITION DESIGNATION** *(PAGE AND LINE NOS.)* | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATION** | **OBJECTIONS TO COUNTER-DESIGNATION** |
| 116:13–19 | | | |
| 117:4–13 | | | |
| 117:18–20 | | | |
| 117:22 | | | |
| 117:25-118:5 | | | |
| 124:4–8 | | | |
| 124:11–12 | | | |
| 125:8–14 | | | |
| 125:22-126:10 | LC | | |
| 127:1–8 | LC | | |
| 127:10–19 | LC | | |
| 127:22-128:4 | LC | | |
| 128:6–14 | LC | | |
| 130:7–19 | | | |
| 132:8–15 | | | |
| 134:8–17 | LC | | |
| 134:23-135:7 | LC | | |
| 135:15-136:10 | MIL | | |
| 136:11–25 | MIL | | |
| 137:1–7 | MIL, LC | | |
| 137:20-138:7 | MIL | | |
| 140:5–12 | LC, MIL | | |
| 140:19–25 | MIL | | |

| DEPOSITION OF GUANGLEI ZHANG TAKEN ON **OCTOBER 28, 2021** ||||
|---|---|---|---|
| **PLAINTIFF'S DEPOSITION DESIGNATION** *(PAGE AND LINE NOS.)* | **OBJECTIONS TO DESIGNATIONS** | **DEFENDANTS' COUNTER-DESIGNATION** | **OBJECTIONS TO COUNTER-DESIGNATION** |
| 141:3–4 | MIL | | |
| 150:22–25 | | | |
| 151:1–15 | | | |
| 155:9–25 | | | |
| 156:1–7 | LC | | |
| 156:10–25 | LC | | |
| 159:8–12 | MIL | | |
| 160:8–14 | MIL | | |
| 160:16–25 | MIL | | |
| 161:1–20 | MIL | | |
| 164:17–165:5 | MIL | | |

Dated: November 1, 2021                Respectfully submitted,

ROPERS MAJESKI PC


By:  /s/ Lael D. Andara
     LAEL D. ANDARA
     ERNEST E. PRICE
     ***Attorney for Plaintiff***
     SINCO TECHNOLOGIES PTE LTD


Dated:  October 31, 2021               ARNOLD & PORTER KAYE SCHOLER LLP


By:  /s/ *Joseph Farris*
     JOSEPH FARRIS
     *Attorneys for Defendants*
     XINGKE ELECTRONICS (DONGGUAN) CO., LTD., formerly known as SINCO ELECTRONICS (DONGGUAN) CO., LTD., LIEW YEW SOON aka, MARK LIEW, NG CHER YONG. aka CY NG, and MUI LIANG TJOA aka ML TJOA