UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCO TECHNOLOGIES PTE LTD., <br><br> Plaintiff, <br><br> v. <br><br> SINCO ELECTRONICS (DONGGUAN) CO. LTD., et al., <br><br> Defendants. | Case No. 17-cv-05517-EMC <br><br> **ORDER RE PLAINTIFF'S SUPPLEMENTAL DEPOSITION DESIGNATIONS** <br><br> Docket No. 572 |

The Court has reviewed the deposition designations provided by SinCo regarding its witness, Guanglei Zhang. The Court hereby excludes all testimony from Dr. Zhang based on the totality of the circumstances described below.

First, SinCo has not produced all documents that Dr. Zhang relied on during his deposition to refresh his recollection. In his deposition, Dr. Zhang admitted that he was reviewing some documents during his testimony. He referred to, *e.g.*, "business records for my work," "a chain of documents list," and "my working memos for my daily professional work between me and my client." Zhang Depo. at 171. Defendants asked SinCo to provide the documents Dr. Zhang used to refresh his recollection, *see* Fed. R. Evid. 612(b) (providing that, when a witness uses a writing to refresh memory, the "adverse party is entitled to have the writing produced"), but all that SinCo provided was public records already in the record. *See* Docket No. 572 (Br. at 2). In failing to provide the documents described by Dr. Zhang, SinCo violated Federal Rule of Evidence 612.

Second, Dr. Zhang was not responsive to all questions posed to him regarding SinCo's payment of his legal fees. *See* Zhang Depo. at 3.

Third, SinCo has made numerous designations that are contrary to the Court's ruling on

1 Defendants' MIL No. 2.  *See* Docket No. 503 (Order at 9) (stating that Dr. Zhang could testify
2 about "facts within this personal knowledge – *e.g.*, that the Design Contract was submitted during
3 the trademark proceedings" but could not make any "'lawyer arguments' in testifying about the
4 Design Contract").  Repeatedly, SinCo has relied on testimony where Dr. Zhang is essentially
5 testifying as a legal expert.  *See, e.g.*, Zhang Depo. at 59 (testifying that SinCo "never authorized
6 XingKe DG to register the marks in China, because it's a very formal proceeding for trademark
7 application"); Zhang Depo. at 64 (testifying about Chinese government requirements with respect
8 to a declaration filed by SinCo as shareholder of XingKe in support of a name change for the latter
9 company); Zhang Depo. at 92-93 (testifying that XingKe and/or Jinlong engaged in illegal or
10 shady conduct); Zhang Depo. at 100-01 (testifying as to whether SinCo abandoned its mark);
11 Zhang Depo. at 105 (testifying about contract law in China); Zhang Depo. at 125-26 (testifying
12 whether SinCo transferred IP rights to XingKe); Zhang Depo at 127 (testifying regarding the
13 same); Zhang Depo. at 128 (testifying whether a transaction gave Mr. Tjoa any rights); Zhang
14 Depo. at 134-35 (testifying whether SinCo transferred IP rights to XingKe or Jinlong); Zhang
15 Depo. at 156 (testifying about the implications of a term in a purchase order).

16 Fourth, Dr. Zhang provided testimony on matters that the Court expressly held are not to
17 be admitted (*i.e.*, regarding Mr. Tjoa's "bad acts").  *See* Docket No. 503 (Order at 10); Zhang
18 Depo. at 159-61, 164-65.

19 Cumulatively, SinCo has made designations that are in bad faith given clear law and/or
20 clear rulings by the Court.

21 Accordingly, the testimony of Dr. Zhang is hereby excluded in its entirety.

23 **IT IS SO ORDERED**.

25 Dated: November 1, 2021

EDWARD M. CHEN
United States District Judge