LAEL D. ANDARA (SBN 215416)
ERNEST E. PRICE (SBN 164534)
ROPERS MAJESKI PC
545 Middlefield Road, Suite 175
Menlo Park, CA 94025
Telephone:    650.364.8200
Facsimile:    650.780.1701
Email:        lael.andara@ropers.com
              ernest.price@ropers.com

Attorneys for Plaintiff
SINCO TECHNOLOGIES PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SINCO TECHNOLOGIES PTE LTD, | Case No. 3:17CV5517 |
|---|---|
| Plaintiff, | **PLAINTIFF'S OBJECTION TO COURT'S INTENTION TO READ JURY INSTRUCTIONS 44 & 45 AT THE OUTSET OF NOVEMBER 5 TRIAL DAY AS OUTLINED IN ECF 580** |
| v. | |
| SINCO ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS (DONGGUAN) CO., LTD.; XINGKE ELECTRONICS TECHNOLOGY CO., LTD.; SINCOO ELECTRONICS TECHNOLOGY CO., LTD.; MUI LIANG TJOA (an individual); NG CHER YONG aka CY NG (an individual); and LIEW YEW SOON aka MARK LIEW (an individual), | Judge:         Hon. Edward M. Chen<br>Trial Start Date:   11/01/2021<br>Date Action Filed: 9/22/2017 |
| Defendants. | |

Plaintiff SINCO TECHNOLOGIES PTE LTD hereby objects to the Court's intention to read at the outset of the trial tomorrow the jury instructions on the abandonment defense and the definition of employee - Instruction Numbers 44 and 45.

It is appropriate to provide a "curative instruction" after there has been improper statements or comment during trial.  For example, "A curative instruction can neutralize the harm of a prosecutor's improper statements if it is given "immediately after the damage [is] done" and mentions "the specific statements." *United States v. Barragan* (9th Cir. 2017) 871 F.3d 689, 709).  However, this is not a "curative" situation.  There is no argument from any party that testimony

1  has been improper.  Furthermore, this information was fully briefed and discussed with the parties
2  and the Court and outlined in the Exhibit lists and in Plaintiff's Objection to said instruction
3  before trial, and could have been included as part of the Preliminary Instructions as the Court
4  anticipated this in the Opening Statements. [Transcript Day One 202:4-6][1]

5        The reading of a jury instruction on a factual issue, while witness testimony proceeds and
6  immediately after a witness has testified about the factual issue, will impermissibly highlight the
7  factual issue and signals to the jury that the evidence they just heard is of paramount importance
8  and minimizes and/or lessens the effect of other evidence.  There is no need for a cautionary,
9  curative or limiting instruction at this time.

10        Reading the jury instruction, in isolation, will undoubtedly have an impact on the jury and
11  be highly prejudicial.  In fact, "[o]ur court assumes that the jury listened to and followed the trial
12  judge's instructions." *United States v Wells* (9th Cir. 2018) 879 F.3d 900, 937.  Moreover, the
13  jury is specifically instructed that: "*First, keep an open mind throughout the trial. Do not decide*
14  *what the verdict should be until you and your fellow jurors have completed your deliberations at*
15  *the end of the case*." [Transcript Day One 147:12-15]

16        By instructing the jury on a specific factual issue, prior to the conclusion of the case, the
17  Court is inviting the jury to conclude the factual issue, before hearing all of the evidence, which is
18  improper.  Either Party may later argue that inserting a Jury Instruction during the testimony of a
19  specific witness or a party's case in chief could improperly influence the Jury for or against that
20  party and result in Prejudicial effect. Reading these instructions out of order will improperly
21  influence the Jury's attention to specific evidence to the exclusion of other evidence, or as to the
22  party's case or as to the witness who has testified during said instruction.

---

[1] **Plaintiff's Opening**: "*The evidence will show you, we have their employment applications. We have their employment letters that they have signed and initialed each page. We entered into an employment relationship with them. But without telling us, they traveled to the United States to meet with our customers*." [Transcript Day One 156:23-157:2] **Defendants' Opening**: "*You're going to see documents in this case and they're going to try to create a stack of HR documents to try to show you that these individuals were employees of SinCo Singapore. But what I ask you to do is consider who paid them, who supervised them, where did they work, and what was, in fact, going on with their employment relationship? I believe that you will see they were employed by our client, SinCo Dongguan*." [Transcript Day One 183:22-184:4]

Finally, the Court has already indicated that the entirety of the jury instructions will be read and provided to the jury at the end of the case. [Transcript Day One 151:22-25] The preliminary Jury Instruction emphasizes, "*please do not take anything that I may say or do **during the trial** as indicating what I think of the evidence or what your verdict should be.*" [Transcript Day One 139:4-6] Reading a jury instruction on a specific factual issue mid-stream in the trial will signal to the jury that the Court deems this to be of importance and invite earlier consideration of the facts without having considered all of the evidence.

Plaintiff respectfully requests that the jury instructions be read to the Jury as a whole at the end of the case as previously refenced by the Court . [Transcript Day One 137:24-25; 138:8-9 and 151:24-25] Changing the described plan will signal to the Jury greater weight to what is read out of order.

Dated: November 4, 2021                                   Respectfully submitted,

                                                          ROPERS MAJESKI PC


                                                          By: */s/ Lael D. Andara*
                                                              LAEL D. ANDARA
                                                              ERNEST E. PRICE
                                                              Attorneys for Plaintiff
                                                              SINCO TECHNOLOGIES PTE LTD

Finally, the Court has already indicated that the entirety of the jury instructions will be read and provided to the jury at the end of the case. [Transcript Day One 151:22-25] The preliminary Jury Instruction emphasizes, "*please do not take anything that I may say or do **during the trial** as indicating what I think of the evidence or what your verdict should be.*" [Transcript Day One 139:4-6] Reading a jury instruction on a specific factual issue mid-stream in the trial will signal to the jury that the Court deems this to be of importance and invite earlier consideration of the facts without having considered all of the evidence.

Plaintiff respectfully requests that the jury instructions be read to the Jury as a whole at the end of the case as previously refenced by the Court . [Transcript Day One 137:24-25; 138:8-9 and 151:24-25] Changing the described plan will signal to the Jury greater weight to what is read out of order.

Dated: November 4, 2021                          Respectfully submitted,

                                                 ROPERS MAJESKI PC


                                                 By: */s/ Lael D. Andara*
                                                     LAEL D. ANDARA
                                                     ERNEST E. PRICE
                                                     Attorneys for Plaintiff
                                                     SINCO TECHNOLOGIES PTE LTD

| | |
|---|---|
| CASE NAME: | SINCO TECHNOLOGIES PTE LTD V. XINGKE ELECTRONICS (DONGGUAN) CO., LTD., ET AL. |
| ACTION NO.: | 3:17CV5517 (NORTHERN DISTRICT OF CALIFORNIA) |

## PROOF OF SERVICE

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is 545 Middlefield Road, Suite 175, Menlo Park, CA 94025, County of San Mateo.

3. On November 4, 2021 I served the following documents:

**PLAINTIFF'S OBJECTION TO COURT'S INTENTION TO READ JURY INSTRUCTIONS 44 & 45 AT THE OUTSET OF NOVEMBER 5 TRIAL DAY AS OUTLINED IN ECF 580**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

Jeffrey C.P. Wang
Kathleen E. Alparce
Michael York
Jessica Crabbe
WHGC, P.L.C.
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
**Email:**  JeffreyWang@whgclaw.com
KathleenAlparce@whgclaw.com
MichaelYork@whgclaw.com
JessicaCrabbe@whgclaw.com
ElaineWu@whgclaw.com
FrontDesk@whgclaw.com
MarthaValenzuela@whgclaw.com

Douglas A. Winthrop
Jeremy T. Kamras
Jessica Gillotte
Jing Wang
Joseph Farris
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
**Email:**  Jeremy.Kamras@arnoldporter.com
Douglas.Winthrop@arnoldporter.com
Jessica.Gillotte@arnoldporter.com
Jing.Wang@arnoldporter.com
Joseph.Farris@arnoldporter.com
Jerome.Ferrer@arnoldporter.com
Jane.Rustice@arnoldporter.com

Neesha Chhina
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
**Email:**  Neesha.Chhina@arnoldporter.com

Robbin Lee
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
**Email:**  Robbin.Lee@arnoldporter.com

Dania Qahoush
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor Los Angeles, CA 90017-5844
**Email:**  Dania.Qahoush@arnoldporter.com

5. I served the documents by the following means:

4884-9347-2001.1

1       a. ☐ By United States mail: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at the address listed in Paragraph 2 above.

    b. ☐ By overnight delivery: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

    c. ☐ By messenger: I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.

    d. ☐ By fax transmission: Based on an agreement between the parties and in conformance with Rule 2.306, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

    e. ☒ By email or electronic transmission: I sent the documents via my electronic service address (morgan.macnerland@ropers.com) to the persons at the email addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    f. ☐ By email or electronic transmission: I caused the document(s) listed above to be electronically served through One Legal for the above-entitled case upon the parties listed in item 4. The file transmission was reported as complete and a copy of the One Legal Receipt will be maintained in our case file.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Date: November 4, 2021

*/s/ Morgan Macnerland*
MORGAN MACNERLAND